# DOCKET NUMBER 6

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED PT
2005 JUL 20 AM 10: 11
CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>Alleged Debtor | CASE NO. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**MOTION TO DISMISS OR TRANSFER INVOLUNTARY PETITION; DECLARATION OF FRANCIS J. LOPEZ**<br><br>Date: August 22, 2005<br>Time: 10:00 a.m.<br>Ctrm: 4 |

TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, TO PETITIONING CREDITOR ALAN STANLY AND ALL INTERESTED PARTIES:

# I.

## STATEMENT OF FACTS

Francis J. Lopez and the single petitioning creditor Alan Stanly have been involved in significant litigation against each other since before the bankruptcy filing of their entity Prism Advanced Technologies, Inc. ("Prism")  This litigation has been bitterly fought for the past two years and is now pending in Superior Court between the parties, namely <u>Lopez v Stanly</u>, Case No. GIN029692, filed on May 14, 2003, San Diego Superior Court, North County.  In that matter, Mr. Lopez is suing Mr. Stanly for numerous causes of action, including invasion of privacy, breach of fiduciary duty, trespass and identity theft. Mr. Stanly filed a cross-complaint, of course.  Recently, in a second case, Mr. Stanly was successful in obtaining a judgment against Mr. Lopez for approximately $50,000 relating to a guarantee both had made to Union Bank of a Prism loan.  This involuntary chapter 7 petition is simply an extension of the litigation and a new strategy by Mr. Stanly to cause as much business and personal pain to Mr. Lopez as possible.

In any event, Mr. Lopez has been a permanent resident of Florida since July, 2003 when he and his family moved there from California.  He owns a residence in Florida and is employed there.  None of his creditors other than Stanly have any particular nexus to California.  If an involuntary proceeding is appropriate, which it absolutely is not, it should proceed in the Northern District of Florida.

Finally, as to the merits, Mr. Lopez has well more than 12 creditors as Mr. Stanly knows very well.  Yet Mr. Stanly is the only petitioning creditor.  Mr. Lopez is generally paying his debts as they become due except, of course, the purported debt owed to Mr. Stanly.  If this matter is not dismissed, Mr. Stanly will provide that information in his Answer pursuant to FRBP 1003(b).

## II.

## **STATUTORY BASIS FOR MOTION TO DISMISS**

The statutory basis for a Motion to Dismiss this involuntary case is set forth in F.R.C.P. 12(b)(3) and (6). That rule states:

> Rule 12. Defenses and Objections--When and How Presented--By Pleading or Motion--Motion for Judgment on the Pleadings
>
> **(a) When Presented.**
>
> (1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer
>
> (A) within 20 days after being served with the summons and complaint, or
>
> . . .
>
> **(b) How Presented.**
>
> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, . . . (6) failure to state a claim upon which relief can be granted, . . .
>
> **(h) Waiver or Preservation of Certain Defense**
>
> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

     (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

This case should be dismissed for three reasons: 1) It was filed in bad faith by Mr. Stanly as a completely transparent litigation strategy, attempting to change, in a fundamental way, the framework of the pending litigation between the parties. 2) If an involuntary bankruptcy filing were appropriate, proper venue is in Florida where Mr. Lopez lives and works, and all of his assets and creditors except Mr. Stanly are located. 3) There is no basis for the involuntary filing and therefore there is a failure to state a claim upon which relief can be granted. Mr. Lopez has more than 12 creditors and therefore more than one petitioning creditor is required and Mr. Lopez is paying his debts as they become due except the purported debt owed to Mr. Stanly.

## III.
## THE CASE SHOULD BE DISMISSED OR TRANSFERRED BECAUSE OF IMPROPER VENUE

The venue of a bankruptcy case is governed by 28 USC Section 1408 which states:

**§ 1408. Venue of cases under title 11**

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal

1  assets in the United States, of such person were located in any other district;
2  or
3  **(2)** in which there is pending a case under title 11 concerning such person's affiliate,
4  general partner, or partnership.

6  Mr. Lopez is domiciled in Florida, and has been for more than two years. He has no
7  assets or business in California. He and his wife are both employed in Florida where they
8  own a home.
9  The basis for Mr. Stanly's claim that venue is proper in the Southern District of
10 California is the pending case of Prism Advanced Technologies, Inc., Case No. 03-07777-
11 JM7 (the Prism Bankruptcy"). The Prism Bankruptcy has been pending since an order for
12 relief was entered on September 18, 2003. Mr. Lopez was one of the two shareholders of
13 Prism, Mr. Stanly being the other. The trustee in the Prism Bankruptcy case sued Mr.
14 Lopez for turnover but the matter was easily resolved by stipulation between the trustee
15 and Mr. Lopez. Other than that proceeding, Mr. Lopez has had no involvement in the
16 Prism Bankruptcy case.
17 Since this involuntary case was not filed in the proper venue, existing defects in
18 venue must be cured under 28 USC § 1406(a) by requiring that the case be dismissed or
19 transferred to the proper venue. Once venue is contested and found to be improper, the
20 bankruptcy court in San Diego may not retain the case based on convenience of the parties,
21 but rather must dismiss it or transfer it pursuant to Section 1406(a) and FRBP 1014(a)(2).

23 This holding is supported by FRBP and its history.
24 **FRBP 1014 Dismissal and Change of Venue**
25 (a) Dismissal and Transfer of cases
26   (1) Cases filed in proper district
27   If a petition is filed in a proper district, on timely motion of a party in
28 interest, and after hearing on notice to the petitioners, the United States

trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

The involuntary petition was filed (as an obvious litigation tactic) in this district even though there is an available district with substantially stronger venue facts. For that reason, "in the interest of justice," the case should be dismissed or transferred to Florida. Mr. Lopez requests that if the court will not dismiss this case, it be transferred to Florida before any adjudication is made on any other issue. The issue of improper venue must be raised at the commencement of the action or it is waived. Once the court determines that venue is more proper in another district, the case should be dismissed or transferred.

In re Bankers Trust, 403 F.2d 16 (7th Cir. 1968) (factors to be considered are proximity of creditors of every kind, proximity of debtors to court, proximity to court of witnesses necessary to administration of estate, location of assets, economical and efficient administration of estate, and intertwined relationships of debtors); In re Peachtree Lane Associates, Ltd., 188 B.R. 815, (Bkrtcy N.D.Ill.1995)(court should address whether transfer of underlying bankruptcy case or adversary proceeding would promote efficient administration of bankruptcy estate, judicial economy, timeliness, and fairness); In re Jolly, 106 B.R. 299 (Bkrtcy.M.D.Fla.1989)(Principal criteria are proximity of creditors and debtors to court, proximity of witnesses necessary to administration of estate, location of assets, and economic and efficient administration of estate).

It will be extremely difficult for a chapter 7 trustee in San Diego to administer this case when the debtors live, work and have all of their assets more than 3,000 miles away. The administration will be far from "economical and efficient." The case should be dismissed.

## IV.

## THE COURT SHOULD ABSTAIN FROM HEARING
## THE MATTER AND DISMISS

The court should abstain from proceeding with this matter pursuant to Section 305 which states:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

Clearly the interests of creditors and the debtor would be better served by dismissing this case. If Mr. Stanly wants to pursue an involuntary proceeding in Florida, that is his right.

In the matter of <u>In re Spade</u>, 258 B.R. 221 (Bankr.D.Colo.2001), the court found that

> The interests of the creditors and alleged debtor were better served by dismissing the involuntary Chapter 7 petition, pursuant to Section 305, since the petitioning creditors filed the petition not to commence an orderly and fair distribution of alleged debtor's assets to all creditors, but as a litigation tactic to control the forum and to gain an advantage.

In <u>Spade</u>, two lawsuits involving the parties were pending in state court. The court said that "the case is little more than a two-party collection dispute," and dismissed it. That is almost exactly if not exactly the same as the facts here.

<u>In re Hall, Bayoutree Associates, Ltd.</u>, 939 F.2d 802 (9th Cir. (Ariz.) 1991), the court stated:

A review of the record reveals that the district court did not abuse its discretion in dismissing the case. Although dismissal of an action for improper venue is a harsh penalty, dismissal is proper where filing in an improper forum evidences bad faith. *See* 1 J. Moore, A. Vestal & P. Kurland, Moore's Manual, Federal Practice and Procedure, § 7.13[1] (1990); *cf.* <u>Phillips v. Illinois Cent. Gulf R.R.</u>, 874 F.2d 984, 986 (5th Cir.1989). We therefore affirm the district court's dismissal of the case.

This case reeks of bad faith. It has long been a rule of bankruptcy that a case may be dismissed if it was filed in bad faith. In <u>In re Stolrow's Inc.</u>, 84 B.R. 167 (9th Cir. BAP (Cal.) 1988), the BAP confirmed that dismissal of a chapter 11 case for lack of good faith "is a matter for the bankruptcy court's discretion." In <u>In re St. Paul Self Storage Ltd. Partnership</u>, 185 B.R. 580 (9th Cir. BAP (Ariz.) 1995), the court found the existence of cause since the case was essentially "a two-party dispute capable of prompt adjudication in state court."

This case has been filed in bad faith because the bankruptcy filing will remove Mr. Lopez as the plaintiff in the case against Mr. Stanly. Mr. Lopez will be replaced by a trustee who presumably will have no motivation to fight against Mr. Stanly and will settle. This is a litigation tactic and should not be condoned and the case should be dismissed.

## V.
## CONCLUSION

The alleged debtor asks this court to dismiss this involuntary proceeding on the

//
//
//
//
//

1 | grounds of improper venue, bad faith and/or abstention. If Mr. Stanly really believes that
2 | an involuntary bankruptcy is appropriate, he can refile in the Northern District of Florida.

Respectfully submitted,

LAW OFFICES OF M. JONATHAN HAYES

Dated: July 19, 2005

By: /s/ M. Jonathan Hayes
M. Jonathan Hayes, attorney for Francis J. Lopez

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief provided by the order is the relief granted by the court.

Submitted by:

By: /s/ M. Jonathan Hayes
M. Jonathan Hayes
Attorney for Francis J. Lopez

## DECLARATION OF FRANCIS J. LOPEZ

I, Francis J. Lopez, declare as follows:

1. I am the alleged debtor in this matter. The statements made herein are of my own personal knowledge and if called upon to testify, I could and would competently testify thereto.

2. I was one of the two shareholders of Prism Advanced Technologies, Inc. ("Prism"), Mr. Stanly being the other. The trustee in the Prism Bankruptcy case sued me for turnover of assets but the matter was easily resolved by stipulation between the trustee and myself. Other than that proceeding, I have had no involvement in the Prism Bankruptcy case.

3. Alan Stanly and I have been involved in significant litigation against each other since before the bankruptcy filing of our entity Prism. In fact, litigation is pending right now in Superior Court between us, namely Lopez v Stanly, Case No. GIN029692, filed on May 14, 2003, pending in San Diego Superior Court, North County. In that matter, I sued Mr. Stanly for numerous causes of action, including invasion of privacy, breach of fiduciary duty, trespass and identity theft. Mr. Stanly filed a cross-complaint, of course. Recently, in a second case, Mr. Stanly was successful in obtaining a judgment against me for approximately $50,000 relating to a guarantee both had made to Union Bank of a Prism loan. This involuntary chapter 7 petition is simply an extension of the litigation and a new strategy by Mr. Stanly to cause me and my family as much business and personal pain as possible.

4. I have been a permanent resident of Florida since July, 2003 when my wife and I and our two children moved here from California. We own a residence in Florida and are both employed there. None of my creditors other than Stanly have any particular nexus to California. I have more than 12 creditors and am generally paying my debts as they become due except, of course, the purported debt owed to Mr. Stanly. I have no

1 | assets or business in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19th day of July, 2005 at Destin, FL.

_____
Francis J. Lopez