# DOCKET NUMBER 8

L. Scott Keehn (61691)
Sarah H. Lanham (213555)
**ROBBINS & KEEHN, APC**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

Attorneys for Petitioning Creditor
**ALAN STANLY**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Francis J. Lopez,<br><br>      Alleged Debtor. | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS OR TRANSFER INVOLUNTARY PETITION**<br><br>**Date:**   August 22, 2005<br>**Time:**   10:00 a.m.<br>**Judge:**  Hon. Peter W. Bowie<br>**Dept.:**   4 |

Petitioning creditor Alan Stanly ("Stanly") respectfully submits this Memorandum of Points and Authorities in Opposition to Alleged Debtor Francis Lopez's ( "Lopez") Motion to Dismiss or Transfer Involuntary Petition (the "Motion").

/ / /

/ / /

/ / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

103358/SHL/5311.01

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

II. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

III. SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

    A.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

          (1)   In General - Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . - 4 -
          (2)   Where Treated as a Summary Judgment Motion. . . . . . . . . . . . . . . - 5 -

    B.     LOPEZ HAS FAILED TO PROPERLY PRESENT AND PROVE HIS
         CONTENTION THAT HE HAS MORE THAN 12 CREDITORS. . . . . . . . - 6 -

    C.     LOPEZ OFFERS NO EVIDENCE OF HIS ALLEGED
         TWELVE CREDITORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

    D.     THE PROPRIETY OF STANLY'S CHOICE OF VENUE IS BOTH
         CONCEDED AND ENTITLED TO DEFERENCE. . . . . . . . . . . . . . . . . . - 8 -

    E.     THE INVOLUNTARY PETITION WAS FILED IN THE
         PROPER VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

          1.    Lopez's Affiliate Has a Pending Chapter 7 Case in this Court . . . . . . - 11 -

          2.    Lopez Has Had Multiple State Court Actions Pending
              in San Diego County . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 12 -

          3.    Lopez Has Numerous Other Contacts with California . . . . . . . . . . . - 13 -

    F.     THE PETITION IS NOT A LITIGATION TACTIC AND
         WAS FILED IN GOOD FAITH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

    G.     THIS COURT SHOULD NOT ABSTAIN FROM HEARING
         THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

    H.     IT APPEARS THAT LOPEZ IS GENERALLY NOT PAYING
         HIS DEBTS AS THEY COME DUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

    I.     THE LOPEZ DECLARATION IS FALSE AND MISLEADING
         AND CANNOT FORM THE BASIS FOR ANY RELIEF. . . . . . . . . . . . . - 17 -

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 19 -

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

# I.  **INTRODUCTION**

Alan Stanly (Stanly) is one of the three known creditors of Francis J. Lopez ("Lopez"). All three of those creditors are located in the Southern District of California. Lopez lived, and engaged in business with Stanly here from 1993 to 2003. When his fraudulent and dishonest business practices come to light litigation ensued and Lopez cut and ran — making good on his long-standing threat to render himself *"Judgement proof"* and moving to Florida.

His absence from this jurisdiction proved to be no impediment to his desire to actively engage in the California litigation that sprang up before and after his strategic departure. That participation included both civil litigation in the State Court — in multiple cases — and in the Involuntary Bankruptcy case that he engineered for his former corporate enterprise. Beyond continuous litigation in the California, Lopez still maintains business actively here through several corporate entities. He is in reality a California debtor- in-exile hoping that the heat will dissipate.

When all of the creditors remedies available under State law proved impotent against the elusive and resourceful Mr. Lopez, Stanly turned to the creditors remedy of last resort —  an involuntary petition under 11 U.S.C § 303. Through that petition he seeks to realize upon whatever collection entitlements are available — including those that can be realized through the exercise of a trustees avoidance powers.

The Southern District of California is where the sordid saga of Lopez's misconduct began, where its victims remain, where it's witnesses are reposed, and where it should end. The entitlement to relief under section 303 is both clear and convincing. The logic and propriety of exercising that relief here in the Southern District of California is equally clear. The Motion to Dismiss the case or change its venue, approaches the frontiers of frivolity — if they have not crossed them outright. Both motions should be denied.

# II.  **FACTUAL BACKGROUND**

The facts relevant to the resolution of this motion are fully set forth in the Declaration of Alan Stanly, etc. (the "Stanly Decl."), and the Declaration of Timothy P. Dillon, etc (the "Dillon Decl.") filed concurrently herewith, both of which are incorporated herein by this reference, and may be summarized as follows:

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2401 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

103358/SHL/5311.01

- Stanly is eligible to act as a petitioning creditor herein. He is owed claims having a principal value of $50,000.00 on account of an unpaid judgment [1] and $2,000.00 based on an unpaid sanctions award.[2] These judicial awards were consequences of Lopez's business activity in the State of California in the decade that ran from 1993 through March, 2003, [3] and his "repeated and consistent discovery shenanigans in pending litigation.[4]

- Between 1993 and March, 2003, Lopez and Stanly had a business relationship. During that time Lopez engaged in an attempt to loot the assets of their enterprise, breached fiduciary duties owed to both Stanly and the enterprise, and actually engaged in competitive activity for his own benefit at the expense of their common enterprise.[5] In the face of the failed business relationship, Lopez made a quick sale of his Carlsbad residence at a "fire sale" price, and made good on his prior threats to make himself "judgment proof," and flee to Florida to evade his creditors. [6]

- Despite his Florida residency, Lopez was able to litigate vigorously against Stanly, and Union Bank of California, in a variety of legal actions conducted here in the Southern District of California.[7] To accommodate his litigation ventures, Lopez has three attorneys in the San Diego and Los Angeles areas: Joseph Fischbach, Thomas Gorrill, and Jonathon Hayes. [8] Lopez has regularly traveled to California to attend depositions in the cases in which he is involved.[9] He has also traveled from Florida to San Diego for the purpose of giving testimony against in a case in which he had no involvement (*Stanly v. Business Furniture Group*).[10]

- When the Lopez/Stanly litigation over the Prism Advanced Technologies, Inc. enterprise ("Prism") escalated, Lopez and Stanly stipulated to the appointment of Richard M. Kipperman as a receiver in that litigation.[11] When Mr. Kipperman agreed to terms of sale of the Prism assets to Stanly in that receivership case, Lopez was able to orchestrate the

---

[1]    Stanly Decl. at ¶ 2 (A).

[2]    Stanly Decl. at ¶ 1 (B).

[3]    Stanly Decl. at ¶ 9.

[4]    Stanly Decl at ¶ 2 (B) and Exhibit 2 (Referee's Report at P.2, ¶ B (Finding that he "repeatedly and consistently failed to comply [with discovery request] in the face of relentless and persistent pursuit by the defendant's, necessitating numerous letters and motions to compel compliance").

[5]    Stanly Decl. at ¶ 9, and ¶ 13.

[6]    Stanly Decl. at ¶ 4.

[7]    Stanly Decl. at ¶ 14.

[8]    Stanly Decl. at ¶ 16.

[9]    *Id.*

[10]    Stanly Decl. at ¶ 16.

[11]    Stanly Decl. at ¶ 17.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103358/SHL/5311.01

filing of its involuntary proceeding to block the sale.[12]  That case entitled *In Re Prism Advanced Technologies, Inc.* (Case No. 03-7777-M7)(the "Prism Bankruptcy") is still open and active at this time.[13]

•  Despite his Florida residency, Lopez was a vibrant and active participant in the Prism Bankruptcy.[14]

•  While residing in Florida, Lopez actually tried to get Gregory Akers — the Chapter 7 Trustee to effectively sale Prism's assets to him on a payment scheme that envisioned the sale of Prism's "source code" (its asset of primary value ) through a marketing program of some type.[15]

•  Despite his Florida residency, Lopez continues to vigorously pursue his litigation in the San Diego Superior Court. [16]

•  In addition to his litigation activities through no less than five entities located in the State of California.[17]

•  The evidence in the record discloses only California creditors.  They are Stanly, Alternative Resolution Center ( *ex rel* Hon. H. Lee Sarokin), and Union Bank of California.[18]

•  Prior to filing his petition in this case, Stanly conducted a Judgment Debtor's Exam of Lopez in Florida.[19]  The evidence gleaned from that examination showed that Lopez claimed to have no income or nor did he appear to have any non-exempt assets of consequence located in the State of Florida that would be available to his creditors.[20]

•  Prior to filing the petition facts within Stanly's knowledge made it apparent that there was a factual basis for a Bankruptcy Trustee to exercise his avoidance powers for the benefit of all creditors, [21] such litigation would involve parties and witnesses more likely to be in

---

[12]    Stanly Decl. at ¶ 18.

[13]    See Stanly's "Request for Judicial Notice, etc." filed concurrently herewith ("RJN") Item 1, Exhibit 1 (Case Docket).

[14]    Stanly Decl. at ¶ 19; see also IV (F) below, and the RJN references to his activity and participation contained therein.

[15]    Stanly Decl. at ¶ 19.

[16]    Dillon Decl. at ¶ 3; Stanly Decl. Exhibits 2 and 9-12.

[17]    Stanly Decl. at ¶¶ 22 and 23.

[18]    Stanly Decl. at ¶¶ 6 and 25.

[19]    Stanly Decl. at ¶ 3.

[20]    *Id.*

[21]    Stanly Decl. at ¶ 4.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9905

103358/SHL/5311.01

California than Florida.[22]  Lopez appeared to have business assets here in the State of California.[23]

• There is no evidence in the record indicating why Lopez cannot participate as effectively in this Bankruptcy proceeding as he did in the Prism Bankruptcy case or other California litigation in which he has maintained since 2003.

### III.  **SUMMARY OF ARGUMENT**

1.   Lopez has failed to properly present or prove his contention that he has 12 or more creditors.

2.   The facts rendering Stanly's venue selection valid, pursuant to 28 U.S.C. §1408(2), are conceded.  There is no evidence establishing that creditors, the Trustee, or other parties would be better served by a change in venue.

3.   This petition is a good faith attempt to exercise the creditors' remedies through the bankruptcy process, and cannot be construed as a *"litigation tactic*."

### IV.  **ARGUMENT**

**A.    STANDARD OF REVIEW**

**(1)    In General - Motion to Dismiss.**  In a 12(b)(6) facial attack on the complaint, 'the court must consider the allegations of the complaint as true.'[24]  The motion will be denied unless the allegations appear to be frivolous.[25]

This strict standard exists because a motion to dismiss for failure to state a claim under Fed.R. of Civ.P. 12(b)(6) is disfavored and rarely granted: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts

---

[22]    Stanly Decl. at ¶ 5.

[23]    Stanly Decl. at ¶¶ 10 and 26.

[24]    *Mortensen v. First Federal S & L Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977); see also, *NL Indus. Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

[25]    See *Black v. Payne*, 591 F.2d 83, 86 n. 1 (9th Cir.), *cert. denied*, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979); *Barapind, supra*, 72 F.Supp.2d at 1141.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103358/SHL/5311.01

1   in support of his claim which would entitle him to relief.'[26]  With these principles in mind the

2   Motion to Dismiss can not be granted.  Lopez never explains why — assuming the allegations of

3   the petition are true — the petition is frivolous.  All he really does is assert in a conclusory fashion

4   that he has more than 12 creditors and is generally paying his debts as they become due (even

5   though he admits that he is not paying Stanly).[27]  That is simply a denial of the allegations, and

6   properly asserted in an Answer, not a Rule 12 Motion.  Having failed to meet this basic standard,

7   the Motion to Dismiss must be denied.

8           **(2)      Where Treated as a Summary Judgment Motion**.

9           A motion to dismiss for failure to state a claim upon which relief can be granted may be

10  treated as one for summary judgment and disposed of as provided in Rule 56.[28]  Tested against this

11  standard Lopez' Motion must fail because did he provide any admissible evidence establishing

12  that there is no dispute as to material facts, and that based on undisputed facts he is entitled to

13  judgment as a matter of law.  Thus the Motion can not be granted if it is considered as a motion

14  for summary judgment under Rule 56.  The conclusory assertion that Stanly's petition failed to

15  state a claim for which relief can be granted is insufficient for a determination of the case in his

16  favor.

17          Rule 12 (b) states, in part, as follows:

18              If, on a motion asserting the defense numbered (6) to dismiss for
                failure of the pleading to state a claim upon which relief can be
19              granted, matters outside the pleading are presented to and not
                excluded by the court, the motion shall be treated as one for
20              summary judgment and disposed of as provided in Rule 56, and all
                parties shall be given reasonable opportunity to present all material
21              made pertinent to such a motion by Rule 56.

22  Because Lopez introduced evidence in support of his Motion, it should be treated as a motion for

23  _____

24      [26]    *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957);
        *Barapind v. Reno,* 72 F.Supp.2d 1132, 1140-1141(E.D. Cal. 1999).

25      [27]    Lopez Decl. at P. 10, Lines 26-27.

26      [28]    *Stands Over Bull v. Bureau of Indian Affairs*  442 F.Supp. 360, 368 (D.C.Mont.
27  1977); citing  F.R.Civ.P. 12(b); *Faulkner v. Federation of Preschool and Community Education
    Centers, Inc.*, 564 F.2d 327, 328 (9th Cir.1977).

28

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103358/SHL/5311.01

summary judgment.  Under that treatment, the Motion must fail.  Rule 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."  Here,  Lopez motion is too bereft of solid evidence to support his burden of proof and can not support a judgment in his favor:

> The question presented by a motion for summary judgment is one of law and if a genuine issue of material facts exists, the motion must be denied. [footnote omitted.]  6 Moore's Federal Practice, P 56.01, et seq., p. 56-1. The party moving for summary judgment has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to judgment in his favor. 6 Moore's Federal Practice, Pt. 2, P 56.15(4), p. 56-511.[29]

Rule 56(e) requires that only admissible evidence can support a motion for summary judgment. Because Lopez offered only scant, and inadmissible evidence in support of his Motion, the Motion must be denied.

## B.     LOPEZ HAS FAILED TO PROPERLY PRESENT AND PROVE HIS CONTENTION THAT HE HAS MORE THAN 12 CREDITORS.

Attempting to preempt Stanly's bankruptcy relief, Lopez contends that he has more than 12 creditors, a fact that would negate Stanly's ability to commence the proceeding as sole petitioner.[30]  The tactic is sufficiently common amongst alleged debtors that the Federal Rules of Bankruptcy Procedure specifically address the manner in which the issue is raised and addressed. That protocol is set forth in Rule 1003(b), which provides in its entirety as follows:

> (b)     **JOINDER OF PETITIONERS AFTER FILING**.  If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof.  If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

/ / /

---

[29]     *Stands Over Bull*, *supra*, 442 F.Supp. at 368.

[30]     Lopez Declaration at P. 10, Line 26.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2401 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9005

It is obvious from the rule that the ability of a sole petitioning creditor to solicit the support of other creditors is an important policy consideration. On its face the rule requires that the issue be raised in an *"answer to an involuntary petition,"* which arguably suggests that the issue is not amenable to resolution under a motion for dismissal pursuant to Rule 12. However, even if the use of the term *"answer"* in the rule could be construed broadly enough to include any responsive pleading — such as a motion under Rule 12 — it remains clear that the policy underlying the rule would still require compliance with the disclosure protocol with regard to the names, addresses, and *"brief statement of nature of claims and amounts"* mandated by rule. Were it otherwise, then this important policy could be frustrated by the simple procedural gambit of responding via Rule 12 motion rather than answer.

Even though Lopez concedes his awareness of the rule[31] he fails to comply with its requirements. Obviously the bold allegation that there exists more than 12 creditors is insufficient to satisfy either the specific disclosure requirements of Rule 1003(b), or preserve the policy which it exists to protect. Simply put, Lopez has failed to provide any evidence that he in fact has more than 12 creditors, and the Motion to Dismiss cannot be granted upon that basis.

## C.      LOPEZ OFFERS NO EVIDENCE OF HIS ALLEGED TWELVE CREDITORS

11 U.S.C. § 303(b)(2) allows a single creditor to file an involuntary petition against an alleged debtor where there are fewer than twelve creditors. Lopez has a duty to name his creditors and list their addresses if he claims there exist twelve or more. [32]

Lopez cannot transfer his burden of proving the existence of twelve creditors to Stanly through his Motion. He cannot claim to have twelve creditors as a defense to the petition in an attempt to have it dismissed while refusing to name any of these purported creditors until and if he

---

[31]      See Motion at P. 2, Lines 23 to 25.

[32]      The assertion itself is really in the nature of an affirmative defense as to which he has the burden of proof. *In re Mayhew,* 194 B.R. 6, 6 (Bkrtcy.D.R.I.,1996). Federal Rule of Bankruptcy Procedure 1003(b); See Part IV (B), *supra.*

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103358/SHL/5311.01

is required to answer.[33]  In the interest of fairness, Lopez is required to provide the names and addresses of the witnesses supporting this affirmative defense:

> [T]he purpose of the list is the same, and just as obviously a bare list of names and addresses, without more, does not accomplish that purpose of informing the creditors, not only of the names, but of the nature of the debts, and, most of all, of their dates and amounts. Such a bare list as that filed here smacks of a concealment of those facts for the purpose of embarrassment of the petitioners. If any creditor in the list be barred by the statute of limitation, the petitioning creditors need not negotiate or solicit such helpers to join in the bankruptcy; or, if the debts in the list be not provable debts in bankruptcy, they need not be counted, and negotiating with those creditors would be useless also; and so, in many contingencies to be imagined, *this full information is necessary to guide the creditors in their further proceedings.* Clearly, therefore, at least the dates and amounts should be given, and, moreover, it is useful to know whether the debt be due by note, account, etc., and when due, whether secured or not; and all such particulars, as fully disclosed as they would be in the schedules after adjudication, would be most in accordance with the analogies of the practice under former statutes.[34]

Lopez cannot be allowed to dismiss this petition without his providing *any* support for this defense.

**D.    THE PROPRIETY OF STANLY'S CHOICE OF VENUE IS BOTH CONCEDED AND ENTITLED TO DEFERENCE.**

Lopez does not contend that 28 U.S.C. § 1408(2) does not apply to this case.  In fact he contends the facts that make it apply.[35]

"[U]nder Ninth Circuit law, a plaintiff's choice of forum is accorded substantial weight in proceedings under this section, and courts generally will not transfer an action unless the 'convenience' and 'justice' factors strongly favor venue elsewhere."[36]  Here, the interests of justice and convenience strongly favor maintaining the venue chosen by Stanly.

---

[33]    Motion, P.2, Lines 24-25.

[34]    *W.A. Gage & Co. v. Bell,* 124 F. 371, 378 (D.C.Tenn. 1903).( Concerning the Bankruptcy Act of July 1, 1898). (emphasis added.)

[35]    Lopez Decl. at P. 10, Lines 7-08 (showing Prism as his affiliate).

[36]    *Florens Container v. Cho Yang Shipping,* 245 F.Supp.2d 1086, 1092 (N.D.Cal.,2002); citing *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir.1985).

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2401 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103358/SHL/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

Where an involuntary petition was filed against an alleged debtor in Georgia, but the alleged debtor claimed to be domiciled in New York and later filed a voluntary petition there, the venue in Georgia was proper because, similar to Lopez, "[t]he debts were all contracted while he was in business there; his present business is in connection with the corporation which succeeded his former firm; . . .; the creditors desire the investigation to be had there, and [] the investigation will be most convenient and effective."[37]

Similarly, where an involuntary petition was filed in Hawaii where a general partnership debtor's largest secured creditor, principal asset and records were located and where 4 related state and federal court cases were pending, the venue should remain in Hawaii and should not be transferred to Texas, where the general partnership and partners reside.[38]  Concerning the existing collateral court cases, the bankruptcy court in Hawaii stated:

> The relationship of the Debtor with other pending cases is a factor that must be considered. *In re Island Club Marina, supra*. Any liquidation of assets of the Debtor will have an impact on any judgments rendered by the courts in Hawaii, and to this extent, effective administration of the estate dictates that all proceedings are adjudicated within the same forum.[39]

**E.    THE INVOLUNTARY PETITION WAS FILED IN THE PROPER VENUE**

Lopez moved to Florida in or about July 2003 and therefore claims to be immune from this involuntary petition.  However, multiple reasons exist as to why this is exactly the proper venue for the petition.  28 U.S.C. section 1408 governs the venue of filings under the Code:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district--
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in

---

[37]    *In re Waxelbaum,* 98 F. 589, 592 (D.C.N.Y. 1899).

[38]    *In re Kona Joint Venture I, Ltd.,* 62 B.R. 169 (Bkrtcy.D.Hawaii,1986).

[39]    *In re Kona Joint Venture I, Ltd., supra,* 62 B.R. at 173.

the United States, or principal assets in the United
States, of such person were located in any other district; or

(2) *in which there is pending a case under title 11
concerning such person's affiliate, general partner,
or partnership.* (emphasis added.)

Lopez, as the party requesting the transfer, has the "burden of proving that the transfer would be in the interest of justice and for the convenience of the parties."[40]  "The party seeking a transfer cannot rely on vague generalizations as to the convenience factors. The moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include."[41]

Lopez's affiliate, Prism, has a pending Chapter 7 case in the Southern District Bankruptcy Court, and there may yet be contempt proceedings in that case if he fails to comply with Judge Meyers' Turnover Order.[42]  And, Lopez has numerous other business, legal and personal contacts with San Diego County and with the State of California that require the involuntary petition to remain here.

Lopez lived and worked in California from 1993 until just two years ago.  Nearly all of his debts were created through his California activities.  He has only two assets: his home in Florida (unavailable to most creditors because it is held as a tenancy by the entirety) and his California claim to the Prism software, which he values at $115,029.00.[43]

Lopez has continuing contacts with California including four separate lawsuits and his retention of three attorneys.  Lopez also owns at least a 50 percent interest in five California business entities.

This Court's consideration of the Lopez Motion requires a fact-based analysis to determine the convenience and fairness of the forum to the debtor and all of his creditors.  Where the source

---

[40]    *In re Jolly,* 106 B.R. 299, 300 (Bkrtcy.M.D.Fla.,1989); citing *In re One-Eighty Investments, Ltd.*, 18 B.R. 725, 728 (Bankr.E.D.Ill.1981); citing *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir.1979) *cert denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).

[41]    *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1093 (N.D.Cal.,2002).

[42]    Stanly Decl. at ¶ 21.

[43]    Claim Register No. 4, filed January 12, 2004.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

103348/SHL/5311.01

1  of the discovery is located in California, like here, the venue should remain in California.[44]  "A

2  plaintiff's choice of forum should not be lightly disturbed."[45]  This Court should retain its

3  jurisdiction over this petition because it makes no sense to educate another court on what is

4  already being litigated here.

5         **1.**       **Lopez's Affiliate Has a Pending Chapter 7 Case in this Court**

6        Lopez is a 50% owner of a corporation that has a pending involuntary Chapter 7

7  bankruptcy petition in the Bankruptcy Court of the Southern District of California, Case No. 03-

8  07777-JM.[46]  Bankruptcy Code section 101(2)(B) defines an "affiliate" as a "corporation 20

9  percent or more of whose outstanding voting securities are directly or indirectly owned,

10  controlled, or held with power to vote, by the debtor. . . ."  Because Lopez owns 50% of Prism's

11  stock, Prism is an affiliate of Lopez and the venue requirement is met.

12        Because there exists a pending Chapter 7 case in this Court concerning an affiliate of the

13  Alleged  Debtor, the venue requirement of section 1408 is satisfied.  However, the Court's analysis

14  should also include consideration of the convenience of this forum to Lopez and his creditors, and

15  of the interests of justice related thereto.  The burden of proving the propriety of such a transfer is

16  on Lopez. The factors to be considered include: "(1) the proximity of creditors of every kind to the

17  court, (2) the location of the debtor's assets, (3) the proximity of the debtor to the court, (4) the

18  proximity of witnesses necessary to the administration of the estate, and (5) the economic

19  administration of the estate."[47]  Four of these five factors lie in favor of this Court's retention of

20  this case.

21        Lopez has less than twelve creditors, and the known creditors are located in California.[48]

22  And, as discussed above, Lopez has two assets, a home and Florida that he recently purchased

23

24       [44]    *See, e.g., In re Gentry Steel Fabrication, Inc.*, 325 B.R. 311, 318

25  (Bkrtcy.M.D.Ala.,2005).

26       [45]    *Florens Container v. Cho Yang Shipping*  245 F.Supp.2d 1086, 1094
(N.D.Cal.,2002).

27       [46]    See ¶ 1, Declaration of Francis Lopez in Opposition to Motion for Relief from

28  Stay, Southern District Bankruptcy Case No. 03-0777-INV7, Docket Item No.----.

     [47]    *In re Seton Chase Associates, Inc.*, 141 B.R. 2, 5 (Bkrtcy.E.D.N.Y.,1992); See also
Bankruptcy Rule 1014(a)(1).

     [48]    Stanly Decl., ¶ 6.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103348/SHL/5311.01

with his wife and his California claim against Prism.  All of the witnesses except Lopez reside in California.[49]  Because Lopez is already involved in the pending bankruptcy action of his affiliate in this Court, having his case heard here would provide for the economic administration of his estate.  Lopez has had extensive involvement in the Prism bankruptcy case from its inception through the final sale hearing.  The Prism case is ongoing and as recently as October 2004, Stanly made a successful motion for the turnover of documents by Prism's secretary.[50]  And, Lopez has filed a claim for $115,029.00 against Prism in this Court.[51]  Having both cases heard in the same district is in the best interests of both entities' creditors.  To proceed in the Northern District of Florida would be extremely inconvenient to Stanly and Lopez's other California creditors, and may hamstring the Trustee's efforts to prosecute avoidance actions.

**2.    Lopez Has Had Multiple State Court Actions Pending in San Diego County**

Other than its affiliate's bankruptcy, Lopez currently is a party to four state court actions in San Diego County.  The first case filed was *Prism Technologies and Lopez v. Stanly*, San Diego Superior Court Case Number GIN 028765 filed on April 3, 2003.  This case was  brought by Lopez alleging civil harassment.  The second case, filed on May 14, 2003, is *Lopez and Prism Advanced Technologies v. Stanly*, San Diego Superior Court Case Number GIN 029692.  In this case Lopez alleges causes of action for damages for money damages.  Lopez is a defendant in the other two cases alleging breach of contract, *Union Bank of California v. Lopez*, San Diego Superior Court Case Number GIN 030827 and *Pacific Carlsbad Partners, LLC v. Prism Advanced Technologies, Lopez and Stanly*, San Diego Superior Court Case Number GIC 813397, both filed on June 26, 2003.  Stanly has obtained a $50,000.00 judgment against Lopez in the Union Bank case.[52]

/ / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9005

---

[49]    Stanly Decl., ¶ 7.

[50]    Stanly Decl., ¶¶ 20 and 21.

[51]    Case 03-7777, Claim Register No. 4, filed January 12, 2004.

[52]    Stanly Decl., ¶¶ 14 and 15.

103348/SHL/5311.01

Lopez currently has three retained attorneys in the San Diego and Los Angeles areas.[53] Throughout these cases, Lopez has been willing to regularly travel to California to attend depositions.[54]

### 3.    Lopez Has Numerous Other Contacts with California

Venue in the Southern District of California is proper because Lopez continues to maintain business interests in California.  And, most of the employees for his new business, Noveon Systems, Inc., were his same employees from Prism--and all continue to reside in California.[55]

Lopez continued to own at least a 50 percent interest in five California business entities including:[56]

1.  Prism Advanced Technologies.

2.  Cambria Holdings, LLC

3.  F2 Systems Technology, Inc.

4.  Prism Freight Services, Inc. (Lopez and Wife)

5.  Metro Consolidation Carrier, Inc.

### F.    THE PETITION IS NOT A LITIGATION TACTIC AND WAS FILED IN GOOD FAITH

Lopez claims that the petition was filed as a tactic to "remove" him as the plaintiff in the State Court litigation.  His claim first ignores the fact that such a tactic would be fatally flawed and frustrated by his absolute right under 11 U.S.C. section 706(a) to retain control of the litigation by converting to either Chapter 11 or 13[57] and controlling the litigation as a Debtor-in-Possession. It also ignores the reality that Lopez is at risk of losing his status as a plaintiff in the motion for summary judgement now pending against his claims.[58]  Still, nothing could be further from the

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

---

[53]    Stanly Decl., ¶ 16.

[54]    *Id.*

[55]    Stanly Decl., ¶¶ 22-23.

[56]    Stanly Decl., ¶ 23.

[57]    Assuming he acquires a regular source of income.

[58]    Dillon Decl., ¶ 3-4.

103348/SHL/5311.01

1    truth.  In fact, Lopez refused to stipulate with Stanly to a lifting of the automatic stay to allow the

2    state court action to proceed to trial.[59]

3        This is yet another unsupported conclusory allegation made worse because of the fact that

4    a single petitioning creditor is presumed to have filed the petition in good faith.[60]  Lopez has

5    offered no facts or evidence to rebut that presumption.

6        Contrary to the allegations set forth in the Motion, the petition cannot be dismissed and

7    was not filed in bad faith. "There is a presumption of good faith in filing, and the burden is on the

8    alleged Debtor to show bad faith by the Creditors."[61]  Here, Stanly is a creditor who wants to get

9    paid and is concerned that the Lopez has absconded to Florida with his assets:

> [T]he interest of a creditor in getting paid is not, by
> itself, properly regarded as bad faith. Also, even if
> there were what could be regarded as a two party
> dispute here, that by itself would not show bad faith
> filing. See *In re C-TC 9th Avenue Partnership*, 113
> F.3d 1304, 1311 (2nd Cir.1997) (listing existence of
> two-party dispute as one of eight factors indicative of
> bad faith filing of chapter 11 case).[62]

15       The mere existence of other litigation does not create even an inference of bad faith.  This

16   petition was filed in good faith in order to utilize both the collection and avoidance powers

17   conferred by the Bankruptcy Code to create a fair and equitable distribution to all creditors.[63]  It is

---

[59]    Stanly Decl., ¶ 30 and Exhibits 8-11.

[60]    *In re Crown Sportswear, Inc*., 575 F.2d 991, 993 (1st Cir. 1978).

[61]    *In re Mundo Custom Homes, Inc*., 179 B.R. 566, 569 (Bkrtcy.N.D.Ill.,1995).

[62]    *In re Paper I Partners, L.P.,* 283 B.R. 661, 680 (Bkrtcy.S.D.N.Y.,2002).(The eight factors include the following: (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees. The debtor has only one asset.  *In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997); citing *Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.*, 139 B.R. 828, 832. (W.D.Ky.1992).)

[63]    Stanly Decl. at ¶ 4.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2401 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103348/SHL/5311.01

1   for such purposes that section 303 exists, and using it for it intended purpose is the essence of

2   good faith.

3   **G.      THIS COURT SHOULD NOT ABSTAIN FROM HEARING THIS CASE**

4        Lopez argues — again without supporting evidence —  that this Court should abstain from

5   hearing this petition because "the interests of creditors and the debtor would be better served by

6   dismissing this case" and because "this case reeks of bad faith."  However, he completely failed to

7   provide any factual or evidentiary support for these extreme allegations.

8        11 U.S.C. section 305 provides that:

9

10       (a) The court, after notice and a hearing, may dismiss a case under
         this title, or may suspend all proceedings in a case under this title, at
         any time if--

11

12           (1) the interests of *creditors* and the debtor would be
             better served by such dismissal or suspension;. . . .

13       Dismissal under this section is an extraordinary remedy and should not be considered

14   lightly:

15           The courts that have construed § 305(a)(1) are in
             general agreement that abstention in a properly filed

16           bankruptcy case is an extraordinary remedy, and that
             dismissal is appropriate under § 305(a)(1) only in the

17           situation where the court finds that both 'creditors and
             the debtor' would be 'better served' by a dismissal.[64]

18

19       Because Stanly and Lopez's other known creditors are located in California, they would be

20   "better served" by having the petition heard here.  Dismissal would clearly prejudice the creditor

21   body.  Where a creditor believes that his remedies "may be more swiftly and more beneficially

22   employed" in an involuntary action, dismissal would cause prejudice to the creditor and is

23   improper.[65]  Here, Lopez has fled to Florida in the face of the litigation fall-out of his prior

24   misconduct, in an attempt to evade Stanly and his other California creditors.  Stanly and the

25   Lopez's other creditors are entitled to an efficient, pari passu distribution of his assets and need not

26   go across the country to obtain such relief.[66]

27   _____

28       [64]   *In re Eastman*, 188 B.R. 621, 624 (9th Cir.BAP (Cal.),1995); see also *In re
     Edwards,* 214 B.R. 613, 620 (9th Cir.BAP (Wash.),1997).

         [65]   *Matter of Every*, 17 B.R. 685, 686 (Bkrtcy.Wis., 1982).

         [66]   *In re Paper I Partners, L.P.*, 283 B.R. 661, 679 (Bkrtcy.S.D.N.Y.,2002).

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103348/SHL/5311.01

1     The test for abstention is as follows:

2

3          As the statutory language and legislative history demonstrate, the
           test under § 305(a) is not whether dismissal would give rise to a
           substantial prejudice to the debtor. Nor is the test whether a
4          balancing process favors dismissal. Rather, the test is whether *both*
           the debtor and the creditors would be better served by a dismissal.[67]

5

6     Because Stanly and others Lopez creditors would be prejudiced by the dismissal or transfer of this

7     case, and because the Lopez has numerous and continuing contacts with California, this Court

      should maintain its jurisdiction over the petition.
8
      **H.     IT APPEARS THAT LOPEZ IS GENERALLY NOT PAYING HIS DEBTS AS**
9     **THEY COME DUE**

10         Although his is really a disputed issue of fact that must be resolved at trial, we address it

11    preliminary in the interests of academic regularity.  Lopez has testified under oath that he has no

12    income and no assets except for his home and the intellectual property that is the subject of the

13    disputes in the California state court and bankruptcy actions.  Section 303(h)(1) requires this Court

14    to order relief against Lopez's after trial if it is found that "the debtor is generally not paying such

15    debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as

16    to liability or amount; . . ."

17         The Ninth Circuit has adopted a "totality of the circumstances" test to determine whether a

18    debtor is generally paying its debts as they come due.[68]  Lopez is not paying Stanly or his other

19    creditors, including Alternative Resolution Center.[69]  Other courts have considered the following

20    factors to determine whether an Lopez is paying his debts as they are due:

21         Courts look at the number of claims that the debtor has not paid, the
           amounts of these unpaid claims, the materiality of the
22         non-payments, and the debtor's overall financial condition and
           affairs. See, e.g., *Crown Heights Jewish Community Council v.*
23         *Fischer*, 202 B.R. 341, 344 (E.D.N.Y.1996) (debtor was generally
           not paying its debts when it had failed to pay two money judgments
24         of $2,155,465.76 and $275). The Court may also look at whether the
           debtor has terminated its business operations entirely, and whether
25         the past debts that are due are extremely large in comparison to the
           debtor's assets. *In re B.D. Int'l Discount Corp.*, 701 F.2d 1071, 1074
26         (2d Cir.1983) (debtor was generally not paying its debts as the debts

27    _____

28    [67]    *In re Eastman,* 188 B.R. 621, 625 (9th Cir.BAP (Cal.),1995). (emphasis added)

      [68]    *In re Focus Media, Inc.,* 378 F.3d 916, 928 -929 (9th Cir. 2004); see also *In re
      Vortex Fishing Systems, Inc.*, 277 F.3d 1057, 1072 (9th Cir. 2002).

      [69]    Stanly Decl., ¶¶ 6 and 25.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2401 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103348/SHL/5311.01

1       became due when debtor had terminated its business operations
completely, and its unpaid debts were extremely large compared to
2   the debtor's assets).[70]

3       Here, Lopez has no significant assets available to creditors in Florida, but he does have

4   business interests and claims in California .[71]  He has not paid the debt that he owes to Stanly

5   despite his robust collection efforts.[72]  He has testified under oath that he has no income.[73]  Lopez

6   gives all the signs that he generally not paying his debts as they come due.[74]

7   **I.      THE LOPEZ DECLARATION IS FALSE AND MISLEADING AND CANNOT
FORM THE BASIS FOR ANY RELIEF**.

8

9       The only evidence that purports to support the Motion is the Lopez Declaration.  However,

10  that declaration suffers from both blatant falsehood and a subtle attempt to mislead.  In paragraph

11  2 of his declaration, Lopez asserts that he was sued by the Chapter 7 Trustee in the Prism

12  Bankruptcy Case for the turnover of assets and resolved that suit by stipulation between himself

13  and the Trustee.[75]  The statement is false.  A review of the case docket (RJN Item 1) clearly

14  indicates that no adversary proceeding was commenced by the Chapter 7 Trustee against Lopez.

15  Not surprisingly, the docket also fails to disclose any evidence of the stipulation referred to in the

16  Lopez testimony.  The turnover suit and its stipulation are both pure fiction.

17      Still in paragraph 2 of his declaration, Lopez contends that outside of being sued by the

18  Trustee, he had *"no involvement in the Prism Bankruptcy Case."*[76]  The record of that case tells a

19  different story.  It reveals no less than five pleadings — all unrelated to any turnover action —

20  were filed by Lopez as a party in that proceeding.[77]  The Court's findings of fact and conclusions

21

22  [70]     *In re Paper I Partners, L.P.,* 283 B.R. 661, 677 (Bkrtcy.S.D.N.Y.,2002).

23  [71]     Stanly Decl., ¶¶ 3,and 22- 24 .

24  [72]     Stanly Decl. at ¶ 1 and 3.

25  [73]     Stanly Decl., ¶ 3.

26  [74]     At a minimum there is a triable issue of fact as to that element of the relief.

27  [75]     Lopez Declaration at P. 10, Lines 8 to 10.

28  [76]     Lopez Declaration at P. 10, Lines 10 to 11.

[77]     See RJN Item 1, Docket Item 21 (Lopez Declaration Opposing Extension Motion
and Motion to Permit Sale by State Court Receiver), Docket Item 45 (Lopez Declaration in
Opposition to Union Bank Relief from Stay Motion), Docket Item 67 (Supplemental Lopez

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

103348/SHL/5311.01

of law in connection with the confirmation of sale of assets to Stanly provides further evidence of active participation in the Prism Bankruptcy.[78]  These items all corroborate Stanly's testimony concerning Lopez's "vibrant and active participation in the Prism Bankruptcy"[79] while contradicting the Lopez testimony concerning his lack of involvement.

In paragraph 4 of his declaration, Lopez testifies that he has no assets or business in California.  That is not true.  He continues to hold significant business interests in the Prism entity, Cambria Holdings, LLC, F2 Systems Technologies, Inc., Prism Freight Services, Inc., Metro Consolidation Carrier, Inc., holds a chose in action in the amount of $115,029.00 in the Prism Bankruptcy Case,[80] and holds the choses of action in the *Lopez v. Stanly* (Case No. GIN 029692) case which is pending, and located here in the County of San Diego.[81]

These untruths are not the first instance of Lopez indulging in falsehoods while testifying under oath.  He was willing to testify inaccurately with regard to this status as a *"mere employee"* of Noveon.[82]  Beyond outright falsehood, Lopez has no apparent reservation to including misleading characterizations as part of his testimony.  The reference to the Stanly claims as *"purported debt"*[83] is an obvious attempt to create the impression that the claims are specious or uncertain, when in fact they have both resulted from judicial awards.[84]

This manifest propensity to disregard the oath of a witness, as well duties of candor owed to the Court, render the Lopez testimony inherently suspect.  It underscores the need for cross-examination, even in contested matters, as contemplated by Rule 9014(d) of the Federal Rules of

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2401 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

---

Declaration Re Status of His "Marketing Efforts"), Docket Items 110 and 111 (Opposition Declarations filed on behalf of Lopez regarding proposed orders).

[78]    See RJN Item 2 (Findings of Fact) at p. 1, lines 23 to 25 - Lopez appearance by counsel); p. 3, lines 22-24 (expressed exclusion of certain Lopez claims from the *"free and clear"* nature of the sale); and p. 5, lines 14 to 22 (Lopez' affirmative participation regarding his turnover of corporate assets).

[79]    Stanly Declaration at ¶ 19.

[80]    Stanly Declaration at P. 23.

[81]    Lopez Declaration at P. 10, Lines 13 to 15.

[82]    Stanly Declaration at ¶ 28.

[83]    Lopez Declaration at P. 10, Line 27, and Stanly Declaration at ¶ 29.

[84]    Stanly Declaration at ¶ 1.

103348/SHL/5311.01

Bankruptcy Procedure. It should be discounted entirely; or, at a minimum, no relief should be granted to Lopez on account of his testimony until a full and fair opportunity for cross-examination has been provided.

## V. __CONCLUSION__

Despite his officious protestations, Lopez has produced no evidence to support his request for radical and disfavored relief. In contrast, Stanly has made a virile demonstration — through admissible evidence — of his standing to seek this relief, and the propriety of obtaining it from this court. It is time for the process to begin in earnest. If Lopez eschews the Bankruptcy relief, he can put on his defense at trial. But he should not be permitted to expose his creditors to the increased risk of prejudice that unavoidably accompanies further delay.

For these, and all of the foregoing reasons, the motions should be denied in their entirety, and Lopez ordered to answer petition forthwith.

Dated:    August 5, 2005                 **ROBBINS & KEEHN**
                                         A Professional Corporation


                              By:    //s// L. Scott Keehn
                                     L. Scott Keehn
                                     Sarah H. Lanham
                                     Attorneys for Petitioning Creditor
                                     Alan Stanly

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

103348/SHL/5311.01