# DOCKET NUMBER 8-1

L. Scott Keehn (61691)
Sarah H. Lanham (213555)
**ROBBINS & KEEHN, APC**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

Attorneys for Petitioning Creditor
**ALAN STANLY**

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>    Francis J. Lopez,<br><br>        Alleged Debtor. | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF FRANCIS J. LOPEZ**<br><br>**Date:**  August 22, 2005<br>**Time:**  10:00 a.m.<br>**Judge:**  Hon. Peter W. Bowie<br>**Dept.:**  4 |

**TO:    HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE:**

Petitioning creditor Alan Stanly ("Stanly") respectfully submits the following evidentiary objections to and motion to strike portions of the Declaration of Francis J. Lopez (the "Lopez Declaration"):

/ / /

## REQUEST FOR RULING ON OBJECTIONS AND MOTION TO STRIKE

Stanly respectfully requests that this Court issue rulings on the following evidentiary objections and motion to strike prior to ruling on the merits of Lopez' Motion to Dismiss or Transfer Involuntary Petition (the "Motion").

Stanly objects to and moves to strike the following portions of the Lopez Declaration:

**Objection No. 1.0:**

Stanly objects to the portion of the Lopez Declaration at page 10, paragraph 2, lines 10 through 11, which state as follows:

> Other than that proceeding, I have had no involvement in the Prism Bankruptcy case.

**Objection No. 1.1: Lacks Foundation/Personal Knowledge**

The facts and the bankruptcy docket demonstrate that Lopez' statement is untrue. Therefore, this portion of the Lopez Declaration lacks foundation because it is apparent that Lopez lacks personal knowledge concerning that statement:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.[1]

The docket for Southern California Bankruptcy Case No. 03-07777-JM is replete with evidence that demonstrates that Lopez was involved in all aspects of the Prism case, from the attempt to dismiss the petition through to the sale of Prism's assets.[2] And, Lopez has filed a claim for $115,029.00 against Prism in its bankruptcy action.[3] Because this statement is untrue and/or Lopez lacks personal knowledge of it, the Court should strike the statement.

///

///

---

[1] Federal Rule of Evidence 602.

[2] See Docket Items Nos. 31, 45, 67, 92, 110 & 111.

[3] Claim Register No. 4, filed January 12, 2004.

1 **Objection No. 1.2: Prejudicial**

2 Paragraph 2, lines 10 through 11 serve only to prejudice Stanly, cause confusion of the

3 issues and waste judicial time and resources in violation of FRE 403:

5 > Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by considerations
> of undue delay, waste of time, or needless presentation of
> cumulative evidence.[4]

8 This portion of the Lopez Declaration has no probative value and serves only to confuse

9 the issues and waste time. Therefore, this Court should strike this portion of the Lopez

10 Declaration.

11 **Objection No. 2.0:**

12 Stanly objects to the portion of the Lopez Declaration at page 10, paragraph 3, lines 20-22,

13 which state as follows:

14 > This involuntary chapter 7 petition is simply an extension of the
> litigation and a new strategy by Mr. Stanly to cause me and my
> family as much business and personal pain as possible.

16 **Objection No. 2.1: Improper Lay Opinion**

17 This statement is not helpful to the determination of this matter, is not rationally based on

18 Lopez' perception or on any specialized knowledge and is purely Lopez' unsupported and

19 improper opinion:

21 > If the witness is not testifying as an expert, the witness' testimony in
> the form of opinions or inferences is limited to those opinions or
> inferences which are (a) rationally based on the perception of the
> witness, (b) helpful to a clear understanding of the witness'
> testimony or the determination of a fact in issue, and (c) not based
> on scientific, technical, or other specialized knowledge within the
> scope of Rule 702.[5]

25 / / /

26 / / /

---

[4] Federal Rule of Evidence 403.

[5] Federal Rule of Evidence 701.

- 3 -

1  Lopez cannot be permitted to merely state his feelings about the involuntary petition as an
2  attempt to bolster his lack of evidence. Because this portion of the Lopez Declaration is improper
3  lay opinion, it is inadmissible and should be stricken.

4  **Objection No. 2.2: Prejudicial**

5  Paragraph 3, lines 20-22 serve only to prejudice Stanly, cause confusion of the issues and
6  waste judicial time and resources in violation of FRE 403:

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by considerations
> of undue delay, waste of time, or needless presentation of
> cumulative evidence.[6]

11  This portion of the Lopez Declaration has no probative value and serves only to confuse
12  the issues and waste time. Therefore, this Court should strike this portion of the Lopez
13  Declaration.

14  **Objection No. 3.0:**

15  Stanly objects to the portion of the Lopez Declaration at page 10, paragraph 4, lines 23
16  through 24 which state as follows:

> I have been a permanent resident of Florida since July, 2003 when
> my wife and I and our two children moved here from California.

19  **Objection No. 3.1: Improper Lay Opinion/Improper Expert Opinion**

20  Lopez has not been designated as a legal expert and is not permitted to testify concerning
21  legal conclusions, such as whether he is a "permanent resident." And, a lay witness may testify as
22  to his opinion only where the opinion is "not based on scientific, technical, or other specialized
23  knowledge within the scope of Rule 702."[7] Whether Lopez is a "permanent resident" is a legal
24  question requiring specialized knowledge. Therefore, this testimony by Lopez is improper and
25  should be stricken.

26  / / /

---

[6] Federal Rule of Evidence 403.

[7] Federal Rule of Evidence 701.

**Objection No. 4.0:**

Stanly objects to the portion of the Lopez Declaration at page 10, paragraph 4, line 25 through page 11, line 1, which state as follows:

> None of my creditors other than Stanly have any particular nexus to California. I have more than 12 creditors and am generally paying my debts as they become due except, of course, the purported debt to Mr. Stanly. I have no assets or business in California.

**Objection No. 4.1: Lacks Foundation/Personal Knowledge**

This portion of the Lopez Declaration lacks foundation because it is completely unsupported by any evidence that Lopez has any personal knowledge concerning his statements:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.[8]

Lopez failed to offer any evidence to support his assertion that none of his creditors, other than Stanly, have a nexus to California. In fact, Stanly is informed and believes that nearly all of Lopez' creditors have ties to this State.

Further, Lopez completely failed to offer any evidence to support his statement that he has "more than 12 creditors" or that he is "generally paying [his] debts as they come due." Lopez did not provide that names, addresses or any other pertinent information concerning *any* of these purported creditors which leaves Stanly and the Court in the position to guess the true number of creditors and whether Lopez' is in fact paying his debts as they come due. However, Stanly is informed and believes that Lopez has less than twelve creditors and that he is generally not paying his debts as they are due.

And, Lopez' claim that he has no assets or business in California is simply untrue. Lopez has ownership interests in at least five California businesses[9] and has filed a claim against Prism

---

[8] Federal Rule of Evidence 602.

[9] See ¶ 23 of Declaration of Alan Stanly in Opposition to Motion to Dismiss or Transfer Involuntary Petition, filed concurrently herewith.

1  Advanced Technologies, Inc. in *In re Prism Advanced Technologies, Inc.*, Southern California

2  Bankruptcy Case No. 03-07777-JM.[10]

3  **Objection No. 4.2: Improper Lay Opinion**

4      Stanly incorporates by reference Objections Nos. 2.1 and 3.1, *supra*.

5  **Objection No. 4.3: Prejudicial**

6      Stanly incorporates by reference Objections Nos. 1.2 and 2.2, *supra*.

8  Dated:    August 5, 2005           **ROBBINS & KEEHN**
                                                  A Professional Corporation

11                                       By:    //s// Sarah H. Lanham
                                                     L. Scott Keehn
                                                     Sarah H. Lanham
                                                     Attorneys for Petitioning Creditor
                                                     Alan Stanly

---

[10]    Claim Register No. 4, filed January 12, 2004.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

- 6 -    103249/SHL/5311.01