# DOCKET NUMBER 8-2

1   L. Scott Keehn (61691)
    Sarah H. Lanham (213555)
2   **ROBBINS & KEEHN, APC**
    A Professional Corporation
3   530 "B" Street, Suite 2400
    San Diego, California 92101
4   Telephone: (619) 232-1700

5   Attorneys for Petitioning Creditor
    **ALAN STANLY**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                          )   Case No. 05-05926-PBINV
                                    )
12              Francis J. Lopez,   )   Involuntary Chapter 7
                                    )
13                                  )
                Alleged Debtor.     )   **REQUEST FOR JUDICIAL NOTICE**
14                                  )   **SUBMITTED IN OPPOSITION TO**
                                    )   **MOTION TO DISMISS OR TRANSFER**
15                                  )   **INVOLUNTARY PETITION**
                                    )
16                                  )
                                    )   **Date:**   August 22, 2005
17                                  )   **Time:**   10:00 a.m.
                                    )   **Judge:**  Hon. Peter W. Bowie
18                                  )   **Dept.:**  4
                                    )
19  _____ )

20  **TO:      HONORABLE PETER W. BOWIE, JUDGE OF THE UNITED STATES**
21            **BANKRUPTCY COURT**

22         Petitioning Creditor, ALAN STANLY ("Stanly") respectfully requests that Court to take

23  judicial notice in accordance with the provisions of Rule 201 of the Federal Rules of Evidence of

24  the following:

25         1.    The case "Docket" for *In re Prism Advanced Technologies, Inc.*, Case No. 03-

26  0777-JM7, a copy of which is attached hereto marked Exhibit l, and incorporated herein by this

27  reference.

28  / / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

103332/GMR/5311.01

1        2.    Findings of Fact and Conclusions of Law Re Trustee's Motion to Sell Personal

2  Property (Docket Item 115), a copy of which is attached hereto marked Exhibit 2, and

3  incorporated herein by this reference.

4        3.    Miscellaneous Minute Orders showing appearances on behalf of Lopez, a copy of

5  which is attached hereto marked Exhibit 3, and incorporated herein by this reference.

6

7  Dated: August 5, 2005            **ROBBINS & KEEHN**
                            A Professional Corporation

8

9

10                  By:    //s// L. Scott Keehn
                            L. Scott Keehn

11                            Sarah H. Lanham
                            Attorneys for Petitioning Creditor

12                            Alan Stanly

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

- 2 -                103332/GMR/5311.01

EXHIBIT 1

Case 3:08-cv-00713-JAH-BLM     Document 4-6     Filed 04/28/2008     Page 5 of 46

# U.S. Bankruptcy Court
## Southern District of California (San Diego)
### Bankruptcy Petition #: 03-07777-JM

*Assigned to:* Judge James W. Meyers                    *Date Filed:* 08/22/2003
Chapter 7
Involuntary
No asset

**Prism Advanced Technologies,**
**Inc.**
5962 Priestly Drive
Carlsbad, CA 92008
Tax id: 33-0730964
*Debtor*

**George Ortiz**
43033 Manchester Ct.
Temecula, CA 92592
*Petitioning Creditor*

**James Bears**                         represented by   **Jeffrey S. Shinbrot**
*Petitioning Creditor*                                   8929 Wilshire Blvd.
                                                         Suite 100
                                                         Beverly Hills, CA 90211
                                                         (310) 659-5444


**Crown Hill Consulting Inc.**          represented by   **Jeffrey S. Shinbrot**
*Petitioning Creditor*                                   (See above for address)


**EvidentData Inc.**                    represented by   **Jeffrey S. Shinbrot**
*Petitioning Creditor*                                   (See above for address)


**Gregory A. Akers**                    represented by   **Susan C. Stevenson**
10731 Treena St., Suite 209                              401 B Street, Ste. 1500
San Diego, CA 92131                                      San Diego, CA 92101
(858) 635-9350                                           (619) 687-5200
*Trustee*                                                Email:
                                                         sstevenson@psdslaw.com

| Filing Date | # | Docket Text |
|-------------|---|-------------|
| 08/22/2003 | 1 | Involuntary Petition. *Filed by petitioning creditors George Ortiz, Mitch Demblin and James Bears* Fee Amount. Filed by George Ortiz. (Denton, D.) Additional attachment(s) added on 8/25/2003 (Beckett, C.). (Entered: 08/22/2003) |
|  |  |  |

| 08/22/2003 | 2 | Receipt of Involuntary Filing Fee - $200.00 by DL. Receipt Number 00173219. (Entered: 08/22/2003) |
|---|---|---|
| 08/22/2003 | 3 | Summons Issued to Debtor in Involuntary Case filed by George Ortiz. (Beckett, C.) (Entered: 08/25/2003) |
| 08/28/2003 | 4 | Request for Special Notice filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 08/28/2003) |
| 08/28/2003 | 5 | Emergency Motion *to: A) Abstention and Dismissal of Involuntary Case; or B) Authority to Proceed withState Court sale Proceeding; or C) For Order Shortening Time; and Memorandum of Points and Authorities* filed by Michael T. O'Halloran on behalf of Alan Stanly (Attachments: # 1 Declaration of Stangel# 2 Declaration of O'Halloran# 3 Declaration of Eggert# 4 Declaration of McGrath# 5 Declaration of Stanly) (Li, J.) (Entered: 08/29/2003) |
| 08/28/2003 | 6 | Request for Judicial Notice *re Emergency Motion to: A) Abstention and Dismissal of Involuntary Case; or B) Authority to Proceed with State Court sale Proceeding; or C) For Order Shortening Time;* filed by Michael T. O'Halloran on behalf of Alan Stanly. (related documents 5 Generic Motion, ) (Li, J.) (Entered: 08/29/2003) |
| 08/28/2003 | 7 | Proof of Service (related documents 5 Generic Motion,, 6 Request for Judicial Notice, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (Li, J.) (Entered: 08/29/2003) |
| 08/28/2003 | 8 | Joinder in *Emergency Motion to Dismiss/Abstain From Hearing or Suspend Involuntary Proceeding* (related documents 5 Generic Motion, ) filed by Jeffrey Isaacs on behalf of Union Bank Of CA., N.A.. (Attachments: # 1 Declaration of Karrer# 2 Memorandum of Points and Authorities # 3 Proof of Service) (Li, J.) (Entered: 08/29/2003) |
| 08/28/2003 | 11 | Joinder in *emergency motion to dismiss...* (related documents 5 Generic Motion, ) filed by Jeffrey Isaacs on behalf of Union Bank Of CA., N.A.. (Attachments: # 1 Memorandum of Points and Authorities # 2 declaration of Adam Karrer# 3 Proof of Service) (Beckett, C.) Additional attachment(s) added on 9/17/2003 (Beckett, C.). (Entered: 09/02/2003) |
| 08/29/2003 | 9 | Order Shortening Time re Motion to: A) Abstention and Dismissal of Involuntary Case; or B)Authority to Proceed with State Court sale Proceeding. Hearing signed on 8/29/2003. HEARING Scheduled for 9/18/2003 at 10:30 AM at Courtroom 1, Room 218, Weinberger Courthouse; Opposition served and filed by 9/8/03; Reply by 9/12/03 (related documents 5 Generic Motion, ) (Li, J.) (Entered: 08/29/2003) |

| 08/29/2003 | 10 | Notice of Hearing *on Shortened Time on Emergency Motion for A) Abstention and Dismissal of Involuntary Case; or B)Authority to Proceed with State Court Sale Proceeding; Certificate of Service* filed by Michael T. O'Halloran on behalf of Alan Stanly. HEARING Scheduled for 9/18/2003 at 10:30 AM at Courtroom 1, Room 218, Weinberger Courthouse (related documents 5 Generic Motion, ) (O'Halloran, Michael) (Entered: 08/29/2003) |
| --- | --- | --- |
| 09/03/2003 | 12 | Proof of Service (related documents 5 Generic Motion, ) filed by Gerald P. Kennedy on behalf of Union Bank Of CA., N.A.. (Kennedy, Gerald) (Entered: 09/03/2003) |
| 09/05/2003 | 13 | Notice of Errata *re: Clarification of Representation by Counsel* filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 09/05/2003) |
| 09/08/2003 | 14 | Objection *(evidentiary) to emergency motion* (related documents 5 Generic Motion, ) filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Beckett, C.) (Entered: 09/09/2003) |
| 09/08/2003 | 15 | Opposition *to emergency motion for dismissal of involuntary case...* (related documents 5 Generic Motion, ) filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Attachments: # 1 declaration of Albert James in support of opposition# 2 declaration of Mitchell Dembin in support of opposition# 3 declaration of Jeffrey Shinbrot in support of opposition) (Beckett, C.) (Entered: 09/09/2003) |
| 09/09/2003 | 16 | Proof of Service (related documents 15 Opposition,, 14 Objection) filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Beckett, C.) (Entered: 09/10/2003) |
| 09/11/2003 | 17 | Declaration *of Richard M Kipperman* in Support (related documents 5 Generic Motion, ) filed by Alan Vanderhoff of Law Offices of Alan Vanderhoff on behalf of Richard M Kipperman. (Vanderhoff, Alan) (Entered: 09/11/2003) |
| 09/12/2003 | 18 | Certificate of Service (related documents 17 Declaration in Support) filed by Alan Vanderhoff on behalf of Richard M Kipperman. (Vanderhoff, Alan) (Entered: 09/12/2003) |
| 09/12/2003 | 19 | Reply *Memorandum of Points and Authorities in Support of Joinder in Emergency Motion to Dismiss, Abstain From Hearing or Suspend Involuntary Bankruptcy Proceeding [11 U.S.C. Section 305(a)(1)]* (related documents 5 Generic Motion, ) filed by Gerald P. Kennedy on behalf of Union Bank Of CA., N.A.. (Kennedy, Gerald) (Entered: |

| | | |
|---|---|---|
| | | 09/12/2003) |
| 09/12/2003 | 20 | Proof of Service (related documents 5 Generic Motion, ) filed by Gerald P. Kennedy on behalf of Union Bank Of CA., N.A.. (Kennedy, Gerald) (Entered: 09/12/2003) |
| 09/12/2003 | 21 | Objection *Based on Federal Rules of Evidence to Declaration of Francis Lopez submitted by Petitioning Creditors in Opposition to Emergency Motion for A)Abstention or Dismissal of Involuntary Case or B)Authority to Proceed with State Court Sale Proceeding* (related documents 5 Generic Motion, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 09/12/2003) |
| 09/12/2003 | 22 | Response to *Opposition to Emergency Motion and Memorandum of Points and Authorities in Support Thereof* (related documents 5 Generic Motion, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 09/12/2003) |
| 09/12/2003 | 23 | *Second* Request for Judicial Notice filed by Michael T. O'Halloran on behalf of Alan Stanly. (related documents 5 Generic Motion, ) (O'Halloran, Michael) (Entered: 09/12/2003) |
| 09/12/2003 | 24 | Declaration *of Jacqueline Barretta* in Support *of Emergency Motion* (related documents 5 Generic Motion, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 09/12/2003) |
| 09/12/2003 | 25 | Second Declaration *of Charles McGrath* in Support *of Emergency Motion* (related documents 5 Generic Motion, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 09/12/2003) |
| 09/12/2003 | 26 | Supplemental Declaration *of Alan Stanly* in Support *of Emergency Motion* (related documents 5 Generic Motion, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 09/12/2003) |
| 09/15/2003 | 27 | Certificate of Service *re: Response to Opposition to Emergency Motion and Related Pleadings* (related documents 24 Declaration in Support, 25 Declaration in Support, 26 Declaration in Support, 21 Objection,, 22 Response) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 09/15/2003) |
| 09/15/2003 | 28 | Proof of Service (related documents 1 Involuntary Petition, 3 Summons Issued to Debtor in Involuntary Case) filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Beckett, C.) (Entered: 09/17/2003) |

| 09/15/2003 | 29 | Objection *(evidentiary) to supplemental declarations in support of motion to dismiss case...* (related documents 24 Declaration in Support, 25 Declaration in Support, 26 Declaration in Support) filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Attachments: # 1 Proof of Service) (Beckett, C.) (Entered: 09/17/2003) |
| 09/15/2003 | 30 | Notice of Errata *on caption* filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (related documents 16 Proof of Service) (Beckett, C.) (Entered: 09/17/2003) |
| 09/15/2003 | 33 | Summons Served on: Prism Advanced Technologies, Inc. Frances Lopez. Served On 9/11/03 *in re: involuntary bankruptcy matter* filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Beckett, C.) (Entered: 09/18/2003) |
| 09/16/2003 | 31 | *Sur-reply* Declaration *of Francis Lopez in support of opposition to emergency motion for abstention and dismissal...* (related documents 25 Declaration in Support, 26 Declaration in Support) filed by Joseph S. Fischbach on behalf of Francis Lopez. (Beckett, C.) (Entered: 09/17/2003) |
| 09/16/2003 | 32 | Exhibit *s to second request for judicial notice* (related documents 23 Request for Judicial Notice) filed by Michael T. O'Halloran on behalf of Alan Stanly. (Beckett, C.) (Entered: 09/17/2003) |
| 09/18/2003 | 34 | Hearing Held re: emergency motion for abstention and dismissal of case... (related documents 5 )--DENIED; ORDER/CONTESTED/SHINBROT. (Beckett, C.) (Entered: 09/19/2003) |
| 09/18/2003 | 35 | Order for Relief and Order Directing Debtor to File Schedules & Statements with Certificate of Mailing signed on 9/18/2003. Incomplete Filings due by 10/3/2003, (Beckett, C.) (Entered: 09/19/2003) |
| 09/24/2003 | 36 | Meeting of Creditors & Notice of Appointment of Interim Trustee Gregory A. Akers with 341(a) meeting to be held on 10/22/2003 at 01:15 PM at 402 W. Broadway, Sixth Floor, Suite 630 San Diego, CA 92101 (Beckett, C.) (Entered: 09/24/2003) |
| 09/24/2003 | 38 | Court Certificate of Mailing Service Date 09/26/2003. (Related Doc # 36) (Admin.) (Entered: 09/26/2003) |
| 09/26/2003 | 37 | Receipt of Relief from Stay Filing Fee - $75.00 by PT. Receipt Number 00173955. (Entered: 09/26/2003) |

| 09/26/2003 | 39 | Motion for Relief from Stay, RS # GPK1 Fee Amount $ 75 filed by Gerald P. Kennedy on behalf of Union Bank Of CA., N.A. (Attachments: # 1 Memorandum of Points and Authorities # 2 declaration of Adam Karrer in support# 3 request for judicial notice (part 1)# 4 request for judicial notice (part 2)# 5 Proof of Service) (Beckett, C.) (Entered: 09/29/2003) |
|---|---|---|
| 09/26/2003 | 40 | Notice of Filing of a Motion for Relief from Automatic Stay filed by Gerald P. Kennedy on behalf of Union Bank Of CA., N.A.. Notice of Filing of Motion for Relief from Stay Served On: 9/26/2003. Request for Hearing & Opposition due by: 10/10/2003. (related documents 39 Motion for Relief from Stay, ) (Beckett, C.) (Entered: 09/29/2003) |
| 09/29/2003 | 42 | Proof of Service (related documents 41 Order re: Motion) filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc.. (Beckett, C.) (Entered: 10/01/2003) |
| 09/30/2003 | 41 | Order Denying Motion for abstention and dismissal of involuntary case... (Related Doc # 5) signed on 9/30/2003. (related documents 5 Generic Motion, ) (Beckett, C.) (Entered: 10/01/2003) |
| 10/10/2003 | 43 | Request for Hearing on Motion For Relief from Automatic Stay RS # GPK-1 by Union Bank of California, N.A., and Notice of Hearing with Certificate of Service filed by Susan C. Stevenson on behalf of Gregory A. Akers. HEARING Scheduled for 10/17/2003 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse (Stevenson, Susan) (Entered: 10/10/2003) |
| 10/10/2003 | 44 | Opposition to Motion for Relief from Automatic Stay (related documents 39 Motion for Relief from Stay, ) filed by Susan C. Stevenson on behalf of Gregory A. Akers. (Attachments: # 1 Memorandum of Points and Authorities in Support of Trustee's Opposition# 2 Declaration of Gregory A. Akers in Support) (Stevenson, Susan) (Entered: 10/10/2003) |
| 10/10/2003 | 45 | Declaration *of Francis Lopez* in Opposition *to Union Bank's Motion for Relief from Stay* (related documents 40 Notice of filing of Motion for Relief from Stay,, 43 Request for Hearing on Motion for R/S, ) filed by Thomas B. Gorrill on behalf of Francis Lopez. (Attachments: # 1 Exhibit Exhibit 1 - Stanly Trust Deed# 2 Exhibit Exhibit 2 - Kroll appraisal report# 3 Certificate of Service) (Gorrill, Thomas) (Entered: 10/10/2003) |
| 10/10/2003 | 46 | Opposition to Motion for Relief from Automatic Stay *by Con-Way Air Express, Inc. to motion for relief from automatic stay* (related documents 39 Motion for Relief from Stay, ) filed by K. Todd Curry on behalf of Con-Way Air Express Inc.. (Buselt, B.) (Entered: 10/14/2003) |

| 10/10/2003 | 47 | Request for Hearing on Motion For Relief from Automatic Stay RS #GPK1 by Union Bank of California and Notice of Hearing with Certificate of Service filed by K. Todd Curry on behalf of Con-Way Air Express Inc.. HEARING Scheduled for 10/17/2003 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse (related documents 39 Motion for Relief from Stay, ) (Buselt, B.) Modified on 10/14/2003 (Buselt, B.). (Entered: 10/14/2003) |
| --- | --- | --- |
| 10/15/2003 | 48 | Reply *of Union Bank of California to Opposition to Motion for Relief from Automatic Stay* (related documents 39 Motion for Relief from Stay, ) filed by Jeffrey Isaacs of Procopio, Cory, Hargreaves and Savitch on behalf of Union Bank Of CA., N.A.. (Isaacs, Jeffrey) (Entered: 10/15/2003) |
| 10/15/2003 | 49 | Proof of Service related document 48 filed by Jeffrey Isaacs on behalf of Union Bank Of CA., N.A.. (Isaacs, Jeffrey) Modified on 10/16/2003 (Buselt, B.). (Entered: 10/15/2003) |
| 10/15/2003 | 50 | Reply *By Alan Stanly to Trustee's Opposition to Motion for Relief from Stay* (related documents 39 Motion for Relief from Stay, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 10/15/2003) |
| 10/15/2003 | 51 | Declaration *of Alan Stanly* (related documents 39 Motion for Relief from Stay, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. court note: corrected decl to follow with all pages (O'Halloran, Michael) Modified on 10/16/2003 (Buselt, B.). (Entered: 10/15/2003) |
| 10/16/2003 | 52 | *Corrected* Declaration *of Alan Stanly* (related documents 51 declaration 39 Motion for Relief from Stay, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) Modified on 10/16/2003 (Buselt, B.). (Entered: 10/16/2003) |
| 10/16/2003 | 53 | Certificate of Service (related documents 52 Declaration,, 50 Reply, 51 Declaration, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 10/16/2003) |
| 10/16/2003 | 54 | *Supplemental* Certificate of Service (related documents 52 Declaration,, 50 Reply, 51 Declaration, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 10/16/2003) |
| 10/16/2003 | 55 | Declaration *of Richard Molino Regarding Motion for Relief From Stay* (related documents 39 Motion for Relief from Stay, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 10/16/2003) |

| 10/16/2003 | 56 | Certificate of Service (related documents 55 Declaration) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 10/16/2003) |
|---|---|---|
| 10/17/2003 | 57 | Minute Order. DISPOSITION(s): TRUSTEE TO FILE ADDITIONAL PLEADINGS BY 11/10/03; REPLY BY 11/12/03. HEARING Scheduled for 11/13/2003 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse (related documents 39 Motion for Relief from Stay, ) (Beckett, C.) (Entered: 10/20/2003) |
| 10/25/2003 | 58 | Notice of Continuance of First Meeting of Creditors on 11/24/2003 at 3:00 PM at 402 W. Broadway, Sixth Floor, Suite 630 San Diego, CA 92101 (Akers, Gregory) (Entered: 10/25/2003) |
| 10/30/2003 | 59 | Request for Special Notice *and notice of appearance* filed by Victor A. Vilaplana on behalf of Priority Air Express, LLC. (Buselt, B.) (Entered: 10/30/2003) |
| 11/04/2003 | 60 | *Chapter 7 Trustee's* Application to Employ *and Compensate Pyle Sims Duncan & Stevenson as General Counsel* filed by Susan C. Stevenson on behalf of Gregory A. Akers (Stevenson, Susan) (Entered: 11/04/2003) |
| 11/04/2003 | 61 | Declaration *of Proposed General Counsel* (related documents 60 Application to Employ) filed by Susan C. Stevenson on behalf of Gregory A. Akers. (Stevenson, Susan) (Entered: 11/04/2003) |
| 11/04/2003 | 62 | Statement of Position *of United States Trustee (No objection)* (related documents 60 Application to Employ) filed by Susan C. Stevenson on behalf of Gregory A. Akers. (Stevenson, Susan) (Entered: 11/04/2003) |
| 11/05/2003 | 63 | Order Granting Application to Employ (Related Doc # 60) signed on 11/5/2003. (Beckett, C.) (Entered: 11/06/2003) |
| 11/07/2003 | 64 | Opposition to Motion for Relief from Automatic Stay *(limited)* (related documents 39 Motion for Relief from Stay, ) filed by Victor A. Vilaplana of Seltzer Caplan McMahon Vitek on behalf of Priority Air Express, LLC. (Beckett, C.) (Entered: 11/07/2003) |
| 11/07/2003 | 65 | Declaration *of Charles McGrath* in Support (related documents 64 Opposition to Motion for Relief from Automatic Stay) filed by Victor A. Vilaplana of Seltzer Caplan McMahon Vitek on behalf of Priority Air Express, LLC. (Beckett, C.) (Entered: 11/07/2003) |
| 11/07/2003 | 66 | Proof of Service (related documents 65 Declaration in Support, 64 Opposition to Motion for Relief from Automatic Stay) filed by Victor |

| | | |
|---|---|---|
| | | A. Vilaplana on behalf of Priority Air Express, LLC. (Beckett, C.) (Entered: 11/07/2003) |
| 11/10/2003 | 67 | *Supplemental* Declaration *of Francis Lopez re: Status of Marketing Efforts as to Source Code [w/proof of service]* (related documents 39 Motion for Relief from Stay, ) filed by Thomas B. Gorrill on behalf of Francis Lopez. (Gorrill, Thomas) (Entered: 11/10/2003) |
| 11/11/2003 | 68 | Reply *of Union Bank to Supplemental Declaration of Francis Lopez Re Status of Marketing Efforts as to Source Code Filed in Opposition to Union Bank of California's Motion for Relief from Automatic Stay* (related documents 39 Motion for Relief from Stay, ) filed by Jeffrey Isaacs of Procopio, Cory, Hargreaves and Savitch on behalf of Union Bank Of CA., N.A.. (Isaacs, Jeffrey) (Entered: 11/11/2003) |
| 11/11/2003 | 69 | Objection *Evidentiary Objections to Supplemental Declaration of Francis Lopez Re Status of Marketing Efforts as to Source Code Filed in Opposition to Union Bank of California's Motion for Relief from Automatic Stay* (related documents 39 Motion for Relief from Stay, ) filed by Jeffrey Isaacs of Procopio, Cory, Hargreaves and Savitch on behalf of Union Bank Of CA., N.A.. (Isaacs, Jeffrey) (Entered: 11/11/2003) |
| 11/11/2003 | 70 | Proof of Service (related documents 39 Motion for Relief from Stay, ) filed by Jeffrey Isaacs on behalf of Union Bank Of CA., N.A.. (Isaacs, Jeffrey) (Entered: 11/11/2003) |
| 11/12/2003 | 71 | Response to *Motion for Relief From Stay by Alan Stanly and Proof of Service* (related documents 39 Motion for Relief from Stay, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 11/12/2003) |
| 11/13/2003 | 72 | Minute Order. DISPOSITION(s): GRANTED; ORDER/ISAACS. (related documents 39 Motion for Relief from Stay, ) (Beckett, C.) (Entered: 11/17/2003) |
| 11/13/2003 | 73 | Ex Parte *(Application)* Motion to Shorten Time *for Motion to Sell Property Free and Clear of Liens* filed by Susan C. Stevenson on behalf of Gregory A. Akers (Beckett, C.) (Entered: 11/17/2003) |
| 11/17/2003 | 76 | Order Granting Motion to Shorten Time for motion to sell property free and clear of liens. (Related Doc # 73) signed on 11/17/2003. (related documents 73 Motion to Shorten Time) (Beckett, C.) (Entered: 11/18/2003) |
| 11/18/2003 | 74 | Motion to Compel *trustee to perform* filed by Victor A. Vilaplana on behalf of Priority Air Express, LLC (Beckett, C.) (Entered: |

| | | 11/18/2003) |
|---|---|---|
| 11/18/2003 | <u>75</u> | Notice of Hearing and Motion with Certificate of Service filed by Victor A. Vilaplana on behalf of Priority Air Express, LLC. HEARING Scheduled for 12/1/2003 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse. Notice of Motion and Hearing Served On: 11/17/2003. Opposition due by: 12/4/2003. (related documents <u>74</u> Motion to Compel) (Beckett, C.) (Entered: 11/18/2003) |
| 11/18/2003 | 77 | *Unverified* Schedules *D, E and F* filed by Michael T. O'Halloran on behalf of Alan Stanly. (Attachments: # <u>1</u> Schedule D) (O'Halloran, Michael) (Entered: 11/18/2003) |
| 11/18/2003 | <u>78</u> | Notice of Lodgment of Order with Service filed by Jeffrey Isaacs on behalf of Union Bank Of CA., N.A.. (related documents <u>39</u> Motion for Relief from Stay, ) (Beckett, C.) (Entered: 11/19/2003) |
| 11/20/2003 | 79 | Certificate of Service (related documents <u>77</u> Schedules) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 11/20/2003) |
| 11/20/2003 | <u>80</u> | Amended Notice of Hearing and Motion with Certificate of Service filed by Victor A. Vilaplana on behalf of Priority Air Express, LLC. HEARING Scheduled for 12/1/2003 at 02:00 PM at Courtroom 1, Room 218, Weinberger Courthouse. Notice of Motion and Hearing Served On: 11/20/2003. Opposition due by: 12/8/2003. (related documents <u>74</u> Motion to Compel) (Beckett, C.) (Entered: 11/20/2003) |
| 11/21/2003 | 81 | Complaint by K. Todd Curry on behalf of Con-Way Air Express Inc. against Prism Advanced Technologies, Inc. , Gregory Akers , Richard Kipperman , Francis J. Lopez , Alan H. Stanly <u>03-90418</u>; Nature of Suit(s): 454 (Recover Money/Property) , Fee Amount . Filed by K. Todd Curry on behalf of Con-Way Air Express Inc. . (Duran, K.) (Entered: 11/21/2003) |
| 11/21/2003 | 82 | Opposition *to Priority Air Express, LLC's Motion to Compel Trustee to Perform Pursuant to 11 U.S.C. section 365(n) with Certificate of Service* (related documents <u>74</u> Motion to Compel) filed by Susan C. Stevenson on behalf of Gregory A. Akers. (Stevenson, Susan) (Entered: 11/21/2003) |
| 11/21/2003 | 83 | Complaint by Victor A. Vilaplana on behalf of Priority Air Express, LLC against Francis J. Lopez , Alan H. Stanly <u>03-90424</u>; Nature of Suit(s): 434 (Injunctive Relief) , Fee Amount . Filed by Victor A. Vilaplana on behalf of Priority Air Express, LLC . (Crosby, A.C.) (Entered: 11/21/2003) |
| | | |

| 11/21/2003 | 84 | Notice of Hearing and Motion with Certificate of Service *on Shortened Notice Pursuant to Court Order* filed by Susan C. Stevenson on behalf of Gregory A. Akers. Re: 85 Motion to sell Free and Clear of Liens, HEARING Scheduled for 12/1/2003 at 02:00 PM at Courtroom 1, Room 218, Weinberger Courthouse. Notice of Motion and Hearing Served On: 11/21/2003. Opposition due by: 11/26/2003. (Stevenson, Susan) Modified on 11/25/2003 (Beckett, C.). (Entered: 11/21/2003) |
| --- | --- | --- |
| 11/21/2003 | 85 | *Trustee's Motion to Sell Free & Clear of Liens Personal Property; Memorandum of Points and Authorities in Support Thereof with Certificate of Service* filed by Susan C. Stevenson on behalf of Gregory A. Akers (Attachments: # 1 Declaration of Gregory A. Akers in Support) (Stevenson, Susan) (Entered: 11/21/2003) |
| 11/21/2003 | 86 | Request for Special Notice filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Beckett, C.) (Entered: 11/24/2003) |
| 11/26/2003 | 92 | Opposition (related documents 85 Motion to Sell Free & Clear of Liens, ) filed by M. Jonathan Hayes on behalf of Francis Lopez. (Beckett, C.) (Entered: 12/01/2003) |
| 11/26/2003 | 93 | Joinder in *motion* (related documents 85 Motion to Sell Free & Clear of Liens, ) filed by Jeffrey Isaacs on behalf of Union Bank Of CA., N.A.. (Beckett, C.) (Entered: 12/01/2003) |
| 11/28/2003 | 87 | Notice of Continuance of First Meeting of Creditors on 1/16/2004 at 3:30 PM at 402 W. Broadway, Sixth Floor, Suite 630 San Diego, CA 92101 (Akers, Gregory) (Entered: 11/28/2003) |
| 11/28/2003 | 88 | Opposition *to Trustee's Motion to Sell Personal Property Free & Clear of Liens* (related documents 85 Motion to Sell Free & Clear of Liens, ) filed by James P. Hill of Sullivan, Hill, Lewin, Rez & Engel, APLC on behalf of Con-Way Air Express Inc.. (Attachments: # 1 Proof of Service) (Hill, James) (Entered: 11/28/2003) |
| 11/30/2003 | 89 | *Unverified Balance of Schedules and Statement of Affairs* filed by Michael T. O'Halloran on behalf of Alan Stanly. (Attachments: # 1 Exhibit Exhibit A) (O'Halloran, Michael) (Entered: 11/30/2003) |
| 11/30/2003 | 90 | Response to *Opposition to Trustee's Motion to Sell Personal Property and Proof of Service* (related documents 85 Motion to Sell Free & Clear of Liens, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 11/30/2003) |
| 11/30/2003 | 91 | Request for Judicial Notice *in Support of Response to Opposition to* |

| | | |
|---|---|---|
| | | *Trustee's Motion to Sell Personal Property* filed by Michael T. O'Halloran on behalf of Alan Stanly. (related documents 85 Motion to Sell Free & Clear of Liens, ) (O'Halloran, Michael) (Entered: 11/30/2003) |
| 12/01/2003 | 94 | Minute Order. DISPOSITION(s): MOTION TO SELL GRANTED AS MODIFIED IN COURT. HEARING RE: MOTION TO COMPEL TRUSTEE Scheduled for 1/14/2004 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse (related documents 85 Motion to Sell Free & Clear of Liens,, 74 Motion to Compel) (Beckett, C.) (Entered: 12/03/2003) |
| 12/04/2003 | 95 | Order Granting Motion for Relief from Stay (fee) (Related Doc # 39) signed on 12/4/2003. (Beckett, C.) (Entered: 12/08/2003) |
| 12/08/2003 | 96 | Notice of Entry of *order* filed by Jeffrey Isaacs on behalf of Union Bank Of CA., N.A.. (related documents 95 Order re:Motion for Relief from Stay) (Beckett, C.) (Entered: 12/08/2003) |
| 12/09/2003 | 97 | Opposition *to trustee's motion* (related documents 85 Motion to Sell Free & Clear of Liens, ) filed by Martin Hudacko. (Beckett, C.) Modified on 12/9/2003 (Beckett, C.). (Entered: 12/09/2003) |
| 12/09/2003 | 98 | Opposition *to trustee's motion* (related documents 85 Motion to Sell Free & Clear of Liens, ) filed by Tawnya Smothermon. (Beckett, C.) Modified on 12/9/2003 (Beckett, C.). (Entered: 12/09/2003) |
| 12/12/2003 | 99 | Notice of Lodgment of Order *and findings of fact and conclusions of law,* with Service filed by Michael T. O'Halloran on behalf of Alan Stanly. (Attachments: # 1 remainder of notice of lodgment) (related documents 85 Motion to Sell Free & Clear of Liens, ) (Beckett, C.) (Entered: 12/16/2003) |
| 12/12/2003 | 112 | Declaration *of Michael O'Halloran re: lodgment of order on trustee's motion to sell personal property* (related documents 99 Notice of Lodgment of Order, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (Beckett, C.) (Entered: 12/23/2003) |
| 12/16/2003 | 100 | Objection *[LIMITED OBJECTION TO ALAN STANLY'S PROPOSED ORDER GRANTING TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS, AND TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW]* (related documents 99 Notice of Lodgment of Order, ) filed by James P. Hill of Sullivan, Hill, Lewin, Rez & Engel, APLC on behalf of Con-Way Air Express Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Hill, James) (Entered: 12/16/2003) |
| | | |

| 12/16/2003 | 101 | Notice of Lodgment of Order *[NOTICE OF LODGMENT OF ALTERNATIVE PROPOSED ORDER RE TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS]* with Service filed by James P. Hill on behalf of Con-Way Air Express Inc.. (Attachments: # 1 Exhibit A) (related documents 85 Motion to Sell Free & Clear of Liens, ) (Hill, James) (Entered: 12/16/2003) |
| --- | --- | --- |
| 12/16/2003 | 102 | Proof of Service (related documents 100 Objection,, 101 Notice of Lodgment of Order, ) filed by James P. Hill on behalf of Con-Way Air Express Inc.. (Hill, James) (Entered: 12/16/2003) |
| 12/17/2003 | 110 | Declaration *re: proposed counter order on trustee's motion to sell personal property free and clear of liens* (related documents 107 Notice of Lodgment of Order) filed by M. Jonathan Hayes on behalf of Francis Lopez. (Beckett, C.) Additional attachment(s) added on 12/22/2003 (Beckett, C.). (Entered: 12/22/2003) |
| 12/17/2003 | 111 | Declaration *of M. Jonathan Hayes re: proposed counter order re: trustee's motion to sell personal property free and clear of liens* (related documents 101 Notice of Lodgment of Order, ) filed by M. Jonathan Hayes on behalf of Francis Lopez. (Beckett, C.) (Entered: 12/23/2003) |
| 12/18/2003 | 104 | Objection *(limited) re: proposed order granting trustee's motion to sell personal property free and clear of liens,* (related documents 99 Notice of Lodgment of Order, ) filed by James Bears James Bears. (Beckett, C.) (Entered: 12/22/2003) |
| 12/18/2003 | 105 | Opposition *to proposed order re: motion to sell personal property free and clear of liens* (related documents 99 Notice of Lodgment of Order, ) filed by Tawnya Smothermon Tawnya Smothermon. (Beckett, C.) (Entered: 12/22/2003) |
| 12/18/2003 | 106 | Opposition *to proposed order re: motion to sell personal property free and clear of liens* (related documents 99 Notice of Lodgment of Order, ) filed by Martin Hudacko Martin Hudacko. (Beckett, C.) (Entered: 12/22/2003) |
| 12/18/2003 | 107 | Notice of Lodgment of Order *(alternative proposed order)* with Service filed by Victor A. Vilaplana on behalf of Priority Air Express, LLC. (related documents 85 Motion to Sell Free & Clear of Liens, ) (Beckett, C.) (Entered: 12/22/2003) |
| 12/18/2003 | 108 | Objection *(limited) to proposed order re: trustee's motion to sell personal property free and clear of liens* (related documents 99 Notice of Lodgment of Order, ) filed by Victor A. Vilaplana of Seltzer Caplan McMahon Vitek on behalf of Priority Air Express, LLC. (Beckett, C.) (Entered: 12/22/2003) |

| 12/18/2003 | 109 | Proof of Service (related documents 107 Notice of Lodgment of Order, 108 Objection, ) filed by Victor A. Vilaplana on behalf of Priority Air Express, LLC. (Beckett, C.) (Entered: 12/22/2003) |
| 12/19/2003 | 103 | Response to *Objections to Lodged Orders Filed by Alan Stanly and Proof of Service* (related documents 99 Notice of Lodgment of Order, ) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 12/19/2003) |
| 12/24/2003 | 113 | Order overruling opposition to proposed order re: 99 notice of lodgment of order re: trustee's motion to sell personal property, signed on 12/24/2003. (related documents 105 Opposition, 106 Opposition) (Beckett, C.) Modified on 12/24/2003 (Beckett, C.). (Entered: 12/24/2003) |
| 12/24/2003 | 114 | Alternate Order (submitted by Victor Vilaplana) Not Approved re: Motion to Sell Free & Clear of Liens (Related Doc # 85) signed on 12/24/2003. (Beckett, C.) (Entered: 12/24/2003) |
| 12/24/2003 | 115 | Findings of Fact & Conclusions of Law signed on 12/24/2003. (related documents 85 Motion to Sell Free & Clear of Liens, ) (Beckett, C.) (Entered: 12/24/2003) |
| 12/24/2003 | 116 | Order Not Approved Motion to Sell Free & Clear of Liens (Related Doc # 85) signed on 12/24/2003. *ENTERED IN ERROR, PLEASE SEE NEXT ENTRY, DOCKET #117* (Beckett, C.) Modified on 12/24/2003 (Beckett, C.). (Entered: 12/24/2003) |
| 12/24/2003 | 117 | Order (submitted by Michael O'Halloran) Not Approved re: Motion to Sell Free & Clear of Liens (Related Doc # 85) signed on 12/24/2003. (Beckett, C.) (Entered: 12/24/2003) |
| 12/24/2003 | 118 | Order (submitted by James Hill) Not Approved re: Motion to Sell Free & Clear of Liens (Related Doc # 85) signed on 12/24/2003. (Beckett, C.) (Entered: 12/24/2003) |
| 12/24/2003 | 119 | Order (submitted by Jonathan Hayes) Not Approved re: Motion to Sell Free & Clear of Liens (Related Doc # 85) signed on 12/24/2003. (Beckett, C.) (Entered: 12/24/2003) |
| 12/24/2003 | 120 | Order Granting Motion to Sell Free & Clear of Liens (Related Doc # 85) signed on 12/24/2003. (Beckett, C.) (Entered: 12/24/2003) |
| 01/14/2004 | 121 | Minute Order. DISPOSITION(s): OFF CALENDAR. (related documents 74 Motion to Compel) (Beckett, C.) (Entered: 01/14/2004) |
| 01/21/2004 | 122 | Notice of Continuance of First Meeting of Creditors on 2/23/2004 at |

| | | |
|---|---|---|
| | | 3:00 PM at 402 W. Broadway, Sixth Floor, Suite 630 San Diego, CA 92101 (Akers, Gregory) (Entered: 01/21/2004) |
| 01/22/2004 | 123 | Request for Special Notice filed by Riverside Contracting LLC. (Beckett, C.) (Entered: 01/23/2004) |
| 02/13/2004 | 124 | Notice *of Correction of Lead Attorney Designation* filed by James P. Hill on behalf of Con-Way Air Express Inc.. (Hill, James) (Entered: 02/13/2004) |
| 02/27/2004 | 125 | Notice of Hearing and Motion re: 126 Application for administrative expenses, with Certificate of Service filed by Alan Vanderhoff on behalf of Richard M Kipperman. HEARING Scheduled for 3/26/2004 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse. Notice of Motion and Hearing Served On: 2/27/2003. Unless an Order Shortening Time has been entered, Opposition due by: 3/16/2003. (Vanderhoff, Alan) Modified on 3/1/2004 (Beckett, C.). (Entered: 02/27/2004) |
| 02/27/2004 | 126 | Application for Administrative Expenses for Richard M Kipperman, Other Professional, Period: 4/22/2003 to 12/5/2003, Fee: $ 44,873.00, Expenses: $609.55. filed by Richard M Kipperman (Vanderhoff, Alan) (Entered: 02/27/2004) |
| 02/27/2004 | 127 | Declaration *of Richard M Kipperman* re: 126 Application for administrative expenses, filed by Alan Vanderhoff of Law Offices of Alan Vanderhoff on behalf of Richard M Kipperman. (Attachments: # 1 Exhibit Receiver's Final Report) (Vanderhoff, Alan) Modified on 3/1/2004 (Beckett, C.). (Entered: 02/27/2004) |
| 03/01/2004 | 128 | Trustee's Initial Report & First Meeting Held: The trustee of this estate reports that the meeting of creditors was concluded and the trustee is investigating the existence and location of property of the estate not subject to exemptions or security interests (Akers, Gregory) (Entered: 03/01/2004) |
| 03/15/2004 | 129 | Assignment/Transfer of Claim. Re: Court Claim # 6 filed by AT&T Corp..(Beckett, C.) (Entered: 03/16/2004) |
| 03/15/2004 | 130 | Request for Notice of Assignment of Claim and Pending Subrogation and Order Thereon. Re: Court Claim # 6 (Beckett, C.) (Entered: 03/16/2004) |
| 03/16/2004 | 131 | Court Certificate of Mailing Service Date 03/18/2004. (Related Doc # 130) (Admin.) (Entered: 03/18/2004) |
| 03/26/2004 | 132 | Minute Order. DISPOSITION(s): FEES ALLOWED AS PRAYED |

| | | |
|---|---|---|
| | | FOR; ORDER/KIPPERMAN. (related documents 126 Application for Administrative Expenses) (Beckett, C.) (Entered: 03/26/2004) |
| 07/16/2004 | 133 | *First and Final* Application for Compensation & Reimbursement of Expenses *to Pyle Sims Duncan & Stevenson, Attorneys for Trustee with Certificate of Service* for Susan C. Stevenson, Trustee's Attorney, Period: 10/1/2003 to 7/15/2004, Fee: $ 35,644.50, Expenses: $776.91. filed by Susan C. Stevenson (Stevenson, Susan) (Entered: 07/16/2004) |
| 07/16/2004 | 134 | Notice of Hearing and Motion with Certificate of Service filed by Susan C. Stevenson on behalf of Gregory A. Akers. HEARING Scheduled for 8/13/2004 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse. Notice of Motion and Hearing Served On: 7/16/2004. Unless an Order Shortening Time has been entered, Opposition due by: 8/2/2004. (related documents 133 Application for Compensation & Reimbursement of Expenses, ) (Stevenson, Susan) (Entered: 07/16/2004) |
| 07/23/2004 | 135 | Declaration *of Trustee Pursuant to United States Trustee Guidelines for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 with Certificate of Service* (related documents 133 Application for Compensation & Reimbursement of Expenses, ) filed by Susan C. Stevenson on behalf of Gregory A. Akers. (Stevenson, Susan) (Entered: 07/23/2004) |
| 07/23/2004 | 136 | Notice of Hearing and Motion with Certificate of Service *re: Motion for Order Compelling Turnover of Documents, Financial Information and Other Estate Property* filed by Michael T. O'Halloran on behalf of Alan Stanly. HEARING Scheduled for 8/20/2004 at 10:30 AM at Courtroom 1, Room 218, Weinberger Courthouse. Notice of Motion and Hearing Served On: 7/23/2004. Unless an Order Shortening Time has been entered, Opposition due by: 8/9/2004. (O'Halloran, Michael) (Entered: 07/23/2004) |
| 07/23/2004 | 137 | Motion for Turnover *of Documents, Financial Information and Other Estate Property* filed by Michael T. O'Halloran on behalf of Alan Stanly (related documents 136 Notice of Hearing and Motion, ) (O'Halloran, Michael) (Entered: 07/23/2004) |
| 07/23/2004 | 138 | Declaration *of Gregory Akers* in Support *of Motion for Order Compelling Turnover of Documents, Financial Information and Other Estate Property* (related documents 136 Notice of Hearing and Motion,, 137 Motion for Turnover) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 07/23/2004) |
| 07/26/2004 | 139 | Order Granting Application for Administrative Expenses (Related Doc # 126)for Richard M Kipperman, Fees awarded: $44873., |

| | | |
|---|---|---|
| | | Expenses awarded: $609.55 signed on 7/26/2004. (Beckett, C.) (Entered: 07/26/2004) |
| 07/26/2004 | 140 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 139 Order re: Application for Administrative Expenses) (Beckett, C.) (Entered: 07/26/2004) |
| 07/28/2004 | 141 | Declaration *of Alan Stanly* in Support *of Motion for Order Compelling Turnover of Documents, Financial Information and Other Estate Property* (related documents 136 Notice of Hearing and Motion,, 137 Motion for Turnover) filed by Michael T. O'Halloran on behalf of Alan Stanly. (O'Halloran, Michael) (Entered: 07/28/2004) |
| 07/29/2004 | 142 | Opposition (related documents 133 Application for Compensation & Reimbursement of Expenses, ) filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (Beckett, C.) (Entered: 07/29/2004) |
| 08/12/2004 | 143 | Application for Compensation & Reimbursement of Expenses for Jeffrey S. Shinbrot, Creditor's Attorney, Period: 8/22/2003 to 8/10/2004, Fee: $ 14606.25, Expenses: $1119.98. filed by Jeffrey S. Shinbrot (Attachments: # 1 Certificate of Service) (Hale, D.) (Entered: 08/12/2004) |
| 08/12/2004 | 144 | Notice of Hearing and Motion with Certificate of Service filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. HEARING Scheduled for 9/17/2004 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse. Notice of Motion and Hearing Served On: 8/12/2004. Unless an Order Shortening Time has been entered, Opposition due by: 8/30/2004. (related documents 143 Application for Compensation & Reimbursement of Expenses, ) (Hale, D.) (Entered: 08/12/2004) |
| 08/13/2004 | 146 | Minute Order. DISPOSITION(s): Fees allowed as prayed for; order to be prepared by Stevenson. Contested.. (related documents 133 Application for Compensation & Reimbursement of Expenses, ) (Hale, D.) (Entered: 08/16/2004) |
| 08/16/2004 | 145 | Notice of Lodgment of Order *Approving Final Application of Pyle Sims Duncan & Stevenson, Attorneys for the Trustee, for Compensation and Reimbursement of Expenses* with Service filed by Susan C. Stevenson on behalf of Gregory A. Akers. (related documents 133 Application for Compensation & Reimbursement of Expenses, ) (Stevenson, Susan) (Entered: 08/16/2004) |
| | | |

| | | |
|---|---|---|
| 08/17/2004 | <u>147</u> | Ex Parte Application for FRBP 2004 Examination filed by Michael T. O'Halloran on behalf of Alan Stanly (Hale, D.) (Entered: 08/17/2004) |
| 08/19/2004 | <u>148</u> | Order Granting Ex Parte Application for FRBP 2004 Examination (Related Doc # <u>147</u>) signed on 8/19/2004. (Hale, D.) (Entered: 08/20/2004) |
| 08/20/2004 | <u>149</u> | Minute Order. DISPOSITION(s): Hearing continued to 9/2/04 @ 10 AM. HEARING Scheduled for 9/2/2004 at 10:00 AM at Courtroom 1, Room 218, Weinberger Courthouse (related documents <u>136</u> Notice of Hearing and Motion,, <u>137</u> Motion for Turnover) (Hale, D.) (Entered: 08/24/2004) |
| 08/25/2004 | <u>150</u> | Order Approving Application for Compensation & Reimbursement of Expenses (Related Doc # <u>133</u>)Approving for Susan C. Stevenson signed on 8/25/2004. (Hale, D.) (Entered: 08/25/2004) |
| 08/25/2004 | 151 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents <u>150</u> Order re: Application for Compensation & Reimbursement of Expenses) (Hale, D.) (Entered: 08/25/2004) |
| 08/25/2004 | <u>152</u> | Notice of Entry of Judgment or Order (related documents <u>150</u> Order re: Application for Compensation & Reimbursement of Expenses) (Hale, D.) (Entered: 08/25/2004) |
| 09/01/2004 | <u>153</u> | Withdrawal of Document *re: Motion for Order Compelling Turnover of Documents, Financial Information and Other Estate Property* filed by Michael T. O'Halloran on behalf of Alan Stanly. (related documents <u>136</u> Notice of Hearing and Motion,, <u>137</u> Motion for Turnover) (O'Halloran, Michael) (Entered: 09/01/2004) |
| 09/17/2004 | <u>154</u> | Minute Order. DISPOSITION(s): FEES ALLOWED AS PRAYED FOR ; ORDER/SHINBROT. (related documents <u>143</u> Application for Compensation & Reimbursement of Expenses, ) (Beckett, C.) (Entered: 09/17/2004) |
| 09/21/2004 | <u>155</u> | Notice of Lodgment of Order with Service filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (related documents <u>143</u> Application for Compensation & Reimbursement of Expenses, ) (Beckett, C.) (Entered: 09/21/2004) |
| 09/29/2004 | <u>156</u> | Order Granting Application for Compensation & Reimbursement of |

|  |  | Expenses (Related Doc # 143)for Jeffrey S. Shinbrot, Fees awarded: $14606.25, Expenses awarded: $1119.98 signed on 9/29/2004. (Beckett, C.) (Entered: 09/29/2004) |
| --- | --- | --- |
| 09/29/2004 | 157 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 156 Order re: Application for Compensation & Reimbursement of Expenses) (Beckett, C.) (Entered: 09/29/2004) |
| 09/29/2004 | 158 | Notice of Entry of *order* filed by Jeffrey S. Shinbrot on behalf of James Bears, Crown Hill Consulting Inc., EvidentData Inc.. (related documents 156 Order re: Application for Compensation & Reimbursement of Expenses) (Beckett, C.) (Entered: 09/29/2004) |
| 10/07/2004 | 159 | Notice of Proposed Abandonment of Property filed by Gregory A. Akers on behalf of Gregory A. Akers. Date of Notice 10/7/2004 Request for Hearing & Opposition due by: 11/12/2004 (Akers, Gregory) (Entered: 10/07/2004) |
| 10/07/2004 | 160 | Court Certificate of Mailing (related documents 159 Notice of Proposed Abandonment of Property) Service Date 10/09/2004. (Admin.) (Entered: 10/09/2004) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 08/04/2005 18:17:40 | | | |
| **PACER Login:** | rk0009 | **Client Code:** | 5311.01 |
| **Description:** | Docket Report | **Search Criteria:** | 03-07777-JM Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

EXHIBIT 2

**ORIGINAL**

```
 1  Michael T. O'Halloran CLS-B (#99085)
    Cheryl L. Stengel (#179460)
 2  LAW OFFICE OF MICHAEL T. O'HALLORAN
    1010 Second Avenue, Suite 1727
 3  San Diego, CA  92101
    Telephone:  (619) 233-1727
 4  Facsimile:  (619) 233-
 5  Counsel for Alan Stanly
 6
 7
 8
 9  In re
10
    PRISM ADVANCED
11  TECHNOLOGIES, INC.
12
                 Debtor
13
14
15
```

FILED / ENTERED / LODGED / RECEIVED  DEC 12 2003  CLERK, U.S. BANKRUPTCY COURT SOUTHERN DISTRICT OF CALIFORNIA  BY AC DEPUTY

ENTERED FILED  DEC 24 2003  CLERK, U.S. BANKRUPTCY COURT SOUTHERN DISTRICT OF CALIFORNIA  BY DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

Case No. 03-07777-M7

FINDINGS OF FACT AND
CONCLUSIONS OF LAW RE:
TRUSTEE'S MOTION TO SELL
PERSONAL PROPERTY

16   On December 1, 2003, a hearing was held on the Trustee's
17 Motion To Sell Personal Property Free and Clear of Liens (the
18 "Motion").  The Honorable James W. Meyers, United States
19 Bankruptcy Judge, presided. Susan Stevenson, Esq. appeared for
20 Gregory Akers, Chapter 7 trustee.  Michael T. O'Halloran, Esq.
21 appeared for Alan Stanly.  James Hill, Esq. appeared for Con-Way
22 Air Express, Inc.  James Bears appeared in pro per.  Victor
23 Vilaplana, Esq. appeared for Priority Air Express, Inc.  M.
24 Jonathan Hayes, Esq. appeared for Francis Lopez and Thomas
25 Gorrill, Esq. appeared for Francis Lopez.  Jeffrey Isaacs, Esq.

```
26  In re PRISM ADVANCED TECHNOLOGIES, INC.
27  Case No. 03-07777-M7
    FINDINGS OF FACT AND CONCLUSIONS OF LAW
28  RE: TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY
```

-1-

1  appeared for Union Bank.  No other appearances were made.

2      The court considered the arguments of counsel and all

3  pleadings on file in this matter.  Based on good cause appearing

4  therein and on the stipulations of counsel entered on the record

5  and reflected herein, the court makes the following findings of

6  fact and conclusions of law:

7      1.    Notice of the hearing on the Motion and service of the

8            notice of the hearing on the Motion were appropriate

9            under the circumstances.

10     2.    Judicial notice was taken by the court of the pleadings

11           on file in this case as requested by Alan Stanly.

12     3.    The procedures for overbidding the initial offer made

13           by Alan Stanly were appropriate, given the relief from

14           stay previously granted to Union Bank.

15     4.    The trustee appropriately exercised his discretion and

16           business judgment in entering into the sale on the

17           terms contained in the  Purchase Agreement with Alan

18           Stanly which is attached hereto as Exhibit A.  All the

19           terms and conditions of the sale, including the

20           releases, are reasonable under the circumstances.

21     5.    The sale was in the best interest of creditors and the

22           estate, as established by the evidence in the record.

23           Funds were generated for the estate which otherwise

24           could have been seized by Union Bank pursuant to the

25           rights given to it under its lien.  Further, no

26

27  In re PRISM ADVANCED TECHNOLOGIES, INC.
    Case No. 03-07777-M7
28  FINDINGS OF FACT AND CONCLUSIONS OF LAW
    RE: TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY

-2-

1    objection to the sale price was made.

6. No overbid was made for the assets being sold by the trustee. Alan Stanly was the sole and successful bidder for the assets.

7. The following assets are not being conveyed to Alan Stanly or his assignee pursuant to this sale:

   a. Claims and causes of action set forth at 11 U.S.C. Sections 542, 543, 544, 545, 547, 548 and 550 except that Alan Stanly is acquiring all 11 U.S.C. Sections 542, 543, 544, 545, 546, 547, 548, and 550 claims against Alan Stanly, Stanly's family, affiliates, agents and attorneys;

   b. Cash and depository accounts of Prism;

   c. 50% of any tax refund owing to Prism; and

   d. Any claims of the estate or Prism against Union Bank.

8. The reference to James Bears in the Purchase Agreement shall be removed based on the representation of James Bears in open court that he possesses no license or permission to use any of the estate's or Prism's assets *from the Chapter 7 TRUSTEE*.

9. The sale is free and clear of all liens, claim and interests of any party, except the interests of Francis Lopez, if any, and those of Priority Air Express, Inc. and Con-Way Air Express, Inc. The sale is "as is"

In re PRISM ADVANCED TECHNOLOGIES, INC.
Case No. 03-07777-M7
FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE: TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY

-3-

1　　　　　concerning the interests of Francis Lopez, Priority Air

2　　　　　Express, Inc. and Con-Way Air Express, Inc. ~~The~~

3　　　　　~~interests of Francis Lopez are disputed~~.

4　　10.　No party objected to a sale free and clear of its claim

5　　　　　or interest except for Priority Air Express, Inc., Con-

6　　　　　Way Air Express, Inc. and Francis Lopez.  All other

7　　　　　creditors which received notice of the hearing on the

8　　　　　Motion are deemed to have consented to the sale.

9　　11.　Union Bank has consented to the sale free and clear of

10　　　　　its lien.

11　　12.　Alan Stanly is a good faith buyer pursuant to 11 U.S.C.

12　　　　　Section 363(m).  He is paying more for the assets being

13　　　　　sold than the state court receiver was able to obtain

14　　　　　after his marketing effort.  It appears that reasonable

15　　　　　value is being paid for the assets.  Stanly's offer was

16　　　　　subject to reasonable overbid terms.  He obtained the

17　　　　　consent of Union Bank to the sale, without which the

18　　　　　sale could not have occurred.  He paid the $35,000 due

19　　　　　from him under the Purchase Agreement to the trustee in

20　　　　　a timely manner.  No evidence of fraud, collusion or

21　　　　　unfair actions of any type was placed into evidence.

22　　　　　The trustee supports the finding that Alan Stanly was a

23　　　　　good faith purchaser.

24　　13.　The finding of good faith was a condition of the sale

25　　　　　and this finding was requested by the trustee and Alan

26

27 In re PRISM ADVANCED TECHNOLOGIES, INC.
Case No. 03-07777-M7

28 FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE: TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY

-4-

1  Stanly.  No party opposed the requested good faith
2  finding.

3  14.  No stay of execution of the order approving the sale
4       shall exist, given the demand of Union Bank to be paid
5       as soon as possible as part of its consent to the sale.

6  15.  Union Bank had the right to refuse to consent to the
7       sale pursuant to 11 U.S.C. Section 363(f) in that the
8       sale was for an amount less than the full amount of the
9       lien of Union Bank.  Hence, it was not an unfair term
10      of the sale for the bank to be able to reject an
11      overbid which did not pay it in full as required by 11
12      U.S.C. Section 363(f).

13 16.  ~~In conjunction with obtaining concessions in his favor~~
14      ~~at the sale hearing,~~ Francis Lopez offered through his
15      counsel in open court to provide the trustee with
16      access to any location controlled by him in which
17      assets of Prism or this bankruptcy estate are located
18      and to allow the trustee to inventory and take
19      possession of such assets.  He also agreed through
20      counsel to turnover any property of the bankruptcy
21      estate or Prism in his possession or under his control
22      to the trustee forthwith.

23 17.  ~~Alan Stanly shall deliver all Con-Way Air Express/~~
24      ~~source code now in his possession or control or that is~~
25      ~~acquired by him pursuant to the sale order to Con-Way~~
26

27 In re PRISM ADVANCED TECHNOLOGIES, INC.
   Case No. 03-07777-M7
28 FINDINGS OF FACT AND CONCLUSIONS OF LAW
   RE: TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY

-5-

1   ~~Air Express pursuant to the terms of the Con-Way Air~~

2   ~~Express agreement with Prism~~.

3

4

5   Dated:  **DEC 2 4 2003**

                        _____
6                       JUDGE, UNITED STATES BANKRUPTCY COURT

7

8   Signature by the attorney constitutes a certification under Fed.
    R. Bankr. P. 9011 that the relief provided by the order is the
9   relief granted by the court.

10

11  Submitted by:

12  LAW OFFICE OF MICHAEL T. O'HALLORAN

13

14  By: _____

15      Michael T. O'Halloran
        Counsel for Alan Stanly

16

17

18

19

20

21

22

23

24

25

26  In re PRISM ADVANCED TECHNOLOGIES, INC.
27  Case No. 03-07777-M7
    FINDINGS OF FACT AND CONCLUSIONS OF LAW
28  RE: TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY

                        -6-

# Exhibit A

## PURCHASE AGREEMENT AND RELEASE

THIS PURCHASE AGREEMENT AND RELEASE (the "Agreement") is entered by and between Gregory Akers ("Seller") as and on behalf of the Chapter 7 bankruptcy trustee of the estate (the "Estate") of Prism Advanced Technologies, Inc., and Alan Stanly ("Stanly") or Stanly's assignee ("Buyer"), and Union Bank of California ("Bank") with reference to the following facts:

A.    On September 18, 2003, (the "Filing Date"), an order for relief was entered against Prism Advanced Technology, Inc. ("Prism") under Chapter 7 of Title 11, United States Code, in the United States Bankruptcy Court, Southern District of California ("Court"), Case No. 03-07777-M7.

B.    Seller is the duly appointed and acting Chapter 7 Trustee of Prism.

C.    Bank holds a duly perfected security interest in all the assets of Prism and is owed approximately $350,000.

D.    For the consideration and on the terms set forth herein, Seller desires to sell to Buyer all the non-cash assets (including accounts receivable) of the Estate except the claims and causes of action set forth at 11 U.S.C. Sections 542, 543, 544, 545, 547, 548 and 550, but including any 11 U.S.C. Sections 542, 543, 544, 546, 547, 548, and 550 claims against Buyer and except one-half of any tax refund to which Prism is entitled and to release and assign to Stanly and Stanly's family, affiliates, agents and attorneys from any and all claims, all rights, interests, causes of action, rights of rescission, costs, expenses and attorney's fees whether or not contingent, unliquidated or unmatured, known or unknown as  against Stanly and Stanly's family, affiliates, agents and attorneys.  In addition, Seller shall release and assign to Bank any and all claims owned by Prism or the Estate against Bank in exchange for Bank's agreement to release its lien on Prism's assets, including the Assets (as defined below) being transferred hereunder to Buyer on the conditions set forth in this Agreement.

E.    The assets being sold hereunder are all the tangible and intangible assets of Prism. This includes all the software and intellectual property owned by Prism, including but not limited to copyrights, trademarks, patents, ideas, trade secrets and trade dress rights, whether registered or unregistered, filed or unfiled, tangible or intangible, furniture and equipment, contract rights with Prism's customers, accounts receivable and customer lists, except the claims and causes of action set forth at 11 U.S.C. Sections 542, 543, 544, 545, 547, 548 and 550, but including any 11 U.S.C. Sections 542, 543, 544, 546, 547, 548, and 550 claims against Buyer and except one-half of any tax refund to which Prism is entitled (the "Assets").

F.    The sale is to be free and clear of all liens and encumbrances.  It is subject to the approval of the Court. A condition of the sale is that Buyer be found by the Court to be a good faith purchaser of the Assets under 11 U.S.C. Section 363(m).  It shall be Seller's responsibility to obtain an order of the Court with these terms.

G.    Buyer has agreed to pay the following sums in full performance of the payment terms of this Agreement:

1.    $205,000 to Bank directly.
2.    $35,000 to Seller.

Further, Buyer will agree not to file a claim for any money owing to him by Prism or the Estate. Buyer estimates that these claims exceed $200,000.

Buyer has agreed to pay the estate's $35,000 share of the sales price to the Trustee by cashier's check by 5:00 p.m. on November 28, 2003. This payment will not be refunded in the event that Buyer is the successful bidder and the sale is approved, but Buyer fails to complete his performance hereunder.

H.    Seller and Buyer have agreed that Seller, on behalf of the Estate, shall release all claims against Stanly and Stanly's family, affiliates, agents and attorneys as part of this Agreement, including any preference claims that it may have. Seller has investigated the claims against Bank and Stanly arising under the Bankruptcy Code and prepetition activities. Seller believes that these claims are appropriately resolved under the terms of this Agreement, given the consideration being offered by Buyer and the waiver of rights by the Bank reflected in 11 U.S.C. Section 363(f) and defenses to claims asserted by Stanly and Bank. Stanly asserts that he has conferred a substantial benefit upon the Estate by: (1) obtaining Bank's cooperation in the proposed sale hereunder by not foreclosing under its security agreement prior to the December 1, 2003 hearing on the proposed sale and to release its lien against Prism's assets, including the Assets which are the subject of this Agreement as provided in this Agreement; (2) assisting the Trustee; and (3) making a substantial offer to the Estate for the Assets subject to an overbid procedure, thereby potentially bringing in more money to the Estate.

I.    Buyer agrees to provide to Priority Air Express and Con-Way Freight the source code belonging to each and to remove from all the Assets he receives all proprietary information given by them to Prism should they so request upon completion of the sale of Assets to Buyer. This obligation only arises if this Agreement is approved by the Court in a final order.

**NOW, THEREFORE,** upon the terms and subject to the conditions herein stated, and in reliance upon the recitals herein, and for good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1.    <u>Assets Being Purchased.</u>

On the Closing Date, and subject to the terms and conditions herein contained, Seller shall transfer, assign, convey and deliver to Buyer, and Buyer shall purchase all the assets of Prism, except as specifically listed below. This shall include assets defined in the broadest possible manner, including but not limited to that contained in 11 U.S.C. Section 541(a). This shall include, but is not limited to, the following assets:

-2-

(a)    All contracts with clients and customer lists.

(b)    The furniture, computers and related equipment, and all other tangible personal property.

(c)    All customer lists, books, files, lists of advertisers, web site responses and inquiries, vendors and suppliers, computer and electronic data processing material, correspondence and other business records pertaining to the operation of Prism.

(d)    All software and intellectual property owned by Prism. All derivative works from Prism's source code. All of Prism's intellectual property rights including, without limitation: (a) all of Prism's rights in any of its (i) patents, patent applications, patent disclosures and all related continuation, continuation-in-part, divisional, reissue, reexamination, utility, model, certificate of invention and design patents, patent applications, registrations and applications for registrations, (ii) trademarks, service marks, trade dress, logos, trade names and corporate names and registrations and applications for registration thereof, (iii) copyrights and registrations and applications for registration thereof, (iv) mask works and registrations and applications for registration thereof, (v) computer software, data and documentation, (vi) trade secrets and confidential business information, whether patentable or unpatentable and whether or not reduced to practice, know-how, manufacturing and production processes and techniques, research and development information, copyrightable works, financial, marketing and business data, pricing and cost information, business and marketing plans and customer and supplier lists and information, (vii) other proprietary rights relating to any of the foregoing and (viii) copies and tangible embodiments thereof; (ix) rights, if any, of computer software programs and systems and documentation relating to the foregoing or used or useable in the Business; and (x) other proprietary information owned, controlled, created or used or useable by or on behalf of Seller in connection with the conduct of the Business in which Seller has any interest whatsoever, whether or not registered, including rights or obligations under any license agreement with any other person.

(e)    All sales leads, including prospect databases, prospect lists and related contact information, including email addresses.

(f)    All claims, rights, and causes of action against any party in favor of Prism existing at the time of the Closing of the sale, whether or not the right has matured, ripened or is inchoate including, without limitation, fraud and fraudulent transfer claims Seller could exercise under 11 U.S.C. Section 544 which Prism could exercise in the absence of a bankruptcy filing, but excluding the claims and causes of action set forth at 11 U.S.C. Sections 542, 543, 544, 545, 547, 548 and 550, but including any 11 U.S.C. Sections 542, 543, 544, 546, 547, 548, and 550 claims against Buyer

Seller shall make his best efforts to deliver the Assets to Buyer.

100004.010757/436046.02

Any license or permission given by the Seller to any party, including Francis Lopez, Tawnya Smothermon, Jim Bears, Martin Hudacko, and any of their affiliates or attorneys to use any of the estate's Assets shall be revoked and shall be null and void and no longer effective upon the approval of this sale, or execution of this agreement.

The purchase of Assets does not include cash and depository accounts, but shall include any and all of Prism's accounts receivable. The cash and depository accounts shall remain property of the bankruptcy estate. Further, Seller shall retain 50% of any tax refund owing to Prism and all avoidance rights not assigned or released herein described in 11 U.S.C. Sections 544, 545, 546, 547, 548 and 549. The purchase of Assets shall also not include the Released Claim against the Bank which are released and assigned to the Bank pursuant to paragraph 10.b of the Agreement.

Buyer is not assuming any liabilities of Prism under this Agreement.

2.      Closing Date.

The Closing Date of this sale is agreed to be the date the bankruptcy court order approving the sale becomes a final order as defined in paragraph 6, below, or earlier, in the sole discretion of Buyer. In the event the Closing Date occurs more than 30 days from the date of the execution of this Agreement by Buyer, Buyer shall have the exclusive right to cancel the sale in his discretion at any time thereafter.

3.      Free and Clear of Liens.

Subject to the provisions of paragraph 10 below, Seller and Bank agree that the Assets shall be conveyed free and clear of liens and interests on the Closing Date pursuant to the express order of the Court approving this Agreement.

4.      Purchase Price.

The purchase price for the Assets shall be:

a.      Not less than $205,000 paid to Union Bank directly from Buyer.
b.      Not less than $35,000 paid to Seller.

5.      Best Efforts

Seller and Buyer shall use their respective best efforts to consummate the transaction contemplated herein and shall not voluntarily take any course of action inconsistent with the consummation of these transactions, except as provided herein. Seller shall use his best efforts to procure the consent of the Court to the sale of the Assets to Buyer hereunder. In the event an overbid or alternate bid is submitted for the Assets, or any of them, Seller agrees to demand that the overbid be at least $260,000 in cash.

-4-

6.    Approval of the Court

The approval of the transactions contemplated in this Agreement shall be evidenced by entry of an order of the bankruptcy court approving this Agreement in its entirety and without modification (unless such modification is approved by Buyer, Seller and Bank in writing) and directing and authorizing the sale of the Assets free and clear of all liens and interests (the "Order"). A condition of the sale is that the court shall expressly find that Buyer is a good faith buyer as provided in 11 U.S.C. Section 363(m).

7.    Appeal

The duty to defend a sale to Buyer based on this Agreement shall be shared equally by Buyer and Seller. Seller shall not be entitled to collect the sales consideration and not defend this sale on appeal. In the event an appeal is filed of an order approving a sale to Buyer, whether under this Agreement or as a bidder in a sale based on this Agreement, Seller agrees that Seller shall file a joinder of the appeal if Buyer opposes the appeal.

8.    Overbid

In the event that the Assets or any part of them are sold pursuant to court order to any party other than Buyer, Buyer and Seller agree that:

a.    Seller shall have no liability of any kind to Buyer based on the failure of the bankruptcy court to approve this Agreement. Buyer shall be entitled to file a claim against the Estate.

b.    Any sums paid by Buyer to Seller shall be refunded to Buyer

Buyer shall receive $12,000 from the initial overbid to compensate him for his costs and expenses in pursuing the purchase of the Assets.

c.    All sums on deposit from Buyer shall be returned to Buyer immediately at the end of the hearing on the sale if Buyer is not the successful bidder..

d.    In the event of an overbid or alternate bid, Seller shall require bidder to deposit no less than $260,000 in cash or cashier's checks payable to Seller by 5:00 p.m. on November 28, 2003 in order to qualify to bid.

In the event of an overbid which results in a sale to other than the Buyer, the first $20,000 overbid increment shall be divided $12,000 to Buyer as provided in paragraph "c" above, with the balance of $8,000 to be divided 75% to the Bank and 25% to the Estate. In the event of an overbid which results in a sale to the Buyer, the entirely of the first $20,000 overbid increment shall be divided 75% to the Bank and 25% to the Estates. Any subsequent

-5-

overbids in excess of $260,000 shall be divided between the Bank and the Estate in the same ration, to wit, 75% to the Bank and 25% to the Estate

e.    In the event of a sale to anyone other than Buyer, all claims, contract rights and causes of action, whether based on the Bankruptcy Code or state law or otherwise, including all such claims against Alan Stanly, Stanly's family, agents, affiliates and attorneys shall remain property of the Estate except as released herein.

f.    Any overbid after the minimum $260,000 overbid shall be in increments of at least $10,000.

g.    Seller will advise any overbidder that the Assets are sold "as is, where is" and that there are competing claims of ownership as to certain intellectual property assets. To qualify to bid, any overbidder must confirm in a writing given to Seller that the Seller made this disclosure.

9.    <u>Release of Stanly by Seller.</u>

Except as otherwise set forth in this Agreement, upon the Closing Date of a sale to Buyer Seller on behalf of the Estate fully, absolutely and forever releases and discharges Stanly and Stanly's family, affiliates, agents and attorneys from and any and all manner of claims, all rights, interests, causes of action, rights of rescission, costs, expenses and attorney's fees whether or not contingent, unliquidated or unmatured, whether now known or unknown and whether suspected or unsuspected, anticipated and unanticipated, and whether or not concealed or hidden, which now exist or heretofore have existed prior to the Closing Date.

Seller hereby expressly waives any and all rights and benefits conferred upon Seller, the Estate or Prism against Stanly and Stanly's family, affiliates, agents and attorneys by the provisions of Section 1542 of the California Civil Code which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Seller has read the foregoing releases of Stanly and Stanly's family, affiliates, agents and attorneys and recognizes and understand that the same applies to and covers all claims heretofore and hereinafter arising, whether or not known or suspected to exist at the present time.

In the event Buyer is the high bidder, Buyer will not file any claim against the Estate.

10.    <u>Conditions Upon Which Bank Shall Release its Lien and Release of Bank by Estate.</u>

-6-

100004.010757/436046.02

a.    <u>Release of Lien by Bank</u>

Bank shall release its lien against all of Prism's Assets, including the Assets which are the subject of the sale provided that all of the following occur:

(1)    "The Bank receive on or before December 15, 2003 the sum of not less than $205,000 together with 75% of any overbid in excess of $240,000 or $252,000 as is appropriate under paragraph 8..g. of this Agreement."

(2)    The Bank is released from all claims against it owned by the Trustee, Prism or the Estate as more particularly set forth in paragraph "b" below.

(3)    The Bank may but shall not be required to accept a sum less than the full amount of its claim in the event that the ultimate buyer of the Assets is an individual other than Buyer.

b.    <u>Release of Bank by Seller and Assignment of Released Claims.</u>

Other than as expressly set forth in this Agreement, Seller, on behalf of the Estate and Prism and conditioned upon the closing of the sale of the Assets in strict accordance with the terms and provisions of this Agreement hereby releases the Bank together with the Bank's employees, agents, attorneys, representatives, successors and assigns from any and all rights, claims, interests, causes of action, rights of rescission, costs, expenses and attorney's fees whether or not contingent, unliquidated or unmatured, known or unknown as between Seller, the Estate and/or Prism, on the one hand, and the Bank, on the other hand, relating to or arising from the loan transaction upon which the Bank's claim is based or the Bank's relationship with Prism or any of Prism's employees, agents or representatives relating to or arising from such loan transaction (the "Released Claims"). In connection with the foregoing, the Trustee on behalf of Prism and the Estate hereby assigns to Bank all of such Released Claims in their entirety so that upon the close of the sale of the Assets to the extent such claims still exist, the Bank shall be the sole and exclusive owner of such Released Claims.

As to Bank, Seller hereby expressly waives any and all rights and benefits conferred upon Seller, the Estate or Prism by the provisions of Section 1542 of the California Civil Code which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

- 7 -

Seller has read the foregoing releases of Bank and recognizes and understands that the same applies to and covers all claims heretofore and hereinafter arising, whether or not known or suspected to exist at the present time.

12.  Governing Law; Jurisdiction; Successors and Assigns; Counterparts: Entire Agreement

This Agreement:

a.  shall be construed under and in accordance with the laws of the State of California;

b.  shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns. This Agreement and its terms are not transferable except to an assignee of Stanly.. The stipulation by the Bank herein to release its lien as part of this Agreement does not apply to any other sale or asset transfer unless agreed to by the Bank. Bank reserves its ability to assert all its 11 U.S.C. Section 363(f) rights as to any other transfer;

c.  may be executed in one or more counterparts, all of which shall be considered one and the same Agreement, and shall become effective when one or more counterparts shall have been signed by each of the parties and delivered to Bank, Seller and Buyer;

d.  embodies the entire agreement and understanding, and supersedes all prior agreements and understandings, between the parties relating to the subject matter hereof;

e.  may only be amended in writing signed by all the parties hereto.

f.  Buyer and Seller and Bank agree that any action to interpret or enforce the terms of this Agreement may be brought only in the United States Bankruptcy Court, Southern District of California.

13.  Notices

Any notice or other communications required or permitted hereunder shall be sufficiently given if sent by certified or registered mail, postage prepaid, addressed as follows:

To Buyer:            Alan Stanly
                     1569 Berkshire Ct.
                     San Marcos, CA 92069

With A Copy to:      Michael T. O'Halloran, Esq.
                     1010 Second Avenue, #1727
                     San Diego, CA 92101

100004.010757/436046.02

And to

Timothy Dillon, Esq.
Weintraub Dillon PC
12520 High Bluff Drive, Suite 260
San Diego, CA 92130

To Seller:          Gregory Akers
                    10731 Treena St. #209
                    San Diego, CA 92131

With A Copy to:     Susan Stevenson, Esq.
                    Pyle, Sims, Duncan & Stevenson
                    401 B Street, #1500
                    San Diego, CA 92101

To Bank:            Mr. Adam Karrer
                    Assistant Vice President
                    Union Bank of California
                    445 South Figueroa Street
                    Los Angeles, California 90071

With A Copy to:     Jeffrey Isaacs, Esq.
                    Procopio, Cory, Hargreaves & Savitch
                    530 B Street, Suite 2100
                    San Diego, CA 92101

or such other addresses as shall be furnished in writing by either party to the other party. Any such notice or communication shall be deemed to have been given as of three business days after the date so mailed.

14.    Severability

        If any provision of this Agreement shall be invalid or unenforceable, the other provisions of this Agreement shall continue in full force, and the validity and enforceability thereof shall not be adversely affected.

15.    Time of Essence

        TIME IS OF THE ESSENCE as to each and every provision of this Agreement. the bankruptcy court has shortened time to 10 calendar days for notice of the December 1, 2003 hearing on the motion to approve the Agreement.

- 9 -

100004.010757/436046.02

16.    <u>Construction</u>

The parties agree that each party and its counsel have reviewed and revised this Agreement and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement or any amendments or exhibits hereto.

17.    <u>Representative Capacity</u>

Seller is signing this Agreement solely in his capacity as the bankruptcy trustee for Prism. He shall not have any personal or individual liability arising out of this Agreement or the transaction contemplated hereby except for willful misconduct.

**IN WITNESS WHEREOF**, Seller and Buyer and Bank have each caused this Agreement to be executed on their respective behalf as of the day and year noted below.


Dated: _____, 2003                    _____
                                        GREGORY AKERS
                                        CHAPTER 7 BANKRUPTCY TRUSTEE


Dated: _____, 2003                    _____
                                        ALAN STANLY


Dated: _____, 2003                    UNION BANK OF CALIFORNIA


                                        _____
                                        By: Adam Karrer Title: Assistant Vice President


-10-

EXHIBIT 3

## MINUTES OF THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE:
PRISM ADVANCED TECHNOLOGIES, INC.

BANKRUPTCY NO:   03-07777-MINV7   R/S No. GPK-1

DATE:   OCTOBER 17, 2003

TIME:   10:0 a.m.

**APPEARANCES:**

PRESIDING BANKRUPTCY JUDGE:

Honorable James W. Meyers

For Debtor: [ ] Debtor   [ ] Joint Debtor   *STANLEY*
[ ✓ ] Michael O'Halloran _____ , Atty for Debtor(s)
[ ✓ ] Greg Akers _____ , Trustee
[ ✓ ] Susan Stevenson _____ , Atty for Trustee      Reporter: Federal Court Reporters
[ ] _____ , Atty for U.S. Trustee
[ ✓ ] Gerald P. Kennedy _____ , Atty for UNION BANK OF CALIFORNIA, Movant
[ ✓ ] Todd Curry _____ , Atty for CON-WAY AIR EXPRESS, Respondent
[ ] _____ , Atty for _____
[ ✓ ] Tom Gorrill _____ , Atty for LOPEZ
[ ] _____ , Atty for _____
[ ] _____ , Atty for _____
[ ]   If applicable, additional appearances noted on reverse side

**PROCEEDING:**

UNION BANK OF CALIFORNIA'S MOTION FOR RELIEF FROM STAY

**DISPOSITION:**   [ ✓ ] Continued to *11-13-03* at *10:0 a.m. for final hearing*
[ ] Granted     [ ] Denied        [ ] Stipulation read into record
[ ] Taken under submission         [ ] Off calendar
[ ] Disclosure statement approved  [ ] Plan confirmed
[ ✓ ] Other:

*Trustee to file additional pleadings by 11/10/03; Reply by 11/12/03*

Exhibits received:  [ ] Yes        [ ] In evidence        [ ] Returned to parties

**JUDGMENT OR ORDER:**
[ ] To be prepared by Court     [ ] To be prepared by _____
[ ] Included in this Memo       [ ] Filed in Court

[ ] Contested                   _____ , Deputy Clerk

CSD 1500

CSD 1500 [08/28/98]

## MINUTES OF THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE:                                                    BANKRUPTCY NO:    03-07777-MINV7    R/S No. GPK-1
PRISM ADVANCED TECHNOLOGIES, INC.

                                                          DATE:    NOVEMBER 13, 2003

                                                          TIME:    10:0 a.m.

APPEARANCES:                                              PRESIDING BANKRUPTCY JUDGE:

For Debtor:  [ ] Debtor   [ ] Joint Debtor          _STANLEY_ Honorable James W. Meyers
[ ✓] Michael O'Halloran_____, Atty for Debtor(s)
[ ] Greg Akers_____, Trustee
[ ✓] Susan Stevenson_____, Atty for Trustee    Reporter: Federal Court Reporters
[ ] _____, Atty for U.S. Trustee
[ ✓] Gerald P. Kennedy _Jeff Ocean_____, Atty for UNION BANK OF CALIFORNIA, Movant
[ ✓] Todd Curry_____, Atty for CON-WAY AIR EXPRESS, Respondent
[ ] _____, Atty for _____
[ ✓] Tom Gorrill_____, Atty for LOPEZ
[ ✓] _Victor Vilaplana_____, Atty for _Air Express_
[ ✓] _Jim Beard_____, Atty for _____
[ ] If applicable, additional appearances noted on reverse side

## PROCEEDING:

UNION BANK OF CALIFORNIA'S MOTION FOR RELIEF FROM STAY  - FINAL HEARING

DISPOSITION:          [ ] Continued to _____ at _____.m.
[ ✓] Granted    [ ] Denied          [ ] Stipulation read into record
[ ] Taken under submission          [ ] Off calendar
[ ] Disclosure statement approved   [ ] Plan confirmed
[ ] Other:

Exhibits received:   [ ] Yes          [ ] In evidence          [ ] Returned to parties

JUDGMENT OR ORDER:
[ ] To be prepared by Court          [ ✓] To be prepared by _____
[ ] Included in this Memo            [ ] Filed in Court

[ ] Contested                        _____, Deputy Clerk

CSD 1500

## MINUTES OF THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE:
PRISM ADVANCED TECHNOLOGIES, INC.

BANKRUPTCY NO:   03-07777-MINV7

DATE:   DECEMBER 1, 2003

TIME:   2:00 p.m.

APPEARANCES:

For Debtor[ ] Debtor[ ] Joint Debtor

PRESIDING BANKRUPTCY JUDGE:

Honorable James W. Meyers

| | |
|---|---|
| [ ] _____ | , Atty for Debtor(s) |
| [✓] Greg Akers _____ | , Trustee |
| [✓] Susan Stevenson _____ | , Atty for Trustee   Reporter: Federal Court Reporters |
| [ ] _____ | , Atty for U.S. Trustee |
| [✓] Jon Debra _____ | , Atty for Movant   *pet Creditor* |
| [✓] Todd Curry  *Jim Held*  | , Atty for CON-WAY AIR EXPRESS, Respondent |
| [✓] Victor Vilaplana _____ | , Atty for PRIORITY AIR EXPRESS |
| [✓] Tom Gorrill  *John Haiga* | , Atty for LOPEZ |
| [✓] Michael O'Halloran ____ | , Atty for STANLY |
| [✓] Jeffrey Isaacs _____ | , Atty for UNION BANK |
| [ ] If applicable, additional appearances noted on reverse side | |

PROCEEDING:

1)   TRUSTEE'S MOTION TO SELL INSIDER STANLY'S PERSONAL PROPERTY

2)   PRIORITY AIR EXPRESS'S MOTION TO COMPEL TRUSTEE TO ABIDE BY THE SOURCE CODE ADDENDUM

DISPOSITION: ②  [X] Continued to  *1-14-04* _____ at *10:00 a.*m.
[ ] Granted   [ ] Denied   [ ] Stipulation read into record
[ ] Taken under submission   [ ] Off calendar
[ ] Disclosure statement approved   [ ] Plan confirmed
[ ] Other:

*① granted as modified in court*

Exhibits received:] Yes   [ ] In evidence   [ ] Returned to parties

JUDGMENT OR ORDER:
[ ] To be prepared by Court   [ ] To be prepared by _____
[ ] Included in this Memo   [ ] Filed in Court
[✓] Contested                                    *J. M. Larson* _____, Deputy Clerk

CSD 1500

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
# Minute Order

### *Hearing Information:*

|  |  |  |
|---|---|---|
| **Debtor:** | PRISM ADVANCED TECHNOLOGIES, INC. | |
| **Case Number:** | 03-07777-JM | **Chapter:** 7 |
| **Date / Time / Room:** | FRIDAY, AUGUST 13, 2004 10:00 AM   DEPARTMENT 1 | |
| **Bankruptcy Judge:** | JAMES W. MEYERS | |
| **Courtroom Clerk:** | MARCIA PEARSON | |
| **Reporter / ECR:** | DARLA KMETY | |

### *Matter:*

APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED BY ATTORNEY FOR TRUSTEE

### *Appearances:*

Susan C. Stevenson, ATTORNEY FOR Gregory A. Akers
Thomas Gorril for Bears, et al.

### *Disposition:*

Fees allowed as prayed for; order to be prepared by Stevenson.

CONTESTED