# DOCKET NUMBER 27

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED
ENTERED
LODGED
RECEIVED

NOV 2 2 2005

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

In Re:

    FRANCIS J. LOPEZ,

    Alleged Debtor

CASE NO. 05-05926-PBINV

Involuntary Chapter 7

**MOTION BY ALLEGED DEBTOR FOR AN ORDER BIFURCATING TRIAL RE INVOLUNTARY PETITION; SETTING A DEADLINE TO ADD NEW PETITIONING CREDITORS; AND REQUIRING THE POSTING OF A BOND; DECLARATION OF FRANCIS J. LOPEZ**

Date: December 19, 2005
Time: 10:00 a.m.
Ctrm: 4

TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, TO PETITIONING CREDITOR ALAN STANLY AND ALL INTERESTED PARTIES:

---

LAW OFFICES
M. Jonathan Hayes

1

Motion to Bifurcate Trial

# I.

## STATEMENT OF FACTS

Francis J. Lopez and the single petitioning creditor Alan Stanly have been involved in significant litigation against each other since before the bankruptcy filing of their entity Prism Advanced Technologies, Inc. ("Prism"). This litigation has been bitterly fought for the past two years and is now pending in Superior Court between the parties, namely <u>Lopez v Stanly</u>, Case No. GIN029692, filed on May 14, 2003, San Diego Superior Court, North County. In that matter, Mr. Lopez has alleged numerous causes of action against Mr. Stanly including invasion of privacy, breach of fiduciary duty, trespass and identity theft. Mr. Stanly filed a cross-complaint, of course. Recently, in a second case, Mr. Stanly was successful in obtaining a judgment against Mr. Lopez for approximately $50,000 relating to a guarantee both had made to Union Bank of a Prism loan. Recently, in a third case, Mr. Stanly has sued Mrs. Lopez claiming that she "removed property" causing $2,000 in storage costs. It requests $2,000 in damages and "compensatory" and punitive damages of "more than $10,000 up to $25,000." Mrs. Lopez has had to retain counsel to defend herself.

This involuntary chapter 7 petition is simply an extension of the litigation and a new strategy by Mr. Stanly to cause as much business and personal pain to Mr. Lopez as possible. On August 11, 2005, Mr. Lopez learned that two of his credit cards have been cancelled because the issuer thinks that he filed this bankruptcy himself. The long term costs in terms of increased interest on loans are obvious.

In any event, Mr. Lopez has well more than 12 creditors as Mr. Stanly knows very well. He knows this very well because he conducted a debtor's examination on Mr. Lopez in Florida on May 9, 2005. The examination transcript covers 65 pages of testimony by Mr. Lopez. Mr. Lopez was asked at length about his creditors and the numbers and total amount owed. Despite Mr. Stanly's personal participation in the examination by

1  telephone, he nevertheless stated in his declaration in this case that he was only aware that
2  the alleged debtor had three creditors, which he claimed were all in California.

3        This Involuntary Petition was filed June 30, 2005 with Mr. Stanly as the only
4  petitioning creditor. The Answer specifically identified 22 creditors. That list is attached
5  hereto as Exhibit A. On or about October 3, 2005, Mr. Stanly served 12 of the creditors
6  with a subpoena seeking documents on November 1, 2005. At the Status Conference on
7  October 12, 2005, Stanly's counsel advised the court that discovery was sitting on his desk
8  to be served that week. As of November 16, 2005, no such discovery has been served and
9  in fact nothing at all has taken place.

10       No new creditors have joined as petitioning creditors. Therefore this case will be
11 dismissed at trial which should be held at the earliest possible time.

## II.

## TRIAL SHOULD BE BIFURCATED SO THAT THE ISSUE OF NUMBER OF CREDITORS MAY BE DETEMINED QUICKLY AND A DEADLINE SHOULD BE SET FOR ADDING ADDITIONAL PETITIONING CREDITORS

18       An Involuntary Chapter 7 case exists pursuant to Section 303 of the bankruptcy
19 code which requires that two factors be met, namely, that there be three petitioning
20 creditors, and that the debtor be found to be "generally no paying his debts as they become
21 due." An exception exists that if the debtor has fewer than 12 creditors, only one
22 petitioning creditor is required. The alleged debtor has identified his creditors in the
23 Answer. There are 22 and therefore this case must be dismissed.

24       Mr. Stanly's counsel correctly pointed out at the Status Conference that certain
25 creditors are not included in the computation of the total. Section 303(b)(1) requires the
26 creditor to be "such person that is not contingent as to liability or the subject of a bona fide
27 dispute as to liability or amount . . ." and Section 303(b) excludes "any employee or
28 insider of such person and any transferee of a transfer that is voidable under section 544,

545, 547, 548, 549, or 724(a) of this title." Since he has not been able to find two other persons to join him in this jaunt, he is presumably attempting to determine if he can eliminate nearly half of Mr. Lopez's creditors so that he can be the sole petitioning creditor.

The requirement that, in the presence of 12 or more creditors, at least 3 must petition before an order for relief issues is not jurisdictional, but is an **absolute defense** to the issuance of an order for relief. *In Re Kidwell*, 158 B.R. 203 (Bkrtcy E.D. Cal. 1993). If no more petitioning creditors join this case, it is Stanly's **burden** to prove that the alleged debtor has less than 12 creditors. *In Re Smith*, 243 B.R. 169, 183 (Bkrtcy. N.D.Ga. 1999).

All creditors are to be counted, no matter how small. The court may *not* exclude small, recurring or de minimus creditors. *Hornblower & Weeks-Hemphill Noyes v. Okamoto*, 491 F.2d 496 (9th Cir. 1974).[1]

The alleged debtor requests that this court bifurcate the trial and require Mr. Stanly to put on testimony and documentary evidence *immediately* establishing that he has met the requirement of Section 303(b)(1). This does not require further discovery. This will not require significant court time because the issues are easy. Mr. Lopez is ready for trial on this issue at any time. In fact, it is unlikely that his testimony will be required at trial. Per his declaration attached, his 22 creditors are not contingent, or subject of a bona fide dispute (except Mr. Stanly whose judgment is being appealed). None of the 22 are employees or insiders. None of these creditors received a payment which was outside of the ordinary course of business.

As to the second issue of whether or not Mr. Lopez is "generally paying his debts as they become due," the trial is likely to be lengthy. Significantly more evidence will be

---

[1] There is a split of authority on this issue in the circuits. For a discussion on the split, the policy reasons behind both sides of that argument see *Matter of Rassi* (7th Cir. 1983) 701 F.2d 627, where the court decided to follow the Ninth Circuit, which appears to be the majority rule.

required and therefore if the case can be dismissed without getting to that issue, justice will be served.

In addition, Mr. Stanly should be required to find additional petitioning creditors by a date certain. This case has been pending for more than four months now and Mr. Stanly had knowledge long ago that Mr. Lopez had more than 12 creditors. To allow him an unlimited amount of time to add petitioning creditors only adds to the unfair burden already placed on the alleged debtor. Mr. Lopez requests that the deadline be set for 10 days prior to the time set for trial in this matter.

### III.

### THE COURT SHOULD REQUIRE A BOND PURSUANT TO SECTION 303(e)

11 USC Section 303(e) provides:

"(e) After notice and a hearing, and for cause, the court may require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section."

The court is requested to require the posting of a bond by Mr. Stanly in an amount deemed reasonable to the court but at least $20,000 as the alleged debtor intends to seek his costs, attorney's fees and damages once this case is dismissed. The filing of the petition has caused considerable damage to the alleged debtor as certain creditors believe that he filed the case himself and have refused to

11 USC Section 303(i) provides:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for—

    (A) any damages proximately caused by such filing; or

    (B) punitive damages.

*In Matter of Dill*, 13 B.R. 9, (Bkrtcy.D.Nev 1991) the court looked at the good faith of the petitioning creditors who "appeared to be men of some substantial means who seemed to have filed in good faith" when denying the bond requirement. Also in that case, the property of the estate was a building which was not declining in value and therefore the alleged debtor was deemed not to be in risk. See also, *In re Reed*, 11 B.R. 755 (Bkrtcy S.D.W.Va.1981) Here an order granting fees, costs and damages against Mr. Stanly is likely to be very difficult to collect.

The legislative analysis of this code section states: "The bonding requirement will discourage frivolous petitions as well as spiteful petitions based on a desire to embarrass the debtor (who may be a competitor of a petitioning creditor) or to put the debtor out of business without good cause. An involuntary petition may put a debtor out of business even if it is without foundation and is later dismissed." Mr. Lopez is at great risk here which is obviously the goal. A significant bond should be required.

### IV.
### CONCLUSION

The alleged debtor asks this court to bifurcate the trial so that the issue of number of creditors is tried first, set the trial on that issue at the earliest possible time and require the posting of a bond.

Respectfully submitted,

LAW OFFICES OF M. JONATHAN HAYES

Dated: 11/18/05

By: _____
M. Jonathan Hayes, Attorney for Francis J. Lopez

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief provided by the order is the relief granted by the court.

Submitted by:

By: _____
M. Jonathan Hayes
Attorney for Francis J. Lopez

## DECLARATION OF FRANCIS J. LOPEZ

I, Francis J. Lopez, declare as follows:

1. I am the alleged debtor in this matter. The statements made herein are of my own personal knowledge and if called upon to testify, I could and would competently testify thereto.

2. Alan Stanly and I have been involved in significant litigation against each other since before the bankruptcy filing of our entity Prism. In fact, litigation is pending right now in Superior Court between us, namely Lopez v Stanly, Case No. GIN029692, filed on May 14, 2003, pending in San Diego Superior Court, North County. In that matter, I sued Mr. Stanly for numerous causes of action, including invasion of privacy, breach of fiduciary duty, trespass and identity theft. Mr. Stanly filed a cross-complaint, of course. Recently, in a second case, Mr. Stanly was successful in obtaining a judgment against me for approximately $50,000 relating to a guarantee both had made to Union Bank of a Prism loan. Recently, in a third case, Mr. Stanly has sued my wife claiming that she "removed property" causing $2,000 in storage costs. It requests $2,000 in damages and "compensatory" and punitive damages of "more than $10,000 up to $25,000." She has had to retain counsel to defend herself.

3. This involuntary chapter 7 petition is simply an extension of the litigation and a new strategy by Mr. Stanly to cause me and my family as much business and personal pain as possible. On August 11, 2005, I learned that two of my credit cards have been cancelled because the issuer thinks that I filed this bankruptcy myself. The long term costs in terms of increased interest on loans are obvious.

4. Mr. Stanly conducted a debtor's examination of me in Florida on May 9, 2005. The examination transcript covers 65 pages of my testimony. I was asked at length about my creditors and the numbers and total amount owed. My Answer filed in this case specifically identified 22 creditors. The list is attached hereto as Exhibit A.

5. I am ready for trial on this issue at any time. My 22 creditors are not contingent, or subject of a bona fide dispute (except Mr. Stanly whose judgment is being appealed). None of the 22 are employees or insiders. None of these creditors received a payment which was outside of the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _____ day of November, 2005 at Destin, FL.

_____*NEXT PAGE*_____
Francis J. Lopez

1  5. I am ready for trial on this issue at any time. My 22 creditors are not
2  contingent, or subject of a bona fide dispute (except Mr. Stanly whose judgment is being
3  appealed). None of the 22 are employees or insiders. None of these creditors received a
4  payment which was outside of the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 17th day of November, 2005 at Destin, FL.

_____
Francis J. Lopez

FRANCIS LOPEZ
EXHIBIT A
LIST OF CREDITORS

Progressive Insurance
PO Box 31260
Tampa, FL 33631
Acct. 37287380-4
$157.20
Insurance, Auto

Coastal Community Insurance
12139 Panama City Beach Pkwy.
Panama City Beach, FL 32407
Policy No. LHQ336763
$1,013.00
Insurance, Flood (Property)

Quicken Platinum Card
PO Box 44167
Jacksonville, FL 32231
$848.00
Goods and services, 1998- 2005

Okaloosa Gas District
PO Box 548
Valparaiso, FL 32580
$45.00
Utilities

Northwest Florida Daily News
200 Racetrack Rd.
Ft. Walton Beach, FL 32549
$45.00
Newspaper

Kelly Plantation Owners Association
4393 Commons Drive E.
Destin, FL 32541
$550.00
Homeowner's Association

Allstate Floridian
54 Beal Parkway
Ft. Walton Beach, FL 32548
$1900.00
Homeowners Insurance

EXHIBIT A

Texaco / Shell
PO Box 9151
Des Moines, IA 50368
Acct. No. 77-917-6550-1
$290.00
Gasoline and related

Bank Of America
PO Box 1390
Norfolk, VA 23501
Acct. No. 4050860512429141
Credit Card, goods and services
$2386.00

Verizon Wireless
PO Box 660108
Dallas, TX 75266
Acct. No. 81955380600001
$45.00
Utility – telephone

Cox Communications
PO Box 60970
New Orleans, LA
Acct. No. 0018710003886502
Utility – television and Internet
$112.00

Union Bank of California
8155 Mercury Ct.
San Diego, CA 92111
Settlement of Union Bank v. Francis Lopez, $15,000 original balance
$4,000.00

Bankcard Services
PO Box 15287
Wilmington, DE 19886
Acct. No. 5490999178488929
$10,000.00
Goods and services – 2001- 2005

Cingular Wireless
PO Box 8229
Aurora, IL 60572
Acct. No. 0050443578
$125.00
Utilities – telephone

EXHIBIT A

Wayne Wise
810 Red Tanager Ct.
Nashville, TN 37221
$15,000.00
Personal Loan

Valley Forge Life Insurance
100 CNA Drive
Nashville, TN 37214
Acct. No. VITU045825
$0.00   ($486.00 per year)
Life Insurance

American Home Shield
PO Box 849
Carroll, IA 51401
Acct. No. 58449061
$128.00
Home appliance insurance

Citi Cards
PO Box 6414
The Lakes, NV 88901
Acct. No. 5424180306665024
$32,515.00
Goods and Services, 1994 - 2005

Household Bank / HSBC
PO Box 5222
Carol Stream, IL 60197
Acct. No. 5176690006732635
Goods and Services, 2003 - 2005
$5,000.00

American Express
PO Box 297804
Ft. Lauderdale, FL 33329
Acct. No. 378349802283007
$22,000.00
Goods and Services, 1994 - 2004
Note:  Some of this debt may be owed by Prism and/or Stanly, though I have personal guarantee

EXHIBIT A

Ft. Walton Beach Medical Center
1000 Mar Walt Drive
Ft. Walton Beach, FL  32547
$1600.00
Medical and Health services
Making payments of $100.00 month

Alan Stanly
1569 Berkshire Ct.
San Marcos, CA  92069
$50,000.00
Judgment in Union Bank v. Stanly (cross-complaint by Stanly)
Currently under appeal in CA

PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On November 18, 2005, I served the within documents:

**MOTION BY ALLEGED DEBTOR FOR AN ORDER BIFURCATING TRIAL RE INVOLUNTARY PETITION; SETTING A DEADLINE TO ADD NEW PETITIONING CREDITORS; AND REQUIRING THE POSTING OF A BOND; DECLARATION OF FRANCIS J. LOPEZ**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
Robbins & Keehn, APC
530 "B" Street, Ste 2400
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 18, 2005, at Los Angeles, California.

_____
MJ Hayes