# DOCKET NUMBER 32-2

1  L. Scott Keehn (61691)
   Sarah H. Lanham (213555)
2  **ROBBINS & KEEHN, APC**
   A Professional Corporation
3  530 "B" Street, Suite 2400
   San Diego, California 92101
4  Telephone: (619) 232-1700

5  Attorneys for Petitioning Creditor
   **ALAN STANLY**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 In Re:                              )    **Case No. 05-05926-PBINV**
                                       )
12                                     )    **Involuntary Chapter 7**
   FRANCIS J. LOPEZ, an individual,    )
13                                     )    **DECLARATION OF L. SCOTT KEEHN IN**
              Alleged Debtor.          )    **OPPOSITION TO MOTION BY ALLEGED**
14                                     )    **DEBTOR FOR AN ORDER BIFURCATING**
                                       )    **TRIAL RE INVOLUNTARY PETITION;**
15                                     )    **SETTING DEADLINE TO ADD NEW**
                                       )    **PETITION CREDITORS; AND**
16                                     )    **REQUIRING THE POSTING OF A BOND**
                                       )
17                                     )
                                       )    **Date:**     December 19, 2005
18                                     )    **Time:**     10:00 a.m.
                                       )    **Judge:**    Hon. Peter W. Bowie
19                                     )    **Dept.:**    Four (4)
                                       )
20 _____)

21        1.     I am an attorney at law, licensed to practice law in the State of California, and

22 admitted to practice before the United States District Court for the Southern District of California.

23 I am a shareholder of the firm of Robbins & Keehn, APC, the attorneys of record for Alan Stanly

24 ("Stanly"), petitioning creditor in the above-entitled proceedings. I am the *Shareholder in Charge*

25 of the firm's engagement on behalf of Mr. Stanly, and make the following declaration based upon

26 facts within my first hand knowledge, acquired during the performance of activities that were

27 within the course and scope of the firm's engagement on behalf of Stanly.

28 / / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

2.    On September 19, 2005, Francis J. Lopez, the alleged debtor herein ("Lopez"), filed his "Declaration of Francis J. Lopez Re Creditors" (the "Lopez Decl.", Docket Item No. 25), in which he purports to identify a total of 22 creditors who hold claims which are neither contingent or subject to a bona fide dispute (other than the Stanly Judgment which Lopez has appealed), nor are they claims of employees and insiders.

3.    Upon receiving the Lopez Declaration, as Stanly's counsel I caused to be issued subpoenas to twelve of the alleged creditors listed in therein (i.e. where the addresses listed were sufficient to effectuate service), and the discovery process is ongoing.  The purpose of Stanly's discovery is to determine whether, in fact, these additional, newly-disclosed claims meet the criteria set forth in §303(b).  In order to qualify, each of these creditor's claims must be: (i) non-contingent; (ii) not the subject of a bona fide dispute; (iii) not held by an entity that is a transferee of a transfer that is voidable under sections 544, 545, 547, 548, 549, or 725(a); and (iv) not held by an employee or insider of Lopez.

4.    Stanly's discovery is intended to facilitate the determination of whether each of these claims actually existed at the time the petition was filed.  A number of the claims appear to be for services which are typically paid in advance.  For example, Lopez has listed Verizon Wireless as holding a claim for $45.00.  This appears to be the amount due for one months basic services under a normal cell phone contract.  Typically, these fees are paid in advance of the services actually being rendered.  Accordingly, as the services have not yet been provided, an actual claim has not yet been created.  I believes that discovery will confirm that Verizon's alleged "claim" does not meet the criteria of §303(b)(2).

5.    Stanly's discovery is also intended to disclose whether any of these claims are subject to being voided pursuant to the provisions cited in §303(b)(2), particularly the avoidance provisions regarding preferences under §547.  While Lopez contends that none of his creditors received payments that were outside the ordinary coarse of business, this assertion is an improper legal conclusion that must be subjected to the rigorous test required by the Bankruptcy Code.  The only way to do that is to allow Stanly to complete his discovery.

/ / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

104777/LSK/5311.01

1    6.    Finally, American Express, one of the creditors identified in the Lopez Declaration,

2    has responded to Stanly's subpoena by sending a letter stating that they have no documentation

3    which is responsive to the subpoenas — that there is nothing that supports any claim against

4    Lopez.  The letter from American Express is attached hereto as Exhibit "A".

5    7.    I had originally intended to serve written discovery on Francis Lopez without

6    waiting to receive documents from the various putative creditors upon whom document subpoenas

7    had been served.  However, upon reflection, I realize that the scope of discovery required for Mr.

8    Lopez might well be narrowed, or the focus re-directed, based upon a review of the documents

9    produced in response to the various subpoenas.  Accordingly, the *game plan* changed.  We now

10   have documentation from some of the entities upon whom the subpoenas were served, and are in

11   the process of enforcing subpoenas as to the others.  Accordingly, we are now issuing our

12   preliminary written discovery upon the alleged debtor.

     I declare under the penalty of perjury that the foregoing is true and correct.  Executed this

13

14   5th day of December, 2005, at San Diego, California.

15

16   Dated:   December 5, 2005              **ROBBINS & KEEHN**
                                           A Professional Corporation

17

18

19                                         By:    /s/ L. Scott Keehn
                                                  L. Scott Keehn

20

21

22

23

24

25

26

27

28

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

104777/LSK/5311.01

# EXHIBIT A



Cards
American Express Cards
777 American Expressway
Ft. Lauderdale, FL 33337

October 19, 2005

**L. Scott Keehn**
L. Scott Keehn
530 B Street Suite 2400
San Diego, CA 92101

RE:  Francis J. Lopez
**Our File No:  05285GIM3263415**

Dear Sir / Madam:

Please be advised that American Express Travel Related Services, Company, Inc. / American Express Centurion Bank is unable to comply with the above referenced subpoena request for the following reason(s):

• American Express Travel Related Services Company, Inc. does not have records responsive to the subpoena request

If we can be of further assistance please do not hesitate to contact us.

Sincerely,

Linda Y Salas, Subpoena Correspondent
Assistant to the Custodian of Records
(954) 503-7001 ext. 65943
INSFLTR