# DOCKET NUMBER 32-3

L. Scott Keehn (61691)
Sarah H. Lanham (213555)
**ROBBINS & KEEHN**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

Attorneys for Petitioning Creditor
**ALAN STANLY**

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | **Case No. 05-05926-PBINV** |
| FRANCIS J. LOPEZ, an individual, | **Involuntary Chapter 7** |
| Alleged Debtor. | **DECLARATION OF MICHAEL V. PUNDEFF IN OPPOSITION TO MOTION BY ALLEGED DEBTOR FOR AN ORDER BIFURCATING TRIAL RE INVOLUNTARY PETITION; SETTING DEADLINE TO ADD NEW PETITION CREDITORS; AND REQUIRING THE POSTING OF A BOND** |
| | **Date:** December 19, 2005 |
| | **Time:** 10:30 a.m. |
| | **Judge:** Hon. Peter W. Bowie |
| | **Dept.:** Four (4) |

I, Michael V. Pundeff, declare:

1.    I am an attorney at law, duly licensed to practice before all courts of the state of California, and a shareholder of the law firm of Robbins & Keehn, APC, the attorneys of record for the Petitioning Creditor, Alan Stanly, in this proceeding.  If called as a witness I could, and would, testify of my personal knowledge to the matters set forth in this declaration.

2.    Petitioning Creditor filed this involuntary petition against Alleged Debtor Francis J. Lopez ("Lopez") on June 30, 2005.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

104776/CFR/5311.01

3.      Lopez subsequently identified eleven (11) businesses and one (1) individual who he claimed also held creditor claims against him, and who he asserted should required to join in the involuntary bankruptcy petition.  Lopez identified the following alleged creditors:

- Okaloosa Gas District
- Coastal Community Insurance
- American Home Shield
- American Express
- Ft. Walton Beach Medical Center
- Allstate Floridian
- Northwest Florida Daily News
- Chevron Texaco [sic]
- Kelly Plantation Owner's Association
- Progressive Insurance
- Valley Forge Life Insurance; and
- Wayne Wise

4.      To determine the veracity of Lopez's claims, on October 3, 2005, this firm served Subpoenas in a Case Under the Bankruptcy Code on all of Lopez's alleged creditors at the addresses supplied by Lopez. The subpoenas sought copies of all credit agreements and other contractual documentation between the alleged creditor and Lopez, along with an "account history" of the charges incurred, payments made, and balances owed from June 30, 2004 (one year prior to the filing of the instant petition) through the present.  True copies of the subpoenas, along with proofs of services, are attached hereto collectively as Exhibit "A".

5.      The date for production of documents pursuant to the subpoenas has passed.  Of the 12 alleged creditors Lopez has identified, four failed to respond to the subpoenas:  Kelly Plantation Owner's Association, Allstate Floridian, Northwest Florida Daily News, and Progressive Insurance.  Our office is preparing motions to compel and/or for contempt as to these alleged creditors.

///

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9005

104776/CFR/5311.01

6.    Of the eight alleged creditors who responded to the subpoenas, seven either produced documents which affirmatively show they were **not** owed any monies by Lopez as of the date of the filing of the involuntary petition, or failed to produce any documents that substantiate that they were ever creditors of Lopez, as follows:

- Okaloosa Gas District: Zero balance owed
  (Attached hereto as Exhibit "B" are statements showing account was paid current May 2005 through September 2005.

- Costal Community Insurance: Zero balance owed
  (Attached hereto as Exhibit "C" are documents produced showing premium payment made by Lopez on August 2004, and property insurance in effect from 7/30/04 through 7/30/05)

- American Home Shield: Zero balance owed
  (Attached hereto as Exhibit "D" is statement showing that as of 11/16/04 account was "OK to service" with $0.00 due)

- American Express:  No evidence of debt
  (Attached hereto as Exhibit "E" is letter from company stating it has no responsive documents)

- Chevron Texaco [sic]: No evidence of debt
  (Attached hereto as Exhibit "F" is letter from agent for service of process stating name of company does not match name on file with secretary of state)

- Valley Forge Life Insurance:  Zero balance owed
  (Attached hereto as Exhibit "G" is letter stating policy has no cash value, no outstanding loans, and is paid until February 5, 2006)

- Ft. Walton Beach Medical Center:  No evidence of debt
  (Attached hereto as Exhibit "H" are all of the documents produced by this entity; no documents evidence any charges or outstanding debts of any kind)

7.    To date, the only alleged creditor who has provided any evidence of any debt owed by Lopez as of the filing of the involuntary petition is an individual named Wayne Wise, who purports to hold a Promissory Note from Lopez and his wife in the amount of $15,000.  Attached hereto as Exhibit "I" is a true copy of the Promissory Note that Mr. Wise produced in response to his subpoena.  Mr. Wise also produced a document entitled "Motion to Dismiss or Transfer Involuntary Petition; Declaration of Francis J. Lopes" [sic] which appears to have been prepared by an attorney in Tennessee for a company called Western Express, Inc.  The Declaration, which is not properly notarized, purports to have our firm's name on it; however, no one from this firm

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9905

104776/CFR/5311.01

1  had any hand in its preparation, and to the best of my knowledge, it has not be filed in this

2  proceeding or in any other court.

3      I declare under penalty of perjury under the laws of the United States that the foregoing is

4  true and correct.

5

6

7  Dated:  December 5, 2005                    //s// Michael V. PUndeff
                                              Michael V. Pundeff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

- 4 -

# EXHIBIT A

B 256 (11/91)

# United States Bankruptcy Court

## __Northern__ District of __Florida__

In re ___FRANCIS J. LOPEZ___,

Alleged Debtor

364 Valparaiso Parkway
Valp. Florida

To: __OKALOOSA GAS DISTRICT,__
___CUSTODIAN OF RECORDS___

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1] ___05-05926-PB7___
United States Bankruptcy Court for the Southern District of
California

Chapter ___7___

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify
in the above case.

| PLACE OF TESTIMONY    N/A | COURTROOM   N/A |
|---|---|
|  | DATE AND TIME   N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION    N/A | DATE AND TIME   N/A |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Business World<br>21 Racetrack Rd. NE, Ft. Walton Beach, FL 32547 | DATE AND TIME<br>November 3, 2005<br>10:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   N/A | DATE AND TIME   N/A |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in
proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>_L. Scott Keehn_          Attorneys for Petitioning Creditor | DATE<br><br>October 3, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,<br>San Diego, CA  92101, 619-232-1700 | |

JOSE N. LOZANO - CEO

J. INGLE, JR. #448
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
DATE 10/11/05 TIME 850AM

Rec
10-4-05 • 9:15 AM

[1]
number.    If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | 10/11/05  8:50am | Okaloosa Gas District<br>364 Valparaiso Parkway<br>Valparaiso, FL  32580 |

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| Jose N. Lozano    Custodian of Records    CEO | | Personally |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James Ingle, Jr. #448 | CERTIFIED PROCESS SERVER FIRST<br>JUDICIAL CIRCUIT OF FLORID A |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____10-11-05_____
DATE

SIGNATURE OF SERVER

Advanced Investigations
ADDRESS OF SERVER
24 Racetrack Rd. NW
Ft. Walton Beach, FL  32547

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

    1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

        A.    The terms "YOU" and "YOUR" mean **Okaloosa Gas District**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **Okaloosa Gas District**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez.**

        B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

        C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders, bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

        D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

        E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

        F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103947/5311.01

G.    The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.    The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.    It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure. For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.    A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.    The nature of the protection claimed;

C.    A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.    A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR utilities account of **Francis J. Lopez.**

2.    To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez.**

3.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez.**

103947/5311.01

B 256 (11/91)

# United States Bankruptcy Court

__Northern__ District of __Florida__

In re _____ FRANCIS J. LOPEZ _____,
               Alleged Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1] _____ 05-05926-PB7 _____
United States Bankruptcy Court for the Southern District of
California

To: _COSTAL COMMUNITY INSURANCE,_
    _CUSTODIAN OF RECORDS_

Chapter _____ 7 _____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify
in the above case.

| PLACE OF TESTIMONY   N/A | COURTROOM   N/A |
| --- | --- |
|  | DATE AND TIME   N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION   N/A | DATE AND TIME   N/A |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

<p align="center">SEE EXHIBIT "A"</p>

| PLACE<br>ET Legal Services<br>4007 Torino Way, Panama City, FL  32405 | DATE AND TIME<br>November 1, 2005<br>10:00 A.M. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   N/A | DATE AND TIME   N/A |
| --- | --- |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in
proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>_L. Scott Keehn_   Attorneys for Petitioning Creditor | DATE<br><br>October 3, 2005 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,
San Diego, CA  92101, 619-232-1700

---

[1]     If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case
number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| 10/5/05  10 Am | Costal Community Insurance<br>12139 Panama City Beach Pkwy.<br>Panama City Beach, FL 32407 |

SERVED

SERVED ON (PRINT NAME)  MANDY WEST, COMPTROLLER    MANNER OF SERVICE
Custodian of Records

Personally

SERVED BY (PRINT NAME)  ELAINE J THORNE    TITLE   SPECIAL PROCESS SERVER #8

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   10/6/2005
DATE

_Elaine J. Thorne_
SIGNATURE OF SERVER

ET Legal Services
ADDRESS OF SERVER
4007 Torino Way
Panama City, FL 32405

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party  or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.    The terms "YOU" and "YOUR" mean **Costal Community Insurance**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **Costal Community Insurance**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders, bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

-1-

103951/5311.01

G.    The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.    The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.    It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure. For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.    A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.    The nature of the protection claimed;

C.    A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.    A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Policy No. LHQ336763.

2.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Property Insurance (Flood) account of **Francis J. Lopez.**

3.    To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez.**

4.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez.**

103951/5311.01

Name, Address, Telephone No. & I.D. No.

L. Scott Keehn (SBN 61691)
ROBBINS & KEEHN, APC
530 "B" Street, Suite 2400
'an Diego, CA  92101
₂hone: 619-232-1700

**Attorneys for Petitioning Creditor Alan Stanly**

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
110 E. Court Ave., Des Moines, Ia 50309

In Re

FRANCIS J. LOPEZ,

| | BANKRUPTCY NO.  05-05926-PB7 |
| | United States Bankruptcy Court for the Southern District of California |

Alleged Debtor.

## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

TO:    AMERICAN HOME SHIELD AGENT FOR SERVICE OF PROCESS

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE<br><br>N/A | COURTROOM      N/A |
| | DATE AND TIME      N/A |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE<br><br>N/A | DATE AND TIME<br><br>N/A |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE EXHIBIT "A"**

| PLACE<br>Copycat Photography Centers<br>517 Locust Street, Des Moines, IA  50309 | DATE AND TIME<br>November 1, 2005<br>1:00 P.M. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE<br><br>N/A | DATE AND TIME<br><br>N/A |

Any subpoenaed organization not a party to this case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*L. Scott Keehn*    Attorneys for Petitioning Creditor | DATE<br><br>October 3, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
L. Scott Keehn, Esq.
ROBBINS & KEEHN, APC
530 "B" Street, Suite 2400, San Diego, CA  92101, 619-232-1700

IASB-BK SBPNA

# AFFIDAVIT OF SERVICE

STATE OF IOWA        )
                     )
COUNTY OF POLK )

Case No: _O5-05926-PB7_
Date Received: _10/4/05_

I, being first duly sworn, depose and say that I received and served:

| | | | |
|---|---|---|---|
| _____ Original Notice | | _____ | Application for Hearing of |
| __X__ Petition | | | Temporary Issues |
| _____ Jury Demand | | _____ | Summons |
| __X__ Subpoena | | _____ | Complaint |
| _____ Petition for Dissolution of Marriage | | _____ | Verification of Account |
| _____ Order for Pretrial Conference and | | | Identification of Judgment |
| Discovery | | | Debtor, and Certificate |
| _____ Order Re: Mandatory Attendance at Program | | | Re: Military Service |
| for Litigants in Family Court | | _____ | Appearance and Answer |
| _____ Confidential Information Form | | | of Defendant. |
| _____ Order Re: Mediation of Temporary Matters | | _____ | Notice to Quit |
| and Setting Hearing | | __X__ | Exhibit _____ |
| _____ Notice of Forfeiture of Real Estate Contract | | __X__ | Other _letter_____ |
| _____ Order | | | |

Person Served: _American Home Shield_

Date Served: _10/4/05_ , _11:55_ (A.M.)/P.M.

_2222 Grand Ave. Dsm, Ia_
(Address)

Manner of Service
_____ Personally
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
__X__ Corporation/State Official

_c/o CT Corp - Registered Agent_
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

_Wendy J Webb_

Subscribed and sworn to me by Wendy Webb
this _4_ day of _Oct_, 2005.

Service Fee: _$ 37.50_

_____
Notary Public for the State of Iowa



GORDON GRATIAS
Commission Number 714149
My Commission Expires
December 19, 2007

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.    The terms "YOU" and "YOUR" mean **American Home Shield**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **American Home Shield**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103971/5311.01

G.    The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.    The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.    It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.    A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.    The nature of the protection claimed;

C.    A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.    A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Acct. No. 58449061.

2.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Home Appliance Insurance account of **Francis J. Lopez.**

3.    To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez.**

4.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez.**

103971/5311.01

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

In re _____FRANCIS J. LOPEZ_____,

Alleged Debtor

**SUBPOENA IN BANKRUPTCY PROCEEDING**

Case No.[1]  **05-05926-PB7**
United States Bankruptcy Court for the Southern District of California

Chapter  **7**

To: __AMERICAN EXPRESS,_____
____AGENT FOR SERVICE OF PROCESS_____

[  ]    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| N/A | N/A |
| | DATE AND TIME |
| | N/A |

[  ]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| N/A | N/A |

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Copy Scan | November 1, 2005 |
| 33 N.E. 2nd St., Suite 300, Ft. Lauderdale, FL 33301 | 10:00 A.M. |

[  ]    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| N/A | N/A |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Bankruptcy Rule 7030.  See Bankruptcy Rules 1018 and 9014.

| ISSUING OFFICER SIGNATURE | TITLE |
|---|---|
| *L. Scott Keehn* | Attorneys for Petitioning Creditor |
| ISSUING OFFICER'S NAME (PRINT) | PHONE |
| L. Scott Keehn, Esq. | 619-232-1700 |
| ADDRESS | DATE |
| 530 B Street, Suite 2400 San Diego, CA  92101 | October 3, 2005 |

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, indicate the district under the case number.

LF-83 (12/01/02)

AFFIDAVIT OF SERVICE

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

Case Number: 05-05926 PB7

Alleged Debtor:
FRANCIS J. LOPEZ,

For:
L. Scott Keehn, Esq.
ROBBINS & KEEHN
2400 Union Bank Building
530 "B" Street
San Diego, CA  92101

Received by Professional Process Servers on the 4th day of October, 2005 at 9:00 am to be served on
AMERICAN EXPRESS, AGENT FOR SERVICE OF PROCESS, C/O CT CORPORATION SYSTEM, 1200 S. PINE
ISLAND ROAD, PLANTATION, FL. 33324.

I, George Hanzimanolis, being duly sworn, depose and say that on the 11th day of October, 2005 at 2:05 pm, I:

Served the within named Corporation by delivering a true copy of the SUBPOENA IN BANKRUPTCY
PROCEEDING AND EXHIBIT "A" TO SUBPOENA IN CASE UNDER THE BANKRUPTCY CODE with the date
and hour of service endorsed thereon by me to MARIE HENDERSON as RECORDS CUSTODIAN of the within
named corporation, in compliance with State Statutes.

Additional Information pertaining to this Service:
SUBPOENA WAS REFUSED AT THE GIVEN ADDRESS AS IT DID NOT HAVE THE CORRECT CORPORATE
ENDING. SERVED AT 777 AMERICAN EXPRESS WAY, PLANTATION, FL

Under penalty of perjury, I do hereby certify that I have read the foregoing Affidavit of Service and that the facts
stated in it are true. I have no interest in the above action. I am a Special Process Server in the county in which it
was served in good standing.

COPY

Subscribed and Sworn to before me on the 12th day
of October, 2005 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

_____
George Hanzimanolis
137

Professional Process Servers
& Investigators, Inc.
1749 N.E. 26th Street, Suite C
Wilton Manors, FL  33305
(954) 566-2523
Our Job Serial Number: 2005019396

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V6.5k

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

1.     **DEFINITIONS:**     As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.     The terms "YOU" and "YOUR" mean **American Express**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **American Express**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

B.     The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.     The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.     The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.     The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.     The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103960/5311.01

G.     The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.     The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.     It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.     A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.     The nature of the protection claimed;

C.     A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.     A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Acct. No. 378349802283007.

2.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR account of **Francis J. Lopez**.

3.     To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez**.

4.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez**.

103960/5311.01

Name, Address, Telephone No. & I.D. No.

L. Scott Keehn (SBN 61691)
ROBBINS & KEEHN, APC
530 "B" Street, Suite 2400
'an Diego, CA 92101
'hone: 619-232-1700

**Attorneys for Petitioning Creditor Alan Stanly**

### UNITED STATES BANKRUPTCY COURT
#### SOUTHERN DISTRICT OF IOWA
110 E. Court Ave., Des Moines, Ia 50309

| | |
|---|---|
| In Re<br><br>FRANCIS J. LOPEZ,<br><br><div align="right">Alleged Debtor.</div> | BANKRUPTCY NO.  05-05926-PB7<br>United States Bankruptcy Court<br>for the Southern District of<br>California |

## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

TO:    CHEVRON TEXACO AGENT FOR SERVICE OF PROCESS

☐   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE<br><br>N/A | COURTROOM    N/A |
|---|---|
| | DATE AND TIME    N/A |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE<br><br>N/A | DATE AND TIME<br><br>N/A |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

<div align="center">SEE EXHIBIT "A"</div>

| PLACE<br>Copycat Photography Centers<br>517 Locust Street, Des Moines, IA  50309 | DATE AND TIME<br>November 1, 2005<br>10:00 A.M. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE<br><br>N/A | DATE AND TIME<br><br>N/A |
|---|---|

Any subpoenaed organization not a party to this case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*L. Scott Keehn* ————Attorneys for Petitioning Creditor | DATE<br><br>October 3, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
L. Scott Keehn, Esq.
ROBBINS & KEEHN, APC
530 "B" Street, Suite 2400, San Diego, CA  92101, 619-232-1700

# AFFIDAVIT OF SERVICE

STATE OF IOWA  )
                )
COUNTY OF POLK )

Case No: _05-05926-PB7_
Date Received: _10/04/05_

I, being first duly sworn, depose and say that I received and served:

_____ Original Notice
___X___ Petition
_____ Jury Demand
___X___ Subpoena
_____ Petition for Dissolution of Marriage
_____ Order for Pretrial Conference and
           Discovery
_____ Order Re: Mandatory Attendance at Program
           for Litigants in Family Court
_____ Confidential Information Form
_____ Order Re: Mediation of Temporary Matters
           and Setting Hearing
_____ Notice of Forfeiture of Real Estate Contract
_____ Order

_____ Application for Hearing of
           Temporary Issues
_____ Summons
_____ Complaint
_____ Verification of Account
           Identification of Judgment
           Debtor, and Certificate
           Re: Military Service
_____ Appearance and Answer
           of Defendant.
_____ Notice to Quit
___X___ Exhibit _____
___X___ Other _letter_____
           _____
           _____

Person Served: _Chevron Texaco_

Date Served: _10/4/05_ / _10:05_ A.M./P.M.

_729 Ins. Exchange Bld. DSM, IA_
                 (Address)

Manner of Service
_____ Personally
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
___X___ Corporation/State Official

_% Prentice Hall Corporation - registered agent_
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

_Wendy Webb_

Subscribed and sworn to me by Wendy Webb
this _4_ day of _Oct_, 2005.

Service Fee: _$37.50_

_____
Notary Public for the State of Iowa

GORDON GRATIAS
Commission Number 714149
My Commission Expires
December 19, 2007

EXHIBIT "A" TO SUBPOENA
IN CASE UNDER THE BANKRUPTCY CODE

1.   **DEFINITIONS:**   As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

     A.    The terms "YOU" and "YOUR" mean **Chevron Texaco**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **Chevron Texaco**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

     B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

     C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

     D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

     E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

     F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103967/5311.01

G.      The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.      The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.      It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure. For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.      A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.      The nature of the protection claimed;

C.      A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.      A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.      Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Acct. No. 77-917-6550-1.

2.      Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR account of **Francis J. Lopez.**

3.      To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez.**

4.      Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez.**

103967/5311.01

B 256 (11/91)

# United States Bankruptcy Court

__Middle__ District of __Tennessee__

In re ____FRANCIS J. LOPEZ____,

Alleged Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.[1] ____05-05926-PB7____
United States Bankruptcy Court for the Southern District of California

To: __VALLEY FORGE LIFE INSURANCE,__
__CUSTODIAN OF RECORDS__

Chapter ____7____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY   N/A | COURTROOM   N/A |
|---|---|
| | DATE AND TIME   N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   N/A | DATE AND TIME   N/A |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Road Runner Courier Service<br>360 Deaderick St., Nashville TN  37201 | DATE AND TIME<br>November 1, 2005<br>10:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   N/A | DATE AND TIME   N/A |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*L. Scott Keehn*  Attorneys for Petitioning Creditor | DATE<br>October 3, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400, San Diego, CA  92101, 619-232-1700 | |

---

[1]   If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      | Valley Forge Life Insurance<br>100 CNA Drive<br>Nashville, TN 37214 |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| Custodian of Records   | Personally        |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

Road Runner Courier Service
ADDRESS OF SERVER
360 Deaderick St.
Nashville, TN 37201

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.    The terms "YOU" and "YOUR" mean **Valley Forge Life Insurance**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of, who are in possession of **Valley Forge Life Insurance**, or may have obtained information for, by or on behalf of **Francis J. Lopez.**

B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders, bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103992/5311.01

G.     The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.     The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.     It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.     A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.     The nature of the protection claimed;

C.     A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.     A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Acct. No. VITU045825.

2.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR account of **Francis J. Lopez**.

3.     To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez**.

4.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez**.

103992/5311.01

B 256 (11/91)

# United States Bankruptcy Court
## __Middle__ District of __Tennessee__

In re     __FRANCIS J. LOPEZ__ ,

Alleged Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1]     __05-05926-PB7__
United States Bankruptcy Court for the Southern District of
California

To:  __WAYNE WISE__

Chapter     __7__

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify
in the above case.

| PLACE OF TESTIMONY   N/A | COURTROOM   N/A |
|---|---|
| | DATE AND TIME   N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION    N/A | DATE AND TIME   N/A |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

**SEE EXHIBIT "A"**

| PLACE<br>Road Runner Courier Service<br>360 Deaderick St., Nashville, TN 37201 | DATE AND TIME<br>November 1, 2005<br>1:00 P.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   N/A | DATE AND TIME   N/A |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in
proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *L. Scott Keehn*     Attorneys for Petitioning Creditor | October 3, 2005 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,<br>San Diego, CA  92101, 619-232-1700 | |

---

[1]     If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case
number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| | | | Wayne Wise<br>810 Red Tanager Ct.<br>Nashville, TN 37221 |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Wayne Wise | Personally |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

Road Runner Courier Service
ADDRESS OF SERVER
360 Deaderick St.
Nashville, TN 37201

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)      PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT "A" TO SUBPOENA
IN CASE UNDER THE BANKRUPTCY CODE

1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.    The terms "YOU" and "YOUR" mean **Wayne Wise**, his agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **Wayne Wise**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103996/5311.01

G.     The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.     The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.     It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.     A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.     The nature of the protection claimed;

C.     A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.     A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR personal loan to **Francis J. Lopez**.

2.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to an account of **Francis J. Lopez**.

3.     To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez**.

4.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez**.

103996/5311.01

B 256 (11/91)

# United States Bankruptcy Court

## __Northern__ District of __Florida__

In re    __FRANCIS J. LOPEZ__ ,

           Alleged Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1]    __05-05926-PB7__
United States Bankruptcy Court for the Southern District of
California

To:  __KELLY PLANTATION OWNERS ASSOCIATION,__
     __CUSTODIAN OF RECORDS__

Chapter       __7__

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify
in the above case.

| PLACE OF TESTIMONY  N/A | COURTROOM  N/A |
|---|---|
|  | DATE AND TIME  N/A |

☐  YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION  N/A | DATE AND TIME  N/A |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Business World<br>21 Racetrack Rd. NE, Ft. Walton Beach, FL  32547 | DATE AND TIME<br>November 1, 2005<br>10:00 A.M. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES  N/A | DATE AND TIME  N/A |
|---|---|

     Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in
proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*L. Scott Keehn*   Attorneys for Petitioning Creditor | DATE<br><br>October 3, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,<br>San Diego, CA  92101, 619-232-1700 |  |

[1]     If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case
number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | | Kelly Plantation Owners Association<br>4393 Commons Drive E.<br>Destin, FL 32541 |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records | Personally |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

Advanced Investigations
ADDRESS OF SERVER
24 Racetrack Rd. NW
Ft. Walton Beach, FL 32547

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.    The terms "YOU" and "YOUR" mean the **Kelly Plantation Owners Association**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of, who are in possession of **Kelly Plantation Owners Assocation**, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.    The term "DOCUMENT" means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

103921/5311.01

G.     The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.     The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.     It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.     A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.     The nature of the protection claimed;

C.     A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.     A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Homeowner's Association account of **Francis J. Lopez**.

2.     To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez.**

3.     Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez.**

103921/5311.01

B 256 (11/91)

W. DARRELL PARRISH #37
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA 950
DATE  10-3-05  Am
FRANCIS J. LOPEZ
_____,
Alleged Debtor

# United States Bankruptcy Court

__Northern__ District of _____ __Florida__

1000 Mar West D.
qwBch Fl

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1]  _____ __05-05926-PB7__ _____
United States Bankruptcy Court for the Southern District of
California

To:  FT. WALTON BEACH MEDICAL CENTER,
     CUSTODIAN OF RECORDS

Chapter _____ __7__ _____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify
in the above case.

| PLACE OF TESTIMONY  N/A | COURTROOM  N/A |
| | DATE AND TIME  N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION  N/A | DATE AND TIME  N/A |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Business World<br>21 Racetrack Rd. NE, Ft. Walton Beach, FL  32547 | DATE AND TIME<br>November 1, 2005<br>1:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES  N/A | DATE AND TIME  N/A |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in
proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*L. Scott Keehn*  Attorneys for Petitioning Creditor | DATE<br>October 3, 2005 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,<br>San Diego, CA  92101, 619-232-1700 | |

[1]  If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case
number.

ncao  10/4/05  91050...

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE 10/5/05  9:50am | PLACE |
|---|---|---|
| | | Ft. Walton Beach Medical Center |
| | | 1000 Mar Walt Drive |
| | | Ft. Walton Beach, FL  32547 |

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| Evelyn Ross | Custodian of Records/Risk Manager | Personally |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Darrell Parrish #037 | CERTIFIED PROCESS SERVER FIRST JUDICIAL CIRCUIT OF FLORIDA |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____10/5/05_____
                        DATE

SIGNATURE OF SERVER

Advanced Investigations
ADDRESS OF SERVER
24 Racetrack Rd. NW
Ft. Walton Beach, FL  32547

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party  or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

    1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

    A.    The terms "YOU" and "YOUR" mean the **Ft. Walton Beach Medical Center**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of, who are in possession of **Ft. Walton Beach Medical Center**, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

    B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

    C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

    D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

    E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

    F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

103931/5311.01

G. The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H. The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2. It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure. For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A. A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B. The nature of the protection claimed;

C. A list of all PERSONS who participated in the preparation of the DOCUMENT;

D. A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1. Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR medical and health services account of **Francis J. Lopez**.

2. To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez**.

3. Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez**.

103931/5311.01

DARRELL PARRISH #57
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA
DATES-05   TIME 945

# United States Bankruptcy Court

**Northern** _____ District of _____ **Florida** _____

In re     FRANCIS J. LOPEZ _____ ,
                Alleged Debtor

54 Best Parkway
qwBch, Fl

To: ALLSTATE FLORIDIAN,
     CUSTODIAN OF RECORDS

## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

Case No.[1] _____ **05-05926-PB7** _____
United States Bankruptcy Court for the Southern District of California

Chapter _____ **7** _____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY   N/A | COURTROOM   N/A |
|---|---|
|  | DATE AND TIME   N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   N/A | DATE AND TIME   N/A |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Business World<br>21 Racetrack Rd. NE, Ft. Walton Beach, FL  32547 | DATE AND TIME<br>November 2, 2005<br>10:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   N/A | DATE AND TIME   N/A |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>_L. Scott Keehn_    Attorneys for Petitioning Creditor | DATE<br>October 3, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,<br>San Diego, CA  92101, 619-232-1700 | |

---

[1]     If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

rcvd 10/4/05  9:25

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | | |
|---|---|---|
| DATE | 10/5/05 9:45am | PLACE |
| | | Allstate Floridian 54 Beal Parkway Ft. Walton Beach, FL 32548 |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michelle Clark     Custodian of Records | Personally |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Darrell Parrish #037 | CERTIFIED PROCESS SERVER FIRST JUDICIAL CIRCUIT OF FLORIDA |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____10/5/05_____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

Advanced Investigations
ADDRESS OF SERVER
24 Racetrack Rd. NW
Ft. Walton Beach, FL 32547

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)　　　PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　　　(i) fails to allow reasonable time for compliance;
　　　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

　　　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
　　　　(iv) subjects a person to undue burden.

　　(B) If a subpoena

　　　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)　　　DUTIES IN RESPONDING TO SUBPOENA.

　　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

1.     **DEFINITIONS:**     As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.     The terms "YOU" and "YOUR" mean **Allstate Floridian**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **Allstate Floridian**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez.**

B.     The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.     The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.     The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.     The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.     The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103938/5311.01

G.    The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.    The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.    It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.    A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.    The nature of the protection claimed;

C.    A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.    A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Homeowner's Insurance account of **Francis J. Lopez.**

2.    To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez.**

3.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez.**

103938/5311.01

B 256 (11/91)

W. DARRELL PARRISH #37
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA
DATE 5-05   TIME 1000 pm

# United States Bankruptcy Court

**Northern** _____ District of _____ **Florida** _____

In re _____ **FRANCIS J. LOPEZ** _____,

Alleged Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

200 Racetrack Rd
FwBch, Fl

Case No.[1] _____ **05-05926-PB7** _____
United States Bankruptcy Court for the Southern District of
California

To: **NORTHWEST FLORIDA DAILY NEWS,**
    **CUSTODIAN OF RECORDS**

Chapter _____ **7** _____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify
in the above case.

| PLACE OF TESTIMONY  N/A | COURTROOM  N/A |
|---|---|
|  | DATE AND TIME  N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION  N/A | DATE AND TIME  N/A |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Business World<br>21 Racetrack Rd. NE, Ft. Walton Beach, FL  32547 | DATE AND TIME<br>November 2, 2005<br>1:00 P.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES  N/A | DATE AND TIME  N/A |
|---|---|

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in
proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>_L. Scott Keehn_       Attorneys for Petitioning Creditor | DATE<br><br>October 3, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,
San Diego, CA  92101, 619-232-1700

---

[1]    If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case
number.

rcvd 10/4/__  0105

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| DATE 10/5/05  10:00am | PLACE |
| --- | --- |

Northwest Florida Daily News
200 Racetrack Rd.
Ft. Walton Beach, FL  32549

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
| Eleanor Hypes     Custodian of Records /HR Specialist | Personally |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |
| Darrell Parrish #037 | CERTIFIED PROCESS SERVER FIRST JUDICIAL CIRCUIT OF FLORIDA |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____10/5/05_____
                            DATE

_____
SIGNATURE OF SERVER

_____Advanced Investigations_____
ADDRESS OF SERVER
24 Racetrack Rd. NW
Ft. Walton Beach, FL  32547

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)  fails to allow reasonable time for compliance;
        (ii)  requires a person who is not a party  or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)  subjects a person to undue burden.

    (B)  If a subpoena

        (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA.

    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT "A" TO SUBPOENA
IN CASE UNDER THE BANKRUPTCY CODE

1.    **DEFINITIONS:**    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.    The terms "YOU" and "YOUR" mean **Northwest Florida Daily News**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **Northwest Florida Daily News**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez.**

B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.    The term "DOCUMENT"means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders, bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

-1-

103943/5311.01

G.    The terms "REFER TO" or "RELATE TO" as used herein shall mean supports, describes, alludes to, comments on, discusses, shows, discloses, explains, mentions, analyzes, indicates, regards, respects, affects, concerns, touches on, pertains to, compares, balances, links, suggests, constitutes, comprises, evidences, sets forth, summarizes or characterizes, either directly or indirectly, in whole or in part.

H.    The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

2.    It is not intended that this request for DOCUMENTS require the disclosure of any DOCUMENTS which YOU claim are protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any DOCUMENT withheld on such grounds, please provided a written response with the following information:

A.    A description of the DOCUMENTS sufficiently particular to identify it and to enable YOU to identify, disclose or produce it in response to an order of the above-entitled court;

B.    The nature of the protection claimed;

C.    A list of all PERSONS who participated in the preparation of the DOCUMENT;

D.    A list of all PERSONS to whom the DOCUMENT was circulated, or its contents communicated.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to YOUR Newspaper account of **Francis J. Lopez**.

2.    To the extent they are different from those previously requested, copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control which REFER or RELATE to **Francis J. Lopez**.

3.    Copies of any and all DOCUMENTS, for June 30, 2004, to the present, in YOUR possession, custody or control, which REFER or RELATE in any way to records of charges and payments made by **Francis J. Lopez**.

103943/5311.01

B 256 (11/91)

# United States Bankruptcy Court

__Middle__ District of __Florida__

In re    FRANCIS J. LOPEZ ,

Alleged Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.[1]    **05-05926-PB7**
United States Bankruptcy Court for the Southern District of California

To: PROGRESSIVE CORPORATION,
     AGENT FOR SERVICE OF PROCESS

Chapter    7

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY  N/A | COURTROOM  N/A |
|---|---|
| | DATE AND TIME  N/A |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    N/A | DATE AND TIME  N/A |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Kepplinger, A Process Server<br>6155 97th Terrace North, Pinellas Park, FL  33782 | DATE AND TIME<br>November 1, 2005<br>10:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   N/A | DATE AND TIME   N/A |
|---|---|

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*L. Scott Keehn*      Attorneys for Petitioning Creditor | DATE<br>October 3, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,<br>San Diego, CA  92101, 619-232-1700 | |

1
number.    If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | | PLACE | Progressive Corporation<br>Agent for Service of Process, Jon C. Bolton Sr.<br>9340 N. 56th St., 222C<br>Tampa, FL 33617 |
|---|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) Agent for Service of Process | MANNER OF SERVICE Personally |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

Kepplinger, A Process Server
ADDRESS OF SERVER
6155 97th Terrace North
Pinellas Park, FL 33782

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)      PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## AFFIDAVIT OF SERVICE

# UNITED STATES DISTRICT COURT
# MIDDLE District of FLORIDA

Case Number: 05-5926-PB7

ALLEGED DEBTOR:
**FRANCIS J. LOPEZ**

vs.

Defendant:
**N/A**

For:
L. Scott Keehn
ROBBINS & KEEHN, APC
530 "B" Street
Suite 2400
San Diego, CA  92101

Received by KEPLINGER PROCESS SERVICE on the 10th day of October, 2005 at 7:54 am to be served on **PROGRESSIVE CORPORATION, C/O JON C. BOLTON, SR., AGENT FOR SERVICE OF PROCESS, 9340 N. 56TH STREET, SUITE 222C, TAMPA, FL. 33617.**

I, DIANNA L. BUCHNER, being duly sworn, depose and say that on the **12th day of October, 2005** at **10:40 am, I:**

Served the within named CORPORATION by delivering a true copy of the **SUBPOENA IN A CASE UNDER BANKRUPTCY CODE WITH EXHIBIT "A", PROGRESSIVE CORPORATION'S JOINDER IN INVOLUNTARY PETITION FOR FRANCIS J. LOPEZ AND ATTACHED LETTER** with the date and hour of service endorsed thereon by me to JON C. BOLTON, SR. as REGISTERED AGENT of the within named CORPORATION, in compliance with FL. Statute 48.081(1)2)(3)

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing , in the judicial circuit in which the process was served.

Pursuant to Florida Statute 92.525, and under penalty of perjury, I declare that the facts set forth in the foregoing return of service are true and correct *10-12-05*

Subscribed and Sworn to before me on the 13th day of October, 2005 by the affiant who is personally known to me.

NOTARY PUBLIC

**Tom D. Farley**
Commission # DD457813
Expires August 3, 2009
Bonded Troy Fain - Insurance, Inc  800-385-7019

DIANNA L. BUCHNER
CPC# 74-2955002

**KEPLINGER PROCESS SERVICE**
**6155 - 97th Terrace N.**
**Pinellas Park, FL  33782**
**(727) 545-2008**

Our Job Serial Number: 2005002670

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5h

## EXHIBIT "A" TO SUBPOENA
## IN CASE UNDER THE BANKRUPTCY CODE

1.    <u>**DEFINITIONS:**</u>    As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.    The terms "YOU" and "YOUR" mean **Progressive Insurance**, its agents, representatives, attorneys, investigators, consultants, insurers or anyone acting on behalf of **Progressive Insurance**, who are in possession of, or may have obtained information for, by or on behalf of **Francis J. Lopez**.

B.    The term "PERSON" means and includes natural PERSONS any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

C.    The term "DOCUMENT" means and includes any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited financial STATEMENTS, unaudited financial STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" means any type of oral, written or visual contact between two or more PERSONS in which information, facts or opinions were exchanged, imparted or received.

E.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any kind or description.

F.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

/ / / / /

103955/5311.01