# DOCKET NUMBER 32-6

```
 1  L. Scott Keehn (61691)
    Charles F. Robbins (132666)
 2  Sarah H. Lanham (213555)
    ROBBINS & KEEHN, APC
 3  A Professional Corporation
    530 "B" Street, Suite 2400
 4  San Diego, California 92101
    Telephone: (619) 232-1700
 5
    Attorneys for Petitioning Creditor
 6  ALAN STANLY
```

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 05-05926-PBINV |
| | Involuntary Chapter 7 |
| FRANCIS J. LOPEZ, an individual, | EVIDENTIARY OBJECTIONS TO DECLARATION OF FRANCIS J. LOPEZ IN SUPPORT OF MOTION BY ALLEGED DEBTOR FOR AN ORDER BIFURCATING TRIAL RE INVOLUNTARY PETITION; SETTING DEADLINE TO ADD NEW PETITION CREDITORS; AND REQUIRING THE POSTING OF A BOND |
| Alleged Debtor. | |
| | Date: December 19, 2005<br>Time: 10:30 a.m.<br>Judge: Hon. Peter W. Bowie<br>Dept.: Four (4) |

**TO: HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE:**

Petitioning creditor Alan Stanly ("Stanly") respectfully submits the following evidentiary objections and hereby moves to strike portions of the Declaration of Francis J. Lopez in Support of Motion by Alleged Debtor for an Order Bifurcating Trial Re Involuntary Petition; Setting Deadline to Add New Petitioning Creditors; and Requiring the Posting of a Bond (the "Lopez Declaration"):

## REQUEST FOR RULING ON OBJECTIONS AND MOTION TO STRIKE

Stanly respectfully requests that this Court issue rulings on the following evidentiary objections and motion to strike prior to ruling on the merits of the Motion by Alleged Debtor for an Order Bifurcating Trial Re Involuntary Petition; Setting Deadline to Add New Petitioning Creditors; and Requiring the Posting of a Bond (the "Motion").

## EVIDENTIARY OBJECTIONS

### OBJECTION NO. 1.

**Testimony:** Page 9, paragraph 5, lines 1 through 4 of the Lopez Declaration which state as follows:

> My 22 creditors are not contingent, or subject of a bona fide dispute (except Mr. Stanly whose judgment is being appealed). None of the 22 are employees or insiders. None of these creditors received a payment which was outside of the ordinary course of business.

Debtor objects to and moves to strike the above testimony in its entirety based on the following grounds:

### Objection No. 1.1: Improper Legal Conclusion

Lopez' testimony, particularly his claim that "None of these creditors received a payment which was outside of the ordinary course of business," consists of legal conclusions, and Lopez has not presented any evidence to demonstrate that he is qualified to make such conclusions.[1] The "ordinary course" standard of 11 U.S.C. section 547(c)(2) is highly technical and Lopez' casual use of the term should not be permitted to encompass such a complex legal conclusion.

Further, Lopez has not offered any basis to support the legal conclusions that his alleged creditors' claims are "not contingent," not "subject to a bona fide dispute," and that the alleged creditors are not "employees" or "insiders" as those terms are used in 11 U.S.C. section 303(b). Even if Lopez is not testifying as an expert with regard to these particular assertions, he has

///
///

---

[1] Federal Rule of Evidence ("FRE") 702; See Objection No.1.2, below.

presented no evidence to demonstrate the appropriate foundation for the legal conclusions asserted in his statements.[2]  Therefore, these statements are improper and inadmissible.

**Objection No. 1.2: Improper Expert Opinion**

Lopez has not been offered as an expert in this case and no evidence has been presented concerning whether he has any knowledge, skill, experience, training, or education concerning the practice of law to allow him to testify as a legal expert, as required by FRE 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, *a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify* thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.  (Emphasis added.)

Because Lopez has not qualified as an expert legal witness, he may not testify concerning legal conclusions and the above testimony should be stricken.

**Objection No. 1.3: Improper Lay Opinion**

No evidence has been presented to qualify Lopez as legal expert and his opinions concerning complex legal conclusions are not reasonably based on his perception to qualify as admissible lay opinion, as required by FRE 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[3]

/ / /

/ / /

/ / /

/ / /

---

[2]   FRE Rule 701; See Objection No.1.3, below.

[3]   FRE 701.

1  As discussed above, Lopez' statements concern complex legal issues which require "scientific,
2  technical, or other specialized knowledge." Lopez' statements do not qualify as lay opinion and
3  must be stricken.

5  Dated:  December 5, 2005              **ROBBINS & KEEHN**
                                          A Professional Corporation

8                                  By:    //s//  Sarah H. Lanham
                                          L. Scott Keehn
9                                         Charles F. Robbins
                                          Sarah H. Lanham
10                                        Attorneys for Petitioning Creditor Alan Stanly

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

- 4 -                                                   104771/SHL/5311.01