# DOCKET NUMBER 40

15.P

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED SD
06 MAR 27 AM 11:15
CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>Alleged Debtor | CASE NO. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**MOTION TO DISMISS INVOLUNTARY PETITION; DECLARATIONS OF FRANCIS J. LOPEZ AND M. JONATHAN HAYES**<br><br>Date: April 3, 2006<br>Time: 11:00 a.m.<br>Ctrm: 4 |

TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, TO PETITIONING CREDITOR ALAN STANLY AND ALL INTERESTED PARTIES:

## I.

## **REQUEST FOR DISMISSAL**

The petition in this case was filed by a single petitioning creditor Alan Stanly on June 30, 2005. On September 7, 2005, the alleged debtor, Francis Lopez filed his Answer denying all of the material allegations contained therein. Included with his Answer was a list of his creditors, as of the petition date. A copy of that list is attached hereto as **Exhibit "A."**[1] The list includes the claims of 22 creditors with total claims of $149,759.00 which includes Mr. Stanly's judgment of $50,000. Some of these creditors have been paid by Mr. Lopez since the bankruptcy filing.

As the court is aware, Mr. Lopez has been a permanent resident of Florida since July, 2003 when he and his family moved there from California. He owns a residence in Florida and is employed there. Mr. Lopez and his wife have recently agreed to sell their home and the proceeds of the sale will be sufficient to pay all creditors in full. The sale escrow cannot close without this order because of the "cloud" on title caused by this case.

Based thereon, the alleged debtor seeks an order dismissing this bankruptcy case. As part of the dismissal, Mr. Lopez will execute an irrevocable escrow instruction to pay one of the creditors in full, Wayne Wise, whom Mr. Lopez listed with his creditors with a claim of $15,000. Escrow will also be instructed irrevocably to transfer $135,000 into the client trust account of M. Jonathan Hayes to be held as follows:

Mr. Hayes will contact each of the remaining 21 creditors in writing and request a written demand for payment. Upon resolution of the amount owed, in writing, Mr. Hayes will cause each creditor to be paid out of the funds in his client trust account. Upon confirmation from the creditor in writing to Mr. Hayes that no amount is owed to a

---

[1] The court is reminded that in the response to an earlier Motion to Dismiss or Transfer the case, Mr. Stanly asserted that he believed that the alleged debtor had only a few creditors including him (which was why he was the only petitioning creditor at the time).

1 particular creditor, or if the amount owed is less than the amount set forth on **Exhibit "A"**
2 and is paid, the balance of the funds with respect to those creditors will be returned to Mr.
3 Lopez by Mr. Hayes. Once, each of the 21 creditors are paid or there is written
4 confirmation that no balance is owing, Mr. Hayes will return the remaining funds to Mr.
5 Lopez.

6      With respect to Mr. Stanly's claim, Mr. Lopez intends to post a *supersedeas* bond
7 with the California Superior Court that will automatically effectuate a stay pending appeal
8 of the judgment obtained by Mr. Stanly against Mr. Lopez. The automatic stay pursuant to
9 California C.C.P. 917.1(b) requires a bond from "an admitted surety insurer" of 150% of
10 the $50,000 judgment or $75,000. In order to obtain such a bond, Mr. Lopez will be
11 required by the bonding company to post a cash deposit of the full bonded amount of
12 $75,000. Mr. Lopez will be entitled to use $50,000 of the funds in the client trust account
13 to collateralize the *supersedeas* bond. If the bond is not obtained and filed with the
14 superior court within fifteen days after the funds are transferred to Mr. Hayes' account,
15 Mr. Hayes will forward $50,000 to Mr. Stanlys' counsel.

16      The debtor requests an Order Dismissing this Involuntary Petition based on the
17 above arrangement to pay all of his creditors. If escrow does not close within twenty days
18 of entry of the Order, or if there are insufficient funds to pay the full amount indicated to
19 Mr. Hayes' client trust account, Mr. Lopez will stipulate to an Order Vacating the Order
20 Dismissing this case.

## II.

## CONCLUSION

24      This case should be dismissed because under the proposal set forth herein every
25 creditor will be paid or adequate irrevocable assurance that they will be paid in the future
26 will be provided. Mr. Lopez' counsel will bring an Order to the hearing and request

immediate entry so that the Order may be forwarded to escrow in Florida. A proposed Order is attached hereto as **Exhibit "B."**

Respectfully submitted,

LAW OFFICES OF M. JONATHAN HAYES

Dated: March 23, 2006        By: _____
                              M. Jonathan Hayes, attorney for Francis J. Lopez

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief provided by the order is the relief granted by the court.

Submitted by:

By: _____
M. Jonathan Hayes
Attorney for Francis J. Lopez

## DECLARATION OF FRANCIS J. LOPEZ

I, Francis J. Lopez, declare as follows:

1. I am the alleged debtor in this matter. The statements made herein are of my own personal knowledge and if called upon to testify, I could and would competently testify thereto.

2. On September 7, 2005, I filed my Answer along with a list of my creditors, as of the petition date. A true and correct copy of that list is attached hereto as **Exhibit "A."** The list includes the claims of 22 creditors with total claims of $149,759.00 which includes Mr. Stanly's judgment of $50,000. I have paid some of these creditors since the bankruptcy filing.

3. I have been a permanent resident of Florida since July, 2003 when I and my family moved there from California. I own a residence in Florida and am employed there. My wife and I have recently agreed to sell our home and the proceeds of the sale will be sufficient to pay all creditors in full. The sale escrow cannot close without this order because of the "cloud" on title caused by this case.

4. As part of the requested dismissal, my wife and I will execute an irrevocable escrow instruction to pay one of the creditors in full, Wayne Wise, $15,000 and to transfer $135,000 into the client trust account of M. Jonathan Hayes to be held to pay my creditors.

5. With respect to Mr. Stanly's claim, I intend to post a *supersedeas* bond with the California Superior Court that will automatically effectuate a stay pending appeal. I have spoken to a number of bonding companies and they will require me to post a cash deposit of the full bonded amount of $75,000. I will need to use $50,000 of the funds in the client trust account to collateralize the *supersedeas* bond. I agree, that if the bond is not obtained and filed with the superior court within fifteen days after the funds are transferred to Mr. Hayes' account, Mr. Hayes will forward $50,000 to Mr. Stanlys' counsel.

6. I agree that if escrow does not close within twenty days of entry of the Order, or if there are insufficient funds to pay the full amount indicated to Mr. Hayes' client trust account, I will stipulate to an Order Vacating the Order Dismissing this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _____ day of March, 2006 at Destin, FL.

_____
Francis J. Lopez

6. I agree that if escrow does not close within twenty days of entry of the Order, or if there are insufficient funds to pay the full amount indicated to Mr. Hayes' client trust account, I will stipulate to an Order Vacating the Order Dismissing this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 23rd day of March, 2006 at Destin, FL.

_____
Francis J. Lopez

## DECLARATION OF M. JONATHAN HAYES

I, M. Jonathan Hayes, declare as follows:

1. I have personal knowledge of the facts set forth below and if called as a witness to testify, I would and could testify competently thereto. I am a member of the California Bar. I am admitted to practice in all the courts of the State of California and am admitted to practice before the District Court of the Central District of California.

2. I have agreed with Mr. Lopez and represent to the court that I will contact each of the 21 creditors in writing and request a written demand for payment. Upon resolution of the amount owed, in writing, I will cause each creditor to be paid out of the funds to be transferred by escrow to my client trust account. Upon confirmation from the creditor in writing to me that no amount is owed to a particular creditor, or if the amount owed is less than the amount set forth on **Exhibit "A"** and is paid, I will return the balance of the funds with respect to those creditors to Mr. Lopez. Once, each of the 21 creditors are paid or there is written confirmation that no balance is owing, I will return the remaining funds to Mr. Lopez. I will not return the funds to him before that time.

3) If requested by Mr. Lopez, I will send $50,000 of the funds in the client trust account directly to the bonding company if needed to collateralize the *supersedeas* bond he intends to obtain. If the bond is not obtained and filed with the superior court within fifteen days after the funds are transferred to my account, I will forward $50,000 to Mr. Stanlys' counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23 day of March, 2006, at Woodland Hills, California.

_____
M. Jonathan Hayes

FRANCIS LOPEZ
EXHIBIT A
LIST OF CREDITORS

Progressive Insurance
PO Box 31260
Tampa, FL 33631
Acct. 37287380-4
$157.20
Insurance, Auto

Coastal Community Insurance
12139 Panama City Beach Pkwy.
Panama City Beach, FL 32407
Policy No. LHQ336763
$1,013.00
Insurance, Flood (Property)

Quicken Platinum Card
PO Box 44167
Jacksonville, FL 32231
$848.00
Goods and services, 1998- 2005

Okaloosa Gas District
PO Box 548
Valparaiso, FL 32580
$45.00
Utilities

Northwest Florida Daily News
200 Racetrack Rd.
Ft. Walton Beach, FL 32549
$45.00
Newspaper

Kelly Plantation Owners Association
4393 Commons Drive E.
Destin, FL 32541
$550.00
Homeowner's Association

Allstate Floridian
54 Beal Parkway
Ft. Walton Beach, FL 32548
$1900.00
Homeowners Insurance

EXHIBIT A

A-1

Texaco / Shell
PO Box 9151
Des Moines, IA 50368
Acct. No. 77-917-6550-1
$290.00
Gasoline and related

Bank Of America
PO Box 1390
Norfolk, VA 23501
Acct. No. 4050860512429141
Credit Card, goods and services
$2386.00

Verizon Wireless
PO Box 660108
Dallas, TX 75266
Acct. No. 81955380600001
$45.00
Utility – telephone

Cox Communications
PO Box 60970
New Orleans, LA
Acct. No. 0018710003886502
Utility – television and Internet
$112.00

Union Bank of California
8155 Mercury Ct.
San Diego, CA 92111
Settlement of Union Bank v. Francis Lopez, $15,000 original balance
$6,000.00

Bankcard Services
PO Box 15287
Wilmington, DE 19886
Acct. No. 5490999178488929
$10,000.00
Goods and services – 2001- 2005

Cingular Wireless
PO Box 8229
Aurora, IL 60572
Acct. No. 0050443578
$125.00
Utilities – telephone

EXHIBIT A

A-2

Wayne Wise
810 Red Tanager Ct.
Nashville, TN 37221
$15,000.00
Personal Loan

Valley Forge Life Insurance
100 CNA Drive
Nashville, TN 37214
Acct. No. VITU045825
$0.00  ($486.00 per year)
Life Insurance

American Home Shield
PO Box 849
Carroll, IA 51401
Acct. No. 58449061
$128.00
Home appliance insurance

Citi Cards
PO Box 6414
The Lakes, NV 88901
Acct. No. 5424180306665024
$32,515.00
Goods and Services, 1994 - 2005

Household Bank / HSBC
PO Box 5222
Carol Stream, IL 60197
Acct. No. 5176690006732635
Goods and Services, 2003 - 2005
$5,000.00

American Express
PO Box 297804
Ft. Lauderdale, FL 33329
Acct. No. 378349802283007
$22,000.00
Goods and Services, 1994 - 2004
Note: Some of this debt may be owed by Prism and/or Stanly, though I have personal guarantee

EXHIBIT A

A-3

Ft. Walton Beach Medical Center
1000 Mar Walt Drive
Ft. Walton Beach, FL  32547
$1600.00
Medical and Health services
Making payments of $100.00 month

Alan Stanly
1569 Berkshire Ct.
San Marcos, CA  92069
$50,000.00
Judgment in Union Bank v. Stanly (cross-complaint by Stanly)
Currently under appeal in CA

EXHIBIT A

A-4

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| In Re: | CASE NO. 05-05926-PBINV |
| FRANCIS J. LOPEZ, | Involuntary Chapter 7 |
| Alleged Debtor | **(Proposed) ORDER DISMISSING INVOLUNTARY PETITION** |
| | Date: April 3, 2006<br>Time: 11:00 a.m.<br>Ctrm: 4 |

A hearing took place at the above time and place, M. Jonathan Hayes appearing for Alleged Debtor Francis Lopez and L. Scott Keehn appearing for Petitioning Creditor Alan Stanly. After consideration of the Motion to Dismiss filed by the Alleged Debtor, and oppositions is any, and good cause appearing,

IT IS ORDERED:

1) The Involuntary Petition is dismissed subject to being reopened as set forth herein.

2. Mr. Lopez shall execute an irrevocable escrow instruction to pay one of the creditors in full, Wayne Wise, whom Mr. Lopez listed with his creditors with a claim of $15,000, as well as to irrevocably transfer $135,000 into the client trust account of M. Jonathan Hayes.

3. Mr. Hayes is ordered to contact each of the remaining 21 creditors in writing and request a written demand for payment. Upon resolution of the amount owed, in writing, Mr. Hayes shall cause each creditor to be paid out of the funds in his client trust account. Upon confirmation from the creditor in writing to Mr. Hayes that no amount is owed to a particular creditor, or if the amount owed is less than the amount set forth on **Exhibit "A"** to the Motion to Dismiss, and is paid, the balance of the funds with respect to those creditors will be returned to Mr. Lopez by Mr. Hayes. Once, each of the 21 creditors are paid or there is written confirmation that no balance is owing, Mr. Hayes will return the remaining funds to Mr. Lopez.

4. Mr. Hayes is authorized to transfer $50,000 to a bonding company if required to post a cash deposit of the bonded amount. If the bond is not obtained and filed with the superior court within fifteen days after the funds are transferred to Mr. Hayes' account, Mr. Hayes shall forward $50,000 to Mr. Stanlys' counsel.

5. If the sale escrow now pending does not close within twenty days of entry of this Order, or if there are insufficient funds to transfer $135,000 to Mr. Hayes' client trust account, counsel for the petitioning creditor may seek to vacate this order on shortened notice.

Dated: _____

Hon. Peter W. Bowie
United States Bankruptcy Judge

## PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On March 23, 2006, I served the within documents:

ý    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

L. Scott Keehn
Sarah H. Lanham
**ROBBINS & KEEHN, APC**
530 B Street, Suite 2400
San Diego, CA 92101
AND BY EMAIL

Northwest Florida Daily News
Elenor Hypes
200 Racetrack Rd.
Fort Walton Beach, FL 32547

Alternative Resolution Center
11601 Wilshire Blvd., Ste 1950
Los Angeles, CA 90025

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 23, 2006, at Los Angeles, California.

_____
MJ Hayes

LAW OFFICES
M. Jonathan Hayes

8

Second Motion to Dismiss
Involuntary Case