# DOCKET NUMBER 41

1 | M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
2 | 21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
3 | Telephone: (818) 710-3656
Facsimile: (818) 710-3659
4 | jhayes@polarisnet.net

5 | Attorneys for Alleged Debtor Francis Lopez

FILED SD

06 MAR 27 PM 2: 11

CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF.

6

7

8 | ### UNITED STATES BANKRUPTCY COURT

9 | ### SOUTHERN DISTRICT OF CALIFORNIA

10 | ### SAN DIEGO DIVISION

11

12 | In Re:

13 | FRANCIS J. LOPEZ,

14 | Alleged Debtor

CASE NO. 05-05926-PBINV

**Involuntary Chapter 7**

**NOTICE OF MOTION AND MOTION OF ALLEGED DEBTOR FOR A PROTECTIVE ORDER PURSUANT TO FRCP 26(c) AND TO QUASH SUBPOENA; DECLARATIONS OF M. JONATHAN HAYES AND FRANCIS J. LOPEZ**

Date: April 3, 2006
Time: 11:00 a.m.
Ctrm: 4

23 | TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY

24 | JUDGE, TO PETITIONING CREDITOR ALAN STANLY AND ALL INTERESTED

25 | PARTIES:

26

27

28

LAW OFFICES
M. Jonathan Hayes

Motion for Protective Order

# I.

## **INTRODUCTION**

Francis J. Lopez and the petitioning creditor Alan Stanly have been involved in significant litigation against each other since before the bankruptcy filing of their entity Prism Advanced Technologies, Inc. ("Prism").  This litigation has been bitterly fought for the past two years and is now pending in Superior Court between the parties, namely Lopez v Stanly, Case No. GIN029692, filed on May 14, 2003, San Diego Superior Court, North County.  In that matter, Mr. Lopez is suing Mr. Stanly for numerous causes of action, including invasion of privacy, breach of fiduciary duty, trespass and identity theft.  Mr. Stanly filed a cross-complaint, of course.

Recently, in a second case, Mr. Stanly was successful in obtaining a judgment against Mr. Lopez for approximately $50,000 relating to a guarantee both had made to Union Bank of a Prism loan.  This involuntary chapter 7 petition is simply an extension of the litigation and a new strategy by Mr. Stanly to cause as much business and personal pain to Mr. Lopez as possible.

In any event, Mr. Lopez has been a permanent resident of Florida since July, 2003 when he and his family moved there from California.  He owns a residence in Florida and is employed there.  None of his creditors other than Stanly have any particular nexus to California.

On or about March 16, 2006, nearly nine months after the involuntary petition was filed, and after a number of communications between counsel, counsel for the petitioning creditor unilaterally decided that Mr. Lopez' deposition would go forward in San Diego even though Mr. Lopez lives and works in Florida and even though Mr. Hayes, his counsel lives and works in Los Angeles.  A short letter and a subpoena were emailed to Mr. Hayes advising that Mr. Lopez was therefore required to appear in San Diego on April 14, 2006.  A copy of the letter and Subpoena are attached hereto as **Exhibit "A."**  The date was agreed to by the parties but Mr. Lopez required that the location be in Florida.

Mr. Lopez has only been to California a few times at most in the last three years.  It

1  is incredibly unfair that he must defend against this spurious involuntary proceeding in any

2  event but to require him to travel 3,000 miles to have his deposition taken is over the top.

## II.

### STATUTORY BASIS FOR PROTECTIVE ORDER

Federal Rule of Civil Procedure 26 "General Provisions Governing Discovery; Duty of Disclosure" states in subpart c:

**(c) Protective Orders.**

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

. . .

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

1    The Subpoena requires Mr. Lopez to travel 3,000 miles so that *Mr. Keehn will not*

2   *be inconvenienced* by having to travel to Florida. There is no other reason for the

3   deposition to take place here. Certainly no reason is offered or was ever discussed. The

4   cases cited by Mr. Keehn in his March 16, 2006 letter are inapposite. In *U.S. v.*

5   *$160,066.98 from Bank of America*, 202 F.R.D. 624 (S.D.Cal.,2001), the parties seeking

6   the protective order asked the court to order the depositions to go forward in Pakistan *even*

7   *though they had filed their claims in the California action*. The court said:

8        "While a court may order a defendant to appear at any convenient

9        place, case law indicates that 'it will be presumed that the defendant will be

10       examined at his residence or place of business or employment.' " *Farquhar,*

11       116 F.R.D. at 72 (citations omitted). In the absence of special

12       circumstances, "a party seeking discovery must go where the desired

13       witnesses are normally located." *Id.* Underlying that general rule "appears to

14       be the concept that it is plaintiffs who bring the lawsuit and who exercise the

15       first choice as to the forum. The defendants, on the other hand, are not

16       before the court by choice.

17

18   The residence and place of employment is Florida. Mr. Lopez has not chosen the

19   court or the venue. In fact, he moved early in this case for an order transferring the case to

20   Florida which was denied. No "special circumstance" have been shown nor any offered

21   other than the convenience to Mr. Keehn. Mr. Lopez is not before this court by choice.

22       In *Benchmark Design, Inc. v. BDC, Inc.*, 125 F.R.D. 511 (D.Or.,1989), a one page

23   decision, the court stated: "On a motion for a protective order, the court should balance

24   the costs and burdens to each side." Mr. Lopez will probably find an attorney to represent

25   him in Florida just for the deposition. The cost of going forward there to him is nominal

26   compared to the cost of coming to California, missing work for a few days, lodging, being

27   away from his wife and children.

28       See also, *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362

1   (D.Conn.,2005)(The convenience of counsel is less compelling than any hardship to the

2   witnesses, when determining the location of a deposition, for purpose of a motion for

3   protective order to change the location in the deposition notice.  Plaintiff has the

4   affirmative burden of demonstrating peculiar circumstances which compel the court to

5   order the depositions to be held in an alternate location.); *O'Sullivan v. Rivera*, 2004 WL

6   3413116 (D.N.M.,2004) (An out-of-state deponent is under no obligation to travel to the

7   location where the case was filed for a deposition).  There are no peculiar circumstances

8   shown or even offered.

9         It is the burden of the petitioning creditor to show compelling circumstances why

10  Mr. Lopez should be forced to travel to San Diego for his deposition.  They offered no

11  explanation whatsoever in their letter demanding that he appear.

12

13                                        **III.**

14  **THE SUBPOENA REQUESTS DOCUMENTS WHICH ARE IRRELEVANT,**

15  **PRIVILEGED OR VIOLATE MR. LOPEZ' RIGHT TO PRIVACY**

16         The court previously granted the motion of the debtor to bifurcate the trial as to

17  number of creditors in the first instance and generally paying his debts as they become due

18  in the second instance.  The single petitioning creditor was claiming that there were fewer

19  than twelve creditors.   The court at that time stated on the record that discovery would be

20  limited to the number of creditors until trial resolved that issue.

21         The subpoena however requires Mr. Lopez to produce written agreements with his

22  employer Noveon Systems, Inc. and "any and all licensing agreements" between the two in

23  Request 1.  This could not relate to establishing that the number of creditors were fewer

24  than 12.  The subpoena seeks copies of Mr. Lopez' tax returns in Request 2.  It seeks

25  documents relating to the payments by Mr. Lopez to his attorneys in Request 4. It seeks

26  documents which support Mr. Lopez' assertion that the petition was filed in bad faith in

27  Request 8.

28

1  These requests should be quashed and/or a protective order entered prohibiting Mr.

2  Stanly from making those demands. The tax returns are privileged as are the payments to

3  his counsel. Request Nos. 1 and 8 are outside of the boundaries that the court has

4  previously set for discovery.

5

6  **IV.**

7  **CONCLUSION**

8  Alleged Debtor prays that this court issue its order that the deposition of Francis

9  Lopez must take place in Florida, that Requests Nos. 1, 2, 4 and 8 are prohibited, and that

10  Mr. Stanly may not propound any discovery beyond the issue of number of creditors on the

11  date of the filing of the involuntary petition, and for other orders which are just.

12

13  Dated: March 2006                    Respectfully submitted

14

15                                    By: _____

16                                    M. Jonathan Hayes

17                                    Attorney for Alleged Debtor Francis
                                      Lopez

18

19

20  Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011

21  that the relief provided by the order is the relief granted by the court.

22

23  Submitted by:

24

25  By: _____

26  M. Jonathan Hayes

27  Attorney for Francis J. Lopez

28

# DECLARATION OF FRANCIS LOPEZ

I, Francis Lopez, declare and state as follows:

1. I am the alleged debtor in this involuntary proceeding. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I have been a permanent resident of Florida since July, 2003 when I and my family moved there from California. We own a residence in Florida and I am employed there. I have no plans to travel to California except to appear at the trial in this case. I will probably retain counsel in Florida for the deposition.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this __th day of March, 2006 at Destin, Florida.

By:_____
       Francis J. Lopez

### DECLARATION OF FRANCIS LOPEZ

I, Francis Lopez, declare and state as follows:

1. I am the alleged debtor in this involuntary proceeding. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I have been a permanent resident of Florida since July, 2003 when I and my family moved there from California. We own a residence in Florida and I am employed there. I have no plans to travel to California except to appear at the trial in this case. I will probably retain counsel in Florida for the deposition.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this 27 th day of March, 2006 at Destin, Florida.

By: _____
Francis J. Lopez

1
2          **DECLARATION OF M. JONATHAN HAYES**
3
4          I, M. Jonathan Hayes, declare and state as follows:

5          1.  I am an attorney, authorized to practice before this court.  I have personal

6   knowledge of the facts stated herein, and if called as a witness, I could and would testify

7   competently thereto.

8          2.  Attached hereto as Exhibit A is a true and correct copy of the letter I received

9   from Mr. Keehn's office with the Subpoena attached.

10         3.  I agreed with Mr. Keehn to the date of April 14, 2006 for the deposition but

11  made it clear that the deposition would have to take place in Florida.

12

13         I declare under penalty of perjury that the foregoing is true and correct to the best of

14  my knowledge, information and belief.  Executed on this 23th day of March,  2006 at

15  Woodland Hills, California.

16

17

18                                    By: _____

19                                        M. Jonathan Hayes

20

21

22

23

24

25

26

27

28

# ROBBINS & KEEHN
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

ARLINGTON RAY ROBBINS
(1932-2004)

L. SCOTT KEEHN
MICHAEL V. PUNDEFF
CHARLES F. ROBBINS
SARAH H. LANHAM
LISA L. KEEHN

2400 UNION BANK BUILDING
530 "B" STREET
SAN DIEGO, CALIFORNIA 92101

TELEPHONE (619) 232-1700
TELECOPIER (619) 544-9095

March 16, 2006

## < VIA EMAIL, AND U.S. MAIL >

M. Jonathan Hayes
Law Office of M. Jonathan Hayes
21800 Oxnard Street, Suite 840
Woodland Hills, California  91367
Email: jhayes@polarisnet.net

Re:    **DEPOSITION OF FRANCIS LOPEZ**
*In Re Francis Lopez* (Case No. 05-05926-PBINV; Southern District of California)

Dear Mr. Hayes:

Thank you for your email yesterday in which you informed me that your client, Francis Lopez, is available for a deposition on Friday April 14, 2006.  Based on that, we have issued the enclosed subpoena to Mr. Lopez, scheduling his deposition for Friday April 14, 2006 at 1:00p.m. in our offices.

I know you stated that Mr. Lopez had "no present plans to come to the west coast except possibly to attend the trial in this matter," but our research confirms that courts will compel an out-of-state party to appear for a deposition in the jurisdiction where the action is pending where, as here, both parties have retained local counsel, and the action involves business conducted in the jurisdiction where the action is pending.  *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 627-628 (S.D.Cal. 2001); *Benchmark Design, Inc. v. BDC, Inc.*, 125 F.R.D. 511, 512 (D.Or. 1989).  Given that strong authority, we believe it is both reasonable and appropriate for Mr. Lopez to attend his deposition at our offices in San Diego – the jurisdiction where this action is pending.

Feel free to contact me if you have any questions, or need to discuss this matter further.

Sincerely,

Leslie F. Keehn
For
**ROBBINS & KEEHN, APC**

cc:    Client (via e-mail only)
*106015/LFK/5311.01*

EX-A

1   L. Scott Keehn, SBN 61691
    **ROBBINS & KEEHN, APC**
2   530 B Street, Suite 2400
    San Diego, California 92101
3   Telephone:    619-232-1700
    Facsimile:    619-544-9095
4

5   **Attorneys for Petitioning Creditor,**
    **Alan Stanly**
6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  **In re:**                          )   **CASE NO.  05-05926-PBINV**
                                        )
12                                      )   **Involuntary Chapter 7**
    **FRANCIS J. LOPEZ,**               )
13                                      )
                                        )   **NOTICE OF SUBPOENA IN A CASE**
14                                      )   **UNDER THE BANKRUPTCY CODE OF**
                                        )   **FRANCIS J. LOPEZ; NOTICE OF**
15          **Alleged Debtor.**         )   **DEPOSITION; AND DEMAND FOR**
                                        )   **PRODUCTION OF DOCUMENTS**
16                                      )
                                        )   **Judge:    Hon. Peter W. Bowie**
17                                      )   **Dept.:     Four**
                                        )
18                                      )
                                        )
19

20  TO:     ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:

21          **NOTICE IS HEREBY GIVEN THAT,** pursuant to Rule 45 of the Federal Rules Of Civil

22  Procedure, made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy

23  Procedure, and the "Subpoena In a Case Under the Bankruptcy Code" (a copy of which is attached

24  hereto marked "Exhibit 1" and incorporated herein by this reference), Petitioning Creditor Alan

25  Stanly ("Stanly") will take the deposition of Alleged Debtor Francis J. Lopez ("Lopez"), whose

26  last known address is 310 Sand Myrtle Trail, Destin, Florida 32541-3429, on Friday April 14,

27  2006, at 1:00p.m. at the offices of Robbins & Keehn, APC, located at 530 B Street, Suite 2400,

28  San Diego, California 92101.  The deposition will be conducted before a certified shorthand

*(left margin, vertical text)* ROBBINS & KEEHN, APC ATTORNEYS AT LAW 2400 UNION BANK BUILDING · 530 "B" STREET SAN DIEGO, CALIFORNIA 92101 TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

106020/CKL/5311.01

1  reporter, or other person authorized by the laws of the United States to administer oaths. If not

2  completed on the date specified, the deposition will continue from day to day thereafter, except for

3  Sundays and holidays, until completed.

4     Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable to

5  these proceedings by Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure,

6  Stanly reserves the right to make both audio and video recordings of this deposition, in addition to

7  stenographic recording.

8     **PLEASE TAKE FURTHER NOTICE THAT**, at the time and place of the deposition,

9  Lopez is commanded to produce to Stanly the documents identified in Exhibit A to the attached

10  subpoena.

11

12  Dated: March 16, 2006        **ROBBINS & KEEHN**
                 A Professional Corporation

13

14

15               By:  ~L. Scott Keehn~

16                   L. Scott Keehn
                 **Attorneys for Petitioning Creditor**

17                   **Alan Stanly**

18

19

20

21

22

23

24

25

26

27

28

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9905

106020/CKL/5311.01

# EXHIBIT 1

B 256 (11/91)

# United States Bankruptcy Court

### __Northern__ District of __Florida__

In re    __FRANCIS J. LOPEZ__,
                    Alleged Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1]    __05-05926-PBINV__

United States Bankruptcy Court for the Southern District of
California

To: __FRANCIS J. LOPEZ__                    Chapter    __7__

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify
in the above case.

| PLACE OF TESTIMONY   N/A | COURTROOM   N/A |
| --- | --- |
|  | DATE AND TIME   N/A |

☒  YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION    ROBBINS & KEEHN<br>530 "B" Street, Suite 2400<br>San Diego, CA  92101 | DATE AND TIME   April 14, 2006<br>1:00 p.m. |
| --- | --- |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

### SEE EXHIBIT "A"

| PLACE<br>Robbins & Keehn, APC<br>530 "B" Street, Suite 2400, San Diego, CA  92101 | DATE AND TIME<br>April 14, 2006<br>1:00 p.m. |
| --- | --- |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   N/A | DATE AND TIME   N/A |
| --- | --- |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in
proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>_L. Scott Keehn_  Attorneys for Petitioning Creditor | DATE<br>3/16/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
L. Scott Keehn, Esq., ROBBINS & KEEHN, APC, 530 "B" Street, Suite 2400,
San Diego, CA  92101, 619-232-1700

---

[1]    If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case
number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      | 310 Sand Myrtle Trail<br>Destin, FL 32541-3429 |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        | Personally        |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                              DATE                                                    SIGNATURE OF SERVER

Advanced Investigations
ADDRESS OF SERVER
24 Racetrack Rd. NW
Ft. Walton Beach, FL 32547

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## EXHIBIT "A"
## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

## DEFINITIONS

*The following capitalized terms and definitions shall apply to the request for documents herein:*

A.    "DOCUMENT" means all originals — and any copies that differ in any way from the original — of all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic recording, photograph, photostat, photocopy, printing, tape, transcription of spoken language or other record of spoken language, typewriting, writing or any other means as defined in Federal Rule of Evidence 1001, and includes, without limitation, accountant's statements, agreements, appointment books, analyses, architectural plans and drawings, bank statements, bills, blueprints, books, building plans, business records, cablegrams, calendars, cards, checks, change orders, charts, claim files, hard copy computer printouts, computer tapes, contracts, correspondence, credit memoranda, diaries, documents, emails, equipment specifications, expense accounts, facsimiles, file cards, films, financial statements and reports, handwritten notes, invoices, installation drawings or schematics, journals, ledgers, letters, logs, memoranda, memorials in any form of conversations (including telephone conversations), minutes, notes, notices, pamphlets, papers, personnel records, presentations, purchase orders, rate cards, receipts, recordings, reports, telegrams and any other pertinent information set forth in written language or any electronic representation thereof, and any copies of such material if you do not have control or possession of the original.

The term "DOCUMENT" also includes information stored by computer or on a computer disk, diskette, tape or card, as well as any electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar recording of words, images, sounds, pictures or information of any kind.

The term "DOCUMENT" also includes any and all drafts of, amendments, or supplements to any of the foregoing, whether prepared by you or any other person, as well as copies of the documents that differ from the copy being produced (*e.g.*, a different copy is one that contains handwritten notes, interlineations, underlining and the like).

B.    "LOPEZ" refers to Francis J. Lopez, the Alleged Debtor herein.

C.    "PERSON" means any individual (natural person), corporation, organization, association, partnership, limited partnership, limited liability company, firm, joint venture, trust, governmental body, agency, governing board, department or division, or any other entity.

D.    "RELATIVE" means any individual related to YOU by affinity or consanguinity within the third degree as determined by common law, or any individual in a step or adoptive relationship with YOU within such third degree.

D.    "STANLY" refers to Alan Stanly, the Petitioning Creditor herein.

E.    "YOU" and "YOUR" refer to Francis J. Lopez, the Alleged Debtor herein, and shall include, wherever applicable, any agents, employees, representatives, attorneys and/or any

106028/LFK/5311.01

## EXHIBIT "A"
## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

PERSON acting on his behalf.

F.      "YOUR ANSWER" means and refers to the Answer of Alleged Debtor to Involuntary Petition dated September 6, 2005, and filed in this proceeding on or about September 7, 2005.

G.      "YOUR CREDITORS" means and refers to the PERSONS identified as LOPEZ's creditors on Exhibit A to the "Declaration of Francis J. Lopez Re Creditors (Filed as a Supplement to Answer to Involuntary Petition) filed in this proceeding on or about September 19, 2005.

H.      The singular shall be interchangeable with the plural, the masculine, feminine, and neuter shall be interchangeable, and the terms "and" and "or" shall be both conjunctive and disjunctive.

### INSTRUCTIONS

This Document Request covers all DOCUMENTS in YOUR possession, custody or control, or in the possession, custody or control of YOUR agents, employees, officers, directors, independent contractors, attorneys, accountants, representatives, or RELATIVES wherever located.

### DOCUMENTS TO BE PRODUCED

1.      True and correct copies of any and all written agreements between YOU and Noveon Systems, Inc.  This request includes, but is not limited to, any and all license agreements between YOU and Noveon Systems, Inc.

2.      Any and all tax returns YOU filed for the 2001 and 2004 calendar years.  Please note that the California state law privilege against disclosure of an individual's tax returns does not apply in federal actions.  *Young v. U.S.* 149 F.R.D. 199, 200 (S.D.Cal. 1993).  Moreover, since LOPEZ has already produced copies of his 2002 and 2003 personal tax returns, any applicable privilege against disclosure of additional tax returns has been waived.  *Id.* at 205.

3.      Any and all DOCUMENTS evidencing any and all payments YOU have made to any of the following PERSONS during the time period of June 30, 2005 through the present:
   (a)     Progressive Insurance (identified as one of YOUR CREDITORS)
   (b)     Coastal Community Insurance (identified as one of YOUR CREDITORS)
   (c)     Quicken Platinum Card (identified as one of YOUR CREDITORS)
   (d)     Okaloosa Gas District (identified as one of YOUR CREDITORS)
   (e)     Northwest Florida Daily News (identified as one of YOUR CREDITORS)
   (f)     Kelly Plantation Owners Association (identified as one of YOUR CREDITORS)
   (g)     Allstate Floridian (identified as one of YOUR CREDITORS)

106028/LFK/5311.01

## EXHIBIT "A"
## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

(h)  Texaco/Shell (identified as one of YOUR CREDITORS)
(i)  Bank of America (identified as one of YOUR CREDITORS)
(j)  Verizon Wireless (identified as one of YOUR CREDITORS)
(k)  Cox Communications (identified as one of YOUR CREDITORS)
(l)  Union Bank of California (identified as one of YOUR CREDITORS)
(m)  Bankcard Services (identified as one of YOUR CREDITORS)
(n)  Cingular Wireless (identified as one of YOUR CREDITORS)
(o)  Wayne Wise (identified as one of YOUR CREDITORS)
(p)  Valley Forge Life Insurance (identified as one of YOUR CREDITORS)
(q)  American Home Shield (identified as one of YOUR CREDITORS)
(r)  Citi Cards (identified as one of YOUR CREDITORS)
(s)  Household Bank / HSBC (identified as one of YOUR CREDITORS)
(t)  American Express (identified as one of YOUR CREDITORS)
(u)  Ft. Walton Beach Medical Center (identified as one of YOUR CREDITORS)

4.    Any and all DOCUMENTS evidencing any and all payments YOU have made for legal services during the time period of June 30, 2004 through the present. This request includes, but is not limited to, Any and all checks YOU issued to YOUR attorneys to pay for legal services.

5.    Any and all DOCUMENTS evidencing any and all loan payments YOU have made to RELATIVES during the time period of June 30, 2004 through the present. This request includes, but is not limited to, true and correct copies of checks YOU issued to YOUR RELATIVES to repay loans YOU obtained from YOUR RELATIVES.

6.    Any and all DOCUMENTS evidencing any and all loan payments YOU have made to any PERSON (other than a RELATIVE) during the time period of June 30, 2004 through the present. This request includes, but is not limited to, true and correct copies of checks YOU issued to repay loans YOU obtained (from any PERSON other than a RELATIVE) .

7.    Any and all DOCUMENTS which YOU believe support YOUR claim that the judgment debt STANLY alleges YOU owe to STANLY is "subject to a bona fide dispute" as alleged in Paragraph 6 of YOUR ANSWER.

8.    Any and all DOCUMENTS which YOU believe support YOUR claim that the involuntary petition filed herein "was filed in bad faith" as alleged in Paragraph 7 of YOUR ANSWER.

9.    Any and all DOCUMENTS which YOU believe establish that the debt of $69.30 which YOU allegedly owe to petitioning creditor Northwest Florida Daily News is disputed.

10.    Any and all DOCUMENTS which YOU believe establish that the debt of $1,575 which YOU allegedly owe to petitioning creditor Alternative Resolution Center is disputed.

106028/LFK/5311.01

PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On March 23, 2006, I served the within documents:

            by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

            by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

            by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

            by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
Sarah H. Lanham
**ROBBINS & KEEHN, APC**
530 B Street, Suite 2400
San Diego, CA 92101
AND BY EMAIL

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 23, 2006, at Los Angeles, California.

_____
MJ Hayes