# DOCKET NUMBER 42

1  L. Scott Keehn (61691)
   **ROBBINS & KEEHN, APC**
2  A Professional Corporation
   530 "B" Street, Suite 2400
3  San Diego, California 92101
   Telephone: (619) 232-1700
4
   Attorneys for **Moving Creditor, ALAN STANLY**
5

6              **UNITED STATES BANKRUPTCY COURT**

7              **SOUTHERN DISTRICT OF CALIFORNIA**

8                     **SAN DIEGO DIVISION**

9
                                    )  Case No. 05-05926-PBINV
10                                   )
   In Re:                            )  Involuntary Chapter 7
11                                   )
        FRANCIS J. LOPEZ             )
12                                   )  **ALAN STANLY'S MEMORANDUM OF**
        Alleged Debtor               )  **POINTS AND AUTHORITIES IN**
13                                   )  **OPPOSITION TO MOTION FOR**
                                     )  **PROTECTIVE ORDER AND TO QUASH**
14                                   )  **SUBPOENA**
                                     )
15                                   )  **Date:** April 3, 2006
                                     )  **Time:** 11:00 a.m.
16                                   )  **Ctrm:** 4
                                     )
17                                   )
   _____  )
18

19                          **I**

20                   **INTRODUCTION**

21        Lopez's Motion for a Protective Order fails to address the appropriate legal standard for

22  compelling a party to travel to the jurisdiction where the action is pending, and misstates the facts

23  pertaining to the parties' discussions regarding Lopez's position on traveling to California to

24  attend his deposition.

25        Lopez's Motion incorrectly states that during the meet and confer process pertaining to

26  Lopez's deposition, "Mr. Lopez **required** that the [deposition] location be in Florida."[1]  This

27

28        [1]     See, Motion for Protective Order, page 2, line 27 (emphasis added).

                              -1-                          106217/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

statement is not accurate, as reflected in the letter from Stanly's counsel to Lopez's counsel, attached as Exhibit A to Lopez's Motion, which precisely quotes Lopez's position on traveling to San Diego: "Mr. Lopez has **no present plans to come to the west coast** except possibly to attend the trial in this matter." [emphasis added.] Lopez never specifically stated he would refuse to travel to San Diego for his deposition, and/or that Lopez was not able to travel to San Diego for some reason. Indeed, given Lopez's continuing ties to San Diego – including his pending litigation (at least three state actions) and business activities – it appears reasonable for Lopez to expect to travel to San Diego on a somewhat regular basis. For example, Lopez's Motion correctly states that Lopez and Stanly have been involved in litigation with each other for the past few years. And significantly, three of those cases were filed by Lopez (two San Diego Superior Court actions, and one San Diego appeal), and all of the cases were filed in various courts in San Diego County. These matters have not concluded, and therefore Lopez must anticipate future travels to San Diego. Against this background, Lopez offers no affirmative reason why his traveling to San Diego imposes a greater burden upon him than the burden that would be imposed upon the petitioning creditor of having both Mr. Stanly and his attorney travel to Florida to conduct the deposition. That leaves nothing for the Court to balance against the petitioning creditor's burden, when the Court performs the "*balancing test*" required by the Federal Rules, and the balance necessarily tilts in favor of compelling the deposition to be conducted in California.[2]

## II

## LOPEZ'S MOTION FAILS TO ESTABLISH THAT CONDUCTING HIS DEPOSITION IN SAN DIEGO WOULD BE UNDULY BURDENSOME

Rule 26 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, requires that a party moving for a protective order demonstrate that the requested discovery would be "unduly burdensome."[3]

---

[2]    Petitioning creditors have already communicated their willingness to conduct the deposition in the offices of Mr. Lopez's attorney, rather than their own if need be.

[3]    *Benchmark Design, Inc. v. BDC, Inc.*, 125 F.R.D. 511, 512 (D.Or. 1989); *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D.Cal. 2001) ("The burden is on the person seeking the protective order to demonstrate good cause").

106217/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

1   To meet its burden, the moving party must establish that the requested discovery will result in

2   "more than some expense or difficulty, especially in the case of a party to the action." [4]  The

3   moving party must provide specific factual evidence to support his objections, and "conclusory

4   allegations regarding expense and inconvenience" are not sufficient. [5]

5       Lopez ignores his burden and provides nothing but irrelevant statements and patently

6   "*conclusory allegations*" to support his Motion.  He first asserts that none of his creditors "*have*

7   *any particular nexus to California*." [6]  Even if that were true – which it is not – it has no bearing

8   on the alleged burden on Lopez in traveling to California for a deposition.  Next, he complains

9   that it would be "*incredibly unfair*" to require Lopez to come back to San Diego for his deposition

10  — leaving unanswered the question: Why?  None of his statements are supported by any specific

11  facts other than a reiteration of his residential status – he currently lives in Florida with his wife

12  and children, and works in Florida with his wife at the business they started together.  So why is

13  that a legally cognizable burden?  Simply put, he invites the Court to speculate about facts as to

14  which he is unwilling to testify.  The Court should decline that invitation.[7]  Without more, the

15  meager facts disclosed do not even come close to demonstrating that Lopez would suffer the

16  requisite "undue burden" if he were required to attend his deposition in San Diego.[8]  Even the

17  case Lopez cites in his own Motion (at page 4, line 28) emphasizes that a party must fully

18  "*describe any peculiar reasons*" why the party should not be compelled to travel to a deposition

19  scheduled by the other party.[9]  Lopez has failed to do that here, and his Motion must therefore be

20  denied.[10]

21

22      [4]     *Id.*

23      [5]     *Id.*

24      [6]     See, Motion for Protective Order, page 2, lines 18-19.

25      [7]     See, Motion for Protective Order, page 4, lines 18 -20 & 25-27.

26      [8]     *Benchmark Design, Inc. v. BDC, Inc.*, supra, 125 F.R.D. at 512.

27      [9]     *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D.Conn. 2005).

28      [10]    *Id.*

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

106217/LFK/5311.01

1    Finally, Lopez asserts that the present involuntary bankruptcy petition filed against him is
2    "spurious" and therefore requiring Lopez to travel to the jurisdiction where the petition is pending
3    "*is over the top*".[11]  Again, Lopez's hyperbolic rhetoric is unsupported by any evidence.  More
4    importantly, it has no bearing on the standard for a protective order under FRCP 26.

### III

### LOPEZ'S DEPOSITION SHOULD BE CONDUCTED IN CALIFORNIA–
### THE JURISDICTION WHERE THE ACTION IS PENDING, AND WHERE ALL
### ATTORNEYS OF RECORD CAN EASILY ATTEND

9    An out-of-state party will be compelled to appear for a deposition in the jurisdiction where
10   the action is pending where, as here, both parties have retained local counsel, and the action
11   involves business conducted in the jurisdiction where the action is pending.[12]

12   In this case, it would be more efficient and cost-effective for Lopez to travel to California.
13   Stanly and his counsel are prepared to travel to the office of Lopez's attorney in Woodland Hills.
14   That is far more equitable and reasonable than requiring Stanly to pay for himself and his San
15   Diego counsel to fly to Florida to conduct the deposition.[13]  The involuntary petition was filed
16   against Lopez in San Diego, based on claims arising from Lopez's business activities in San
17   Diego.  Two of the three petitioning creditors are located in San Diego.  Thus California is the
18   proper place to conduct the deposition.[14]

### IV

### DOCUMENT REQUESTS 1, 2, 4 & 8 ARE PROPER

21   Lopez objects to Requests 1, 2, 4 and 8 of the Request for Production of Documents
22   included with the Deposition Subpoena.  The objections are improper and should be overruled.
23   Request 1 requires production of:

---

[11]    See, Motion for Protective Order, page 3, lines 1-2.

[12]    *U.S. v. $160,066.98 from Bank of America*, supra, 202 F.R.D. at 627-628; *Benchmark Design, Inc. v. BDC, Inc.*, supra, 125 F.R.D. at 512.

[13]    *U.S. v. $160,066.98 from Bank of America*, supra, 202 F.R.D. at 628.

[14]    *Id.* at 627.

106217/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

1
2
3

> True and correct copies of any and all written agreements between YOU and Noveon Systems, Inc.  This request includes, but is not limited to, any and all license agreements between YOU and Noveon Systems, Inc.

4  This Request is appropriate given that Lopez already agreed and promised to produce these

5  documents at his Judgment Debtor Exam, conducted on May 9, 2005.  See, Exhibit 5 to

6  Declaration of Alan Stanly.

7          Request 2 requires production of: "Any and all tax returns YOU filed for the 2001 and

8  2004 calendar years."

9          Lopez's only objection to this Request is that tax returns are "*privileged*" and therefore

10  protected from disclosure during discovery.  Lopez's objection does not address the rule that the

11  California state law privilege against disclosure of an individual's tax returns does not apply in

12  federal actions of this type (i.e. where Federal law provides the rule of decision).[15]  Lopez has

13  already voluntarily produced copies of his 2002 and 2003 personal tax returns, and agreed to

14  produce copies of his 2004 tax returns once those had been prepared/filed.  See, Exhibit 5 to

15  Declaration of Alan Stanly.  Based on that, any applicable privilege against disclosure of

16  additional tax returns has been waived.[16]

17          Request 4 requires production of:

18
19
20

> Any and all DOCUMENTS evidencing any and all payments YOU have made for legal services during the time period of June 30, 2004 through the present.  This request includes, but is not limited to, Any and all checks YOU issued to YOUR attorneys to pay for legal services.

21  This Request properly seeks documentary evidence relevant to Stanly's accurate

22  assessment of Lopez's creditors.

23          Request 8 requires production of:

24
25

> Any and all DOCUMENTS which YOU believe support YOUR claim that the involuntary petition filed herein "was filed in bad faith" as alleged in Paragraph 7 of YOUR ANSWER.

26

27  [15]    *Young v. U.S.*  149 F.R.D. 199, 200 (S.D.Cal. 1993).

28  [16]    *Id.* at 205.

106217/LFK/5311.01

1    This Request is obviously calculated to lead to the discovery of admissible evidence, and is

2    essential to enable Stanly to rebut Lopez's asserted defense.

3                                                              **V**

4                                                     **CONCLUSION**

5    Like his companion Motion to Dismiss, this request for a Protective Order is a motion in

6    search of support.  At this stage of the 21st century, a requirement to travel across the continental

7    United States cannot be considered a per se "*undue burden*" upon a litigant.  In order to effectively

8    depose Lopez, someone must travel.  Conducting the deposition in the State of California confines

9    that imposition to a single person, and actually minimizes the expense burden of his deposition.

10   Conversely, forcing Stanly[17] and his counsel to fly to Florida doubles the burden and expense of

11   the unavoidable travel.  Lopez offers no evidence or explanation as to why the higher, rather than

12   the lesser, burden should be imposed.  That failure robs his Motion of all validity, and it must be

13   denied.

14

15   Dated: March 29, 2006                    **ROBBINS & KEEHN**
                                              A Professional Corporation
16

17

18                                           By:    //s// L. Scott Keehn
                                                    L. Scott Keehn
19                                                  Attorneys for Petitioning Creditor
                                                    Alan Stanly
20

21

22

23

24

25

26

27

28        [17]        Mr. Stanly's availability to assist counsel during the deposition is indispensable.

                                                     -6-                          106217/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995