# DOCKET NUMBER 47

L. Scott Keehn (61691)
**ROBBINS & KEEHN, APC**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

Attorneys for **Petitioning Creditor, ALAN STANLY**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

|  |  |
|---|---|
| In Re: | Case No. 05-05926-PBINV |
| FRANCIS J. LOPEZ | Involuntary Chapter 7 |
| Alleged Debtor | **VERIFIED *EX PARTE* APPLICATION FOR AN ORDER APPOINTING AN INTERIM TRUSTEE; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF LESLIE F. KEEHN** |
|  | **[11 U.S.C. §303(g)]** |
|  | **Judge:    The Honorable Peter W. Bowie**<br>**Dept.:    Four** |

**TO:    THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE:**

### I. VERIFIED APPLICATION

Pursuant to FRBP 2001(a) and 11 U.S.C. §303(g), Petitioning Creditor Alan Stanly ("Stanly") respectfully submits the following Verified *Ex Parte* Application for an Order Appointing an Interim Trustee. Stanly bases this Application on the following enumerated grounds, as well as the accompanying Memorandum of Points and Authorities, and Declaration of Leslie F. Keehn:

### IN SEVEN DAYS, THE DEBTOR INTENDS TO CLOSE THE PENDING SALE

### OF HIS ONLY SIGNIFICANT ASSET

1.    Stanly is aware of only one significant asset owned by alleged debtor Francis J.

106266/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING, 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

1   Lopez ("Lopez") – residential real property commonly known as 310 Sand Myrtle Trail, Destin,

2   Florida 32541 (the "Florida Property").

3       2.      On March 28, 2006 Stanly learned – for the first time – that the Florida Property

4   had been listed for sale on February 22, 2006, and that Lopez has found a buyer. **ESCROW IS**

5   **SCHEDULED TO CLOSE ON THE SALE OF THE FLORIDA PROPERTY NEXT**

6   **FRIDAY APRIL 7, 2006**. Stanly does not know the agreed-upon sale price, but the Florida

7   Property was listed at a sale price of $1,295,000. A true and correct copy of the Internet listing of

8   the Florida Property is attached hereto as Exhibit 1.

9       3.      Lopez failed to notify Stanly and/or this Court of either one of these critical facts:

10  (1) that the Florida Property had been listed for sale; and (2) that an escrow had been opened, and

11  is scheduled to close on Friday April 7, 2006.

12      4.      No mention of the listing and/or sale of the Florida Property was made at the status

13  conference held before this Court on March 20, 2006, even though at that point the Florida

14  Property had been on the market for approximately a month.

15      5.      The unsupervised liquidation of what may be the estate's only asset of consequence

16  is an extraordinary event. It heightens the risk of loss to the estate by converting a permanent and

17  immovable asset into a liquid and highly mobile asset which is capable of immediate dissipation.

18  **"PAST BEHAVIOR IS THE BEST PREDICTOR OF FUTURE BEHAVIOR"**[1]

19      6.      Lopez appears to be reacting to this Involuntary Petition in precisely the same way

20  he reacted in 2003 when his creditors had finally closed in on him, and were about to collect – he

21  conducted a secret sale of his residential real property (in Carlsbad, California), and absconded to

22  Florida with the proceeds, in violation of a court order and his own stipulation (as explained

23  below). His creditors first learned of Lopez's sale of his Carlsbad property when they attempted to

24  personally serve him with process in the pending litigation against him, and discovered the

25  property had been vacated and sold.

26      7.      Specifically, on June 26, 2003, creditor Union Bank of California filed a civil

27

28      [1]     Federal courts recognize "the truth of the axiom that past behavior is the best
        predictor of future behavior." *U.S. v. Crawford*, 372 F.3d 1048, 1071 (9th Cir. 2004).

106266/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

1   collection action against Lopez, Stanly and Prism Advanced Technologies, Inc. ("Prism") to

2   collect the outstanding balance on a bank loan of approximately $300,000 (*Union Bank of*

3   *California v. Lopez*, San Diego Superior Court Case Number GIN 030827). Union Bank had

4   loaned the money to Prism, and Lopez and Stanly, as Prism's officers, had each personally

5   guaranteed the loan.

6           8.     The same day (June 26, 2003), creditor Pacific Carlsbad Partners filed a civil

7   collection action against Lopez, Stanly and Prism to collect the outstanding balance on a

8   promissory note of approximately $40,000 (*Pacific Carlsbad Partners, LLC v. Prism Advanced*

9   *Technologies, Lopez and Stanly*, San Diego Superior Court Case Number GIC 813397). Pacific

10   Carlsbad Partners had loaned money to Prism, and Lopez and Stanly, as Prism's officers, had each

11   personally guaranteed the loan.

12           9.     In both collection actions, the creditors sought to attach the property of both Lopez

13   and Stanly as a prejudgment remedy pending the outcome of the actions. Toward that end, on July

14   3, 2003, Union Bank obtained a Temporary Protective Order against Lopez and Stanly in which

15   the Court, *inter alia*, specifically restrained Lopez from selling his residential real property

16   commonly known as 5461 Los Robles Drive, Carlsbad, California 92008 (the "Carlsbad

17   Property"). A true and correct copy of that Temporary Protective Order is attached hereto as

18   Exhibit 2.

19           10.    That same day (July 3, 2003), Lopez and Stanly each executed a "Stipulation for

20   Temporary Protective Order" in favor of Pacific Carlsbad Partners whereby Lopez and Stanly

21   promised not to sell their residential real property – including the Carlsbad Property – until at least

22   August 8, 2003, the date of the hearing on Pacific Carlsbad Partners' Application for Writ of

23   Attachment. A true and correct copy of that Stipulation is attached hereto as Exhibit 3.

24           11.    Four days later, on July 7, 2003, Lopez thumbed his nose at both Protective Orders

25   described above when – without notice to the California Superior Court, or any of his creditors –

26   he sold the Carlsbad Property for approximately $700,000 (approximately $50,000 below fair

27   market value) in a shortened escrow, and fled to Florida. A true and correct copy of the San Diego

28   County Recorder's Office transaction record of this sale is attached hereto as Exhibit 4.

106266/LFK/5311.01

12.    A scant eight days later, on July 15, 2003, Lopez had consummated the purchase of the Florida Property for approximately $745,000 (presumably with the purloined proceeds from the Carlsbad Property sale). That left Lopez living comfortably in Florida several weeks before the scheduled attachment hearing on August 8, 2003.

13.    Now the past is proving to be prologue to the future as the risk of history repeating itself looms largely as a threat to the efficacy of the bankruptcy process. Lopez has again secretly arranged for the sale of his residence – the only significant asset available to satisfy the claims of the creditors in this proceeding. And he would have gotten away with it *again*, but for the occurrence of one serendipitous event: on or about March 27, 2006, a process server, sent to personally serve Lopez with a Deposition Subpoena, discovered a For Sale sign on the Florida Property, and noted that it was vacant. This triggered Stanly's immediate investigation which revealed the even more alarming details of the impending escrow.

14.    If the sale is allowed to proceed without the supervision of a trustee, Lopez's bankruptcy estate may well be emptied of assets, and Lopez's creditors will be left empty-handed *again*.

15.    In order to preserve the assets of the estate, and assure a ratable distribution of available assets, an interim trustee must be appointed to fairly administer the proceeds of the sale of the Florida Property for the benefit of Lopez's creditors.

16.    Stanly is prepared to furnish a bond in an amount approved by this Court pursuant to FRBP 2001(b). In that connection, Stanly submits that the only damages Lopez may incur is the difference between the interest earned on the trustee's deposit account and other interest or investment opportunities available to Lopez. Absent contrary evidence submitted by Lopez, Stanly submits that the difference will be nominal.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to FRBP 2002(a) and 11 U.S.C. §303(g), an interim trustee may be appointed in an involuntary proceeding at any time before an order for relief is entered, where, as here, a trustee is "necessary to preserve the property of the estate or to prevent loss to the estate." Under exigent circumstances, an interim trustee may be appointed on an ex parte basis – even without notice to

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9005

106266/LFK/5311.01

1  the debtor and/or a hearing. *Matter of R. S. Grist Co.*, 16 B.R. 872 (Dist. Ct. S.D.Fla. 1982)

2  (without notice to the debtor or a hearing, the bankruptcy court properly granted an ex parte

3  application to appoint an interim trustee to preserve estate assets).

4      An interim trustee should be appointed where, as here, a debtor has demonstrated an intent

5  to dissipate an estate's only significant asset. *In re James Plaza Joint Venture*, 62 B.R. 959

6  (Bkrtcy. S.D.Tex. 1986) (interim trustee appointed where debtors were using the estate's only

7  asset – a fund of approximately $150,000 – to pay attorneys and accountants in connection with

8  State court proceedings). Here, Lopez is attempting to sell the only significant asset that would be

9  available to satisfy the claims of the creditors in this action – the Florida Property. Once that asset

10  is sold, it will not be available to the estate. Those exigent circumstances require the appointment

11  of an interim trustee. *Id.*

12      Luckily, this is not a situation like the one in 2003, where the horse had already left the

13  barn, and Lopez's creditors did not learn of the sale of his only asset until it was just exactly too

14  late. This time, there is just enough time to act – to put an interim trustee in place to insure that

15  Lopez is finally held to account, and his creditors receive ratable distribution. Stanly respectfully

16  requests that this Court do so by granting this Application.

17      **WHEREFORE**, Stanly respectfully requests that this Court:

18      1.    Enter an Order appointing an interim trustee to: (1) conduct the sale of the Florida

19  Property, and (2) preserve and appropriately administer the proceeds from the sale of the Florida

20  Property; and

21      2.    For such other and further relief as the court deems reasonable, just and proper.

22

23  Dated: March 30, 2006                **ROBBINS & KEEHN**
                                          A Professional Corporation
24

25

26                          By:    //s// L. Scott Keehn

27                                  L. Scott Keehn
                                    Attorneys for Petitioning Creditor
28                                  **ALAN STANLY**

                                    -5-                         106266/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

### III.  DECLARATION OF LESLIE F. KEEHN

I, Leslie F. Keehn, declare:

1.      I am an attorney with the law firm of Robbins & Keehn, APC, attorneys of record for Petitioning Creditor, Alan Stanly. I have personal knowledge of the facts stated herein.

2.      On March 30, 2006, at approximately 3:45 p.m., I called this Court to notify it of the filing of this *Ex Parte* Application.

3.      On March 30, 2006, at approximately 4:00 p.m., I called Lopez's attorney, Jonathan Hayes, to notify him of the filing of this *Ex Parte* Application. Mr. Hayes' office informed me that Mr. Hayes was not in the office, and I was transferred to his voicemail. I left Mr. Hayes a detailed message explaining that this *Ex Parte* Application would be electronically filed with this Court at some point during the evening of March 30, 2006. I further informed Mr. Hayes that the purpose of this *Ex Parte* Application is to obtain an order from this Court appointing an interim trustee to conduct the sale of Lopez's Florida Property. I further informed Mr. Hayes that my office would serve them with a copy of this *Ex Parte* Application via email and facsimile to Mr. Hayes' office.

4.      I personally arranged to fax copies of this *Ex Parte* Application to the United States Trustee, the other Petitioning Creditors, and Camille Collins (Lopez's listing agent for the sale of the Florida Property) on March 30, 2006 (immediately after the Application has been filed with this Court).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Declaration was executed on March 30, 2006 at San Diego, California.

//s// Leslie F. Keehn

**LESLIE F. KEEHN**

-6-

106266/LFK/5311.01

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING / 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

**VERIFICATION**

I, **ALAN STANLY** , declare:

I am over the age of eighteen (18) and am a Petitioning Creditor in these proceedings. I have read the foregoing "**VERIFIED *EX PARTE* APPLICATION FOR AN ORDER APPOINTING AN INTERIM TRUSTEE**" and know the contents thereof. Based upon my personal knowledge, I know that the factual matters stated in the "Verified Application" are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Verification was executed on March 30, 2006 at San Marcos, California.

//s// Alan Stanly
**ALAN STANLY**

-7-

106266/LFK/5311.01

# EXHIBIT 1

Free Home Listing Service | Buying and Selling | Postahouse.com     http://www.postahouse.com/buy_a_home/showdetail.aspx?id=78

**Post A House**

Search for a Property:   Select Your State        To Buy        Search

- Home
- Contact Us
- About Us

- Sell a Home
- Buy a Home

- Rent Your Property
- Rental Listings

- Cancel Listing

- Resources
- Home Selling Tips
- Mortgage Calculator

- Links Trade
- Link Partners

Do you have a home to sell?
Have your home listing displayed on PostaHouse.com. **List your home now.**

View Counter: 46

**Contact Information:**

House Owner: camille collins
Phone: 850 650 7293

✉ **Contact This Owner**

**Home Information:**

Address: 310 Sand Myrtle Trail
City: Destin   State: Florida   Zip: 32541

Description: A stunning custom home with all the features a family needs. It has a lovely foyer with an alabaster chandelier, gourmet kitchen, home office, and too many extras to list.A quality home, and the best value in Kelly Plantation, the most prestigious gated community in Destin.

🏠 **Tell a Friend**      🗺 **Map Direction**

      Image Not Available      Image Not Available

      

Date Post: 2/22/2006 10:25:56 AM   Price: $1,295,000.00

Beds: 5   Baths: 3.5   Garage: 2   Sq feet: 4000 - 5000   Years built: 1997



Copyright © 2006 PostaHouse.com - All Rights Reserved.

1 of 1                                                                                                                   3/29/2006 3:05 PM

# EXHIBIT 2

AT-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Jeffrey Isaacs (Bar No. 042622)
Gerald P. Kennedy (Bar No. 105887)
Procopio, Cory, Hargreaves & Savitch LLP
530 "B" Street, Suite 2100
San Diego, California 92101
TELEPHONE NO.: 619-515-3239    FAX NO.: 619-235-0398
ATTORNEY FOR (Name): Plaintiff Union Bank of California, N.A.

NAME OF COURT: San Diego Superior Court
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, California 92083
BRANCH NAME: North County Division

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

JUL 0 3 2003

BY: A. LUM

PLAINTIFF: UNION BANK OF CALIFORNIA, N.A., a National banking association
DEFENDANT: FRANCIS J. LOPEZ, ALAN STANLY, and DOES I through IV, inclusive

**TEMPORARY PROTECTIVE ORDER**

CASE NUMBER:
GIN 030827

1. The court has considered the application of plaintiff for
    a. [X] a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
    b. [ ] an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

**FINDINGS**

2. THE COURT FINDS
    a. Defendant is a [X] natural person [ ] partnership [ ] unincorporated association [ ] corporation
       [ ] other (specify):
    b. The amount sought to be secured by the attachment under the application for the right to attach is: $
    c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
    d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
    e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
    f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
       (1) [X] There is a danger that the property sought to be attached would be
           (a) [X] concealed.
           (b) [ ] substantially impaired in value.
           (c) [X] made unavailable to levy by other than concealment or substantial impairment in value.
       (2) [ ] Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
       (3) [ ] A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
       (4) [ ] An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
       (5) [X] Other circumstances: Plaintiff is informed defendants' real property located at 5461 Los Robles Drive, Carlsbad, California is currently listed for sale and that any proceeds from the sale may be concealed or otherwise made available to levy by other than concealment pending entry of judgment in the matter absent a temporary protective order.
    g. [X] The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
    h. Plaintiff must file an undertaking in the amount of: $ 10,000                  before a temporary protective order shall issue. _OTHER THAN THOSE NECESSARY FOR ORDINARY LIVING_ and plaintiff has filed an undertaking in that amount.                                                                _EXPENSES_ _HEREAFTER_ _INCURRED_
    i. The property subject to the following order is: The real property commonly known as 5461 Los  _BY_ Robles Drive, Carlsbad, California 92008, and the proceeds from the  _DEFENDANT_ refinancing of the real property distributed to Defendant Francis J. Lopez out  _NOW_ of Escrow No. 122817-SRW, at American Title Company, 1440 North Harbor Boulevard, Suite 108, Fullerton, CA  92836, on or about June 20, 2003.

(Continued on reverse)

Form Approved for Optional Use
Judicial Council of California
AT-140 [Rev. January 1, 2000]

**TEMPORARY PROTECTIVE ORDER**
(Attachment)

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 482.030, 486.010 et seq.

| SHORT TITLE: Union Bank v. Lopez, et al. | CASE NUMBER:<br>GIN 030827 |
|---|---|

2. j. [ ] The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary
course of business *(specify):*

k. [ ] Other *(specify):*

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.
   b. [ ] Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under
   the following restrictions:

   c. [ ] Other *(specify):*

   d. This order shall expire at the earliest of the following times:
      (1) when plaintiff levies upon specific property described in this order,
      (2) after *(date):*                                  , or
      (3) 40 days after the issuance of this order.

4. Number of pages attached: _____

Date: **JUL 0 3 2003**
**THOMAS P. NUGENT**

(TYPE OR PRINT NAME)

The foregoing instrument is a full, true and correct
copy of the original on file in this office.
Attest: **SEP 1 2 2003**
Clerk of the Superior Court of the State of California,
in and for the County of San Diego.
By_____ Deputy
E. GONZALEZ

▶ (SIGNATURE OF JUDGE OR COMMISSIONER)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.
a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for
the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and
   unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.
b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not
exceed the greater of the following:
   (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the
   attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).
c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from
transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of
the proceeds from such transfer.

---

| [SEAL] | **CLERK'S CERTIFICATE**<br>I certify that the foregoing is a correct copy of the original on file in my office.<br>Date:<br><br>Clerk, by _____ , Deputy |
|---|---|

AT-140 [Rev. January 1, 2000]                **TEMPORARY PROTECTIVE ORDER**                Page two
                                             (Attachment)

# EXHIBIT 3

1 | BARRY E. HAGER (SBN 137973)
  | M. ANDREW SCHNEIDER (SBN 219441)
2 | TREITLER & HAGER, LLP
  | 3737 Camino del Rio South, Suite 109
3 | San Diego, California 92108
  | Telephone: 619-283-1111
4 | Facsimile: 619-528-0746

F I L E D
Clerk of the Superior Court

JUL 03 2003

By: SCOTT SEYLER, Deputy

5 | Attorneys for Plaintiff PACIFIC CARLSBAD PARTNERS, LLC

6

7

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |               IN AND FOR THE COUNTY OF COUNTY OF SAN DIEGO

10

11 | PACIFIC CARLSBAD PARTNERS, LLC,            )       Case No. GIC 813397
   | a California Limited Liability Company,     )
12 |                                             )
   |                   Plaintiff,                )       **STIPULATION FOR TEMPORARY**
13 |                                             )       **PROTECTIVE ORDER**
   |         vs.                                 )
14 |                                             )
   | PRISM ADVANCED TECHNOLOGIES,                )       Date: July 3, 2003
15 | INC., a California Corporation, FRANCIS     )       Time: 8:30 a.m.
   | J. LOPEZ, an individual, ALAN STANLY,       )       Dept: 65
16 | an individual, and DOES 1 through 10,       )
   | inclusive,                                  )
17 |                                             )
   |                   Defendants.               )
18 | _____)

19 |         IT IS HEREBY STIPULATED by and between Plaintiff PACIFIC CARLSBAD

20 | PARTNERS, LLC, through its attorneys of record, and Defendants FRANCIS J. LOPEZ and

21 | ALAN STANLY that a temporary protective order shall issue as follows:

22 |         1.      FRANCIS J. LOPEZ ("LOPEZ") will not transfer, directly or indirectly, any

23 |                 interest in real property owned by LOPEZ, including, but not limited to, the certain

24 |                 real property located at 5461 Los Robles Drive, Carlsbad, California 92008

25 |         2.      ALAN STANLY ("STANLY") will not transfer, directly or indirectly, any interest

26 |                 in real property owned by STANLY, including, but not limited to, not to further

27 |                 encumber the certain real property located at 1569 Berkshire Court, San Marcos,

28 |                 California 92069

STIPULATION FOR TEMPORARY PROTECTIVE             1
ORDER

1      The temporary protective order shall be effective commencing July 3, 2003 and shall

2  remain in effect through and until the Court's hearing on Plaintiff's Application for Writ of

3  Attachment, which is scheduled for August 8, 2003.

4      The parties hereby waive any requirement that Plaintiff file an undertaking prior to the

5  issuance of the temporary protective order.

6

7  IT IS SO STIPULATED:

8

9  Dated: _____7/2/03_____                TREITLER & HAGER, LLP

10

11                          By _____

12                             BARRY E. HAGER

13                             Attorney for Plaintiff

                                  PACIFIC CARLSBAD PARTNERS,

14                             LLC

15

16  Dated: _____       By_____

17                             FRANCIS J. LOPEZ

18

19

20  Dated: _____       By _____

21                             ALAN STANLY

22

23

24

25

26

27

28

1    The temporary protective order shall be effective commencing July 3, 2003 and shall

2  remain in effect through and until the Court's hearing on Plaintiff's Application for Writ of

3  Attachment, which is scheduled for August 5, 2003.

4    The parties hereby waive any requirement that Plaintiff file an undertaking prior to the

5  issuance of the temporary protective order.

6

7  IT IS SO STIPULATED:

8

9  Dated: _____                    TREITLER & HAGER, LLP

10

11                                           By _____

12                                              BARRY E. HAGER
                                                Attorney for Plaintiff
13                                              PACIFIC CARLSBAD PARTNERS,
                                                LLC
14

15

16  Dated: 7-2-03                            By _____

17                                              FRANCIS J. LOPEZ

18

19

20  Dated: _____                   By _____

21                                              ALAN STANLY

22

23

24

25

26

27

28

1    The temporary protective order shall be effective commencing July 3, 2003 and shall

2    remain in effect through and until the Court's hearing on Plaintiff's Application for Writ of

3    Attachment, which is scheduled for August 8, 2003.

4    The parties hereby waive any requirement that Plaintiff file an undertaking prior to the

5    issuance of the temporary protective order.

6

7    IT IS SO STIPULATED:

8

9    Dated: _____          TREITLER & HAGER, LLP

10

11                                        By _____

12                                          BARRY E. HAGER
                                            Attorney for Plaintiff
13                                          PACIFIC CARLSBAD PARTNERS,
                                            LLC
14

15

16   Dated: _____          By _____

17                                          FRANCIS J. LOPEZ

18

19

20   Dated: 7/2/03                        By _____
                                            ALAN STANLY
21

22

23

24

25

26

27

28

7/2/03 AHS pg 2 of 2

# EXHIBIT 4

Westlaw.

APN: 210-115-06-00                                                    Page 1

**REAL PROPERTY TRANSACTION RECORD**

Filings Collected Through:03-22-2006
County Last Updated:03-30-2006
Frequency of Update:WEEKLY
Current Date:03/30/2006
Source:COUNTY                    RECORDER
, SAN DIEGO, CALIFORNIA

**OWNER INFORMATION**

Owner(s):LANG RMD TRUST
Ownership Rights:PERSONAL TRUST
Additional Owner #1:LANG RMD TRUST
Owner Rights:PERSONAL TRUST
Property Address:5461 LOS ROBLES DR
CARLSBAD CA 92008-4423
Mailing Address:5461 LOS ROBLES DR
CARLSBAD CA 92008-4423

**PROPERTY INFORMATION**

County:SAN DIEGO
Assessor's Parcel Number:210-115-06-00
Property Type:SINGLE FAMILY RESIDENCE - TOWNHOUSE
Land Use:SINGLE FAMILY RESIDENCE
Building Square Feet:1651

**TRANSACTION INFORMATION**

Transaction Date:07/07/2003
Seller Name:LOPEZ FRANCIS J
Sale Price:$700,000.00
Consideration:SALE PRICE (FULL)
Deed Type:GRANT DEED
Type of Transaction:RESALE
Mortgage Amount:$560,000.00
Mortgage Type:CONVENTIONAL
Mortgage Term:30 YEARS
Mortgage Deed Type:DEED OF TRUST
Mortgage Date:07/16/2003
Mortgage Due Date:08/01/2033
Interest Rate:ADJUSTABLE
Lender Name: COUNTRYWIDE HM LNS INC
Lender Address: CALABASAS, CA 91302-1613
Recording Date:07/18/2003

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
                        Document Number:860383
                        Title Company:CHICAGO TITLE CO.
                        Construction Type:RESALE
                        Purchase Payment:MORTGAGE
```

TAX ASSESSOR RECORD is available for this property. The record contains
information from the office of the local real property tax assessor office. In
addition to identifying the current owner, the record may include tax assessment
information, the legal description, and property characteristics. Additional
charges may apply.

TRANSACTION HISTORY REPORT is available for this property. The report contains
details about all available transactions associated with this property. The report
may include information about sales, ownership transfers, refinances, construction
loans, 2nd mortgages, or equity loans based on recorded deeds. Additional charges
may apply.

```
            Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
            to order copies of documents related to this or other matters.
                        Additional charges apply.
```

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.