# DOCKET NUMBER 62

Name, Address, Telephone No. & I.  No.

M. Jonathan Hayes (CA Bar No. 90388)
21800 Oxnard St. Ste 840
Woodland Hills, CA 91367
(818) 710-3656
(818) 710-3659 fax

FILED PT

2006 JUN -1  AM 9: 30

U S BANKRUPTCY CT
SO DIST OF CALIF

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Francis Lopez
    Alleged Debtor

BANKRUPTCY NO. 05-05926-PBINVL

Tax I.D.(EIN)#:_____/S.S.#:XXX-XX-_____    Debtor.

### NOTICE OF HEARING AND MOTION

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**YOU ARE HEREBY NOTIFIED** that on June 26, 2006_____, at ___2:00 p._.m., in Department _4_, Room _____, of the Jacob Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California 92101-6991, there will be a hearing regarding the Motion of _____, for [check the appropriate box]:

[   ]    Dismissal of a chapter 7, 11 or 12 case;

[   ]    Conversion of a chapter 7, 11 or 12 case by a party other than the debtor;

[   ]    Allowance of [interim] [final] compensation or reimbursement of expenses of professionals as provided in Exhibit "A" [information required by Federal Rule of Bankruptcy Procedure 2002(c)(2)];

[   ]    Appointment of a trustee in a chapter 11 case; or

[ ✓ ]    Other [specify the nature of the matter]:

MOTION BY ALLEGED DEBTOR FOR SUMMARY JUDGMENT AND AN ORDER DISMISSING INVOLUNTARY PETITION

If not required to be attached, a set of the moving papers will be provided, upon request, by the undersigned or may be inspected at the office of the Clerk.

Any opposition or other response to the motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" St., San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14)[1] DAYS FROM THE DATE OF SERVICE.

DATED: May 29, 2006

_____
[Attorney for Moving Party]

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions.

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on __29th__ day of __May, 2006_____, I served a true copy of the within NOTICE OF MOTION AND HEARING by [describe here mode of service]

> by placing the document into a sealed envelope with postage thereon fully prepaid in the United States mail at Woodland Hills, California addressed as set forth below

on the following persons [set forth name and address of each person served] and/or as checked below:

[  ]    Attorney for Debtor (if required):

L. Scott Keehn
Robbins & Keehn, APC
530 "B" Street, Ste 2400
San Diego, CA 92101

| [ ] For Chpt. 7, 11, & 12 cases: | [ ] For ODD numbered Chapter 13 cases: | [ ] For EVEN numbered Chapter 13 cases: |
|---|---|---|
| UNITED STATES TRUSTEE<br>Department of Justice<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>530 "B" Street, Suite. 1500<br>San Diego, CA 92101 | DAVID L. SKELTON, TRUSTEE<br>525 "B" Street, Suite 1430<br>San Diego, CA 92101-4507 |

I certify under penalty of perjury that the foregoing is true and correct.

Executed on __May 29, 2006_____
                     (Date)

Cassidy Hayes     _Cassidy Hayes_____
(Typed Name and Signature)

21800 Oxnard St. Ste 840_____
(Address)

Woodland Hills, CA 91367_____
(City, State, ZIP Code)

1 | M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
2 | 21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
3 | Telephone: (818) 710-3656
Facsimile: (818) 710-3659
4 | jhayes@polarisnet.net

FILED BY

2006 JUN -1  AM 9: 30

U S BANKRUPTCY CT
S DIST OF CALIF

5 | Attorneys for Alleged Debtor Francis Lopez

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | SAN DIEGO DIVISION

11

12 | In Re:                                          ) CASE NO. 05-05926-PBINV

13 |     FRANCIS J. LOPEZ,              ) **Involuntary Chapter 7**

14 |     Alleged Debtor

15 | **NOTICE OF MOTION AND MOTION BY ALLEGED DEBTOR FOR SUMMARY JUDGMENT AND AN ORDER DISMISSING**

16 | **INVOLUNTARY PETITION;**

17 | **DECLARATIONS OF M. JONATHAN HAYES, FRANCIS J. LOPEZ AND**

18 | **STEVEN DAVIS IN SUPPORT THEREOF**

19

20

21 | Date: June 26, 2006
Time: 2:00 p.m.
22 | Ctrm: 4

23 |     TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY

24 | JUDGE, TO PETITIONING CREDITORS ALAN STANLY, NORTHWEST FLORIDA

25 | DAILY NEWS, ALTERNATIVE RESOLUTION CENTER:

26

27

28

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 4

II. BRIEF OVERVIEW OF FACTS .......................................................... 4

III. PROCEDURAL STATUS OF THE CASE ........................................... 6

IV. AUTHORITY GRANTING SUMMARY JUDGMENT ......................... 7

V. THERE ARE INSUFFICIENT PETITIONING CREDITORS AND THERFORE THIS CASE MUST BE DISMISSED ................................................................. 8

VI. THE ALLEGED DEBTOR IS GENERALLY PAYING HIS DEBTS AS THEY BECOME DUE AND THERFORE THIS CASE MUST BE DISMISSED ....................... 10

VII. CONCLUSION .................................................................................. 13

DECLARATION OF FRANCIS LOPEZ .................................................... 14

DECLARATION OF M. JONATHAN HAYES .......................................... 16

DECLARATION OF STEVEN DAVIS ....................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Celotex v. Catrett*, 477 U.S. 317, 324-325 (1986) ....................................... 7

*Hornblower & Weeks-Hemphill Noyes v. Okamoto*, (9th Cir. 1974) 491 F.2d 496. ............................................................................................................. 9

*In Re Better Care Ltd.*, (Bkrtcy. N.D.Ill. 1989) 97 B.R. 405 ........................... 11

*In Re Caucus Distributors, Inc.*, (Bkrtcy E.D.Va 1988) 83 B.R. 921 ............... 10

*In Re H.I.J.R. Property*, (D. Colo. 1990) 115 B.R. 275. ................................. 11

*In Re Kidwell*, (Bkrtcy E.D. Cal. 1993) 158 B.R. 203 ................................... 9

*In Re Leek Corp.*, (Bkrtcy. Fla. 1985) 52 B.R. 311 ....................................... 11

*In Re Manchester Lakes Assoc.*, (Bkrtcy. E.D.Va. 1985) 47 B.R. 798 ........... 10

*In Re Norris*, (Bkrtcy. W.D.La. 1995) 183 B.R. 437 ..................................... 10

*In Re Smith* (Bkrtcy. N.D.Ga. 1999) 243 B.R. 169, 183. .............................. 9

1  an additional petitioning creditor.  (See **Exhibit "C"**)  Alternative Resolution Center does

2  not qualify as a petitioning creditors as no debt is owed to it or was owed to it on June 30,

3  2005.

4          Francis J. Lopez and Alan Stanly have been involved in significant litigation against

5  each other since before the bankruptcy filing of their entity Prism Advanced Technologies,

6  Inc. ("Prism") in 2003.   This litigation has been bitterly fought for the past three years and

7  is now pending in Superior Court between the parties, namely <u>Lopez v Stanly</u>, Case No.

8  GIN029692, filed on May 14, 2003, San Diego Superior Court, North County.  In that

9  matter, Mr. Lopez is suing Mr. Stanly for numerous causes of action, including invasion of

10  privacy, breach of fiduciary duty, trespass and identity theft.  Mr. Stanly filed a cross-

11  complaint, of course.

12          Recently, in a second case, Mr. Stanly was successful in obtaining a judgment

13  against Mr. Lopez for approximately $50,000 relating to a guarantee both had made to

14  Union Bank of a Prism loan.  This involuntary chapter 7 petition is simply an extension of

15  the litigation and a new strategy by Mr. Stanly to cause as much business and personal

16  pain to Mr. Lopez as possible.

17          Recently in a third case, Mr. Stanly sued the wife of Lopez in San Diego Limited

18  Jurisdiction court claiming that Mrs. Stanly is in possession of assets supposedly belonging

19  to Stanly or one of his related entities.

20          Recently in a fourth case, Mr. Stanly sued the corporation owed by Mrs. Stanly

21  claiming that her corporation has improperly claimed ownership to certain software

22  supposedly owned by Mr. Stanly or one of his related entities.  That matter is now pending

23  in United States District Court in San Diego.

24          In any event, Mr. Lopez has been a permanent resident of Florida since July, 2003

25  when he and his family moved there from California.  He owns a residence in Florida with

26  his wife as Tenancy by the Entirety.  His only other assets of any consequence are his

27  claims against Mr. Stanly and certain software which Stanly claims is owned by him.

28

His creditors are almost all consumer type debts which he generally pays each month. He has not been paying Stanly because he believes that the judgment will be overturned on appeal. Lopez offered in April, 2006, to pay Stanly in full in return for a dismissal of this case and that offer was rejected.

### III.

### PROCEDURAL STATUS OF THE CASE

Pursuant to Federal Rule of Bankruptcy Procedure 1013(a): Contested petition.

The court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order.

The petition in this involuntary case was filed by a single petitioning creditor Alan Stanley on June 30, 2005, more than ten months ago. Lopez initially filed a Motion to Dismiss the Involuntary Petition or to Transfer the case to Florida which was heard on August 22, 2005. In his response to the Motion to Dismiss, Stanly testified by declaration that he believed that the debtor had only three or four creditors.

On October 3, 2005 (six months ago), Stanly sent out subpoenas to various creditors of Mr. Lopez. On December 30, 2005, Stanly served more subpoenas to various creditors. No documents obtained by any of these subpoenas have been turned over to Lopez.

On December 12, 2005, Stanly served discovery on Mr. Lopez. The discovery encompassed issues both as to how many creditors existed on June 30, 2005 and as to whether or not Mr. Lopez was generally paying his debts as they became due. The responses were provided to Stanly on or about January 18, 2006. At that time, Lopez served a significant number of documents on Stanley. On February 8, 2006, after complaining by Mr. Keehn, Lopez served additional documents. No Motion to Compel was filed because the sufficiency of the responses were proper.

1   Lopez filed a Motion to Bifurcate the Trial which was granted at a hearing on

2   December 19, 2005.  The Motion to Bifurcate was granted although no trial date has been

3   set as of the date of filing this motion.

4   Counsel for Mr. Stanly took the deposition of Mr. Lopez finally on April 27, 2006.

5   The deposition was concluded on that day.  Again, Mr. Keehn spent considerable time that

6   day questioning Mr. Lopez as to whether or not he was generally paying his debts as they

7   became due.  A significant amount of additional documents were provided by Mr. Lopez

8   on that day as well covering the issue of whether or not Mr. Lopez was generally paying

9   his debts as they became due.

10  A Status Conference is now set for June 26, 2006 at which time the court has

11  indicted it would set a trial date, at least as to the issue of the total number of creditors as

12  well as determine how many petitioning creditors there are at this time.

13

14                                     **IV.**

15              **AUTHORITY GRANTING SUMMARY JUDGMENT**

16  Federal Rules of Civil Procedure (hereinafter "FRCP"), Rule 56(b), provides that a

17  party "may, at any time, move with or without supporting affidavits for summary judgment

18  in the party's favor as to all or any part thereof."  Under the provisions of FRCP, Rule

19  56(c), summary judgment, either in whole or in part, is appropriate if all of the relevant

20  pleadings and evidence reveal "that there is no genuine issue as to any material fact the

21  moving party is entitled to judgment as a matter of law."

22  In deciding whether a party is entitled to judgment as a matter of law, the court is to

23  keep in mind the obvious purpose of summary judgment "is to isolate and dispose of

24  factually unsupported claims or defenses," which is demonstrated by a "'showing' that

25  there is an absence of evidence to support the nonmoving party's case." *Celotex v. Catrett*,

26  477 U.S. 317, 324-325 (1986); see also, *Wynne v. Tufts University School of Medicine*, 976

27  F.2d 791 (1st Cir. 1992) (the purpose of summary judgment is to "pierce the boilerplate of

28

1  the pleading and assay the parties' proof in order to determine whether trial is actually

2  required.").

3         Indeed, F.R.C.P. 56(e) states in part,

4              When a motion for summary judgment is made and supported as

5         provided in this rule, an adverse party may not rest upon the mere allegations

6         or denials of the adverse party's pleading, but the adverse party's response,

7         by affidavits or as otherwise provided in this rule, must set forth specific

8         facts showing that there is a genuine issue for trial.

9

10        In responding to this motion, Stanly is required to come forward with evidence that

11 there are fewer than 12 creditors.  He cannot merely assert that the issue of the number of

12 total creditors is in dispute.  He required to come forward with evidence that Mr. Lopez

13 was not generally paying his debts as they became due prior to June 30, 2005.

14        In this case, Lopez is entitled to summary judgment because there is no material

15 issue of fact as to the number of creditors as of June 30, 2005, whther or not Mr. Lopez is

16 generally paying his debts as they were due a year ago, and as to how many petitioning

17 creditors there are in any event.

18

19                                        V.

20        **THERE ARE INSUFFICIENT PETITIONING CREDITORS AND**

21             **THERFORE THIS CASE MUST BE DISMISSED**

22        At the time the Involuntary Petition was filed, June 30, 2005, Lopez had at least 22

23 creditors.  He attested to this fact on September 7, 2005 with his Answer, a copy of which

24 is attached hereto as **Exhibit "A."**   Section 303 of the bankruptcy code therefore requires

25 that there be at least three petitioning creditors.

26            Section 303 states:

27            (b) An involuntary case against a person is commenced by the filing

28        with the bankruptcy court of a petition under chapter 7 or 11 of this title—

1        (1) by three or more entities, each of which is either a holder of a

2    claim against such person that is not contingent as to liability or the subject

3    of a bona fide dispute as to liability or amount, or an indenture trustee

4    representing such a holder, if such noncontingent, undisputed claims

5    aggregate at least $12,300 more than the value of any lien on property of the

6    debtor securing such claims held by the holders of such claims;

7        (2) if there are fewer than 12 such holders, excluding any employee or

8    insider of such person and any transferee of a transfer that is voidable under

9    section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of

10   such holders that hold in the aggregate at least $10,000 . . .

11

12       Seeing that Lopez clearly had more than 12 creditors and therefore three petitioning

13   creditors are required, Stanly began a desperate attempt to find more petitioning creditors.

14   On or about December 20, 2005, more than two months after the first set of subpoenas

15   were served by Stanly to creditors of Lopez (and almost six months after the petition was

16   filed), Northwest Daily News, with a purported claim of $69.30 was induced by Stanly or

17   his counsel to join the involuntary petition.  Eight days later Alternative Resolution Center,

18   with a purported claim of $1,575.00, joined as well.

19       Lopez owed no debt to Alternative Resolution Center on June 30, 2005, see

20   Declarations of Francis Lopez, par. --, Declaration of Steven Davis, par. 3.

21       Therefore there is, at most, only two petitioning creditors in the face of well more

22   than 12 total creditors and this involuntary case must be dismissed.

23       The requirement that, in the presence of 12 or more creditors, at least 3 must

24   petition before an order for relief issues is not jurisdictional, but is an **absolute defense** to

25   the issuance of an order for relief. *In Re Kidwell*, (Bkrtcy E.D. Cal. 1993) 158 B.R. 203.

26   If no more petitioning creditors join this case, it is Stanly's **burden** to prove that the

27   alleged debtor has fewer than 12 creditors. *In Re Smith* (Bkrtcy. N.D.Ga. 1999) 243 B.R.

28   169, 183.

1    All creditors are to be counted, no matter how small.  The court may *not* exclude

2  small, recurring or de minimus creditors.  *Hornblower & Weeks-Hemphill Noyes v.*

3  *Okamoto,* (9th Cir. 1974) 491 F.2d 496.[1]

4    Stanly may assert, as his counsel has stated in court several times, that some of the

5  creditors of Lopez are not counted because the creditor has received a preference,

6  fraudulent conveyance or other avoidable transfer.  If this is the case, it is Stanly's burden

7  to prove this and he has no had more than eleven months to gather the evidence (including

8  the debtor's exam taken of the debtor a month before the involuntary petition wad filed).

9  Per the Declaration of Lopez, he made no payments to any of his 22 creditors that were

10  outside of the ordinary course of business or were made to delay, hinder or defraud his

    creditors.

11    In summary, alleged debtor has at least 22 creditors as defined by 11 U.S.C.

12  §303(b).  This case cannot proceed unless three **qualified** creditors petition this court

13  today.

14

15                                   **VI.**

16   **THE ALLEGED DEBTOR IS GENERALLY PAYING HIS DEBTS AS THEY**

17     **BECOME DUE AND THERFORE THIS CASE MUST BE DISMISSED**

18    Should the court be presented prior to or at the hearing on this motion with two

19  more petitioning creditors who are not secured, whose claims are not contingent, and

20  whose claims are not subject to a bona fide dispute (11 U.S.C. §303(b)) the next issue will

21  be as set forth in 11 U.S.C. §303(h) (1) which provides that an order for relief may *only*

22  issue (when the petition is timely controverted) if:

23        "the debtor is generally not paying such debtor's debts as such debts
24        become due unless such debts are the subject of a bona fide dispute;."

25

26  _____

27    [1]  There is a split of authority on this issue in the circuits.  For a discussion on the
    split, the policy reasons behind both sides of that argument see *Matter of Rassi* (7th Cir.
28  1983) 701 F.2d 627, where the court decided to follow the Ninth Circuit, which appears to
    be the majority rule.

1    First, it is Stanly's burden to establish this fact. *In Re Norris*, (Bktrcy. W.D.La

2  1995) 183 B.R. 437.  The test is applied as of the petition date (here 6/30/05). *In Re*

3  *Caucus Distributors, Inc.*, (Bkrtcy E.D.Va 1988) 83 B.R. 921.

4    In order to establish that alleged debtor is not paying his debts as they become due,

5  petitioning creditors must show more than the existence of just a few unpaid debts – as of

6  the petition date. *Matter of Cinnamon Lake Corp.* (Bkrtcy Fla. 1985) 48 B.R. 70.

7    The court should not turn to any pure mathematical test by any means. *In Re*

8  *Norris*, (Bkrtcy. W.D.La. 1995) 183 B.R. 437.  Moreover, several courts have held that the

9  alleged debtor's overall ability to pay some or all debts (i.e. a balance sheet test) is not a

10  proper factor, and is irrelevant to the analysis. *In Re Manchester Lakes Assoc.*, (Bkrtcy.

E.D.Va. 1985) 47 B.R. 798; *Matter of Itill*, (Bkrtcy. D.Minn. 1980) 5 B.R. 79.

11    There is no bright line rule to guide the court in determining whether a particular

12  debtor is generally paying his debts as they become due.  Instead, courts apply a balancing

13  test where the court must compare the number of debts unpaid and paid each month, the

14  amount of delinquency, the materiality of any nonpayment and the general nature of the

15  debtor's financial affairs. *In Re Leek Corp.*, (Bkrtcy. Fla. 1985) 52 B.R. 311; *In Re Better*

16  *Care Ltd.*, (Bkrtcy. N.D.Ill. 1989) 97 B.R. 405.  Courts in this circuit have held that failure

17  to pay one creditor does not establish that a debtor generally was not paying his debts as

18  they come due. *In Re H.I.J.R. Property*, (D. Colo. 1990) 115 B.R. 275.[2]

19    Finally, the court may in fact examine whether there is a _reasonable basis_ for

20  nonpayment exists, other than a bona fide dispute, such as commercial practice. *In Re*

21  *Systems Communications, Inc.*, (Bkrtcy. M.D.Fla. 1999) 234 B.R. 145.

22

23    In addition, the recently enacted S.B. 256 modified Section 303 in an important

24  respect.  As revised by S.B. 256, 11 U.S.C. §303(h)(1) now reads:

25    "(h)    . . . [A]fter trial, the court shall order relief against the debtor in

26

27    [2]  The general rule has an exception, that where there are only one or two creditors,
a single creditor's claim will satisfy the not generally paying debts standard. *In Re H.I.J.R.*

28  *Properties, supra*, 115 B.R. at 277.  The exception does not apply here, as alleged debtor
has dozens of creditors.

1    an involuntary case under the chapter under which the petition was
filed, only if –

2           (1) the debtor is generally not paying such debtor's debts as
such debts become due unless such debts are the subject of a bona fide
3    dispute <u>as to liability or amount</u>; or …"

4

5           The addition of the phrase "as to liability **or amount**" clearly evidences the intent of

6    Congress to <u>exclude,</u> from the analysis of "generally paying his debts as they become due,"

7    debts whose <u>amounts</u> are in controversy.  .

8           This revision is the law now, and applies with respect to any involuntary case

9    commenced before, on or after enactment of the Act.  (See Editor's Notes to 11 U.S.C.

10   §303, Footnote 11, U.S. Bankruptcy Code as Amended by S.B. 256, Reprinted with

11   permission by the NACBA, updated March 21, 2005.  Thus, Stanly may not, for the

12   purpose of this case, point to his own debt or any other disputed debt, as evidence that the

13   putative debtor is not generally paying his debts as they become due.  In any event, the

14   alleged debtor has appealed the judgment entered against him in favor of Stanly.

15

16          The evidence establishes that Mr. Lopez was generally paying his debts as they

17   became due prior to June 30, 2005.  He pays his bills generally as they are received.  The

18   monthly expenses are overwhelmingly consumer related, general household expenses.  If

19   they are not generally paid as they become due, they are cancelled by the creditor

20   obviously.  Newspapers and utilities and insurance companies do not continue to provide

21   services if the buyer is not generally paying his debts as they become due.  Mortgages and

22   secured creditors foreclose if the debtor is not generally paying his debts as they become

23   due.  Bills are occasionally paid by Mr. Lopez beyond the due date, but with very few

24   exceptions, within 30 days of receipt.  This will be the testimony as to the 22 creditors that

25   Lopez pays monthly.

26          Suffice to say that, applying these legal principals to the facts, Stanly will fail in his

     burden to prove that alleged debtor is not generally paying his debts as they become due.

27

28

**VII.**

**CONCLUSION**

Alleged Debtor prays that this court grant him summary judgment and dismiss this case, and for other orders which are just.

Dated:  May 29, 2006                              Respectfully submitted

By: _____
M. Jonathan Hayes
Attorney for Alleged Debtor Francis
Lopez

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief provided by the order is the relief granted by the court.

Submitted by:

By: _____
M. Jonathan Hayes
Attorney for Francis J. Lopez

## DECLARATION OF FRANCIS LOPEZ

I, Francis Lopez, declare and state as follows:

1.    I am the alleged debtor in this involuntary proceeding.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2.    I spoke with Eleanor Hypes, who is a clerk at NWF Daily News who signed the petition. She has no idea what she got herself into, but was very nervous and reluctant to talk.  I disputed the bill with her, and she gave me the name of a payables clerk to talk to, who hasn't called me back yet.

3.    Attached hereto as **Exhibit "A"** is a true and correct copy of the Answer I filed in this case.

4.  I did not owe any debt to Alternative Resolution Center on June 30, 2005.

5.  I have been a permanent resident of Florida since July, 2003 when my family and I moved there from California.  I own a residence in Florida with my wife as Tenancy by the Entirety.  My only other assets of any consequence are my claims against Mr. Stanly and certain software I own which Stanly claims is owned by him.

6.  My creditors are almost all consumer type debts which I generally pay each month, generally as the bills are received.  The monthly expenses are overwhelmingly consumer related, general household expenses.  If they are not generally paid as they become due, they are cancelled by the creditor.  Newspapers and utilities and insurance companies do not continue to provide services if the buyer is not generally paying his debts as they become due.  I was paying my mortgages and other secured creditors generally as they become due.  Bills are occasionally paid beyond the due date, but with very few exceptions, within 30 days of receipt.

7.  I have not been paying Stanly because I believe that the judgment will be overturned on appeal.  I offered in April, 2006, to pay Stanly in full in return for a dismissal of this case and that offer was rejected.

1    8. None of the 22 creditors are an employee or insider of mine.

2    9. None of the 22 creditors received any payments or transfers from me for less

3  than fair value or with my intent to delay, hinder or defraud my creditors.

4    10. None of the 22 creditors are contingent as to liability or disputed except as to

5  Northwest Daily News.

6    11. I was generally paying my debts as they became due prior to June 30, 2005.

7

8    I declare under penalty of perjury that the foregoing is true and correct to the best of

9  my knowledge, information and belief.  Executed on this ___th day of May,  2006 at Destin,

10  Florida.

11

12

13                                              By:_____

14                                                  Francis J. Lopez

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
## <u>DECLARATION OF M. JONATHAN HAYES</u>
3
4    I, M. Jonathan Hayes, declare and state as follows:
5    1. I am an attorney, authorized to practice before this court. I have personal
6 knowledge of the facts stated herein, and if called as a witness, I could and would testify
7 competently thereto.
8    2. Attached hereto as Exhibits B and C are true and correct copies of Joinder in
9 Involuntary Petition for Northwest Daily News and Alternative Resolution Center.
10
11    I declare under penalty of perjury that the foregoing is true and correct to the best of
12 my knowledge, information and belief. Executed on this 29th day of May, 2006 at
13 Woodland Hills, California.
14
15
16    By: _____
17        M. Jonathan Hayes
18
19
20
21
22
23
24
25
26
27
28

1             **DECLARATION OF STEVEN DAVIS**

2        That I, Steven Davis, say and declare as follows:

3        1.    That I am the principal of ARC, an alternative dispute resolution service

4 here in Los Angeles. That ARC administered a discovery referee pursuant to court order

5 in the matter of *Lopez v. Stanly*, Case Number GIN029692.

6        2.    That I received a telephone call from Alan Stanly, who made certain

7 representations to me in connection with his request that I sign a statement indicating

8 that there was an unpaid balance to ARC of approximately $1,500.00. That

9 representations were made to me in that call, although I do not remember exactly what

10 they were, and because I was very busy and did not have time to double or triple check

11 the representations, I signed the statement.

12        3.    Subsequently I received a call from Mr. Lopez inquiring as to why I would

13 sign the statement since he did not owe ARC any money, and it appears after careful

14 review of my records, that Mr. Lopez is correct. Mr. Lopez has no outstanding balance

15 and my signature was obtained in error.

17    I declare under the penalty of perjury that the foregoing is true and correct.

18    Executed on January 19, 2006 at Los Angeles, California.

20        Steven Davis

V:\Lopez\Bankruptcy 2006\Dec Davis.wpd    5    **DECLARATION**

1 | M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
2 | 21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
3 | Telephone: (818) 710-3656
Facsimile: (818) 710-3659
4 | jhayes@polarisnet.net

5 | Attorneys for Alleged Debtor Francis Lopez

FILED AC

05 SEP -7 AM 9: 27

CLERK
U.S. BANKRUPTCY CT.
SO DIST OF CALIF.

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | **SAN DIEGO DIVISION**

12 | In Re:                                    )   CASE NO. 05-05926-PBINV
                                              )
13 |     FRANCIS J. LOPEZ,          )   Involuntary Chapter 7
                                              )
14 |     Alleged Debtor              )
                                              )   **ANSWER OF ALLEGED DEBTOR TO**
15 |                                          )   **INVOLUNTARY PETITION**
                                              )

COMES NOW the alleged debtor Francis J. Lopez ("alleged debtor" or "Lopez")
and answers the involuntary petition as follows:

1.    Alleged debtor admits that the matters raised in the petition are a core
proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(4).

2.      Alleged debtor denys that he has been domiciled in this district for the 180 days preceding the filing of the involuntary petition.   Alleged debtor admits that a bankruptcy case concerning debtor's affiliate is pending in the district.

3.      Alleged debtor denies that his debts are primarily business debts.

4.      Alleged debtor has authority to answer the involuntary petition pursuant to Federal Rules of Bankruptcy Procedure Rule 1011(a).

### FIRST AFFIRMATIVE DEFENSE

5.      Alleged debtor asserts that the court lacks subject matter jurisdiction on the basis that the alleged debtor has more than 12 creditors and the petition was executed and initiated by only one creditor.   Pursuant to FRBP Rule 1003(b), a list of all of the alleged debtor's creditors, addresses and a brief statement of the nature of their claims is attached hereto and incorporated by reference as Exhibit A.   Alleged debtor reserves the right to supplement, add or amend the information contained in Exhibit A as further information is obtained.

### SECOND AFFIRMATIVE DEFENSE

6.      Alleged debtor asserts that the court lacks subject matter jurisdiction on the basis that the petitioning creditor is disqualified from bringing an involuntary petition against this alleged debtor because the alleged debt that constitutes the basis of petitioning creditor's claim is subject to a bona fide dispute.

### THIRD AFFIRMATIVE DEFENSE

7.      Alleged debtor alleges that the petition was filed in bad faith and for the purpose of disrupting on-going litigation between the alleged debtor and the petitioning creditor.

### FOURTH AFFIRMATIVE DEFENSE

8.      Alleged debtor asserts that the order for relief should not issue because the alleged debtor was, as of the date of the petition, generally paying his debts as they became due, unless those debts were subject to a bona fide dispute.

## FIFTH AFFIRMATIVE DEFENSE

9.     Alleged debtor asserts that the case should be transferred to Florida which is the proper venue.

## PRESERVATION OF CLAIMS

10.     Alleged debtor hereby reserves and shall not be deemed by this answer to have waived his rights to a cross claim or other relief pursuant to 11 U.S.C. §303(i)(1) and (2) and all subparts thereto, and as against petitioning creditors and/or those acting in conjunction with or counseling them.

WHEREFORE, alleged debtor prays:

1.     That the court decline to enter any order for relief pursuant to 11 U.S.C. §303;

2.     That the court dismiss the petition forthwith;

3.     That the court thereafter permit the alleged debtor to seek compensation by counterclaim or other appropriate method for the entry of a judgment against petitioning creditor and other appropriate parties, pursuant to 11 U.S.C. §303(i); and

4.     Such other relief as the court may deem proper.

Respectfully submitted,

LAW OFFICES OF M. JONATHAN HAYES

Dated: _Sept 6, 2005_

By: _____

M. Jonathan Hayes, attorney for Francis J. Lopez

1

2

3    Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011

4    that the relief provided by the order is the relief granted by the court.

5

6    Submitted by:

7

8    By: _____

9        M. Jonathan Hayes
         Attorney for Francis J. Lopez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANCIS LOPEZ
EXHIBIT A
LIST OF CREDITORS

Progressive Insurance
PO Box 31260
Tampa, FL  33631
Acct. 37287380-4
$157.20
Insurance, Auto

Coastal Community Insurance
12139 Panama City Beach Pkwy.
Panama City Beach, FL  32407
Policy No. LHQ336763
$1,013.00
Insurance, Flood (Property)

Quicken Platinum Card
PO Box 44167
Jacksonville, FL  32231
$848.00
Goods and services, 1998- 2005

Okaloosa Gas District
PO Box 548
Valparaiso, FL  32580
$45.00
Utilities

Northwest Florida Daily News
200 Racetrack Rd.
Ft. Walton Beach, FL  32549
$45.00
Newspaper

Kelly Plantation Owners Association
4393 Commons Drive E.
Destin, FL  32541
$550.00
Homeowner's Association

Allstate Floridian
54 Beal Parkway
Ft. Walton Beach, FL  32548
$1900.00
Homeowners Insurance

A-5

EXHIBIT A

Texaco / Shell
PO Box 9151
Des Moines, IA  50368
Acct. No. 77-917-6550-1
$290.00
Gasoline and related

Bank Of America
PO Box 1390
Norfolk, VA  23501
Acct. No. 4050860512429141
Credit Card, goods and services
$2386.00

Verizon Wireless
PO Box 660108
Dallas, TX  75266
Acct. No. 81955380600001
$45.00
Utility – telephone

Cox Communications
PO Box 60970
New Orleans, LA
Acct. No. 0018710003886502
Utility – television and Internet
$112.00

Union Bank of California
8155 Mercury Ct.
San Diego, CA  92111
Settlement of Union Bank v. Francis Lopez, $15,000 original balance
$4,000.00

Bankcard Services
PO Box 15287
Wilmington, DE  19886
Acct. No. 5490999178488929
$10,000.00
Goods and services – 2001- 2005

Cingular Wireless
PO Box 8229
Aurora, IL  60572
Acct. No. 0050443578
$125.00
Utilities – telephone

EXHIBIT A

A-6

Wayne Wise
810 Red Tanager Ct.
Nashville, TN  37221
$15,000.00
Personal Loan

Valley Forge Life Insurance
100 CNA Drive
Nashville, TN  37214
Acct. No. VITU045825
$0.00   ($486.00 per year)
Life Insurance

American Home Shield
PO Box 849
Carroll, IA  51401
Acct. No. 58449061
$128.00
Home appliance insurance

Citi Cards
PO Box 6414
The Lakes, NV  88901
Acct. No. 5424180306665024
$32,515.00
Goods and Services, 1994 - 2005

Household Bank / HSBC
PO Box 5222
Carol Stream, IL  60197
Acct. No. 5176690006732635
Goods and Services, 2003 - 2005
$5,000.00

American Express
PO Box 297804
Ft. Lauderdale, FL  33329
Acct. No. 378349802283007
$22,000.00
Goods and Services, 1994 - 2004
Note:  Some of this debt may be owed by Prism and/or Stanly, though I have personal
guarantee

A-7

Ft. Walton Beach Medical Center
1000 Mar Walt Drive
Ft. Walton Beach, FL  32547
$1600.00
Medical and Health services
Making payments of $100.00 month

Alan Stanly
1569 Berkshire Ct.
San Marcos, CA  92069
$50,000.00
Judgment in Union Bank v. Stanly (cross-complaint by Stanly)
Currently under appeal in CA

A-8

1

2

3      PROOF OF SERVICE
       I, MJ Hayes, declare:

4          I am a resident of the State of California and over the age of eighteen years, and not
   a party to the within action; my business address is 21800 Oxnard St., Suite 840,
5  Woodland Hills, CA 91367.  On September 6, 2005, I served the within documents:

6  **ANSWER OF ALLEGED DEBTOR TO INVOLUNTARY PETITION**

7

8              by transmitting via facsimile the document(s) listed above to the fax
             number(s) set forth below on this date before 5:00 p.m.

9
         ý     by placing the document(s) listed above in a sealed envelope with postage
              thereon fully prepaid, in the United States mail at Los Angeles, California
10            addressed as set forth below.

11     ..      by causing personal delivery by                   of the document(s) listed
             above to the person(s) at the address(es) set forth below.
12

13     ..      by placing the document(s) listed above in a sealed _____
             envelope and affixing a pre-paid air bill, and causing the envelope to be
14            delivered to a _____ agent for delivery.

15     ..      by personally delivering the document(s) listed above to the person(s) at the
             address(es) set forth below.

16     L. Scott Keehn
       Robbins & Keehn, APC
17     530 B Street, Suite 2400
       San Diego, CA 92101
18

19         I am readily familiar with the firm's practice of collection and processing
   correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
20  Service on that same day with postage thereon fully prepaid in the ordinary course of
   business.  I am aware that on motion of the party served, service is presumed invalid if
21  postal cancellation date or postage meter date is more than one day after date of deposit for
   mailing in affidavit.

22         I declare that I am employed in the office of a member of the bar of this court at
   whose direction the service was made.
23

24         Executed on September 6, 2005, at Los Angeles, California.

25

26     _____
                                   MJ Hayes
27

28

A-9

1
2
3
4
5
6
7
8
9
10



UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11  In re:                              )   CASE NO. 05-05926-PBINV
                                        )
12                                      )   Involuntary Chapter 7
                                        )
13  FRANCIS J. LOPEZ,                    )
                                        )   NORTHWEST FLORIDA DAILY NEWS'
14                                      )   JOINDER IN INVOLUNTARY PETITION
                                        )   FOR FRANCIS J. LOPEZ
15          Alleged Debtor.             )
                                        )
16                                      )   Dept.:     Four
                                        )   Judge:     Hon. Peter W. Bowle
17                                      )
                                        )
18                                      )
                                        )
19                                      )
20

21      Northwest Florida Daily News ("Petitioner"), creditor of alleged debtor Francis J. Lopez,

22  ("Lopez"), hereby joins the Involuntary Petition filed by Alan Stanly commencing the above-

23  captioned case, and in support thereof states:

24      1.    Petitioner maintains a principal place of business at NORTHWEST FL

25  DAILY NEWS _____. Petitioner is

26  owed $ 69.30 _____ by Lopez as of the date hereof (the "Claim"). The Claim is for

27  ADVERTISEMENT + SUBSCRIPTION _____. Petitioner did not

28  acquire its Claim by transfer from another entity.



COPY  B-1

2.      Petitioner's Claim is non-contingent and not subject to a bona fide dispute as to its existence, nature or amount.

3.      Petitioner requests that an order for relief be entered against Lopez under Chapter 7 of Title 11 of the United States Code.

4.      Petitioner declares under penalty of perjury that the foregoing is true and correct according to the best of its knowledge, information and belief.

Dated: 12-20-05          By: _Eleanor Hynes._

B-2

1
2
3
4
5
6
7

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2450 UNION BANK BUILDING 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700  TELECOPIER (619) 544-9925

8       **UNITED STATES BANKRUPTCY COURT**

9       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11      `In re:`                                    )   **CASE NO. 05-05926-PBINV**
                                                     )
12                                                   )   **Involuntary Chapter 7**
         FRANCIS J. LOPEZ,                           )
13                                                   )   **ALTERNATIVE RESOLUTION CENTER'S**
                                                     )   **JOINDER IN INVOLUNTARY PETITION**
14                   Alleged Debtor.                 )   **FOR FRANCIS J. LOPEZ**
                                                     )
15                                                   )
                                                     )   **Dept.: Four**
16                                                   )   **Judge:**        Hon. Peter W. Bowie
                                                     )
17                                                   )
                                                     )
18                                                   )
                                                     )
19      ─────────────────────────────────────)

20

21          Alternative Resolution Center ("Petitioner"), creditor of alleged debtor Francis J. Lopez,

22      ("Lopez"), hereby joins the Involuntary Petition filed by Alan Stanly commencing the above-

23      captioned case, and in support thereof states:

24      1.       Petitioner maintains a principal place of business at 11601 Wilshire Blvd. Suite 1950 Los

25      Angeles, CA 90025. Petitioner is owed $1,575.00 by Lopez as of the date hereof (the "Claim"). The

26      Claim is for services rendered by Judge Sarokin serving as a discovery referee, stipulated to by the

27      parties, and appointed by the court at the request of Lopez. Petitioner did not acquire its Claim by

28

C-1

1  transfer from another entity.

2      2.      Petitioner's Claim is non-contingent and not subject to a bona fide dispute as to its

3  existence, nature or amount.

4      3.      Petitioner requests that an order for relief be entered against Lopez under Chapter 7 of

5  Title 11 of the United States Code.

6      4.      Petitioner declares under penalty of perjury that the foregoing is true and correct

7  according to the best of its knowledge, information and belief.

8

9  Dated: _____DEC 28 05_____        By: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              – 2 –

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2450 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700  TELECOPIER (619) 544-0665

C-2

105008/SHL/5311.01

1

2                    **PROOF OF SERVICE BY MAIL**

3

4    STATE OF CALIFORNIA          )
                                  )   ss.:
5    COUNTY OF LOS ANGELES        )

6

7         I am employed in the County of Los Angeles, State of California.  I am over the age
     of 18 and not a party to the within action.  My business address is 21800 Oxnard St., Suite
8    840, Woodland Hills, CA 91367.

9         **NOTICE OF MOTION AND MOTION BY ALLEGED DEBTOR FOR
          SUMMARY JUDGMENT AND AN ORDER DISMISSING INVOLUNTARY
          PETITION; DECLARATIONS OF M. JONATHAN HAYES, FRANCIS J.
10        LOPEZ AND STEVEN DAVIS IN SUPPORT THEREOF**

11   by placing the document(s) listed above in a sealed envelope with postage thereon fully
     prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
12
     L. Scott Keehn
13   Robbins & Keehn, APC
     530 "B" Street, Suite 2400
14   San Diego, CA 92101

15

16        I am readily familiar with this firm's practice of collection and processing
     correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
17   service on that same day in the ordinary course of business.  I am aware that on motion of
     party served, service is presumed invalid if postal cancellation date or postage meter date
18   is more than 1 day after date of deposit for mailing in affidavit.

19        I declare under penalty of perjury that I am employed in the office of a member of
     the bar of this Court at whose direction the service was made and that the foregoing is true
20   and correct.

21        Executed on  May 29, 2006, at Woodland Hills, California.

22

23        _____          _____
              Cassidy Hayes                        (Signature)
             (Type or print name)

24

25

26

27

28

**LAW OFFICES**
M. Jonathan Hayes