# DOCKET NUMBER 62-1

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED PT

2006 JUN -1 AM 9:30

U S BANKRUPTCY CT
SO DIST OF CALIF

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

In Re:

    FRANCIS J. LOPEZ,

    Alleged Debtor

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 05-05926-PBINV

Involuntary Chapter 7

**SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION BY ALLEGED DEBTOR FOR SUMMARY JUDGMENT AND AN ORDER DISMISSING INVOLUNTARY PETITION; AND CONCLUSIONS OF LAW**

Date: June 26, 2006
Time: 2:00 p.m.
Ctrm: 4

TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, TO PETITIONING CREDITORS ALAN STANLY, NORTHWEST FLORIDA DAILY NEWS, ALTERNATIVE RESOLUTION CENTER:

COMES NOW alleged debtor Francis J. Lopez and submits the following Statement of Undisputed Facts in Support of alleged debtor's Motion for Summary Judgment ("Motion"). Alleged debtor submits that the following facts establish that there are no material facts in issue and that the request for summary judgment in this case should be granted and the case dismissed:

| FACT | EVIDENCE |
|---|---|
| 1. Lopez had at least 22 creditors on June 30, 2005. | 1. Exhibit A. Declaration of Francis J. Lopez. |
| 2. The debt of Lopez to Northwest Daily News on June 30, 2005 is disputed. | 2. Declaration of Francis J. Lopez par. 2 and 10. |
| 3. Lopez owed no debt to Alternative Resolution Center on June 30, 2005. | 3. Declaration of Francis J. Lopez, par. 4. Declaration of Steven Davis |
| 4. None of the 22 creditors are an employee or insider of Lopez. | 4. Declaration of Francis J. Lopez par. 8. |
| 5. None of the 22 creditors received any payments from Lopez in the 90 days before the involuntary petition was filed that was outside of the ordinary course of business. | 5. Declaration of Francis J. Lopez par. |
| 6. None of the 22 creditors received any payments or transfers for less than fair value or with intent of Lopez to delay, hinder or defraud his creditors. | 6. Declaration of Francis J. Lopez par. 9 |
| 7. None of the 22 creditors are contingent as to liability or disputed except as to Northwest Daily News. | 7. Declaration of Francis J. Lopez, par 10. |
| 8. Lopez was generally paying his debts as they became due prior to June 30, 2005. | 8. Declaration of Francis J. Lopez, par. 11. |
| | |

## CONCLUSIONS OF LAW

1) This involuntary petition must be dismissed because the alleged debtor had more than 12 creditors at the time of the filing of the involuntary petition and there are fewer than three petitioning creditors.

2) Even if there are sufficient petitioning creditors, this involuntary petition must be dismissed because the alleged debtor was generally paying his debts as they become due at the time of the involuntary filing.

Dated: March 29, 2006                    Respectfully submitted

By: _____
M. Jonathan Hayes
Attorney for Alleged Debtor Francis Lopez

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief provided by the order is the relief granted by the court.

Submitted by:

By: _____
M. Jonathan Hayes
Attorney for Francis J. Lopez

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF LOS ANGELES    )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367.

**SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION BY ALLEGED DEBTOR FOR SUMMARY JUDGMENT AND AN ORDER DISMISSING INVOLUNTARY PETITION; AND CONCLUSIONS OF LAW**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

L. Scott Keehn
Robbins & Keehn, APC
530 "B" Street, Suite 2400
San Diego, CA 92101

    I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

    Executed on May 29, 2006, at Woodland Hills, California.

    Cassidy Hayes                                    /s/ Hayes
  (Type or print name)                                (Signature)

LAW OFFICES
M. Jonathan Hayes