# DOCKET NUMBER 73-2

L. Scott Keehn (SBN 61691)
Leslie F. Keehn (SBN 199153)
**ROBBINS & KEEHN**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

Attorneys for **Petitioning Creditors**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>    FRANCIS J. LOPEZ,<br><br>                 Alleged Debtor | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF FRANCIS J. LOPEZ MADE IN SUPPORT OF ALLEGED DEBTOR'S OPPOSITION TO PETITIONING CREDITORS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 26, 2006<br>Time: 2:00 p.m.<br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

**TO: THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE:**

The Petitioning Creditors herein respectfully supplement the evidentiary objections referenced in the Creditors' Separate Statement of Undisputed Material Facts in Opposition to Alleged Debtor's Motion for Summary Judgment by submitting the following supplemental evidentiary objections, and hereby move to strike the specified portions of the "Declaration of

107413/LFK/5311.01

Francis Lopez" submitted in support of Alleged Debtor's Opposition to Petitioning Creditors' Motion for Summary Judgment (the "Lopez Declaration").

## REQUEST FOR RULING ON OBJECTIONS AND MOTION TO STRIKE

The Petitioning Creditors respectfully request that this Court issue rulings on the following evidentiary objections and motion to strike prior to ruling on the merits of Petitioning Creditors' Motion for Summary Judgment.

## EVIDENTIARY OBJECTIONS

Any and all evidence proffered in opposition to a Motion for Summary Judgment must be admissible pursuant to the Federal Rules of Evidence ("FRE"), made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure.[1] Based on that mandate, the following improper portions of the Lopez Declaration should be stricken:

| TESTIMONY | OBJECTIONS |
|---|---|
| **1. Paragraph 8, in its entirety:** "The statement that I am entitled to a homestead exemption of $75,000 is false. In fact, the property is held as tenancy by the entirety, and is exempt." | **Improper Opinion.** Lopez is not qualified to proffer the legal conclusion that his residential real property is "exempt." FRE 701.<br><br>**Lack of Foundation.** Lopez fails to identify the facts upon which the proffered opinion is based. Without this foundation, the testimony is inadmissible. FRE 104. |
| **2. Paragraph 9, page 2, line 25 through page 3, line 1:** "'The net apparent equity in the residence to an estate' is not an accounting term I am familiar with, but if Mr. Keehn's contention is that the residence has equity of $405,000, he is mistaken. If the residence sells for $1.2 million, there is a real estate commission fee of approximately $60,000, plus closing costs and taxes. A more realistic estimate of the equity in the residence is $250,000. . ." | **Lack of Foundation.** Lopez fails to identify the facts upon which he bases his "estimate" of the equity in his residence. Without this essential foundation, the testimony is inadmissible. FRE 104. |

---

[1] FRCP 56(e) [FRBP 9014(c)]; *U.S. v. Crisp*, 190 F.R.D. 546, 550 (E.D.Cal. 1999).

| TESTIMONY | OBJECTIONS |
|---|---|
| **3. Paragraph 9, page 3, lines 1 - 2:** ". . .but again, this residence is exempt property as it pertains to my possible bankruptcy estate." | **Improper Opinion.** Lopez is not qualified to proffer the legal conclusion that his residential real property constitutes "exempt property." FRE 701.<br><br>**Lack of Foundation.** Lopez fails to identify the facts upon which the proffered opinion is based. Without this foundation, the testimony is inadmissible. FRE 104. |
| **4. Paragraph 10, page 3, lines 5 - 6:** ". . .the residence is exempt as being held as a tenancy by the entirety. . ." | **Improper Opinion.** Lopez is not qualified to proffer the legal conclusion that his residential real property is "exempt." FRE 701.<br><br>**Lack of Foundation.** Lopez fails to identify the facts upon which the proffered opinion is based. Without this foundation, the testimony is inadmissible. FRE 104. |
| **5. Paragraph 11, page 3, lines 11 - 13:** ". . .I would point out that I have a potential claim against him for invasion of privacy, and he has already been convicted of that crime in California." | **Irrelevant.** This first phase of the bifurcated proceedings focuses exclusively on the number of Lopez's qualifying creditors under 11 U.S.C. §303(b). Thus, any evidence regarding Lopez's "potential" State law claims against Stanly, and/or other litigation involving the parties, is irrelevant and improper. FRE 402. |
| **6. Paragraph 12, page 3, lines 16 - 18:** "My father, Frederic, lent me and my wife $35,000, and we signed a promissory note for it. This note amount included $20,000 that he had previously lent us." | **Sham Affidavit Doctrine.** To the extent that this testimony regarding the existence of a promissory note is proffered to support Lopez's contention that he has more than 12 Creditors, it contradicts prior deposition testimony stating that no such promissory note exists. [See, Ex. A to "Declaration of Alan Stanly in Opposition to Alleged Debtor's Motion for Summary Judgment and Order Dismissing Involuntary Petition" filed on 6/14/05, pp.18-19] Therefore, the testimony must be stricken under the Sham Affidavit Doctrine. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). |
| **7. Paragraph 13, page 3, lines 22 - 24:** "My father, Frederic, lent me and my wife $35,000, and we signed a promissory note for it. This note amount included $20,000 that he had previously lent us." | **Sham Affidavit Doctrine.** To the extent that this testimony regarding the existence of a promissory note is proffered to support Lopez's contention that he has more than 12 Creditors, it contradicts prior deposition testimony stating that no such promissory note exists. [See, Ex. A to "Declaration of Alan Stanly in Opposition to Alleged Debtor's Motion for Summary Judgment and Order Dismissing Involuntary Petition" filed on 6/14/05, pp.18-19] Therefore, the testimony must be stricken under the Sham Affidavit Doctrine. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). |

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

107413/LFK/5311.01

| TESTIMONY | OBJECTIONS |
|---|---|
| **8.   Paragraph 18, page 4, lines 23 - 25:** "These payments were minimum payments required to keep the account in good standing, and were made in the ordinary course of business." | **Improper Opinion.** Lopez is not qualified to proffer the legal conclusion that certain payments were made "in the ordinary course of business" for purposes of this Court's 11 U.S.C. §303(b) analysis. FRE 701.<br><br>**Lack of Foundation.** Lopez fails to sufficiently identify the facts upon which the proffered opinion is based. Significantly, Lopez never specifies when payments to this creditor ordinarily came due, and when the alleged "minimum payments" were made. Without this essential foundation, the testimony is inadmissible. FRE 104. |
| **9.   Paragraph 18, page 4, line 25 through page 5, line 2:** "Further, while we are on the subject of Citibank, Mr. Stanly was well aware of the existence of this creditor, despite his assertion in his original pleadings in this case that he was only aware of 3 creditors, all located in California. Thus, Stanly was aware of the existence of at least two additional creditors, American Express and Citibank, prior to the filing of the involuntary petition." | **Irrelevant.** This first phase of the bifurcated proceedings focuses exclusively on the number of Lopez's qualifying creditors under 11 U.S.C. §303(b). Thus, any evidence regarding Lopez's speculation as to Stanly's state of mind prior to filing this involuntary petition, is irrelevant and improper. FRE 402.<br><br>**Lack of Foundation.** Lopez fails to sufficiently identify the facts upon which the proffered opinion regarding Stanly's "awareness" and state of mind is based. FRE 104. |

| TESTIMONY | OBJECTIONS |
|---|---|
| **10. Paragraph 20, in its entirety:** "Mr. Keehn contends that my obligation to Ft. Walton Beach Medical Center is the subject to [sic] a bona fide dispute. This needs clarification. While the doctor did tell me that a certain procedure should be covered by insurance, the doctor had no knowledge of my insurance coverages, and when I did check with my insurance carrier, that particular procedure was not covered. I was informed that I had to get clearance in advance for that procedure which I did not do. Further, because it was an emergency room situation, I felt that the procedure needed to be done regardless of insurance coverage. The average American has many issues like this regarding health insurance coverage, and we all understand that whatever amounts are not covered by insurance are the responsibility of the patient." | **Sham Affidavit Doctrine.** To the extent that this testimony is proffered to support Lopez's contention that the debt to this creditor is undisputed, it contradicts prior deposition testimony which clearly states that this debt is in fact "disputed." [Lopez Depo., pages 183, line 19 - page 184, line 25.] Therefore, the testimony must be stricken under the Sham Affidavit Doctrine. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony").<br><br>**Improper Opinion.** Lopez is not qualified to opine on the health insurance "issues" encountered by the "average American," and/or the "average American's" "understanding" of those issues. FRE 701.<br><br>**Lack of Foundation.** Lopez fails to sufficiently identify the facts upon which he bases the proffered opinion pertaining to health insurance "issues" encountered by the "average American," and/or the "average American's" "understanding" of those issues. FRE 104.<br><br>**Irrelevant.** The health insurance "issues" and payment habits of the "average American" are irrelevant to this Court's determination of whether or not Lopez's outstanding debt to this creditor is "disputed" for purposes of 11 U.S.C. §303(b). FRE 402. |
| **11. Paragraph 21, page 5, lines 21 - 22:** "However, I called Household Bank, and they informed me that a minimum payment of $50 would suffice." | **Hearsay.** This alleged telephonic statement is offered to show the truth of the matter asserted, and therefore constitutes inadmissible hearsay. FRE 801, 802. |

- 5 -

107413/LFK/5311.01

| TESTIMONY | OBJECTIONS |
|---|---|
| **12. Paragraph 23, in its entirety:** "Sometime in 2001 or 2002, I took out an insurance policy and named my wife Madeleine as the beneficiary. This was a 20-year term policy written by Valley Forge Life Insurance. The payments were for $486 per annum, or the choice of semi-annual or quarterly payments. This is a 20 year obligation, and thus, I listed them as a creditor. While Mr. Keehn contends that I owe them nothing as of June 30, 2005, I must point out that this is not a one-year, terminating policy. The obligation is to make payments each quarter, semi-annually, or annually to keep the policy in force. In other words, when purchasing a long-term policy, the insurance contract itself sets forth payments for the entire term of the insurance policy, not just for one year." | **Sham Affidavit Doctrine.** To the extent that this testimony is proffered to support Lopez's contention that he – rather than his wife – is the account debtor on this debt, it contradicts his prior deposition testimony which states that: (a) he does not know why the premium statement for this debt was addressed/sent solely to his wife; and (b) his wife may in fact be the "sole owner" of the policy. [Lopez Depo., page 198, lines 3-8]. Therefore, the testimony must be stricken under the Sham Affidavit Doctrine. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). |
| **13. Paragraph 24, in its entirety:** "Regarding the creditor Verizon Wireless: Although there was a disagreement with the amount of the April 2005 bill, this matter was handled to the mutual satisfaction of both me and Verizon Wireless, and the account was paid in full. In fact, I kept this account for cellular service until November 2005, and there were no disputed amounts or any amounts claimed owing by Verizon at that time. Exhibit 15 shows the continuation of the account, and the closing statement showing $0.00 balance. Also, note the payments made by Noveon Systems, Inc., my employer." | **Sham Affidavit Doctrine.** To the extent that this testimony is proffered to support Lopez's contention that this debt to Verizon was not disputed *as of the petition date*, it contradicts his prior deposition testimony [Lopez Depo., page 97, line 8; page 151, lines 7-22 (Verizon dispute lasted from 04/2005 though 8/2005)], and must be stricken under the Sham Affidavit Doctrine. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). |

| TESTIMONY | OBJECTIONS |
|---|---|
| **14. Paragraph 25, page 6, lines 19 - 21:** "Mr. Wise and I made an oral agreement to extend the promissory note indefinitely, with the understanding that my wife and I would pay him $900 for interest, and that the amount of the loan would be repaid once the house was sold." | **Best Evidence Rule.** This testimony regarding a subsequent parol agreement directly contradicts the payment terms embodied in the promissory note itself, stating that the note was to be repaid *upon refinancing or* sale of the Florida home, and those payment terms may be significant to this Court's ruling herein. Therefore, the testimony must be stricken as a violation of the Best Evidence Rule.  FRE 1002. |
| **15. Paragraph 26, in its entirety:** "Mr. Keehn has made many statements to the effect of 'Lopez has produced any and all documents evidencing any and all payments he made to (insert Creditor name here)'.  During the course of the last two months, and since Mr. Keehn's last document production request, I have been involved with my wife Madeleine, in a lawsuit brought in San Diego by Mr. Stanly against her.  During the course of the last few weeks, I have had to search extensively through boxes and boxes of old paperwork, and have been able to locate files that are pertinent to my answers in response to Mr. Keehn's 'Separate Statement of Undisputed Facts'.  Most of the new evidence in response to Keehn's misstatements are a result of this recent effort." | **Sham Affidavit Doctrine.**  This testimony contradicts Lopez's prior deposition testimony verifying that all responsive documents had been produced [See, Movants' UF 35, 41, 45, 48, 58, 61, 65, 74, 80, 82, 86, 91, 96, 101, 113, 116, 123, 133, 138, 142, 148], and must be stricken under the Sham Affidavit Doctrine.  *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). |
| **16. Paragraph 27, page 7, lines 7 - 10:** "This is a false contention.  Payments made to my creditors were not "transfers" from property of the bankruptcy estate.  They were all transfers made from wages or otherwise property acquired after the Involuntary Petition was filed." | **Improper Opinion.**  Lopez is not qualified to proffer the legal conclusion that certain payments were not "voidable post-petition transfers" for purposes of this Court's 11 U.S.C. §303(b) analysis.  FRE 701.<br><br>**Lack of Foundation.**  Lopez fails to sufficiently identify the facts upon which the proffered opinion is based. FRE 104. |
| **17. Paragraph 28, page 7, lines 13 - 14:** "Payments to my creditors were payments for debts in the ordinary course of business and made in the ordinary course of business." | **Improper Opinion.**  Lopez is not qualified to proffer the legal conclusion that certain payments were made "in the ordinary course of business" for purposes of this Court's 11 U.S.C. §303(b) analysis.  FRE 701.<br><br>**Lack of Foundation.**  Lopez fails to sufficiently identify the facts upon which the proffered opinion is based. FRE 104. |

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

| TESTIMONY | OBJECTIONS |
|---|---|
| **18. Paragraph 29, in its entirety:** "When I originally responded to the involuntary petition, I listed all of the creditors I was aware of, other than family members. During my search of records in response to petitioning creditors' Motion for Summary Judgment, I have come across another creditor that I did not list in my original response, Curd Galindo and Smith. I owed this creditor $900.00 as of the date of the June 30, 2005 filing of the involuntary petition. (See Exhibit 16, statements from Curd Galindo and Smith)." | **Sham Affidavit Doctrine.** This testimony contradicts Lopez's prior deposition testimony verifying that all creditors had been identified. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). |
| **19. Paragraph 31, in its entirety, and the referenced Exhibit 2:** "Attached hereto as Exhibit 2 is a true and correct copy of correspondence from Allstate regarding the home insurance of my wife and me." | Exhibit 2 has been redacted, and is therefore not a "true and correct copy." <br><br>**Lack of Foundation.** Lopez fails to identify why the redaction was necessary, and/or the general subject matter of the redacted portion of the document. Without that foundation, the document is not reliable support for the proffered testimony. FRE 104. |
| **20. Paragraph 45, in its entirety, and the referenced Exhibit 16:** "Attached hereto as Exhibit 16 is a true and correct copy of a statement from Curd, Galindo & Smith dated June 2, 2005." | **Sham Affidavit Doctrine.** This testimony and the referenced Exhibit 16 directly contradict Lopez's prior deposition testimony verifying that all creditors had been identified. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). |

Dated:   June 21, 2006

**ROBBINS & KEEHN**
A Professional Corporation

By:   //s// L. Scott Keehn
L. Scott Keehn
Leslie F. Keehn
Attorneys for Petitioning Creditors