# DOCKET NUMBER 77

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED AC
06 JUL -7 AM 10:20
CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| In Re: | CASE NO. 05-05926-PBINV |
| FRANCIS J. LOPEZ, | Involuntary Chapter 7 |
| Alleged Debtor | **BRIEF OF ALLEGED DEBTOR RE BURDEN OF PROOF UNDER SECTION 549** |
| | **MSJ Hearing**<br>Date: June 26, 2006<br>Time: 2:00 p.m.<br>Ctrm: 4 |

TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, TO PETITIONING CREDITORS ALAN STANLY, NORTHWEST FLORIDA DAILY NEWS:

## I. ARGUMENT

Alleged Debtor Francis J. Lopez ("Lopez") offered evidence in his Answer filed nearly one year ago in this case, his Motion for Summary Judgment, and in opposition to the MSJ of Alan Stanley that he had 23 creditors on June 30, 2005 and since there is only

one Petitioning Creditor, this case must be dismissed. Stanly has asserted that there are fewer than 12 creditors and therefore a single Petitioning Creditor is sufficient.

Of the 23 creditors, Stanly argued that nine should be excluded because they received avoidable transfers under Section 549 of the bankruptcy code. He alleged that eleven of the creditors received avoidable preference payments under Section 547. Of the 23 total, eleven were supposedly excludable *solely* on the basis of Section 547 or 549 or both. The only evidence Stanly has ever offered that these creditors received avoidable transfers is that the creditors, in fact, actually received payments either pre-petition or post petition.

The burden of proof in a Motion for Summary Judgment is on the moving party. Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc. 477 U.S. 242 (1986).* When the court considers a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Hamilton v. Smith, 773 F.2d 461, 466 (2d Cir.1985).*

As to Section 547, there is no showing in the MSJ that Lopez was insolvent when the payment was made or that the payment rendered him insolvent. There was no showing that the payment was not made in the ordinary course of business. There is no showing that the property transferred pre-petition was property "of the debtor." Indeed, virtually all of the payments were very small regular monthly payments to credit card companies or utility companies. All of the supposedly preferential transfers are less than $600 (probably in total excluding Union Bank) which excludes the transfers from avoidance under Section 547(c)(8).

As to Section 549, the bankruptcy code states:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer *of property of the estate--*
> (1) that occurs after the commencement of the case; and

(2)

    (A) that is authorized only under section 303(f) or 542(c) of this title;

or

    (B) that is not authorized under this title or by the court.

As this is a chapter 7 involuntary case, post petition wages are not property of the estate. Proceeds of post-petition loans are not property of the estate. In fact, any property acquired after the petition date is not property of the estate unless it fits within one of the exceptions in Section 541(a)(5).

Federal Rule of Bankruptcy Procedure 6001 states: Burden of Proof as to Validity of Postpetition Transfer:

    Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof.

At first blush it would appear that the burden is on Lopez to prove that the post petition transfers are not avoidable. A "transfer under Section 549" however, for purposes of Section 549, means *a transfer of property of the estate*. Stanly has the burden of proving that the post petition transfers were "of property of the estate." Once he does that, Lopez has the burden of proving that the transfers were otherwise valid. This makes complete sense. Property of the estate is not supposed to be transferred without court approval or other authorization in the bankruptcy code. Typically, the person asserting the validity of the transfer is the transferee. Given the fact that it is probable that a complained of transfer of property of the estate was not authorized, it is logical that the burden should be on the recipient of the transfer.

*In re Countryside Manor, Inc.* 239 B.R. 443 (Bkrtcy.D.Conn.,1999.) the court said,

    there is no genuine issue as to the material facts sufficient to establish the elements of an avoidance action under Section 549 -that there was an unauthorized post-petition transfer of property of the estate. The defendant

concedes that it received the checks at issue, that they are drawn on the account of the debtor-in-possession, that they were received after the bankruptcy petition was filed, and that purchase of the parts made by the defendant are not referred to in the court's cash collateral orders.

The burden of proving that the transfer at issue was valid, *therefore*, shifts to the defendant. F.R.B.P 6001 ("Any entity asserting the validity of a transfer under Section 549 of the Code shall have the burden of proof."). (italics added)

In other words, once Stanly establishes that there was an unauthorized transfer of property of the estate, Lopez must establish that the transfer was "valid."

*In re Kingsley*, 208 B.R. 918 (8th Cir.BAP,1997), the court said:
Section 549 involves a four-part inquiry. *The trustee must show* that: (1) after commencement of the bankruptcy in question; (2) property of the estate; (3) was transferred; and (4) the transfer was not authorized by the bankruptcy court or by a provision of the Bankruptcy Code. (italics added)

*In re Calstar, Inc.*, 159 B.R. 247 (Bkrtcy.D.Minn.,1993), the court said:

Thus, to avoid the transfer, *the trustee must prove*:

1. That property of the estate was transferred;

2. after the filing of a petition;

3. which was not authorized by the Code or by the court. (italics added)

It would be difficult to imagine why the trustee could set forth a *prima facie* case of avoidable post petition transfer merely by showing that a payment was made to a creditor post petition. The code says a transfer of property of the estate. In other words, a transfer of something that was under the control of the court.

Irrespective of the burden, Lopez has produced evidence as to five of the creditors that the post petition payments were made by his wife or Noveon. These creditors are Bank of America, Cingular Wireless, Cox Communications, Kelly Plantation Owners, Okalossa Gas District. As to Union Bank, the payments came from a post petition loan. The payments to Quicken Platinum, Texaco and Verizon[1] came from post petition wages or employee expense reimbursements of Lopez. Stanly acknowledges that Lopez borrowed $35,000 from his father since June 30, 2005 (UDF# 32). Stanly acknowledges that Lopez earned $12,500 just in 2006 (UDF#13). He acknowledges that Lopez has received some $50,000 from Noveon since its inception (UDF#14).

If the court will allow additional evidence, Lopez will provide proof that he had little to no funds on hand on June 30, 2005 from which the post petition transfers of property of the estate could have been made. The MSJ of Stanly admits this in UDF#26 "Other than his residence, Lopez has no assets of any significant value (more than $10,000 equity). Lopez will also, if allowed, provide further evidence of his post petition earnings and borrowings to show that all of the the post petition payments were not property of the estate and therefore not avoidable.

## II. CONCLUSION

Alleged Debtor prays that this court grant him summary judgment and dismiss this case, and for other orders which are just.

Dated: July 6, 2006

By: _____
M. Jonathan Hayes
Attorney for Alleged Debtor Francis Lopez

---

[1] There are no "undisputed facts" offered by Stanly with respect to Verizon.

**Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011** that the relief provided by the order is the relief granted by the court.

Submitted by:

By: _____
M. Jonathan Hayes
Attorney for Francis J. Lopez

## PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On July 6, 2006, I served the within documents:

**BRIEF OF ALLEGED DEBTOR RE BURDEN OF PROOF UNDER SECTION 549**

X   by email

X   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

..   by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

..   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

..   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
Robbins & Keehn, APC
530 B Street, Suite 2400
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 6, 2006, at Woodland Hills, California.

_____
MJ Hayes

LAW OFFICES
M. Jonathan Hayes

7

Brief re Burden of Proof re Section 549