# DOCKET NUMBER 78

L. Scott Keehn (SBN 61691)
**ROBBINS & KEEHN**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

Attorneys for **Petitioning Creditors**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>**FRANCIS J. LOPEZ**,<br><br>Alleged Debtor | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**PETITIONING CREDITORS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE BURDEN OF PROOF WITH RESPECT TO POST PETITION TRANSFERS MADE AVOIDABLE BY 11 U.S.C. § 549**<br><br>**[NO FURTHER HEARING SET]**<br><br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

TO: **Honorable Judge Peter W. Bowie, Judge of the United States Bankruptcy Court**

The Petitioning Creditors herein (hereinafter the "PC") respectfully submit this "Supplemental Memorandum, Etc." to address the issues of the Burden of Proof (hereinafter the "BOP") regarding the avoidability of transfers under 11 U.S.C. § 549:

/ / /

/ / /

/ / /

/ / /

/ / /

107579/ASG/5311.01

## I. DISCUSSION

**A. Who Has BOP and How it is Shifted.** We Began this analysis with FRBP Rule 6001:

**Rule 6001. Burden of Proof as to Validity of Postpetition Transfer**
Any entity asserting the validity of a transfer under §549 of the Code shall have the burden of proof.

This means that where a party is defending a §549 claim, by asserting that the transferred property was not property of the estate, that party has the burden of proving the non-estate nature of the property.[1] Each fact necessary to a party's defense against the assertion of a 549 avoidance claim falls on the defending party.[2] That also means that a party that contends that an element necessary to avoid the transfer does not exist bears the burden of proving that point as well.[3]

Once the party with initial BOP establishes its *prima facie* case, the BOP shifts to the other party.[4] However, the burden of initially producing evidence may be shifted to a party who is in a better position to provide the necessary information.[5] Since Lopez is in the superior position of establishing that post-petition payments were made from sources other than "property of the estate" ("POE"), that burden would shift to him in any event.

The BOP is also shifted by applicable presumptions. When the presumption is established it shifts the burden of going forward with the evidence to the other party to rebut or meet that presumption.[6]

Where state law supplies the rule of decision with respect to an element of a claim or

---

[1] *In re Gandara*, 257 B.R. 549, 552-553 (Bkrtcy. D. Mont., 2000) [specifically putting that burden on the defending party]; *In re Auxano Inc.*, 96 B.R. 957, 961 (Bancr. W.D. Mo. 1989); *In re Woodward*, 234 B.R. 519, 523, FN2 (Bkrtcy. N.D. Okla., 1999) [noting that many courts concur that the trustee has the initial burden to establish that an initial transfer took place and that the burden then shifts to the party defending the transfer to show that it was not property of the estate]. While the PC recognize that there is language in other cases that would place the BOP of showing property transferred was estate property on the trustee, that divergent view is rendered moot here by virtue of the presumption that payments were made from the debtor's property discussed below.

[2] *In re Mary-Go-Round Enterprises, Inc.,* 400 F.3d 219, 225 (C.A. 4 (Md.), 2005); *40235 Washington Street Corp v. W.C. Lusardi*, 177 F.Supp2d 1090, 1097 (S.D. Cal, 2001).

[3] *In re Beshears*, 196 B.R. 464, 466 (Bkrtcy. E.D. Ark., 1996).

[4] *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973); *Frazier v. Ruminger*, 27 F.3d 828, 831 (2d Cir., 1994).

[5] *GTS Industries S.A. v. S/S "Havtjelv"*, 68 F.3d 1531, 1535 to 1536 (2nd Cir. 1995).

[6] FRE 301; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 to 508 (1993); *Creswell Trading Co., Inc., v. United States*, 15 F.3d 1054, 1060 (Fed. Cir. 1994); *Valance v. Wisel*, 110 F.3d 1269, 1279 (7th Cir. 1997).

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

1  defense, the state law presumptions apply (FRE 302, including Adv. Comm. Notes). Here,
2  whether or not the post-petition payments were made from POE is an element of both claim and
3  defense. The nature of property rights is determined in accordance with the applicable state law.[7]
4  Accordingly, state law presumptions regarding the nature of property rights are applicable, and
5  operate to shift the BOP.

6    A Debtor is *presumed to own funds over which he has control*. "[A]ny funds under the
7  control of the debtor, regardless of the source, are properly deemed to be the debtor's property, and
8  any transfers that diminish that property are subject to avoidance."[8] The funds in a bank account
9  will be deemed property of the estate where the debtor is entitled to access, and exercise control
10 over, those funds.[9] As indicated in PC's Reply Memorandum, Lopez had complete control over
11 payments made by Noveon which payments are also governed by presumption.

12   Although Florida is not a community property state,[10] its concept of "Marital Assets" is
13 broader than traditional community property concepts, and brings a broader range of property in
14 as POE as defined by §541. Under Florida's "Marital Asset" concept, all assets acquired and
15 liabilities incurred by either spouse subsequent to the date of the marriage, and not specifically
16 established as nonmarital assets or liabilities, are *presumed to be marital assets and liabilities*.[11]
17 That includes any assets acquired during the marriage individually, by either spouse, or jointly by
18 them.[12] In a dissolution proceeding all of the Marital Assets must be distributed equitably, but not
19 necessarily equally, in accordance with the court's sound discretion.[13] That presently vested
20 potential distribution entitlement to any of the Marital Assets makes all of them POE within the

---

[7] *Butner v. United States*, 440 U.S. 48, 52-59 (1979); *In re Safeguard Self Storage*, 2 F.3d 967, 970 (9th Cir. 1993).

[8] *In re Chase & Sanborn Corp.*, 813 F.2d 1177, 1181 (11th Cir.1987).

[9] *In re Danowski*, 320 B.R. 886, 888 (Bkrtcy. N.D.Ohio 2005) ("the amount in a debtor's bank account at the commencement of the case is property of the estate").

[10] *Green v. Green*, 442 So.2d 354, 355 (Fla.App.1 Dist., 1983).

[11] F.S.A. § 61.075 (5)*; Gladstone v. Gladstone*, 733 So.2d 1090, 1091 (Fla.App. 4 Dist.,1999).

[12] *Wertkin v. Wertkin*, 763 So.2d 461, 463 (Fla.App. 4 Dist.,2000).

[13] F.S.A. § 61.075 (1); *Green v. Green*, 442 So.2d 354, 355 (Fla.App. 1 Dist., 1983)

broad definition of §541. Finally, Florida law clearly places the BOP to demonstrate that property acquired during the marriage is "*non-marital*" on the party asserting that character (*Gladstone v. Gladstone,* supra).

Accordingly, all of the transfers made from the Sun Trust Bank account which is in the name of Madeline Lopez (Exhibits 4-3, 7-1, 11 and 12 to the Lopez Decl.) were transfers of "Marital Assets", which would have been POE.

**B.     The PC Have Met Their BOP.** Post-petition payments which are avoidable under §549 will not be included in the §303(b)(2) count.[14] The elements of an avoidable §549 transfer are: "(1) a transfer; (2) of property of the estate; (3) which occurred post-petition; and (4) was not authorized by the Bankruptcy Code or the court."[15]

**1.     Elements (1) and (3).** These elements are uncontested. The parties agree that post-petition payments were made on pre-petition obligations.[16]

**2.     Element (2).** "[W]here a debtor has paid existing debts, the funds used as payment are ***presumed to be the debtor's property absent some proof to the contrary*** offered by those defending the transfer."[17] Courts recognize that this presumption is "logical" because "the debtor, after all, was under an existing obligation to make the payment" (*Id.*). This presumption applies to best and most appropriately serve the fundamental purpose of the avoidance statutes – "fairness among the creditors."[18]

> Thus, the operative impulse of § 549(b) is meant to curb abuses and protect the estate from dissipation during the "gap" period. In corollary intendment, it seeks to preserve the Code's objective by preserving the quality of distribution to all creditors, including the rights of a "gap" transferee for value.[19]

---

[14]     11 U.S.C. §303(b)(2); *In re Rimell*, 111 B.R. 250, 256-257 (Bkrtcy. E.D. Mo. 1990).

[15]     *In re Allen*, 217 B.R. 952, 955 (Bkrtcy. M.D.Fla. 1998), *In re APF*, 264 B.R. 344 (Bkrtcy D. Del., 2001).

[16]     See, Creditors' Separate Statement of Undisputed Material Facts in Reply to Lopez's Opposition to Summary Judgment Motion ("RSUF"), ¶56 (Bank of America); ¶64 (Cingular); ¶81 (Cox); ¶94 (Kelly Plantation); ¶100 (Northwest Florida Daily News); ¶106 (Okaloosa Gas); ¶120 (Quicken); ¶¶128-130 (Texaco); ¶141 (Verizon); ¶¶155-163 (Union Bank).

[17]     *In re Chase & Sanborn Corp.*, 813 F.2d 1177, 1181 (11th Cir. 1987).

[18]     *In re Chase & Sanborn Corp.*, supra, 813 F.2d at 1181.

[19]     *In re Brooklyn Overall Co., Inc.*, 57 B.R. 999, 1003 (Bkrtcy. E.D.N.Y. 1986).

Here, PC met their BOP upon the showing that certain pre-petition debts owed by Lopez were paid post-petition.[20] That establishes the presumption that the funds used to make those payments were property of Lopez's estate.[21] In *In re Brown*, the Bankruptcy Appellate Panel upheld the Bankruptcy Court's factual finding that certain creditors could not be included in the §303(b) count because they had received post-petition payments which were avoidable under §549:

> The parties stipulated that seven of the debts in question were Brown's, and that those debts were paid after [the Petition Date]. Brown offered no evidence to prove that the bills were paid with other than estate property. This evidence is sufficient to support the trial court's finding.[22]

**3.    Element (4).** Lopez bears the burden of establishing the validity of the post-petition payments, and he has not met it. Once the post-petition transfers were challenged as unauthorized, the BOP shifted to Lopez to defend the transfers. PC are not required to affirmatively prove a negative – that the post-petition transfers were not authorized by the Code.[23] They may rely on the evidentiary presumptions discussed above, and simply point out the lack of evidence validating the transfers (*Id.*). The BOP then shifts to Lopez to establish the validity of the transfers with competent evidence.[24] Failure to meet that burden requires summary adjudication against Lopez.[25]

Lopez's argument that post-petition payments were made with non-estate property is not supported by evidence. The estate-property presumption described above can only be rebutted if Lopez presents competent and compelling evidence of the source of the funds used for the post-

---

[20]   See, RSUF, ¶56 (Bank of America); ¶64 (Cingular); ¶81 (Cox); ¶94 (Kelly Plantation); ¶100 (Northwest Florida Daily News); ¶106 (Okaloosa Gas); ¶120 (Quicken); ¶¶128-130 (Texaco); ¶141 (Verizon); ¶¶155-163 (Union Bank).

[21]   *In re Brown*, 21 B.R. 701, 703 (1st Cir. BAP 1982).

[22]   *In re Brown*, 21 B.R. 701, 703 (1st Cir. BAP 1982).

[23]   *In re Woodward*, 234 B.R. 519, 523 (Bkrtcy. N.D.Okla. 1999); see also generally, *In re Tran*, 297 B.R. 817, 835 (Bkrtcy. N.D.Fla. 2003) (the Code should not be interpreted to put a party "in the difficult and anomalous position of trying to prove a negative by showing the absence of any justification" for the debtor's transactions).

[24]   FRBP 6001; *In re Allen*, supra, 217 B.R. at 955.

[25]   *In re Rainbow Music, Inc.*, 154 B.R. 559, 563 (Bkrtcy. N.D.Cal. 1993) (failure to present evidence in defense of the 549 transfer "is fatal").

petition payments (if made with non-estate property and/or post-petition earnings).[26] His contention that payments were made from his post-petition wages contradicts his deposition testimony[27] and must be stricken under the Sham Affidavit Rule.

Since evidence of the source of the challenged payments is "*peculiarly available*" to Lopez, this Court should ***presume*** that Lopez did not produce any such evidence because it "*would be damaging*" to his asserted defense.[28] Summary adjudication against Lopez is appropriate (*Brown*, supra at P. 703).

The only defense Lopez raised with regard to the §549 transfers was that the payments were made in the ordinary course of Lopez's business. He bears the BOP on his "ordinary course" defense.[29] He failed to show evidence of the elements of that defense,[30] and that raised the presumption that he has no such favorable evidence.[31]

**II.   CONCLUSION**   Applying these principles to the record before the court, the PC's burden has clearly been carried.[32] The PC are entitled to summary judgment as prayed.

Dated: July 7, 2006                              //s// L. Scott Keehn

---

[26]   *In re Bressman*, 327 F.3d 229, 239 (3rd Cir. 2003) (Party alleging validity of post-petition transfer defeated summary judgment because it "came forward with persuasive evidence. . . that the challenged payments came from non-estate sources"); *In re Rimell*, supra, 111 B.R. at 255-257. Requiring Lopez to establish the character of the property used to fund the post-petition payments is in accord with Florida law. *See, Ellingham v. Florida Dept. of Children and Family Services*, 896 So.2d 926, 927 (Fla.App. 2005) ("The party seeking to assert the affirmative defense has the burden of proof as to that defense"); *United States v. Knox*, 68 F3d 990, 1000 (7th Cir. 1995).

[27]   Lopez Depo at P 45, ln. 23-25, p 47, ln 14 to p 48 ln 9, and p 55, ln 18 to p 62, ln 23 [testimony admitting no post-petition wages].

[28]   *In re Osborne*, 257 B.R. 14, 19 FN.7 (Bkrtcy. C.D.Cal. 2000). Florida law is in accord. See, *Metropolitan Dade County v. Hernandez*, 708 So.2d 1008, 1009 (Fla.App. 1998) ("Where one party has peculiar knowledge or control of the evidence on a material matter, then the burden rests on that party to produce the evidence"); *Gray v. Callahan*, 197 So. 396, 400 (Fla.1940) (defendant's failure to present certain evidence in his possession constituted "an admission that its introduction would not have been of any value to the defendant").

[29]   *Phoenix American Life Ins. Co. v. Devan*, 308 B.R. 237, 241 (Dist. Ct. Md. 2004).

[30]   *Phoenix American Life Ins. Co. v. Devan*, supra, 308 B.R. at 241.

[31]   *In re Osborne*, supra, 257 B.R. at 19 FN.7.

[32]   See RSUF No. 56 (BOA); No. 64 (Cingular); No. 81, Ref. Depo testimony only (Cox); No. 94 (Kelly); Nos. 106 and 107 (Okaloosa); No. 120 and (Quicken); Nos. 127 to 131 (Texaco); No. 141 (Verizon); and, Nos. 155 to 163 (UBOC).