# DOCKET NUMBER 91-1

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

8  **UNITED STATES BANKRUPTCY COURT**

9  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11 In Re:                                    ) Case No. 05-05926-PBINV
                                              )
12     FRANCIS J. LOPEZ,                     ) Involuntary Chapter 7
                                              )
13         Alleged Debtor.               ) **PETITIONING CREDITORS'**
                                              ) **MEMORANDUM OF POINTS AND**
14                                            ) **AUTHORITIES IN SUPPORT OF MOTION**
                                              ) **TO COMPEL SUPPLEMENTAL**
15                                            ) **RESPONSES TO WRITTEN DISCOVERY**
                                              )
16                                            ) **[BIFURCATED PHASE II]**
                                              )
17                                            ) Date:  March 12, 2007
                                              ) Time:  10:30 a.m.
18                                            ) Judge: The Honorable Peter W. Bowie
                                              ) Ctrm:  4
19 _____)

20    Pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP"), made applicable to

21 these proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"),

22 Petitioning Creditors respectfully submit their Motion to Compel Alleged Debtor FRANCIS J.

23 LOPEZ ("Lopez") to provide supplemental responses to the written discovery in support of Phase

24 II of these proceedings.

25 / / /

26 / / /

27 / / /

28 / / /

109280/LFK/5311.01

## I. INTRODUCTION

*"Past Behavior Is the Best Predictor of Future Behavior"[1]*

The continuing abuses that Petitioning Creditor Alan Stanly feared in his opposition to Lopez's Motion to Bifurcate these proceedings[2] has come to pass – Lopez is engaging in the same bad-faith, stonewalling discovery tactics for which he has been repeatedly sanctioned for in the past.[3] Just as Mr. Stanly suspected, since these proceedings were bifurcated, Lopez is taking full advantage of a fresh opportunity to delay this case, and stymie the discovery of evidence in support of the Phase II issue of whether or not he was generally paying his debts as they came due.

On November 3, 2006, Petitioning Creditors served Lopez with written discovery – Interrogatories, Requests for Admission, and Requests for Production – seeking evidence in support of Phase II of these proceedings (collectively, the "Written Discovery").[4] On December 5, 2006, Lopez served inadequate responses to the Written Discovery.[5] In response to Petitioning Creditors' meet and confer dialogue, Lopez – through his attorney Jonathan Hayes – promised to provide supplemental responses to the Written Discovery on or before January 12, 2007.[6] True to form, Lopez has failed to honor that promise, and no supplemental responses have been received.[7]

---

[1] *U.S. v. Crawford*, 372 F.3d 1048, 1071 (9th Cir. 2004) (the Ninth Circuit has recognized "the truth of the axiom that past behavior is the best predictor of future behavior").

[2] See, Docket Item 32: "Memorandum of Points and Authorities in Opposition to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition. . .," pages 5 - 6 ("Lopez's History of Stonewalling and Abusing Discovery"); and page 6, lines 5 - 7 (*"Stanly remains hopeful that Lopez has learned his lesson with respect to the futility and added expense associated with abusing the discovery process. But only time will tell."*).

[3] See, Docket Item 32, Attachment 1: "Request for Judicial Notice in Opposition to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition. . .," Exhibit 2 (describing monetary and evidentiary/exclusionary sanctions issued against Lopez based on his failure to respond to written discovery, and refusal to appear for his scheduled deposition).

[4] See, Exhibits 1, 3 & 5 to the Declaration of L. Scott Keehn ("Keehn Decl."), filed concurrently herewith.

[5] See, Exhibits 2, 4 & 6 to Keehn Decl.

[6] Keehn Decl., ¶ 4.

[7] See, Keehn Decl., ¶¶ 5 - 8.

Given Lopez's dismal track record in discovery coupled with his dishonored commitment, Petitioning Creditors reasonably believe that this Court's involvement is now necessary to force Lopez to comply with his discovery obligations. Such compliance is critical to enable Petitioning Creditors to prepare a summary judgment motion on the Phase II issue, and move this case forward toward entry of an order for relief. Courts recognize that if a party has a sufficient opportunity to receive and evaluate evidence in connection with a possible summary judgment motion, then the case will proceed efficiently and expeditiously, and thereby preserve judicial resources:

> An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed – ***perhaps paving the way for a summary judgment motion*** – and which facts must be resolved at trial.[8]

Lopez's pattern of endless obstruction and delay appear destined to clog this Court's docket, and waste its resources. Such conduct justifies a sanctions award, especially where, as here, the party has an "egregious record of discovery abuses."[9]

## II. DISCUSSION

### A. The Phase II Discovery is Necessarily Broad.

Phase II of these proceedings pertains to the issue of whether or not – as of the Petition Date – Lopez was generally paying his debts as they came due.[10] The Ninth Circuit "has adopted a 'totality of the circumstances' test for determining whether an alleged debtor is generally paying its debts as they become due."[11] Thus, discovery on this issue will be necessarily broad to enable Petitioning Creditors to provide this Court with the complete "big picture" of Lopez's total

---

[8] *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004) (emphasis added).

[9] *Computer Task Group, Inc. v. Brotby*, supra, 364 F.3d at 1117 (terminating sanctions were justified where the party had repeatedly refused to provide inevitable discovery).

[10] 11 U.S.C. § 303(h)(1).

[11] *In re Focus Media, Inc.*, 378 F.3d 916, 928-929 (9th Cir. 2004); *Matter of Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.*, 779 F.2d 471, 475 (9th Cir. 1985) ("Congress intended to provide a flexibility which is not reducible to a simplistic formula").

financial situation as of the Petition Date (June 30, 2005).[12] In addition, FRCP 26[13] allows parties wide latitude in seeking discovery which may be relevant to the claims at issue. "Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed."[14]

**B.    Requests for Admission (1, 3, 4 & 5).**

FRCP Rule 36[15] requires that answers to Requests for Admission "shall specifically deny the matter or set forth *in detail* the reasons why the answering party cannot truthfully admit or deny the matter."[16] Further:

> . . .the answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.[17]

Lopez's responses to Requests 1, 3, 4 and 5 fail to meet these statutory requirements.

Request for Admission Number 1 states: "Admit that YOU received no cash payments from NOVEON between January 1, 2005, and July 1, 2005." This Request is directly relevant to Petitioning Creditors' ability to establish Lopez's access to monies that could have been used to pay his debts as of the Petition Date of June 30, 2005.

Lopez's denial included the single, vague assertion that: "I did in fact receive some cash payments from Noveon during the specified period."[18] Obviously, this response does not provide

---

[12]    See e.g., cases where courts are examining the "big picture" of a debtor's financial situation as of the petition date: *In re Focus Media, Inc.*, supra, 378 F.3d at 929; *In re J.B. Lovell Corp.*, 80 B.R. 254, 255 (Bkrtcy. N.D.Ga. 1987); *In re Kreidler Import Corp.*, 4 B.R. 256, 260 (Bkrtcy. Md. 1980); *In re West Side Community Hosp., Inc.*, supra, 112 B.R. at 256 - 257.

[13]    FRCP 26 is made applicable to these proceedings by FRBP 9014(c).

[14]    *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (Dist. Ct. N.D.Iowa 2000).

[15]    FRCP 36 is made applicable to these proceedings by FRBP 9014(c).

[16]    FRCP36(a) (emphasis added).

[17]    FRCP 36(a).

[18]    See, Lopez's Response to Interrogatory Number 1, page 2, line 16.

the "detail" required by FRCP 36(a). Since Lopez himself chose to go beyond the statement "Denied," and elected to elaborate, the elaboration should be meaningful rather than vague and enigmatic. Petitioning Creditors are entitled to know how much "cash" Lopez received, and when he received it.

Request for Admission Number 3 states: "Admit that YOU were not engaged as an independent contractor for any PERSON or entity other than NOVEON between January 1, 2005, and July 31, 2005." Like Request Number 1, this Request is directly relevant to Petitioning Creditors' ability to establish Lopez's access to monetary income that could have been used to pay his debts as of the Petition Date of June 30, 2005. Similarly, Request for Admission Number 4: asks Lopez to "Admit that YOU had no contractual relationship of any kind that entitled YOU to receive remuneration of any kind based upon services that YOU rendered at any time between January 1, 2005, and July 31, 2005."

Lopez's one-sentence explanations for his denials of Requests 3 and 4 are just as vague and useless as his response to Request 1. Lopez's response to Request Number 3 simply asserts that he "was in fact an independent contractor for another entity during the specified period."[19] Likewise, his response to Request 4 claims, without any of the requisite "detail" that he "was in fact entitled to receive remuneration as a result of services rendered during the specified period."[20] Petitioning Creditors are entitled to know how much income Lopez received, and when he received it, to enable them to meet their burden of establishing the totality of Lopez's financial circumstances as of the Petition Date.[21]

Request for Admission Number 5 states: "Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of enforcement pending YOUR appeal of that judgment." This Request is relevant to establish that the significant debt created by Mr. Stanly's $50,000 judgment against Lopez was overdue and unpaid as of the Petition Date – that is, it was

---

[19] See, Lopez's Response to Interrogatory Number 1, page 2, lines 17 - 18.

[20] See, Lopez's Response to Interrogatory Number 1, page 2, lines 19 - 20.

[21] *In re Focus Media, Inc.*, supra, 378 F.3d at 928 - 929.

not being paid in the ordinary course, and/or as the obligation had come due.

Lopez's denial of Request 5 included a disingenuous "I don't know" response, with no further explanation. The plain language of FRCP 36(a) makes it crystal clear that a responding "party may not give lack of information or knowledge as a reason for failure to admit or deny" without some additional explanation.

**C.    Interrogatories (1, 3, 4, 5, 6, 9, 11, 12 - 18, 20, 21, 22, 24 - 28, 30, 32 - 35).**

<u>Interrogatory Number 1</u> states: "Unless YOUR response to each of the 'REQUESTS FOR ADMISSIONS' served with these interrogatories was an unqualified admission, then for each response which is not an unqualified admission, state the number of the request and all of the facts upon which YOU base YOUR response." As discussed above, Lopez failed to provide any of the requisite "detailed" facts supporting his denials to Requests 1, 3, 4 & 5.

<u>Interrogatory Number 3</u> states: "Unless YOUR response to each of the 'REQUESTS FOR ADMISSIONS' served with these interrogatories was an unqualified admission, then for each response which is not an unqualified admission, state the number of the request, and IDENTIFY all DOCUMENTS, writings and other tangible things that YOU content [sic] support YOUR response." Lopez objected and refused to answer this Interrogatory on the ground that the Request is "vague as to the meaning of the phrase 'YOU content'." This objection is disingenuous and frivolous given that any reasonable person would understand that the word "content" was intended to be typed as "contend," and the Request is seeking any documents which Lopez believes support or evidence his denials of any of the Requests for Admission.[22] Moreover, it is patently improper for a party to simply assert such a general objection, without specifying or explaining "how" the request is impermissibly vague.[23]

<u>Interrogatory Number 4</u> states: "IDENTIFY by date, source, and amount, all cash receipts of any kind (including loan proceeds) that YOU received from any source — including but not

---

[22] See, *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Oregon Ltd. Partnership*, 76 F.3d 1003, 1007 (9th Cir. 1996) (the Ninth Circuit uses an objective reasonableness standard to determine the propriety of a party's objection to discovery).

[23] *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, supra, 198 F.R.D. at 512 - 513.

limited to — NOVEON between January 1 and July 1, 2005." Lopez's response claimed he was "still searching, will provide." As of the date of this Motion, Lopez has still not provided a response to this Interrogatory.

Interrogatory Numbers 5, 6, 9 & 11 request financial or related information involving Lopez's wife, Madeleine Lopez. These Interrogatories are relevant to ascertaining the totality of Lopez's financial situation as of the Petition Date by shedding light on his family's existing mortgage obligations, and possible sources of income to pay Lopez's debts. Lopez dismissed these pertinent requests with the following curt objections: "Objection. Not going to respond for someone else's financial records" [Numbers 5 & 6]; and "Objection. Madeleine Lopez" [Numbers 9 & 11]. This protest ignores the obvious duty of a litigant to respond with a good faith disclosure of responsive information within their knowledge whether it pertains to themselves or another person. During the meet and confer process, Lopez's counsel agreed that on or before January 12, 2007, Lopez would supplement his responses to set forth the nature and extent of his personal knowledge of facts responsive to these Interrogatories.[24] The promised supplemental responses have not been provided.

Interrogatory Numbers 11 - 18, 20, 21, 22, 24 - 28, 30, 32, 33 & 34 request the following identical information pertaining to the creditors Lopez identified in his Answer to the Involuntary Petition, and monies owed to Lopez's attorneys: "With respect to any or all debts that YOU OWED to [Creditor] as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and, (d) the dates and amounts of all payments made on that obligation." In response, Lopez objected to the phrase "original amount of the obligation" as ambiguous. During the meet and confer process, the parties addressed this objection, and agreed that the phrase "original amount of the obligation" shall be deemed to be the amount referred to as the amount due as of June 30, 2005.[25] Based on that agreement, Lopez promised to

---

[24] See, Exhibit 8 to Keehn Decl.

[25] See, Exhibit 8 to Keehn Decl.

provide supplemental responses to these Interrogatories on or before January 12, 2007. Without explanation, Lopez has failed to honor that promise.

In addition, in response to Interrogatories 26, 27, 28, 30, 32, 33 & 34, Lopez objected pursuant to FRCP 33(a)'s limit of 25 interrogatories per party (without leave of court or stipulation).[26] During the meet and confer process, Petitioning Creditors' counsel acknowledged that he had inadvertently applied the California state discovery rule which allows for a total of 35 specially-prepared interrogatories.[27] The parties agreed that given the number of creditors whose payments were at issue, and the fact that there are two petitioning creditors, this Court would likely grant Petitioning Creditors leave to propound the additional 10 Interrogatories. Based on that, and the agreement described above, Lopez's counsel promised to provide supplemental responses on or before January 12, 2007.

<u>Interrogatory Number 35</u> states: "IDENTIFY by name, address, telephone number, facsimile number, and e-mail address, all PERSONS or entities that made payments on any of YOUR obligations at any time from January 1, 2005 to the date of YOUR response to these INTERROGATORIES, and the dates and amounts of each such payment." Lopez responded with the same two objections he made to Interrogatories 11 - 18, 20, 21, 22, 24 - 28, 30, 32, 33 & 34. As discussed above, Lopez allowed his counsel to cause Petitioning Creditors' counsel to believe that those objections had been resolved, and supplemental responses would be forthcoming on or before January 12, 2007. There is no evidence that Mr. Hayes acted beyond his authority in making these commitments. As stated above, no supplemental responses have yet been provided. Since the information required to respond could only come from Lopez, it appears clear that he alone bears responsibility for the delinquency of the responses.

**D.      Requests for Production.**

Lopez has not yet provided any responsive documents. During the meet and confer process, Lopez's counsel promised he would produce all responsive documents on or before

---

[26]   FRCP 33 is made applicable to these proceedings by FRBP 9014(c).

[27]   Cal. Code of Civil Procedure §2030.030(a)(1).

1  January 12, 2007.  As of the date of this Motion, no documents have been produced.

2  **E.    <u>Lopez's Willful Refusal to Respond to Legitimate Discovery Requires an Appropriate</u>**
3      **<u>Sanction.</u>**

4      This Court has broad discretion to issue an appropriate sanction.  Some sanction is
5  mandatory where, as here, a party fails to provide adequate discovery responses without any
6  reasonable justification:

> If without substantial justification a certification is made in violation
> of the rule, the court, upon motion or upon its own initiative, shall
> impose upon the person who made the certification, the party on
> whose behalf the disclosure, request, response, or objection is made,
> or both, an appropriate sanction, which may include an order to pay
> the amount of the reasonable expenses incurred because of the
> violation, including a reasonable attorney's fee.[28]

11      Courts recognize the need to step in and issue appropriate sanctions where, as here, the
12  responding party has a history of hindering and delaying inevitable discovery:

> The ability to conduct full, fair and thorough discovery goes to the
> heart and soul of our civil justice system. "Rambo" style
> obstructionist discovery tactics like those employed here, if not
> stopped dead in their tracks by appropriate sanctions, have a virus
> like potential to corrupt the fairness of our civil justice system.[29]

16  Here, Lopez has a sordid history of stonewalling and ignoring his discovery obligations.  Based on
17  that, Petitioning Creditors request this Court issue sanctions in the amount of $4,242, consisting of
18  the attorneys' fees incurred by Petitioning Creditors in bringing this Motion.[30]

19  ///
20  ///
21  ///

---

[28]    FRCP 26(g)(3).

[29]    *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, supra, 198 F.R.D. at 517 (the District Court *sua sponte* issued a sanction requiring the attorney who signed the discovery responses to write an article explaining why his responses and objections were improper).

[30]    LSK Decl., ¶ 9.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

### III. CONCLUSION

Based on all of the foregoing, Petitioning Creditors respectfully ask the Court to compel Lopez to provide supplemental responses to the Written Discovery discussed above, and to provide a log of any documents withheld from production on the grounds of privilege. Petitioning Creditors also request an award of sanctions in the amount of $4,242, and reserve for another day the question of when a terminating sanction will be the appropriate sanction for his failure to provide discovery.

Dated: January 29, 2007

**KEEHN & ASSOCIATES**
A Professional Corporation

By:  //s// L. Scott Keehn
L. Scott Keehn
Attorneys for **Petitioning Creditors**