# DOCKET NUMBER 91-2

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                              )  Case No.  05-05926-PBINV
                                        )
12      FRANCIS J. LOPEZ,               )  Involuntary Chapter 7
                                        )
13           Alleged Debtor.            )  **DECLARATION OF L. SCOTT KEEHN IN**
                                        )  **SUPPORT OF MOTION TO COMPEL**
14                                      )  **SUPPLEMENTAL RESPONSES TO**
                                        )  **WRITTEN DISCOVERY**
15                                      )
                                        )  **[BIFURCATED PHASE II]**
16                                      )
                                        )  Date:   March 12, 2007
17                                      )  Time:   10:30 a.m.
                                        )  Judge: The Honorable Peter W. Bowie
18                                      )  Ctrm:  4
                                        )
19  _____ )

20      I, L. SCOTT KEEHN, declare as follows:

21      1.      I am an attorney duly admitted to practice before the Courts of this State, and

22  before the United States District Court for the Southern District of California.  I am a shareholder

23  of the firm Keehn & Associates APC, counsel of record for Petitioning Creditors.  I am the

24  shareholder in charge of the engagement of the firm on behalf of Petitioning Creditors, and the

25  attorney within the firm who is most knowledgeable with respect to all aspects of this matter.

26      2.      On November 3, 2006, Petitioning Creditors served Lopez with written discovery –

27  Interrogatories, Requests for Admission, and Requests for Production of Documents (collectively,

28  the "Written Discovery") – seeking evidence in support of Phase II of these proceedings.  On

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

December 5, 2006, Lopez served my office with inadequate responses to the Written Discovery. True and correct copies of the Written Discovery, and Lopez's responses are attached hereto as follows:

**Exhibit 1:** **First Phase II Requests for Admission Propounded by Petitioning Creditors**

**Exhibit 2:** **Response to Requests for Admission Propounded to Alleged Debtor Francis J. Lopez (Phase II)**

**Exhibit 3:** **First Phase II Interrogatories Propounded by Petitioning Creditors**

**Exhibit 4:** **Response to Interrogatories Propounded to Alleged Debtor Francis J. Lopez (Phase II)**

**Exhibit 5:** **First Phase II Requests for Production of Documents by Petitioning Creditors**

**Exhibit 6:** **Response to Request for Production of Documents**

3.      On December 13, 2006, I wrote a preliminary "meet and confer" letter to Lopez's attorney, Jonathan Hayes, to notify him of the deficiencies in Lopez's responses to the Phase II Interrogatories. A true and correct copy of that letter is attached hereto as **Exhibit 7**.

4.      On December 15, 2006, I participated in a telephonic "meet and confer" conference with Mr. Hayes. During that conversation, Mr. Hayes and I addressed all of Lopez's inadequate responses to the Written Discovery. By the end of that discussion, my understanding was that we had successfully resolved all of the issues. Specifically, Mr. Hayes assured me that he would provide my office with Lopez's supplemental responses to the Written Discovery on or before January 12, 2007.

5.      Unfortunately, the January 12, 2007 deadline came and went without any word from Lopez or his counsel. My office did not receive any of the promised supplemental responses, and no one contacted us to explain why.

6.      I am not aware of any reasonable justification for Lopez's failure to provide the supplemental responses as promised. Mr. Hayes never suggested to me that providing the supplemental responses would be unduly burdensome for Mr. Lopez.

/ / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

109284/LFK/5311.01

7.      On January 19, 2007, I wrote a follow-up meet and confer letter to Mr. Hayes, expressing my disappointment at his failure to honor the agreement we had reached during our telephonic meet and confer conference on December 15, 2006.  A true and correct copy of that letter is attached hereto as **Exhibit 8**.

8.      As of the date and time of this Declaration, Lopez has not provided my office with any supplemental discovery responses to the Written Discovery.

9.      Petitioning Creditors are requesting this Court issue sanctions against Lopez in the amount of <u>$4,242</u> to reimburse Petitioning Creditors for the attorneys' fees incurred in bringing this Motion.  That amount consists of $3,762 billed by attorney Leslie F. Keehn of this office (19.8 hours at her standard hourly rate of $190); and $480 billed by me (1.5 hours at my standard hourly rate of $320) in connection with researching, drafting and finalizing this Motion.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct, and that this Declaration was executed on this 29th day of January, 2007, at San Diego, California.

L. SCOTT KEEHN

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

109284/LFK/5311.01

# EXHIBIT 1

1   L. Scott Keehn (61691)
    **KEEHN & ASSOCIATES**
2   A Professional Corporation
    402 W. Broadway, Suite 1210
3   San Diego, California 92101
    Telephone: (619) 400-2200
4
5   Attorneys for **Petitioning Creditors**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                          )   Case No. 05-05926-PBINV
                                     )
12      FRANCIS J. LOPEZ             )   Involuntary Chapter 7
                                     )
13          Alleged Debtor           )   **FIRST PHASE II REQUESTS FOR**
                                     )   **ADMISSION PROPOUNDED BY**
14                                   )   **PETITIONING CREDITORS**
                                     )
15                                   )   [No Hearing Required]
                                     )
16                                   )   Judge: Hon. Peter W. Bowie
                                     )
17                                   )
                                     )
18  ─────────────────────────────────)

19  PROPOUNDING PARTY:        Petitioning Creditors

20  RESPONDING PARTY:         Francis J. Lopez, The Alleged Debtor

21  SET NUMBER:               ONE (1)/ Phase II.

22  ───────────────────────────────────────────────────────────

23      The Petitioning Creditors hereby propound the following Requests for Admissions upon

24  Francis J. Lopez, The Alleged Debtor, and demands his response under oath within thirty (30) days

25  from the date of service pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP")

26  which is made applicable to this contested matter by Rules 7036 and 9014 of the Federal Rules of

27  Bankruptcy Procedure.

28  / / / / /

*(left margin, vertical text)* KEEHN & ASSOCIATES, APC ATTORNEYS AND COUNSELORS AT LAW 402 WEST BROADWAY, SUITE 1210 SAN DIEGO, CALIFORNIA 92101 TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108625/LSK/5311.01

## DUTY TO ADMIT OR PROVIDE ACCURATE AND DETAILED RESPONSE

The fundamental purpose of the discovery rules is to ensure the "just, speedy, and inexpensive determination of every action." FRCP Rule 1. In light of that purpose, a party "may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct." *Marchand v. Mercy Medical Center*, 22 F.3d 933, 936 (9th Cir. 1994); *see also*, *In re Pizante*, 186 B.R. 484, 489 (9th Cir.BAP 1995) ("The rule governing requests for admissions was designed to reduce the burden of litigation...Rule 36 encourages admissions...").

FRCP Rule 36 requires that answers specifically deny the request or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. Denials must fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry concerning the matter in the particular request, and that the information known or readily obtainable by the party is insufficient to enable the party to admit the matter.

Failure to properly respond to a request for admission in accordance with the principles set forth above may result in the matter being deemed admitted. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982). The Ninth Circuit has explained this result as follows:

> It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission.... We hold, therefore, that a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he [or she] feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. (See *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d at 1245 & 1247.)

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108625/LSK/5311.01

1    the following interrogatories upon Francis J. Lopez, and demand response under oath within thirty

2    (30) days from the date of service pursuant to Rule 36 of the Federal Rules of Civil Procedure

3    ("FRCP") which is made applicable to this contested matter by Rules 7036 and 9014 of the Federal

4    Rules of Bankruptcy Procedure.

5                                        **DEFINITIONS**

6         The following definitions apply to each of the Document Requests and should be read and

7    referred to in answering each of the Document Requests:

8         1.    The term "BUSINESS RECORD(S)" means all writings regularly created or

9    maintained by or on behalf of a PERSON or entity that is or was engaged in business, and

10   includes, without limitation, a memorandum, report, record, or data compilation, in any form, of

11   acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted

12   business activity.

13        2.    The terms "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or

14   credit account with a bank, credit union, or financial institutions of any description, and include,

15   without limitation, a demand, time, checking, savings, passbook, share draft, or like account,

16   including account evidenced by a certificate of deposit.

17        3.    The term "ALL COMPUTER-STORED DATA" means any computer disks,

18   compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-

19   mail) sent or received, and computer databases.

20        4.    The term "CASH AND CARRY" means and refers to any form of transaction in

21   which the purchaser or recipient of the goods or services which are the subject of the transaction is

22   required to, and actually does, deliver cash or a negotiable instrument in the full amount of the

23   price or fee charged for those goods or services, at the time that the goods are purchased or the

24   services are rendered.

25        5.    The term "COMMUNICATION" means the transmittal of any information (in the

26   form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not

27   limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes,

28   presentations, telegrams, telephone conversations and all other written, oral or electronic

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108625/LSK/5311.01

1    transmission of information.

2        6.      The term "CREDIT FACILITY" means every form of agreement, written or oral,

3    by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes,

4    without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

5        7.      The term "DOCUMENT" means and includes all originals — and any copies that

6    differ in any way from the original — of any kind of written, typewritten, printed or recorded

7    material or computer files, DOCUMENTS or records whatsoever, regardless of the source or

8    author thereof, including, without limitation, any writing, filed for reporting or other purposes with

9    the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer

10   printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence,

11   telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports,

12   analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets,

13   logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts,

14   diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited

15   FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock

16   ledgers for all forms and types of securities, minutes of directors, shareholder or committee

17   meetings, written COMMUNICATIONS of directors and shareholders, bank checks, invoices,

18   charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists,

19   deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates,

20   permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other

21   forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies,

22   extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or

23   not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28

24   U.S.C.A., and any copies of such material if YOU do not have control or possession of the

25   original.

26       8.      The term "FINANCIAL STATEMENT" means and refers to every form of

27   DOCUMENT, including, but not limited to a written report, which quantitatively describes the

28   financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

- 4 -

108625/LSK/5311.01

1    DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet,

2    a statement of cash flows, and a statement of equity.

3        9.    The term "IDENTIFY" when used herein means to describe the requested

4    information to the fullest extent possible, which would include, but is not limited to, furnishing

5    such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

6    or thing that may be in the possession of any PERSON identified in Your response to that

7    interrogatory.  Without limiting the generality of the foregoing:

8            A.    When used in reference to a PERSON the definition includes, but is not

9    limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

10   names known to have been used by the PERSON at any time, the address of the PERSON's

11   residence (where they are a natural PERSON, or principal place of business if not), and all

12   telephone numbers where the PERSON may be reached during usual daytime business hours;

13           B.    When used with reference to a DOCUMENT or DOCUMENT the

14   definition  includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

15   or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

16   location, and the name and address of the PERSON or PERSONS with custody of the

17   DOCUMENT or DOCUMENT; and

18           C.    When used with reference to a tangible thing, the definition includes, but is

19   not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

20   which identifies the thing, the address at which the thing is customarily is located, and the name

21   and address of the PERSON or PERSONS who have custody or control of the thing.

22           D.    When used with reference to an account maintained at a bank, credit union

23   or similar financial institution includes, but is not limited to the duty to disclose the name and

24   address of the institution, the account number (or numbers) and the dates during which the account

25   was maintained.

26       10.    The term the "INTERROGATORIES" means and refers to the "First Phase II

27   Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

28       11.    The term "MADELEINE LOPEZ" means and refers to an individual believed to be

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108625/LSK/5311.01

1   YOUR spouse at all times from the period commencing January 1, 2002, through and including

2   the present.

3          12.    The term "NOVEON" means and refers to Noveon Systems, Inc., a corporation.

4          13.    The term "ON CREDIT" refers to any transaction or agreement where YOU or one

5   of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

6          14.    The term "PERSON" means any individual (natural PERSON), corporation,

7   organization, association, partnership, limited partnership, limited liability company, firm, joint

8   venture, trust, governmental body, agency, governing board, department or division, or any other

9   entity.

10          15.    the term "PERSONAL ACCOUNT RECORDS" means all writings regularly

11   created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU

12   had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU

13   or YOUR family with goods or services ON CREDIT, and includes without limitation a

14   memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion

15   or diagnoses that are kept in the course of regularly conducted PERSONal, household, or family

16   activity.

17          16.    The term "PRISM RECEIVERSHIP" means and refers to the receivership created

18   in that certain civil action that was pending before the Superior Court of the State of California for

19   the County of San Diego, North County Branch, identified as *PRISM and PRISM ADVANCED*

20   *TECHNOLOGIES, INC., v. ALAN STANLY* (Case No. GIN 028765) based upon the "Stipulation

21   regarding appointment of Richard M Kipperman as receiver," and the order approving and

22   adopting it which was entered on April 22, 2003.

23          17.    The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing,

24   defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating,

25   referring to, or dealing with.

26          18.    The term "RELATIVE" means any individual related by affinity or consanguinity

27   within the third degree of consanguinity or affinity as determined by common law or any

28   individual in a step or adoptive relationship within such third degree.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108625/LSK/5311.01

19.    The term the "REQUESTS FOR ADMISSION" means and refers to the "First Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently herewith.

20.    The term the "RESIDENCE" means and refers to that single family dwelling commonly known as 310 Sand Myrtle Trail, Destin, Florida.

21.    The term the "STANLY JUDGMENT" means and refers to that judgment in favor of Petitioning Creditor Alan Stanly against Francis J. Lopez in the principal amount of $50,000, in the case of *UNION BANK OF CALIFORNIA N.A. v. STANLY and LOPEZ* (GIN 030827) entered by the Superior Court of the State of California, for the County of San Diego, on or about September 20, 2004.

22.    The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

23.    The term "YOU OWED" when used in connection with a particular creditor means and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain as to liability or amount.

24.    The phrase "PAYMENTS THAT YOU MADE," or words of similar import include all payments that YOU personally made or caused to be made, and all payments that were made by any other person or entity.

### SPECIAL INSTRUCTIONS

1.    YOUR written response to each request shall first IDENTIFY and quote the request in full. Upon request, YOU will be electronically provided with a copy of these requests in their Word Perfect form to facilitate your compliance with this requirement.

### REQUESTS FOR ADMISSION

Request for Admission No. 1.:

Admit that you received no cash payments from NOVEON between January 1, 2005, and July 1, 2005.

Request for Admission No. 2.:

Admit that YOU were not employed by any PERSON or entity other than NOVEON,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

- 7 -

1  between January 1, 2005, and July 31, 2005.

2  Request for Admission No. 3.:

3      Admit that YOU were not engaged as an independent contractor for any PERSON or entity

4  other than NOVEON between January 1, 2005, and July 31, 2005.

5  Request for Admission No. 4.:

6      Admit that YOU had no contractual relationship of any kind that entitled YOU to receive

7  remuneration of any kind based upon services that YOU rendered at any time between January 1,

8  2005, and July 31, 2005.

9  Request for Admission No. 5.:

10     Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of

11  enforcement pending YOUR appeal of that judgment.

12  Request for Admission No. 6.:

13     Admit that at some time after June 14, 2004, and before June 14, 2005, the RESIDENCE

14  was refinanced.

15  Request for Admission No. 7.:

16     Admit that YOU authorized Joseph Fischbach, as your attorney, to sign the stipulation that

17  caused Richard M Kipperman to be appointed as the receiver of Prism, in the PRISM

18  RECEIVERSHIP, a copy of which is attached hereto as Exhibit 1.

19  Request for Admission No. 8.:

20     Admit that YOU have not paid any of the fees that were awarded to Richard M Kipperman

21  on account of services rendered and costs advanced in the PRISM RECEIVERSHIP.

22  Request for Admission No. 9.:

23     Admit that YOU have filed no objection to any of the fees requested by Richard M

24  Kipperman on account of services rendered and costs he has advanced in connection with the

25  PRISM RECEIVERSHIP.

26  / / / / /

27  / / / / /

28  / / / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108625/LSK/5311.01

1  Request for Admission No. 10.:

2      Admit that YOU signed as a guarantor on the obligations that Prism Advanced

3  Technologies, Inc. ("Prism"), incurred under agreements "Equipment Lease Agreement" by and

4  between Herman Miller Capital as lessor and Prism Advanced Technologies as lessee.

5

6  Dated: _11-3-06_                          **KEEHN & ASSOCIATES**
                                            A Professional Corporation
7

8

9                            By: _L. Scott Keehn_____

10                               L. Scott Keehn
                                 Attorneys for
11                               Petitioning Creditors

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108625/LSK/5311.01

# EXHIBIT 1

1

2

3

4

F I L E D

Clerk of the Superior Court

APR 2 2 2003

By: T. Dietrich

5

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF NORTH COUNTY BRANCH

10

11  PRISM AND PRISM ADVANCED          )  CASE No. GIN 028765
    TECHNOLOGIES, INC.,               )
12                                    )  STIPULATION REGARDING APPOINTMENT OF
           PLAINTIFFS,                )  RICHARD KIPPERMAN AS RECEIVER.
13                                    )
           v.                         )
14                                    )  JUDGE: HON. ~~DAVID W. RYAN~~
    ALAN STANLY,                      )         JOEL M. PRESSMAN
15                                    )
           DEFENDANT.                 )
16  _____

17      WHEREAS, Prism and Prism Advanced Technologies, Inc. ("Plaintiffs") obtained

18  a workplace violence temporary restraining order against Defendant Alan Stanly on April

19  3, 2003 which is attached hereto as Exhibit 1;

20      WHEREAS, Defendant and Francis Lopez ("Lopez") are each 50% shareholders

21  of Plaintiffs

        WHEREAS, the parties have stipulated and agreed that Richard Kipperman shall

22  be appointed as a Receiver;

23      NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES, by and through

24  their undersigned counsel as follows:

25      1.      That Richard Kipperman ("Kipperman") shall be appointed as the Receiver

26  for Plaintiffs effective immediately;

27      3.      That Kipperman shall have the customary immunities and rights as a

28

017.216527.

STIPULATION
CASE NO. GIN 028765

Court's Ex. 22
Case # 16881324
Rec'd 05-30-06
Dept 21  Clk

1    Receiver, as determined by the Court, which shall include, but not be limited to the rights

2    set forth below;

3          4.    That Kipperman's compensation shall be $325.00 per hour and any

4    requirement of a bond shall be waived.

5          5.    Counterpart signatures by facsimile are acceptable.

6    Date: 4/21/03              Foley & Lardner

7

8                  By:      _____

9                          Andrew Serwin
                      Attorneys for Plaintiff

10

11                 Weintraub & Dillon

12

13                 By:

14                         Timothy Dillon
                      Nadya Spivack

15                         Attorneys for Defendants

16                 Fischbach & Fischbach

17

18                 By:      Joseph Fischbach
                      Attorneys for Francis Lopez

19

20   IT IS HEREBY ORDERED:

21       Receiver Kipperman is hereby appointed as the receiver of Plaintiffs, Prism and

22   Prism Advanced Technologies, Inc. (collectively the "Plaintiffs"), with all the powers,

23   rights, duties and obligations set forth below and that his compensation shall be $325.00

24   per hour and any requirement of a bond shall be waived.

25       IT IS HEREBY FURTHER ORDERED that upon the filing of the oath, the

26   receiver shall be authorized and empowered to:

27         1.    Take possession and continue in possession of all Plaintiffs' business,

28   together with all personal property of the Plaintiffs, INCLUDING BUT NOT

017.216527.

1  Receiver, as determined by the Court, which shall include, but not be limited to the rights

2  set forth below;

3      4.    That Kipperman's compensation shall be $325.00 per hour and any

4  requirement of a bond shall be waived.

5      5.    Counterpart signatures by facsimile are acceptable.

6  Date:                              Foley & Lardner

7

8                        By:    _

9                                Andrew Serwin
                                 Attorneys for Plaintiff

10

11                               Weintraub & Dillon

12

13                        By:   _____
                                Timothy Dillon
14                               Nadya Spivack
                                 Attorneys for Defendants
15

16                               Fischbach & Fischbach

17

18                        By:   _____
                                Joseph Fischbach
                                 Attorneys for Francis Lopez
19

20  IT IS HEREBY ORDERED:

21      Receiver Kipperman is hereby appointed as the receiver of Plaintiffs, Prism and

22  Prism Advanced Technologies, Inc. (collectively the "Plaintiffs"), with all the powers,

23  rights, duties and obligations set forth below and that his compensation shall be $325.00

24  per hour and any requirement of a bond shall be waived.

25      IT IS HEREBY FURTHER ORDERED that upon the filing of the oath, the

26  receiver shall be authorized and empowered to:

27      1.    Take possession and continue in possession of all Plaintiffs' business,

28  together with all personal property of the Plaintiffs, INCLUDING BUT NOT

LIMITED TO inventory, fixtures, goods, documents, patents, trademarks, software, copyrights, books, records, papers and accounts of the businesses relating thereto (collectively the "Business Property");

2.     Execute and file a receiver's oath;

3.     After qualifying, the receiver shall take possession of and manage the Business Property, shall collect the income from the Business Property, shall care for the Business Property and may incur the expenses necessary for that care, and may change the lock on the business premises;

4.     Within 30 days after taking possession of Plaintiff's property subject to this order, the receiver shall file an inventory itemizing all personal property of the Plaintiffs which he has taken possession of and shall promptly file supplemental inventories of any personal property of the Plaintiffs consequently coming into the receivership estate;

5.     The receiver shall not enter into an agreement with any party to this stipulation about the administration of the receivership or about any post receivership matter without the express written consent of all parties hereto;

6.     The receiver shall expend money coming into his possession to operate and preserve the Business Property and only for the purposes authorized in this order. Unless the Court orders otherwise, the receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with Cal. Civ. Proc. §569.

7.     Subject to further orders of this Court, the receiver is appointed for the purpose of conducting the business of Plaintiffs.

8.     The receiver is not required to incur any ongoing expenses necessary in such operation, management and control in the ordinary and usual course of business. The receiver shall not be required to do anything to incur the risks and obligations ordinarily incurred by owners, managers and operators of similar properties and no such risks or obligations so incurred shall be the personal risk or obligation of the receiver. If any such risk or obligation is incurred, then it shall only be the risk or obligation of the receivership estate;

9.    Collect monies from or liquidate appropriate contracts for the businesses and maintenance of the subject businesses;

10.    Employ agents and employees as the receiver believes, in his business judgment, necessary to carry out his duties as the receiver and to pay said agents and employees at ordinary and usual rates and prices pursuant to appropriate contracts out of the funds that shall come into his possession as receiver;

11.    Rent/lease from time to time any part of the subject businesses, provided however any new or rollover leases or tenant improvements are to be pre-approved in writing by the Court;

12.    The receiver may establish accounts at any financial institutions insured by an agency of the United States government that are not parties to this proceeding, deposit into those accounts funds received in connection with the Business Property and shall deposit in interest-bearing accounts money not expended for receivership purposes;

13.    The receiver and the parties hereto may, at any time, apply to this Court for further instructions and orders and for additional powers necessary to enable the receiver to perform the receiver's duties property;

14.    Collect and receive all rents, subrents, earnings, income issues, profits, revenues and royalties from the Business Property;

15.    Employ appropriate professionals, subject to further court order, to prosecute all actions for the collection of rents or monies due to subject businesses, for the removal of tenants in default or third parties in default on monies due subject businesses and to recover possessions thereof;

16.    Subject to further court order, institute and prosecute all suits as may reasonably be necessary in the judgment of the receiver to protect the subject businesses and to defend all such suits and actions as may be instituted against him as a receiver;

17.    Obtain and pay a reasonable price for lawful licenses and to the extent permitted by law exercise privileges of any existing license issued in connection with the subject property or any business transacted thereon until further order of the court and to

4

STIPULATION
CASE NO. GIN 028765

017.216527.

1  do all things necessary to protect and maintain said licenses;

2      18.   Provide at a minimum, monthly reports or at Kipperman's discretion should

3  exigent circumstances arise, Kipperman may issue weekly reports to all parties of all

4  funds, information and records obtained by receiver;

5      19.   Maintain adequate insurance over the subject business to the same extent

6  and in the same manner as it previously has been insured or as in the judgment of the

7  receiver as may seem fit and proper and to cause all presently existing policies to be

8  amended by adding himself and the receivership estate as an additional insured.  To the

9  extent there is inadequate insurance and/or insufficient funds in the receivership estate to

10  procure adequate insurance, the receiver is directed to immediately petition the court for

11  instructions.  During the period in which the subject businesses are uninsured or

12  underinsured, the receiver shall not be personally responsible for any claims arising

13  therefore;

14      20.   Prepare and deliver to all parties an initial and then, at a minimum monthly

15  interim statements, or at Kipperman's discretion should exigent circumstances arise,

16  Kipperman may issue weekly interim statements of monies received and disbursed and of

17  the receiver's ordinary fees and expenses, including those of his employees and court-

18  approved professionals, which statements shall be accompanied by notice which advises

19  parties that any objections thereto must be made in writing within 10 days.  Upon

20  completion of an interim statement and mailing such statements to the parties respective

21  attorneys of record or any other designated person or agent, the receiver may pay from

22  receivership estate funds, if any, the amount of said statement owed to the receiver.

23  Despite the periodic payment of receiver's fees and administrative expenses, said fees

24  and expenses shall be submitted to the court for its approval and confirmation in the form

25  of either a noticed interim request for fees, a stipulation among the parties or the

26  receiver's final account and report;

27      21.   In addition to all of the powers set forth herein, the receiver is hereby

28  vested with all of the general powers of receivers in cases of this kind, subject to the

017.216527.

1  direction of this court and the receiver shall from time to time file with the court detailed

2  reports and accountings pertaining to the contact of the receivership and all monies

3  received and expended by the receiver or its agents; and

4      22.   Receiver may generally do such other things as are necessarily incidental to

5  these foregoing specific powers, directions and general authority and to take actions

6  relating to the subject businesses provided that the receiver obtains prior court approval

7  for any actions beyond the scope contemplated herein.

8      IT IS HEREBY FURTHER ORDERED that Plaintiffs, AND Defendant and each

9  of their respective agents, partners, managers, attorneys, employees, assignees,

10  successors, representatives and all persons acting under, in concert with or for them:

11      A.   Shall relinquish and immediately turnover possession of all business

12  PROPERTY to the receiver upon service of this order;

13      B.   Shall turn over to the receiver and direct all managers, employees

14  and other third parties in possession thereof to turn over all keys, leases, books, records,

15  books of account, ledgers, operating statements, budgets, real estate tax bills, phone

16  records, cell phone records, credit card statements, and all other business records relating

17  to the subject businesses, wherever located, and in whatever mode maintained, including

18  information contained on computers and any and all software relating thereto, as well as

19  all banking records, statements and canceled checks;

20      C.   Shall turn over to the receiver all documents which pertain to all

21  licenses, permits or government approvals relating to the subject businesses and shall

22  immediately advise the receiver of its federal tax payer identification number used in

23  connection with the operation of the subject businesses;

24      D.   Shall immediately advise the receiver as to the nature and extent of

25  insurance coverage for the subject businesses. The parties hereto shall immediately name

26  the receiver as an additional insured on the insurance policies for the period that receiver

27  shall be in possession of the property. The parties hereto are prohibited from canceling,

28  reducing or modifying any and all insurance coverage currently in existence with respect

1    to the subject businesses; and

2        E.    The parties hereto, and each of them, and their respective agents,

3    servants, employees, attorneys, partners and all other persons in concert with them, shall

4    immediately turn over as of the date of this order to the receiver any monies (including,

5    but not limited to, security deposits, prepaid rent, or funds in management bank accounts

6    for the subject businesses) which represent rental or lease payments with respect to the

7    business property, which are received, or have been received, by the parties hereto in

8    possession of all records, books of account, ledgers and all other documents and papers

9    pertaining to the operation of their property.

10        IT IS FURTHER ORDERED that pending further order of this Court, Plaintiffs,

11    Defendant and Francis Lopez and their agents, partners, property managers, attorneys,

12    and employees and all other persons acting in concert with them who have actual or

13    constructive knowledge of this order, and their agents and employees:

14        A.    Shall not commit or permit any waste on the subject business or any

15    part thereof, or suffer or commit or permit any waste on subject business, or any part

16    thereof, or suffer or commit or permit any act on subject business or property, or any part

17    thereof, in violation of law, or remove, transfer, encumber or otherwise dispose of any of

18    property;

19        B.    Shall not demand, collect, receive, discount or in any other way

20    divert or use any of the income of the business or the businesses' property;

21        C.    Shall not directly/indirectly interfere in any manner with the

22    discharge of receiver's duties under this order or receiver's possession of an operation or

23    management of the subject businesses or business properties;

24        D.    Shall not expend, disburse, transfer, assign, sell , convey, devise,

25    pledge, mortgage, create a security interest in, encumber, conceal or in any manner

26    whatsoever deal in or dispose of all or part of subject business or property, including but

27    not limited to, business income, rents, or other monies due to, either now or in the future,

28    the business, without court order;

E.    Shall not do any act which will, or may, impair, defeat, divert, prevent or prejudice preservation of the business, including accounts receivable, rents, or any monies due now or in the future, or the preservation of judgments creditor's interest in the subject businesses or properties and the businesses' income; and

No third party may terminate service to the defendant or its property as a result of the non-payment of pre-receivership obligations without prior order of this court.

IT IS SO ORDERED.

JUDGE SAN DIEGO SUPERIOR COURT

017,216527.

# EXHIBIT 2

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, California 91367
3  Telephone: (818) 710-3656
   Facsimile: (818) 710-3659
4  jhayes@polarisnet.net

5  **Attorneys for Alleged Debtor**
   **Francis J. Lopez**
6

7              **UNITED STATES BANKRUPTCY COURT**

8         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9

10 **In re:**                          )  **CASE NO.:   05-05926-PBINV**
                                        )
11 **FRANCIS J. LOPEZ,**                )  **Involuntary Chapter 7**
                                        )
12                                      )
                                        )
13            **Alleged Debtor.**       )  **RESPONSE TO REQUESTS FOR**
                                        )  **ADMISSION PROPOUNDED TO**
14                                      )  **ALLEGED DEBTOR FRANCIS J.**
                                        )  **LOPEZ (PHASE II)**
15                                      )
                                        )
16                                      )  **JUDGE:**     Hon. Peter W. Bowie
                                        )  **DEPT.:**     4
17                                      )

18

19

20

21 PROPOUNDING PARTY:        Petitioning Creditors

22 RESPONDING PARTY:         Alleged Debtor Francis J. Lopez

23 SET NO.:                  ONE (1) / Phase II

24              **REQUESTS FOR ADMISSION**

25 **REQUEST FOR ADMISSION NO. 1:**

26 Admit you received no cash payments from NOVEON between January 1, 2005 and July

27 1, 2005.

28

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2 Deny.

3 **REQUEST FOR ADMISSION NO. 2:**

4 Admit that YOU were not employed by any PERSON or entity other than Noveon between

5 January 1, 2005 and July 31, 2005.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

7 Admit.

8 **REQUEST FOR ADMISSION NO. 3:**

9 Admit that you were not engaged as an independent contractor for any person or entity

10 other than NOVEON between January 1, 2005 and July 31, 2005.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

12 Deny.

13 **REQUEST FOR ADMISSION NO. 4:**

14 Admit that you had no contractual relationship of any kind that entitled you to receive

15 remuneration of any kind based upon services that YOU rendered at any time between

16 January 1, 2005 and July 31, 2005.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

18 Deny.

19 **REQUEST FOR ADMISSION NO. 5:**

20 Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of

21 enforcement pending YOUR appeal of that judgment.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

23 I don't know.

24 **REQUEST FOR ADMISSION NO. 6:**

25 Admit that at some time after June 14, 2004 and before June 14, 2005, the RESIDENCE

26 was refinanced.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

28 Admit.

1  **REQUEST FOR ADMISSION NO. 7:**

2  Admit that YOU authorized Joseph Fischbach, as your attorney, to sign the stipulation that

3  caused Richard M. Kipperman to be appointed as the receiver of Prism in the PRISM

4  RECEIVERSHIP, a copy of which is attached hereto as Exhibit 1.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

6  I do not know how to answer. I agreed as CEO of Prism.

7  **REQUEST FOR ADMISSION NO. 8:**

8  Admit that YOU have not paid any of the fees that were awarded to Richard M.

9  Kipperman on account of services rendered and costs advanced in the PRISM

10  RECEIVERSHIP.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

12  Admit.

13  **REQUEST FOR ADMISSION NO. 9:**

14  Admit that YOU have filed no objection to any of the fees requested by Richard M.

15  Kipperman on account of services rendered and costs he has advanced in connection with

16  the PRISM RECEIVERSHIP.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

18  Admit.

19  **REQUEST FOR ADMISSION NO. 10:**

20  Admit that YOU signed as a guarantor on the obligations that Prism Advanced

21  Technologies, Inc. ("Prism") incurred under agreements "Equipment Lease Agreement" by

22  and between Herman Miller Capital as lessor and Prism Advanced Technologies as lessee.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

24  Deny.

25

26

27

28

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR ADMISSIONS

1   Dated:  December 3, 2006

2

3

4                                        By: _____

5                                            M. Jonathan Hayes
                                             Attorneys for Alleged Debtor
6                                            Francis J. Lopez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3                            **PROOF OF SERVICE**
4
5    STATE OF CALIFORNIA            )
                                    )ss.:
6    SOUTHERN DISTRICT             )
7    *In re*
     *Francis J. Lopez*                    *Case No. 05-05926-PBINV*
8
9         I am employed in the County of Los Angeles, State of California. I am over the age
     of 18 and not a party to the within action. My business address is 21800 Oxnard St. Suite
10   840, Woodland Hills, CA 91367.
11        On December 3, 2006 I served on interested parties in said action the within:
                    **RESPONSE TO REQUESTS FOR ADMISSION PROPOUNDED TO**
12   **ALLEGED DEBTOR FRANCIS J. LOPEZ (PHASE II)**
13   by placing a true copy thereof in sealed envelope(s) addressed as stated below.
14
15       L. Scott Keehn
         Sarah H. Lanham
16       530 B Street, Suite 2400
         San Diego, CA 92101
17       (And by email)
18        I am readily familiar with this firm's practice of collection and processing
     correspondence for mailing. Under that practice it would be deposited with the U.S. postal
19   service on that same day in the ordinary course of business. I am aware that on motion of
     party served, service is presumed invalid if postal cancellation date or postage meter date
20   is more than 1 day after date of deposit for mailing in affidavit.
21        Executed on December 3, 2006, at Woodland Hills, California.
22        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
23
24
25   _____        _____
26        MJ Hayes                                  (Signature)
         (Type or print name)
27
28

LAW OFFICES
M. Jonathan Hayes                          5
                    RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR ADMISSIONS

# EXHIBIT 3

L. Scott Keehn (61691)
**KEEHN & ASSOCIATES**
A Professional Corporation
402 W. Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>    FRANCIS J. LOPEZ<br><br>              Alleged Debtor | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**FIRST PHASE II INTERROGATORIES PROPOUNDED BY PETITIONING CREDITORS**<br><br>[No Hearing Required]<br><br>Judge: Hon. Peter W. Bowie |

PROPOUNDING PARTY:    Petitioning Creditors

RESPONDING PARTY:    Francis J. Lopez, The Alleged Debtor

SET NUMBER:    ONE (1)/ Phase II.

---

    Petitioning Creditors hereby propound the following interrogatories to Alleged Debtor Francis J. Lopez ("Lopez") and demands his response under oath within thirty (30) days from the date of service pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 33 which is made applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure Rule 7033 and Rule 9014.

/ / / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200  FACSIMILE (619) 400-2201

108642/LSK/5311.01

## **DEFINITIONS**

The following definitions apply to each of the Document Requests and should be read and referred to in answering each of the Document Requests:

1.    The term "BUSINESS RECORD(S)" means all writings regularly created or maintained by or on behalf of a PERSON or entity that is or was engaged in business, and includes, without limitation, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted business activity.

2.    The terms "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or credit account with a bank, credit union, or financial institutions of any description, and include, without limitation, a demand, time, checking, savings, passbook, share draft, or like account, including account evidenced by a certificate of deposit.

3.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

4.    The term "CASH AND CARRY" means and refers to any form of transaction in which the purchaser or recipient of the goods or services which are the subject of the transaction is required to, and actually does, deliver cash or a negotiable instrument in the full amount of the price or fee charged for those goods or services, at the time that the goods are purchased or the services are rendered.

5.    The term "COMMUNICATION" means the transmittal of any information (in the form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes, presentations, telegrams, telephone conversations and all other written, oral or electronic transmission of information.

6.    The term "CREDIT FACILITY" means every form of agreement, written or oral, by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes, without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108642/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

7.     The term "DOCUMENT" means and includes all originals — and any copies that differ in any way from the original — of any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A., and any copies of such material if YOU do not have control or possession of the original.

8.     The term "FINANCIAL STATEMENT" means and refers to every form of DOCUMENT, including, but not limited to a written report, which quantitatively describes the financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet, a statement of cash flows, and a statement of equity.

9.     The term "IDENTIFY" when used herein means to describe the requested information to the fullest extent possible, which would include, but is not limited to, furnishing

108642/LSK/5311.01

1 such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

2 or thing that may be in the possession of any PERSON identified in Your response to that

3 interrogatory.  Without limiting the generality of the foregoing:

4        A.     When used in reference to a PERSON the definition includes, but is not

5 limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

6 names known to have been used by the PERSON at any time, the address of the PERSON's

7 residence (where they are a natural PERSON, or principal place of business if not), and all

8 telephone numbers where the PERSON may be reached during usual daytime business hours;

9        B.     When used with reference to a DOCUMENT or DOCUMENT the

10 definition  includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

11 or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

12 location, and the name and address of the PERSON or PERSONS with custody of the

13 DOCUMENT or DOCUMENT; and

14        C.     When used with reference to a tangible thing, the definition includes, but is

15 not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

16 which identifies the thing, the address at which the thing is customarily is located, and the name

17 and address of the PERSON or PERSONS who have custody or control of the thing.

18        D.     When used with reference to an account maintained at a bank, credit union

19 or similar financial institution includes, but is not limited to the duty to disclose the name and

20 address of the institution, the account number (or numbers) and the dates during which the account

21 was maintained.

22      10.     The term the "INTERROGATORIES" means and refers to the "First Phase II

23 Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

24      11.     The term "MADELEINE LOPEZ" means and refers to an individual believed to be

25 YOUR spouse at all times from the period commencing January 1, 2002, through and including

26 the present.

27      12.     The term "NOVEON" means and refers to Noveon Systems, Inc., a corporation.

28      13.     The term "ON CREDIT" refers to any transaction or agreement where YOU or one

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108642/LSK/5311.01

1  of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

2      14.    The term "PERSON" means any individual (natural PERSON), corporation,

3  organization, association, partnership, limited partnership, limited liability company, firm, joint

4  venture, trust, governmental body, agency, governing board, department or division, or any other

5  entity.

6      15.    the term "PERSONAL ACCOUNT RECORDS" means all writings regularly

7  created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU

8  had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU

9  or YOUR family with goods or services ON CREDIT, and includes without limitation a

10  memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion

11  or diagnoses that are kept in the course of regularly conducted personal, household, or family

12  activity.

13      16.    The term "PRISM RECEIVERSHIP" means and refers to the receivership created

14  in that certain civil action that was pending before the Superior Court of the State of California for

15  the County of San Diego, North County Branch, identified as *PRISM and PRISM ADVANCED*

16  *TECHNOLOGIES, INC., v. ALAN STANLY* (Case No. GIN 028765) based upon the "Stipulation

17  regarding appointment of Richard M Kipperman as receiver," and the order approving and

18  adopting it which was entered on April 22, 2003.

19      17.    The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing,

20  defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating,

21  referring to, or dealing with.

22      18.    The term "RELATIVE" means any individual related by affinity or consanguinity

23  within the third degree of consanguinity or affinity as determined by common law or any

24  individual in a step or adoptive relationship within such third degree.

25      19.    The term the "REQUESTS FOR ADMISSION" means and refers to the "First

26  Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently

27  herewith.

28      20.    The term the "RESIDENCE" means and refers to that single family dwelling

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108642/LSK/5311.01

1    commonly known as 310 Sand Myrtle Trail, Destin, Florida.

2        21.    The term the "STANLY JUDGMENT" means and refers to that judgment in favor

3    of Petitioning Creditor Alan Stanly against Francis J. Lopez in the principal amount of $50,000, in

4    the case of *UNION BANK OF CALIFORNIA N.A. v. STANLY and LOPEZ* (GIN 030827) entered

5    by the Superior Court of the State of California, for the County of San Diego, on or about

6    September 20, 2004.

7        22.    The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

8        23.    The term "YOU OWED" when used in connection with a particular creditor means

9    and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by

10   the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain

11   as to liability or amount.

12       24.    The phrase "PAYMENTS THAT YOU MADE," or words of similar import include

13   all payments that YOU personally made or caused to be made, and all payments that were made by

14   any other person or entity.

### SPECIAL INSTRUCTIONS

15

16       1.    YOUR written response to each category shall first IDENTIFY and quote the

17   category in full. Upon request, YOU will be electronically provided with a copy of these requests

18   in their Word Perfect form to facilitate YOUR compliance with this requirement.

### INTERROGATORIES

19

20   Interrogatory No. 1.:

21       Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

22   these interrogatories was an unqualified admission, then for each response which is not an

23   unqualified admission, state the number of the request and all of the facts upon which YOU base

24   YOUR response.

25   Interrogatory No. 2.:

26       Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

27   these interrogatories was an unqualified admission, then for each response which is not an

28   unqualified admission, state the number of the request and IDENTIFY all PERSONS who have

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108642/LSK/5311.01

1  knowledge of the facts upon which YOU base YOUR response.

2  Interrogatory No. 3.:

3       Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

4  these interrogatories an unqualified admission, then for each response which is not an unqualified

5  admission, state the number of the request, and IDENTIFY all DOCUMENTS, writings and other

6  tangible things that YOU content support YOUR response.

7  Interrogatory No. 4.:

8       IDENTIFY by date, source, and amount, all cash receipts of any kind (including loan

9  proceeds) that YOU received from any source — including but not limited to — NOVEON

10  between January 1 and July 1, 2005.

11  Interrogatory No. 5.:

12  IDENTIFY by date, source, and amount, all cash receipts (including loan proceeds) that

13  MADELEINE LOPEZ received from any source other than NOVEON between January 1 and July

14  1, 2005.

15  Interrogatory No. 6.:

16       IDENTIFY any and all documents that memorialize, reflect, or refer to the mortgage to

17  Lehman Brothers Bank, secured by the Residence.

18  Interrogatory No. 7.:

19       IDENTIFY all ACCOUNTS maintained at any bank, credit union, or other financial

20  institution with respect to which YOU are either an owner, co-owner, or beneficiary, at any time

21  from January 1, 2005, to July 31, 2005.

22  Interrogatory No. 8.:

23       IDENTIFY all ACCOUNTS maintained with any bank, credit union, or other financial

24  institution where YOU had signature authority to withdraw funds, or cause them to be paid upon

25  YOUR order, at any time between January 1, 2005, and July 31, 2005.

26  Interrogatory No. 9.:

27       IDENTIFY all PERSONS and entities with whom MADELEINE LOPEZ had any

28  contractual or employment relationship at any time between January 1, 2005, and July 31, 2005.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 FACSIMILE (619) 400-2201

108642/LSK/5311.01

1    Interrogatory No. 10.:

2        With respect to any or all obligations that YOU OWED to Frederick Lopez as of June 30,

3    2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

4    (c) the dates upon which the amount those obligations increased and the amount of such increases;

5    and, (d) the dates and amounts of all payments made on that obligation.

6    Interrogatory No. 11.:

7        With respect to any or all debts that YOU OWED to Lehman Brothers Bank as of June 30,

8    2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

9    (c) the dates upon which the amount those obligations increased and the amount of such increases;

10    and, (d) the dates and amounts of all payments made on that obligation.

11    Interrogatory No. 12.:

12        With respect to any or all debts that YOU OWED to Allstate Floridian as of June 30, 2005,

13    IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

14    the dates upon which the amount those obligations increased and the amount of such increases;

15    and, (d) the dates and amounts of all payments made on that obligation.

16    Interrogatory No. 13.:

17        With respect to any or all debts that YOU OWED to American Express as of June 30,

18    2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

19    (c) the dates upon which the amount those obligations increased and the amount of such increases;

20    and, (d) the dates and amounts of all payments made on that obligation.

21    Interrogatory No. 14.:

22        With respect to any or all debts that YOU OWED to American Home Shield as of June 30,

23    2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

24    (c) the dates upon which the amount those obligations increased and the amount of such increases;

25    and, (d) the dates and amounts of all payments made on that obligation.

26    Interrogatory No. 15.:

27        With respect to any or all debts that YOU OWED to Bank of America as of June 30, 2005,

28    IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108642/LSK/5311.01

1  the dates upon which the amount those obligations increased and the amount of such increases;

2  and, (d) the dates and amounts of all payments made on that obligation.

3  Interrogatory No. 16.:

4      With respect to any or all debts that YOU OWED to Bank Card Services as of June 30,

5  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

6  (c) the dates upon which the amount those obligations increased and the amount of such increases;

7  and, (d) the dates and amounts of all payments made on that obligation.

8  Interrogatory No. 17.:

9      With respect to any or all debts that YOU OWED to Cingular as of June 30, 2005,

10  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

11  the dates upon which the amount those obligations increased and the amount of such increases;

12  and, (d) the dates and amounts of all payments made on that obligation.

13  Interrogatory No. 18.:

14      With respect to any or all debts that YOU OWED to Citicard as of June 30, 2005,

15  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

16  the dates upon which the amount those obligations increased and the amount of such increases;

17  and, (d) the dates and amounts of all payments made on that obligation.

18  Interrogatory No. 19.:

19      With respect to any or all debts that YOU OWED to Coastal Community Insurance as of

20  June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

21  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

22  increases; and, (d) the dates and amounts of all payments made on that obligation.

23  Interrogatory No. 20.:

24      With respect to any or all debts that YOU OWED to Cox Communication as of June 30,

25  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

26  (c) the dates upon which the amount those obligations increased and the amount of such increases;

27  and, (d) the dates and amounts of all payments made on that obligation.

28  Interrogatory No. 21.:

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108642/LSK/5311.01

1   With respect to any or all debts that YOU OWED to Ft. Walton Beach Medical Center as

2   of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was

3   originally incurred; (c) the dates upon which the amount those obligations increased and the

4   amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

5   Interrogatory No. 22.:

6   With respect to any or all debts that YOU OWED to Household Bank as of June 30, 2005,

7   IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

8   the dates upon which the amount those obligations increased and the amount of such increases;

9   and, (d) the dates and amounts of all payments made on that obligation.

10  Interrogatory No. 23.:

11  With respect to any or all debts that YOU OWED to Kelly Plantation Owners Association

12  as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was

13  originally incurred; (c) the dates upon which the amount those obligations increased and the

14  amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

15  Interrogatory No. 24.:

16  With respect to any or all debts that YOU OWED to Northwest Florida Daily News as of

17  June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

18  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

19  increases; and, (d) the dates and amounts of all payments made on that obligation.

20  Interrogatory No. 25.:

21  With respect to any or all debts that YOU OWED to Okaloosa Gas District as of June 30,

22  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

23  (c) the dates upon which the amount those obligations increased and the amount of such increases;

24  and, (d) the dates and amounts of all payments made on that obligation.

25  Interrogatory No. 26.:

26  With respect to any or all debts that YOU OWED to Progressive Insurance as of June 30,

27  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

28  (c) the dates upon which the amount those obligations increased and the amount of such increases;

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108642/LSK/5311.01

1  and, (d) the dates and amounts of all payments made on that obligation.

2  Interrogatory No. 27.:

3      With respect to any or all debts that YOU OWED to Citibank/Quicken Platinum Card as of

4  June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally

5  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

6  increases; and, (d) the dates and amounts of all payments made on that obligation.

7  Interrogatory No. 28.:

8      With respect to any or all debts that YOU OWED to Texaco as of June 30, 2005,

9  IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c)

10  the dates upon which the amount those obligations increased and the amount of such increases;

11  and, (d) the dates and amounts of all payments made on that obligation.

12  Interrogatory No. 29.:

13      With respect to any or all debts that YOU OWED to Valley Forge Life Insurance as of June

14  30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally

15  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

16  increases; and, (d) the dates and amounts of all payments made on that obligation.

17  Interrogatory No. 30.:

18      With respect to any or all debts that YOU OWED to Verizon as of June 30, 2005,

19  IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c)

20  the dates upon which the amount those obligations increased and the amount of such increases;

21  and, (d) the dates and amounts of all payments made on that obligation.

22  Interrogatory No. 31.:

23      With respect to any or all debts that YOU OWED to Wayne Wise as of June 30, 2005,

24  IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c)

25  the dates upon which the amount those obligations increased and the amount of such increases;

26  and, (d) the dates and amounts of all payments made on that obligation.

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108642/LSK/5311.01

1  Interrogatory No. 32.:

2      With respect to any or all debts that YOU OWED to Union Bank of California as of June

3  30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

4  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

5  increases; and, (d) the dates and amounts of all payments made on that obligation.

6  Interrogatory No. 33.:

7      With respect to any or all debts that YOU OWED to attorney Jeffrey (Jeff) Smith as of

8  June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

9  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

10  increases; and, (d) the dates and amounts of all payments made on that obligation.

11  Interrogatory No. 34.:

12      With respect to any or all debts that YOU OWED to attorney Thomas B. Gorrill as of June

13  30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

14  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

15  increases; and, (d) the dates and amounts of all payments made on that obligation.

16  Interrogatory No. 35.:

17      IDENTIFY by name, address, telephone number, facsimile number, and e-mail address, all

18  PERSONS or entities that made payments on any of YOUR obligations at any time from January

19  1, 2005 to the date of YOUR response to these INTERROGATORIES, and the dates and amounts

20  of each such payment.

21

22  Dated: _11 – 3 –06_

23                                    **KEEHN & ASSOCIATES**

24                                    A Professional Corporation

25      By:

26                        L. Scott Keehn

                          Attorneys for

27                        Petitioning Creditor

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

- 12 -

# EXHIBIT 4

1   M. Jonathan Hayes (Bar No. 90388)
    **Law Office M. Jonathan Hayes**
2   21800 Oxnard St, Suite 840
    Woodland Hills, California 91367
3   Telephone: (818) 710-3656
    Facsimile: (818) 710-3659
4   jhayes@polarisnet.net

5   **Attorneys for Alleged Debtor**
    **Francis J. Lopez**

6

7                   **UNITED STATES BANKRUPTCY COURT**

8            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9

10  **In re:**                           )   **CASE NO.:    05-05926-PBINV**
                                         )
11  **FRANCIS J. LOPEZ,**                 )   **Involuntary Chapter 7**
                                         )
12                                        )
                                         )
13              **Alleged Debtor.**       )   **RESPONSE TO INTERROGATORIES**
                                         )   **PROPOUNDED TO ALLEGED**
14                                        )   **DEBTOR FRANCIS J. LOPEZ (PHASE**
                                         )   **II)**
15                                        )
                                         )
16                                        )   **JUDGE:     Hon. Peter W. Bowie**
                                         )   **DEPT.:     4**
17                                        )

18

19  PROPOUNDING PARTY:        Petitioning Creditors

20  RESPONDING PARTY:         Alleged Debtor Francis J. Lopez

21  SET NO.:                  ONE (1) / Phase II

22

23                          **INTERROGATORIES**

24  **General Note ("General Note") in Response to Interrogatories.**

25  Most of the interrogatories refer to debts owed as of June 30, 2005, and ask me to identify:

26  (a) the original amount of the obligation; (b) the date it was originally incurred; (c) the

27  dates upon which the amount those obligations increased and the amount of such

28

1  increases; and (d) the dates and payments made on that obligation.  In fact, those questions

2  are posed on no less than 25 out of a total of 35 interrogatories.  However, answering these

3  questions depends on how the "original amount" is defined.  If it is defined as any original

4  transaction that gives rise to the balance as of June 30th, then it is possible to have a

5  revolving account that may have hundreds or even thousands of transactions, given

6  question (c), and dozens or more transactions pertinent to question (d).  If the original

7  amount is defined as the amount as of June 30th, then question (b) seems to be irrelevant.  I

8  therefore request clarification as to these interrogatories (Numbers 10 through 34) so that I

9  can proceed.  If indeed I am requested to go back several years to find original balances,

10  then I suggest that there is an overwhelming burden to answer the interrogatories as

11  phrased.  Notwithstanding the fact that the wording is unclear, there are requests that are

12  answerable regardless, as either the account with the creditor is not an old one, or

13  transactions with that creditor were of a limited nature.  Thus, I have answered

14  interrogatories 10, 19, 23, 29 and 31 for these reasons.

15  **INTERROGATORY NO. 1:**

16  No. 1, I did in fact receive some cash payments from Noveon during the specified period.

17  No. 3, I was in fact an independent contractor for another entity during the specified

18  period.

19  No. 4, I was in fact entitled to receive remuneration as a result of services rendered during

20  the specified time period.

21  No. 10, I never signed as a personal guarantor on any agreement between Herman Miller

22  Capital and Prism Advanced Technologies, Inc.

23  **INTERROGATORY NO. 2:**

24  No. 1, Francis Lopez.

25  No. 3, Francis Lopez, Lifestar Financial Network, 10713 S. Jordan Gateway, Suite 220,

26  South Jordan, UT  84095, (866) 888-5736.

27  No. 4, Francis Lopez, Lifestar Financial Network, 10713 S. Jordan Gateway, Suite 220,

28  South Jordan, UT  84095, (866) 888-5736.

2

1 | No. 10, Francis Lopez, Herman Miller Capital Corp. (contact information not known at

2 | this time).

3 | **INTERROGATORY NO. 3:**

4 | Vague as to the meaning of the phrase YOU content

5 | **INTERROGATORY NO. 4:**

6 | **Still researching, will provide.**

7 | **INTERROGATORY NO. 5:**

8 | **Objection. Not going to respond for someone else's financial records.**

9 | **INTERROGATORY NO. 6:**

10 | **Objection. Not going to respond for someone else's financial records.**

11 | **INTERROGATORY NO. 7:**

12 | Compass Bank, Emerald Coast Parkway, Destin, Florida, 32541, Account 21294144;

13 | Citigroup Global Mkts, Inc., 850 S. Palafox St., Suite 200, Pensacola, Florida 32502

14 | (IRA), Account 4546697014258

15 | **INTERROGATORY NO. 8:**

16 | Compass Bank, Emerald Coast Parkway, Destin, Florida, 32541, Account 21294144;

17 | Citigroup Global Mkts, Inc., 850 S. Palafox St., Suite 200, Pensacola, Florida 32502

18 | (IRA), Account 4546697014258

19 | **INTERROGATORY NO. 9:**

20 | **Objection. Madeleine Lopez...**

21 | **INTERROGATORY NO. 10:**

22 | a) $35,000; b) approximately July, 2005; (c) not applicable; (d) not applicable

23 | **INTERROGATORY NO. 11:**

24 | **Objection. Madeleine Lopez...**

25 | **INTERROGATORY NO. 12:**

26 | See General Note. Vague as to the "original amount of the obligation", is this the amount

27 | as of a specified date, or an earlier date? Since this is a longstanding account, the amount

28 | of the obligation has varied over time, and the opening transactions may go back several

1    years. Vague as to "the dates and amounts of all payments made on that obligation", are

2    these payments up until a certain date? Does your request include payments made on

3    opening balance transactions, regardless of date, or balances as of June 30, 2005?

4    **INTERROGATORY NO. 13:**

5    See General Note. Vague as to the "original amount of the obligation", is this the amount

6    as of a specified date, or an earlier date? Since this is a longstanding account, the amount

7    of the obligation has varied over time, and the opening transactions may go back several

8    years. Vague as to "the dates and amounts of all payments made on that obligation", are

9    these payments up until a certain date? Does your request include payments made on

10    opening balance transactions, regardless of date, or balances as of June 30, 2005?

11    **INTERROGATORY NO. 14:**

12    See General Note. Vague as to the "original amount of the obligation", is this the amount

13    as of a specified date, or an earlier date? Since this is a longstanding account, the amount

14    of the obligation has varied over time, and the opening transactions may go back several

15    years. Vague as to "the dates and amounts of all payments made on that obligation", are

16    these payments up until a certain date? Does your request include payments made on

17    opening balance transactions, regardless of date, or balances as of June 30, 2005?

18    **INTERROGATORY NO. 15:**

19    See General Note. Vague as to the "original amount of the obligation", is this the amount

20    as of a specified date, or an earlier date? Since this is a longstanding account, the amount

21    of the obligation has varied over time, and the opening transactions may go back several

22    years. Vague as to "the dates and amounts of all payments made on that obligation", are

23    these payments up until a certain date? Does your request include payments made on

24    opening balance transactions, regardless of date, or balances as of June 30, 2005?

25    **INTERROGATORY NO. 16:**

26    See General Note. Vague as to the "original amount of the obligation", is this the amount

27    as of a specified date, or an earlier date? Since this is a longstanding account, the amount

28    of the obligation has varied over time, and the opening transactions may go back several

1 years.  Vague as to "the dates and amounts of all payments made on that obligation" , are
2 these payments up until a certain date?  Does your request include payments made on
3 opening balance transactions, regardless of date, or balances as of June 30, 2005?

4 **INTERROGATORY NO. 17:**

5 See General Note.  Vague as to the "original amount of the obligation", is this the amount
6 as of a specified date, or an earlier date?  Since this is a longstanding account, the amount
7 of the obligation has varied over time, and the opening transactions may go back several
8 years.  Vague as to "the dates and amounts of all payments made on that obligation" , are
9 these payments up until a certain date?  Does your request include payments made on
10 opening balance transactions, regardless of date, or balances as of June 30, 2005?

11 **INTERROGATORY NO. 18:**

12 See General Note.  Vague as to the "original amount of the obligation", is this the amount
13 as of a specified date, or an earlier date?  Since this is a longstanding account, the amount
14 of the obligation has varied over time, and the opening transactions may go back several
15 years.  Vague as to "the dates and amounts of all payments made on that obligation" , are
16 these payments up until a certain date?  Does your request include payments made on
17 opening balance transactions, regardless of date, or balances as of June 30, 2005?

18 **INTERROGATORY NO. 19:**

19 Since this account has had very few transactions, it is easy to answer without further
20 clarification, as long as we assume that given that the account had a zero balance prior to
21 the bill in question, you are not interested in the account detail for previous periods.  If you
22 are, there was a previous charge for insurance in the 2004 through 2005 period in the
23 neighborhood of $1000 to $1300.  For the period in question,   (a) $1013.03; (b)
24 approximately June 2005, though bill date was July 2005; (c) not applicable; (d) 8/22/05,
25 $1013.03

26 **INTERROGATORY NO. 20:**

27 See General Note.  Vague as to the "original amount of the obligation", is this the amount
28 as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

LAW OFFICES
M. Jonathan Hayes

**RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES**

1  of the obligation has varied over time, and the opening transactions may go back several

2  years.   Vague as to "the dates and amounts of all payments made on that obligation", are

3  these payments up until a certain date?  Does your request include payments made on

4  opening balance transactions, regardless of date, or balances as of June 30, 2005?

5  **INTERROGATORY NO. 21:**

6  See General Note.  Vague as to the "original amount of the obligation", is this the amount

7  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

8  of the obligation has varied over time, and the opening transactions may go back several

9  years.   Vague as to "the dates and amounts of all payments made on that obligation", are

10  these payments up until a certain date?  Does your request include payments made on

11  opening balance transactions, regardless of date, or balances as of June 30, 2005?

12  **INTERROGATORY NO. 22:**

13  See General Note.  Vague as to the "original amount of the obligation", is this the amount

14  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

15  of the obligation has varied over time, and the opening transactions may go back several

16  years.   Vague as to "the dates and amounts of all payments made on that obligation", are

17  these payments up until a certain date?  Does your request include payments made on

18  opening balance transactions, regardless of date, or balances as of June 30, 2005?

19  **INTERROGATORY NO. 23:**

20  Since this is a quarterly bill it is always the same amount, and doesn't fluctuate, especially

21  since the bill is always paid in full.  During the 2005 calendar year, if I assume that you are

22  looking for an opening balance, it would be:      (a) $550; (b) June 1, 2005; (c) not

23  applicable; (d) payment in the amount of $550 made on or about July, 2005

24  **INTERROGATORY NO. 24:**

25  See General Note.  Vague as to the "original amount of the obligation", is this the amount

26  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

27  of the obligation has varied over time, and the opening transactions may go back several

28  years.   Vague as to "the dates and amounts of all payments made on that obligation", are

LAW OFFICES
M. Jonathan Hayes

1  these payments up until a certain date?  Does your request include payments made on

2  opening balance transactions, regardless of date, or balances as of June 30, 2005?

3  **INTERROGATORY NO. 25:**

4  See General Note.  Vague as to the "original amount of the obligation", is this the amount

5  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

6  of the obligation has varied over time, and the opening transactions may go back several

7  years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

8  these payments up until a certain date?  Does your request include payments made on

9  opening balance transactions, regardless of date, or balances as of June 30, 2005?

10  **INTERROGATORY NO. 26:**

11  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

12  In addition, See General Note.  Vague as to the "original amount of the obligation", is this

13  the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

14  the amount of the obligation has varied over time, and the opening transactions may go

15  back several years.   Vague as to "the dates and amounts of all payments made on that

16  obligation" , are these payments up until a certain date?  Does your request include

17  payments made on opening balance transactions, regardless of date, or balances as of June

18  30, 2005?

19  **INTERROGATORY NO. 27:**

20  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

21  In addition, See General Note.  Vague as to the "original amount of the obligation", is this

22  the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

23  the amount of the obligation has varied over time, and the opening transactions may go

24  back several years.   Vague as to "the dates and amounts of all payments made on that

25  obligation" , are these payments up until a certain date?  Does your request include

26  payments made on opening balance transactions, regardless of date, or balances as of June

27  30, 2005?

28  **INTERROGATORY NO. 28:**

RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

1 Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

2 In addition, See General Note.  Vague as to the "original amount of the obligation", is this

3 the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

4 the amount of the obligation has varied over time, and the opening transactions may go

5 back several years.   Vague as to "the dates and amounts of all payments made on that

6 obligation" , are these payments up until a certain date?  Does your request include

7 payments made on opening balance transactions, regardless of date, or balances as of June

8 30, 2005?

9 **INTERROGATORY NO. 29:**

10 Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

11 In addition, See General Note.  Since this is an annual bill on a fixed payment schedule, it

12 is easy to answer without clarification of your questions, as the opening amount or balance

13 as of  the original bill date would be the same as the balance of the original bill during the

14 time frame of June 30, 2005:        a) $486.40; (b) 2/5/06, if we assume that payments for

15 previous years, that were paid in full, are not desired here, as the net balance by mid-year

16 was always zero; (c) not applicable; (d) 2/5/06, $486.40.

17 **INTERROGATORY NO. 30:**

18 Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

19 In addition, See General Note.  Vague as to the "original amount of the obligation", is this

20 the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

21 the amount of the obligation has varied over time, and the opening transactions may go

22 back several years.   Vague as to "the dates and amounts of all payments made on that

23 obligation" , are these payments up until a certain date?  Does your request include

24 payments made on opening balance transactions, regardless of date, or balances as of June

25 30, 2005?

26 **INTERROGATORY NO. 31:**

27 Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

28 In addition, See General Note.  Since this is an account with only two transactions, it is

8

1    easy for me to answer, despite the confusion elaborated on in the General Note.

2    (a) $15,000; (b) 6/16/04; (c) not applicable; (d) interest payment on 5/17/05 in the amount

3      of $900

4    **INTERROGATORY NO. 32:**

5    Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

6    In addition, See General Note.  Vague as to the "original amount of the obligation", is this

7    the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

8    the amount of the obligation has varied over time, and the opening transactions may go

9    back several years.   Vague as to "the dates and amounts of all payments made on that

10    obligation" , are these payments up until a certain date?  Does your request include

11    payments made on opening balance transactions, regardless of date, or balances as of June

12    30, 2005?

13    **INTERROGATORY NO. 33:**

14    Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

15    In addition, See General Note.  Vague as to the "original amount of the obligation", is this

16    the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

17    the amount of the obligation has varied over time, and the opening transactions may go

18    back several years.   Vague as to "the dates and amounts of all payments made on that

19    obligation" , are these payments up until a certain date?  Does your request include

20    payments made on opening balance transactions, regardless of date, or balances as of June

21    30, 2005?

22    **INTERROGATORY NO. 34:**

23    Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

24    In addition, See General Note.  Vague as to the "original amount of the obligation", is this

25    the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

26    the amount of the obligation has varied over time, and the opening transactions may go

27    back several years.   Vague as to "the dates and amounts of all payments made on that

28    obligation" , are these payments up until a certain date?  Does your request include

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

1 payments made on opening balance transactions, regardless of date, or balances as of June

2 30, 2005?

3 **INTERROGATORY NO. 35:**

4 Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

5 In addition, See General Note.

6

7 Dated:  December 5, 2006

8

9

10 By: _M. Jonathan Hayes_____

11 M. Jonathan Hayes
   Attorneys for Alleged Debtor

12 Francis J. Lopez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

LAW OFFICES
M. Jonathan Hayes

1

2                                    **VERIFICATION**

3

4   STATE OF CALIFORNIA              )
                                     )   ss.
5   COUNTY OF SAN DIEGO             )

6

7          I have read the foregoing RESPONSE TO INTERROGATORIES PROPOUNDED

8   TO ALLEGED DEBTOR FRANCIS J. LOPEZ (SET ONE, Phase II) and know its

9   contents.

10         I am a party to this action and am authorized to make this verification for and on its

11  behalf, and I make this verification for that reason.  I am informed and believe and on that

12  ground allege that the matters stated in the foregoing document are true.

13         Executed on December 2, 2006, at Destin,  Fl.

14         I declare under penalty of perjury under the laws of the State of California and the

15  State of Florida that the foregoing is true and correct.

16

17                                              _____

18                                                      Francis Lopez

19

20

21

22

23

24

25

26

27

28

1

2

## PROOF OF SERVICE

3

4  STATE OF CALIFORNIA              )

5  SOUTHERN DISTRICT               )ss.:
                                   )

6  *In re*

7  *Francis J. Lopez*                                    *Case No. 05-05926-PBINV*

8      I am employed in the County of Los Angeles, State of California.  I am over the age
   of 18 and not a party to the within action.  My business address is 21800 Oxnard St. Suite
9  840, Woodland Hills, CA 91367.

10     On December 5, 2006 I served on interested parties in said action the within:
   **RESPONSE TO INTERROGATORIES PROPOUNDED TO ALLEGED DEBTOR FRA**
11
   by placing a true copy thereof in sealed envelope(s) addressed as stated below.
12

13     L. Scott Keehn
       Sarah H. Lanham
14     530 B Street, Suite 2400
15     San Diego, CA 92101

16     I am readily familiar with this firm's practice of collection and processing
   correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
17 service on that same day in the ordinary course of business.  I am aware that on motion of
   party served, service is presumed invalid if postal cancellation date or postage meter date
18 is more than 1 day after date of deposit for mailing in affidavit.

19     Executed on December 5, 2006, at Woodland Hills, California.

20     I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.
21

22

23    _____                    _____
          MJ Hayes
24    (Type or print name)                              (Signature)

25

26

27

28

# EXHIBIT 5

1  L. Scott Keehn (61691)
    **KEEHN & ASSOCIATES**
2  A Professional Corporation
    402 W. Broadway, Suite 1210
3  San Diego, California 92101
    Telephone: (619) 400-2200
4

5  Attorneys for **Petitioning Creditors**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                  )  Case No. 05-05926-PBINV

12     FRANCIS J. LOPEZ       )  Involuntary Chapter 7

13            Alleged Debtor   )  **FIRST PHASE II REQUEST FOR**
                        )  **PRODUCTION OF DOCUMENTS BY**
14                     )  **PETITIONING CREDITORS.**
                        )
15                     )  [No Hearing Required]
                        )
16                     )  Judge: Hon. Peter W. Bowie
                        )
17  _____)

18  PROPOUNDING PARTY:   PETITIONING CREDITORS

19  RESPONDING PARTY:     FRANCIS J. LOPEZ

20  SET NO.:               ONE (1)/ PHASE II

21  TO FRANCIS J. LOPEZ AND HIS ATTORNEY OF RECORD:

22      **YOU ARE HEREBY REQUESTED BY THE PETITIONING CREDITORS**

23  **HEREIN ("PETITIONING CREDITORS") AND REQUIRED,** pursuant to Federal Rule of

24  Civil Procedure 34 (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure

25  7034), to produce for inspection and copying the documents and/or tangible things identified

26  below, and are further required to serve a written response hereto within thirty (30) days after

27  service of this document.  Petitioning Creditors requests that all responsive documents and/or

28  tangible things be produced for inspection and copying at a time and place mutually convenient for

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

the parties and their counsel.  In the alternative, Petitioning Creditors request that true and correct copies of the requested documents and/or tangible things be delivered to the offices of Keehn & Associates, APC, 402 West Broadway, Suite 1210, San Diego, California 92101 (Attn: L.  Scott Keehn), and Petitioning Creditors hereby agree in advance to pay for the actual documented copying and mailing costs incurred.

## DEFINITIONS

The following definitions apply to each of the Document Requests and should be read and referred to in answering each of the Document Requests:

1.    The term "BUSINESS RECORD(S)" means all writings regularly created or maintained by or on behalf of a PERSON or entity that is or was engaged in business, and includes, without limitation, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted business activity.

2.    The terms  "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or credit account with a bank, credit union, or financial institutions of any description, and include, without limitation, a demand, time, checking, savings, passbook, share draft, or like account, including account evidenced by a certificate of deposit.

3.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

4.    The term "CASH AND CARRY" means and refers to any form of transaction in which the purchaser or recipient of the goods or services which are the subject of the transaction is required to, and actually does, deliver cash or a negotiable instrument in the full amount of the price or fee charged for those goods or services, at the time that the goods are purchased or the services are rendered.

5.    The term "COMMUNICATION" means the transmittal of any information (in the form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 – FACSIMILE (619) 400-2201

108606/LSK/5311.01

presentations, telegrams, telephone conversations and all other written, oral or electronic transmission of information.

6.     The term "CREDIT FACILITY" means every form of agreement, written or oral, by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes, without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

7.     The term "DOCUMENT" means and includes all originals — and any copies that differ in any way from the original — of any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A., and any copies of such material if you do not have control or possession of the original.

8.     The term "FINANCIAL STATEMENT" means and refers to every form of DOCUMENT, including, but not limited to a written report, which quantitatively describes the financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108606/LSK/5311.01

1   DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet,

2   a statement of cash flows, and a statement of equity.

3         9.     The term "IDENTIFY" when used herein means to describe the requested

4   information to the fullest extent possible, which would include, but is not limited to, furnishing

5   such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

6   or thing that may be in the possession of any PERSON identified in Your response to that

7   interrogatory.  Without limiting the generality of the foregoing:

8            A.     When used in reference to a PERSON the definition includes, but is not

9   limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

10   names known to have been used by the PERSON at any time, the address of the PERSON's

11   residence (where they are a natural PERSON, or principal place of business if not), and all

12   telephone numbers where the PERSON may be reached during usual daytime business hours;

13            B.     When used with reference to a DOCUMENT or DOCUMENT the

14   definition  includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

15   or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

16   location, and the name and address of the PERSON or PERSONS with custody of the

17   DOCUMENT or DOCUMENT; and

18            C.     When used with reference to a tangible thing, the definition includes, but is

19   not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

20   which identifies the thing, the address at which the thing is customarily is located, and the name

21   and address of the PERSON or PERSONS who have custody or control of the thing.

22            D.     When used with reference to an account maintained at a bank, credit union

23   or similar financial institution includes, but is not limited to the duty to disclose the name and

24   address of the institution, the account number (or numbers) and the dates during which the account

25   was maintained.

26         10.    The term the "INTERROGATORIES" means and refers to the "First Phase II

27   Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

28   / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

108606/LSK/5311.01

11.    The term "ON CREDIT" refers to any transaction or agreement where YOU or one of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

12.    The term "PERSON" means any individual (natural PERSON), corporation, organization, association, partnership, limited partnership, limited liability company, firm, joint venture, trust, governmental body, agency, governing board, department or division, or any other entity.

13.    the term "PERSONAL ACCOUNT RECORDS" means all writings regularly created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU or YOUR family with goods or services ON CREDIT, and includes without limitation a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion or diagnoses that are kept in the course of regularly conducted personal, household, or family activity.

14.    The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing, defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating, referring to, or dealing with.

15.    The term "RELATIVE" means any individual related by affinity or consanguinity within the third degree of consanguinity or affinity as determined by common law or any individual in a step or adoptive relationship within such third degree.

16.    The term the "REQUESTS FOR ADMISSION" means and refers to the "First Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently herewith.

17.    The term the "RESIDENCE" means and refers to that single family dwelling commonly known as 310 Sand Myrtle Trail, Destin, Florida.

18.    The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

/ / /

/ / /

/ / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108606/LSK/5311.01

19.     The term "YOU OWED" when used in connection with a particular creditor means and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain as to liability or amount.

20.     The phrase "PAYMENTS THAT YOU MADE," or words of similar import include all payments that YOU personally made or caused to be made, and all payments that were made by any other person or entity.

## INSTRUCTIONS

1.     This document request covers all DOCUMENTS in YOUR possession, custody, or control and the possession, custody, and control of YOUR agents, relatives, employees, independent contractors, attorneys, accountants, or representatives, wherever located.

2.     If YOU object to any request herein, YOU are required to state the precise basis for the objection.  If YOU object to only part of a request, YOU are required to respond to those portions of a request to which YOU do not object and to state the precise reasons of the objection.

3.     Each DOCUMENT is to be produced in the file in which such DOCUMENT has been maintained in the order within each file in which such DOCUMENT has been maintained.

4.     If any DOCUMENT exists in the memory of a computer or other device used to record or store information digitally, electronically, magnetically, or otherwise, a hard copy of such DOCUMENT should be created and produced in response to this Document Request.  If more than one copy of any such DOCUMENT exists, and if these copies are not identical (e.g., as a result of handwritten additions, notations, and the like), each copy is a separate DOCUMENT and should be separately produced.

5.     If any DOCUMENT is responsive to more than one of the categories requested, it need only be produced in response to the first applicable category.

6.     If any DOCUMENTS are withheld on grounds that they are protected from discovery by the attorney-client privilege, work product doctrine or otherwise, YOU are required to produce contemporaneously a list of such DOCUMENTS identifying the grounds for withholding them from production and describing the DOCUMENTS with sufficient specificity as

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108606/LSK/5311.01

to permit the Court to rule upon the claim of privilege or protection from discovery which description shall include:

(a)     the name, business affiliation, business address, telephone number and business capacity or title of the PERSON or PERSONS who prepared it and the PERSON or PERSONS who signed it;

(b)     the name, business affiliation, business address, telephone number, and business capacity or title of each PERSON to whom it was addressed;

(c)     the date the DOCUMENT was prepared;

(d)     the date the DOCUMENT was received;

(e)     the nature and substance of the DOCUMENT with sufficient particularity to enable the same to be identified, including without limitation, the title, subject matter, and number of pages; and

(f)     the name, business affiliation, business address, and telephone number of each PERSON who presently has possession, control, or custody of the original or a copy of the DOCUMENT.

7.     If any DOCUMENTS whose production is requested no longer exists or cannot be located, YOU shall set forth in a written response a complete statement of all circumstances surrounding the destruction, loss or disappearance of each such document, and such statement shall also include: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason for disposal, PERSON authorizing the disposal, PERSON disposing of the DOCUMENT, and the DOCUMENT's last known location.

8.     As used herein, the conjunctions "and" and "or" shall not be interpreted to exclude any information otherwise within the scope of this document request.

9.     This Document Request is to be regarded as continuing pursuant to Federal Rule of Civil Procedure 26(e), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026.  YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers given to the Document Request.  Such supplementary

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  responses are to be served upon the undersigned counsel fo PETITIONING CREDITORS within

2  twenty-one (21) days from discovery of the need for supplementation but not later than thirty (30)

3  days before the date of the trial.

4       10.    **Special Optional Response re Uncontested Creditors.**  With respect to any of the

5  categories requested that apply to a specific creditor, if YOU admit that as of June 30, 2005, YOU

6  were not paying the obligations that YOU OWED to that creditor as they came due; then YOU

7  may, but are not required to, satisfy YOUR obligations under this request by indicating by making

8  the following written response to the relevant category (categories):  **"Not applicable.  The**

9  **Alleged Debtor admits that as of June 30, 2005, he was not paying his obligations owed to the**

10 **subject creditor as they came due.";** and YOUR written response is verified under penalty of

11 perjury.  YOUR obligation to produce documents pursuant to this request is not affected in any

12 way with respect to any category as to which the special response is not made.

13      11.    YOUR written response to each category shall first IDENTIFY and quote the

14 category in full. Upon request, YOU will be electronically provided with a copy of these requests

15 in their Word Perfect form to facilitate your compliance with this requirement.

16                    **DOCUMENTS REQUEST**

17 Category No. 1.:

18      Any and all documents that memorialize, reflect, or refer to the mortgage to Lehman

19 Brothers Bank, secured by the Residence.

20 Category No. 2.:

21      Any and all documents that memorialize, reflect, or refer to any and all payments to

22 Lehman Brothers Bank at any time from January 1, 2005, through July 31, 2005.

23 Category No. 3.:

24      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

25 Lehman Brothers Bank on any account, at any time from January 1, 2005, to July 31, 2005.

26 Category No. 4.:

27      Any and all documents that memorialize, relate, or refer to any payments that YOU made

28 between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Lehman

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200  FACSIMILE (619) 400-2201

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

1   Brothers Bank on any account.

2   Category No. 5.:

3       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

4   Frederick Lopez on any account, including, but not limited to, at any time from January 1, 2005, to

5   July 31, 2005.

6   Category No. 6.:

7       Any and all documents that memorialize, relate, or refer to any payments that YOU made

8   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

9   Frederick Lopez on any account.

10  Category No. 7.:

11      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

12  Allstate Floridian on any account, at any time from January 1, 2005, to July 31, 2005.

13  Category No. 8.:

14      Any and all documents that memorialize, reflect, or refer to any and all payments to

15  Allstate Floridian at any time from January 1, 2005, through July 31, 2005.

16  Category No. 9.:

17      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18  American Express on any account, including, but not limited to, account number

19  378394802283007, at any time from January 1, 2005, to July 31, 2005.

20  Category No. 10.:

21      Any and all documents that memorialize, relate, or refer to any payments that YOU made

22  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

23  American Express on any account, including, but not limited to, account number

24  378394802283007.

25  Category No. 11.:

26      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

27  American Home Shield on any account, at any time from January 1, 2005, to July 31, 2005.

28  / / /

108606/LSK/5311.01

1  Category No. 12.:

2        Any and all documents that memorialize, relate, or refer to any payments that YOU made

3  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

4  American Home Shield on any account.

5  Category No. 13.:

6        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

7  Bank of America on any account, at any time from January 1, 2005, to July 31, 2005.

8  Category No. 14.:

9        Any and all documents that memorialize, relate, or refer to any payments that YOU made

10  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Bank of

11  America on any account.

12  Category No. 15.:

13        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

14  Bank Card Services on any account, at any time from January 1, 2005, to July 31, 2005.

15  Category No. 16.:

16        Any and all documents that memorialize, relate, or refer to any payments that YOU made

17  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Bank

18  Card Services on any account.

19  Category No. 17.:

20        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21  Cingular on any account, at any time from January 1, 2005, to July 31, 2005.

22  Category No. 18.:

23        Any and all documents that memorialize, relate, or refer to any payments that YOU made

24  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

25  Cingular on any account.

26  Category No. 19.:

27        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

28  Citicard on any account, at any time from January 1, 2005, to July 31, 2005.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 10101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1 <u>Category No. 20.:</u>

2     Any and all documents that memorialize, relate, or refer to any payments that YOU made

3 between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Citicard

4 on any account.

5 <u>Category No. 21.:</u>

6     Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

7 Coastal Community Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

8 <u>Category No. 22.:</u>

9     Any and all documents that memorialize, relate, or refer to any payments that YOU made

10 between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Coastal

11 Community Insurance on any account.

12 <u>Category No. 23.:</u>

13     Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

14 Cox Communications on any account, at any time from January 1, 2005, to July 31, 2005.

15 <u>Category No. 24.:</u>

16     Any and all documents that memorialize, relate, or refer to any payments that YOU made

17 between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Cox

18 Communications on any account.

19 <u>Category No. 25.:</u>

20     Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21 Fort Walton Beach Medical Center on any account, at any time from January 1, 2005, to July 31,

22 2005.

23 <u>Category No. 26.:</u>

24     Any and all documents that memorialize, relate, or refer to any payments that YOU made

25 between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Fort

26 Walton Beach Medical Center on any account.

27 <u>Category No. 27.:</u>

28     Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1   Household Bank on any account, at any time from January 1, 2005, to July 31, 2005.

2   Category No. 28.:

3       Any and all documents that memorialize, relate, or refer to any payments that YOU made

4   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

5   Household Bank on any account.

6   Category No. 29.:

7       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

8   Kelley Plantation Owner's Association on any account, at any time from January 1, 2005, to July

9   31, 2005.

10  Category No. 30.:

11      Any and all documents that memorialize, relate, or refer to any payments that YOU made

12  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Kelley

13  Plantation Owner's Association on any account.

14  Category No. 31.:

15      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

16  Northwest Florida Daily News on any account, at any time from January 1, 2005, to July 31, 2005.

17  Category No. 32.:

18      Any and all documents that memorialize, relate, or refer to any payments that YOU made

19  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

20  Northwest Florida Daily News on any account.

21  Category No. 33.:

22      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

23  Okaloosa Gas District on any account, at any time from January 1, 2005, to July 31, 2005.

24  Category No. 34.:

25      Any and all documents that memorialize, relate, or refer to any payments that YOU made

26  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

27  Okaloosa Gas District on any account.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

1  Category No. 35.:

2      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

3  Progressive Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

4  Category No. 36.:

5      Any and all documents that memorialize, relate, or refer to any payments that YOU made

6  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

7  Progressive Insurance on any account.

8  Category No. 37.:

9      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

10  Citibank-Quicken Platinum Card on any account, at any time from January 1, 2005, to July 31,

11  2005.

12  Category No. 38.:

13      Any and all documents that memorialize, relate, or refer to any payments that YOU made

14  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

15  Citibank-Quicken Platinum Card on any account.

16  Category No. 39.:

17      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18  Texaco on any account, at any time from January 1, 2005, to July 31, 2005.

19  Category No. 40.:

20      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21  Valley forge Life Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

22  Category No. 41.:

23      Any and all documents that memorialize, relate, or refer to any payments that YOU made

24  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Valley

25  Forge Life Insurance on any account.

26  Category No. 42.:

27      Any and all documents that memorialize, relate, or refer to any payments that YOU made

28  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Texaco

108606/LSK/5311.01

1  on any account.

2  Category No. 43.:

3      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

4  Verizon on any account, at any time from January 1, 2005, to July 31, 2005.

5  Category No. 44.:

6      Any and all documents that memorialize, relate, or refer to any payments that YOU made

7  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Verizon

8  on any account.

9  Category No. 45.:

10     Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

11  Wayne Wise on any account, at any time from January 1, 2005, to July 31, 2005.

12  Category No. 46.:

13     Any and all documents that memorialize, relate, or refer to any payments that YOU made

14  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Wayne

15  Wise on any account.

16  Category No. 47.:

17     Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18  Union Bank of California on any account, at any time from January 1, 2005, to July 31, 2005.

19  Category No. 48.:

20     Any and all documents that memorialize, relate, or refer to any payments that YOU made

21  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Union

22  Bank of California on any account.

23  Category No. 49.:

24     Any and all documents that memorialize, relate, or refer to any settlement agreement made

25  between YOU on the one hand, and Union Bank of California on the other hand, to settle claims

26  held by Union Bank of California against YOU.

27  Category No. 50.:

28     Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  attorney Jeffrey (Jeff) Smith on any account, at any time from January 1, 2005, to July 31, 2005.

2  Category No. 51.:

3      Any and all documents that memorialize, relate, or refer to any payments that YOU made

4  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to attorney

5  Jeffrey (Jeff) Smith on any account.

6  Category No. 52.:

7      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

8  attorney Thomas B. Gorrill on any account, at any time from January 1, 2005, to July 31, 2005.

9  Category No. 53.:

10      Any and all documents that memorialize, relate, or refer to any payments that YOU made

11  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to attorney

12  Thomas B. Gorrill on any account.

13  Category No. 54.:

14      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

15  between January 1, 2005, and the date of YOUR response, by or on behalf of American Express.

16  Category No. 55.:

17      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

18  between January 1, 2005, and the date of YOUR response, to American Express.

19  Category No. 56.:

20      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

21  between January 1, 2005, and the date of YOUR response, by or on behalf of Lehman Brothers Bank.

22  Category No. 57.:

23      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

24  between January 1, 2005, and the date of YOUR response, to Lehman Brothers Bank.

25  Category No. 58.:

26      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

27  between January 1, 2005, and the date of YOUR response, by or on behalf of Frederick Lopez.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  Category No. 59.:

2      documents reflecting any and all COMMUNICATIONS sent by YOU at any time between

3  January 1, 2005, and the date of YOUR response, to Frederick Lopez.

4  Category No. 60.:

5      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

6  between January 1, 2005, and the date of YOUR response, by or on behalf of Allstate Floridian.

7  Category No. 61.:

8      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

9  between January 1, 2005, and the date of YOUR response, to Allstate Floridian.

10  Category No. 62.:

11      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

12  between January 1, 2005, and the date of YOUR response, by or on behalf of American Home Shield.

13  Category No. 63.:

14      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

15  between January 1, 2005, and the date of YOUR response, to American Home Shield.

16  Category No. 64.:

17      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

18  between January 1, 2005, and the date of YOUR response, by or on behalf of Bank of America.

19  Category No. 65.:

20  Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time between

21  January 1, 2005, and the date of YOUR response, to Bank of America.

22  Category No. 66.:

23      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

24  between January 1, 2005, and the date of YOUR response, by or on behalf of Bank Card Services

25  Category No. 67.:

26      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

27  between January 1, 2005, and the date of YOUR response, to Bank Card Services.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  Category No. 68.:

2      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

3  between January 1, 2005, and the date of YOUR response, by or on behalf of Cingular.

4  Category No. 69.:

5      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

6  between January 1, 2005, and the date of YOUR response, to Cingular.

7  Category No. 70.:

8      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

9  between January 1, 2005, and the date of YOUR response, by or on behalf of Citicard.

10  Category No. 71.:

11      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

12  between January 1, 2005, and the date of YOUR response, to Citicard.

13  Category No. 72.:

14      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

15  between January 1, 2005, and the date of YOUR response, by or on behalf of Coastal Community

16  Insurance.

17  Category No. 73.:

18      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

19  between January 1, 2005, and the date of YOUR response, to Coastal Community Insurance.

20  Category No. 74.:

21      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

22  between January 1, 2005, and the date of YOUR response, by or on behalf of Cox

23  COMMUNICATIONS.

24  Category No. 75.:

25      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

26  between January 1, 2005, and the date of YOUR response, to Cox COMMUNICATIONS.

27  Category No. 76.:

28      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  between January 1, 2005, and the date of YOUR response, by or on behalf of Fort Walton Beach

2  Medical Center.

3  <u>Category No. 77.:</u>

4      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

5  between January 1, 2005, and the date of YOUR response, to Fort Walton Beach Medical Center.

6  <u>Category No. 78.:</u>

7      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

8  between January 1, 2005, and the date of YOUR response, by or on behalf of Household Bank.

9  <u>Category No. 79.:</u>

10      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

11  between January 1, 2005, and the date of YOUR response, to Household Bank.

12  <u>Category No. 80.:</u>

13      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

14  between January 1, 2005, and the date of YOUR response, by or on behalf of Kelley Plantation

15  Owner's Association.

16  <u>Category No. 81.:</u>

17      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

18  between January 1, 2005, and the date of YOUR response, to Kelley Plantation Owner's Association.

19  <u>Category No. 82.:</u>

20      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

21  between January 1, 2005, and the date of YOUR response, by or on behalf of Northwest Florida Daily

22  News.

23  <u>Category No. 83.:</u>

24      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

25  between January 1, 2005, and the date of YOUR response, to Northwest Florida Daily News.

26  <u>Category No. 84.:</u>

27      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

28  between January 1, 2005, and the date of YOUR response, by or on behalf of Okaloosa Gas District.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1    Category No. 85.:

2          Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

3    between January 1, 2005, and the date of YOUR response, to Okaloosa Gas District.

4    Category No. 86.:

5          Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

6    between January 1, 2005, and the date of YOUR response, by or on behalf of Progressive Insurance.

7    Category No. 87.:

8          Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

9    between January 1, 2005, and the date of YOUR response, to Progressive Insurance.

10   Category No. 88.:

11         Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

12   between January 1, 2005, and the date of YOUR response, by or on behalf of Citibank/Quicken

13   Platinum Card.

14   Category No. 89.:

15         Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

16   between January 1, 2005, and the date of YOUR response, to Citibank/Quicken Platinum Card.

17   Category No. 90.:

18         Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

19   between January 1, 2005, and the date of YOUR response, by or on behalf of Texaco.

20   Category No. 91.:

21         Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

22   between January 1, 2005, and the date of YOUR response, to Texaco.

23   Category No. 92.:

24         Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

25   between January 1, 2005, and the date of YOUR response, by or on behalf of Valley Forge Life

26   Insurance.

27   Category No. 93.:

28         Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

108606/LSK/5311.01

1    between January 1, 2005, and the date of YOUR response, to Valley Forge Life Insurance.

2    Category No. 94.:

3        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

4    between January 1, 2005, and the date of YOUR response, by or on behalf of Verizon.

5    Category No. 95.:

6        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

7    between January 1, 2005, and the date of YOUR response, to Verizon.

8    Category No. 96.:

9        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

10   between January 1, 2005, and the date of YOUR response, by or on behalf of Wayne Wise.

11   Category No. 97.:

12       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

13   between January 1, 2005, and the date of YOUR response, to Wayne Wise.

14   Category No. 98.:

15       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

16   between January 1, 2005, and the date of YOUR response, by or on behalf of Union Bank of

17   California.

18   Category No. 99.:

19       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

20   between January 1, 2005, and the date of YOUR response, to Union Bank of California.

21   Category No. 100.:

22       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

23   between January 1, 2005, and the date of YOUR response, by or on behalf of attorney Jeffrey (Jeff)

24   Smith.

25   Category No. 101.:

26       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

27   between January 1, 2005, and the date of YOUR response, to Jeffrey (Jeff) Smith.

28   / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  Category No. 102.:

2      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

3  between January 1, 2005, and the date of YOUR response, by or on behalf of attorney Thomas B.

4  Gorrill.

5  Category No. 103.:

6      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

7  between January 1, 2005, and the date of YOUR response, to attorney Thomas B. Gorrill.

8  Category No. 104.:

9      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

10  memorialize or are related to obligations that YOU OWED to Lehman Brothers Bank at any time from

11  January 1, 2005, to July 31, 2005.

12  Category No. 105.:

13      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

14  or refer obligations YOU OWED to Lehman Brothers Bank at any time from January 1, 2005, to July

15  31, 2005.

16  Category No. 106.:

17      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

18  memorialize or are related to obligations that YOU OWED to Frederick Lopez at any time from

19  January 1, 2005, to July 31, 2005.

20  Category No. 107.:

21      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

22  or refer obligations YOU OWED to Frederick Lopez at any time from January 1, 2005, to July 31,

23  2005.

24  Category No. 108.:

25      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

26  memorialize or are related to obligations that YOU OWED to Allstate Floridian at any time from

27  January 1, 2005, to July 31, 2005.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  Category No. 109.:

2      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

3  or refer obligations YOU OWED to Allstate Floridian at any time from January 1, 2005, to July 31,

4  2005.

5  Category No. 110.:

6      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

7  memorialize or are related to obligations that YOU OWED to American Express at any time from

8  January 1, 2005, to July 31, 2005.

9  Category No. 111.:

10      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

11  or refer obligations YOU OWED to American Express at any time from January 1, 2005, to July 31,

12  2005.

13  Category No. 112.:

14      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

15  memorialize or are related to obligations that YOU OWED to American Home Shield at any time

16  from January 1, 2005, to July 31, 2005.

17  Category No. 113.:

18      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

19  or refer obligations YOU OWED to American Home Shield at any time from January 1, 2005, to July

20  31, 2005.

21  Category No. 114.:

22      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

23  memorialize or are related to obligations that YOU OWED to Bank of America at any time from

24  January 1, 2005, to July 31, 2005.

25  Category No. 115.:

26      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

27  or refer obligations YOU OWED to Bank of America at any time from January 1, 2005, to July 31,

28  2005.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

- 22 -

108606/LSK/5311.01

1    Category No. 116.:

2         Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

3    memorialize or are related to obligations that YOU OWED to Bank Card Services at any time from

4    January 1, 2005, to July 31, 2005.

5    Category No. 117.:

6         Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

7    or refer obligations YOU OWED to Bank Card Services at any time from January 1, 2005, to July 31,

8    2005.

9    Category No. 118.:

10        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

11   memorialize or are related to obligations that YOU OWED to Cingular at any time from January 1,

12   2005, to July 31, 2005.

13   Category No. 119.:

14        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

15   or refer obligations YOU OWED to Cingular at any time from January 1, 2005, to July 31, 2005.

16   Category No. 120.:

17        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

18   memorialize or are related to obligations that YOU OWED to Citicard at any time from January 1,

19   2005, to July 31, 2005.

20   Category No. 121.:

21        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

22   or refer obligations YOU OWED to Citicard at any time from January 1, 2005, to July 31, 2005.

23   Category No. 122.:

24        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

25   memorialize or are related to obligations that YOU OWED to Coastal Community Insurance at any

26   time from January 1, 2005, to July 31, 2005.

27   Category No. 123.:

28        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  or refer obligations YOU OWED to Coastal Community Insurance at any time from January 1, 2005,

2  to July 31, 2005.

3  Category No. 124.:

4      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

5  memorialize or are related to obligations that YOU OWED to Cox Communications at any time from

6  January 1, 2005, to July 31, 2005.

7  Category No. 125.:

8      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

9  or refer obligations YOU OWED to Cox Communications at any time from January 1, 2005, to July

10  31, 2005.

11  Category No. 126.:

12      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

13  memorialize or are related to obligations that YOU OWED to Ft. Walton Beach Medical Center at any

14  time from January 1, 2005, to July 31, 2005.

15  Category No. 127.:

16      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

17  or refer obligations YOU OWED to Ft. Walton Beach Medical Center at any time from January 1,

18  2005, to July 31, 2005.

19  Category No. 128.:

20      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

21  memorialize or are related to obligations that YOU OWED to Household Bank at any time from

22  January 1, 2005, to July 31, 2005.

23  Category No. 129.:

24      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

25  or refer obligations YOU OWED to Household Bank at any time from January 1, 2005, to July 31,

26  2005.

27  Category No. 130.:

28      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

108606/LSK/5311.01

1    memorialize or are related to obligations that YOU OWED to Kelly Plantation Owners Association

2    at any time from January 1, 2005, to July 31, 2005.

3    Category No. 131.:

4        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

5    or refer obligations YOU OWED to Kelly Plantation Owners Association at any time from January

6    1, 2005, to July 31, 2005.

7    Category No. 132.:

8        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

9    memorialize or are related to obligations that YOU OWED to Northwest Florida Daily News at any

10   time from January 1, 2005, to July 31, 2005.

11   Category No. 133.:

12       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

13   or refer obligations YOU OWED to Northwest Florida Daily News at any time from January 1, 2005,

14   to July 31, 2005.

15   Category No. 134.:

16       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

17   memorialize or are related to obligations that YOU OWED to Okaloosa Gas District at any time from

18   January 1, 2005, to July 31, 2005.

19   Category No. 135.:

20       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

21   or refer obligations YOU OWED to Okaloosa Gas District at any time from January 1, 2005, to July

22   31, 2005.

23   Category No. 136.:

24       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

25   memorialize or are related to obligations that YOU OWED to Progressive Insurance at any time from

26   January 1, 2005, to July 31, 2005.

27   Category No. 137.:

28       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

1  or refer obligations YOU OWED to Progressive Insurance at any time from January 1, 2005, to July

2  31, 2005.

3  Category No. 138.:

4      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

5  memorialize or are related to obligations that YOU OWED to Citibank/Quicken Platinum Card at any

6  time from January 1, 2005, to July 31, 2005.

7  Category No. 139.:

8      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

9  or refer obligations YOU OWED to Citibank/Quicken Platinum Card at any time from January 1,

10  2005, to July 31, 2005.

11  Category No. 140.:

12      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

13  memorialize or are related to obligations that YOU OWED to Texaco at any time from January 1,

14  2005, to July 31, 2005.

15  Category No. 141.:

16      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

17  or refer obligations YOU OWED to Texaco at any time from January 1, 2005, to July 31, 2005.

18  Category No. 142.:

19      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

20  memorialize or are related to obligations that YOU OWED to Valley Forge Life Insurance at any time

21  from January 1, 2005, to July 31, 2005.

22  Category No. 143.:

23      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

24  or refer obligations YOU OWED to Valley Forge Life Insurance at any time from January 1, 2005,

25  to July 31, 2005.

26  Category No. 144.:

27      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

28  memorialize or are related to obligations that YOU OWED to Verizon at any time from January 1,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200  FACSIMILE (619) 400-2201

108606/LSK/5311.01

1    2005, to July 31, 2005.

2    Category No. 145.:

3       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

4    or refer obligations YOU OWED to Verizon at any time from January 1, 2005, to July 31, 2005.

5    Category No. 146.:

6       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

7    memorialize or are related to obligations that YOU OWED to Wayne Wise at any time from January

8    1, 2005, to July 31, 2005.

9    Category No. 147.:

10      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

11   or refer obligations YOU OWED to Wayne Wise at any time from January 1, 2005, to July 31, 2005.

12   Category No. 148.:

13      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

14   memorialize or are related to obligations that YOU OWED to Union Bank of California at any time

15   from January 1, 2005, to July 31, 2005.

16   Category No. 149.:

17      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

18   or refer obligations YOU OWED to Union Bank of California at any time from January 1, 2005, to

19   July 31, 2005.

20   Category No. 150.:

21      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

22   memorialize or are related to obligations that YOU OWED to attorney Jeffrey (Jeff) Smith at any time

23   from January 1, 2005, to July 31, 2005.

24   Category No. 151.:

25      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

26   or refer obligations YOU OWED to attorney Jeffrey (Jeff) Smith at any time from January 1, 2005,

27   to July 31, 2005.

28   / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1  Category No. 152.:

2      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

3  memorialize or are related to obligations that YOU OWED to attorney Thomas B. Gorrill at any time

4  from January 1, 2005, to July 31, 2005.

5  Category No. 153.:

6      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

7  or refer obligations YOU OWED to attorney Thomas B. Gorrill at any time from January 1, 2005, to

8  July 31, 2005.

9  Category No. 154.:

10      Any and all DOCUMENTS that are identified or referred to in any of your responses to the

11  INTERROGATORIES.

12  Category No. 155.:

13  Any and all DOCUMENTS that are identified or referred to in any of your responses to the REQUEST

14  FOR ADMISSION.

15  Category No. 156.:

16      Any and all bank statements, statement of account, or similar DOCUMENTS, with respect to

17  the status of any ACCOUNT identified in your responses to any of the INTERROGATORIES, that

18  reflect activity or status of such accounts at any time from January 1, 2005, through July 31, 2005.

19  Category No. 157.:

20      Any and all bank statements, statement of account, or similar DOCUMENTS, with respect to

21  the status of any ACCOUNT identified in your responses to any of the REQUEST FOR ADMISSION,

22  that reflect activity or status of such accounts at any time from January 1, 2005, through July 31, 2005.

23  Category No. 158.:

24      Copies of any and all checks written on any of the ACCOUNTS identified or referred to in any

25  of your responses to the INTERROGATORIES, that are dated at any time from January 1, 2005,

26  through July 31, 2005.

27  Category No. 159.:

28      Copies of any and all checks written on any of the ACCOUNTS identified or referred to in any

108606/LSK/5311.01

of your responses to the INTERROGATORIES, that are dated at any time from January 1, 2005, through July 31, 2005.

Category No. 160.:

Any and all FINANCIAL STATEMENTS that purport to reflect either your financial condition, or the results of income received and expenses paid during any period which includes January 1, 2005.

Category No. 161.:

Any and all DOCUMENTS that are part of any loan application that YOU made, or signed and delivered to any PERSON or entity at any time from January 1, 2005, through July 31, 2005.

Category No. 162.:

Any and all DOCUMENTS that memorialize, RELATE TO or REFER TO any civil, administrative, or criminal proceedings pending before any tribunal, arbitrator, or mediator at any time between January 1, 2005, and July 31, 2005.

Dated: 11-3-06

KEEHN & ASSOCIATES
A Professional Corporation

By: _____
L. Scott Keehn
Attorneys for Petitioning Creditors

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

108606/LSK/5311.01

# EXHIBIT 6

M. Jonathan Hayes (Bar No. 90388)
**Law Office M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, California 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

**Attorneys for Alleged Debtor**
**Francis J. Lopez**

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | **CASE NO.:**   05-05926-PBINV |
| **FRANCIS J. LOPEZ,** | **Involuntary Chapter 7** |
| **Alleged Debtor.** | **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS** |
| | **JUDGE:**   Hon. Peter W. Bowie  **DEPT.:**   4 |

PROPOUNDING PARTY:     Petitioning Creditors

RESPONDING PARTY:     Alleged Debtor Francis J. Lopez

SET NO.:     ONE (1) / Phase II

### Response to Request for Production of Documents

1

1 **CATEGORY NO. 1:**

2 OBJECT.

3 **CATEGORY NO. 2:**

4 OBJECT.

5 **CATEGORY NO. 3:**

6 NOT APPLICABLE.

7 **CATEGORY NO. 4:**

8 NOT APPLICABLE.

9 **CATEGORY NO. 5:**

10 I will provide the requested documents, to the extent that they are in my possession or can

11 be readily obtained.

12 **CATEGORY NO. 6:**

13 I will provide the requested documents, to the extent that they are in my possession or can

14 be readily obtained.

15 **CATEGORY NO. 7:**

16 I will provide the requested documents, to the extent that they are in my possession or can

17 be readily obtained.

18 **CATEGORY NO. 8:**

19 I will provide the requested documents, to the extent that they are in my possession or can

20 be readily obtained.

21 **CATEGORY NO. 9:**

22 Already provided.

23 **CATEGORY NO. 10:**

24 Already provided.

25 **CATEGORY NO. 11:**

26 Already provided.

27

28

LAW OFFICES
M. Jonathan Hayes

**RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF**

**CATEGORY NO. 12:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**CATEGORY NO. 13:**

Already provided.

**CATEGORY NO. 14:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**CATEGORY NO. 15:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**CATEGORY NO. 16:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**CATEGORY NO. 17:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**CATEGORY NO. 18:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**CATEGORY NO. 19:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**CATEGORY NO. 20:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

1   **<u>CATEGORY NO. 21:</u>**

2   Already provided.

3   **<u>CATEGORY NO. 22:</u>**

4   Already provided.

5   **<u>CATEGORY NO. 23:</u>**

6   I will provide the requested documents, to the extent that they are in my possession or can

7   be readily obtained.

8   **<u>CATEGORY NO. 24:</u>**

9   I will provide the requested documents, to the extent that they are in my possession or can

10  be readily obtained.

11  **<u>CATEGORY NO. 25:</u>**

12  I will provide the requested documents, to the extent that they are in my possession or can

13  be readily obtained.

14  **<u>CATEGORY NO. 26:</u>**

15  I will provide the requested documents, to the extent that they are in my possession or can

16  be readily obtained.

17  **<u>CATEGORY NO. 27:</u>**

18  I will provide the requested documents, to the extent that they are in my possession or can

19  be readily obtained.

20  **<u>CATEGORY NO. 28:</u>**

21  I will provide the requested documents, to the extent that they are in my possession or can

22  be readily obtained.

23  **<u>CATEGORY NO. 29:</u>**

24  Already provided.

25  **<u>CATEGORY NO. 30:</u>**

26  Already provided.

27

28

LAW OFFICES
M. Jonathan Hayes

**RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF**

1  **CATEGORY NO. 31:**

2  Already provided.

3  **CATEGORY NO. 32:**

4  Already provided.

5  **CATEGORY NO. 33:**

6  Already provided.

7  **CATEGORY NO. 34:**

8  I will provide the requested documents, to the extent that they are in my possession or can

9  be readily obtained.

10  **CATEGORY NO. 35:**

11  I will provide the requested documents, to the extent that they are in my possession or can

12  be readily obtained.

13  **Category No. 36:**

14  I will provide the requested documents, to the extent that they are in my possession or can

15  be readily obtained.

16  **Category No. 37:**

17  I will provide the requested documents, to the extent that they are in my possession or can

18  be readily obtained.

19  **Category No. 38:**

20  I will provide the requested documents, to the extent that they are in my possession or can

21  be readily obtained.

22  **Category No. 39:**

23  I will provide the requested documents, to the extent that they are in my possession or can

24  be readily obtained.

25  **Category No. 40:**

26  Already provided.

27  **Category No. 41:**

28  Already provided.

LAW OFFICES
M. Jonathan Hayes

**RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF**

1 **Category No. 42:**

2 I will provide the requested documents, to the extent that they are in my possession or can
3 be readily obtained.

4 **Category No. 43:**

5 I will provide the requested documents, to the extent that they are in my possession or can
6 be readily obtained.

7 **Category No. 44:**

8 I will provide the requested documents, to the extent that they are in my possession or can
9 be readily obtained.

10 **Category No. 45:**

11 Already provided.

12 **Category No. 46:**

13 Already provided.

14 **Category No. 47:**

15 I will provide the requested documents, to the extent that they are in my possession or can
16 be readily obtained.

17 **Category No. 48:**

18 I will provide the requested documents, to the extent that they are in my possession or can
19 be readily obtained.

20 **Category No. 49:**

21 I will provide the requested documents to the extent that they are in my possession or can
22 be readily obtained, provided that the documents requested are not of a private or
23 privileged nature.

24 **Category No. 50:**

25 I will provide the requested documents to the extent that they are in my possession or can
26 be readily obtained, provided that the documents requested are not of a private or
27 privileged nature.

28

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

**Category No. 51:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 52:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 53:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 54:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 55:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 56:**

No documents in my possession.

**Category No. 57:**

No documents in my possession.

**Category No. 58:**

No documents in my possession.

**Category No. 59:**

No documents in my possession.

7

**Category No. 60:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 61:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 62:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 63:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 64:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 65:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 66:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 67:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 68:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

**Category No. 69:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 70:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 71:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 72:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 73:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 74:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 75:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 76:**

Will provide to the extent that the documents do not contain personal medical information.

**Category No. 77:**

Will provide to the extent that the documents do not contain personal medical information.

**Category No. 78:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

9

1  **Category No. 79:**

2  I will provide the requested documents, to the extent that they are in my possession or can

3  be readily obtained.

4  **Category No. 80:**

5  I will provide the requested documents, to the extent that they are in my possession or can

6  be readily obtained.

7  **Category No. 81:**

8  I will provide the requested documents, to the extent that they are in my possession or can

9  be readily obtained.

10  **Category No. 82:**

11  I will provide the requested documents, to the extent that they are in my possession or can

12  be readily obtained.

13  **Category No. 83:**

14  I will provide the requested documents, to the extent that they are in my possession or can

15  be readily obtained.

16  **Category No. 84:**

17  I will provide the requested documents, to the extent that they are in my possession or can

18  be readily obtained.

19  **Category No. 85:**

20  I will provide the requested documents, to the extent that they are in my possession or can

21  be readily obtained.

22  **Category No. 86:**

23  I will provide the requested documents, to the extent that they are in my possession or can

24  be readily obtained.

25  **Category No. 87:**

26  I will provide the requested documents, to the extent that they are in my possession or can

27  be readily obtained.

28

**Category No. 88:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 89:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 90:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 91:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 92:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 93:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 94:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 95:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

11

1  **Category No. 96:**

2  None that I am aware of.

3  **Category No. 97:**

4  None that I am aware of.

5  **Category No. 98:**

6  I will provide the requested documents, to the extent that they are in my possession or can

7  be readily obtained.

8  **Category No. 99:**

9  I will provide the requested documents, to the extent that they are in my possession or can

10  be readily obtained.

11  **Category No. 100:**

12  I will provide the requested documents to the extent that they are in my possession or can

13  be readily obtained, provided that the documents requested are not of a private or

14  privileged nature.

15  **Category No. 101:**

16  I will provide the requested documents to the extent that they are in my possession or can

17  be readily obtained, provided that the documents requested are not of a private or

18  privileged nature.

19  **Category No. 102:**

20  I will provide the requested documents to the extent that they are in my possession or can

21  be readily obtained, provided that the documents requested are not of a private or

22  privileged nature.

23  **Category No. 103:**

24  I will provide the requested documents to the extent that they are in my possession or can

25  be readily obtained, provided that the documents requested are not of a private or

26  privileged nature.

27  **Category No. 104:**

28  Not applicable.

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

1  **Category No. 105:**

2  Not applicable.

3  **Category No. 106:**

4  I will provide the requested documents to the extent that they are in my possession or can

5  be readily obtained, provided that the documents requested are not of a private or

6  privileged nature.

7  **Category No. 107:**

8  I will provide the requested documents to the extent that they are in my possession or can

9  be readily obtained, provided that the documents requested are not of a private or

10  privileged nature.

11  **Category No. 108:**

12  I will provide the requested documents, to the extent that they are in my possession or can

13  be readily obtained.

14  **Category No. 109:**

15  I will provide the requested documents, to the extent that they are in my possession or can

16  be readily obtained.

17  **Category No. 110:**

18  I will provide the requested documents, to the extent that they are in my possession or can

19  be readily obtained.

20  **Category No. 111:**

21  I will provide the requested documents, to the extent that they are in my possession or can

22  be readily obtained.

23  **Category No. 112:**

24  Already provided.

25  **Category No. 113:**

26  Already provided.

27

28

LAW OFFICES
M. Jonathan Hayes

13

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

**Category No. 114:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 115:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 116:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 117:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 118:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 119:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 120:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 121:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 122:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

14

1 **Category No. 123:**

2 I will provide the requested documents, to the extent that they are in my possession or can

3 be readily obtained.

4 **Category No. 124:**

5 I will provide the requested documents, to the extent that they are in my possession or can

6 be readily obtained.

7 **Category No. 125:**

8 I will provide the requested documents, to the extent that they are in my possession or can

9 be readily obtained.

10 **Category No. 126:**

11 I will provide the requested documents to the extent that they are in my possession or can

12 be readily obtained, provided that the documents requested are not of a private or

13 privileged nature.

14 **Category No. 127:**

15 I will provide the requested documents to the extent that they are in my possession or can

16 be readily obtained, provided that the documents requested are not of a private or

17 privileged nature.

18 **Category No. 128:**

19 I will provide the requested documents, to the extent that they are in my possession or can

20 be readily obtained.

21 **Category No. 129:**

22 I will provide the requested documents, to the extent that they are in my possession or can

23 be readily obtained.

24 **Category No. 130:**

25 I will provide the requested documents, to the extent that they are in my possession or can

26 be readily obtained.

27

28

LAW OFFICES
M. Jonathan Hayes

**RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF**

**Category No. 131:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 132:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 133:**

Already provided.

**Category No. 134:**

Already provided.

**Category No. 135:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 136:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 137:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 138:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 139:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 140:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

**Category No. 141:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 142:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 143:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 144:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 145:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 146:**

Already provided.

**Category No. 147:**

Already provided.

**Category No. 148:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

**Category No. 149:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 150:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 151:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 152:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 153:**

I will provide the requested documents to the extent that they are in my possession or can be readily obtained, provided that the documents requested are not of a private or privileged nature.

**Category No. 154:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

**Category No. 155:**

I will provide the requested documents, to the extent that they are in my possession or can be readily obtained.

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

1 **Category No. 156:**

2 I will provide the requested documents, to the extent that they are in my possession or can

3 be readily obtained.

4 **Category No. 157:**

5 I will provide the requested documents, to the extent that they are in my possession or can

6 be readily obtained.

7 **Category No. 158:**

8 Objection this request is overly burdensome and designed for harassment.

9 **Category No. 159:**

10 Objection this request is overly burdensome and designed for harassment.

11 **Category No. 160:**

12 I will provide the requested documents, to the extent that they are in my possession or can

13 be readily obtained.

14 **Category No. 161:**

15 Other than those already discussed, none that I am aware of.

16 **Category No. 162:**

17 Not applicable.

18

19 Dated:  December 5, 2006

20

21

22 By: _M. Jonathan Hayes_

23 Attorneys for Alleged Debtor
Francis J. Lopez

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes

19

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF

1

2 ## PROOF OF SERVICE

3

4 STATE OF CALIFORNIA            )
                                )ss.:
5 SOUTHERN DISTRICT             )

6 *In re*
  *Francis J. Lopez*                              *Case No. 05-05926-PBINV*

7

8    I am employed in the County of Los Angeles, State of California.  I am over the age
of 18 and not a party to the within action.  My business address is 21800 Oxnard St. Suite
9 840, Woodland Hills, CA 91367.

10   On December 5, 2006 I served on interested parties in said action the within:

11 **RESPONSE OF FRANCIS J. LOPEZ TO REQUEST FOR PRODUCTION
OF DOCUMENTS**

12 by placing a true copy thereof in sealed envelope(s) addressed as stated below.

13

14   L. Scott Keehn
     Sarah H. Lanham
15   530 B Street, Suite 2400
     San Diego, CA 92101
16

17   I am readily familiar with this firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
18 service on that same day in the ordinary course of business.  I am aware that on motion of
party served, service is presumed invalid if postal cancellation date or postage meter date
19 is more than 1 day after date of deposit for mailing in affidavit.

20   Executed on December 5, 2006, at Woodland Hills, California.

21   I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

22

23

24 _____        _____
      MJ Hayes
25    (Type or print name)                    (Signature)

26

27

28

LAW OFFICES
M. Jonathan Hayes        **RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF**

# EXHIBIT 7

# KEEHN & ASSOCIATES

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
www.keehnlaw.com

402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101

PHONE: (619) 400-2200
FACSIMILE: (619) 400-2201

December 13, 2006
**< VIA E-MAIL, FACSIMILE AND U.S. MAIL>**

M. Jonathan Hayes
21800 Oxnard Street, Suite 840
Woodland Hills, California  91367
Facsimile: (818) 710-3659
Email: jhayes@polarisnet.net

Re:     Notice of Defective Responses to First Phase II Interrogatories Propounded to
Francis J. Lopez

Dear Mr. Hayes,

The purpose of this letter is to provide you with actual notice of the threshold deficiencies of your responses to our First Phase II Interrogatories, and demand that you correct those deficiencies forthwith.  Specifically, we invite your attention to the following local rules of the United States Bankruptcy Court for the Southern District of California, which are applicable to responses to be given to interrogatories:

Rule 7033-3     <u>Answers or Objections to Interrogatories</u>
Answers or objections to each interrogatories shall first identify and quote the interrogatory in full.

Obviously your response does not comply with this rule.  That failure injects the very element of burden expense upon my client, which this local rule is obviously designed to eliminate.  Accordingly, demand is hereby made upon you to immediately correct this deficiency by amending your responses to our First Phase II Interrogatories to conform to the requirements of the local rule.  I will call your office at 1 p.m. on Friday December 15, 2006, to discuss this, as well as other deficiencies present in your response, unless you contact my assistant – Aaron Guile – to arrange a different date and time which shall not be later than Tuesday December 17, 2006.

If you have any questions or comments pertaining to any of the foregoing, or any other aspect of this matter, please contact me at your convenience.

Very truly yours,
**KEEHN & ASSOCIATES, APC**

L. Scott Keehn

cc:     Client

*108922/LSK/5311.01*

# EXHIBIT 8

# KEEHN&ASSOCIATES

402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
www.keehnlaw.com

PHONE: (619) 400-2200
FACSIMILE: (619) 400-2201

January 19, 2007

**< VIA E-MAIL, FACSIMILE AND U.S. MAIL>**

M. Jonathan Hayes
21800 Oxnard Street, Suite 840
Woodland Hills, California 91367
Facsimile: (818) 710-3659
Email: jhayes@polarisnet.net

Re:  Follow-Up to Meet and Confer re: First Phase II Discovery Propounded to Francis J. Lopez
*In re Francis J. Lopez* (Bankruptcy Court Case Number: 05-05926)

Dear Mr. Hayes,

I am disappointed in, and regret having to formally notify you that we object to the fact we have not received any of the supplemental responses from your client Francis J. Lopez to our Phase II Discovery Requests that you promised during our telephonic meet and confer meeting on December 15, 2006, we would have by January 12, 2007. Let me remind you that during that conference you agreed that Mr. Lopez would provide supplemental responses to all of the following:

(1)  You would provide complete responses to the interrogatories with the understanding that:

(a)  The phrase "original amount of obligation" shall be deemed to be the amount referred to as the amount due as of June 30, 2005;

(b)  Where interrogatories address someone else's financial information, then Mr. Lopez would provide information that is responsive to the interrogatory to the extent that he has knowledge of such information; and,

(c)  I acknowledged that the FRCP limit interrogatories to 25 without leave of Court ( I had the California 35 limit on my mind); but we agreed that given the number of creditors whose payments were at issue, and the fact that there are two petitioning creditors, that leave was likely to be granted.

(2)  All responsive documents would be produced.

Please contact me at your earliest opportunity if there is any explanation justifying your client's failure to honor these commitments.

M. Jonathan Hayes
January 19, 2007
Page 2

Once we have satisfactory responses in the written discovery, we will need to schedule Mr. Lopez's deposition. We intend to file another Motion for Summary Judgment in this case, and therefore need to complete our Phase II discovery as soon as possible.

Finally, and at the risk of stating the obvious or appearing belligerent, I must also notify you that unless we receive all of the tardy responses by Wednesday January 24, 2007, (or a credible assurance that they will be produced by a date certain shortly thereafter), we will be filing a motion to compel supplemental responses and seek appropriate sanctions. We expect to have the motion filed on time to provide you with personal service at the status conference set for Monday January 29, 2007, at 10:00 a.m.[1]

If you have any questions or comments pertaining to any of aspect of this matter, please contact me at your earliest opportunity.

Very Truly Yours,

**KEEHN & ASSOCIATES, APC**

L. Scott Keehn

Dictated by Mr. Keehn but forwarded in his absence to avoid delay.

cc:    Client
*109210/LSK/5311.01*

---

[1]    I wanted to advise you of this prospect in advance because: (a) I am mindful of and sensitive to your earlier protest to the Court over being surprised with personal service of something from our office almost every time you appear in the case; and, (b) I have no desire to cause anyone any unnecessary anxiety or annoyance.