# DOCKET NUMBER 97-1

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>    Alleged Debtor. | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**PETITIONING CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER: (1) STRIKING THE DEBTOR'S ANSWER; (2) ENTERING AN ORDER FOR RELIEF; AND (3) IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR**<br><br>**[BIFURCATED PHASE II]**<br><br>Date:  May 11, 2007<br>Time:  9:00 a.m.<br>Judge:  The Honorable Peter W. Bowie<br>Ctrm:  4 |

The Alleged Debtor — Francis J. Lopez ("Lopez") — has ignored the Court's order directing him to supplement his discovery responses by April 11, 2007. Accordingly, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to these proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"), Petitioning Creditors respectfully submit their Motion for an Order from this Court: (1) striking the Answer filed by Lopez; (2) entering an Order for Relief; and (2) imposing monetary sanctions against Lopez in the amount of $4,242.

109906/LFK/5311.01

# I. INTRODUCTION

*Delays have dangerous ends.*

> William Shakespeare
> *Henry VI, Part One*
> Act III, Scene ii

Francis J. Lopez — Master Scofflaw — is pulling this case and its creditors down the dangerous path of delay by ignoring the court's mandate for compliance with his duties to disclose that which unopposed discovery compels him to disclose. Having paralyzed the case first by his refusal to cooperate, and second by his disobedience to the court's ruling, Lopez remains at liberty to create an unlimited variety of "Priority Gap Claims"[1] which will slip ahead of all of the pre-petition unsecured creditors. The plight of those creditors is exacerbated by the automatic stay which prevents them from taking any enforcement action to preserve the economic utility of their claims.[2] The risks of prejudice are further heightened by the initial delay that was occasioned by the bifurcation of the case — at Lopez's request — so that the Involuntary Gap Period was necessarily rendered longer than the norm, even before the latest delays were encountered.

What mischief has already occurred behind the shield of delay, and what further mischief may yet occur before the Order for Relief is ultimately entered, is impossible to ascertain. But, what can be seen with absolute clarity is that Lopez will not willingly discharge the duties of a litigant to participate in good faith in this process. He has used his *passive/aggressive* tactic of delay to the prejudice of the creditors, and that prejudice must be truncated so that the *dangerous end* of an expanding pool of priority claims is held in check.

Lopez's disobedience is particularly troubling because it demonstrates that — beyond his willingness to disobey court mandates — he is impervious to the threat of monetary sanctions. At the hearing conducted on March 12, 2007, this Court made clear on the record: (a) the seriousness of Lopez's failure to respond to discovery which he never opposed; (b) its willingness to defer the issue of ruling on the requested sanctions of $4,242; and (c) its intention that the risk of sanctions

---

[1]   See 11 U.S.C. §§502(f) and 507(a)(3).

[2]   See 11 U.S.C. §362(a).

was to serve as a *Sword of Damocles* suspended above Lopez to motivate compliance. With that in mind, the court then gave him another 30 days — to April 11, 2007 — to fully respond to discovery promulgated five months earlier, on November 3, 2006. But, in response to the court's clear direction, Lopez has provided nothing but that which Simon & Garfunkel made famous in the 60's: the *Sounds of Silence*.

His silence is anything but golden. It is a badge of dishonor and contempt. It endangers the creditors' expectations of distributions. It taunts the threat of monetary sanctions. It is insufferable. It warrants the immediate entry of terminating sanctions.

## II.   FACTUAL AND PROCEDURAL CHRONOLOGY

A. **Lopez's Four-Month History of Hindering, Delaying and Refusing to Provide Discovery Despite Being Ordered to Do so by this Court**

11/03/06:   Lopez was served with Petitioning Creditors' First Set of Written Discovery for Phase II (the "Phase II Written Discovery"), consisting of (1) First Phase II Requests for Admission Propounded by Petitioning Creditors [10 Requests]; (2) First Phase II Request for Production of Documents by Petitioning Creditors [162 categories of documents]; and (3) First Phase II Interrogatories Propounded by Petitioning Creditors [35 Interrogatories]. Lopez's responses to the Phase II Written Discovery were due on December 4, 2006.

12/03/06:   Lopez served "Response to Requests for Admission Propounded to Alleged Debtor Francis J. Lopez (Phase II)." **Lopez's responses were deficient, and Lopez failed to verify the responses**.

12/05/06:   Lopez served "Response to Interrogatories Propounded to Alleged Debtor Francis J. Lopez (Phase II). **Lopez's responses were deficient, and Lopez failed to verify the responses**. Lopez also served "Response to Requests for Production of Documents." **Lopez's responses were deficient.**

12/13/06:   Petitioning Creditors' attorney, L. Scott Keehn, sent a *meet and confer* letter to Lopez's attorney, M. Jonathan Hayes, notifying him of the deficiencies in

- 3 -

| | | |
|---|---|---|
| 1 | | Lopez's responses to the Phase II Written Discovery. |
| 2 | 12/15/06: | Attorneys Keehn and Hayes participated in a telephonic *meet and confer* conference wherein the parties agreed that Lopez would provide supplemental responses to the Phase II Written Discovery on or before January 12, 2007. |
| 6 | 01/12/07: | Deadline for Lopez to provide the promised supplemental responses to the Phase II Written Discovery. **Lopez failed, without explanation, to provide supplemental responses to the Phase II Written Discovery.** |
| 9 | 01/19/07: | Attorney Keehn sent a follow-up *meet and confer* letter to attorney Hayes requesting an explanation regarding Lopez's failure to provide the promised supplemental responses to discovery, and notifying Lopez of the imminent likelihood of a motion to compel his responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond to that *meet and confer* letter.** |
| 15 | 01/29/07: | Petitioning Creditors filed a Motion to Compel responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond or file an Opposition to that Motion.** |
| 18 | 03/10/07: | On a Saturday, just two days prior to the scheduled hearing on Petitioning Creditors' Motion to Compel Lopez's responses to the Phase II Written Discovery, attorney Hayes emailed approximately 155 pages of documents to attorney Keehn, purportedly in response to the "First Phase II Request for Production of Documents by Petitioning Creditors." **This last-minute "*document dump*" was improper because the documents: (1) were not responsive to the Requests, (2) were not organized by category of Request, and (3) consisted of at least 103 pages of pleadings filed in the San Diego Superior Court which are already in the Petitioning Creditors' possession. Lopez failed, without explanation, to explain the deficiencies and/or his failure to provide the agreed-upon supplemental** |

- 4 -

109906/LFK/5311.01

responses.

03/12/07: This Court granted Petitioning Creditors' motion to compel Lopez to provide supplemental responses to the Phase II Written Discovery.[3] The Court ordered Lopez to provide the supplemental responses on or before April 11, 2007. The Court — in open session — indicated that it was deferring its ruling on the request for monetary sanctions of $4,242 because: (a) it wanted the risk of those sanctions to serve as a *Sword of Damocles* to encourage compliance with the Court's order; and (b) Lopez would have to "work his way out of those sanctions." **Lopez has failed, without explanation, to comply with this Court's Order.**

## III. DISCUSSION

A. **Terminating Sanctions are a Necessary and Appropriate Response to Lopez's Brazen Disregard for His Discovery Obligations and this Court's Order.**

Pursuant to FRCP Rule 37(d), made applicable to these proceedings by FRBP Rule 9014(c), this Court has broad discretion to strike Lopez's Answer and enter an Order for Relief as a sanction for Lopez's continued, unreasonable refusal to provide discovery.[4] Where, as here, an alleged debtor has engaged in a course of conduct clearly designed to avoid his discovery obligations, the seemingly "harsh" sanction of striking the debtor's answer and adjudicating him a bankrupt is both appropriate and necessary to avoid encouraging "a blatant disregard for the discovery mechanism."[5]

Lopez's responses to the Phase II Written Discovery (served on November 03, 2006) were due on December 4, 2006. Four months have now passed since that original production date, and Petitioning Creditors have yet to receive Lopez's responses, or even a reasonable justification for

---

[3] See, Docket Item #93.

[4] *Matter of Visioneering Const.*, 661 F.2d 119, 123 - 124 (9th Cir. 1981); *In re Rice*, 14 B.R. 843, 846 (9th Cir.BAP 1981).

[5] *In re Rice*, supra, 14 B.R. at 846; *Matter of Visioneering Const.*, supra, 661 F.2d at 123 (court's order striking alleged debtor's answer was an appropriate sanction since the debtor had "deliberately and obstinately refused to cooperate with discovery requests and court orders").

the delay. And that is not because Petitioning Creditors have not been trying. As set forth in Section I above, Petitioning Creditors made multiple efforts to *meet and confer* with Lopez before obtaining this Court's Order compelling Lopez to provide the discovery he promised to produce three months ago – on January 12, 2007. Unfortunately, this Court's Order has had even less impact on Lopez than Petitioning Creditors' efforts – Lopez has totally ignored this Court's Order without even feigning compliance, e.g., with an eleventh-hour *document dump*. That act was pure theater, and did nothing to cure the deficiencies in Lopez's discovery responses.

**B.    Lopez's Discovery Abuse is Unfairly Prejudicial to Existing Creditors.**

Lopez's strategic delaying of these proceedings unfairly exposes all creditors to unnecessary prejudice, the extent of which is currently unknown, in that Lopez is free to incur new debt that will be superior to the claims of all pre-petition creditors due to the priority status given to gap claims under 11 U.S.C. §502(f).[6] As we approach June 30, 2007, which will be the second anniversary of the petition, the specter of an ever-expanding body of gap claims looms as an ominous threat to the economic utility of the Bankruptcy remedy sought by the Petitioning Creditors. It is ironic, inequitable and intolerable that the creditors should continue to be exposed to that peril because Lopez refuses to comply with both his discovery obligations and the orders of the Court. Lopez's game-playing must stop now so that this estate can proceed toward a fair and orderly administration. At the same time, all creditors deserve to have the prejudice caused by Lopez's willful disregard of the Court's order neutralized. Since there is no way to turn back the hands of time or undo any gap claims that Lopez may have created in his period of non-compliance, terminating sanctions is the only way to do that.

**C.    The Deferred Monetary Sanctions Should Now Be Imposed.**

In its Order,[7] dated March 12, 2007, this Court deferred ruling on Petitioning Creditors' request for monetary sanctions as set forth in their Motion to compel Lopez's responses to the

---

[6]    See, 11 U.S.C. §507(a)(3).

[7]    See, Docket Item #93.

- 6 -

109906/LFK/5311.01

Phase II Written Discovery.[8] Petitioning Creditors hereby renew their request for monetary sanctions in the amount of $4,242, consisting of the attorneys' fees incurred by Petitioning Creditors in bringing that Motion, as though fully set forth herein.

### IV. CONCLUSION

Based on all of the foregoing, Petitioning Creditors respectfully request that this Court issue an Order: (1) striking the Debtor's Answer; (2) entering an Order for Relief; and (3) imposing monetary sanctions against Lopez in the amount of $4,242.

Dated: April 13, 2007

KEEHN & ASSOCIATES
A Professional Corporation

By:  //s// L. Scott Keehn
L. Scott Keehn
Attorneys for **Petitioning Creditors**

---

[8] See, Docket Item #91.