# DOCKET NUMBER 97-2

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>    FRANCIS J. LOPEZ,<br><br>        Alleged Debtor. | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**DECLARATION OF L. SCOTT KEEHN IN SUPPORT OF PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER: (1) STRIKING THE DEBTOR'S ANSWER; (2) ENTERING AN ORDER FOR RELIEF; AND (3) IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR**<br><br>**[BIFURCATED PHASE II]**<br><br>Date:  May 11, 2007<br>Time:  9:00 a.m.<br>Judge:  The Honorable Peter W. Bowie<br>Ctrm:  4 |

I, L. Scott Keehn, declare:

1.  I am an attorney at law, duly licenced to practice before all courts of this State, and before the United States District Court for the Southern District of California. I am a shareholder of the firm Keehn & Associates APC, attorneys of record for Petitioning Creditors. I have personal knowledge of the factual matters stated herein.

2.  On November 03, 2006, my office served Lopez with Petitioning Creditors' First Set of Written Discovery for Phase II (the "Phase II Written Discovery"), consisting of (1) First

109936/LFK/5311.01

Phase II Requests for Admission Propounded by Petitioning Creditors [10 Requests]; (2) First Phase II Request for Production of Documents by Petitioning Creditors [162 categories of documents]; and (3) First Phase II Interrogatories Propounded by Petitioning Creditors [35 Interrogatories]. Lopez's responses to the Phase II Written Discovery were due on December 4, 2006.

3. On December 03, 2006, Lopez served his "Response to Requests for Admission Propounded to Alleged Debtor Francis J. Lopez (Phase II)." **Lopez's responses were deficient, and Lopez failed to verify the responses.**

4. On December 05, 2006, Lopez served his "Response to Interrogatories Propounded to Alleged Debtor Francis J. Lopez (Phase II). **Lopez's responses were deficient, and Lopez failed to verify the responses.** At the same time, Lopez served his "Response to Requests for Production of Documents." **Lopez's responses were deficient.**

5. On December 13, 2006, I sent a *meet and confer* letter to Lopez's attorney, M. Jonathan Hayes, notifying him of the deficiencies in Lopez's responses to the Phase II Written Discovery.

6. On December 15, 2006, attorney Hayes and I participated in a telephonic *meet and confer* conference wherein the parties agreed that Lopez would provide supplemental responses to the Phase II Written Discovery on or before January 12, 2007.

7. On January 12, 2007 – the Deadline for Lopez to provide the promised supplemental responses to the Phase II Written Discovery – **Lopez failed, without explanation, to provide supplemental responses to the Phase II Written Discovery.**

8. On January 19, 2007, I sent a follow-up *meet and confer* letter to attorney Hayes requesting an explanation regarding Lopez's failure to provide the promised supplemental responses to discovery, and notifying Lopez of the imminent likelihood of a motion to compel his responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond to that *meet and confer* letter.**

9. On January 29, 2007, Petitioning Creditors filed a Motion to Compel responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond or file an**

109936/LFK/5311.01

**Opposition to that Motion.**

10. On March 10, 2007 – a Saturday, just two days prior to the scheduled hearing on Petitioning Creditors' Motion to Compel Lopez's responses to the Phase II Written Discovery – attorney Hayes emailed me approximately 155 pages of documents, purportedly in response to the "First Phase II Request for Production of Documents by Petitioning Creditors." **This last-minute "*document dump*" was improper because the documents: (1) were not responsive to the Requests, (2) were not organized by category of Request, and (3) consisted of at least 103 pages of pleadings filed in the San Diego Superior Court which are already in the Petitioning Creditors' possession. Lopez failed, without explanation, to explain the deficiencies and/or his failure to provide the agreed-upon supplemental responses.**

11. On March 12, 2007, I appeared at the hearing during which this Court granted Petitioning Creditors' motion to compel Lopez to provide supplemental responses to the Phase II Written Discovery.[1] The Court ordered Lopez to provide the supplemental responses on or before April 11, 2007. The Court — in open session — indicated that it was deferring its ruling on the request for monetary sanctions of $4,242 because: (a) it wanted the risk of those sanctions to serve as a *Sword of Damocles* to encourage compliance with the Court's order; and (b) Lopez would have to "work his way out of those sanctions." **Lopez has failed, without explanation, to comply with this Court's Order.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed this 13th day of April, 2007, at San Diego, California.

/s/ L. Scott Keehn
L. Scott Keehn

---

[1] See, Docket Item #93.

- 3 -

109936/LFK/5311.01