# DOCKET NUMBER 114-1

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                          )  Case No.  05-05926-PBINV
                                    )
12     FRANCIS J. LOPEZ,            )  **MEMORANDUM OF POINTS AND**
                                    )  **AUTHORITIES IN SUPPORT OF MOTION**
13          Alleged Debtor.         )  **FOR AN ENFORCEMENT**
                                    )  **ORDER IMPOSING MONETARY**
14                                  )  **SANCTIONS AGAINST THE DEBTOR**
                                    )
15                                  )  **[BIFURCATED PHASE II]**
                                    )
16                                  )  Date:   November 19, 2007
                                    )  Time:   2:00 p.m.
17                                  )  Judge: The Honorable Peter W. Bowie
                                    )  Ctrm:   4
18                                  )
                                    )
19  _____)

20          Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable

21  to these proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"),

22  Petitioning Creditors respectfully submit their Motion for an Order from this Court imposing

23  monetary sanctions against Lopez in the amount of **$12,133.50**, consisting of actually-incurred

24  legal fees as follows: (a) $3,155.00 for preparing this motion; (b) $2,164.50 for preparing the

25  necessary documents and questions for Lopez's deposition; (c) $224.00 for confering with

26  Lopez's attorney regarding Lopez's *last minute* failure to appear for his deposition; and

27  (d) $6,590.00 for preparing Petitioning Creditors' renewed motion for the monetary sanctions

28  originally requested on May 24, 2007.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

111778/LFK/5311.01

# I. INTRODUCTION

*"Unless Rule 37 is perceived as a credible deterrent rather than a 'paper tiger,' . . . the pretrial quagmire threatens to engulf the entire litigative process."*[1]

This is the second sanctions motion Petitioning Creditors have brought to redress discovery abuses by the Alleged Debtor — Francis J. Lopez ("Lopez").[2] Lopez's unreasonable and unjustified delay tactics have dragged the discovery portion of Phase II of this case out for almost a year, and — despite the imposition of evidentiary sanctions, multiple admonishments from this Court, and the threat of $4,242 in monetary sanctions — Lopez remains undeterred. As set forth below, for the past three months, Petitioning Creditors have been attempting to take Lopez's deposition. True to form, Lopez feigns cooperation, and then, at the last minute, proffers some excuse as to why he can not comply.

On June 25, 2007, counsel for Lopez (Jonathan Hayes ) and Petitioning Creditors (Scott Keehn) conferred in person regarding Petitioning Creditors' request to take Lopez's deposition. At that time, Mr. Keehn stated that he would like to calendar Lopez's deposition before July 31, 2007 because he would be out of the office for virtually the entire month of August. The attorneys agreed that either July 20 or July 27 would work on their calendars, and Mr. Hayes stated that he would inquire as to Lopez's availability on those dates. Three days later, on June 28, 2007, Mr. Hayes emailed Mr. Keehn the following message: *"I have spoken to my client about the deposition dates we discussed, July 20 or 27. He is checking his calendar. I will let you know **shortly**."* (Emphasis added.)

Twenty-two days later — in the early evening of July 20, 2007 — Mr. Hayes transmitted an email suggesting, for the first time, July 31, 2007, as an available date for the deposition. Given that July 31, 2007 would be Mr. Keehn's last day in the office before a 30-day vacation, he knew he would be fully consumed with matters necessary to be completed in preparation for that

---

[1]     *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2nd Cir. 1979).

[2]     See, Docket Item 105 (Petitioning Creditors' "Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 400-2200 · FACSIMILE: (619) 400-2201

1    absence.  Because of that, and because of the fact that he had received absolutely no

2    communication from Mr. Hayes' office following the June 28, 2007 email, Mr. Keehn issued and

3    mailed to Mr. Hayes a notice of Lopez's deposition for Tuesday, September 11, 2007, at 9:00 a.m.

4    in San Diego.

5        On July 31, 2007, this Court conducted a Status Conference wherein Mr. Keehn reported

6    to the Court the events summarized above, including the fact that Petitioning Creditors had

7    noticed Mr. Lopez's deposition for September 11, 2007.  Mr. Hayes stated in open court that he

8    would communicate that information to Mr. Lopez, and inform Petitioning Creditors if Lopez

9    could not attend his deposition on the scheduled date.  That was the last Petitioning Creditors

10   heard from Mr. Hayes until September 10, 2007.

11       Reasonably assuming Lopez's deposition would proceed on September 11, 2007, the office

12   of the counsel for Petitioning Creditors spent a total of 7.7 hours (constituting attorney and

13   paralegal time) to prepare the necessary documents and questions.  Petitioning Creditors were

14   billed $2,164.50 for that time.

15       In the afternoon of September 10, 2007 — less than 24 hours before the deposition was

16   scheduled to begin — Lopez's attorney sent Mr. Keehn a brief email stating that Lopez was

17   "*unable to make travel arrangements for the deposition tomorrow.*"  The email suggested October

18   8, 2007 or October 22, 2007 as possible dates for the deposition.  Lopez's deposition is currently

19   scheduled for October 22, 2007 at 9:30 a.m. based on Mr. Hayes' representation that it was an

20   acceptable date and time.  This latest delay caused attorney Keehn to spend an additional 0.7

21   hours conferring with attorney Hayes.  Another 25.7 hours was spent reviewing the requisite

22   evidence, and drafting the declarations in support of Petitioning Creditors renewed motion for the

23   monetary sanctions originally requested on May 24, 2007.  The bulk of that time was spent setting

24   forth a clear, comprehensive record for this Court of Lopez's egregious history of delay and non-

25   compliance with court orders.

26       As stated in open court on June 25, 2007,[3] once Lopez's deposition is conducted,

27

28       [3]        See, 6/25/07 Transcript at p. 18.  [Docket Item 110.]

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1   Petitioning Creditors intend to prepare and file a summary judgment motion to establish that

2   Lopez was in fact not paying his debts as they came due as of the date of the involuntary petition.

3       Lopez's past misconduct in this case mirrors his extensive misconduct in other litigation

4   involving Lopez and Petitioning Creditor Alan Stanly in other San Diego courts, as detailed in the

5   Declaration of Timothy P. Dillon filed herein on September 27, 2007, and incorporated herein by

6   this reference.[4]  Considering Lopez's pervasive custom and practice of refusing to perform his

7   duties as a litigant unless and until he is [forensically] bludgeoned into submission by the court, it

8   appears clear that monetary sanctions must be imposed.  Without a significant sanctions order,

9   Petitioning Creditors do not believe that Lopez will ever voluntarily appear for, and participate in

10  good faith at, his deposition in this case.

11                          **II.  DISCUSSION**

12  A.   **Monetary Sanctions are a Necessary and Appropriate Response to Lopez's
         Unreasonable Pattern of Delay, Avoidance and Willful Non-Compliance.**

13

14      "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to

15  impose a wide range of sanctions when a party fails to comply with the rules of discovery or with

16  court orders enforcing those rules."[5]  Here, FRCP 37 is made applicable to these proceedings by

17  FRBP 9014(c), and grants this Court broad discretion to tailor appropriate sanctions for Lopez's

18  continued, unreasonable refusal to perform his duties as a litigant, and participate in discovery in a

19  meaningful way.[6]

20      Where, as here, an alleged debtor has engaged in a course of conduct clearly designed to

21  avoid his discovery obligations, even the seemingly "harsh" sanction of striking the debtor's

22  answer and adjudicating him a bankrupt is both appropriate and necessary to avoid encouraging "a

23

24      [4]      See, Docket Item 111.

25      [5]      *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

26      [6]      *Matter of Visioneering Const.*, 661 F.2d 119, 123 (9th Cir. 1981) ("The bankruptcy
27  court, faced with an obstreperous alleged bankrupt, unequivocally had the power to apply
    Fed.R.Civ.P. 37 sanctions for obstruction of discovery"); *In re Williams*, 215 B.R. 289, 299 (Dist.
28  Ct. D.R.I. 1997) ("the choice and severity of the sanction imposed is a matter reserved to the
    sanctioning court's discretion").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1    blatant disregard for the discovery mechanism."[7]  Such terminating sanctions are likewise

2    appropriate where, as here, a litigant's "pattern of delay and avoidance" includes unreasonably

3    stonewalling a properly-noticed deposition.[8]  Petitioning Creditors are willing – for the moment –

4    to stop short of requesting terminating sanctions, and accept monetary sanctions to enable this

5    case to proceed forward to summary judgment on the merits.

6         Monetary sanctions are the "mildest" on the "spectrum of sanctions" provided in FRCP

7    37.[9]  Here, such sanctions may properly include the fees incurred in: (a) preparing for the

8    09/11/2007 deposition that was unreasonably cancelled at the last minute, (b) renewing the

9    05/24/2007 request for monetary sanctions, and (c) bringing the current motion for additional

10   sanctions.[10]  Payment of these amounts is a fair and proportionate response to Lopez's misconduct

11   given that none of the expenses would have been incurred but for his unreasonable stonewalling.

12   Indeed, where a "proceeding has been caused entirely by [a party's] failure to comply with their

13   discovery obligations, the Court could impose the entire cost of the proceeding on [that party]."[11]

14   Requiring the offending party to pay for the expenses caused by their misconduct "sends a strong

15   message that playing 'hide the ball' in discovery does not go unpunished."[12]

16   ───────────────────

17       [7]    *In re Rice*, 14 B.R. 843, 846 (9th Cir.BAP 1981); *Matter of Visioneering Const.*,
18   supra, 661 F.2d at 123 (court's order striking alleged debtor's answer was an appropriate sanction
     since the debtor had "deliberately and obstinately refused to cooperate with discovery requests and
     court orders").

19       [8]    *De Falco v. Oak Lawn Public Library*, 25 Fed.Appx. 455, 457 (7th Cir. 2001)
20   (terminating sanctions appropriate where the plaintiff "did not miss only a single discovery
     deadline, and his refusal to attend his deposition flouted the district court's order and exemplified
21   the delay and avoidance to which the court referred"); see also, (terminating sanction was proper
     where defendant's "flouting of the district court's authority and [plaintiff's] right to depose him
22   furnished adequate proof that he acted willfully"); *Shawmut Boston Intern. Banking Corp. v.
     Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985); *Ziontz v. Food Fair Stores, Inc.*, 31 F.R.D.
23   295 (E.D.Pa.1962).

24       [9]    *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 at
25   1066 ("The mildest [discovery sanction] is an order to reimburse the opposing party for expenses
     caused by the failure to cooperate").

26       [10]   *Goldman v. Alhadeff*, 131 F.R.D. 188, 192 (Dist. Ct. W.D.Wash. 1990).

27       [11]   *L. Tarango Trucking v. County of Contra Costa*, 202 F.R.D. 614, 620 (Dist. Ct.
     N.D.Cal. 2001).

28       [12]   *Id.*

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**B.     Sanctions Must be Imposed in Light of the Entire Record**

"[S]anctions must be weighed in light of the full record in the case."[13]  Here, it took Petitioning Creditors over six months to receive partial, inadequate responses to their written discovery.  That portion of discovery has now concluded with this Court's imposition of evidentiary sanctions prohibiting Lopez from proffering any evidence not produced pursuant to those written requests.  The only remaining discovery is Lopez's deposition, which Petitioning Creditors have been attempting to take for over 3 months.  Petitioning Creditors would have preferred to schedule Lopez's deposition back in January or February of this year, but were forced to delay that process by Lopez's refusal to provide meaningful responses to the written discovery which Petitioning Creditors needed to review and analyze before concluding this discovery phase with Lopez's deposition.  "Only by requiring [Lopez] to pay for [Petitioning Creditors] preparation for and participation" in the unnecessary discovery proceedings can this Court redress the harm and prejudice inflicted on Petitioning Creditors and the judicial process.[14]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

[13]     *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 F.2d at 1068.

[14]     *L. Tarango Trucking v. County of Contra Costa*, supra, 202 F.R.D. at 620; see also, *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents").

### III. CONCLUSION

As stated supra, "sanctions must be weighed in light of the full record in the case."[15] Petitioning Creditors have now thoroughly set forth Lopez's appalling record of ignoring his discovery obligations and *thumbing his nose* at this Court's authority and orders.  His conduct is inexcusable.  Based on that, and on all of the foregoing, Petitioning Creditors respectfully request that this Court issue an Order imposing monetary sanctions against Lopez in the amount of $12,133.50.

Dated: October 19, 2007

**KEEHN & ASSOCIATES**
A Professional Corporation

By:    //s// L. Scott Keehn
       L. Scott Keehn
       Attorneys for **Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

[15] *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 F.2d at 1068.