# DOCKET NUMBER 115

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED AC
07 NOV -9 AM 11:26
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.
by

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

In Re:

    FRANCIS J. LOPEZ,

    Alleged Debtor

CASE NO. 05-05926-PBINV

Involuntary Chapter 7

**OPPOSITION OF ALLEGED DEBTOR TO MOTION FOR SANCTIONS; DECLARATION OF FRANCIS J. LOPEZ IN SUPPORT THEREOF**

Date: November 19, 2007
Time: 2:00 p.m.
Ctrm: 4

TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, TO MOVANT PETITIONING CREDITOR ALAN STANLY:

The Declaration of Francis Lopez attached hereto is in response to the Motion for Sanctions filed by Mr. Keehn. The Motion seeks in excess of $13,000 in sanctions for failure to adequately comply with a Request to Produce Documents and for the failure to appear for his deposition in San Diego. Mr. Lopez appeared for his deposition on October 23, 2007 in San Diego. He answered the questions of Mr. Keehn for more than six hours.

LAW OFFICES
M. Jonathan Hayes

1

Opposition to Motion for Sanctions

1  He did so without an attorney because he has no funds to pay counsel. He also has no
2  funds to pay $13,000 in sanctions.
3     Mr. Keehn has advised this court that once the deposition is complete, he will file a
4  Motion for Summary Judgment on the issue of whether or not Mr. Lopez was generally
5  paying his debts as they became due on June 30, 2005. This will, once and for all, resolve
6  this case. If he is successful, the case will become a chapter 7 proceeding. If he is not, Mr.
7  Lopez will seek significant damages against the petitioning creditor under Section 303(i).

10  Dated: November 5, 2007                    Respectfully submitted

12                                              By: _____
13                                                  M. Jonathan Hayes
                                                    Attorney for Alleged Debtor Francis
14                                                  Lopez

## DECLARATION OF FRANCIS LOPEZ

I, Francis Lopez, declare and state as follows:

1. I am the alleged debtor in this involuntary proceeding. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I am intimately involved in several extremely important contract negotiations through my present employment. I was expecting to have to travel to Georgia and Michigan on business, on or around September 11, 2007, the date unilaterally chosen by Mr. Keehn for my deposition. Until these plans were solidified, I couldn't make a simple arrangement to travel from my home in Destin, FL to San Diego, as I didn't know where I would be immediately prior to Sept. 11, nor did I know whether I would need to fly from San Diego back to Destin, or whether I would need to fly directly from San Diego to another destination. Also my wife was traveling on or around September 11, 2007 and I could not solidify child care arrangements for the three days.

3. I finalized my trip to Georgia to occur prior to September 11. This was not completed until the last week of August. My trip to Michigan was then set for Sept. 24th, and I also had to make arrangements for a second trip to Georgia on Sept. 22-23.

4. By the time my arrangements were finalized (1st week of September), I was not able to find a ticket from either of the local airports in Florida to San Diego or Orange County, unless I wanted to pay full coach or first class fares, which were well over $1000. I could not afford to pay that. I do not have a credit card to book that amount either. My credit cards were cancelled with the filing of this involuntary petition, and it has really limited my ability to live a normal life. In any event, I kept trying to find a cheaper alternative to make it to San Diego, as some airlines offer last minute discounted fares. I was not successful. I finally contacted my attorney so that he could notify Mr. Keehn of my problem and arrange for a future date for the deposition.

5. I agreed to travel to San Diego in the first place for the deposition in the spirit of cooperation rather than file a Motion for another Protective Order trying to get the second deposition to take place here in Destin. It is very expensive for me to make a three day trip when I have no other important matters to attend to in California. The trip that I just made to California for the October 23 deposition took four days, taking up a Sunday, Monday, and Tuesday. In fact I did not return home until Wednesday. Nevertheless, I submitted to the all day deposition in San Diego, which was very stressful considering especially all of the travel headaches. In fact, my flight home was via Houston, and I arrived there late so that I missed my connection to Florida. I had to spend the night in Houston and thus this was a four day trip. This cost me at least $850 in airfare and hotel, and impeded my ability to earn additional (incentive) income related to my present employment.

6. Since I am being paid as a consultant on a per-day schedule, I am sacrificing needed income in order to accommodate Keehn and his client by traveling to California. So, I suggested two possible dates in October that were on Mondays, so that I could minimize the hit to my income by flying out on Sunday.

7. Mr. Stanley, since the filing of the involuntary petition, has sued my now-defunct consulting company, and has also sued my wife. Mr. Keehn spent a significant part of the deposition that I attended on October 23, 2007 trying to fish for answers that pertained to those cases, and not whether I was paying my bills as they became due on June 30, 2005. For example, he handed me a stack of checks paid by Noveon Systems to various parties and asked me questions about them. He also asked questions about my present employment, referring to a contract agreement that I signed with CargoTel, Inc. in August of 2006, asking what I did there, what type of services that company provides, etc. This information facilitates Mr. Stanley in regard to the other lawsuits, but is not pertinent to this case. When this questioning persisted, I objected but responded nonetheless.

8. I appeared without my attorney Mr. Hayes because I cannot afford to pay him for the seven plus hours I was there. I arrived at 9:30am, the court reporter was late in getting set up, so we started at 10am. We didn't finish until after 4:30pm.

9. Mr. Keehn asked a lot of questions about a loan that Prism had with a furniture company, and spent a lot of time trying to get me to agree that I signed a loan guarantee. I don't know what that was all about, but I know that his client bought up the furniture after it was repossessed.

10. He asked me a lot about the 2001 corporate tax return for Prism, which I did not participate in preparing or filing. His questioning was related to the amounts that may have been considered as "loans to shareholders," but the amounts listed were very high, and were not reviewed by me. His client worked with Prism's accountant to get that return filed without my participation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this 5th day of November, 2007 at Destin, Florida.

By: _____
Francis J. Lopez

## PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On November 5, 2007, I served the within documents:

        by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

        by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

        by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

        by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
KEEHN & Assoc, APC
402 W. Broadway, Suite 1210
San Diego, CA 92101
AND BY EMAIL

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 5, 2007, at Los Angeles, California.

                              */s/ MJ Hayes*
                              MJ Hayes