# DOCKET NUMBER 116

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>           Alleged Debtor. | Case No. 05-05926-PBINV<br><br>**REPLY TO OPPOSITION TO MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR**<br><br>**[BIFURCATED PHASE II]**<br><br>Date: November 19, 2007<br>Time: 2:00 p.m.<br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

Petitioning Creditors respectfully submit the following Reply to the "Opposition of Alleged Debtor to Motion for Sanctions" filed by Francis J. Lopez ("Lopez"), the Alleged Debtor herein.

## I. <u>INTRODUCTION</u>

Lopez's Opposition spins a dramatic tale "*full of sound and fury, signifying nothing*".[1] He complains bitterly about the expense, inconvenience and "travel headaches" he has suffered as a result of this case, but he never proffers a legitimate excuse for the unreasonable delays and other

---

[1] William Shakespeare, *Macbeth*, Act V, scene 5.

misconduct that gave rise to this Motion or those that came before it. In sum, he fails to provide the Court with any good or legally cognizable reason why the Motion should be denied.

Discovery rights become meaningless unless they are met with either good faith and timely compliance, or a response from the court that will serve as a robust deterrent to scofflaws that do more to probe the limits of the court's sufferance than to discharge their duties as a litigant. Lopez's conduct in this case has shown him to be of that ilk, he is without excuse, and the Motion should be granted in its entirety.

## II. DISCUSSION

**A. Lopez's Claimed Scheduling Dilemmas Do Not Justify His Failure to Give Reasonable Notice of his "Inability" to Appear for his Noticed Deposition**

Lopez attempts to justify his *last minute*, unilateral cancellation of his deposition (noticed for September 11, 2007) by claiming that his business and travel schedule prevented him from committing to traveling to San Diego for the deposition. A more disingenuous example of meritless excuse-mongering is difficult to imagine. Since June 25, 2007, Lopez has known that his deposition would be taken here in San Diego.[2] Three days later, he agreed through his counsel to be deposed on either July 20 or 27, 2007.[3] Twenty-two days later, in the evening (PDT) of July 20, 2007, he disavowed that commitment without explanation.[4] At the same time, he insincerely suggested sitting for the deposition on July 31, 2007, knowing that was the last day before Petitioning Creditors' counsel would be leaving the district for a one-month absence, and hence would be unlikely to be able to accept the invitation.[5]

On July 31, 2007, Petitioning Creditors' counsel reported these events to the Court in open session, and further disclosed that the Lopez Deposition was scheduled for September 11, 2007,

---

[2] See the "Declaration of L. Scott Keehn, Etc." dated October 19, 2007, filed as attachment 2 to Docket Item 114 ("LSK Decl" at ¶5).

[3] *Id.* at ¶6.

[4] *Id.* at ¶7.

[5] *Id.* at ¶5 and ¶8.

1  here in San Diego.[6] That provided Lopez with 42 days prior notice of his obligation to be here in
2  San Diego ready to testify on September 11, 2007.

3  No objection to that date, time, or location was ever filed. So, whatever Lopez did or
4  failed to do in the days and weeks that followed was a course of conduct that he chose and bears
5  full responsibility for. If he was so dilatory in making his travel arrangements that when he finally
6  got around to it the task was genuinely impossible, that is nothing more than the foreseeable
7  consequence of his own choices. It neither justifies nor excuses his failure to appear — either in
8  July as originally promised, or on September 11, 2007.

9  Common experience tells us that 42 days is an adequate period of advance notice for
10  purposes of booking travel arrangements from the State of Florida to San Diego, California. The
11  Lopez Declaration provides no explanation as to why he was unable to perform that task.

12  Of equal significance is Lopez's failure to explain why Petitioning Creditors were not
13  advised of any of this — e.g., during the "first week of September" — the week Lopez admits
14  that his business and travel "arrangements were finalized."[7]

15  It was not until the afternoon of September 10, 2007 — less than 24 hours before the
16  deposition was scheduled to begin — that Lopez's attorney sent Petitioning Creditors' attorney, L.
17  Scott Keehn, a brief email stating that Lopez was "*unable to make travel arrangements for the*
18  *deposition tomorrow.*" The e-mail then suggested October 8, 2007, or October 22, 2007, as
19  possible dates for the deposition.

20  The timing of that notice appears to have been deliberately calculated to insure that
21  maximum time would be expended to prepare for a deposition that Lopez knew would not take
22  place. It is inconceivable that Lopez had no clue that he would be *unable to make travel*
23  *arrangements* until a point in time less than 24 hours prior to his scheduled deposition.

24  An additional, and more pragmatic, problem with that *eleventh hour* email was that by the
25  time it was sent, Mr. Keehn and his paralegal had spent a total of 7.7 hours preparing documents

---

[6]   *Id.* at ¶9.

[7]   See, Declaration of Francis Lopez, page 3, line 20.

1   and deposition questions, and much of that same field would have to be re-plowed six weeks later
2   when the deposition finally took place.  If Lopez had even made one simple phone call, earlier in
3   the the first week of September, to advise that he may not be able to make the necessary travel
4   arrangements to appear for his deposition, then those 7.7. hours of preparation would not have
5   been spent, and Petitioning Creditors would not have incurred the $2,164.50 in fees for that time.
6       Lopez's declaration never attempts to explain why that simple phone call was never made,
7   or why he never used some other method of communication to provide Petitioning Creditors with
8   reasonable notice of his purported inability to attend the noticed and agreed-upon deposition.
9   Indeed, from his declaration testimony, there does not appear to be any reasonable justification or
10  excuse for his failure to do so.   The Lopez Declaration leaves completely unanswered the
11  following significant questions:

- What *did he do* to attempt to make travel arrangements, and when did he do it?
- When did he first realize that making the necessary travel arrangements for the September 11, 2007, deposition *might* have become impossible?
- When did he make any effort to have that potential impossibility communicated to Petitioning Creditors' counsel?
- When did he first realize that making the necessary travel arrangements for the September 11, 2007, deposition had in fact become "*impossible*"?
- When did he make any effort to have that actual impossibility communicated to Petitioning Creditors' counsel?

21      The fact that those questions (or others of similar import) have been left unanswered
22  speaks volumes.  It supports the inference that those questions have gone unanswered because
23  truthful answers would do far more to condemn Lopez than to exculpate him.  Petitioning
24  Creditors submit that is the inference that should be drawn, because Lopez — who has the ability
25  to come forward with stronger evidence of exculpation or excuse (if any exists) — has not done
26  so, despite the fact that it is very much in his interest to do so.  Under these circumstances, he
27  should be ordered to pay the $2,164.50, as part of the requested sanctions award, that he caused
28  Petitioning Creditors to unnecessarily incur.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1  **B.  Lopez's Purported "Stress," "Travel Headaches," and Inability to Pay a Sanctions**
2  **Award Do Not Justify Denying this Motion**

3  Lopez continues to cast himself in the victim role, and attempt to gain sympathy for
4  himself, by lamenting that: (a) submitting to a deposition is "very stressful,"[8] (b) traveling to San
5  Diego causes him to suffer "travel headaches,"[9] and (c) he can not afford to pay his attorney in this
6  case, much less any potential sanctions award.  None of these complaints constitute a legitimate
7  defense to the unreasonable delays and misconduct which gave rise to this Motion, particularly
8  when no objection to the deposition was ever made.  Likewise, such an excuse can not justify
9  denying the Motion.  Lopez cites no authority to the contrary.

10  Beyond that, his complaints are clearly pretextual afterthoughts that have no bearing on the
11  merits of the Motion.  For example, he complains of the expense burden he must endure when he
12  has to make "*a three-day trip when [he has] no other important matters to attend to in*
13  *California.*"[10]  However, Lopez never voiced that concern prior to this Motion; and if he had, a
14  cost-saving scheduling accommodation would have been made.[11]  His point is pure theater and
15  devoid of merit.  The same is true of the other excuses proffered in paragraphs 5, 6, or elsewhere
16  in the Lopez Declaration.

17  **C.  Lopez's Complaints and Speculations About the True Purpose of the Questions asked**
18  **in his Deposition are Irrelevant and Do Not Justify Denying this Motion**

19  In Paragraphs 7 - 10 of his Declaration, Lopez complains about, and mischaracterizes,
20  some of the questions asked in his deposition as a *fishing expedition* related to other cases pending
21  against him.[12]  That characterization is patently inaccurate, as will be shown when it is used
22  against him in the Petitioning Creditors' motion for summary judgment, in that all of the questions

---

[8]  See, Declaration of Francis Lopez, page 4, lines 6 - 7.

[9]  See, Declaration of Francis Lopez, page 4, lines 6 - 8.

[10]  See, Declaration of Francis Lopez, page 4, lines 3 - 4.

[11]  See, "Reply Declaration of L. Scott Keehn, Etc." filed concurrently herewith, ¶¶2-3.

[12]  See, Declaration of Francis Lopez, pages 4 - 5.

posed were calculated to discover facts pertaining to this second phase of the present case. As a layperson, Lopez can not presume to understand, and opine on, the legal strategy of counsel for Petitioning Creditors. Indeed, in paragraph 9 of his deposition, when referring to one allegedly improper line of questioning, Lopez admits that "I don't know what that was all about."[13] In any event, none of Lopez's statements or opinions are relevant to the issues raised in this Motion. They refer to events that occurred after his failure to comply with his discovery obligations. They should simply be ignored as irrelevant and speculative surplus.[14]

### III. CONCLUSION

The true magnitude of the harm caused by Lopez's dilatory discovery tactics can not be ascertained at this time because we have no way of gaging the magnitude of the *Involuntary Gap Claims* that will catapult to priority status over pre-petition claimants as a result of the delays in processing this case forward.[15] What we can say with certainty is that the delay has created a risk of that harm that is over and above the direct costs that Petitioning Creditors seek to recover here. That circumstance aggravates Lopez's level of culpability and enhances the need for the Court to decisively condemn his conduct by awarding damages that can be shown at this point.

For this and all of the foregoing reasons, this Court should issue an Order imposing monetary sanctions against Lopez in the amount of $12,133.50, payable forthwith from sources other than property of the estate.

Dated: November 13, 2007       **KEEHN & ASSOCIATES**
                               A Professional Corporation


                         By:   //s// L. Scott Keehn
                               L. Scott Keehn
                               Attorneys for **Petitioning Creditors**

---

[13]   See, Declaration of Francis Lopez, page 5, lines 1 - 3.

[14]   See, Petitioning Creditors' Evidentiary Objections filed concurrently herewith.

[15]   See, 11 U.S.C. §507(a)(3).

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201