# DOCKET NUMBER 121-1

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>Alleged Debtor. | Case No. 05-05926-PBINV<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER IMPOSING TERMINATING SANCTIONS AGAINST THE DEBTOR**<br><br>**[BIFURCATED PHASE II]**<br><br>Date: January 28, 2008<br>Time: 10:30 a.m.<br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to these proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"), Petitioning Creditors respectfully submit their Motion for an Order from this Court imposing terminating sanctions against Lopez by striking his answer and entering an Order for Relief forthwith.

///

///

///

///

## I. INTRODUCTION

This is the third sanctions motion that the misconduct of the alleged Debtor — Francis J. Lopez ("Lopez") — has forced the Petitioning Creditors to bring in order to redress his continuing pattern of misconduct.[1] The first such motion resulted in an Order from this Court granting Petitioning Creditors' request for evidentiary sanctions, and deferring an award of monetary sanctions.[2] Unfortunately, deferring the monetary sanctions award did not motivate Lopez to perform his duties as a litigant, and instead, Lopez continued his unreasonable delays and game playing. Based on that, on November 19, 2007, the Court granted Petitioning Creditors' second sanctions motion, and ordered Lopez to pay Petitioning Creditors $8,130.50 in monetary sanctions on or before December 19, 2007 (30 days from the date of the Court's order).[3] Lopez has failed to pay any portion of those sanctions.[4]

At this point — *two and a half years after this involuntary petition was filed* — the record developed to date gives the Petitioning Creditors no reason to believe that Lopez will comply with any additional discovery order imposing monetary sanctions. Thus, a terminating sanction appears to be the only meaningful response to Lopez's consistent course of misconduct that will serve to process this case forward and to halt the threat of further prejudice to all creditors that is engendered by further delay.

///
///
///
///

---

[1] See, Docket Item 105 (Petitioning Creditors' "Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor"); and Docket Item 114 (Petitioning Creditors' "Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor").

[2] See Docket Item 108.

[3] See Docket Item 117.

[4] See the "Declaration of L. Scott Keehn, etc." filed concurrently herewith ("LSK Decl.") at ¶ 4.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

## II. DISCUSSION

**A.  Terminating Sanctions are Warranted in Light of Lopez's Course of Misconduct and Refusal to Comply with this Court's Order Imposing Monetary Sanctions.**

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules."[5]  Here, FRCP 37 is made applicable to these proceedings by FRBP 9014(c), and grants this Court broad discretion to tailor appropriate sanctions for Lopez's unjustified refusal to comply with this Court's 11/19/2007 discovery order.[6]

Where, as here, an alleged debtor has engaged in a course of serious discovery misconduct, which includes failure to comply with court orders, the court may issue a terminating sanction consisting of an order striking the debtor's answer and entering an Order for Relief.[7]  Lopez has repeatedly demonstrated that he is unmoved by either the threat of monetary sanctions, or an actual order from this Court imposing the threatened monetary sanctions.[8]  He has once again *thumbed his nose* at Petitioning Creditors and this Court's authority by simply refusing to pay the monetary sanctions which this Court ordered him to pay.  Based on that blatant display of defiance, it appears highly unlikely that Lopez would comply with another order imposing monetary sanctions.  Fortunately, Petitioning Creditors do have a viable remedy in the form of terminating sanctions.[9]  Considering the totality of circumstances as they are memorialized by the

---

[5]  *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

[6]  *Matter of Visioneering Const.*, 661 F.2d 119, 123 (9th Cir. 1981) ("The bankruptcy court, faced with an obstreperous alleged bankrupt, unequivocally had the power to apply Fed.R.Civ.P. 37 sanctions for obstruction of discovery"); *In re Williams*, 215 B.R. 289, 299 (Dist. Ct. D.R.I. 1997) ("the choice and severity of the sanction imposed is a matter reserved to the sanctioning court's discretion").

[7]  *In re Rice*, 14 B.R. 843, 846 (9th Cir.BAP 1981); *Matter of Visioneering Const.*, supra, 661 F.2d at 123 (court's order striking alleged debtor's answer was an appropriate sanction since the debtor had "deliberately and obstinately refused to cooperate with discovery requests and court orders"); *De Falco v. Oak Lawn Public Library*, 25 Fed.Appx. 455, 457 (7th Cir. 2001) (terminating sanctions appropriate where the plaintiff "flouted the district court's order and exemplified the delay and avoidance to which the court referred").

[8]  See, Docket Items 105 & 108.

[9]  See, FRCP 37(b)(2)(A).

1  record of Lopez's pervasive misconduct in this case, such terminating sanctions should be
2  imposed forthwith.[10]

## B. Immediate Entry of the Order for Relief is Further Warranted in Order to Eliminate the Prejudice of Potentially Growing Priority Gap Claims.

Delay has been the pervasive and foreseeable consequence of Lopez's continuing refusal to either participate in good faith or obey the orders of this Court. Whether by design or happenstance, that delay exposes all creditors to the unnecessary risk of dilution of the value of their claims — indeed the Bankruptcy process in its entirety — by the unending and uncontrollable expansion of priority gap claims. Lopez remains at liberty to create an unlimited variety of "Gap Claims"[11] which will slip ahead of all of the pre-petition unsecured creditors in priority. The plight of those creditors is exacerbated by the automatic stay which prevents them from taking any enforcement action to preserve the economic utility of their claims.[12] The risks of prejudice are further heightened by the initial delay that was occasioned by the bifurcation of the case — at Lopez's request — so that the Involuntary Gap Period was necessarily rendered longer than the norm.

What mischief has already occurred behind the shield of delay, and what further roguery may yet occur before the Order for Relief is ultimately entered, is impossible to ascertain. But, what can be seen with absolute clarity is that Lopez will not willingly discharge the duties of a litigant to participate in good faith in the process, nor will he obey the lawful orders of this Court. He has used his *passive/aggressive* tactic of delay to the prejudice of the creditors, and that prejudice must be truncated so that the risks of an expanding pool of priority claims is held in check.

Lopez's past and present disobedience is particularly troubling because it demonstrates that — beyond his willingness to disobey court mandates — he is impervious to the threat of

---

[10] *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2nd Cir. 1979) ("sanctions must be weighed in light of the full record in the case").

[11] See 11 U.S.C. §§ 502(f) and 507(a)(3).

[12] See 11 U.S.C. § 362(a).

monetary sanctions. He just refuses to pay them. So, what the fulness of time has demonstrated is that neither the threat, nor the actual imposition of monetary sanctions, has any real impact on Lopez. Given this demonstration that he will neither play by the rules, nor obey the Court's mandates, it is appropriate to truncate his continuing ability to dilute the value of the process to his pre-petition creditors and demean the integrity of the Court by imposing the one sanction that can not be ignored — the terminating sanction that puts a trustee in control and caps the universe of priority gap claims.

### III. CONCLUSION

Patience is a virtue. But, like most virtues, it is vulnerable to exploitation, which converts its salutary objectives into a deplorable reality. This Court's patience has been beyond exemplary, while Lopez's exploitation of it has been unending, despicable, and without excuse. Because "*sanctions must be weighed in light of the full record in the case*",[13] here only a terminating sanction can set the scales aright. In the course of their three sanctions motions, the Petitioning Creditors have now thoroughly chronicled Lopez's extensive history of ignoring the mandates of both the discovery statutes and this Court's orders. His conduct is both inexcusable and intolerable. Based on that, and on all of the foregoing, Petitioning Creditors respectfully request that this Court issue an Order striking Lopez's answer and entering an Order for Relief forthwith.

Dated: December 27, 2007

**KEEHN & ASSOCIATES**
A Professional Corporation

By:   //s// L. Scott Keehn
L. Scott Keehn
Attorneys for **Petitioning Creditors**

---

[13] *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 F.2d at 1068.