# DOCKET NUMBER 125

1  | M. Jonathan Hayes (Bar No. 90388)
   | **Law Office of M. Jonathan Hayes**
2  | 21800 Oxnard St, Suite 840
   | Woodland Hills, CA 91367
3  | Telephone: (818) 710-3656
   | Facsimile: (818) 710-3659
4  | jhayes@polarisnet.net

5  | Attorneys for Alleged Debtor Francis Lopez

FILED AC

08 JAN 17 AM 10: 35

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

6

7

8  UNITED STATES BANKRUPTCY COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10  SAN DIEGO DIVISION

11

12  In Re:                               )   CASE NO. 05-05926-PBINV
                                         )
13       FRANCIS J. LOPEZ,               )   Involuntary Chapter 7
                                         )
14       Alleged Debtor                  )
                                         )   **OPPOSITION OF ALLEGED DEBTOR**
15                                       )   **TO MOTION FOR TERMINATING**
                                         )   **SANCTIONS; DECLARATION OF**
16                                       )   **FRANCIS J. LOPEZ IN SUPPORT**
                                         )   **THEREOF**
17                                       )
                                         )   Date: January 28, 2007
18                                       )   Time: 10:30 a.m.
                                         )   Ctrm: 4
19                                       )

20       TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY

21  JUDGE, TO MOVANT PETITIONING CREDITOR ALAN STANLY:

22

23       The Declaration of Francis Lopez attached hereto is in response to the Motion for

24  Terminating Sanctions filed by Mr. Keehn. The Motion is based on the failure of Mr.

25  Lopez to pay sanctions to Mr. Keehn in the amount of $8,130.50.

26       This is a case about an alleged Debtor who owns a home with his wife in Florida

27  and virtually nothing else. The Petitioning Creditor has acknowledged that. The Alleged

28

LAW OFFICES
M. Jonathan Hayes

1

Opposition to Motion for
Terminating Sanctions

1   Debtor attempted to pay every creditor including Mr. Stanly more than a year ago which

2   motion was opposed by Mr. Stanly.  The Court was inundated with the bills and debts of

3   Mr. Lopez at the previous Motion for Summary Judgment re the total number of creditors.

4   The Court knows that there are very few creditors of this estate who are owed small

5   amounts beyond Mr. Stanly.

6        Mr. Lopez prays that this court deny the motion to strike the Answer and set a trial

7   date.  Mr. Keehn, the attorney for the single petitioning creditor, has advised the court on

8   more than one occasion that once the deposition of Mr. Lopez was complete, he would file

9   a Motion for Summary Judgment as to Phase II.  Mr. Lopez traveled to San Diego at his

10  own cost without a court order requiring him to do so and appeared for his deposition on

11  October 23, 2007.  He answered the questions of Mr. Keehn for more than six hours.  The

12  long trail of this case is ready to finish.  The Court should not allow it to be short-circuited

13  by striking the Answer.

14       As to the Sanctions, Mr. Lopez, through counsel, offered on December 17, 2007 to

15  pay $4,000 of the sanctions immediately and $1,000 per month for four months thereafter.

16  See **Exhibit "A."**  Mr. Keehn responded on December 20, 2007 with a resounding "no."

17  That email communication is not attached because it contained other settlement discussion.

18       Terminating sanctions is an extreme remedy which should not be assessed except in

19  extraordinary circumstances.  Here Mr. Lopez has provided every document in his

20  possession, responded to written discovery more than once, and attended his deposition

21  twice.  Nothing has been withheld; the most that has happened is that Mr. Lopez has

22  perhaps been dilatory with some of his responses and in making preparations to attend his

23  second deposition in San Diego.  There was one Motion to Compel which was complied

24  with.  The Second Motion to Compel resulted in an Order of this court prohibiting Mr.

25  Lopez from introducing any document as evidence that had not already been produced.

26  There was no finding of the court that Mr. Lopez had in any way violated the Order from

27  the first Motion to Compel.  Counsel for Lopez agreed to the prohibitory order after

28  explaining to the court that there were simply no further documents that were relevant that

1    could be produced.  There is no discovery order that Mr. Lopez has failed to comply with.

2    There was no order to appear for his deposition.  Mr. Lopez voluntarily traveled to San

3    Diego for the convenience of Mr. Keehn without a court order.

4            In *Wyle v. R.J Reynolds Inductries, Inc.* 709 F.2d 585 (9th Cir. 1983), the court said,

5    "courts have inherent power to dismiss an action when a party has willfully deceived the

6    court and engaged in conduct utterly inconsistent with the orderly administration of

7    justice."    There is no deceit on behalf of Mr. Lopez.  The *Wylie* court said, "[B]ecause

8    dismissal is so harsh a penalty, it should be imposed only in extreme circumstances" citing

9    *Raiford v. Pounds,* 640 F.2d 944,945 (9th Cir. 1981).  "Sanctions interfering with a

10   litigant's claim or defenses violate due process when imposed merely for punishment of an

11   infraction that did not threaten to interfere with the rightful decision of the case."  Citing

12   *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 648 (9th Cir. 1978).

13           Mr. Keehn has received every document he has requested.  He has taken two

14   depositions over two full day periods.  He has told the court he will file a Motion for

15   Summary Judgment once the deposition is complete.  The deposition is complete.  Mr.

16   Keehn has not suggested that Mr. Lopez refused to respond to any question asked or that

17   the delay in flying to California of about five weeks resulted in any prejudice or harm to

18   his ability to go through with his Motion for Summary Judgment.

19           The *Wylie* court "determined that the deliberate deception and the irreparable loss of

20   material evidence justified the sanction of dismissal."  There has been no deliberate

21   deception and no loss of anything.

22           In *Matter of Visioneering Const.*, 661 F.2d 119, 123 (9th Cir. 1981), an involuntary

23   petition case, the court struck the Answer.  The court said," [The alleged debtor's] near

24   total refusal to facilitate discovery related to the jurisdictional factual issues and continued

25   failure to respect discovery orders were therefore justifiably sanctioned by the entry of

26   default."  There has been no "near total refusal."  Mr. Lopez has provided hundreds of

27   pages of documents to Mr. Keehn.

28

1        Wherefore Alleged Debtor Francis Lopez prays that the court deny this motion,

2    allow him to pay the sanctions in payments of $4,000 immediately and $1,000 per month

3    and set a date to hear the Motion for Summary Judgment that Stanly has long promised to

4    file.

5

6

7    Dated:  January 14, 2008                         Respectfully submitted

8

9                                                     By: _____

10                                                   M. Jonathan Hayes
                                                     Attorney for Alleged Debtor Francis
11                                                   Lopez

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2 ## DECLARATION OF FRANCIS LOPEZ

3

4      I, Francis Lopez, declare and state as follows:

5      1.   I am the alleged debtor in this involuntary proceeding.  I have personal

6 knowledge of the facts stated herein, and if called as a witness, I could and would testify

7 competently thereto.

8      2.   I did not make the sanctions payment because I was unable to come up with the

9 full amount of the sanctions in Mid-December.  I authorized my attorney to offer to pay

10 $4,000 immediately and $1,000 per month until paid.

11

12      I declare under penalty of perjury that the foregoing is true and correct to the best of

13 my knowledge, information and belief.  Executed on this 14th day of January, 2008 at

14 Destin, Florida.

15

16                                             By:   _____

17                                                   Francis Lopez

18

19

20

21

22

23

24

25

26

27

28

## M. Jonathan Hayes

**From:** "M. Jonathan Hayes" <jhayes@polarisnet.net>
**To:** "L. Scott Keehn" <scottk@keehnlaw.com>
**Sent:** Wednesday, December 19, 2007 11:05 AM
**Subject:** Francis Lopez Sanctions

Mr. Keehn,

My client does not have the $8,100 in sanction to pay now.  He can pay you $4,000 now and $1,000 per month until paid.  Let me know if that will work.

Thanks,  Jon Hayes

M. Jonathan Hayes
jhayes@polarisnet.net
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367
(818) 710-3656
(818) 710-3659 fax
(818) 402-7537 cell
www.lawprofessorblogs.com
If you have received this message in error, please call (818) 710-3656 and notify me of that fact and destroy all copies of this message."
Thank you.

1

2
# PROOF OF SERVICE

3
I, MJ Hayes, declare:

4
I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On January 15, 2008, I served the within documents:

5

6
**OPPOSITION OF ALLEGED DEBTOR TO MOTION FOR TERMINATING SANCTIONS; DECLARATION OF FRANCIS J. LOPEZ IN SUPPORT THEREOF**

7

8
        by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9
  X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California

10
        addressed as set forth below.

11
  ..    by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

12

13
  ..    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

14

15
  ..    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

16
L. Scott Keehn

17
KEEHN & Assoc, APC
402 W. Broadway, Suite 1210

18
San Diego, CA 92101
AND BY EMAIL

19

20
I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

23
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25
Executed on January 15, 2008, at Los Angeles, California.

26

27

28
_____
           MJ Hayes