# DOCKET NUMBER 133

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHIEF JUDGE PETER W. BOWIE, PRESIDING

|  |  |
|---|---|
| FRANCIS J. LOPEZ | ) <br> ) <br> ) CASE NO. 05-05926-PB <br> ) <br> ) <br> ) |

1) STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER

2) PETITIONING CREDITORS' MOTION FOR ORDER IMPOSING
   TERMINATING SANCTIONS AGAINST THE DEBTOR

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SAN DIEGO, CALIFORNIA
MONDAY, JANUARY 28, 2008

SAN DIEGO BANKRUPTCY REPORTERS
BY: LYNETTE ALVES
P.O.BOX 496
SOLANA BEACH, CA 92075
(858) 336-8558

**APPEARANCES**

**M. JONATHAN HAYES**

LAW OFFICE OF M. JONATHAN HAYES

21800 OXNARD ST.

SUITE 840

WOODLAND HILLS, CA 91367

(818) 710-3656


**L. SCOTT KEEHN**

KEEHN & ASSOCIATES, APC

402 WEST BROADWAY, SUITE 1210

SAN DIEGO, CA 92101

(619) 400-2200


SAN DIEGO, CALIFORNIA, MONDAY, JANUARY 28, 2008, 10:30

--- o 0 o ---

THE CLERK: IN THE MATTER OF FRANCIS J. LOPEZ. WE HAVE TWO MATTERS ON CALENDAR: 1) PETITIONING CREDITORS' MOTION FOR ORDER IMPOSING TERMINATING SANCTIONS AGAINST THE DEBTOR; AND, 2) CONTINUED STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER.

APPEARANCES, PLEASE.

MR. HAYES: GOOD MORNING, YOUR HONOR.

JOHN HAYES FOR THE ALLEGED DEBTOR, FRANCIS LOPEZ.

THE COURT: MR. HAYES.

MR. KEEHN: GOOD MORNING, YOUR HONOR.

SCOTT KEEHN APPEARING ON BEHALF OF THE PETITIONING CREDITORS.

THE COURT: MR. KEEHN.

MR. KEEHN: YOUR HONOR, AS A MATTER OF ACADEMIC REGULARITY, WE WOULD RENEW AT THIS TIME THE EVIDENTIARY OBJECTIONS AND INQUIRE OF THE COURT IF IT WISHES TO PROCEED WITH ARGUMENT AND CONSIDER THE OBJECTIONS IN LIGHT OF THAT.

THE COURT: I STILL WANT TO PROCEED WITH ARGUMENT.

MR. KEEHN: OKAY.

WELL, YOUR HONOR, THIS IS, AS I POINTED OUT IN THE REPLY, WE ARE ONE DAY MINUS THE ONE YEAR ANNIVERSARY OF WHAT HAS BECOME A SANCTIONS ODESSEY. THE COURT HAS ON INNUMERABLE OCCASIONS IN THE PAST PUT OFF THE DAY OF RECKONING WITH REGARD TO MONETARY SANCTIONS. AND THAT DAY OF RECKONING FINALLY CAME ON NOVEMBER 19TH. THAT WAS

A LONG AND WINDING ROAD.

BUT HAVING GONE THAT LONG AND WINDING ROAD, THE COURT TOOK SPECIAL STEPS IN MAKING IT'S AWARD OF THE SANCTIONS TO INDICATE THAT THE TIME HAD COME TO PAY ATTENTION TO THIS CASE.

THE COURT DISCLOSED IT'S CONCERNS ABOUT THE CONDUCT OF THE ALLEGED DEBTOR AND HIS APPARENT LACK OF CONCERN FOR EITHER HIS RESPONSIBILITIES AS A LITIGANT OR IN OBEYING THE ORDERS OF THE COURT.  THAT WAS VERY CLEARLY COMMUNICATED AS INDICATED FROM THE PORTIONS OF THE TRANSCRIPT THAT WE CITED IN CONNECTION WITH OUR REPLY.

I HAVE NO DOUBT AND I SUSPECT THE COURT HAS NO DOUBT THAT THE COURTS MESSAGE WAS CONVEYED TO THE DEBTOR WITH CRYSTAL CLARITY.  BUT WE TOOK ANOTHER STEP WHEN WE SUBMITTED THE LODGED ORDER AND PROVIDED MR. HAYES WITH A COPY.  WE ALSO PROVIDED HIM WITH COPIES OF OUR WIRE TRANSFER INSTRUCTIONS, AND THE CLEAR -- THE EQUALLY CLEAR WARNING THAT THE PETITIONING CREDITORS WEREN'T GOING TO BROOK ANY DELAY IN MR. LOPEZ'S COMPLIANCE WITH THIS ORDER.

BUT WHAT YOU SEE FROM THE EVENTS THAT UNFOLDED SINCE THEN IS THAT YOU HAVE A REPETITION OF THE SAME OLD CONDUCT OF DISREGARDING THE COURT'S ORDER.  AND AT THE LAST MINUTE -- LITERALLY THE 11TH HOUR -- YOU GET A COMMUNICATION THAT SAYS SOMETHING TO THE EFFECT OF, "GEE, I CAN'T COMPLY.  WHY DON'T YOU NEGOTIATE WITH ME FOR SOME LESSER RESULT; A PARTIAL PAYMENT NOW AND MONTHLY INSTALLMENTS."

WELL, WE WAITED A LONG TIME FOR THOSE MONETARY SANCTIONS. WE HAD A COURT ORDER. AND WHAT DIDN'T ACCOMPANY THAT REQUEST FOR ENTERING INTO A NEGOTIATING SESSION WITH THE ALLEGED DEBTOR WAS ANY EXPLANATION AS TO WHY WE SHOULD. NOT JUST THAT WE HAD A ORDER TO RELY ON BUT RATHER WHAT WERE THE EFFORTS THAT THE DEBTOR HAD UNDERTAKEN FROM NOVEMBER 19TH THROUGH DECEMBER 19TH IN ORDER TO COME UP WITH THE FUNDS REQUIRED BY THAT SANCTIONS ORDER. IF HE DID ANYTHING, HE CHOOSE NOT TO DISCLOSE IT IN THE RECORD. SO WE DECLINED.

AND AS INDICATED FROM THE E-MAIL THAT WAS ATTACHED TO MY DECLARATION, WE DID MORE THAN JUST DECLINE. WE WARNED MR. LOPEZ THAT IF HE WAS THINKING THAT HE WOULD, AS HE HAD IN THE PAST, COME INTO COURT AND BEGGED FOR LENIENCY BECAUSE HE JUST COULDN'T COMPLY, JUST DIDN'T HAVE THE ABILITY, THAT WE HAVE EVIDENCE GARNERED FROM DISCOVERY IN LITIGATION PENDING WITH HIS WIFE AND AN ENTITY THAT SHE OWNS THAT THAT WAS FALSE. AND WE GAVE HIM FAIR WARNING TO BE CAREFUL ABOUT THE PENALTIES OF PERJURY IF HE WAS GOING TO ADVANCE THAT ARGUMENT.

APPARENTLY, HE HAS SOME HEALTHY RESPECT FOR THE PENALTIES OF PERJURY. BECAUSE HE SAID IN HIS DECLARATION THE ABSOLUTE MINIMAL AMOUNT THAT MIGHT BE CONSTRUED AS AN EXCUSE FOR NOT PAYING: HE SAYS, "I COULDN'T COME UP WITH IT."

WELL, I SUBMIT TO YOU THAT FOR THE REASONS INDICATED BY THE EVIDENCE THAT WE PRODUCED AS WE PROMISED

HIM WE WOULD IF HE WENT DOWN THAT PATH; THAT'S JUST FALSE. THE GENTLEMEN HAS DISPOSABLE INCOME THAT APPEARS TO BE IN THE NEIGHBORHOOD OF AT LEAST $123,800 A YEAR.  THE AVERAGE OF DEPOSITS MADE INTO THE FAMILY ACCOUNT ARE $10,319. HE'S AT 90.4 PERCENT ABOVE THE MEDIAN FOR INCOME IN THE STATE -- IN FLORIDA WHERE HE RESIDES.  HE'S 80.3 PERCENT ABOVE THE MEDIAN FOR TWO-EARNER FAMILIES.

SO THE NOTION THAT HE JUST DOESN'T HAVE THE RESOURCES TO PAY THE SANCTION THAT WAS AWARDED IN NOVEMBER JUST DON'T FLY UNLESS YOU PRESENT SOME OTHER EVIDENCE TO SHOW WHY IT IS THAT THAT LEVEL OF INCOME WAS INSUFFICIENT TO ALLOW HIM TO MAKE A FULL AND TIMELY PAYMENT OF THE SANCTIONS AWARD.

THERE ARE OTHER THINGS HE DIDN'T DO.  HE COULD HAVE, RIGHT UP TO DECEMBER 19, HE COULD HAVE FILED A RULE 60(B) MOTION SEEKING EITHER TOTAL RELIEF FROM THE SANCTIONS FOR WHATEVER CAUSE HE MIGHT HAVE.  OR, AT LEAST, INSTEAD OF ASKING US TO NEGOTIATE WITH HIM FOR AN EXTENDED PAYMENT PERIOD, ASK THE COURT TO GIVE HIM SOME RELIEF ON THE PAYMENT REQUIREMENT IN THE SAME WAY.  IN OTHER WORDS, A DOWN PAYMENT AND PAYMENTS.

THE TROUBLE IS, OF COURSE, THAT HAD HE GONE DOWN THAT PATH, HE WOULD HAVE NEEDED EVIDENCE; EVIDENCE TO SHOW GOOD CAUSE.  AND HE DOESN'T HAVE ANY.  HE DOESN'T HAVE ANY EVIDENCE TO SUPPORT A RULE 60(B) MOTION; HE DOESN'T HAVE ANY EVIDENCE TO SUPPORT HIS OPPOSITION TO OUR REQUEST FOR TERMINATING SANCTIONS.

THIS LONG AND WINDING ROAD SHOULD COME TO AN END, BECAUSE DELAY FOR THE DEBTOR IS A VICTORY. WE'VE EXPLAINED IT NOT JUST IN THIS MOTION BUT, I THINK, IN EVERY SANCTIONS MOTION THAT WE BROUGHT BEGINNING LAST JANUARY THAT ONE OF THE INSIDIOUS RISKS THAT IS ASSOCIATED WITH THIS CONSTANT TACTIC OF DELAY IS THAT THERE IS AN INVISIBLE CREDITOR BODY THAT CAN BE BUILDING A CREDITOR BODY OF INVOLUNTARY GAP CLAIMS THAT WILL LEAP AHEAD OF PRIORITY OF THE PETITIONING CREDITORS WHO TOOK THE TROUBLE TO BRING THE GENTLEMAN INTO THE BANKRUPTCY COURT WHERE HE BELONGS.

NOW, WE HAVE HARPED ON THAT POINT IN EVERY SET OF PAPERS THAT WE FILED; NOT JUST BECAUSE IT'S A VALID POINT THAT THE COURT SHOULD CONSIDER BUT IT HAS ANOTHER DIMENSION TO IT. EVERY TIME WE RAISED THAT ARGUMENT, THERE WAS AN ELEMENT OF INVITATION. AN INVITATION FOR THE DEBTOR TO COME FORWARD WITH DECLARATIONS UNDER PENALTY OF PERJURY TO DEMONSTRATE WHY THAT WASN'T A REAL RISK.

YOU HAVE HAVEN'T SEEN IN A WHOLE YEAR THAT WE'VE BEEN DOWN THIS SANCTIONS PATH, YOU HAVEN'T SEEN ONE DECLARATION THAT EVEN ADDRESSES THAT ISSUE. AND I SUBMIT TO YOU THAT THE REASON YOU HAVE HAVEN'T SEEN IT IS BECAUSE, AGAIN, MR. LOPEZ HAS A HEALTHY RESPECT FOR THE PENALTIES OF PERJURY AND HE WON'T OUTRIGHT LIE TO YOU.

WHAT HE WILL DO AND WHAT HE HAS DONE IS DECEIVE YOU BY CALCULATED OMISSION. SAYS HE DOESN'T HAVE THE MONEY. HE DOESN'T TELL YOU WHAT HIS RESOURCES WERE AND HOW THEY WERE EXPENDED; JUST WANTS TO TELL YOU HE DOESN'T

HAVE THE MONEY.  AND I SUBMIT TO YOU THAT IN LIGHT OF THE EVIDENCE OF THE RESOURCES THAT HE DOES HAVE, THAT IS A DELIBERATE DECEPTION.

SO WHERE WE ARE TODAY, ONE YEAR DOWN THE ROAD, IS AT A POINT WHERE THE COURT SHOULD SIMPLY STOP THE ABILITY OF THE DEBTOR TO INCREASE THE INVOLUNTARY GAP CREDITOR BODY.  THIS HAS BECOME ALMOST A GAME TO THE DEBTOR.  HE'S BAITING YOU.  WHEN ARE YOU REALLY GOING TO DO SOMETHING THAT'S MEANINGFUL?  YOU IMPOSE SANCTIONS, BUT THAT DIDN'T BOTHER HIM BECAUSE HE HAD NO INTENTION OF PAYING THEM; CERTAINLY NOT PAYING THEM IN THE TIME FRAME THAT YOU REQUIRED.

AND NOW HE STANDS OFF BAITING STILL.  HE DOESN'T PAY; HE WAITS FOR THE MOTION TO BE FILED.  AND I CAN TELL YOU AS AN OFFICER OF THE COURT THAT AS I STAND HERE TODAY, NO PORTION, NO PORTION OF THE SANCTIONS HAVE BEEN OFFERED WITHOUT THE STRING THAT REQUIRED A NEGOTIATION; NOT ONE PENNY.

THIS DEBTOR DOES NOT UNDERSTAND OR APPRECIATE HIS DUTIES AS THE LITIGANT.  HE WILL NOT VOLUNTARILY COMPLY.  AND THIS COURT HAS GIVEN HIM MORE CHANCES THAN I WOULD HAVE IMAGINED, AND CERTAINLY MORE THAN HE DESERVED.

IT'S TIME TO GET ON WITH THE BANKRUPTCY PROCESS AND TO STRIKE HIS ANSWER; ENTER THE ORDER FOR RELIEF. LET'S GET HIM TO FILE HIS SCHEDULES, GET A TRUSTEE IN PLACE AND MOVE FORWARD.

THE COURT: MR. HAYES.

MR. HAYES: THANK YOU, YOUR HONOR.

YOUR HONOR, I'M NOT SURE WHAT I CAN ADD AFTER, I MEAN, TWO AND A HALF YEARS, NOW, DOING THIS CASE.

BUT I WILL SAY THAT AT THE LAST HEARING, YOUR HONOR, BASICALLY, STATED THAT IF THE SANCTIONS WEREN'T PAID, TERMINATING SANCTIONS WOULD BE IMPOSED. AND THE SANCTIONS HAVEN'T BEEN PAID.

I SPOKE TO MR. LOPEZ ON THURSDAY. AND I SAID, "LOOK, IF I SHOW UP WITH A CHECK, WE CAN PROBABLY DODGE THIS RESULT." AND HE TOLD ME THAT HE COULD COME UP WITH HALF BY SKIPPING A HOUSE PAYMENT. AND HE JUST COULDN'T COME UP WITH THE REST OF IT. AND THAT'S -- I MEAN, THAT'S WHERE THAT IS.

WHAT I WOULD LIKE TO ASK THE COURT, THOUGH, IS THAT DISCOVERY IS OVER; MR. KEEHN HAS STATED MANY TIMES THAT ONCE HE GETS THIS LAST DEPOSITION, HE'LL FILE A MOTION FOR SUMMARY JUDGMENT AS TO THE SECOND ISSUE. THE DEBTOR WILL NOT FILE A MOTION FOR SUMMARY JUDGMENT BECAUSE I THINK MR. KEEHN KNOWS MORE ABOUT MR. LOPEZ THAN MR. LOPEZ DOES, I THINK. HE'S GOT THE EVIDENCE TO ESTABLISH WHETHER OR NOT HE WAS PAYING THEIR DEBTS AS THEY GENERALLY BECAME DUE. HE'LL PRESENT IT TO THE COURT; THE COURT WILL RULE, BASED ON THE MERITS OF WHETHER AN INVOLUNTARY SHOULD BE IMPOSED. AND, I MEAN, THAT'S ONLY A MONTH AWAY, I IMAGINE. AND TERMINATING SANCTIONS ARE -- SHOULD BE AVOIDED IF THERE'S ANY OTHER WAY TO RESOLVE THE ISSUE. BUT BEYOND THAT, I

MEAN, HE DIDN'T PAY THE SANCTIONS.

AND I HAVE NOTHING TO ADD.

THE COURT: WELL, I THINK THE TIME HAS COME, FRANKLY. AND I AM GOING TO GRANT THE TERMINATING SANCTIONS AND REQUIRE THAT AN ORDER FOR RELIEF BE ENTERED; A TRUSTEE BE APPOINTED; AND REQUIRE THE DEBTOR TO FILE SCHEDULES WITHIN FIFTEEN DAYS OF TODAY'S DATE. AND THAT'S NOT GOING TO EXCUSE ANYTHING.

IF I WERE TO REQUIRE MR. KEEHN TO GOOD AHEAD AND DO HIS MOTION FOR SUMMARY JUDGMENT ON THE SECOND ISSUE, IT WOULD BE JUST AS IF MR. LOPEZ COULD CONTINUE TO IGNORE THIS COURT'S ORDERS. I LET YOU KNOW BACK IN NOVEMBER THAT I'D ADD IT IN TERMS OF HIS NON-PARTICIPATION IN THIS PROCESS; FOOT-DRAGGING AND NON-PARTICIPATION. AND I REMAIN IN THAT FRAME OF MIND.

SO THE ORDER FOR RELIEF WILL ENTER.

MR. KEEHN: THANK YOU, YOUR HONOR.

MR. HAYES: THANK YOU, YOUR HONOR.

THE CLERK: STATUS CONFERENCE GOES OFF CALENDAR; CORRECT?

THE COURT: YES.

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

    I, LYNETTE ALVES, OFFICIAL REPORTER, DO HEREBY CERTIFY:

    THAT I REPORTED IN SHORTHAND THE PROCEEDINGS HELD IN THE FOREGOING CAUSE ON THE 28TH DAY OF JANUARY, 2008; THAT MY NOTES WERE LATER TRANSCRIBED INTO TYPEWRITING UNDER MY DIRECTION; AND, THAT THE FOREGOING TRANSCRIPT CONTAINS A CORRECT STATEMENT OF THE PROCEEDINGS.

    DATED THIS _____ DAY OF _____, 2008.

_____
LYNETTE ALVES, CSR #12534, RPR #61256