Civil No. 08cv0713 JAH(WMc)
Bankruptcy No. 05-5926

FILED

MAY 2 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

FRANCIS J. LOPEZ,

*Debtor,*

FRANCIS J. LOPEZ,

*Appellant,*

V.

ALAN STANLY,

*Appellee.*

On Appeal from Bankruptcy Court

## APPELLANT'S EXCERPTS OF RECORD

## VOLUME 1 of 2

M. Jonathan Hayes (Bar No. 90388)
21800 Oxnard St., Suite 840
Woodland Hills, CA 91367
818  710-3656
818  710-3659 fax

*Attorney for Appellant*
*Francis J. Lopez*

CR

Civil No. 08cv0713 JAH(WMc)
Bankruptcy No. 05-5926

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

FRANCIS J. LOPEZ,

*Debtor,*

---

FRANCIS J. LOPEZ,

*Appellant,*

V.

ALAN STANLY,

*Appellee.*

On Appeal from Bankruptcy Court

---

## APPELLANT'S EXCERPTS OF RECORD

## VOLUME 1 of 2

---

M. Jonathan Hayes (Bar No. 90388)
21800 Oxnard St., Suite 840
Woodland Hills, CA 91367
818  710-3656
818  710-3659 fax

*Attorney for Appellant*
*Francis J. Lopez*

# TABLE OF CONTENTS

## APPELLANT'S EXCERPTS OF RECORD

| Filing Date | Tab | Item | No. |
|---|---|---|---|
| 02/07/2008 | A | Notice of Appeal | 6 |
|  | B | Docket | 27 |
|  | C | Designation of Record | 56 |
|  | D | Amended Designation of Record | 65 |
| 06/30/2005 | 1 | Involuntary Chapter 7 Petition. | 71 |
| 09/07/2005 | 22 | Answer to Involuntary Petition | 74 |
| 04/13/2007 | 98 | Order (GRANTED) (1) Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; (2) Deferring Ruling on Sanctions Against Alleged Debtor Francis J Lopez; and (3) Continuing Hearing Date (related documents 95 Notice of Lodgment,94 Notice of Lodgment, 91 Motion to Compel, 96 Declaration) signed on 4/13/2007. | 84 |
| 05/11/2007 | 104 | Minute Order re Hearing on May 11, 2007 | 87 |
| 05/24/2007 | 105 | Notice of Hearing and Motion with Certificate of Service *(re Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor)* filed by L. Scott Keehn on behalf of Alan Stanly -- | 89 |
| 06/13/2007 | 106 | Opposition *to Motion to Compel by Petitioning Creditor; Declarations of M. Jonathan Hayes & Francis J. Lopez.* (related documents 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) | 233 |
| 06/19/2007 | 107 | Reply *to Opposition to Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor.* (related documents 106 Opposition, 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 6/25/2007 | 264 |
| 09/27/2007 | 111 | Declaration *of L Scott Keehn: (1) Summarizing Current Status, and (2) Renewing Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents 105 Notice of Hearing and Motion, 1 Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Declaration of Timothy P. Dillon; # 2 Compendium of Exhibits in Support of Renewed Request (Exhibits | 269 |

| | | | |
|---|---|---|---|
| | | 1-3); # 3 Compendium of Exhibits in Support of Renewed Request (Exhibits 4-7); # 4 Proof of Service) (Keehn, L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/27/2007) | |

VOLUME 2

| | | | |
|---|---|---|---|
| 09/28/2007 | 112 | Supplemental Declaration *of L Scott Keehn in Support of Renewed Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents 111 Declaration, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/28/2007) | 391 |
| 10/19/2007 | 114 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alan Stanly, et al. --Notice of Motion and Hearing Served On: 10/19/2007. Unless an Order Shortening Time has been entered, Opposition due by: 11/5/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support; # 2 Declaration of L. Scott Keehn) (Keehn, L.). Modified on 11/1/2007 (McGrew, J.). (Entered: 10/19/2007) | 399 |
| 11/09/2007 | 115 | Opposition *to Motion for Sanctions; Declaration of Francis J Lopez in Support.* (related documents 114 Notice of Hearing and Motion,, ) | 456 |
| 11/13/2007 | 116 | Reply *to Opposition to Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor* (related documents 114 Notice of Hearing and Motion,115 Opposition) filed by L. Scott Keehn of Keehn & Associates APC on behalf of Alan Stanly. (Attachments: # 1 Reply Declaration of L Scott Keehn in Support of Motion; # 2 Evidentiary Objections to Declaration of Francis J Lopez; # 3 Proof of Service) (Keehn, L.). Modified on 11/14/2007 (McGrew, J.). | 463 |
| 12/27/2007 | 121 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Order Imposing Terminating Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly -- | 474 |
| 01/17/2008 | 125 | Opposition *to Petitioning Creditors' Motion for Terminating Sanctions; Declaration of Francis J Lopex in Support Thereof.* (related documents 121 Notice of Hearing and Motion,, ) | 547 |
| 01/22/2008 | 126 | Reply *to Opposition to Motion for an Order Imposing Terminating Sanctions Against the Debtor* (related documents 125 Opposition,, 121 Notice of Hearing and Motion,, ) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution | 555 |

| | | | |
|---|---|---|---|
| | | Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Declaration of L. Scott Keehn;# 2 Declaration of Timothy P. Dillon; # 3 Declaration of Cynthia K. Lay; # 4 Evidentiary Objections to Declaration of Francis Lopez; # 5 Proof of Service) (Keehn, L.). (Entered: 01/22/2008) | |
| 01/28/2008 | 128 | Order for Relief and Order Directing Debtor to File Schedules & Statements signed on 1/28/2008; with Certificate of Mailing. (*Incomplete Filings due by 2/12/2008). (McGrew, J.) (Entered: 01/28/2008) | 656 |

Document A

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office of M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, CA 91367
3  Telephone:  (818) 710-3656
   Facsimile:  (818) 710-3659
4  jhayes@polarisnet.net

5  Attorneys for Alleged Debtor Francis Lopez

*FILED KD*
*2008 FEB -7 PM 12: 50*
*CLERK*
*U.S. BANKRUPTCY CT.*
*SO. DIST. OF CALIF*

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **SOUTHERN DISTRICT OF CALIFORNIA**

9                   **SAN DIEGO DIVISION**

10

11   In Re:                        )   CASE NO. 05-05926-PBINV
                                   )
12        FRANCIS J. LOPEZ,         )   Involuntary Chapter 7
                                   )
13        Alleged Debtor           )
                                   )
14                                 )   **NOTICE OF APPEAL BY ALLEGED**
                                   )   **DEBTOR TO ORDER FOR RELIEF**
15                                 )
                                   )
16                                 )
                                   )
17                                 )

18

19       Alleged Debtor Francis Lopez hereby appeals under 28 U.S.C. § 1291 from the

20  judgment, order, or decree of Judge Peter Bowie granting an Order for Relief in this

21  Involuntary Case.  A copy of the Order is attached hereto.  This appeal includes appealing

22  from the ruling granting the Motion for Terminating Sanctions heard on January 28, 2008

23  for which no separate Order was entered as well as the Order Denying the Motion for

24  Summary Judgment brought by the Debtor and Granting the Motion for Summary

25  Judgment brought by petitioning creditor Alan Stanly.  The Order for Relief was entered

26  on January 28, 2008.  The Order re Summary Judgment was entered on September 26,

27  2006 and is also attached hereto.

28

**LAW OFFICES**
M. Jonathan Hayes

NOTICE OF APPEAL  **0 0 0 6**

1    The names of all parties to the judgment, order, or decree appealed from and the

2    names, addresses, and telephone numbers of their respective attorneys are as follows:

3

4

5    **Atty for Alleged Debtor Francis Lopez**
     M. Jonathan Hayes
     21800 Oxnard St., Suite 840
6    Woodland Hills, CA 91367
     (818) 710-3656
7    (818) 710-3659  fax

8
     **Atty for Petitioning Creditor, Alan Stanly**
9    L. Scott Keehn
     KEEHN & Assoc, APC
10   402 W. Broadway, Suite 1210
11   San Diego, CA 92101
     (619) 400-2200
12   (619) 400-2201  fax

13

14

15

16   Dated: February 6, 2008                    Respectfully submitted

17

18                                              By: _____

19                                              M. Jonathan Hayes
                                                Attorneys for Reorganized Debtor,
20                                              Urban Hotels, Inc.

21

22

23

24

25

26

27

28

CSD 1127 [07/01/96]

ENTERED 1/28/08

FILED

JAN 2 8 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    104      DEPUTY

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FRANCIS J. LOPEZ

BANKRUPTCY NO.   05-05926-B7

Debtor.

## ORDER FOR RELIEF AND ORDER DIRECTING DEBTOR
## TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

On consideration of the involuntary petition filed by Alan Stanly, Northwest Florida Daily News, and Alternative Resolution Center on JUNE 30, 2005, and the summons issued thereon having been served on JUNE 30, 2005, and no answer or other pleading in response thereto having been timely filed, an ORDER FOR RELIEF under Chapter 7 of Title 11 of the United States Code is GRANTED.

IT IS ORDERED that the Debtor file with the Court, WITHIN 15 DAYS of the entry of this order, the schedules and statements required by Federal Rule of Bankruptcy Procedure 1007(b) and (c).

DATED: JAN 2 8 2008

_____
Judge, United States Bankruptcy Court

### CERTIFICATE OF MAILING

I hereby certify that on this date a copy of the within order was mailed to the following parties in interest, namely:

FRANCIS J. LOPEZ, 310 Sand Myrtle Trail, Destin, FL 32541-3429
M. Jonathan Hayes, Law Office of M. Jonathan Hayes, 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367
L. Scott Keehn, Keehn & Associates, APC, 402 West Broadway, Suite 1210, San Diego, CA 92101
Alan Stanly, 1569 Berkshire Court, San Marcos, CA 92069
Northwest Florida Daily News, 200 Racetrack Rd., Ft. Walton Beach, FL 32549
Alternative Resolution Center, 11601 Wilshire Blvd., Suite 1950, Los Angeles, CA 90025
United States Trustee, Dept. of Justice, 402 W. Broadway, Ste. 600, San Diego, CA 92101

DATED: JAN 2 8 2008

Barry K. Lander, Clerk

By:_____, Deputy Clerk

CSD 1127

0008

1  # WRITTEN DECISION NOT FOR PUBLICATION

2

3  ENTERED ___9/26/06___

4  **FILED**

5  SEP 2 6 2006

6  CLERK, U.S. BANKRUPTCY COURT
   SOUTHERN DISTRICT OF CALIFORNIA

7  BY _____ß"_____ DEPUTY

8            UNITED STATES BANKRUPTCY COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 In re                    )    Case No. 05-05926-PBINV
                            )
12 FRANCIS J. LOPEZ,        )    ORDER ON MOTION FOR
                            )    SUMMARY JUDGMENT
13          Alleged Debtor. )
   _____ )

14

15     On September 30, 2005, Alan Stanly commenced this case by

16 filing an involuntary petition against alleged debtor, Francis

17 Lopez.  Northwest Florida Daily News later joined in the

18 petition.  Lopez challenged the petition on the ground that

19 three petitioning creditors were necessary under Bankruptcy Code

20 § 303(b)(1) because twelve or more entities held claims against

21 him.  On June 26, 2006, the Court held a hearing on the parties'

22 cross-motions for summary judgment on the issue of the number of

23 holders of claims against Lopez for the purposes of § 303(b).

24 The Court requested additional briefing and took the matter under

25 submission.

26 ///

1     On July 20, 2006, before the Court ruled on the motions,

2  Richard Kipperman, who asserts a claim against Lopez in the

3  amount of $30,968.57, filed a joinder in the involuntary

4  petition.  On the same date Stanly filed a "Suggestion of

5  Mootness" contending that the issue regarding whether there are a

6  sufficient number of creditors to support an involuntary petition

7  is now moot as a result of Mr. Kipperman's joinder, thereby

8  raising to three the number of petitioning creditors and

9  satisfying the requirements for the filing of an involuntary

10  bankruptcy petition regardless of the number of creditors

11  included in the "Section 303" count.

12     On the Court's direction Lopez filed a response to the

13  Suggestion of Mootness.  He contends that Mr. Kipperman (and

14  Northwest Florida Daily News for that matter) does not qualify

15  as a petitioning creditor.

16  **Number of Holders of Claims**

17     Bankruptcy Code Section 303(b) provides:

18     (b) An involuntary case against a person is commenced
       by the filing with the bankruptcy court of a petition
19     under chapter 7 or 11 of this title-

20     (1) by three or more entities, each of which is either
       a holder of a claim against such person that is not
21     contingent as to liability or the subject of a bona
       fide dispute as to liability or amount, or an indenture
22     trustee representing such a holder, if such
       noncontingent, undisputed claims aggregate at least
23     $12,300  more than the value of any lien on property of
       the debtor securing such claims held by the holders of
24     such claims;

25     (2) if there are fewer than 12 such holders, excluding
       any employee or insider of such person and any
26     transferee of a transfer that is voidable under section
       544, 545, 547, 548, 549, or 724(a) of this title, by

- 2 -

1    one or more of such holders that hold in the aggregate
     at least $12,300 of such claims;
2

3    On September 7, 2005, Lopez filed an answer to the petition
4  alleging that he had more than 12 creditors, and thus there were
5  an insufficient number of petitioners.  On September 19, 2005,
6  Lopez filed a declaration listing those creditors -- twenty-two
7  in all.

8    Stanly, on the other hand, argues that many of the creditors
9  asserted by Lopez do not qualify to be counted in the
10 determination of whether there are 12 or more creditors for
11 various reasons.  Of the twenty-two alleged holders of claims,
12 Stanly contends that:

13    -- seven did not hold a claim against Lopez as of the
14 petition date;

15    - one (Alan Stanly) is an excluded "insider" of Lopez;

16    -- three are "disputed";

17    -- nine received postpetition transfers voidable under
18 § 548; and

19    -- eleven received preferences voidable under § 547.

20    The Court has considered the arguments and evidence
21 submitted by Stanly and Lopez regarding each of the alleged
22 creditors and finds as follows with respect to each.

23 **Allstate Floridian:**

24    As to this creditor, Stanly contends that it did not hold a
25 claim as of June 30, 2005 -- the date of the petition.  Lopez
26 counters that prepetition the premium amount was adjusted upward

- 3 -

0011

1  so there was a balance owing of $134.   The Court finds that

2  according to the premium statement, which Lopez provided, an

3  additional amount was owing as of the petition date -- that is,

4  the covered period July, 2004 through July, 2005 was not

5  necessarily paid in full as Stanly suggests.   The Court finds

6  that this creditor should be counted.

7  **American Express:**

8       Stanly initially contended that American Express did not

9  hold a claim as of the petition date.   However, in his reply

10  Stanly concedes that this creditor should be counted.

11  **American Home Shield:**

12       Again, Stanly contends that this creditor did not hold a

13  claim as of the petition date.   In his opposition Lopez argued

14  that as of the petition date he was indebted to this creditor in

15  the amount of $128.   However, Lopez provides no evidence of such

16  and does not even mention this creditor in his declaration.   It

17  appears from Exhibit E to the Declaration of L. Scott Keehn in

18  support of Petitioning Creditors' Motion for Summary Judgment

19  (Keehn Dec.) that this creditor's policy was paid up through

20  7/16/05.   Since Lopez has provided no evidence to the contrary,

21  the Court finds that this creditor should not be counted.

22  **B of A:**

23       Stanly contends that this creditor should not be counted

24  because it received preferential payments which are voidable

25  under § 547 and postpetition payments voidable under § 548.

26  Lopez admits that minimum payments were made on this account, but

- 4 -

1  argues that they were made in the ordinary course of business.

2      While the "ordinary course" defense might apply to the

3  alleged preferences, there is no comparable defense to the

4  admitted postpetition transfers.  It is clear Lopez made

5  postpetition payments to this creditor.  While they are

6  authorized under § 303(f), they are nevertheless voidable.  See

7  § 549(a)(2).  Section 549(b) provides that in an involuntary case

8  such a transfer may not be avoided to the extent value is given

9  in exchange.  However, Lopez has provided no evidence of any such

10  value being received.  Thus, the Court finds that this creditor

11  should not be counted.

12  **Bankcard Services:**

13      Stanly contends that this claim is subject to a bona fide

14  dispute as to the late fees.  Stanly also argues that this

15  creditor should not be counted because it received preferential

16  payments which are voidable under § 547.

17      Lopez has provided evidence that the issue over late fees

18  had been resolved. Lopez also argues that the payments were made

19  in ordinary course in order to keep the account current.

20      The Court finds that Stanly has failed to establish that

21  there is a bona fide dispute.  In the deposition transcript of

22  Lopez (175:18-177-13), upon which Stanly relies, Lopez merely

23  says that he probably does not agree that the $39 late fee should

24  have been charged and that it was probably resolved on another

25  statement.  The Court does not find that this establishes that

26  the claim is subject to a bona fide dispute.

- 5 -

1      Stanly argues that Lopez failed to provide evidence of his

2  payment practices with respect to this creditor or creditor's

3  requirements.  However, the Court is comfortable accepting

4  Lopez's assertion that this credit card company requires minimum

5  monthly payments in the ordinary course.  Stanly has provided no

6  evidence that Lopez made unusual payments to this creditor.  The

7  Court finds that this creditor should be counted.

8  **Cingular Wireless:**

9      Stanly contends that this creditor should not be counted

10  because it received preferential payments which are voidable

11  under § 547 and postpetition payments voidable under § 548.

12  Lopez admits that payments were made on this account, but argues

13  that they were made in the ordinary course of business and to

14  maintain service.  Lopez also contends that most of the payments

15  were made by Noveon – his employer.

16      As with B of A, discussed above, while the "ordinary course"

17  defense might apply to the alleged preferences, there is no

18  comparable defense to the admitted postpetition transfers.  It is

19  clear Lopez made postpetition payments to this creditor.  While

20  they are authorized under § 303(f), they are nevertheless

21  voidable.  See § 549(a)(2).  Section 549(b) provides that in an

22  involuntary case such transfer may not be avoided to the extent

23  value is given in exchange.  However, Lopez has provided no

24  evidence of any such value being received.  Further, the evidence

25  indicates that Lopez owed a prepetition balance and that the

26  entire bill was paid postpetition.  Thus, to the extent any

- 6 -

0014

1  postpetition value was given by Cingular, the amount of the

2  payments would have exceeded this value and thus some portion

3  would be recoverable -- the exception under § 549(b) is only "to

4  the extent any value ... is given." Finally, Lopez provides no

5  evidence that any of the payments were made by his employer.

6      Thus, the Court finds that this creditor should not be

7  counted.

8  **Citicards:**

9      Stanly contends that this creditor should not be counted

10 because it received preferential payments which are voidable

11 under § 547. Lopez admits that payments of $379/month were made,

12 but argues that they were made in the ordinary course to keep the

13 account current per an agreement with Citicards. The payments

14 were direct debits from his checking account.

15     Unlike that discussed in connection with Bankcard Services

16 above, this does not appear to be a typical minimum payment

17 situation where the minimum amount due changes based upon the

18 prior month's activity. Rather, this appears to be an

19 arrangement Lopez reached with this creditor to repay an

20 overextended account. Lopez contends that he paid $379/month.

21 However, Stanly's undisputed evidence indicates that Lopez made

22 two payments each month. Again, Lopez has failed to establish

23 that this is a typical ordinary course arrangement. The Court

24 finds that this creditor should not be counted.

25 ///

26 ///

- 7 -

1 **Coastal Community Insurance:**

2      Stanly contends that this creditor did not hold a claim as

3 of the petition date -- that it was paid by Lopez's lender.

4 Lopez argues in his brief that the policy had been renewed as of

5 June 30, 2005 so payments would continue to come due.  However,

6 Lopez's declaration is silent as to this alleged creditor.  Based

7 upon Lopez's deposition testimony (see Depo. Trans. at 119-25) it

8 does not appear that any amount was owing as of the petition

9 date.  The premium for coverage through July, 2005 had been paid.

10 The statement Lopez relied upon in the deposition was for

11 coverage beginning after the petition was filed.  See Depo.

12 Trans. at Ex. 20.  The Court finds that this creditor should not

13 be counted.

14 **Cox Communications:**

15      Stanly contends that this creditor received postpetition

16 payments in full satisfaction of its obligation.  Lopez contends

17 in his brief that payments on this account were made in the

18 ordinary course of business and to maintain service and that most

19 of the payments were made by Noveon -- Lopez's employer.

20 However, Lopez's declaration does not provide any evidence

21 whatsoever with regard to this creditor including of his payment

22 practices with respect to this creditor or payment by his

23 employer.  All Lopez does is attach the statement.

24      It seems clear Lopez made postpetition payments to this

25 creditor as authorized under § 303(f).  Under § 549(a)(2) these

26 payments would be voidable.  Lopez argues that he received value

- 8 -

0016

1 in exchange, but has provided no evidence thereof.  Further, the

2 evidence indicates that Lopez owed a prepetition balance (the

3 monthly statement is as of 7/22/05) and that the entire bill was

4 paid postpetition.  Thus, to the extent any postpetition value

5 was given by Cox, the amount of the payments would have exceeded

6 this value and thus some portion would be recoverable.  Lopez

7 also provides no evidence that payments were made by his

8 employer.  The Court finds that this creditor should not be

9 counted.

10 **Ft. Walton Medical Center:**

11      Stanly argues that this claim is subject to a bona fide

12 dispute as to liability.  Lopez denies that there is a dispute.

13 Rather, he explains, he initially thought the services would be

14 covered by insurance (because the doctor told him they would),

15 but subsequently accepted that they were not because he did not

16 get prior approval.

17      The Court finds that Stanly has failed to establish that

18 there is a bona fide dispute with regard to this claim.  Stanly

19 characterizes Lopez's deposition testimony as admitting that he

20 thought the claim was in dispute.  The Court does not agree.  All

21 Lopez said at his deposition is that he was sore that the doctor

22 told him the claim would be covered by insurance and he later

23 learned that it was not.  He uses the term "dispute" but never

24 actually claims he was not liable on the claim.  See Depo. Trans.

25 at 182:5-185:4.  The Court finds that this creditor should be

26 counted.

- 9 -

**Household Bank:**

Stanly contends that this creditor should not be counted because it received preferential payments voidable under § 547. Lopez contends that the payments were made for debts incurred in ordinary course and that they were made to keep the account current per an agreement with Household Bank.

Like the payment made to Citicards, these do not appear to be a typical minimum payment situation where the minimum amount due changes based upon the prior month's activity. Rather, Lopez made sporadic payments of differing amounts less than the minimum monthly amount. Lopez has not provided evidence that these payments were made in the ordinary course. The Court finds that this creditor should not be counted.

**Kelly Plantation Owners Assoc.**

Stanly argues that this creditor should not be counted since it received postpetition payments in full satisfaction of its claim. Lopez contends that these are homeowners association fees owing on his residence and that they were incurred and paid in the ordinary course. He also contends that they are frequently paid from his wife's checking account.

As noted above, there is no ordinary course defense to postpetition payments recoverable under § 549. Lopez made postpetition payments to this creditor as authorized under § 303(f). Under § 549(a)(2) these payments are voidable. Lopez provided neither argument nor evidence that he received value in exchange for the payments. Even if he did receive value (common

- 10 -

0018

1  ground maintenance or security for example), the evidence

2  indicates that Lopez owed a prepetition balance and that the

3  entire bill was paid postpetition.  Thus, to the extent any

4  postpetition value was given the amount of the payments would

5  have exceeded this value and thus some portion would be

6  recoverable.  The Court finds that this creditor should not be

7  counted.

8  **M. Northwest Florida Daily News**

9      In his declaration Lopez admits that this prepetition claim

10  was paid postpetition.  The Court therefor finds that this

11  creditor should not be counted.

12  **Okaloosa Gas District:**

13      Lopez admits that he made postpetition payments to this

14  creditor, but that they were made to maintain utility service to

15  his residence.  The exhibit provided by Stanly indicates that the

16  payments were less than $50.00/month.  The Court finds that

17  continued utility service constitutes value received in exchange

18  for such payments.  Accordingly, the Court finds that this

19  creditor should be counted.

20  **Progressive Insurance:**

21      Stanly contends that this creditor did not hold a claim as

22  of the petition date - that the premiums for the period had been

23  paid prepetition.  Lopez has provided no evidence to establish

24  the existence of any claim owing to this alleged creditor.  The

25  Court finds that this creditor should not be counted.

26  ///

- 11 -

0019

**Citibank/Quicken Platinum Card:**

Lopez admits that he made postpetition payments to this creditor and provides no evidence that value was received in exchange. Accordingly, the Court finds that this creditor should not be counted.

**Alan Stanley:**

Stanly contends that he, Stanly, cannot be counted because he is an "insider" as he and Lopez each own 50% of Prism. The analysis is a bit convoluted, but Stanly appears to be correct.

The definition of "insider" includes an "affiliate." § 101(31)(E). An "affiliate" includes a corporation owned more than 20% by the debtor. § 101(2)(B). Thus, Prism is an "affiliate" and "insider" of Lopez. Section 101(31)(E) also provides that an "insider of an affiliate" of the debtor is also an insider of the debtor. Stanly, as owner of more than 20% of Prism, is an insider of Prism under § 101(2)(B), and thus an insider of Lopez under § 101(31)(B) because he is an insider of an affiliate of Lopez.

So, Stanly is a "holder of a claim against" Lopez and thus qualifies to be a petitioning creditor under § 301(b)(1). However, for the purposes of determining the number of creditors, he is excluded as an insider under § 301(b)(2). The Court finds that this creditor is not to be counted.

**Texaco/Shell:**

Lopez admits that he made postpetition payments to this creditor and provides no evidence that value was received in

- 12 -

0020

1  exchange.  The Court finds that this creditor should not be

2  counted.

3  **Union Bank:**

4      Again Lopez admits making postpetition payments to this

5  creditor, and provides no evidence that value was received in

6  exchange.  The Court finds that this creditor should not be

7  counted.

8  **Valley Forge Life Insurance:**

9      Stanly contends that this creditor did not hold a claim as

10  of the petition date because the premiums for the period had been

11  paid.  Also, Lopez is not the account debtor, but rather Madeline

12  Lopez.  See Keehn Dec at Exhibit L.  Lopez argues that this is a

13  life insurance policy which requires yearly payments.  However,

14  he provides no evidence that he, as opposed to Madeline, is the

15  debtor on this account.  Accordingly, the Court holds that this

16  claim should not be counted.

17  **Verizon Wireless:**

18      Stanly contends that this claim was subject to a bona fide

19  dispute as of the petition date.  It appears from Lopez's

20  testimony at his deposition that Verizon asserted a claim for

21  $262.47, while Lopez disputed any amount over $35.00.  Lopez

22  eventually paid the disputed portion, but not until August 21,

23  2005 - nearly two months after the petition was filed.  In his

24  deposition Lopez explained that he disputed the claim, but that

25  at some point he just got tired of fighting and paid it.  He does

26  not say that it was resolved prior to him simply paying the

- 13 -

0021

1 disputed amount.  See Depo. Trans. at 151-54.  Thus, it appears
2 that as of the petition date, this claim was subject to a bona
3 fide dispute and should not be counted.

4     Alternatively, Lopez admits that this creditor was paid
5 postpetition and provides no evidence of value received in
6 exchange.  Accordingly, it should not be counted because it could
7 be voided under § 549.  Either way this claim should not be
8 counted.

9 **Wayne Wise:**

10     Stanly alleges that this creditor received a preferential
11 payment of $900 on April 17, 2005 for interest which had accrued
12 on a note.  Lopez argues that the payment was made in exchange
13 for Wise's agreement to extend the maturity date of the note
14 until Lopez could sell his residence.

15     The Court finds that the extension which Lopez received in
16 exchange for the payment is akin to an agreement to forebear an
17 action against the debtor which, although valid consideration for
18 a contract, cannot constitute "new value," within meaning of the
19 new value exception to trustee's preference-avoidance power.
20 See, In re McLean Industries, Inc., 162 B.R. 410 (S.D.N.Y. 1993)
21 (reversed on other grounds 30 F.3d 385).  Thus, this creditor
22 should not be counted.

23 **Summary and Conclusion**

24     Based upon the foregoing analysis, the Court finds that of
25 the twenty-two creditors alleged by Lopez, seventeen must be
26 excluded from the count in § 301(b)(2) for one or more of

- 14 -

0022

1  the reasons set out in § 301(b).  This leaves only five

2  holders of claims against Lopez that qualify to be counted under

3  § 301(b)(2).  Since this is clearly "fewer than 12," the petition

4  was properly filed by one claim holder – Stanly.[1]

5      The Court does not reach the issue of whether Richard

6  Kipperman (and/or Northwest Florida Daily News) is a proper

7  petitioning creditor (which Lopez disputes), as only one

8  petitioning creditor is required given the Court's ruling.

9      For the reasons set forth above, the Court grants Stanly's

10 motion for summary judgment and denies Lopez's motion for summary

11 judgment on the issue of the number of holders of claims against

12 Lopez for the purposes of § 303(b).

13

14     IT IS SO ORDERED.

15     DATED:  SEP 2 6 2006

16

17

18     PETER W. BOWIE, Chief Judge
       United States Bankruptcy Court

19

20

21

22

23

24  ────────────────────

25     [1]  In his opposition to the motion for summary judgment,
    Lopez alleges another, previously undisclosed creditor – Curd,
    Galindo & Smith, LLP.  Even if this creditor were included, the
26  number would still be insufficient to require more than one
    petitioning creditor.

                          - 15 -

                                              0023

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

In re Case No. 05-05926-PBINV

**CERTIFICATE OF MAILING**

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

was enclosed in a sealed envelope bearing the lawful frank of the Bankruptcy Judges and mailed to each of the parties at their respective address listed below:

Attorney for Alleged Debtor:

M. Jonathan Hayes, Esq.
21800 Oxnard Street, Ste. 840
Woodland Hills, CA 91367

Attorney for Petitioning
Creditor Alan Stanly:

L. Scott Keehn, Esq.
530 B Street, Suite 2400
San Diego, CA 92101

Said envelope(s) containing such document were deposited by me in a regular United States mail box in the City of San Diego, in said district on September 26, 2006.

Barbara J. Kelly, Judicial Assistant

0024

PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On February 6, 2008, I served the within documents:

**NOTICE OF APPEAL BY ALLEGED DEBTOR TO ORDER FOR RELIEF**

by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

..     by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

..     by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

..     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
KEEHN & Assoc, APC
402 W. Broadway, Suite 1210
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 6, 2008, at Los Angeles, California.

_____
MJ Hayes

Document B

0 0 2 6

mDismiss, TRNS, Appeal, MiscTick, ExTime

# U.S. Bankruptcy Court
## Southern District of California (San Diego)
### Bankruptcy Petition #: 05-05926-PB7

*Assigned to:* Chief Judge Peter W. Bowie
Chapter 7
Involuntary
No asset

*Date Filed:* 06/30/2005

| | |
|---|---|
| **Alleged Debtor**<br>**Francis J. Lopez**<br>310 Sand Myrtle Trail<br>Destin, FL 32541-3429<br>SSN: xxx-xx-1124 | represented by **M. Jonathan Hayes**<br>Law Office of M. Jonathan Hayes<br>21800 Oxnard St.<br>Suite 840<br>Woodland Hills, CA 91367<br>(818) 710-3656<br>Fax : (818) 710-3659 |
| **Petitioning Creditor**<br>**Alan Stanly**<br>1569 Berkshire Court<br>San Marcos, CA 92069 | represented by **L. Scott Keehn**<br>Keehn & Associates, APC<br>402 West Broadway, Suite 1210<br>San Diego, CA 92101<br>(619) 400-2200<br>Email: scottk@keehnlaw.com |
| **Petitioning Creditor**<br>**Northwest Florida Daily News**<br>200 Racetrack Rd.<br>Ft. Walton Beach, FL 32549 | represented by **L. Scott Keehn**<br>(See above for address) |
| **Petitioning Creditor**<br>**Alternative Resolution Center**<br>11601 Wilshire Blvd.<br>Suite 1950<br>Los Angeles, CA 90025 | represented by **L. Scott Keehn**<br>(See above for address) |
| **Trustee**<br>**Leslie T. Gladstone**<br>5580 La Jolla Boulevard, #613<br>La Jolla, CA 92037-7651<br>858-454-9887 | |

| Filing Date | # | Docket Text |
|---|---|---|
| | | |

0 0 2 7

| 06/30/2005 | 1 | Involuntary Chapter 7 Petition. Fee Amount $ 209. Filed by L. Scott Keehn on behalf of Francis J. Lopez. (Schmitt, T.) Additional attachment(s) added on 6/30/2005 (Cruz, L.). (Entered: 06/30/2005) |
| --- | --- | --- |
| 06/30/2005 | 2 | Receipt of Statement of Social Security Number *for Alleged Debtor Francis J. Lopez* filed by L. Scott Keehn on behalf of Alan Stanly. (Cruz, L.) (Entered: 06/30/2005) |
| 06/30/2005 | 3 | Summons Issued to Debtor in Involuntary Case filed by L. Scott Keehn on behalf of Alan Stanly. (Cruz, L.) (Entered: 06/30/2005) |
| 06/30/2005 | 4 | Receipt of Involuntary Filing Fee - $209.00 by TS. Receipt Number 00185481. (Admin.) (Entered: 06/30/2005) |
| 07/01/2005 | 5 | Summons Served to Debtor in Involuntary Case with Proof of Service Francis J. Lopez 6/30/2005, Answer Due 7/20/2005 filed by L. Scott Keehn on behalf of Alan Stanly. (McGrew, J.) (Entered: 07/01/2005) |
| 07/20/2005 | 6 | Motion to Dismiss Case, *Or,* Motion to Transfer Involuntary Petition *; Declaration of Francis J. Lopez* filed by M. Jonathan Hayes on behalf of Francis J. Lopez (Cruz, L.) Modified on 7/20/2005 (Cruz, L.). (Entered: 07/20/2005) |
| 07/20/2005 | 7 | Notice of Hearing and Motion with Certificate of Service *RE: Motion to Dismiss or Transfer Involuntary Petition* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. HEARING Scheduled for 8/22/2005 at 10:00 AM at Courtroom 4, Room 328, Weinberger Courthouse. Notice of Motion and Hearing Served On: 7/19/2005. Unless an Order Shortening Time has been entered, Opposition due by: 8/5/2005. (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue) (Cruz, L.) (Entered: 07/20/2005) |
| 08/05/2005 | 8 | Opposition *Memorandum of Points and Authorities to Motion to Dismiss or Transfer Involuntary Petition* (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue, 7 Notice of Hearing and Motion, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Evidentiary Objections to Declaration of Francis J. Lopez# 2 Request for Judicial Notice Submitted in Opposition to Motion to Dismiss or Transfer Involuntary Petition# 3 Declaration of Timothy P. Dillon Submitted in Opposition to Motion to Dismiss or Transfer Involuntary Petition# 4 Declaration of Alan Stanly in Opposition to Motion to Dismiss or Transfer Involuntary Petition# 5 Proof of Service) (Keehn, L.) (Entered: 08/05/2005) |
| 08/09/2005 | 9 | Notice of Errata *to Request for Judicial Notice Submitted in Opposition to Motion to Dismiss or Transfer Involuntary Petition* filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Errata to Memorandum of Points and Authorities in Opposition to |

0 0 2 8

| | | |
|---|---|---|
| | | Motion to Dismiss or Transfer Involuntary Petition# 2 Proof of Service) (related documents 8 Opposition,, ) (Keehn, L.) (Entered: 08/09/2005) |
| 08/16/2005 | 10 | Reply *to Opposition to Motion to Dismiss or Transfer Involuntary Petition; Declaration of Francis J Lopez.* (related documents 8 Opposition,,, 6 Motion to Dismiss Case, Motion to Transfer Venue) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 08/16/2005) |
| 08/18/2005 | 11 | *Supplemental* Request for Judicial Notice *Submitted in Opposition to Motion to Dismiss or Transfer Involuntary Petition* filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue, 7 Notice of Hearing and Motion, ) (Keehn, L.) (Entered: 08/18/2005) |
| 08/19/2005 | 12 | *Petitioning Creditor Alan Stanly's Ex Parte Application for Order Allowing Him to File Evidentiary Objections to Declaration of Francis J. Lopez in Reply to Opposition to Motion to Dismiss or Transfer Involuntary Petition* filed by L. Scott Keehn on behalf of Alan Stanly (Attachments: # 1 Proof of Service) (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue, 7 Notice of Hearing and Motion, ) (Keehn, L.) (Entered: 08/19/2005) |
| 08/22/2005 | 13 | Order Not Approved Re: Application to Allow Petitioning Creditor Alan Stanly to File Evidentiary Objections to Declaration of Francis J. Lopez in Reply to Opposition to Motion to Dismiss or Transfer Involuntary Petition (Related Doc # 12) signed on 8/22/2005. (Cruz, L.) (Entered: 08/22/2005) |
| 08/22/2005 | 14 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Movant and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 13 Generic Order re: Application, ) (Cruz, L.) (Entered: 08/22/2005) |
| 08/22/2005 | 15 | Minute Order. DISPOSITION(s): Called and continued to 8/22/05 @ 2:30 PM. HEARING Scheduled for 8/22/2005 at 02:30 PM at Courtroom 4, Room 328, Weinberger Courthouse (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue) (Cruz, L.) (Entered: 08/22/2005) |
| 08/22/2005 | 16 | Minute Order. DISPOSITION(s): Motion denied without prejudice; Order to be prepared by Keehn. Answer due 9/7. (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue) (Cruz, L.) (Entered: 08/23/2005) |

0 0 2 9

| | | |
|---|---|---|
| 08/24/2005 | <u>17</u> | Notice of Lodgment of Order *DENYING (WITHOUT PREJUDICE) ALLEGED DEBTOR'S MOTION TO DISMISS OR TRANSFER INVOLUNTARY PETITION TO THE NORTHERN DISTRICT OF FLORIDA* with Service filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Proof of Service) (related documents <u>16</u> Minute Order) (Keehn, L.) (Entered: 08/24/2005) |
| 08/25/2005 | 18 | Request for Special Notice c/o Becket and Lee, LLP P.O. Box 3001 Malvern, PA 19355-0701 , filed by Gilbert B. Weisman on behalf of American Express Bank, FSB (Weisman, Gilbert) (Entered: 08/25/2005) |
| 08/25/2005 | 19 | Request for Special Notice c/o Becket and Lee, LLP P.O. Box 3001 Malvern, PA 19355-0701 , filed by Gilbert B. Weisman on behalf of American Express Travel Related Svcs Co Inc Corp Card (Weisman, Gilbert) (Entered: 08/25/2005) |
| 09/01/2005 | <u>20</u> | Order Denying (Without Prejudice) Alleged Debtor's Motion to Dismiss or Transfer Involuntary Petition to the Northern District of Florida AND Ordering Alleged Debtor to Answer Petition on or before 9/7/05. (Related Doc # <u>6</u>) signed on 9/1/2005. (previously lodged on 8/24/05 by Alan Stanly) (Cruz, L.) (Entered: 09/01/2005) |
| 09/01/2005 | <u>21</u> | Notice of Entry of Judgment or Order (related documents <u>20</u> Order ) (Cruz, L.) (Entered: 09/01/2005) |
| 09/07/2005 | <u>22</u> | Answer to Involuntary Petition (related documents <u>1</u> Involuntary Chapter 7 Petition) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 09/07/2005) |
| 09/07/2005 | <u>23</u> | Transcript of Hearing Held on 8/22/05 (related documents <u>16</u> Minute Order) (Cruz, L.) (Entered: 09/07/2005) |
| 09/08/2005 | <u>24</u> | Notice of Status Conference on Involuntary Petition and Answer HEARING Scheduled for 10/12/2005 at 10:00 AM at Courtroom 4, Room 328, Weinberger Courthouse (related documents <u>1</u> Involuntary Chapter 7 Petition, <u>22</u> Answer to Involuntary Petition) (Cruz, L.) (Entered: 09/08/2005) |
| 09/19/2005 | <u>25</u> | Declaration *of Francis J. Lopez RE Creditors* (related documents <u>22</u> Answer to Involuntary Petition) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 09/20/2005) |
| 10/12/2005 | <u>26</u> | Minute Order. DISPOSITION(s): Status Conference Hearing Continued. HEARING Scheduled for 11/29/2005 at 02:00 PM at |

0030

| | | |
|---|---|---|
| | | Courtroom 4, Room 328, Weinberger Courthouse (related documents <u>1</u> Involuntary Petition, <u>22</u> Answer to Involuntary Petition) (Cruz, L.) (Entered: 10/13/2005) |
| 11/22/2005 | <u>27</u> | Motion *for an Order Bifurcating Trial RE Involuntary Petition; Setting a Deadline to Add New Petitioning Creditors; and Requiring the Posting of a Bond; Declaration of Francis J. Lopez* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 11/22/2005) |
| 11/22/2005 | <u>28</u> | Notice of Hearing and Motion *Re: Motion for an Order Bifurcating Trial RE Involuntary Petition; Setting a Deadline to Add New Petitioning Creditors; and Requiring the Posting of a Bond* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. HEARING Scheduled for 12/19/2005 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse (related documents <u>27</u> Generic Application or Motion, ) (Cruz, L.) (Court Note: No Certificate of Service - Defective) Modified on 11/22/2005 (Cruz, L.). (Entered: 11/22/2005) |
| 11/22/2005 | <u>29</u> | Request for Notification of Errors/Deficiencies(BNC) (related documents <u>28</u> Notice of Hearing and Motion, ) (Cruz, L.) (Entered: 11/22/2005) |
| 11/22/2005 | <u>30</u> | Stipulation & Order GRANTED to Continue Status Conference HEARING Scheduled for 12/19/2005 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse (related documents <u>1</u> Involuntary Chapter 7 Petition) signed on 11/22/2005. (Cruz, L.) Modified on 12/8/2005 (Cruz, L.). (Entered: 11/22/2005) |
| 11/22/2005 | <u>31</u> | Court Certificate of Mailing (related documents <u>29</u> Request for Notification of Errors/Deficiencies) Service Date 11/24/2005. (Admin.) (Entered: 11/24/2005) |
| 12/05/2005 | <u>32</u> | Opposition *to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition; Setting Deadline to Add New Petition Creditors; and Requiring the Posting of a Bond* (related documents <u>27</u> Generic Application or Motion, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Pleading Request for Judicial Notice in Opposition to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition; Setting Deadline to Add New Petition Creditors; and Requiring the Posting of a Bond# <u>2</u> Declaration Declaration of L. Scott Keehn in Opposition to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition; Setting Deadline to Add New Petition Creditors; and Requiring the Posting of a Bond# <u>3</u> Declaration Declaration of Michael V. Pundeff in Opposition to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition; Setting Deadline to Add New Petition Creditors; and Requiring the Posting of a Bond# <u>4</u> |

0031

| | | Exhibit Exhibits to Michael V. Pundeff Declaration# 5 Declaration Declaration of Sarah H. Lanham in Opposition to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition; Setting Deadline to Add New Petition Creditors; and Requiring the Posting of a Bond# 6 Pleading Evidentiary Objections to Declaration of Francis J. Lopez in Support of Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition; Setting Deadline to Add New Petition Creditors; and Requiring the Posting of a Bond# 7 Proof of Service) (Keehn, L.) (Entered: 12/05/2005) |
|---|---|---|
| 12/06/2005 | 33 | Amended Notice of Hearing and Motion with Certificate of Service *Re: Motion by Alleged Debtor for an Order Bifurcating Trial RE: Involuntary Petition; Setting a Deadline to Add New Petitioning Creditors; and Requiring the Posting of a Bond* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. HEARING Scheduled for 12/19/2005 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse. Notice of Motion and Hearing Served On: 11/30/2005. Unless an Order Shortening Time has been entered, Opposition due by: 12/19/2005. (related documents 27 Generic Application or Motion, ) (Cruz, L.) (Entered: 12/06/2005) |
| 12/06/2005 | 34 | Errata *to* Memorandum of Points and Authorities In Opposition to Motion by Alleged Debtor for an Order Bifurcating Trial re Involuntary Petition; Setting Deadline to Add New Petition Creditors; and Requiring the Posting of a Bond (related documents 32 Opposition,,,,,, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.) (Entered: 12/06/2005) |
| 12/19/2005 | 35 | Minute Order. DISPOSITION(s): Bifurcation granted as to number of creditors; bond request withdrawn, hearing on motion and Status Conference continued. HEARING Scheduled for 1/23/2006 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse (related documents 24 Notice of Status Conference on Involuntary Petition and Answer,, 27 Generic Application or Motion, ) (Freyer, J.) (Entered: 12/19/2005) |
| 12/21/2005 | 36 | *Northwest Florida Daily News'* Joinder *in Involuntary Petition for Francis J. Lopez* (related documents 1 Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Northwest Florida Daily News. (Attachments: # 1 Proof of Service) (Keehn, L.) (Entered: 12/21/2005) |
| 12/29/2005 | 37 | *Alternative Resolution Center's* Joinder *In Involuntary Petition For Francis J. Lopez* (related documents 1 Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Alternative Resolution Center. (Attachments: # 1 Proof of Service) (Keehn, L.) (Entered: 12/29/2005) |

0 0 3 2

| 01/23/2006 | 38 | Minute Order. DISPOSITION(s): 1 & 2) Continued. HEARING Scheduled for 3/20/2006 at 02:00 PM at Courtroom 4, Room 328, Weinberger Courthouse (related documents 1 Involuntary Petition 22 Answer to Involuntary Petition, 27 Generic Application or Motion, ) (Cruz, L.) (Entered: 01/23/2006) |
| --- | --- | --- |
| 03/20/2006 | 39 | Minute Order. DISPOSITION(s): 1) Motion Off Calendar; 2) Status Conference RE Involuntary Petition & Answer -- Continued to 4/3/06 at 11:00 a.m. to trial hearings on Alleged Debtor's Motion for Protective Order & proposed Motion to Dismiss Case. Parties stipulated to a hearing on the motions on 4/3/06 at 11:00 a.m. Motions to be filed & served by 3/24/06; opposition to Protective Order to be filed and served by 5pm, 3/29/06. Keehn reserves right to object to a hearing on the Motion to Dismiss. HEARING Scheduled for 4/3/2006 at 11:00 AM at Courtroom 4, Room 328, Weinberger Courthouse (related documents 1 Involuntary Petition 22 Answer to Involuntary Petition, 27 Motion to Set Deadline to Add New Petitioning Creditors) (Cruz, L.) (Entered: 03/21/2006) |
| 03/27/2006 | 40 | Motion to Dismiss *Involuntary Petition; Declarations of Francis J. Lopez, M. Jonathan Hayes* filed by M. Jonathan Hayes on behalf of Francis J. Lopez (Cruz, L.) Modified on 3/27/2006 (Cruz, L.). (Entered: 03/27/2006) |
| 03/27/2006 | 41 | Notice of Motion and Motion *of Alleged Debtor for a Protective Order Pursuant to FRCP 26(c) and to Quash Subpoena; Declarations of M. Johnathan Hayes, Francis J. Lopez* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. HEARING Scheduled for 4/3/2006 at 11:00 AM at Courtroom 4, Room 328, Weinberger Courthouse (Cruz, L.) (Entered: 03/27/2006) |
| 03/29/2006 | 42 | Opposition *Alan Stanly's Memorandum of Points and Authorities in Opposition to Motion for Protective Order and to Quash Subpoena* (related documents 41 Notice of Motion and Motion, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 03/29/2006) |
| 03/29/2006 | 43 | Opposition *Alan Stanly's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Involuntary Petition* (related documents 40 Motion to Dismiss Case) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 03/29/2006) |
| 03/29/2006 | 44 | Declaration *of Alan Stanly* in Opposition (related documents 40 Motion to Dismiss Case) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Exhibit 1 through Exhibit 4# 2 Exhibit 5# 3 Exhibit 6) (Keehn, L.) (Entered: 03/29/2006) |
| 03/29/2006 | 45 | Proof of Service (related documents 44 Declaration in Opposition, 43 |

0033

| | | |
|---|---|---|
| | | Opposition, 42 Opposition, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 03/29/2006) |
| 03/29/2006 | 46 | Proof of Service (related documents 44 Declaration in Opposition, 43 Opposition, 42 Opposition, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 03/29/2006) |
| 03/30/2006 | 47 | *Verified* Ex Parte Application *For Appointment Of Trustee; Supporting Memorandum of Points & Authorities; Declaration of Leslie F. Keehn* filed by L. Scott Keehn on behalf of Alan Stanly (Keehn, L.) Modified on 4/3/2006 (Cruz, L.). (Entered: 03/30/2006) |
| 04/03/2006 | 48 | Minute Order. DISPOSITION(s): 1) Granted as stated on the record, Contested, Order/Hayes; 2) Denied, Contested, Order/Hayes; 3) Status Conference continued. No Chapter 7 trustee to be appointed at this time. Order Prohibiting Sale to be signed off by Keeyn. Status Conference HEARING Scheduled for 5/1/2006 at 03:00 PM at Courtroom 4, Room 328, Weinberger Courthouse (Related documents 1) 41 Motion for Protective Order & to Quash Subpoena, 2) 40 Motion to Dismiss Case, 3) 1 Involuntary Petition) (Cruz, L.) (Entered: 04/03/2006) |
| 04/06/2006 | 49 | Stipulation *for Entry of Consent Order Enjoining Sale or Transfer of Debtor's Real Property* filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 04/06/2006) |
| 04/06/2006 | 50 | Consent Order GRANTED, Enjoining Sale or Transfer of Real Property Located at 310 Sand Myrtle Trail, Destin, Florida, 32541 (related documents 49 Stipulation) signed on 4/6/2006. (Cruz, L.) (Entered: 04/06/2006) |
| 04/06/2006 | 51 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Movant and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 50 Order) (Cruz, L.) (Entered: 04/06/2006) |
| 04/07/2006 | 52 | Amended Consent Order GRANTED, Enjoining Sale or Transfer of Real Property Located at 310 Sand Myrtle Trail, Destin, Florida, 32541 (related documents 49 Stipulation) signed on 4/7/2006. (Cruz, L.) (Entered: 04/07/2006) |
| 04/07/2006 | 53 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Movant and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 52 Order) (Cruz, L.) (Entered: 04/07/2006) |

0 0 3 4

| 04/11/2006 | 54 | Notice of Change in Date Fixed for Trial/Hearing HEARING Scheduled for 5/4/2006 at 10:00 AM at Courtroom 4, Room 328, Weinberger Courthouse (related documents 1 Involuntary Chapter 7 Petition) (Braxton, F.) (Entered: 04/12/2006) |
|---|---|---|
| 05/04/2006 | 55 | Minute Order. DISPOSITION(s): Status Conference on Involuntary Petition and Answer continued, motion and cross motion for summary judgement may be noticed for same date and time. HEARING Scheduled for 6/26/2006 at 02:00 PM at Courtroom 4, Room 328, Weinberger Courthouse (Freyer, J.) (Entered: 05/05/2006) |
| 05/29/2006 | 56 | *Petitioning Creditors'* Notice of Hearing and Motion *for Summary Judgment on Bifurcated Phase 1 or, Alternatively, Summary Adjudication of Facts Not Subject to Material Dispute* filed by L. Scott Keehn on behalf of Alan Stanly (Attachments: # 1 Memorandum of Points and Authorities In Support of Petitioning Creditors' Motion for Summary Judgment# 2 Separate Statement of Undisputed Material Facts# 3 Declaration of Petitioning Creditor Alan Stanly# 4 Declaration of Leslie F. Keehn) Hearing Scheduled for 6/26/06 at 2:00pm, Dept. 4) (Keehn, L.) Modified on 5/30/2006 (Cruz, L.). (Entered: 05/29/2006) |
| 05/29/2006 | 57 | *Declaration of L. Scott Keehn in Support of* Motion for Summary Judgment *(without Exhibits)* filed by L. Scott Keehn on behalf of Alan Stanly (related documents 56 Motion for Summary Judgment, ) (Keehn, L.) (Entered: 05/29/2006) |
| 05/29/2006 | 58 | *Exhibit A to Declaration of L. Scott Keehn in support of* Motion for Summary Judgment filed by L. Scott Keehn on behalf of Alan Stanly (related documents 57 Motion for Summary Judgment) (Keehn, L.) (Entered: 05/29/2006) |
| 05/29/2006 | 59 | *Exhibits C through N to Declaration of L. Scott Keehn in support of* Motion for Summary Judgment filed by L. Scott Keehn on behalf of Alan Stanly (related documents 57 Motion for Summary Judgment) (Keehn, L.) (Entered: 05/29/2006) |
| 05/29/2006 | 60 | *Exhibit B to Declaration of L. Scott Keehn in support of* Motion for Summary Judgment filed by L. Scott Keehn on behalf of Alan Stanly (related documents 57 Motion for Summary Judgment) (Keehn, L.) (Entered: 05/29/2006) |
| 05/29/2006 | 61 | HEARING Scheduled for 6/26/2006 at 02:00 PM at Courtroom 4, Room 328, Weinberger Courthouse (related documents 56 Notice of Hearing and Motion for Summary Judgment, , ) (Cruz, L.) (Entered: 05/30/2006) |
| 06/01/2006 | 62 | Notice of Hearing and Motion with Certificate of Service *for* |

0035

| | | |
|---|---|---|
| | | *summary judgement and to dismiss involuntary peitition with declaration and exhibits in support* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. HEARING Scheduled for 6/26/2006 at 02:00 PM at Courtroom 4, Room 328, Weinberger Courthouse. Notice of Motion and Hearing Served On: 5/29/2006. Unless an Order Shortening Time has been entered, Opposition due by: 6/15/2006. (Attachments: # <u>1</u> Separate Statement of undisputed facts in support) (Freyer, J.) (Entered: 06/01/2006) |
| 06/01/2006 | <u>63</u> | Supplemental *Proof of Service for* Motion for Summary Judgment filed by L. Scott Keehn on behalf of Alan Stanly (related documents <u>57</u> Motion for Summary Judgment, <u>58</u> Motion for Summary Judgment, <u>56</u> Motion for Summary Judgment,,, <u>59</u> Motion for Summary Judgment, <u>60</u> Motion for Summary Judgment) (Keehn, L.) (Entered: 06/01/2006) |
| 06/13/2006 | <u>64</u> | Opposition *to Summary Judgment* (related documents <u>56</u> Motion for Summary Judgment,, ) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 06/13/2006) |
| 06/13/2006 | <u>65</u> | Response *to Moving Party Separate Statement of Undisputed Facts in Support of Motion by Alleged Debtor for Summary Judgment* (related documents <u>56</u> Motion for Summary Judgment,, ) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 06/13/2006) |
| 06/13/2006 | <u>66</u> | Declaration *of Francis Lopez* in Opposition *to Petitioning Creditor's Motion for Summary Judgment* (related documents <u>56</u> Motion for Summary Judgment,, ) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 06/13/2006) |
| 06/14/2006 | <u>67</u> | Notice of Errata *to the Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Summary Judgment (Bifurcated Phase - 1)* filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # <u>1</u> Proof of Service) (related documents <u>56</u> Motion for Summary Judgment,, ) (Keehn, L.) (Entered: 06/14/2006) |
| 06/15/2006 | <u>68</u> | Opposition *by Petitioning Creditors to Alleged Debtor's Motion for Summary Judgment* (related documents <u>62</u> Notice of Hearing and Motion,, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Creditors' Separate Statement of Undisputed Material Facts# <u>2</u> Evidentiary Objections & Motion to Strike Portions of the Declaration of Francis J. Lopez# <u>3</u> Declaration of Alan Stanly# <u>4</u> Declaration of Cynthia K. Lay) (Keehn, L.) (Entered: 06/15/2006) |
| | | |

0036

| 06/15/2006 | 69 | Declaration *of L. Scott Keehn in Opposition to Alleged Debtor's Motion for Summary Judgment* (related documents 62 Notice of Hearing and Motion,, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 06/15/2006) |
| --- | --- | --- |
| 06/15/2006 | 70 | Proof of Service (related documents 69 Declaration, 68 Opposition, ) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) (Entered: 06/15/2006) |
| 06/15/2006 | 71 | Notice of Errata *to the Memorandum of Points and Authorities in Opposition to Alleged Debtor's Motion for Summary Judgment [Docket Item 68]* filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (related documents 68 Opposition, ) (Keehn, L.) (Entered: 06/15/2006) |
| 06/15/2006 | 72 | Proof of Service (related documents 71 Notice of Errata, ) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) (Entered: 06/15/2006) |
| 06/21/2006 | 73 | *Petitioning Creditors'* Memorandum of Points & Authorities in Reply *to Lopez's Opposition to Motion for Summary Judgment* (related documents 56 Motion for Summary Judgment, 64 Opposition, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Creditors Separate Statement of Undisputed Facts in Reply to Opposition to Motion for Summary Judgment# 2 Evidentiary Objections and Motion to Strike) (Keehn, L.) Modified on 6/22/2006 (Cruz, L.). (Entered: 06/21/2006) |
| 06/26/2006 | 76 | Minute Order. DISPOSITION(s): 1 & 2) Simultaneous Briefs not to exceed 5 pages re: Section 549 transfers to be filed and served on 7/7/06. No reply. Matter will then be under submission. Contested; 3) To be re-set, if needed. (related documents 1) 62 Notice of Hearing and Motion for Summary Judgment, 2) 56 Motion for Summary Judgment, 3) 1 Involuntary Petiton, 22 Answer to Involuntary Petition) (Cruz, L.) (Entered: 06/27/2006) |
| 06/27/2006 | 74 | Proof of Service *of electronic transmission* (related documents 73 Reply, ) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) (Entered: 06/27/2006) |
| 06/27/2006 | 75 | *Supplemental* Proof of Service (related documents 73 Reply, ) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) (Entered: 06/27/2006) |

0 0 3 7

| 07/07/2006 | 77 | Brief *of Alleged Debtor RE Burden of Proof Under Section 549* (related documents 62 Notice of Hearing and Motion,, ) filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 07/07/2006) |
|---|---|---|
| 07/07/2006 | 78 | Supplemental Memorandum of Points and Authorities *re Burden of Proof With Respect to Post-Petition Transfers Made Avoidable By 11 U.S.C. Section 549* filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) Modified on 7/10/2006 (Cruz, L.). (Entered: 07/07/2006) |
| 07/07/2006 | 79 | Proof of Service filed by L. Scott Keehn on behalf of Alan Stanly. (Related document 78 Memorandum of Points and Authorities) (Keehn, L.) Modified on 7/10/2006 (Cruz, L.). (Entered: 07/07/2006) |
| 07/20/2006 | 80 | *Richard Kipperman's* Joinder *In Involuntary Petition For Francis J. Lopez* filed by L. Scott Keehn on behalf of Richard M Kipperman, Chapter 7 Trustee. (Keehn, L.) (Entered: 07/20/2006) |
| 07/20/2006 | 81 | Suggestion of Mootness filed by L. Scott Keehn on behalf of Alan Stanly. (related documents 62 Notice of Hearing and Motion,, ) (Keehn, L.) (Entered: 07/20/2006) |
| 07/21/2006 | 82 | Proof of Service (related documents 80 Joinder, 81 Notice (miscellaneous)) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) Modified on 7/24/2006 (Cruz, L.). (Entered: 07/21/2006) |
| 07/24/2006 | 83 | Order on Suggestion of Mootness (related documents 81 Notice (miscellaneous)) signed on 7/24/2006. (w/svc) (Cruz, L.) (Entered: 07/25/2006) |
| 07/28/2006 | 84 | Response *to suggestion of mootness with declarations in support by J Hayes and F J Lopez* (related documents 83 Order, 81 Notice (miscellaneous), 80 Joinder) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Freyer, J.) (Entered: 07/28/2006) |
| 09/19/2006 | 85 | Substitution of Attorney: L Scott Keehn (Keehn & Associates APC) Substituted as Attorney for Alan Stanly. Involvement of L Scott Keehn (Robbins & Keehn APC) Terminated. filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 9/20/2006 (McGrew, J.). (Entered: 09/19/2006) |
| 09/26/2006 | 86 | Order on Motion for Summary Judgment (GRANTING Stanly's Motion for Summary Judgment & DENYING Lopez's Motion for Summary Judgment) (related documents 56, 62) signed on 9/26/2006; w/Certificate of Mailing. (McGrew, J.). Modified on 9/27/2006 |

0 0 3 8

| | | |
|---|---|---|
| | | (McGrew, J.). (Entered: 09/26/2006) |
| 09/26/2006 | 87 | Certificate of Mailing re Order on Motion for Summary Judgment (related documents 86 Order re: Motion for Summary Judgment) (McGrew, J.) (Entered: 09/27/2006) |
| 09/27/2006 | 88 | Notice of Status Conference on Involuntary Petition and Answer (w/service) -- **HEARING Scheduled for 10/30/2006 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents 1 Involuntary Chapter 7 Petition) (McGrew, J.) (Entered: 09/28/2006) |
| 10/30/2006 | 89 | **Minute Order. Hearing DATE: 10/30/2006, MATTER: STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER. DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (34450)). **HEARING Scheduled for 01/29/2007 at 10:00 AM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents 1 Involuntary Chapter 7 Petition) (Wilkinson, M.) (Entered: 10/30/2006) |
| 01/29/2007 | 90 | **Minute Order. Hearing DATE: 01/29/2007, MATTER: STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER (fr. 10/30/06). DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (35936)). **HEARING Scheduled for 03/12/2007 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents 1 Involuntary Chapter 7 Petition) (Wilkinson, M.) (Entered: 01/29/2007) |
| 01/29/2007 | 91 | Notice of Hearing and Motion *(re Motion to Compel Supplemental Responses to Written Discovery for Phase II of the Bifurcated Proceedings)* filed by L. Scott Keehn on behalf of Alternative Resolution Center, Richard M Kipperman, Chapter 7 Trustee, Northwest Florida Daily News, Alan Stanly -- **HEARING Scheduled for 3/12/2007 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** (Attachments: # 1 Memorandum of Points and Authorities in Support; # 2 Declaration of L. Scott Keehn in Support; # 3 Proof of Service) (Keehn, L.). Modified on 1/30/2007 (McGrew, J.). (Entered: 01/29/2007) |
| 01/30/2007 | 92 | Hearing re Motion to Compel Supplemental Responses to Written Discovery for Phase II of the Bifurcated Proceedings -- **HEARING Scheduled for 3/12/2007 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse.** (related documents 91 Motion to Compel). (McGrew, J.) (Entered: 01/30/2007) |
| 03/12/2007 | 93 | **Minute Order. Hearing DATE: 03/12/2007, MATTER: PETITIONING CREDITORS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO WRITTEN DISCOVERY FOR** |

0 0 3 9

| | | |
|---|---|---|
| | | PHASE II OF THE BIFURCATED PROCEEDINGS and STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER (fr. 1/29/07). **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (40482)). **HEARING Scheduled for 05/11/2007 at 09:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents <u>91</u> Motion to Compel, ,, <u>1</u> Involuntary Chapter 7 Petition) (Wilkinson, M.) (Entered: 03/12/2007) |
| 03/19/2007 | <u>94</u> | Notice of Lodgment of Order *(re Order Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; Deferring Ruling on Sanctions Against Alleged Debtor Francis J Lopez; and Continuing Hearing Date)* with Service. filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Proof of Service) (related documents <u>91</u> Motion to Compel) (Keehn, L.). *(\*COURT NOTE: PDF Error - Proposed Lodged Order not attached).* Modified on 3/20/2007 (McGrew, J.). (Entered: 03/19/2007) |
| 03/19/2007 | <u>95</u> | Notice of Lodgment of Order *(re Order Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; Deferring Ruling on Sanctions Against Alleged Debtor Francis J Lopez; and Continuing Hearing Date)* with Service. filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Amended Proof of Service) (related documents <u>91</u> Motion to Compel) (Keehn, L.). Modified on 3/20/2007 (McGrew, J.). (Entered: 03/19/2007) |
| 04/13/2007 | <u>96</u> | Declaration in Support *of Entry of Order and Continued Hearing Date (re Order Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; Deferring Ruling on Sanctions Against Alleged Debtor Francis J Lopez; and Continuing Hearing Date)* (related documents <u>95</u> Notice of Lodgment of Order, <u>91</u> Motion to Compel) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # <u>1</u> Declaration of Mark Laemmle in Support; # <u>2</u> Proof of Service) (Keehn, L.). Modified on 4/18/2007 (McGrew, J.). (Entered: 04/13/2007) |
| 04/13/2007 | <u>97</u> | Notice of Hearing and Motion with Certificate of Service. *(re Motion for Order: (1) Striking the Debtor's Answer; (2) Entering an Order for Relief; and (3) Imposing Monetary Sanctions Against the Debtor)* filed by L. Scott Keehn on behalf of Alan Stanly -- **HEARING Scheduled for 5/11/2007 at 09:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** . Notice of Motion and Hearing Served On: 4/13/2007. Unless an Order Shortening Time has been entered, Opposition due by: 4/30/2007. (Attachments: # <u>1</u> Memorandum of Points and Authorities in Support; # <u>2</u> Declaration of L. Scott Keehn in Support; # <u>3</u> Proof of Service) (Keehn, L.). Modified on 4/18/2007 |

**0 0 4 0**

| | | |
|---|---|---|
| | | (McGrew, J.). (Entered: 04/13/2007) |
| 04/13/2007 | 98 | Order (GRANTED) (1) Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; (2) Deferring Fuling on Sanctions Against Alleged Debtor Francis J Lopez; and (3) Continuing Hearing Date (related documents 95 Notice of Lodgment,94 Notice of Lodgment, 91 Motion to Compel, 96 Declaration) signed on 4/13/2007. (PREVIOUSLY LODGED 3/19/07) (Braxton, F.). Modified on 4/19/2007 (McGrew, J.). (Entered: 04/16/2007) |
| 04/16/2007 | 99 | Notice of Entry of Judgment or Order (related documents 98 Order, ) (Braxton, F.) (Entered: 04/16/2007) |
| 04/16/2007 | 100 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 98 Order, ) (Braxton, F.) (Entered: 04/16/2007) |
| 04/16/2007 | 101 | Hearing -- **HEARING Scheduled for 5/11/2007 at 09:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents 91 Motion to Compel) (Braxton, F.) (Entered: 04/16/2007) |
| 04/18/2007 | 102 | Notice *of Withdrawal of Petitioning Creditors' Motion for an Enforcement Order: (1) Striking the Debtor's Answer; (2) Entering an Order for Relief; and (3) Imposing Monetary Sanctions Against the Debtor* and Taking Matter Off Calendar. Hearing Date and Time: 05/11/07 at 9:30 a.m. Dept: 4 filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (related documents 97 Notice of Hearing and Motion, ) (Keehn, L.) (Entered: 04/18/2007) |
| 04/18/2007 | 103 | Amended Notice *of Withdrawal of Petitioning Creditors' Motion for an Enforcement Order: (1) Striking the Debtor's Answer; (2) Entering an Order for Relief; and (3) Imposing Monetary Sanctions Against the Debtor; and Request to Take Hearing Off Calendar* and Taking Matter Off Calendar. Hearing Date and Time: 05/11/07 at 9:30 a.m. Dept: 4 filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (related documents 97 Notice of Hearing and Motion,, 102 Notice and Taking Matter Off Calendar,, ) (Keehn, L.) (Entered: 04/18/2007) |
| 05/11/2007 | 104 | **Minute Order. Hearing DATE: 05/11/2007**, MATTER: STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER (fr. 3/12/07). **DISPOSITION: See Attached PDF document for** |

0 0 4 1

| | | |
|---|---|---|
| | | details. (vCal Hearing ID (43023)). **HEARING Scheduled for 06/25/2007 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents 1 Involuntary Chapter 7 Petition) (Wilkinson, M.) (Entered: 05/11/2007) |
| 05/24/2007 | 105 | Notice of Hearing and Motion with Certificate of Service *(re Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor)* filed by L. Scott Keehn on behalf of Alan Stanly -- **HEARING Scheduled for 6/25/2007 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** . Notice of Motion and Hearing Served On: 5/24/2007. Unless an Order Shortening Time has been entered, Opposition due by: 6/11/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support; # 2 Declaration of L. Scott Keehn in Support; # 3 Exhibit A-C to Declaration; # 4 Exhibit D-I to Declaration) (Keehn, L.). Modified on 6/6/2007 (McGrew, J.). (Entered: 05/24/2007) |
| 06/13/2007 | 106 | Opposition *to Motion to Compel by Petitioning Creditor; Declarations of M. Jonathan Hayes & Francis J. Lopez.* (related documents 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 06/14/2007) |
| 06/19/2007 | 107 | Reply *to Opposition to Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor.* (related documents 106 Opposition, 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 6/25/2007 (McGrew, J.). (Entered: 06/19/2007) |
| 06/25/2007 | 108 | **Minute Order. Hearing DATE: 06/25/2007, MATTER: STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER** (fr. 5/11/07) and PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER: (1) IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR; AND (2) IMPOSING EVIDENTIARY SANCTIONS AGAINST THE DEBTOR. **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (45828)). **HEARING Scheduled for 07/31/2007 at 02:00 PM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents 1 Involuntary Chapter 7 Petition, 105 Notice of Hearing and Motion, , ) (Wilkinson, M.) (Entered: 06/25/2007) |
| 07/31/2007 | 109 | **Minute Order. Hearing DATE: 07/31/2007, MATTER: STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER** (fr. 6/25/07). **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (48367)). **HEARING Scheduled for** |

0 0 4 2

| | | |
|---|---|---|
| | | 10/01/2007 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse (related documents <u>1</u> Involuntary Chapter 7 Petition) (Wilkinson, M.) (Entered: 07/31/2007) |
| 09/07/2007 | <u>110</u> | Transcript re Hearing 6/25/2007 (RE 1) Status Conference on Involuntary Petition & Answer; 2) Petitioning Creditors' Motion for an Enforcement Order: A) Imposing Monetary Sanctions Against the Debtor; and B) Imposing Evidentiary Sanctions Against the Debtor) (related documents <u>108</u> Minute Order, <u>1</u> Involuntary Chapter 7 Petition, <u>105</u> Notice of Hearing and Motion) (McGrew, J.). Modified on 9/10/2007 (McGrew, J.). (Entered: 09/10/2007) |
| 09/27/2007 | <u>111</u> | Declaration *of L Scott Keehn: (1) Summarizing Current Status, and (2) Renewing Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents <u>105</u> Notice of Hearing and Motion, <u>1</u> Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # <u>1</u> Declaration of Timothy P. Dillon; # <u>2</u> Compendium of Exhibits in Support of Renewed Request (Exhibits 1-3); # <u>3</u> Compendium of Exhibits in Support of Renewed Request (Exhibits 4-7); # <u>4</u> Proof of Service) (Keehn, L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/27/2007) |
| 09/28/2007 | <u>112</u> | Supplemental Declaration *of L Scott Keehn in Support of Renewed Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents <u>111</u> Declaration, <u>105</u> Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # <u>1</u> Proof of Service) (Keehn, L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/28/2007) |
| 10/01/2007 | <u>113</u> | **Minute Order. Hearing DATE: 10/01/2007, MATTER: STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER (fr. 7/31/07). DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (50034)). HEARING Scheduled for 11/19/2007 at 02:00 PM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents <u>1</u> Involuntary Chapter 7 Petition) (Wilkinson, M.) (Entered: 10/01/2007) |
| 10/19/2007 | <u>114</u> | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alan Stanly, et al. -- **HEARING Scheduled for 11/19/2007 at 02:00 PM at Courtroom 4, Room 328, Weinberger Courthouse.** Notice of Motion and Hearing Served On: 10/19/2007. Unless an Order Shortening Time has been entered, Opposition due by: |

0 0 4 3

| | | |
|---|---|---|
| | | 11/5/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support; # 2 Declaration of L. Scott Keehn) (Keehn, L.). Modified on 11/1/2007 (McGrew, J.). (Entered: 10/19/2007) |
| 11/09/2007 | 115 | Opposition *to Motion for Sanctions; Declaration of Francis J Lopez in Support.* (related documents 114 Notice of Hearing and Motion,, ) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 11/13/2007) |
| 11/13/2007 | 116 | Reply *to Opposition to Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor* (related documents 114 Notice of Hearing and Motion,115 Opposition) filed by L. Scott Keehn of Keehn & Associates APC on behalf of Alan Stanly. (Attachments: # 1 Reply Declaration of L Scott Keehn in Support of Motion; # 2 Evidentiary Objections to Declaration of Francis J Lopez; # 3 Proof of Service) (Keehn, L.). Modified on 11/14/2007 (McGrew, J.). (Entered: 11/13/2007) |
| 11/19/2007 | 117 | **Minute Order. Hearing DATE: 11/19/2007,** MATTER: PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR and STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER (fr. 10/1/07). **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (52840)). **HEARING Scheduled for 01/07/2008 at 09:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** (related documents 1 Involuntary Chapter 7 Petition, 114 Notice of Hearing and Motion, , ) (McGrew, J.) (Entered: 11/20/2007) |
| 11/26/2007 | 118 | Notice of Lodgment of Order *(re Order: 1) Granting Petitioning Creditors' Motion for an Enforcement Order, etc and Imposing Specific Monetary Sanctions; 2) Setting Compliance Date for Payment of Sanctions; 3) Reserving Jurisdiction for Further Ruling on Balance of Sanctions Requested; and 4) Continuing Status Conference)* with Service filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (related documents 114 Notice of Hearing and Motion) (Keehn, L.) Modified on 11/27/2007 (McGrew, J.). (Entered: 11/26/2007) |
| 12/17/2007 | 119 | Transcript of Hearing Held on 11/19/2007. RE: 1) Status Conference on Involuntary Petition and Answer; 2) Petitioning Creditors' Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor. You are noticed that a transcript has been filed with the court. Pursuant to the Judicial Conference Policy on Privacy, access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a *Notice of Intent to Request Redaction* of any social security numbers, financial account data, |

0044

| | | |
|---|---|---|
| | | names of minor-age children, dates of birth, and home addresses. If redaction is requested, the filing party has 21 calendar days from the date the *notice of intent to request redaction* was filed to file a list of items to be redacted indicating the location of the identifiers within the transcript with the court and to provide the list to the court reporter. The transcript will be made electronically available to the general public if no request for redaction is timely filed with the court or after requested redaction are made by the court reporter. **COURT NOTE: The PDF document is Public Access.** (related documents <u>117</u> Minute Order, <u>1</u> Involuntary Petition, <u>114</u> Motion) (Cruz, L.). Modified on 1/4/2008 (McGrew, J.). (Entered: 12/17/2007) |
| 12/18/2007 | <u>120</u> | Court Certificate of Mailing (related documents <u>119</u> Transcript, , , , ) Service Date 12/20/2007. (Admin.) (Entered: 12/20/2007) |
| 12/27/2007 | <u>121</u> | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Order Imposing Terminating Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly -- **HEARING Scheduled for 1/28/2008 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse.** Notice of Motion and Hearing Served On: 12/27/2007. Unless an Order Shortening Time has been entered, Opposition due by: 1/14/2008. (Attachments: # <u>1</u> Memorandum of Points and Authorities in Support; # <u>2</u> Declaration of L Scott Keehn in Support) (Keehn, L.). Modified on 1/8/2008 (McGrew, J.). (Entered: 12/27/2007) |
| 01/02/2008 | <u>122</u> | Stipulation *to Continue Status Conference* filed by L. Scott Keehn on behalf of Alan Stanly. (related documents <u>1</u> Involuntary Chapter 7 Petition). (Keehn, L.). Modified on 1/8/2008 (McGrew, J.). (Entered: 01/02/2008) |
| 01/03/2008 | <u>123</u> | Order on Stipulation to Continue Status Conference (GRANTED) signed on 1/3/2008 -- **HEARING Continued for 1/28/2008 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse.** (related documents <u>122</u> Stipulation, <u>1</u> Involuntary Chapter 7 Petition). (McGrew, J.) (Entered: 01/03/2008) |
| 01/03/2008 | 124 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Alleged Debtor, Attorney for Alleged Debtor (Hayes), and Attorney for Petitioning Creditors (Keehn), at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents <u>123</u> Order to Continue Hearing) (McGrew, J.) (Entered: 01/03/2008) |
| 01/17/2008 | <u>125</u> | Opposition *to Petitioning Creditors' Motion for Terminating Sanctions; Declaration of Francis J Lopex in Support Thereof.* (related documents <u>121</u> Notice of Hearing and Motion,, ) filed by M. |

0 0 4 5

| | | |
|---|---|---|
| | | Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 01/17/2008) |
| 01/22/2008 | 126 | Reply *to Opposition to Motion for an Order Imposing Terminating Sanctions Against the Debtor* (related documents 125 Opposition,, 121 Notice of Hearing and Motion,, ) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Declaration of L. Scott Keehn;# 2 Declaration of Timothy P. Dillon; # 3 Declaration of Cynthia K. Lay; # 4 Evidentiary Objections to Declaration of Francis Lopez; # 5 Proof of Service) (Keehn, L.). (Entered: 01/22/2008) |
| 01/28/2008 | 127 | **Minute Order. Hearing DATE: 01/28/2008,** MATTER: PETITIONING CREDITORS' MOTION FOR ORDER IMPOSING TERMINATING SANCTIONS AGAINST THE DEBTOR and STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER (fr. 1/7/08). **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (57631)). (related documents 1 Involuntary Chapter 7 Petition, 121 Notice of Hearing and Motion, , ) (Wilkinson, M.) (Entered: 01/28/2008) |
| 01/28/2008 | 128 | Order for Relief and Order Directing Debtor to File Schedules & Statements signed on 1/28/2008; with Certificate of Mailing. (*Incomplete Filings due by 2/12/2008). (McGrew, J.) (Entered: 01/28/2008) |
| 02/07/2008 | 129 | Receipt of Appeal Filing Fee - $255.00 by KD. Receipt Number 00197229. (Admin.) (Entered: 02/07/2008) |
| 02/07/2008 | 130 | Notice of Appeal. BK Appeal No. 1 Fee Amount $ 255 filed by M. Jonathan Hayes on behalf of Francis J. Lopez. Appeal Designation Due By: 2/19/2008. Statement of Issues Due By: 2/19/2008. Appellee Designation Due By: 2/27/2008. Record Transmission due by 3/24/2008. (related document 128 Order for Relief) (Herbold, K.). Modified on 2/8/2008 (McGrew, J.). (Entered: 02/08/2008) |
| 02/08/2008 | 131 | Notice of Referral of Appeal to the Bankruptcy Appellate Panel with service of Notice of Appeal. BK Appeal No: 1 (Attachments: # 1 Transmittal Memorandum) (related documents 130 Notice of Appeal, ) (Herbold, K.) (Entered: 02/08/2008) |
| 02/13/2008 | 132 | Meeting of Creditors & Notice of Appointment of Interim Trustee Leslie T. Gladstone with 341(a) meeting to be held on 3/12/2008 at 03:15 PM at Suite 630, Emerald Plaza Building; Objections for Discharge due by 5/12/2008. (McGrew, J.) (Entered: 02/13/2008) |
| 02/13/2008 | 133 | Transcript of hearing held on 1/28/08. RE: 1) Status Conference on |

0 0 4 6

| | | |
|---|---|---|
| | | Involuntary Petition & Answer; 2) Petitioning Creditors' Motion for Order Imposing Terminating Sanctions Against the Debtor. You are noticed that a transcript has been filed with the court. Pursuant to the Judicial Conference Policy on Privacy, access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a *Notice of Intent to Request Redaction* of any social security numbers, financial account data, names of minor-age children, dates of birth, and home addresses. If redaction is requested, the filing party has 21 calendar days from the date the *notice of intent to request redaction* was filed to file a list of items to be redacted indicating the location of the identifiers within the transcript with the court and to provide the list to the court reporter. The transcript will be made electronically available to the general public if no request for redaction is timely filed with the court or after requested redaction are made by the court reporter. (related documents <u>127</u> Minute Order) **(*COURT NOTE: The PDF document is Public Access).** (McGrew, J.). Modified on 2/27/2008 (McGrew, J.). (Entered: 02/13/2008) |
| 02/13/2008 | <u>137</u> | Court Certificate of Mailing (related documents <u>132</u> Meeting of Creditors Chapter 7) Service Date 02/15/2008. (Admin.) (Entered: 02/15/2008) |
| 02/13/2008 | <u>138</u> | Court Certificate of Mailing (related documents <u>133</u> Transcript, , , , ) Service Date 02/15/2008. (Admin.) (Entered: 02/15/2008) |
| 02/14/2008 | <u>134</u> | *Debtor's* Schedules A-J, Summary of Schedules, Statistical Summary, Statement of Financial Affairs; *w/Proof of Service.* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.). *(*COURT NOTE: No svc on Ch 7 Trustee & UST - Ntc Def/Atty contacted 2/14/08).* Modified on 2/14/2008 (McGrew, J.). (Entered: 02/14/2008) |
| 02/14/2008 | <u>135</u> | Request for Notification of Errors/Deficiencies(BNC) (related documents <u>134</u> Schedules, Statement of Financial Affairs) (McGrew, J.) (Entered: 02/14/2008) |
| 02/14/2008 | <u>136</u> | AMENDED Meeting of Creditors & Notice of Appointment of Interim Trustee Leslie T. Gladstone with 341(a) meeting to be held on 3/12/2008 at 03:15 PM at Suite 630, Emerald Plaza Building; Objections for Discharge due by 5/12/2008.(*AMENDED TO PROVIDE NOTICING TO ALL CREDITORS). (McGrew, J.) (Entered: 02/14/2008) |
| 02/14/2008 | <u>139</u> | Court Certificate of Mailing (related documents <u>135</u> Request for Notification of Errors/Deficiencies) Service Date 02/16/2008. (Admin.) (Entered: 02/16/2008) |
| | | |

0 0 4 7

| 02/14/2008 | 140 | Court Certificate of Mailing (related documents 136 Meeting of Creditors Chapter 7, ) Service Date 02/16/2008. (Admin.) (Entered: 02/16/2008) |
|---|---|---|
| 02/26/2008 | 142 | *Amended* Proof of Service *(re Debtor's Schedules A-J, Statistical Summary, Statement of Financial Affairs)* (related documents 134 Schedules,, Statement of Financial Affairs, ) filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 02/27/2008) |
| 02/27/2008 | 141 | Election for Appeal to be Heard by District Court. BK Appeal No: 1. (related documents 131 Notice of Referral of Appeal to BAP, 130 Notice of Appeal, ) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.) (Entered: 02/27/2008) |
| 02/28/2008 | 143 | AMENDED Court Certificate of Mailing. (related documents 133 Transcript). Service Date 03/01/2008. (*Amended to reflect service to all parties). (Admin.). Modified on 3/4/2008 (McGrew, J.). (Entered: 03/01/2008) |
| 02/29/2008 | 144 | AMENDED Court Certificate of Mailing. (related documents 135 Request for Notification of Errors/Deficiencies). Service Date 03/02/2008. (*Amended to reflect service to all parties). (Admin.). Modified on 3/4/2008 (McGrew, J.). (Entered: 03/02/2008) |
| 03/03/2008 | 145 | Motion to Transfer Chapter 7 Case *to Northern District of Florida; Declaration of Francis J Lopez.* filed by M. Jonathan Hayes on behalf of Francis J. Lopez (McGrew, J.). Modified on 3/3/2008, 3/11/2008 (McGrew, J.). (Entered: 03/03/2008) |
| 03/11/2008 | 146 | Amended Notice of Hearing and Motion with Certificate of Service *(re Motion to Transfer Chapter 7 Case to Northern District of Florida)* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. **HEARING Scheduled for 4/7/2008 at 10:30 AM at Courtroom 4, Room 328, Weinberger Courthouse** . Notice of Motion and Hearing Served On: 3/7/2008. Unless an Order Shortening Time has been entered, Opposition due by: 3/24/2008. (related documents 145 Motion to Transfer Venue) (McGrew, J.) (Entered: 03/11/2008) |
| 03/11/2008 | 147 | *Supplemental* Proof of Service *(re Motion to Transfer Chapter 7 Case to Northern District of Florida; Declaration of Francis J Lopez)* (related documents 145 Motion to Transfer Venue) filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 03/11/2008) |
| 03/12/2008 | 148 | Request for Special Notice filed by L. Scott Keehn on behalf of |

0 0 4 8

| | | |
|---|---|---|
| | | Alternative Resolution Center, Richard M Kipperman, Chapter 7 Trustee, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) (Entered: 03/12/2008) |
| 03/12/2008 | 149 | Proof of Service (related documents 148 Request for Special Notice) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Richard M Kipperman, Chapter 7 Trustee, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) (Entered: 03/12/2008) |
| 03/12/2008 | 150 | Amendment to *Schedules A,B,C* & Certificate of Service. filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 03/12/2008) |
| 03/14/2008 | 151 | *Appellant's* Designation of Record and Statement of Issues on Appeal. BK Appeal No: 1 (related documents 130 Notice of Appeal, ) filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 03/17/2008) |
| 03/20/2008 | 152 | Notice of Continuance of Meeting of Creditors on 4/9/2008 at 02:15 PM at Suite 630, Emerald Plaza Building, (Gladstone, Leslie) (Entered: 03/20/2008) |
| 03/24/2008 | 153 | Declaration *of Alan Stanly in Opposition to Motion to Transfer Venue* (related documents 146 Notice of Hearing and Motion,,, 145 Motion to Transfer Venue) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # 1 Declaration of Timothy Dillon# 2 Declaration of Richard Kipperman# 3 Declaration of Gregory Akers# 4 Declaration of L. Scott Keehn# 5 Declaration of Cynthia Lay) (Keehn, L.) (Entered: 03/24/2008) |
| 03/24/2008 | 154 | Petitioning Creditors' Memorandum of Points & Authorities in Opposition *to Motion to Transfer Venue* (related documents 146 Notice of Hearing and Motion, 145 Motion to Transfer Venue) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 3/25/2008 (McGrew, J.). (Entered: 03/24/2008) |
| 03/25/2008 | 155 | Appellees' Supplemental Designation of Record. BK Appeal No: 1 (related documents 130 Notice of Appeal) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Richard M Kipperman, Chapter 7 Trustee, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 3/26/2008 (McGrew, J.). (Entered: 03/25/2008) |
| 03/25/2008 | 156 | Request for Production of Transcript on Appeal. BK Appeal No: 1. (related documents 130 Notice of Appeal, ) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Richard M Kipperman, Chapter 7 Trustee, Northwest Florida Daily News, Alan Stanly. |

0 0 4 9

| | | |
|---|---|---|
| | | Transcript(s) on Appeal due by 4/24/2008, (Keehn, L.) (Entered: 03/25/2008) |
| 04/02/2008 | <u>157</u> | *Acknowledgement by Court Reporter of Request for Production of Transcript on Appeal* BK Appeal No: 1. (related documents <u>130</u> Notice of Appeal, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Herbold, K.) (Entered: 04/02/2008) |
| 04/02/2008 | <u>158</u> | Notice of Transfer of Appeal to District Court BK Appeal No: 1. SC-08-1071 (related documents <u>130</u> Notice of Appeal, ) (Herbold, K.) (Entered: 04/02/2008) |
| 04/02/2008 | <u>159</u> | Reply *to Opposition to Motion to Transfer Chapter 7 Case to Florida; Declarations of Francis J. Lopez; Joseph Fischbach; and M. Jonathan Hayes* (related documents <u>154</u> Opposition,, <u>145</u> Motion to Transfer Venue, <u>153</u> Declaration, ) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 04/02/2008) |
| 04/02/2008 | <u>160</u> | Statement of M. Jonathan Hayes re Attorney Fees Pursuant to Section 329(a) filed by M. Jonathan Hayes on behalf of Francis J. Lopez. (Cruz, L.) (Entered: 04/02/2008) |
| 04/07/2008 | <u>161</u> | **Minute Order. Hearing DATE: 04/07/2008,** MATTER: DEBTOR'S MOTION TO TRANSFER CHAPTER 7 CASE TO NORTHERN DISTRICT OF FLORIDA. **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (62307)). (related documents <u>145</u> Motion to Transfer Venue) (Wilkinson, M.) (Entered: 04/07/2008) |
| 04/11/2008 | <u>162</u> | Notice of Transfer of Appeal to District Court BK Appeal No: 1. BAP# SC-08-1071 (related documents <u>130</u> Notice of Appeal, ) (Jackson- Walker, Vicky) (Entered: 04/11/2008) |
| 04/16/2008 | 163 | Notice of Continuance of Meeting of Creditors filed by Leslie T. Gladstone on behalf of Leslie T. Gladstone. **with 341(a) meeting to be held on 5/1/2008 at 03:15 PM at 402 W. Broadway, Sixth Floor, Suite 630 San Diego, CA 92101** (related documents <u>136</u> Meeting of Creditors Chapter 7, ) (Gladstone, Leslie) (Entered: 04/16/2008) |
| 04/23/2008 | <u>164</u> | Transcript: You are Hereby Notified that a transcript of the hearing held 6/26/2006 was filed with the Court on 4/23/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items are: Social Security numbers (should be redacted to show only the |

0 0 5 0

| | | |
|---|---|---|
| | | last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to Request Redaction is not filed by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 76 Minute Order, 156 Request for Production of Transcript on Appeal) (McGrew, J.) (Entered: 04/23/2008) |
| 04/24/2008 | 165 | Court Certificate of Mailing - BNC (related documents 164 Transcript, , , , , ) Service Date 04/26/2008. (Admin.) (Entered: 04/26/2008) |
| 04/28/2008 | 166 | Acknowledgement by USDC of Transmittal of Bankruptcy Matters re: Appellee's Additional Items to be Included in the Record on Appeal BK Appeal No: 1. USDC NO. 08cv714-JAH BLM (related documents 130 Notice of Appeal, ) (Herbold, K.) (Entered: 04/28/2008) |
| 04/28/2008 | 167 | Transcript: You are Hereby Notified that a transcript of the hearing held 1/23/06 was filed with the Court on 4/28/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items are: Social Security numbers (should be redacted to show only the last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to Request Redaction is not filed by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 38 Minute Order, 156 Request for Production of Transcript on Appeal) (McGrew, J.) (Entered: 04/28/2008) |
| 04/28/2008 | 168 | Transcript: You are Hereby Notified that a transcript of the hearing held 3/12/07 was filed with the Court on 4/28/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items |

0 0 5 1

| | | |
|---|---|---|
| | | are: Social Security numbers (should be redacted to show only the last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to Request Redaction is not filed by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 156 Request for Production of Transcript on Appeal, 93 Minute Order) (McGrew, J.) (Entered: 04/28/2008) |
| 04/28/2008 | 169 | Transcript: You are Hereby Notified that a transcript of the hearing held 10/1/07 was filed with the Court on 4/28/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items are: Social Security numbers (should be redacted to show only the last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to Request Redaction is not filed by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 113 Minute Order, 156 Request for Production of Transcript on Appeal) (McGrew, J.) (Entered: 04/28/2008) |
| 04/28/2008 | 170 | Transcript: You are Hereby Notified that a transcript of the hearing held 4/7/08 was filed with the Court on 4/28/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items are: Social Security numbers (should be redacted to show only the last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to Request Redaction is not filed |

0 0 5 2

| | | |
|---|---|---|
| | | by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 161 Minute Order) (McGrew, J.) (Entered: 04/28/2008) |
| 04/28/2008 | 174 | Court Certificate of Mailing - BNC (related documents 167 Transcript, , , , ) Service Date 04/30/2008. (Admin.) (Entered: 04/30/2008) |
| 04/28/2008 | 175 | Court Certificate of Mailing - BNC (related documents 168 Transcript, , , , , ) Service Date 04/30/2008. (Admin.) (Entered: 04/30/2008) |
| 04/28/2008 | 176 | Court Certificate of Mailing - BNC (related documents 169 Transcript, , , , , ) Service Date 04/30/2008. (Admin.) (Entered: 04/30/2008) |
| 04/28/2008 | 177 | Court Certificate of Mailing - BNC (related documents 170 Transcript, , , , ) Service Date 04/30/2008. (Admin.) (Entered: 04/30/2008) |
| 04/30/2008 | 171 | Stipulation *for Entry of a Consent Order Extending Time for Petitioning Creditors to File Complaint to Determine Dischargeability of Debt and/or Objecting to Discharge of the Debtor* filed by L. Scott Keehn on behalf of Alternative Resolution Center, Richard M Kipperman, Chapter 7 Trustee, Northwest Florida Daily News, Alan Stanly. (Keehn, L.) (Entered: 04/30/2008) |
| 04/30/2008 | 172 | Consent Order Extending Time for Complaints to Determine Dischargeability of Debt and/or Objecting to Discharge of Debtor (GRANTED) (related documents 171 Stipulation) signed on 4/30/2008. (*Objections for Discharge due by 7/31/2008). (McGrew, J.) (Entered: 04/30/2008) |
| 04/30/2008 | 173 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Alleged Debtor, Attorney for Alleged Debtor (Hayes), Attorney for Petitioning Creditors (Keehn), and Trustee, at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 172 Order Extending Time to Object to Discharge) (McGrew, J.) (Entered: 04/30/2008) |
| 05/06/2008 | 178 | Stipulation Extending Time to Object to Discharge *and/or Substantial Abuse* filed by Leslie T. Gladstone on behalf of Leslie T. Gladstone. (Gladstone, Leslie). Modified on 5/7/2008 (McGrew, J.). (Entered: 05/06/2008) |
| 05/07/2008 | 179 | Order on Stipulation Extending Time to Object to Discharge and/or |

0 0 5 3

| | | |
|---|---|---|
| | | Substantial Abuse (GRANTED) (related documents 178 Stipulation) signed on 5/7/2008. (*Objections for Discharge due by 8/12/2008). (McGrew, J.) (Entered: 05/07/2008) |
| 05/07/2008 | 180 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Alleged Debtor, Attorney for Alleged Debtor (Hayes), and Trustee, at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 179 Order Extending Time to Object to Discharge) (McGrew, J.) (Entered: 05/07/2008) |
| 05/09/2008 | 181 | Notice of Continuance of Meeting of Creditors filed by Leslie T. Gladstone on behalf of Leslie T. Gladstone. **with 341(a) meeting to be held on 7/16/2008 at 03:15 PM at 402 W. Broadway, Sixth Floor, Suite 630 San Diego, CA 92101** (related documents [163] Notice of Continuance of Meeting of Creditors, ) (Gladstone, Leslie) (Entered: 05/09/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/26/2008 13:37:50 | | |
| **PACER Login:** | jh1624 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 05-05926-PB7 Fil or Ent: filed From: 1/1/2001 To: 5/27/2008 Doc From: 0 Doc To: 99999999 Format: HTML |
| **Billable Pages:** | 17 | **Cost:** 1.36 |

0054

# Document C

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office of M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, CA 91367
3  Telephone:  (818) 710-3656
   Facsimile:  (818) 710-3659
4  jhayes@polarisnet.net

FILED AC

2008 MAR 14  AM 10: 25

...ERK
...BANKRUPTCY CT.
...DIST OF CALIF.

5  Attorneys for Alleged Debtor Francis Lopez

6

7                    UNITED STATES BANKRUPTCY COURT

8                    SOUTHERN DISTRICT OF CALIFORNIA

9                         SAN DIEGO DIVISION

10

11     In Re:                          )   CASE NO. 05-05926-PBINV
                                       )
12        FRANCIS J. LOPEZ,            )   Involuntary Chapter 7
                                       )
13        Alleged Debtor               )
                                       )   **ALLEGED DEBTOR'S**
14                                     )   **DESIGNATION OF RECORD AND**
                                       )   **STATEMENT OF ISSUES**
15                                     )
                                       )
16                                     )
                                       )
17                                     )

18

19        COMES NOW, Alleged Debtor Francis Lopez, appellant herein, having appealed

20  under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of Bankruptcy Judge

21  Peter Bowie denying the Alleged Debtor's Motion for Summary Judgment, granting the

22  Motion for Summary Judgment of the single Petitioning Creditor Alan Stanly, and

23  granting the Motion for Terminating Sanctions of Stanly, hereby submits its designation of

24  record.

25

26
| **Filing Date** | **#** | **Item** |
|---|---|---|
27
| 02/07/2008 | | Notice of Appeal |
| | | Docket |
28
| | | Designation of Record |
| 06/30/2005 | 1 | Involuntary Chapter 7 Petition. Fee Amount $ 209. Filed by L. |

**LAW OFFICES**
M. Jonathan Hayes

1

DESIGNATION OF RECORD
AND STATEMENT OF
ISSUES

0056

| | | | Scott Keehn on behalf of Francis J. Lopez. |
|---|---|---|---|
| 07/20/2005 | 6 | | Motion to Dismiss Case, *Or, Motion to Transfer Involuntary Petition ; Declaration of Francis J. Lopez* filed by M. Jonathan Hayes on behalf of Francis J. Lopez (Cruz, L.) |
| 08/05/2005 | 8 | | Opposition *Memorandum of Points and Authorities to Motion to Dismiss or Transfer Involuntary Petition* (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue, 7 Notice of Hearing and Motion, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Evidentiary Objections to Declaration of Francis J. Lopez# 2 Request for Judicial Notice Submitted in Opposition to Motion to Dismiss or Transfer Involuntary Petition# 3 Declaration of Timothy P. Dillon Submitted in Opposition to Motion to Dismiss or Transfer Involuntary Petition# 4 Declaration of Alan Stanly in Opposition to Motion to Dismiss or Transfer Involuntary Petition# 5 Proof of Service) (Keehn, L.) (Entered: 08/05/2005) |
| 08/16/2005 | 10 | | Reply *to Opposition to Motion to Dismiss or Transfer Involuntary Petition; Declaration of Francis J Lopez.* (related documents 8 Opposition,,, 6 Motion to Dismiss Case, Motion to Transfer Venue) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 08/16/2005) |
| 08/18/2005 | 11 | | *Supplemental* Request for Judicial Notice *Submitted in Opposition to Motion to Dismiss or Transfer Involuntary Petition* filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (related documents 6 Motion to Dismiss Case, Motion to Transfer Venue, 7 Notice of Hearing and Motion, ) (Keehn, L.) (Entered: 08/18/2005) |
| 09/07/2005 | 22 | | Answer to Involuntary Petition |
| 12/21/2005 | 36 | | *Northwest Florida Daily News'* Joinder *in Involuntary Petition for Francis J. Lopez* (related documents 1 Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Northwest Florida Daily News. (Attachments: # 1 Proof of Service) (Keehn, L.) (Entered: 12/21/2005) |
| 12/29/2005 | 37 | | *Alternative Resolution Center's* Joinder *In Involuntary Petition For Francis J. Lopez* (related documents 1 Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Alternative Resolution Center. (Attachments: # 1 Proof of Service) (Keehn, L.) (Entered: 12/29/2005) |
| 03/27/2006 | 40 | | Motion to Dismiss *Involuntary Petition; Declarations of Francis J. Lopez, M. Jonathan Hayes* filed by M. Jonathan Hayes on behalf of Francis J. Lopez (Cruz, L.) Modified on 3/27/2006 (Cruz, L.). (Entered: 03/27/2006) |
| 03/27/2006 | 41 | | Notice of Motion and Motion *of Alleged Debtor for a Protective Order Pursuant to FRCP 26(c) and to Quash Subpoena; Declarations of M. Johnathan Hayes, Francis J. Lopez* filed by M. Jonathan Hayes on behalf of Francis J. Lopez. |
| 03/29/2006 | 42 | | Opposition *Alan Stanly's Memorandum of Points and Authorities in Opposition to Motion for Protective Order and to Quash Subpoena* (related documents 41 Notice of Motion and Motion, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 03/29/2006) |
| 03/29/2006 | 43 | | Opposition *Alan Stanly's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Involuntary* |

LAW OFFICES
M. Jonathan Hayes

2

DESIGNATION OF RECORD
AND STATEMENT OF
ISSUES

0057

| | | |
|---|---|---|
| | | *Petition* (related documents <u>40</u> Motion to Dismiss Case) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 03/29/2006) |
| 03/29/2006 | 44 | Declaration *of Alan Stanly* in Opposition (related documents <u>40</u> Motion to Dismiss Case) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Exhibit 1 through Exhibit 4# <u>2</u> Exhibit 5# <u>3</u> Exhibit 6) (Keehn, L.) (Entered: 03/29/2006) |
| 04/03/2006 | 48 | Minute Order. DISPOSITION(s): 1) Granted as stated on the record, Contested, Order/Hayes; 2) Denied, Contested, Order/Hayes; 3) Status Conference continued. No Chapter 7 trustee to be appointed at this time. Order Prohibiting Sale to be signed off by Keehn. |
| 04/06/2006 | 49 | Stipulation *for Entry of Consent Order Enjoining Sale or Transfer of Debtor's Real Property* filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 04/06/2006) |
| 04/06/2006 | 50 | Consent Order GRANTED, Enjoining Sale or Transfer of Real Property Located at 310 Sand Myrtle Trail, Destin, Florida, 32541 (related documents <u>49</u> Stipulation) signed on 4/6/2006. |
| 05/29/2006 | 56 | *Petitioning Creditors'* Notice of Hearing and Motion *for Summary Judgment on Bifurcated Phase 1 or, Alternatively, Summary Adjudication of Facts Not Subject to Material Dispute* filed by L. Scott Keehn on behalf of Alan Stanly (Attachments: # <u>1</u> Memorandum of Points and Authorities In Support Of Petitioning Creditors' Motion for Summary Judgment# <u>2</u> Separate Statement of Undisputed Material Facts# <u>3</u> Declaration of Petitioning Creditor Alan Stanly# <u>4</u> Declaration of Leslie F. Keehn) Hearing Scheduled for 6/26/06 at 2:00pm, Dept. 4) |
| 05/29/2006 | 57 | *Declaration of L. Scott Keehn in Support of* Motion for Summary Judgment *(without Exhibits)* filed by L. Scott Keehn on behalf of Alan Stanly (related documents <u>56</u> Motion for Summary Judgment. ) (Keehn, L.) |
| 05/29/2006 | 58 | *Exhibit A to Declaration of L. Scott Keehn in support of* Motion for Summary Judgment filed by L. Scott Keehn on behalf of Alan Stanly (related documents <u>57</u> Motion for Summary Judgment) (Keehn, L.) (Entered: 05/29/2006) |
| 05/29/2006 | 59 | *Exhibits C through N to Declaration of L. Scott Keehn in support of* Motion for Summary Judgment filed by L. Scott Keehn on behalf of Alan Stanly (related documents <u>57</u> Motion for Summary Judgment) (Keehn, L.) (Entered: 05/29/2006) |
| 05/29/2006 | 60 | *Exhibit B to Declaration of L. Scott Keehn in support of* Motion for Summary Judgment filed by L. Scott Keehn on behalf of Alan Stanly (related documents <u>57</u> Motion for Summary Judgment) (Keehn, L.) (Entered: 05/29/2006) |
| 06/13/2006 | 64 | Opposition *to Summary Judgment* (related documents <u>56</u> Motion for Summary Judgment. ) filed by M. Jonathan Hayes |
| 06/13/2006 | 65 | Response *to Moving Party Separate Statement of Undisputed Facts in Support of Motion by Alleged Debtor for Summary Judgment* (related documents <u>56</u> Motion for Summary Judgment.. ) |
| 06/13/2006 | 66 | Declaration *of Francis Lopez* in Opposition *to Petitioning Creditor's Motion for Summary Judgment* (related documents <u>56</u> Motion for Summary Judgment.. ) |
| 06/15/2006 | 68 | Opposition *by Petitioning Creditors to Alleged Debtor's Motion* |

LAW OFFICES
M. Jonathan Hayes

3

DESIGNATION OF RECORD AND STATEMENT OF ISSUES

0 0 5 8

| | | |
|---|---|---|
| | | *for Summary Judgment* (related documents <u>62</u> Notice of Hearing and Motion,, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Creditors' Separate Statement of Undisputed Material Facts# <u>2</u> Evidentiary Objections & Motion to Strike Portions of the Declaration of Francis J. Lopez# <u>3</u> Declaration of Alan Stanly# <u>4</u> Declaration of Cynthia K. Lay). |
| 06/15/2006 | 69 | Declaration *of L. Scott Keehn in Opposition to Alleged Debtor's Motion for Summary Judgment* (related documents <u>62</u> Notice of Hearing and Motion,, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn, L.) (Entered: 06/15/2006) |
| 06/21/2006 | 73 | *Petitioning Creditors'* Memorandum of Points & Authorities in Reply *to Lopez's Opposition to Motion for Summary Judgment* (related documents <u>56</u> Motion for Summary Judgment, <u>64</u> Opposition, ) filed by L. Scott Keehn on behalf of Alan Stanly. (Attachments: # <u>1</u> Creditors Separate Statement of Undisputed Facts in Reply to Opposition to Motion for Summary Judgment# <u>2</u> Evidentiary Objections and Motion to Strike) (Keehn, L.) Modified on 6/22/2006 (Cruz. L.). (Entered: 06/21/2006) |
| 07/07/2006 | 77 | Brief *of Alleged Debtor RE Burden of Proof Under Section 549* (related documents 62 Notice of Hearing and Motion..) |
| 07/07/2006 | 78 | Supplemental Memorandum of Points and Authorities *re Burden of Proof With Respect to Post-Petition Transfers Made Avoidable By 11 U.S.C. Section 549* filed by L. Scott Keehn on behalf of Alan Stanly. (Keehn. L.) Modified on 7/10/2006 |
| 07/20/2006 | 80 | *Richard Kipperman's* Joinder *In Involuntary Petition For Francis J. Lopez* filed by L. Scott Keehn on behalf of Richard M Kipperman. Chapter 7 Trustee. (Keehn. L.) |
| 07/20/2006 | 81 | Suggestion of Mootness filed by L. Scott Keehn on behalf of Alan Stanly. (related documents <u>62</u> Notice of Hearing and Motion.. ) (Keehn. L.) (Entered: 07/20/2006) |
| 07/24/2006 | 83 | Order on Suggestion of Mootness (related documents <u>81</u> Notice (miscellaneous)) signed on 7/24/2006. (w/svc) |
| 07/28/2006 | 84 | Response *to suggestion of mootness with declarations in support by J Hayes and F J Lopez* (related documents <u>83</u> Order, <u>81</u> Notice (miscellaneous), <u>80</u> Joinder) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (Frever. J.) (Entered: 07/28/2006) |
| 09/26/2006 | 86 | Order on Motion for Summary Judgment (GRANTING Stanly's Motion for Summary Judgment & DENYING Lopez's Motion for Summary Judgment) (related documents <u>56</u>, <u>62</u>) signed on 9/26/2006; w/Certificate of Mailing. (McGrew, J.). Modified on 9/27/2006 (McGrew. J.). (Entered: 09/26/2006) |
| 03/12/2007 | 93 | **Minute Order. Hearing DATE: 03/12/2007, MATTER: PETITIONING CREDITORS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO WRITTEN DISCOVERY FOR PHASE II OF THE BIFURCATED PROCEEDINGS and STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER(fr. 1/29/07).** |
| 04/13/2007 | 96 | Declaration in Support *of Entry of Order and Continued Hearing Date (re Order Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; Deferring Ruling on Sanctions Against Alleged Debtor Francis J Lopez; and Continuing Hearing Date)* (related documents <u>95</u> Notice of Lodgment of Order. <u>91</u> Motion to Compel) filed by L. |

| | | |
|---|---|---|
| 1 2 | | | Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # 1 Declaration of Mark Laemmle in Support; # 2 Proof of Service) (Keehn, L.). Modified on 4/18/2007 (McGrew, J.). (Entered: 04/13/2007) |
| 3 4 5 6 | 04/13/2007 | 98 | Order (GRANTED) (1) Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; (2) Deferring Ruling on Sanctions Against Alleged Debtor Francis J Lopez; and (3) Continuing Hearing Date (related documents 95 Notice of Lodgment,94 Notice of Lodgment, 91 Motion to Compel, 96 Declaration) signed on 4/13/2007. (PREVIOUSLY LODGED 3/19/07) (Braxton, F.). Modified on 4/19/2007 |
| 7 8 9 | 05/24/2007 | 105 | Notice of Hearing and Motion with Certificate of Service *(re Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor)* filed by L. Scott Keehn on behalf of Alan Stanly -- |
| 10 11 12 | 06/13/2007 | 106 | Opposition *to Motion to Compel by Petitioning Creditor; Declarations of M. Jonathan Hayes & Francis J. Lopez.* (related documents 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) |
| 13 14 15 | 06/19/2007 | 107 | Reply *to Opposition to Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor.* (related documents 106 Opposition, 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 6/25/2007 |
| 16 17 | 07/31/2007 | 109 | Minute Order. Hearing DATE: 07/31/2007, MATTER: STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER(fr. 6/25/07). |
| 18 19 20 21 22 23 24 | 09/27/2007 | 111 | Declaration *of L Scott Keehn: (1) Summarizing Current Status, and (2) Renewing Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents 105 Notice of Hearing and Motion, 1 Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Declaration of Timothy P. Dillon; # 2 Compendium of Exhibits in Support of Renewed Request (Exhibits 1-3); # 3 Compendium of Exhibits in Support of Renewed Request (Exhibits 4-7); # 4 Proof of Service) (Keehn, L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/27/2007) |
| 25 26 27 28 | 09/28/2007 | 112 | Supplemental Declaration *of L Scott Keehn in Support of Renewed Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents 111 Declaration, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/28/2007) |

| | | |
|---|---|---|
| 10/19/2007 | 114 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alan Stanly, et al. --Notice of Motion and Hearing Served On: 10/19/2007. Unless an Order Shortening Time has been entered, Opposition due by: 11/5/2007. (Attachments: # <u>1</u> Memorandum of Points and Authorities in Support; # <u>2</u> Declaration of L. Scott Keehn) (Keehn, L.). Modified on 11/1/2007 (McGrew, J.). (Entered: 10/19/2007) |
| 11/09/2007 | 115 | Opposition *to Motion for Sanctions; Declaration of Francis J Lopez in Support.* (related documents <u>114</u> Notice of Hearing and Motion.. ) |
| 11/13/2007 | 116 | Reply *to Opposition to Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor* (related documents <u>114</u> Notice of Hearing and Motion,<u>115</u> Opposition) filed by L. Scott Keehn of Keehn & Associates APC on behalf of Alan Stanly. (Attachments: # <u>1</u> Reply Declaration of L Scott Keehn in Support of Motion; # <u>2</u> Evidentiary Objections to Declaration of Francis J Lopez; # <u>3</u> Proof of Service) (Keehn, L.). Modified on 11/14/2007 (McGrew, J.). |
| 11/19/2007 | 117 | **Minute Order. Hearing DATE: 11/19/2007,** MATTER: PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR and STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER (fr. 10/1/07) |
| 12/27/2007 | 121 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Order Imposing Terminating Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly -- |
| 01/17/2008 | 125 | Opposition *to Petitioning Creditors' Motion for Terminating Sanctions; Declaration of Francis J Lopex in Support Thereof.* (related documents <u>121</u> Notice of Hearing and Motion,, ) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew, J.) (Entered: 01/17/2008) |
| 01/22/2008 | 126 | Reply *to Opposition to Motion for an Order Imposing Terminating Sanctions Against the Debtor* (related documents,, <u>121</u> Notice of Hearing and Motion,, ) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # <u>1</u> Declaration of L. Scott Keehn;# <u>2</u> Declaration of Timothy P. Dillon; # <u>3</u> Declaration of Cynthia K. Lay; # <u>4</u> Evidentiary Objections to Declaration of Francis Lopez; # <u>5</u> Proof of Service) (Keehn, L.). (Entered: 01/22/2008) |
| 01/28/2008 | 128 | Order for Relief and Order Directing Debtor to File Schedules & Statements signed on 1/28/2008; with Certificate of Mailing. (*Incomplete Filings due by 2/12/2008). (McGrew, J.) (Entered: 01/28/2008) |

## STATEMENT OF ISSUES

Appellant states that the issues to be decided on this appeal are as follows:

1) Did the court err in refusing to grant the alleged debtor's motion for summary judgment as to the issue of the number of petitioning creditors?

2) Did the court err in granting the Motion for Terminating Sanctions and entering the Order for Relief?

Dated:  March 10, 2008

Respectfully submitted

By: _____

M. Jonathan Hayes
Attorneys for Alleged Debtor Franics
Lopez

1      PROOF OF SERVICE

2      I, MJ Hayes, declare:

3      I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On March 10, 2008, I served the within documents:

**ALLEGED DEBTOR'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES**

8    X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

10    ..    by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

12    ..    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

14    ..    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
KEEHN & Assoc, APC
402 W. Broadway, Suite 1210
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 10, 2008, at Woodland Hills, California.

_MJ Hayes_ (signature)

_____
MJ Hayes

# Document D

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office of M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, CA 91367
3  Telephone: (818) 710-3656
   Facsimile: (818) 710-3659
4  jhayes@polarisnet.net

5  Attorneys for Alleged Debtor Francis Lopez

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **SOUTHERN DISTRICT OF CALIFORNIA**

9                      **SAN DIEGO DIVISION**

10

11  In Re:                         )    CASE NO. 05-05926-PBINV
                                    )
12      FRANCIS J. LOPEZ,           )    Involuntary Chapter 7
                                    )
13      Alleged Debtor              )
                                    )    **ALLEGED DEBTOR'S AMENDED**
14                                  )    **DESIGNATION OF RECORD AND**
                                    )    **STATEMENT OF ISSUES**
15                                  )
                                    )
16                                  )
                                    )
17                                  )

18

19          COMES NOW, Alleged Debtor Francis Lopez, appellant herein, having appealed

20  under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of Bankruptcy Judge

21  Peter Bowie, hereby submits his amended designation of record.

22

23

| Filing Date | # | Item |
|---|---|---|
| 02/07/2008 | | Notice of Appeal |
| | | Docket |
| | | Designation of Record |
| 06/30/2005 | 1 | Involuntary Chapter 7 Petition. |
| 09/07/2005 | 22 | Answer to Involuntary Petition |
| 04/13/2007 | 98 | Order (GRANTED) (1) Granting Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery; (2) Deferring Ruling on Sanctions Against Alleged Debtor Francis J |

| | | |
|---|---|---|
| | | Lopez; and (3) Continuing Hearing Date (related documents 95 Notice of Lodgment, 94 Notice of Lodgment, 91 Motion to Compel. 96 Declaration) signed on 4/13/2007. |
| 05/11/2007 | 104 | Minute Order re Hearing on May 11, 2007 |
| 05/24/2007 | 105 | Notice of Hearing and Motion with Certificate of Service *(re Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor)* filed by L. Scott Keehn on behalf of Alan Stanly -- |
| 06/13/2007 | 106 | Opposition *to Motion to Compel by Petitioning Creditor; Declarations of M. Jonathan Hayes & Francis J. Lopez.* (related documents 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by M. Jonathan Hayes of Law Office of M. Jonathan Hayes on behalf of Francis J. Lopez. (McGrew. J.) |
| 06/19/2007 | 107 | Reply *to Opposition to Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor.* (related documents 106 Opposition, 91 Motion to Compel, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn. L.). Modified on 6/25/2007 |
| 07/31/2007 | 110 | **Transcript of Hearing on June 25, 2007** |
| 09/27/2007 | 111 | Declaration *of L Scott Keehn: (1) Summarizing Current Status, and (2) Renewing Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents 105 Notice of Hearing and Motion, 1 Involuntary Chapter 7 Petition) filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Declaration of Timothy P. Dillon; # 2 Compendium of Exhibits in Support of Renewed Request (Exhibits 1-3); # 3 Compendium of Exhibits in Support of Renewed Request (Exhibits 4-7); # 4 Proof of Service) (Keehn. L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/27/2007) |
| 09/28/2007 | 112 | Supplemental Declaration *of L Scott Keehn in Support of Renewed Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents 111 Declaration, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn. L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/28/2007) |
| 10/19/2007 | 114 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alan Stanly, et al. --Notice of Motion and Hearing Served On: 10/19/2007. Unless an Order Shortening Time has been entered, Opposition due by: 11/5/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support; # 2 Declaration of L. Scott Keehn) (Keehn, L.). Modified on 11/1/2007 (McGrew. J.). (Entered: 10/19/2007) |

| 11/09/2007 | 115 | Opposition *to Motion for Sanctions; Declaration of Francis J Lopez in Support.* (related documents <u>114</u> Notice of Hearing and Motion.. ) |
| 11/13/2007 | 116 | Reply *to Opposition to Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor* (related documents <u>114</u> Notice of Hearing and Motion,<u>115</u> Opposition) filed by L. Scott Keehn of Keehn & Associates APC on behalf of Alan Stanly. (Attachments: # <u>1</u> Reply Declaration of L Scott Keehn in Support of Motion; # <u>2</u> Evidentiary Objections to Declaration of Francis J Lopez; # <u>3</u> Proof of Service) (Keehn, L.). Modified on 11/14/2007 (McGrew, J.). |
| 12/17/2007 | <u>119</u> | **Transcript of Hearing on November 19, 2007** |
| 12/27/2007 | 121 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Order Imposing Terminating Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News. Alan Stanly -- |
| 01/17/2008 | 125 | Opposition *to Petitioning Creditors' Motion for Terminating Sanctions; Declaration of Francis J Lopex in Support Thereof.* (related documents <u>121</u> Notice of Hearing and Motion.. ) |
| 01/22/2008 | 126 | Reply *to Opposition to Motion for an Order Imposing Terminating Sanctions Against the Debtor* (related documents <u>125</u> Opposition,, <u>121</u> Notice of Hearing and Motion,, ) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # <u>1</u> Declaration of L. Scott Keehn;# <u>2</u> Declaration of Timothy P. Dillon; # <u>3</u> Declaration of Cynthia K. Lay; # <u>4</u> Evidentiary Objections to Declaration of Francis Lopez; # <u>5</u> Proof of Service) (Keehn, L.). (Entered: 01/22/2008) |
| 01/28/2008 | 128 | Order for Relief and Order Directing Debtor to File Schedules & Statements signed on 1/28/2008; with Certificate of Mailing. (*Incomplete Filings due by 2/12/2008). (McGrew, J.) (Entered: 01/28/2008) |

## STATEMENT OF ISSUES

Appellant states that the issues to be decided on this appeal are as follows:

1)  Did the court err in granting the Motion for Terminating Sanctions and entering the Order for Relief?

1    Dated:  May 26, 2008                 Respectfully submitted

2

3                                         By: _____

4                                         M. Jonathan Hayes
                                          Attorneys for Alleged Debtor Franics
5                                         Lopez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On May 26, 2008, I served the within documents:

**ALLEGED DEBTOR'S AMENDED DESIGNATION OF RECORD AND STATEMENT OF ISSUES**

X       by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

..       by causing personal delivery by                of the document(s) listed above to the person(s) at the address(es) set forth below.

..       by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

..       by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
KEEHN & Assoc, APC
402 W. Broadway, Suite 1210
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 26, 2008, at Woodland Hills, California.

_____
MJ Hayes

0 0 6 9

Document 1

2 pg

Form B5 (Official Form 5) - (Rev. 12/03)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF CALIFORNIA | Involuntary Petition |
|---|---|

| IN RE (Name of Debtor - If Individual: Last, First, Middle)<br><br>Lopez, Francis J. | ALL OTHER NAMES used by the debtor in the last 6 years (Include married, maiden, and trade names.) |
|---|---|
| LAST FOUR DIGITS OF SOC. SEC. NO./Complete EIN or other TAX I.D. NO. (if more than one, state all.)  1124 | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, & zip code)<br>310 Sand Myrtle Trail<br>Destin, Florida  32541-3429 | MAILING ADDRESS OF DEBTOR (if different from street address) |
| County of Residence or<br>Principal Place of Business           Okaloosa County, Florida | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☑ Chapter 7        ☐ Chapter 11

**INFORMATION REGARDING DEBTOR (Check applicable boxes)**

Petitioners believe
☐ Debts are primarily consumer debts
☑ Debts are primarily business debts

TYPE OF DEBTOR
☑ Individual        ☐ Stockbroker
☐ Partnership      ☐ Commodity Broker
☐ Corporation     ☐ Railroad
☐ Other:_____

BRIEFLY DESCRIBE NATURE OF BUSINESS  - Software Technology

| VENUE | FILING FEE (Check one box) |
|---|---|
| ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☑ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ☑ Full Filing Fee attached<br><br>☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached. |

**PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR** (Report information for any additional cases on attached sheets.)

| Name of Debtor<br>Prism Advanced Technologies, Inc. | Case Number<br>03-07777-JM7 | Date<br>August 22, 2003 |
|---|---|---|
| Relationship<br>Affiliate (§101(2)(B)) | District<br>So. Dist. of Calif. | Judge<br>James W. Meyers |

| ALLEGATIONS<br>(Check applicable boxes) | THIS SPACE FOR COURT USE ONLY |
|---|---|
| 1.  ☑  Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303(b).<br>2.  ☑  The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.<br>3.a.  ☑  The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute;<br>or<br>b.  ☐  Within 120 days preceding the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession. | Case # : 05-05926-PBINVL<br>Debtor.: FRANCIS J. LOPEZ<br>Judge..: PETER BOWIE<br>Chapter: INVL<br>------------------------------<br>Filed : June 30, 2005  10:53:46<br>Deputy : T SCHMITT<br>Receipt: 185481<br>Amount : $209.00<br>------------------------------ |

If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

0071

Form B5 (Official Form 5) Page 2 - (Rev. 12/03)

| Involuntary Petition | Name of Debtor<br>Francis J. Lopez |
|---|---|

## TRANSFER OF CLAIM

☐   Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| X _Alan S[signature]_ | X _L. Scott K[signature]_   6/30/05 |
|---|---|
| Signature of Petitioner or Representative (State Title) | Signature of Attorney     Date |
| Alan Stanly      6-29-05 | L. Scott Keehn (61691), Robbins & Keehn, APC |
| Name of Petitioner      Date Signed | Name of Attorney Firm (if any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | 530 B Street, Suite 2400, San Diego, CA 92101 |
| | 619-232-1700 |
| | Telephone No. |

| X _____ | X _____ |
|---|---|
| Signature of Petitioner or Representative (State Title) | Signature of Attorney     Date |
| Name of Petitioner      Date Signed | Name of Attorney Firm (if any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address |
| | Telephone No. |

| X _____ | X _____ |
|---|---|
| Signature of Petitioner or Representative (State Title) | Signature of Attorney     Date |
| Name of Petitioner      Date Signed | Name of Attorney Firm (if any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address |
| | Telephone No. |

## PETITIONING CREDITORS

| Name and Address of Petitioner<br>Alan Stanly<br>1569 Berkshire Court<br>San Marcos, CA 92069 | Nature of Claim<br>Judgment | Amount of Claim<br>$50,000.00, plus interest |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners'<br>Claims $50,000.00 |
|---|---|---|

_____ continuation sheets attached

0072

Document 22

0073

9pp

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED AC

05 SEP -7 AM 9: 27

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| In Re: | CASE NO. 05-05926-PBINV |
| FRANCIS J. LOPEZ, | Involuntary Chapter 7 |
| Alleged Debtor | **ANSWER OF ALLEGED DEBTOR TO INVOLUNTARY PETITION** |

COMES NOW the alleged debtor Francis J. Lopez ("alleged debtor" or "Lopez")
and answers the involuntary petition as follows:

1.    Alleged debtor admits that the matters raised in the petition are a core
proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(4).

0074

1     2.    Alleged debtor denys that he has been domiciled in this district for the 180

2  days preceding the filing of the involuntary petition.  Alleged debtor admits that a

3  bankruptcy case concerning debtor's affiliate is pending in the district.

4     3.    Alleged debtor denies that his debts are primarily business debts.

5     4.    Alleged debtor has authority to answer the involuntary petition pursuant to

6  Federal Rules of Bankruptcy Procedure Rule 1011(a).

7                        FIRST AFFIRMATIVE DEFENSE

8     5.    Alleged debtor asserts that the court lacks subject matter jurisdiction on the

9  basis that the alleged debtor has more than 12 creditors and the petition was executed and

10  initiated by only one creditor.  Pursuant to FRBP Rule 1003(b), a list of all of the alleged

11  debtor's creditors, addresses and a brief statement of the nature of their claims is attached

12  hereto and incorporated by reference as Exhibit A.  Alleged debtor reserves the right to

13  supplement, add or amend the information contained in Exhibit A as further information is

14  obtained.

15                        SECOND AFFIRMATIVE DEFENSE

16     6.    Alleged debtor asserts that the court lacks subject matter jurisdiction on the

17  basis that the petitioning creditor is disqualified from bringing an involuntary petition

18  against this alleged debtor because the alleged debt that constitutes the basis of petitioning

19  creditor's claim is subject to a bona fide dispute.

20                        THIRD AFFIRMATIVE DEFENSE

21     7.    Alleged debtor alleges that the petition was filed in bad faith and for the

22  purpose of disrupting on-going litigation between the alleged debtor and the petitioning

23  creditor.

24                        FOURTH AFFIRMATIVE DEFENSE

25     8.    Alleged debtor asserts that the order for relief should not issue because the

26  alleged debtor was, as of the date of the petition, generally paying his debts as they became

27  due, unless those debts were subject to a bona fide dispute.

28

### FIFTH AFFIRMATIVE DEFENSE

9.     Alleged debtor asserts that the case should be transferred to Florida which is the proper venue.

### PRESERVATION OF CLAIMS

10.    Alleged debtor hereby reserves and shall not be deemed by this answer to have waived his rights to a cross claim or other relief pursuant to 11 U.S.C. §303(i)(1) and (2) and all subparts thereto, and as against petitioning creditors and/or those acting in conjunction with or counseling them.

WHEREFORE, alleged debtor prays:

1.     That the court decline to enter any order for relief pursuant to 11 U.S.C. §303;

2.     That the court dismiss the petition forthwith;

3.     That the court thereafter permit the alleged debtor to seek compensation by counterclaim or other appropriate method for the entry of a judgment against petitioning creditor and other appropriate parties, pursuant to 11 U.S.C. §303(i); and

4.     Such other relief as the court may deem proper.

Respectfully submitted,

LAW OFFICES OF M. JONATHAN HAYES

Dated:  _Sep 6, 2005_          By:  _____
M. Jonathan Hayes, attorney for Francis J. Lopez

1
2
3          Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011
4   that the relief provided by the order is the relief granted by the court.
5
6   Submitted by:
7
8   By: _____
9          M. Jonathan Hayes
           Attorney for Francis J. Lopez
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FRANCIS LOPEZ
EXHIBIT A
LIST OF CREDITORS

Progressive Insurance
PO Box 31260
Tampa, FL  33631
Acct. 37287380-4
$157.20
Insurance, Auto

Coastal Community Insurance
12139 Panama City Beach Pkwy.
Panama City Beach, FL  32407
Policy No. LHQ336763
$1,013.00
Insurance, Flood (Property)

Quicken Platinum Card
PO Box 44167
Jacksonville, FL  32231
$848.00
Goods and services, 1998- 2005

Okaloosa Gas District
PO Box 548
Valparaiso, FL  32580
$45.00
Utilities

Northwest Florida Daily News
200 Racetrack Rd.
Ft. Walton Beach, FL  32549
$45.00
Newspaper

Kelly Plantation Owners Association
4393 Commons Drive E.
Destin, FL  32541
$550.00
Homeowner's Association

Allstate Floridian
54 Beal Parkway
Ft. Walton Beach, FL  32548
$1900.00
Homeowners Insurance

EXHIBIT A

0078

Texaco / Shell
PO Box 9151
Des Moines, IA  50368
Acct. No. 77-917-6550-1
$290.00
Gasoline and related

Bank Of America
PO Box 1390
Norfolk, VA  23501
Acct. No. 4050860512429141
Credit Card, goods and services
$2386.00

Verizon Wireless
PO Box 660108
Dallas, TX  75266
Acct. No. 81955380600001
$45.00
Utility – telephone

Cox Communications
PO Box 60970
New Orleans, LA
Acct. No. 0018710003886502
Utility – television and Internet
$112.00

Union Bank of California
8155 Mercury Ct.
San Diego, CA  92111
Settlement of Union Bank v. Francis Lopez, $15,000 original balance
$4,000.00

Bankcard Services
PO Box 15287
Wilmington, DE  19886
Acct. No. 5490999178488929
$10,000.00
Goods and services – 2001- 2005

Cingular Wireless
PO Box 8229
Aurora, IL  60572
Acct. No. 0050443578
$125.00
Utilities – telephone

EXHIBIT A

0079

Wayne Wise
810 Red Tanager Ct.
Nashville, TN  37221
$15,000.00
Personal Loan

Valley Forge Life Insurance
100 CNA Drive
Nashville, TN  37214
Acct. No. VITU045825
$0.00   ($486.00 per year)
Life Insurance

American Home Shield
PO Box 849
Carroll, IA  51401
Acct. No. 58449061
$128.00
Home appliance insurance

Citi Cards
PO Box 6414
The Lakes, NV  88901
Acct. No. 5424180306665024
$32,515.00
Goods and Services, 1994 - 2005

Household Bank / HSBC
PO Box 5222
Carol Stream, IL  60197
Acct. No. 5176690006732635
Goods and Services, 2003 - 2005
$5,000.00

American Express
PO Box 297804
Ft. Lauderdale, FL  33329
Acct. No. 378349802283007
$22,000.00
Goods and Services, 1994 - 2004
Note:  Some of this debt may be owed by Prism and/or Stanly, though I have personal
guarantee

EXHIBIT A

0080

Ft. Walton Beach Medical Center
1000 Mar Walt Drive
Ft. Walton Beach, FL  32547
$1600.00
Medical and Health services
Making payments of $100.00 month

Alan Stanly
1569 Berkshire Ct.
San Marcos, CA  92069
$50,000.00
Judgment in Union Bank v. Stanly (cross-complaint by Stanly)
Currently under appeal in CA

1

2

3    **PROOF OF SERVICE**
     I, MJ Hayes, declare:

4        I am a resident of the State of California and over the age of eighteen years, and not
     a party to the within action; my business address is 21800 Oxnard St., Suite 840,
5    Woodland Hills, CA 91367. On September 6, 2005, I served the within documents:

6    **ANSWER OF ALLEGED DEBTOR TO INVOLUNTARY PETITION**

7

8                by transmitting via facsimile the document(s) listed above to the fax
             number(s) set forth below on this date before 5:00 p.m.

9        ý      by placing the document(s) listed above in a sealed envelope with postage
             thereon fully prepaid, in the United States mail at Los Angeles, California
10           addressed as set forth below.

11   ..       by causing personal delivery by                        of the document(s) listed
             above to the person(s) at the address(es) set forth below.
12

13   ..       by placing the document(s) listed above in a sealed _____
             envelope and affixing a pre-paid air bill, and causing the envelope to be
14           delivered to a _____ agent for delivery

15   ..       by personally delivering the document(s) listed above to the person(s) at the
             address(es) set forth below.

16   L. Scott Keehn
     Robbins & Keehn, APC
17   530 B Street, Suite 2400
     San Diego, CA 92101
18

19       I am readily familiar with the firm's practice of collection and processing
     correspondence for mailing. Under that practice it would be deposited with the U.S. Postal
20   Service on that same day with postage thereon fully prepaid in the ordinary course of
     business. I am aware that on motion of the party served, service is presumed invalid if
21   postal cancellation date or postage meter date is more than one day after date of deposit for
     mailing in affidavit.

22       I declare that I am employed in the office of a member of the bar of this court at
23   whose direction the service was made.

     Executed on September 6, 2005, at Los Angeles, California.
24

25

26   _____
                     MJ Hayes
27

28

Document 98