CSD 1001C [11/15/04]
Name, Address, Telephone No. & I.D. No.

L. Scott Keehn, SBN 61691
KEEHN & ASSOCIATES, APC
402 W. Broadway, Suite 1210
San Diego, CA 92101
Telephone: (619) 400-2200
Attorneys for Petitioning Creditors

Order Entered on
April 6, 2007
by Clerk U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FRANCIS J. LOPEZ,

                                        Debtor.

**LODGED**

BANKRUPTCY NO. 05-05926-PBINV

Date of Hearing: March 12, 2007
Time of Hearing: 10:30 a.m.
Name of Judge: Hon. Peter W. Bowie

## ORDER ON

## (1) GRANTING PETITIONING CREDITORS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO WRITTEN DISCOVERY; (2) DEFERRING RULING ON SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ; AND (3) CONTINUING HEARING DATE

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __2__ with exhibits, if any, for a total of __2__ pages, is granted.  Notice of Lodgment Docket Entry No. __96__

//

//

//

//

//

//

DATED:  April 13, 2007

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

KEEHN & ASSOCIATES, APC
(Firm name)

By: /s/ L. Scott Keehn
    Attorney for ☑ Movant ☐ Respondent

CSD 1001C

0084

CSD 1001C [11/15/04] **(Page 2)**
ORDER ON (1) GRANTING PETITIONING CREDITORS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO WRITTEN DISCOVERY; (2)
DEBTOR:    FRANCIS J. LOPEZ,                                              CASE NO: 05-05926-PBINV

Petitioning Creditors' Motion to Compel Supplemental Responses to Written Discovery in Phase II of this bifurcated proceeding (the "Motion") came on regularly for hearing on March 12, 2007, at 10:30 a.m. in department 4 of the above-entitled Court located at 325 West "F" Street, San Diego, California, the Honorable Peter W. Bowie presiding. Appearances were made by the firm of Keehn & Associates, APC, by L. Scott Keehn, on behalf of Petitioning Creditors; and the Law Office of M. Jonathan Hayes, by M. Jonathan Hayes on behalf of Alleged Debtor, Francis J. Lopez ("Lopez"), in opposition to the Motion.

The Court, having previously considered all of the pleadings, papers, requests and declarations submitted by the Petitioning Creditors in support of their positions, and, there being no opposition papers filed, further heard and considered the oral arguments, contentions, and request of the parties in open sessions.

The Court's findings of fact and conclusions of law were stated orally by the Court, and recorded in open session, following the close of argument, and are incorporated herein by this reference pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 52(a) of the Federal Rules of Civil Procedure. Based upon the foregoing, and good cause therefore appearing,

IT IS HEREBY ORDERED that:

(1)    The Motion to compel further response to Petitioning Creditor's written discovery requests is granted in its entirety;

(2)    Without limiting the generality of the foregoing, it is further and specifically ordered that Lopez must provide Petitioning Creditors with all requested supplemental responses to written discovery on or before April 11, 2007;

(3)    The Court reserves jurisdiction for and defers its ruling on the imposition of sanctions against Alleged Debtor; and,

(4)    A further hearing on this matter will be held on May 11, 2007 at 9:30 a.m. in Department 4 of the above entitled court. The Court will renew its consideration of the Petitioning Creditor's request for the imposition of sanctions in the cost of $4,242,00 at that time.

0085

CSD 1001C

*Signed by Judge John J. Hargrove April 13, 2007*

Document 104

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

# Minute Order

### _Hearing Information:_

|  |  |  |  |
|---|---|---|---|
| **Debtor:** | FRANCIS J. LOPEZ | | |
| **Case Number:** | 05-05926-PB7 | **Chapter:** 7 | INVOLUNTARY |
| **Date / Time / Room:** | FRIDAY, MAY 11, 2007 09:30 AM   DEPARTMENT 4 | | |
| **Bankruptcy Judge:** | PETER W. BOWIE | | |
| **Courtroom Clerk:** | MARILYN WILKINSON | | |
| **Reporter / ECR:** | COLLETTA BROOKS | | |

### _Matter:_

STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER
(fr. 3/12/07)

### _Appearances:_

M. Jonathan Hayes, ATTORNEY FOR Francis J. Lopez
L. Scott Keehn, ATTORNEY FOR ALAN STANLY

### _Disposition:_

Continued to 6/25/07 at 10:30 a.m.
Debtor's supplemental responses to written discovery to be filed by 5/21/07.
Any Motion to Comnpel to be filed and served by 5/25/07 for hearing on 6/25/07 at 10:30 a.m.

Document 105

CSD 1183 (10/17/05)
Name, Address...

L. Scott Keehn (SBN 61691)
Leslie F. Keehn (SBN 199153)
KEEHN & ASSOCIATES, APC
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200
Attorneys for Petitioning Creditors

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FRANCIS J. LOPEZ,

BANKRUPTCY NO.  05-05926-PBINV

Tax I.D.(EIN)#:_____/S.S.#:XXX-XX-_____   Alleged Debtor.

## NOTICE OF HEARING AND MOTION

TO:   Alleged Debtor, Francis J. Lopez, Other Parties in Interest, and their Attorneys of Record

**YOU ARE HEREBY NOTIFIED** that on  June 25, 2007 _____, at  10:30 a.m.,
in Department No._4___, Room_328___ the Jacob Weinberger United States Courthouse, located at 325 West "F" Street,
San Diego, California 92101-6991, there will be a hearing regarding the motion of __the Petitioning Creditors_____,
for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor in the amount of $4,242.00; and (2) Imposing
Evidentiary Sanctions Against the Debtor.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy
of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San
Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14)[1] DAYS FROM THE DATE OF SERVICE.

DATED: May 24, 2007

//s// L. Scott Keehn
[Attorney for] Moving Party

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions.   0 0 8 9

CSD 1183/110311

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on __24th__ day of __May, 2007_____, I served a true copy of the within NOTICE OF MOTION AND HEARING, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER, and DECLARATION OF L. SCOTT KEEHN IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER by [describe here mode of service]

FIRST CLASS MAIL

on the following persons [set forth name and address of each person served] and/or as checked below:

[ ✔ ]    Attorney for Debtor (if required):

    M. Jonathan Hayes
    Law Office of M. Jonathan Hayes
    21800 Oxnard St.
    Suite 840
    Woodland Hills, CA  91367

[   ]    See attached Service List

| [ ✔ ] | For Chpt. 7, 11, & 12 cases: | [   ] | For ODD numbered Chapter 13 cases: | [   ] | For EVEN numbered Chapter 13 cases: |
|---|---|---|---|---|---|
| | UNITED STATES TRUSTEE<br>Department of Justice<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | | THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>530 "B" Street, Suite. 1500<br>San Diego, CA 92101 | | DAVID L. SKELTON, TRUSTEE<br>525 "B" Street, Suite 1430<br>San Diego, CA 92101-4507 |

I certify under penalty of perjury that the foregoing is true and correct.

Executed on __May 24, 2007__
         (Date)

__//s// Mark P. Laemmle__
(Typed Name and Signature)

__402 West Broadway, Suite 1210__
(Address)

__San Diego, CA  92101__
(City, State, ZIP Code)

0090

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                          )  Case No.  05-05926-PBINV
                                    )
12       FRANCIS J. LOPEZ,          )  **MEMORANDUM OF POINTS AND**
                                    )  **AUTHORITIES IN SUPPORT OF MOTION**
13              Alleged Debtor.     )  **FOR AN ENFORCEMENT ORDER:**
                                    )  **(1) IMPOSING MONETARY SANCTIONS**
14                                  )  **AGAINST THE DEBTOR; AND**
                                    )  **(2) IMPOSING EVIDENTIARY**
15                                  )  **SANCTIONS AGAINST THE DEBTOR**
                                    )
16                                  )  **[BIFURCATED PHASE II]**
                                    )
17                                  )  Date:  June 25, 2007
                                    )  Time:  10:30 a.m.
18                                  )  Judge: The Honorable Peter W. Bowie
                                    )  Ctrm:  4
19  _____ )

20       The Alleged Debtor — Francis J. Lopez ("Lopez") — has failed to fully comply with the

21  Court's order directing him to supplement his discovery responses by May 21, 2007.[1]  Accordingly,

22  pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to these

23  proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"), Petitioning

24  Creditors respectfully submit their Motion for an Order from this Court: (1) imposing monetary

25  sanctions against Lopez in the amount of $4,242; and (2) imposing evidentiary sanctions against

26  Lopez.

27

28  _____
        [1]    See, Docket Item # 104.

## **TABLE OF CONTENTS**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   FACTUAL AND PROCEDURAL CHRONOLOGY OF LOPEZ'S
      EXTENSIVE HISTORY OF HINDERING, DELAYING AND REFUSING
      TO PROVIDE PROPER DISCOVERY RESPONSES DESPITE BEING
      ORDERED TO DO SO BY THIS COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.  DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.   Sanctions are a Necessary and Appropriate Response to Lopez's Brazen
           Disregard of His Discovery Obligations and this Court's Orders. . . . . . . . . . . . . 7

      B.   Lopez's Discovery Abuse is Unfairly Prejudicial to Existing Creditors . . . . . . . . 8

      C.   Evidentiary Sanctions Should Now be Imposed . . . . . . . . . . . . . . . . . . . . . . . . . 9

      D.   The Deferred Monetary Sanctions Should Now Be Imposed . . . . . . . . . . . . . . . . 13

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0092**

110290/LFK/5311.01

# I.

# INTRODUCTION

*Delays have dangerous ends.*

William Shakespeare
Henry VI, Part One
Act III, Scene ii

Francis J. Lopez — Master Scofflaw — is pulling this case and its creditors down the dangerous path of delay by ignoring the Court's mandate for compliance with his duties to disclose that which unopposed discovery compels. Having paralyzed the case first by his refusal to cooperate and second by his disobedience to the court's ruling, Lopez remains at liberty to create an unlimited variety of "Priority Gap Claims"[2] which will slip ahead of all of the pre-petition unsecured creditors. The plight of those creditors is exacerbated by the automatic stay which prevents them from taking any enforcement action to preserve the economic utility of their claims.[3] The risks of prejudice are further heightened by the initial delay that was occasioned by the bifurcation of the case — at Lopez's request — so that the Involuntary Gap Period was necessarily rendered longer than the norm, even before the latest delays were encountered.

What mischief has already occurred behind the shield of delay, and what further mischief may yet occur before the Order for Relief is ultimately entered, is impossible to ascertain. But, what can be seen with absolute clarity is that Lopez will not willingly discharge the duties of a litigant to participate in good faith in this process. He has used his *passive/aggressive* tactic of delay to the prejudice of the creditors, and that prejudice must be truncated so that the *dangerous end* of an expanding pool of priority claims is held in check.

Lopez's disobedience is particularly troubling because it demonstrates that — beyond his willingness to disobey court mandates — he is impervious to the threat of monetary sanctions. At the hearing conducted on March 12, 2007, this Court made clear on the record: (a) the seriousness of Lopez's failure to respond to discovery which he never opposed; (b) its willingness to defer the

---

[2]     See 11 U.S.C. §§ 502(f) and 507(a)(3).

[3]     See 11 U.S.C. § 362(a).

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0093

110290/LFK/5311.01

1   issue of ruling on the requested sanctions of $4,242; and (c) its intention that the risk of sanctions

2   was to serve as a *Sword of Damocles* suspended above Lopez to motivate compliance.  With that

3   in mind, the court then gave him another 30 days — to April 11, 2007 — to fully respond to

4   discovery promulgated five months earlier, on November 3, 2006.  In response to the court's clear

5   direction, Lopez provided an anemic and patently deficient set of "supplemental" responses which

6   generated another fruitless round of meet and confer conferences between the parties' attorneys.

7           At the status conference held on May 11, 2007, this Court gave Lopez even more time to

8   supplement his responses – until May 21, 2007.  True to form, on the last day for Lopez to

9   respond, he requested, through his attorney, another two business days to provide responses.  The

10  request was granted, on the condition that Petitioning Creditors' deadline to file any responsive

11  discovery motion be extended from Friday May 25, 2007 to Monday May 28, 2008.  On May 23,

12  2007, Lopez withdrew his request for an extension, and stated that he would not be supplementing

13  his discovery responses.

14          Lopez's cavalier misconduct taunts this Court's threat of monetary sanctions.  It is

15  insufferable.  It warrants the immediate entry of both monetary and evidentiary sanctions.

16                                              **II.**

17  **FACTUAL AND PROCEDURAL CHRONOLOGY OF LOPEZ'S EXTENSIVE HISTORY
    OF HINDERING, DELAYING AND REFUSING TO PROVIDE PROPER DISCOVERY
18  RESPONSES DESPITE BEING ORDERED TO DO SO BY THIS COURT**

19  11/03/06:  Lopez was served with Petitioning Creditors' First Set of Written Discovery for

20              Phase II (the "Phase II Written Discovery"), consisting of (1) First Phase II

21              Requests for Admission Propounded by Petitioning Creditors [10 Requests];

22              (2) First Phase II Request for Production of Documents by Petitioning Creditors

23              [162 categories of documents]; and (3) First Phase II Interrogatories

24              Propounded by Petitioning Creditors [35 Interrogatories].  Lopez's responses to

25              the Phase II Written Discovery were due on December 4, 2006.

26  12/03/06:  Lopez served "Response to Requests for Admission Propounded to Alleged

27              Debtor Francis J. Lopez (Phase II)."  **Lopez's responses were deficient, and

28              Lopez failed to verify the responses.**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0094

110290/LFK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

12/05/06:  Lopez served "Response to Interrogatories Propounded to Alleged Debtor Francis J. Lopez (Phase II). **Lopez's responses were deficient, and Lopez failed to verify the responses.** Lopez also served "Response to Requests for Production of Documents." **Lopez's responses were deficient.**

12/13/06:  Petitioning Creditors' attorney, L. Scott Keehn, sent a *meet and confer* letter to Lopez's attorney, M. Jonathan Hayes, notifying him of the deficiencies in Lopez's responses to the Phase II Written Discovery.

12/15/06:  Attorneys Keehn and Hayes participated in a telephonic *meet and confer* conference wherein the parties agreed that Lopez would provide supplemental responses to the Phase II Written Discovery on or before January 12, 2007.

01/12/07:  Deadline for Lopez to provide the promised supplemental responses to the Phase II Written Discovery. **Lopez failed, without explanation, to provide supplemental responses to the Phase II Written Discovery.**

01/19/07:  Attorney Keehn sent a follow-up *meet and confer* letter to attorney Hayes requesting an explanation regarding Lopez's failure to provide the promised supplemental responses to discovery, and notifying Lopez of the imminent likelihood of a motion to compel his responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond to that *meet and confer* letter.**

01/29/07:  Petitioning Creditors filed a Motion to Compel responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond or file an Opposition to that Motion.**

03/10/07:  On a Saturday, just two days prior to the scheduled hearing on Petitioning Creditors' Motion to Compel Lopez's responses to the Phase II Written Discovery, attorney Hayes emailed approximately 155 pages of documents to attorney Keehn, purportedly in response to the "First Phase II Request for Production of Documents by Petitioning Creditors." **This last-minute *"document dump"* was improper because the documents: (1) were not**

0 0 9 5

110290/LFK/5311.01

responsive to the Requests, (2) were not organized by category of Request, and (3) consisted of at least 103 pages of pleadings filed in the San Diego Superior Court which are already in the Petitioning Creditors' possession. **Lopez failed, without explanation, to explain the deficiencies and/or his failure to provide the agreed-upon supplemental responses.**

03/12/07:   This Court granted Petitioning Creditors' motion to compel Lopez to provide supplemental responses to the Phase II Written Discovery.[4]  The Court ordered Lopez to provide the supplemental responses on or before April 11, 2007.  The Court — in open session — indicated that it was deferring its ruling on the request for monetary sanctions of $4,242 because: (a) it wanted the risk of those sanctions to serve as a *Sword of Damocles* to encourage compliance with the Court's order; and (b) Lopez would have to "work his way out of those sanctions."  **Lopez failed, without explanation, to fully comply with this Court's Order.**

04/10/07:   Lopez mailed a set of supplemental responses to the Phase II Written Discovery which were patently deficient in that, i.e., they failed to fully respond to the Interrogatories asked, failed to provide facts in support of asserted denials to the Requests for Admissions, and failed to produce responsive documents.

05/11/07:   (1) This Court ordered Lopez to file proper supplemental responses to the Phase II Written Discovery on or before May 21, 2007.  **Lopez failed to comply with this Court's Order, stating that no further responses will be given.**

(2) Attorneys Keehn and Hayes met and conferred at Mr. Keehn's office regarding the deficiencies in Lopez's supplemental responses to the Phase II Written Discovery.  Attorney Hayes requested attorney Keehn set forth the deficiencies in a *meet and confer* letter.

05/14/07:   As requested, attorney Keehn sent a *meet and confer* letter via email and first

---

[4]     See, Docket Item #93.

0096

- 6 -

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

class United States mail to attorney Hayes which enumerated each and every

deficiency in Lopez's supplemental responses to the Phase II Written

Discovery.

05/21/07: (1) Deadline for Lopez to supplement his supplemental responses to the Phase

II Written Discovery. **Lopez failed to provide supplemental responses as**

**required by this Court's Order.**

(2) After the close of business, at 7:10 P.M., attorney Hayes emailed attorney

Keehn a request for two additional days for Lopez to supplement his

responses to the Phase II Written Discovery.

05/22/07: Attorney Keehn responded to attorney Hayes' email by granting the requested

two-day extension of time, in exchange for a stipulation providing Petitioning

Creditors with an extension of time – from May 25, 2007 to May 30, 2007 – to

file any necessary discovery motion.

05/23/07: Attorney Hayes emailed attorney Keehn to withdraw Lopez's request for an

extension of time, and notify him that Lopez would not be providing any

additional responses.

### III.

### DISCUSSION

A.   **Sanctions are a Necessary and Appropriate Response to Lopez's Brazen Disregard of His Discovery Obligations and this Court's Orders.**

Pursuant to FRCP Rule 37(b)(2), made applicable to these proceedings by FRBP Rule

9014(c), this Court has broad discretion to issue appropriate sanctions for Lopez's continued,

unreasonable refusal to provide discovery.[5]  Where, as here, an alleged debtor has engaged in a

course of conduct clearly designed to avoid his discovery obligations, even the seemingly "harsh"

sanction of striking the debtor's answer and adjudicating him a bankrupt is both appropriate and

---

[5]      *Matter of Visioneering Const.*, 661 F.2d 119, 123 - 124 (9th Cir. 1981); *In re Heritage Bond Litigation*, 223 F.R.D. 527, 530 (Dist. Ct. C.D. Cal. 2004); *In re Williams*, 215 B.R. 289, 299 (Dist. Ct. D.R.I.,1997) ("the choice and severity of the sanction imposed is a matter reserved to the sanctioning court's discretion").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0097

110290/LFK/5311.01

1 | necessary to avoid encouraging "a blatant disregard for the discovery mechanism."[6]  Petitioning

2 | Creditors are willing – for the moment – to stop short of requesting terminating sanctions, and

3 | accept a combination of evidentiary and monetary sanctions (as originally requested) to enable this

4 | case to proceed forward to summary judgment.

5 |       Lopez's responses to the Phase II Written Discovery (served on November 03, 2006) were

6 | due on December 4, 2006.  Almost six months have now passed since that original production

7 | date, and Petitioning Creditors have yet to receive Lopez's responses, or even a reasonable

8 | justification for the delay.  And that is not because Petitioning Creditors have not been trying.  As

9 | set forth in Section II above, Petitioning Creditors made multiple efforts to *meet and confer* with

10 | Lopez before obtaining this Court's Orders compelling Lopez to provide full and complete

11 | discovery responses.  Unfortunately, this Court's Orders have not had much impact on Lopez.  At

12 | this point, Lopez is no longer willing to even feign compliance – e.g., with an eleventh-hour

13 | *document dump* (as he did on March 10, 2007).  Instead, his attorney simply emailed notification

14 | to attorney Keehn that no supplemental responses will be provided.  Based on that communication,

15 | there appears to be nothing more that either this Court or Petitioning Creditors can do to force

16 | Lopez to provide supplemental discovery responses.

17 | **B.    Lopez's Discovery Abuse is Unfairly Prejudicial to Existing Creditors.**

18 |       Lopez's strategic delaying of these proceedings unfairly exposes all creditors to

19 | unnecessary prejudice, the extent of which is currently unknown, in that Lopez is free to incur

20 | new debt that will be superior to the claims of all pre-petition creditors due to the priority status

21 | given to gap claims under 11 U.S.C. §502(f), pursuant to 11 U.S.C. §507(a)(3).  As we approach

22 | June 30, 2007, which will be the second anniversary of the petition, the specter of an ever-

23 | expanding body of gap claims looms as an ominous threat to the economic utility of the

24 | Bankruptcy remedy sought by the Petitioning Creditors.  It is ironic, inequitable and intolerable

25 | that the creditors should continue to be exposed to that peril because Lopez refuses to comply with

26 |

27 |       [6]     *In re Rice*, 14 B.R. 843, 846 (9th Cir.BAP 1981); *Matter of Visioneering Const.*,

28 | supra, 661 F.2d at 123 (court's order striking alleged debtor's answer was an appropriate sanction since the debtor had "deliberately and obstinately refused to cooperate with discovery requests and court orders").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0098

110290/LFK/5311.01

1  both his discovery obligations, and the orders of the Court. Lopez's game-playing must stop now

2  so that this estate can proceed toward a fair and orderly administration. At the same time, all

3  creditors deserve to have the prejudice caused by Lopez's willful disregard of the Court's order

4  neutralized. Since there is no way to turn back the hands of time or undo any gap claims that

5  Lopez may have created in his period of non-compliance, evidentiary sanctions is the only way to

6  get this case processed toward the entry of an order for relief.

7  **C.    Evidentiary Sanctions Should Now be Imposed.**

8      Since Lopez has now flatly refused to supplement his responses to the Phase II Written

9  Discovery, the following evidentiary sanctions should be imposed pursuant to FRCP 37(b)(2):

10  **Interrogatory No. 1.** This Interrogatory requires Lopez to state all facts upon which he

11  based any response to the "Requests for Admissions" which is not an unqualified admission. He

12  failed to do so in support of his denial to Request for Admission Number 5 ("Admit that with

13  respect to the STANLY JUDGMENT, YOU never requested a stay of enforcement pending

14  YOUR appeal of that judgment."). Given Lopez's blatant refusal to supplement his response

15  despite the Court's threat of monetary sanctions, the most "appropriate sanction, reasonably related

16  to the subject of discovery that was frustrated by sanctionable conduct," is an evidentiary sanction

17  deeming Lopez's response to Request for Admission Number 5 an unqualified admission.[7]

18      In *In re Heritage Bond Litigation*, supra, the defendants failed to comply with the court's

19  order to supplement their responses to a request for documents pertaining to an alleged fraudulent

20  transfer of property.[8] Given the defendants' unreasonable delay and noncompliance, the court

21  issued an evidentiary sanction precluding defendants from defending against the fraudulent

22  transfer cause of action.[9] Likewise here, given Lopez's unrelenting delay tactics and failure to

23  comply with his discovery obligations and/or this Court's orders, a conclusive evidentiary sanction

24  appears to be the only way this case will be processed forward.

25

26  [7]    *In re Heritage Bond Litigation*, supra, 223 F.R.D. at 531.

27  [8]    *Id.* at 529 & 531.

28  [9]    *Id.* at 531.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

0099

110290/LFK/5311.01

1   **Interrogatory No. 3**  This interrogatory states:

2           Unless YOUR response to each of the "REQUESTS FOR
        ADMISSIONS" served with these interrogatories is an unqualified
3       admission, then for each response which is not an unqualified
        admission, state the number of the request, and IDENTIFY all
4       DOCUMENTS, writings and other tangible things that YOU
        contend support YOUR response.

5

6   In his supplemental response to this Interrogatory, Lopez referenced Request for Admission

7   Number 1 ("Admit that you received no cash payments from NOVEON between January 1, 2005,

8   and July 1, 2005"), and identified certain checks he had received as payments from NOVEON –

9   the business owned by him and his wife – during the relevant time period: "Check number 5135

10  for $1,000.00 issued by Noveon Systems, Inc. on 1/4/2005; check number 5171 for $35.00 issued

11  by Noveon Systems, Inc. on 4/26/05." Copies of these checks have not been produced, despite

12  being requested within the scope of Request for Production 154 and 155 (requesting "any and all

13  DOCUMENTS that are identified or referred to in any of your responses to the

14  INTERROGATORIES [and] REQUEST FOR ADMISSION"). This evidence is essential to the

15  Petitioning Creditors' ability to establish Lopez's lack of income to pay his debts as they came due

16  as of the Petition Date. The appropriate sanction for Lopez's failure to provide that relevant

17  evidence is an evidentiary sanction prohibiting him from producing any evidence of any type –

18  including testimonial or documentary, either proffered directly or for impeachment purposes – of

19  cash payments he received from Noveon during the period between January 1, 2005 and July 1,

20  2005.[10]

21  **Interrogatory No. 4.**  This Interrogatory states:

22          IDENTIFY by date, source, and amount, all cash receipts of any
        kind (including loan proceeds) that YOU received from any source
23      — including but not limited to — NOVEON between January 1 and
        July 1, 2005.

24

25  In Lopez's supplemental response to this Interrogatory, he identifies four sources of

26  minimal cash (totaling $1,235.34) for the relevant period, and then makes the vague claim that

27

28  _____

    [10]     *Id.*

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0 1 0 0**

110290/LFK/5311.01

1   "[t]here are other cash receipt transactions that may be responsive to this interrogatory, I am still

2   researching those." This response is disingenuous given the amount of time Lopez has had to

3   adequately "research" his records for responsive information. The appropriate sanction for this

4   sort of hindering and game-playing is to impose an evidentiary sanction prohibiting Lopez from

5   producing any evidence of any type – including testimonial or documentary, either proffered

6   directly or for impeachment purposes – of cash he received during the period between January 1,

7   2005 and July 1, 2005, except for the $1,235.34 already disclosed in his supplemental response.[11]

8   **Interrogatory No. 5** This interrogatory requires Lopez to identify cash received by his

9   current wife, Madeleine Lopez (with whom he lives), during the period between January 1, 2005

10  and July 1, 2005. Lopez refuses to provide this information, and instead makes the patently

11  unbelievable claim that "[t]he requested information is not in my possession or control." Lopez

12  has never even attempted to explain why he is unable to obtain the requested information from his

13  wife with whom he shares a home, a business and bank accounts; or, most significantly, what

14  efforts, if any, he made to obtain the information.

15      In *In re Heritage Bond Litigation*, supra, the court cited the defendants' "minimal" efforts

16  to obtain the requested documents from third parties as a basis to issue civil contempt sanctions for

17  their failure to comply with the prior discovery order mandating production.[12] As explained in *In*

18  *re Heritage Bond Litigation*, supra, the appropriate sanction for this blatant game-playing is to

19  impose an evidentiary sanction prohibiting the proffering of *any* evidence at trial pertaining to that

20  which was not produced during discovery.[13] Here, that sanction should prohibit Lopez from

21  producing any evidence of any type – including testimonial or documentary, either proffered

22  directly or for impeachment purposes – of cash his wife, Madeleine Lopez, received during the

23  period between January 1, 2005 and July 1, 2005.

24  / / /

25

26  [11]     *Id.*

27  [12]     *In re Heritage Bond Litigation*, supra, 223 F.R.D. at 533.

28  [13]     *Id.* at 531.

KEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0101

110290/LFK/5311.01

1    **Interrogatory Nos. 6 & 11.** These interrogatories seek information pertaining to the

2    nature and scope of mortgage and other obligations owed to Lehman Brothers Bank – the lender

3    who recorded a mortgage against the Florida residence which Lopez shares with his wife,

4    Madeleine Lopez – and any payments made on those obligations. In response, Lopez has

5    continually asserted that he either has no responsive information, or "[a]ny responsive documents

6    are not in my possession or control." He has never explained that response by indicating who

7    might, or in fact does, have possession or control of the requested information; or, most

8    significantly, what efforts, if any, he made to obtain the responsive information and/or documents.

9    Since the requested information is sought to establish that, as of the Petition Date, Lopez

10   was not in fact paying his debts as they came due, the appropriate sanction for his refusal to

11   provide information relevant to that issue, is to impose an evidentiary sanction prohibiting Lopez

12   from producing any evidence of any type – including testimonial or documentary, either proffered

13   directly or for impeachment purposes – of the obligations owed to Lehman Brothers Bank, and/or

14   any payments being made on those obligations prior to the Petition Date.[14]

15   **Interrogatory Nos. 13, 15, 16, 17, 18, 22, 24, 27, 28, 30, 32 & 34.** These Interrogatories

16   requested information pertaining to the payments on obligations owed to the following creditors:

17   American Express, Bank of America, Bank Card Services, Cingular, Citicard, Household Bank,

18   Northwest Florida Daily News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank

19   and Thomas B. Gorrill. Specifically, the Interrogatories stated:

20           With respect to any or all debts that YOU OWED to [identified
             creditor] as of June 30, 2005, IDENTIFY: (a) the original amount of
21           the obligation; (b) the date it was originally incurred; (c) the dates
             upon which the amount those obligations increased and the amount
22           of such increases; and, (d) the dates and amounts of all payments
             made on that obligation.

23

24   Lopez's original response to all of these Interrogatories was to object on the grounds that

25   the question was "vague." He then failed to make a reasonable effort to provide the requested

26   information, and instead feigned compliance with this Court's Order with irrelevant and non-

27

28   ────────────────
     [14]    *Id.*

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1310
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0102

110290/LFK/5311.01

1  responsive answers which, i.e., referred to payments made post-petition (which are not relevant to

2  this Phase of the proceedings), claimed there was "no way to determine" the requested

3  information, or asserted that after reviewing his unidentified "records" he did not believe he owed

4  that creditor anything on the Petition Date.

5      The requested information is essential to Petitioning Creditors' ability to establish that, as

6  of the Petition Date, Lopez was not paying his debts as they came due. Since it is now obvious

7  that Lopez is not going to provide that essential information with respect to these creditors (and at

8  this point it is no longer possible to provide a response that is timely in any sense of the word), the

9  necessary and appropriate action is for this Court to impose an evidentiary sanction prohibiting

10 Lopez from producing any evidence of any type – including testimonial or documentary, either

11 proffered directly or for impeachment purposes – of: (a) the obligations owed to: American

12 Express, Bank of America, Bank Card Services, Cingular, Citicard, Household Bank, Northwest

13 Florida Daily News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank and Thomas

14 B. Gorrill as of the Petition Date; and/or (b) any payments made on those obligations.[15]

15 **D.    The Deferred Monetary Sanctions Should Now Be Imposed.**

16     In its Order,[16] dated March 12, 2007, this Court deferred ruling on Petitioning Creditors'

17 request for monetary sanctions as set forth in their Motion to compel Lopez's responses to the

18 Phase II Written Discovery.[17] Since then, Lopez has engaged in a *gamesman-like* series of

19 supplemental activities calculated to create the illusion of attempted compliance without ever

20 yielding up a meaningful or good-faith response. It is conduct more calculated to exhaust the

21 Petitioning Creditors' resolve than to facilitate the *quest for truth* that is the over-arching purpose

22 of all civil litigation, and the function of the discovery rules. It is a course of conduct that

23 dramatically underscores the need for meaningful sanctions for Lopez's chronic failure to fulfill

24 his duties as a litigant. These sanctions only compensate for the burden of first bringing a

25

26 ───────────────

[15]    *Id.*

27 [16]    See, Docket Item #93.

28 [17]    See, Docket Item #91.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

0103

110290/LFK/5311.01

1  compliance motion, and do not address the further prejudice occasioned by the continuing failure

2  to provide obligatory discovery responses . That prejudice can only be remedied by imposition of

3  the evidentiary sanctions requested above.

4       Petitioning Creditors hereby renew their request for monetary sanctions in the amount of

5  $4,242, consisting of the attorneys' fees incurred by Petitioning Creditors in bringing that Motion,

6  as though fully set forth herein.

7                                    **IV.**

8                              <u>**CONCLUSION**</u>

9       Based on all of the foregoing, Petitioning Creditors respectfully request that this Court

10  issue an Order imposing evidentiary sanctions, and monetary sanctions against Lopez in the

11  amount of $4,242, as set forth in the proposed Order attached hereto, marked Exhibit 1.

12

13  Dated: May 24, 2007                    **KEEHN & ASSOCIATES**
                                          A Professional Corporation

14

15

16              By:    //s// L. Scott Keehn
                       L. Scott Keehn
17                     Attorneys for **Petitioning Creditors**

18

19

20

21

22

23

24

25

26

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0104

110290/LFK/5311.01

# EXHIBIT 1

0105

CSD 1001C (11/15/04)
Name, Address, Telephone No. & I.D. No.

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
KEEHN & ASSOCIATES, APC
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

---

### UNITED STATES BANKRUPTCY COURT
#### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re | |
|---|---|
| FRANCIS J. LOPEZ, | BANKRUPTCY NO.  05-05926-PBINV |
| | Date of Hearing: June 25, 2007 |
| | Time of Hearing: 10:30 a.m. |
| Alleged Debtor. | Name of Judge: Hon. Peter W. Bowie |

---

### ORDER:
## (1) GRANTING PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING DISCOVERY SANCTIONS; (2) IMPOSING MONETARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ IN THE AMOUNT OF $4,242.00; AND (3) IMPOSING EVIDENTIARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through  3  with exhibits, if any, for a total of  3  pages, is granted.  Motion Docket Entry No. _____.

//

//

//

//

//

//

DATED: _____

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:
**KEEHN & ASSOCIATES, APC**

_____
(Firm name)

By: L. Scott Keehn
Attorney for [X] Movant ☐ Respondent

0106

(1) GRANTING PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING DISCOVERY SANCTIONS; (2) IMPOSING MONETARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ IN THE AMOUNT OF $4,242.00; AND (3) IMPOSING EVIDENTIARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ

ALLEGED DEBTOR: FRANCIS J. LOPEZ                    CASE NO:05-05926-PBINV

---

Petitioning Creditors' Motion for an Enforcement Order Imposing Discovery Sanctions against Alleged Debtor Francis J. Lopez (the "Motion") came on regularly for hearing on June 25, 2007, at 10:30 a.m. in department 4 of the above-entitled Court located at 325 West "F" Street, San Diego, California, the Honorable Peter W. Bowie presiding. Appearances were made by the firm of Keehn & Associates, APC, by L. Scott Keehn, on behalf of Petitioning Creditors; and the Law Office of M. Jonathan Hayes, by M. Jonathan Hayes on behalf of Alleged Debtor, Francis J. Lopez ("Lopez"), in opposition to the Motion.

The Court, having previously considered all of the pleadings, papers, requests, declarations and arguments submitted by the parties in support of their positions, and, good cause therefore appearing,

**IT IS HEREBY ORDERED** that:

(1)     The Motion for an Enforcement Order Imposing Discovery Sanctions Against Alleged Debtor Francis J. Lopez is granted;

(2)     It is further and specifically ordered that, within 20 days of the entry of this Order, Alleged Debtor Francis J. Lopez ("Lopez") shall pay monetary sanctions to Petitioning Creditors, through their attorneys, Keehn & Associates, APC, in the amount of $4,242.00;

(3)     It is further and specifically ordered that the following evidentiary sanctions shall apply to any and all further proceedings in this case:

(A)     Phase II Request for Admission Number 5 is deemed admitted; and Lopez is prohibited from denying any aspect of the statement set forth in "Request for Admission Number 5" in the "First Phase II Requests for Admission Propounded by Petitioning Creditors," served on Lopez on November 3, 2006;

(B)     Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of receiving cash payments from Noveon Systems, Inc. during the period between January 1, 2005 and July 1, 2005;

(C)     Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of receiving any cash from any source during the period between January 1, 2005 and July 1, 2005, except for the $1,235.34 he disclosed in his supplemental response to Interrogatory Number 4 in the "First Phase II Interrogatories Propounded by Petitioning Creditors," served on Lopez on November

0107

Case 3:08-cv-01311-JAH-BLM   Document 7-2   Filed 05/29/2008   Page 28 of 93

(1) GRANTING PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING DISCOVERY SANCTIONS; (2) IMPOSING MONETARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ IN THE AMOUNT OF $4,242.00; AND (3) IMPOSING EVIDENTIARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ

ALLEGED DEBTOR: FRANCIS J. LOPEZ                              CASE NO:05-05926-PBINV

---

3, 2006;

(D)     Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of any cash his wife, Madeleine Lopez, received from any source during the period between January 1, 2005 and July 1, 2005;

(E)     Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of the obligations owed to Lehman Brothers Bank, and/or any payments being made on those obligations prior to the Petition Date; and

(F)     Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of paying as they became due the obligations he owed to any of the following entities or persons: American Express, Bank of America, Bank Card Services, Cingular, Citicard, Household Bank, Northwest Florida Daily News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank and Thomas B. Gorrill, as of the Petition Date.

0108

1   L. Scott Keehn, SBN 61691
    Leslie F. Keehn, SBN 199153
2   **KEEHN & ASSOCIATES**
    A Professional Corporation
3   402 West Broadway, Suite 1210
    San Diego, California 92101
4   Telephone: (619) 400-2200

5   Attorneys for **Petitioning Creditors**

6

7

8                  **UNITED STATES BANKRUPTCY COURT**

9              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                          )    Case No. 05-05926-PBINV

12        FRANCIS J. LOPEZ,         )    Involuntary Chapter 7

13              Alleged Debtor.     )    **DECLARATION OF L. SCOTT KEEHN IN**
                                    )    **SUPPORT OF PETITIONING**
14                                  )    **CREDITORS' MOTION FOR AN**
                                    )    **ENFORCEMENT ORDER: (1) IMPOSING**
15                                  )    **MONETARY SANCTIONS AGAINST THE**
                                    )    **DEBTOR; AND (2) IMPOSING**
16                                  )    **EVIDENTIARY SANCTIONS AGAINST**
                                    )    **THE DEBTOR**
17                                  )
                                    )    **[BIFURCATED PHASE II]**
18                                  )
                                    )    Date:  June 25, 2007
19                                  )    Time:  10:30 a.m.
                                    )    Judge: The Honorable Peter W. Bowie
20                                  )    Ctrm:  4
                                    )
21  _____)

22        I, L. Scott Keehn, declare:

23        1.      I am an attorney at law, duly licenced to practice before all courts of this State, and

24  before the United States District Court for the Southern District of California. I am a shareholder

25  of the firm Keehn & Associates APC, attorneys of record for Petitioning Creditors. I have

26  personal knowledge of the factual matters stated herein.

27        2.      On November 03, 2006, my office served Lopez with Petitioning Creditors' First

28  Set of Written Discovery for Phase II (the "Phase II Written Discovery"), consisting of: (1) First

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0109**

1  Phase II Requests for Admission Propounded by Petitioning Creditors [10 Requests]; (2) First

2  Phase II Request for Production of Documents by Petitioning Creditors [162 categories of

3  documents]; and (3) First Phase II Interrogatories Propounded by Petitioning Creditors [35

4  Interrogatories].  True and correct copies of the Phase II Written Discovery are attached hereto,

5  marked Exhibits A, B and C respectively.  Lopez's responses were due on December 4, 2006.

6       3.    On December 03, 2006, Lopez served his "Response to Requests for Admission

7  Propounded to Alleged Debtor Francis J. Lopez (Phase II)." **Lopez's responses were deficient,**

8  **and Lopez failed to verify the responses.**

9       4.    On December 05, 2006, Lopez served his "Response to Interrogatories Propounded

10  to Alleged Debtor Francis J. Lopez (Phase II).  **Lopez's responses were deficient, and Lopez**

11  **failed to verify the responses.**  At the same time, Lopez served his "Response to Requests for

12  Production of Documents."  **Lopez's responses were deficient.**

13       5.    On December 13, 2006, I sent a *meet and confer* letter to Lopez's attorney, M.

14  Jonathan Hayes, notifying him of the deficiencies in Lopez's responses to the Phase II Written

15  Discovery.

16       6.    On December 15, 2006, attorney Hayes and I participated in a telephonic *meet and*

17  *confer* conference wherein the parties agreed that Lopez would provide supplemental responses to

18  the Phase II Written Discovery on or before January 12, 2007.

19       7.    On January 12, 2007 – the Deadline for Lopez to provide the promised

20  supplemental responses to the Phase II Written Discovery – **Lopez failed, without explanation,**

21  **to provide supplemental responses to the Phase II Written Discovery.**

22       8.    On January 19, 2007, I sent a follow-up *meet and confer* letter to attorney Hayes

23  requesting an explanation regarding Lopez's failure to provide the promised supplemental

24  responses to discovery, and notifying Lopez of the imminent likelihood of a motion to compel his

25  responses to the Phase II Written Discovery.  **Lopez failed, without explanation, to respond to**

26  **that *meet and confer* letter.**

27       9.    On January 29, 2007, Petitioning Creditors filed a Motion to Compel responses to

28  the Phase II Written Discovery.  **Lopez failed, without explanation, to respond or file an**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0110

110315/LFK/5311.01

1    Opposition to that Motion.

2        10.    On March 10, 2007 – a Saturday, just two days prior to the scheduled hearing on

3    Petitioning Creditors' Motion to Compel Lopez's responses to the Phase II Written Discovery –

4    attorney Hayes emailed me approximately 155 pages of documents, purportedly in response to the

5    "First Phase II Request for Production of Documents by Petitioning Creditors." **This last-minute**

6    **"*document dump*" was improper because the documents: (1) were not responsive to the**

7    **Requests, (2) were not organized by category of Request, and (3) consisted of at least 103**

8    **pages of pleadings filed in the San Diego Superior Court which are already in the Petitioning**

9    **Creditors' possession. Lopez failed, without explanation, to explain the deficiencies and/or**

10   **his failure to provide the agreed-upon supplemental responses.**

11       11.    On March 12, 2007, I appeared at the hearing during which this Court granted

12   Petitioning Creditors' motion to compel Lopez to provide supplemental responses to the Phase II

13   Written Discovery.[1]  The Court ordered Lopez to provide the supplemental responses on or before

14   April 11, 2007.  The Court — in open session — indicated that it was deferring its ruling on the

15   request for monetary sanctions of $4,242 because: (a) it wanted the risk of those sanctions to serve

16   as a *Sword of Damocles* to encourage compliance with the Court's order; and (b) Lopez would

17   have to "work his way out of those sanctions."

18       12.    On April 10, 2007, Lopez mailed my office a set of supplemental responses to the

19   Phase II Written Discovery which were patently deficient in that, i.e., they failed to fully respond

20   to the Interrogatories asked, failed to provide facts in support of asserted denials to the Requests

21   for Admissions, and failed to produce responsive documents.  True and correct copies of Lopez's

22   supplemental responses are attached hereto marked Exhibits D, E and F.

23       13.    On May 11, 2007, the parties, through their counsel, attended a status conference

24   wherein this Court ordered Lopez to file proper supplemental responses to the Phase II Written

25   Discovery on or before May 21, 2007.  Later that afternoon, I met with attorney Hayes at my office

26   regarding the deficiencies in Lopez's supplemental responses to the Phase II Written Discovery.

27

28

[1]    See, Docket Item #93.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0111

- 3 -

1  Attorney Hayes requested that I set forth the deficiencies in a *meet and confer* letter to him.

2        14.    As requested, on May 14, 2007, I sent a *meet and confer* letter via email and first

3  class United States mail to attorney Hayes which enumerated each and every deficiency in Lopez's

4  supplemental responses to the Phase II Written Discovery.  A true and correct copy of that letter is

5  attached hereto, marked Exhibit G.

6        15.    After the close of business, at 7:10 P.M., on May 21, 2007 – the deadline for Lopez

7  to supplement his supplemental responses to the Phase II Written Discovery –  attorney Hayes

8  emailed me a request for two additional days for Lopez to supplement his responses to the Phase II

9  Written Discovery.  The next morning, on May 22, 2007, I responded to attorney Hayes' email by

10  indicating that I would grant the requested two-day extension of time, in exchange for a stipulation

11  providing Petitioning Creditors with an equivalent two-business-day extension of time – from May

12  25, 2007 to May 30, 2007 – to file any necessary discovery motion.  A true and correct copy of that

13  email correspondence is attached hereto, marked Exhibit H.

14        16.    On May 23, 2007, attorney Hayes sent me an email wherein he withdrew Lopez's

15  request for an extension of time, and notified me that Lopez would not be providing any additional

16  responses to the Phase II Written Discovery.  A true and correct copy of that email correspondence

17  is attached hereto, marked Exhibit I.

18      I declare under penalty of perjury under the laws of the United States that the foregoing is

19  true and correct, and that this Declaration was executed this 24th day of May, 2007, at San Diego,

20  California.

21                            /s/ L. Scott Keehn
22                            L. Scott Keehn

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 FACSIMILE (619) 400-2201

0112

110315/LFK/5311.01

# EXHIBIT A

0 1 1 3

1   L. Scott Keehn (61691)
    **KEEHN & ASSOCIATES**
2   A Professional Corporation
    402 W. Broadway, Suite 1210
3   San Diego, California 92101
    Telephone: (619) 400-2200
4
    Attorneys for **Petitioning Creditors**
5

6

7

8                   UNITED STATES BANKRUPTCY COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  In Re:                          )   Case No. 05-05926-PBINV

12      FRANCIS J. LOPEZ            )   Involuntary Chapter 7
                                    )
13          Alleged Debtor          )   **FIRST PHASE II REQUESTS FOR**
                                    )   **ADMISSION PROPOUNDED BY**
14                                  )   **PETITIONING CREDITORS**
                                    )
15                                  )   [No Hearing Required]
                                    )
16                                  )   Judge: Hon. Peter W. Bowie
                                    )
17                                  )
                                    )
18  _____)

19  PROPOUNDING PARTY:          Petitioning Creditors

20  RESPONDING PARTY:           Francis J. Lopez, The Alleged Debtor

21  SET NUMBER:                 ONE (1)/ Phase II.

22  _____

23        The Petitioning Creditors hereby propound the following Requests for Admissions upon

24  Francis J. Lopez, The Alleged Debtor, and demands his response under oath within thirty (30) days

25  from the date of service pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP")

26  which is made applicable to this contested matter by Rules 7036 and 9014 of the Federal Rules of

27  Bankruptcy Procedure.

28  / / / / /

*(left margin, vertical text)* KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0114

## DUTY TO ADMIT OR PROVIDE ACCURATE AND DETAILED RESPONSE

The fundamental purpose of the discovery rules is to ensure the "just, speedy, and inexpensive determination of every action." FRCP Rule 1. In light of that purpose, a party "may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct." *Marchand v. Mercy Medical Center*, 22 F.3d 933, 936 (9th Cir. 1994); *see also*, *In re Pizante*, 186 B.R. 484, 489 (9th Cir.BAP 1995) ("The rule governing requests for admissions was designed to reduce the burden of litigation...Rule 36 encourages admissions...").

FRCP Rule 36 requires that answers specifically deny the request or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. Denials must fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry concerning the matter in the particular request, and that the information known or readily obtainable by the party is insufficient to enable the party to admit the matter.

Failure to properly respond to a request for admission in accordance with the principles set forth above may result in the matter being deemed admitted. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982). The Ninth Circuit has explained this result as follows:

> It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission.... We hold, therefore, that a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he [or she] feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. (See *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d at 1245 & 1247.)

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0115

108625/LSK/5311.01

1  the following interrogatories upon Francis J. Lopez, and demand response under oath within thirty

2  (30) days from the date of service pursuant to Rule 36 of the Federal Rules of Civil Procedure

3  ("FRCP") which is made applicable to this contested matter by Rules 7036 and 9014 of the Federal

4  Rules of Bankruptcy Procedure.

5  ## DEFINITIONS

6      The following definitions apply to each of the Document Requests and should be read and

7  referred to in answering each of the Document Requests:

8      1.    The term "BUSINESS RECORD(S)" means all writings regularly created or

9  maintained by or on behalf of a PERSON or entity that is or was engaged in business, and

10  includes, without limitation, a memorandum, report, record, or data compilation, in any form, of

11  acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted

12  business activity.

13      2.    The terms "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or

14  credit account with a bank, credit union, or financial institutions of any description, and include,

15  without limitation, a demand, time, checking, savings, passbook, share draft, or like account,

16  including account evidenced by a certificate of deposit.

17      3.    The term "ALL COMPUTER-STORED DATA" means any computer disks,

18  compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-

19  mail) sent or received, and computer databases.

20      4.    The term "CASH AND CARRY" means and refers to any form of transaction in

21  which the purchaser or recipient of the goods or services which are the subject of the transaction is

22  required to, and actually does, deliver cash or a negotiable instrument in the full amount of the

23  price or fee charged for those goods or services, at the time that the goods are purchased or the

24  services are rendered.

25      5.    The term "COMMUNICATION" means the transmittal of any information (in the

26  form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not

27  limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes,

28  presentations, telegrams, telephone conversations and all other written, oral or electronic

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0116

108625/LSK/5311.01

1   transmission of information.

2       6.      The term "CREDIT FACILITY" means every form of agreement, written or oral,

3   by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes,

4   without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

5       7.      The term "DOCUMENT" means and includes all originals — and any copies that

6   differ in any way from the original — of any kind of written, typewritten, printed or recorded

7   material or computer files, DOCUMENTS or records whatsoever, regardless of the source or

8   author thereof, including, without limitation, any writing, filed for reporting or other purposes with

9   the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer

10  printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence,

11  telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports,

12  analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets,

13  logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts,

14  diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited

15  FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock

16  ledgers for all forms and types of securities, minutes of directors, shareholder or committee

17  meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices,

18  charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists,

19  deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates,

20  permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other

21  forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies,

22  extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or

23  not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28

24  U.S.C.A., and any copies of such material if YOU do not have control or possession of the

25  original.

26      8.      The term "FINANCIAL STATEMENT" means and refers to every form of

27  DOCUMENT, including, but not limited to a written report, which quantitatively describes the

28  financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0117

108625/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1   DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet,

2   a statement of cash flows, and a statement of equity.

3       9.    The term "IDENTIFY" when used herein means to describe the requested

4   information to the fullest extent possible, which would include, but is not limited to, furnishing

5   such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

6   or thing that may be in the possession of any PERSON identified in Your response to that

7   interrogatory.  Without limiting the generality of the foregoing:

8       A.    When used in reference to a PERSON the definition includes, but is not

9   limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

10  names known to have been used by the PERSON at any time, the address of the PERSON's

11  residence (where they are a natural PERSON, or principal place of business if not), and all

12  telephone numbers where the PERSON may be reached during usual daytime business hours;

13      B.    When used with reference to a DOCUMENT or DOCUMENT the

14  definition includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

15  or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

16  location, and the name and address of the PERSON or PERSONS with custody of the

17  DOCUMENT or DOCUMENT; and

18      C.    When used with reference to a tangible thing, the definition includes, but is

19  not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

20  which identifies the thing, the address at which the thing is customarily is located, and the name

21  and address of the PERSON or PERSONS who have custody or control of the thing.

22      D.    When used with reference to an account maintained at a bank, credit union

23  or similar financial institution includes, but is not limited to the duty to disclose the name and

24  address of the institution, the account number (or numbers) and the dates during which the account

25  was maintained.

26      10.   The term the "INTERROGATORIES" means and refers to the "First Phase II

27  Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

28      11.   The term "MADELEINE LOPEZ" means and refers to an individual believed to be

0118

108625/LSK/5311.01

1    YOUR spouse at all times from the period commencing January 1, 2002, through and including

2    the present.

3        12.    The term "NOVEON" means and refers to Noveon Systems, Inc., a corporation.

4        13.    The term "ON CREDIT" refers to any transaction or agreement where YOU or one

5    of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

6        14.    The term "PERSON" means any individual (natural PERSON), corporation,

7    organization, association, partnership, limited partnership, limited liability company, firm, joint

8    venture, trust, governmental body, agency, governing board, department or division, or any other

9    entity.

10       15.    the term "PERSONAL ACCOUNT RECORDS" means all writings regularly

11    created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU

12    had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU

13    or YOUR family with goods or services ON CREDIT, and includes without limitation a

14    memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion

15    or diagnoses that are kept in the course of regularly conducted PERSONAl, household, or family

16    activity.

17       16.    The term "PRISM RECEIVERSHIP" means and refers to the receivership created

18    in that certain civil action that was pending before the Superior Court of the State of California for

19    the County of San Diego, North County Branch, identified as *PRISM and PRISM ADVANCED*

20    *TECHNOLOGIES, INC., v. ALAN STANLY* (Case No. GIN 028765) based upon the "Stipulation

21    regarding appointment of Richard M Kipperman as receiver," and the order approving and

22    adopting it which was entered on April 22, 2003.

23       17.    The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing,

24    defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating,

25    referring to, or dealing with.

26       18.    The term "RELATIVE" means any individual related by affinity or consanguinity

27    within the third degree of consanguinity or affinity as determined by common law or any

28    individual in a step or adoptive relationship within such third degree.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

0119

108625/LSK/5311.01

19.    The term the "REQUESTS FOR ADMISSION" means and refers to the "First Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently herewith.

20.    The term the "RESIDENCE" means and refers to that single family dwelling commonly known as 310 Sand Myrtle Trail, Destin, Florida.

21.    The term the "STANLY JUDGMENT" means and refers to that judgment in favor of Petitioning Creditor Alan Stanly against Francis J. Lopez in the principal amount of $50,000, in the case of *UNION BANK OF CALIFORNIA N.A. v. STANLY and LOPEZ* (GIN 030827) entered by the Superior Court of the State of California, for the County of San Diego, on or about September 20, 2004.

22.    The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

23.    The term "YOU OWED" when used in connection with a particular creditor means and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain as to liability or amount.

24.    The phrase "PAYMENTS THAT YOU MADE," or words of similar import include all payments that YOU personally made or caused to be made, and all payments that were made by any other person or entity.

## SPECIAL INSTRUCTIONS

1.    YOUR written response to each request shall first IDENTIFY and quote the request in full. Upon request, YOU will be electronically provided with a copy of these requests in their Word Perfect form to facilitate your compliance with this requirement.

## REQUESTS FOR ADMISSION

Request for Admission No. 1.:

Admit that you received no cash payments from NOVEON between January 1, 2005, and July 1, 2005.

Request for Admission No. 2.:

Admit that YOU were not employed by any PERSON or entity other than NOVEON,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0120

108625/LSK/5311.01

1  between January 1, 2005, and July 31, 2005.

2  Request for Admission No. 3.:

3      Admit that YOU were not engaged as an independent contractor for any PERSON or entity

4  other than NOVEON between January 1, 2005, and July 31, 2005.

5  Request for Admission No. 4.:

6      Admit that YOU had no contractual relationship of any kind that entitled YOU to receive

7  remuneration of any kind based upon services that YOU rendered at any time between January 1,

8  2005, and July 31, 2005.

9  Request for Admission No. 5.:

10     Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of

11 enforcement pending YOUR appeal of that judgment.

12 Request for Admission No. 6.:

13     Admit that at some time after June 14, 2004, and before June 14, 2005, the RESIDENCE

14 was refinanced.

15 Request for Admission No. 7.:

16     Admit that YOU authorized Joseph Fischbach, as your attorney, to sign the stipulation that

17 caused Richard M Kipperman to be appointed as the receiver of Prism, in the PRISM

18 RECEIVERSHIP, a copy of which is attached hereto as Exhibit 1.

19 Request for Admission No. 8.:

20     Admit that YOU have not paid any of the fees that were awarded to Richard M Kipperman

21 on account of services rendered and costs advanced in the PRISM RECEIVERSHIP.

22 Request for Admission No. 9.:

23     Admit that YOU have filed no objection to any of the fees requested by Richard M

24 Kipperman on account of services rendered and costs he has advanced in connection with the

25 PRISM RECEIVERSHIP.

26 / / / / /

27 / / / / /

28 / / / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0121

108625/LSK/5311.01

1    <u>Request for Admission No. 10.:</u>

2        Admit that YOU signed as a guarantor on the obligations that Prism Advanced

3    Technologies, Inc. ("Prism"), incurred under agreements "Equipment Lease Agreement" by and

4    between Herman Miller Capital as lessor and Prism Advanced Technologies as lessee.

5

6    Dated: _11-3-06_                              **KEEHN & ASSOCIATES**
                                                  A Professional Corporation
7

8

9                                      By: _____
                                           L. Scott Keehn
10                                         Attorneys for
                                           Petitioning Creditors
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0122

- 9 -

108625/LSK/5311.01

# EXHIBIT 1

1
2
3
4
5
6
7

F I L E D
Clerk of the Superior Court
APR 2 2 2003
By: T. Dietrich

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF NORTH COUNTY BRANCH

10

11  PRISM AND PRISM ADVANCED           )  CASE No. GIN 028765
    TECHNOLOGIES, INC.,                )
12                                     )  STIPULATION REGARDING APPOINTMENT OF
              PLAINTIFFS,              )  RICHARD KIPPERMAN AS RECEIVER.
13                                     )
           v.                         )
14                                    )  JUDGE: HON. ~~DAVID W. RYAN~~
    ALAN STANLY,                       )         JOEL M. PRESSMAN
15                                     )
              DEFENDANT.               )

16

17        WHEREAS, Prism and Prism Advanced Technologies, Inc. ("Plaintiffs") obtained

18  a workplace violence temporary restraining order against Defendant Alan Stanly on April

19  3, 2003 which is attached hereto as Exhibit 1;

20        WHEREAS, Defendant and Francis Lopez ("Lopez") are each 50% shareholders

21  of Plaintiffs

22        WHEREAS, the parties have stipulated and agreed that Richard Kipperman shall

23  be appointed as a Receiver;

24        NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES, by and through

25  their undersigned counsel as follows:

26        1.    That Richard Kipperman ("Kipperman") shall be appointed as the Receiver

27  for Plaintiffs effective immediately;

28        3.    That Kipperman shall have the customary immunities and rights as a

---

017.216527.

STIPULATION
CASE NO. GIN 028765

Court's Ex:
Case #: 1685132

Rec'd:
Dept: Clk

0124

1   Receiver, as determined by the Court, which shall include, but not be limited to the rights

2   set forth below;

3       4.    That Kipperman's compensation shall be $325.00 per hour and any

4   requirement of a bond shall be waived.

5       5.    Counterpart signatures by facsimile are acceptable.

6   Date: 4/21/03

                                Foley & Lardner

7

8               By:                        
                                Andrew Serwin

9                                   Attorneys for Plaintiff

10

11                                  Weintraub & Dillon

12

13              By:                        
                                Timothy Dillon

14                                  Nadya Spivack
                                Attorneys for Defendants

15

16                                  Fischbach & Fischbach

17

18              By:                        
                                Joseph Fischbach
                                Attorneys for Francis Lopez

19

20  IT IS HEREBY ORDERED:

21      Receiver Kipperman is hereby appointed as the receiver of Plaintiffs, Priam and

22  Prism Advanced Technologies, Inc. (collectively the "Plaintiffs"), with all the powers,

23  rights, duties and obligations set forth below and that his compensation shall be $325.00

24  per hour and any requirement of a bond shall be waived.

25      IT IS HEREBY FURTHER ORDERED that upon the filing of the oath, the

26  receiver shall be authorized and empowered to:

27      1.    Take possession and continue in possession of all Plaintiffs' business,

28  together with all personal property of the Plaintiffs, INCLUDING BUT NOT

---

017.216527.

0125

1  Receiver, as determined by the Court, which shall include, but not be limited to the rights
2  set forth below;

3      4.    That Kipperman's compensation shall be $325.00 per hour and any
4  requirement of a bond shall be waived.

5      5.    Counterpart signatures by facsimile are acceptable.

6  Date:                                    Foley & Lardner

7

8                              By:  —
9                                   Andrew Serwin
                                    Attorneys for Plaintiff
10

11                                  Weintraub & Dillon
12
13                             By:
14                                  Timothy Dillon
                                    Nadya Spivack
15                                  Attorneys for Defendants

16                                  Fischbach & Fischbach
17
18                             By:
                                    Joseph Fischbach
19                                  Attorneys for Francis Lopez

20      IT IS HEREBY ORDERED:

21      Receiver Kipperman is hereby appointed as the receiver of Plaintiffs, Prism and
22  Prism Advanced Technologies, Inc. (collectively the "Plaintiffs"), with all the powers,
23  rights, duties and obligations set forth below and that his compensation shall be $325.00
    per hour and any requirement of a bond shall be waived.
24
25      IT IS HEREBY FURTHER ORDERED that upon the filing of the oath, the
    receiver shall be authorized and empowered to:
26
27      1.    Take possession and continue in possession of all Plaintiffs' business,
    together with all personal property of the Plaintiffs, INCLUDING BUT NOT
28

0126

1   LIMITED TO inventory, fixtures, goods, documents, patents, trademarks, software,

2   copyrights, books, records, papers and accounts of the businesses relating thereto

3   (collectively the "Business Property");

4       2.      Execute and file a receiver's oath;

5       3.      After qualifying, the receiver shall take possession of and manage the

6   Business Property, shall collect the income from the Business Property, shall care for the

7   Business Property and may incur the expenses necessary for that care, and may change

8   the lock on the business premises;

9       4.      Within 30 days after taking possession of Plaintiff's property subject to this

10  order, the receiver shall file an inventory itemizing all personal property of the Plaintiffs

11  which he has taken possession of and shall promptly file supplemental inventories of any

12  personal property of the Plaintiffs consequently coming into the receivership estate;

13      5.      The receiver shall not enter into an agreement with any party to this

14  stipulation about the administration of the receivership or about any post receivership

15  matter without the express written consent of all parties hereto;

16      6.      The receiver shall expend money coming into his possession to operate and

17  preserve the Business Property and only for the purposes authorized in this order.  Unless

18  the Court orders otherwise, the receiver shall to the extent practical hold the balance in

19  interest-bearing accounts in accordance with Cal. Civ. Proc. §569.

20      7.      Subject to further orders of this Court, the receiver is appointed for the

21  purpose of conducting the business of Plaintiffs.

22      8.      The receiver is not required to incur any ongoing expenses necessary in

23  such operation, management and control in the ordinary and usual course of business.

24  The receiver shall not be required to do anything to incur the risks and obligations

25  ordinarily incurred by owners, managers and operators of similar properties and no such

26  risks or obligations so incurred shall be the personal risk or obligation of the receiver.  If

27  any such risk or obligation is incurred, then it shall only be the risk or obligation of the

28  receivership estate;

9.    Collect monies from or liquidate appropriate contracts for the businesses and maintenance of the subject businesses;

10.    Employ agents and employees as the receiver believes, in his business judgment, necessary to carry out his duties as the receiver and to pay said agents and employees at ordinary and usual rates and prices pursuant to appropriate contracts out of the funds that shall come into his possession as receiver;

11.    Rent/lease from time to time any part of the subject businesses, provided however any new or rollover leases or tenant improvements are to be pre-approved in writing by the Court;

12.    The receiver may establish accounts at any financial institutions insured by an agency of the United States government that are not parties to this proceeding, deposit into those accounts funds received in connection with the Business Property and shall deposit in interest-bearing accounts money not expended for receivership purposes;

13.    The receiver and the parties hereto may, at any time, apply to this Court for further instructions and orders and for additional powers necessary to enable the receiver to perform the receiver's duties property;

14.    Collect and receive all rents, subrents, earnings, income issues, profits, revenues and royalties from the Business Property;

15.    Employ appropriate professionals, subject to further court order, to prosecute all actions for the collection of rents or monies due to subject businesses, for the removal of tenants in default or third parties in default on monies due subject businesses and to recover possessions thereof;

16.    Subject to further court order, institute and prosecute all suits as may reasonably be necessary in the judgment of the receiver to protect the subject businesses and to defend all such suits and actions as may be instituted against him as a receiver;

17.    Obtain and pay a reasonable price for lawful licenses and to the extent permitted by law exercise privileges of any existing license issued in connection with the subject property or any business transacted thereon until further order of the court and to

017.216527.

0128

1   do all things necessary to protect and maintain said licenses;

2       18.   Provide at a minimum, monthly reports or at Kipperman's discretion should

3   exigent circumstances arise, Kipperman may issue weekly reports to all parties of all

4   funds, information and records obtained by receiver;

5       19.   Maintain adequate insurance over the subject business to the same extent

6   and in the same manner as it previously has been insured or as in the judgment of the

7   receiver as may seem fit and proper and to cause all presently existing policies to be

8   amended by adding himself and the receivership estate as an additional insured. To the

9   extent there is inadequate insurance and/or insufficient funds in the receivership estate to

10  procure adequate insurance, the receiver is directed to immediately petition the court for

11  instructions. During the period in which the subject businesses are uninsured or

12  underinsured, the receiver shall not be personally responsible for any claims arising

13  therefore;

14      20.   Prepare and deliver to all parties an initial and then, at a minimum monthly

15  interim statements, or at Kipperman's discretion should exigent circumstances arise,

16  Kipperman may issue weekly interim statements of monies received and disbursed and of

17  the receiver's ordinary fees and expenses, including those of his employees and court-

18  approved professionals, which statements shall be accompanied by notice which advises

19  parties that any objections thereto must be made in writing within 10 days. Upon

20  completion of an interim statement and mailing such statements to the parties respective

21  attorneys of record or any other designated person or agent, the receiver may pay from

22  receivership estate funds, if any, the amount of said statement owed to the receiver.

23  Despite the periodic payment of receiver's fees and administrative expenses, said fees

24  and expenses shall be submitted to the court for its approval and confirmation in the form

25  of either a noticed interim request for fees, a stipulation among the parties or the

26  receiver's final account and report;

27      21.   In addition to all of the powers set forth herein, the receiver is hereby

28  vested with all of the general powers of receivers in cases of this kind, subject to the

5

017.216527.

0129

1   direction of this court and the receiver shall from time to time file with the court detailed

2   reports and accountings pertaining to the contact of the receivership and all monies

3   received and expended by the receiver or its agents; and

4       22.     Receiver may generally do such other things as are necessarily incidental to

5   these foregoing specific powers, directions and general authority and to take actions

6   relating to the subject businesses provided that the receiver obtains prior court approval

7   for any actions beyond the scope contemplated herein.

8       IT IS HEREBY FURTHER ORDERED that Plaintiffs, AND Defendant and each

9   of their respective agents, partners, managers, attorneys, employees, assignees,

10  successors, representatives and all persons acting under, in concert with or for them:

11      A.      Shall relinquish and immediately turnover possession of all business

12  PROPERTY to the receiver upon service of this order;

13      B.      Shall turn over to the receiver and direct all managers, employees

14  and other third parties in possession thereof to turn over all keys, leases, books, records,

15  books of account, ledgers, operating statements, budgets, real estate tax bills, phone

16  records, cell phone records, credit card statements, and all other business records relating

17  to the subject businesses, wherever located, and in whatever mode maintained, including

18  information contained on computers and any and all software relating thereto, as well as

19  all banking records, statements and canceled checks;

20      C.      Shall turn over to the receiver all documents which pertain to all

21  licenses, permits or government approvals relating to the subject businesses and shall

22  immediately advise the receiver of its federal tax payer identification number used in

23  connection with the operation of the subject businesses;

24      D.      Shall immediately advise the receiver as to the nature and extent of

25  insurance coverage for the subject businesses. The parties hereto shall immediately name

26  the receiver as an additional insured on the insurance policies for the period that receiver

27  shall be in possession of the property. The parties hereto are prohibited from canceling,

28  reducing or modifying any and all insurance coverage currently in existence with respect

6

STIPULATION
CASE NO. GIN 028765

017.216527.

0130

1  to the subject businesses; and

2        E.  The parties hereto, and each of them, and their respective agents,

3  servants, employees, attorneys, partners and all other persons in concert with them, shall

4  immediately turn over as of the date of this order to the receiver any monies (including,

5  but not limited to, security deposits, prepaid rent, or funds in management bank accounts

6  for the subject businesses) which represent rental or lease payments with respect to the

7  business property, which are received, or have been received, by the parties hereto in

8  possession of all records, books of account, ledgers and all other documents and papers

9  pertaining to the operation of their property.

10     IT IS FURTHER ORDERED that pending further order of this Court, Plaintiffs,

11  Defendant and Francis Lopez and their agents, partners, property managers, attorneys,

12  and employees and all other persons acting in concert with them who have actual or

13  constructive knowledge of this order, and their agents and employees:

14        A.  Shall not commit or permit any waste on the subject business or any

15  part thereof, or suffer or commit or permit any waste on subject business, or any part

16  thereof, or suffer or commit or permit any act on subject business or property, or any part

17  thereof, in violation of law, or remove, transfer, encumber or otherwise dispose of any of

18  property;

19        B.  Shall not demand, collect, receive, discount or in any other way

20  divert or use any of the income of the business or the businesses' property;

21        C.  Shall not directly/indirectly interfere in any manner with the

22  discharge of receiver's duties under this order or receiver's possession of an operation or

23  management of the subject businesses or business properties;

24        D.  Shall not expend, disburse, transfer, assign, sell , convey, devise,

25  pledge, mortgage, create a security interest in, encumber, conceal or in any manner

26  whatsoever deal in or dispose of all or part of subject business or property, including but

27  not limited to, business income, rents, or other monies due to, either now or in the future,

28  the business, without court order;

---

7
STIPULATION
CASE NO. GIN 028765

017.216527.

1    E.    Shall not do any act which will, or may, impair, defeat, divert,

2  prevent or prejudice preservation of the business, including accounts receivable, rents, or

3  any monies due now or in the future, or the preservation of judgments creditor's interest

4  in the subject businesses or properties and the businesses' income; and

5    No third party may terminate service to the defendant or its property as a result of

6  the non-payment of pre-receivership obligations without prior order of this court.

7

8    IT IS SO ORDERED:

9

10    JUDGE SAN DIEGO SUPERIOR COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8
STIPULATION
CASE NO. GIN 028765

# EXHIBIT B

1  L. Scott Keehn (61691)
   **KEEHN & ASSOCIATES**
2  A Professional Corporation
   402 W. Broadway, Suite 1210
3  San Diego, California 92101
   Telephone: (619) 400-2200
4
5  Attorneys for **Petitioning Creditors**
6
7
8              **UNITED STATES BANKRUPTCY COURT**
9         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
10

11  In Re:                          ) Case No. 05-05926-PBINV
                                    )
12      FRANCIS J. LOPEZ            ) Involuntary Chapter 7
                                    )
13          Alleged Debtor          ) **FIRST PHASE II REQUEST FOR**
                                    ) **PRODUCTION OF DOCUMENTS BY**
14                                  ) **PETITIONING CREDITORS.**
                                    )
15                                  ) [No Hearing Required]
                                    )
16                                  ) Judge: Hon. Peter W. Bowie
                                    )
17  _____     )

18  PROPOUNDING PARTY:    PETITIONING CREDITORS

19  RESPONDING PARTY:     FRANCIS J. LOPEZ

20  SET NO.:              ONE (1)/ PHASE II

21  TO FRANCIS J. LOPEZ AND HIS ATTORNEY OF RECORD:

22       **YOU ARE HEREBY REQUESTED BY THE PETITIONING CREDITORS**

23  **HEREIN ("PETITIONING CREDITORS") AND REQUIRED,** pursuant to Federal Rule of

24  Civil Procedure 34 (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure

25  7034), to produce for inspection and copying the documents and/or tangible things identified

26  below, and are further required to serve a written response hereto within thirty (30) days after

27  service of this document.  Petitioning Creditors requests that all responsive documents and/or

28  tangible things be produced for inspection and copying at a time and place mutually convenient for

*(left margin, vertical text)* KEEHN & ASSOCIATES, APC  ATTORNEYS AND COUNSELORS AT LAW  402 WEST BROADWAY, SUITE 1210  SAN DIEGO, CALIFORNIA 92101  TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0134

108606/LSK/5311.01

1  the parties and their counsel.  In the alternative, Petitioning Creditors request that true and correct

2  copies of the requested documents and/or tangible things be delivered to the offices of Keehn &

3  Associates, APC, 402 West Broadway, Suite 1210, San Diego, California 92101 (Attn: L. Scott

4  Keehn), and Petitioning Creditors hereby agree in advance to pay for the actual documented

5  copying and mailing costs incurred.

6                              **DEFINITIONS**

7          The following definitions apply to each of the Document Requests and should be read and

8  referred to in answering each of the Document Requests:

9          1.     The term "BUSINESS RECORD(S)" means all writings regularly created or

10  maintained by or on behalf of a PERSON or entity that is or was engaged in business, and

11  includes, without limitation, a memorandum, report, record, or data compilation, in any form, of

12  acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted

13  business activity.

14         2.     The terms "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or

15  credit account with a bank, credit union, or financial institutions of any description, and include,

16  without limitation, a demand, time, checking, savings, passbook, share draft, or like account,

17  including account evidenced by a certificate of deposit.

18         3.     The term "ALL COMPUTER-STORED DATA" means any computer disks,

19  compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-

20  mail) sent or received, and computer databases.

21         4.     The term "CASH AND CARRY" means and refers to any form of transaction in

22  which the purchaser or recipient of the goods or services which are the subject of the transaction is

23  required to, and actually does, deliver cash or a negotiable instrument in the full amount of the

24  price or fee charged for those goods or services, at the time that the goods are purchased or the

25  services are rendered.

26         5.     The term "COMMUNICATION" means the transmittal of any information (in the

27  form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not

28  limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0135

108606/LSK/5311.01

1  presentations, telegrams, telephone conversations and all other written, oral or electronic

2  transmission of information.

3      6.    The term "CREDIT FACILITY" means every form of agreement, written or oral,

4  by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes,

5  without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

6      7.    The term "DOCUMENT" means and includes all originals — and any copies that

7  differ in any way from the original — of any kind of written, typewritten, printed or recorded

8  material or computer files, DOCUMENTS or records whatsoever, regardless of the source or

9  author thereof, including, without limitation, any writing, filed for reporting or other purposes with

10  the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer

11  printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence,

12  telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports,

13  analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets,

14  logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts,

15  diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited

16  FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock

17  ledgers for all forms and types of securities, minutes of directors, shareholder or committee

18  meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices,

19  charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists,

20  deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates,

21  permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other

22  forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies,

23  extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or

24  not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28

25  U.S.C.A., and any copies of such material if you do not have control or possession of the original.

26      8.    The term "FINANCIAL STATEMENT" means and refers to every form of

27  DOCUMENT, including, but not limited to a written report, which quantitatively describes the

28  financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0136**

108606/LSK/5311.01

1  DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet,

2  a statement of cash flows, and a statement of equity.

3         9.    The term "IDENTIFY" when used herein means to describe the requested

4  information to the fullest extent possible, which would include, but is not limited to, furnishing

5  such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

6  or thing that may be in the possession of any PERSON identified in Your response to that

7  interrogatory. Without limiting the generality of the foregoing:

8         A.    When used in reference to a PERSON the definition includes, but is not

9  limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

10 names known to have been used by the PERSON at any time, the address of the PERSON's

11 residence (where they are a natural PERSON, or principal place of business if not), and all

12 telephone numbers where the PERSON may be reached during usual daytime business hours;

13        B.    When used with reference to a DOCUMENT or DOCUMENT the

14 definition includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

15 or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

16 location, and the name and address of the PERSON or PERSONS with custody of the

17 DOCUMENT or DOCUMENT; and

18        C.    When used with reference to a tangible thing, the definition includes, but is

19 not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

20 which identifies the thing, the address at which the thing is customarily is located, and the name

21 and address of the PERSON or PERSONS who have custody or control of the thing.

22        D.    When used with reference to an account maintained at a bank, credit union

23 or similar financial institution includes, but is not limited to the duty to disclose the name and

24 address of the institution, the account number (or numbers) and the dates during which the account

25 was maintained.

26        10.   The term the "INTERROGATORIES" means and refers to the "First Phase II

27 Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

28 ///

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

0137

108606/LSK/5311.01

11.     The term "ON CREDIT" refers to any transaction or agreement where YOU or one of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

12.     The term "PERSON" means any individual (natural PERSON), corporation, organization, association, partnership, limited partnership, limited liability company, firm, joint venture, trust, governmental body, agency, governing board, department or division, or any other entity.

13.     the term "PERSONAL ACCOUNT RECORDS" means all writings regularly created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU or YOUR family with goods or services ON CREDIT, and includes without limitation a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion or diagnoses that are kept in the course of regularly conducted personal, household, or family activity.

14.     The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing, defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating, referring to, or dealing with.

15.     The term "RELATIVE" means any individual related by affinity or consanguinity within the third degree of consanguinity or affinity as determined by common law or any individual in a step or adoptive relationship within such third degree.

16.     The term the "REQUESTS FOR ADMISSION" means and refers to the "First Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently herewith.

17.     The term the "RESIDENCE" means and refers to that single family dwelling commonly known as 310 Sand Myrtle Trail, Destin, Florida.

18.     The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

/ / /

/ / /

/ / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0138

108606/LSK/5311.01

19.     The term "YOU OWED" when used in connection with a particular creditor means and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain as to liability or amount.

20.     The phrase "PAYMENTS THAT YOU MADE," or words of similar import include all payments that YOU personally made or caused to be made, and all payments that were made by any other person or entity.

## INSTRUCTIONS

1.     This document request covers all DOCUMENTS in YOUR possession, custody, or control and the possession, custody, and control of YOUR agents, relatives, employees, independent contractors, attorneys, accountants, or representatives, wherever located.

2.     If YOU object to any request herein, YOU are required to state the precise basis for the objection. If YOU object to only part of a request, YOU are required to respond to those portions of a request to which YOU do not object and to state the precise reasons of the objection.

3.     Each DOCUMENT is to be produced in the file in which such DOCUMENT has been maintained in the order within each file in which such DOCUMENT has been maintained.

4.     If any DOCUMENT exists in the memory of a computer or other device used to record or store information digitally, electronically, magnetically, or otherwise, a hard copy of such DOCUMENT should be created and produced in response to this Document Request. If more than one copy of any such DOCUMENT exists, and if these copies are not identical (e.g., as a result of handwritten additions, notations, and the like), each copy is a separate DOCUMENT and should be separately produced.

5.     If any DOCUMENT is responsive to more than one of the categories requested, it need only be produced in response to the first applicable category.

6.     If any DOCUMENTS are withheld on grounds that they are protected from discovery by the attorney-client privilege, work product doctrine or otherwise, YOU are required to produce contemporaneously a list of such DOCUMENTS identifying the grounds for withholding them from production and describing the DOCUMENTS with sufficient specificity as

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0139

108606/LSK/5311.01

1  to permit the Court to rule upon the claim of privilege or protection from discovery which

2  description shall include:

     (a)    the name, business affiliation, business address, telephone number and

business capacity or title of the PERSON or PERSONS who prepared it and the PERSON

or PERSONS who signed it;

     (b)    the name, business affiliation, business address, telephone number, and

business capacity or title of each PERSON to whom it was addressed;

     (c)    the date the DOCUMENT was prepared;

     (d)    the date the DOCUMENT was received;

     (e)    the nature and substance of the DOCUMENT with sufficient particularity to

enable the same to be identified, including without limitation, the title, subject matter, and

number of pages; and

     (f)    the name, business affiliation, business address, and telephone number of

each PERSON who presently has possession, control, or custody of the original or a copy

of the DOCUMENT.

7.    If any DOCUMENTS whose production is requested no longer exists or cannot be

located, YOU shall set forth in a written response a complete statement of all circumstances

surrounding the destruction, loss or disappearance of each such document, and such statement

shall also include: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter,

date of disposal, reason for disposal, PERSON authorizing the disposal, PERSON disposing of the

DOCUMENT, and the DOCUMENT's last known location.

8.    As used herein, the conjunctions "and" and "or" shall not be interpreted to exclude

any information otherwise within the scope of this document request.

9.    This Document Request is to be regarded as continuing pursuant to Federal Rule of

Civil Procedure 26(e), made applicable to this proceeding by Federal Rule of Bankruptcy

Procedure 7026.  YOU are required to provide, by way of supplementary responses hereto, such

additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that

will augment or modify YOUR answers given to the Document Request.  Such supplementary

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0 1 4 0

108606/LSK/5311.01

1 | responses are to be served upon the undersigned counsel fo PETITIONING CREDITORS within

2 | twenty-one (21) days from discovery of the need for supplementation but not later than thirty (30)

3 | days before the date of the trial.

4 | 10. **Special Optional Response re Uncontested Creditors.** With respect to any of the

5 | categories requested that apply to a specific creditor, if YOU admit that as of June 30, 2005, YOU

6 | were not paying the obligations that YOU OWED to that creditor as they came due; then YOU

7 | may, but are not required to, satisfy YOUR obligations under this request by indicating by making

8 | the following written response to the relevant category (categories): **"Not applicable. The**

9 | **Alleged Debtor admits that as of June 30, 2005, he was not paying his obligations owed to the**

10 | **subject creditor as they came due.";** and YOUR written response is verified under penalty of

11 | perjury. YOUR obligation to produce documents pursuant to this request is not affected in any

12 | way with respect to any category as to which the special response is not made.

13 | 11. YOUR written response to each category shall first IDENTIFY and quote the

14 | category in full. Upon request, YOU will be electronically provided with a copy of these requests

15 | in their Word Perfect form to facilitate your compliance with this requirement.

16 | **DOCUMENTS REQUEST**

17 | Category No. 1.:

18 | Any and all documents that memorialize, reflect, or refer to the mortgage to Lehman

19 | Brothers Bank, secured by the Residence.

20 | Category No. 2.:

21 | Any and all documents that memorialize, reflect, or refer to any and all payments to

22 | Lehman Brothers Bank at any time from January 1, 2005, through July 31, 2005.

23 | Category No. 3.:

24 | Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

25 | Lehman Brothers Bank on any account, at any time from January 1, 2005, to July 31, 2005.

26 | Category No. 4.:

27 | Any and all documents that memorialize, relate, or refer to any payments that YOU made

28 | between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Lehman

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0141**

108606/LSK/5311.01

1  Brothers Bank on any account.

2  Category No. 5.:

3      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

4  Frederick Lopez on any account, including, but not limited to, at any time from January 1, 2005, to

5  July 31, 2005.

6  Category No. 6.:

7      Any and all documents that memorialize, relate, or refer to any payments that YOU made

8  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

9  Frederick Lopez on any account.

10  Category No. 7.:

11      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

12  Allstate Floridian on any account, at any time from January 1, 2005, to July 31, 2005.

13  Category No. 8.:

14      Any and all documents that memorialize, reflect, or refer to any and all payments to

15  Allstate Floridian at any time from January 1, 2005, through July 31, 2005.

16  Category No. 9.:

17      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18  American Express on any account, including, but not limited to, account number

19  378394802283007, at any time from January 1, 2005, to July 31, 2005.

20  Category No. 10.:

21      Any and all documents that memorialize, relate, or refer to any payments that YOU made

22  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

23  American Express on any account, including, but not limited to, account number

24  378394802283007.

25  Category No. 11.:

26      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

27  American Home Shield on any account, at any time from January 1, 2005, to July 31, 2005.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0142

108606/LSK/5311.01

1  Category No. 12.:

2        Any and all documents that memorialize, relate, or refer to any payments that YOU made

3  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

4  American Home Shield on any account.

5  Category No. 13.:

6        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

7  Bank of America on any account, at any time from January 1, 2005, to July 31, 2005.

8  Category No. 14.:

9        Any and all documents that memorialize, relate, or refer to any payments that YOU made

10  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Bank of

11  America on any account.

12  Category No. 15.:

13        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

14  Bank Card Services on any account, at any time from January 1, 2005, to July 31, 2005.

15  Category No. 16.:

16        Any and all documents that memorialize, relate, or refer to any payments that YOU made

17  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Bank

18  Card Services on any account.

19  Category No. 17.:

20        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21  Cingular on any account, at any time from January 1, 2005, to July 31, 2005.

22  Category No. 18.:

23        Any and all documents that memorialize, relate, or refer to any payments that YOU made

24  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

25  Cingular on any account.

26  Category No. 19.:

27        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

28  Citicard on any account, at any time from January 1, 2005, to July 31, 2005.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2250 · FACSIMILE (619) 400-2201

**0143**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1  Category No. 20.:

2      Any and all documents that memorialize, relate, or refer to any payments that YOU made

3  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Citicard

4  on any account.

5  Category No. 21.:

6      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

7  Coastal Community Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

8  Category No. 22.:

9      Any and all documents that memorialize, relate, or refer to any payments that YOU made

10  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Coastal

11  Community Insurance on any account.

12  Category No. 23.:

13      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

14  Cox Communications on any account, at any time from January 1, 2005, to July 31, 2005.

15  Category No. 24.:

16      Any and all documents that memorialize, relate, or refer to any payments that YOU made

17  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Cox

18  Communications on any account.

19  Category No. 25.:

20      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21  Fort Walton Beach Medical Center on any account, at any time from January 1, 2005, to July 31,

22  2005.

23  Category No. 26.:

24      Any and all documents that memorialize, relate, or refer to any payments that YOU made

25  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Fort

26  Walton Beach Medical Center on any account.

27  Category No. 27.:

28      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

**0144**

108606/LSK/5311.01

1   Household Bank on any account, at any time from January 1, 2005, to July 31, 2005.

2   Category No. 28.:

3       Any and all documents that memorialize, relate, or refer to any payments that YOU made

4   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

5   Household Bank on any account.

6   Category No. 29.:

7       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

8   Kelley Plantation Owner's Association on any account, at any time from January 1, 2005, to July

9   31, 2005.

10   Category No. 30.:

11       Any and all documents that memorialize, relate, or refer to any payments that YOU made

12   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Kelley

13   Plantation Owner's Association on any account.

14   Category No. 31.:

15       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

16   Northwest Florida Daily News on any account, at any time from January 1, 2005, to July 31, 2005.

17   Category No. 32.:

18       Any and all documents that memorialize, relate, or refer to any payments that YOU made

19   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

20   Northwest Florida Daily News on any account.

21   Category No. 33.:

22       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

23   Okaloosa Gas District on any account, at any time from January 1, 2005, to July 31, 2005.

24   Category No. 34.:

25       Any and all documents that memorialize, relate, or refer to any payments that YOU made

26   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

27   Okaloosa Gas District on any account.

28   / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0145**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Category No. 35.:

Any and all documents that memorialize, relate or refer to amounts that YOU OWED to Progressive Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

Category No. 36.:

Any and all documents that memorialize, relate, or refer to any payments that YOU made between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Progressive Insurance on any account.

Category No. 37.:

Any and all documents that memorialize, relate or refer to amounts that YOU OWED to Citibank-Quicken Platinum Card on any account, at any time from January 1, 2005, to July 31, 2005.

Category No. 38.:

Any and all documents that memorialize, relate, or refer to any payments that YOU made between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Citibank-Quicken Platinum Card on any account.

Category No. 39.:

Any and all documents that memorialize, relate or refer to amounts that YOU OWED to Texaco on any account, at any time from January 1, 2005, to July 31, 2005.

Category No. 40.:

Any and all documents that memorialize, relate or refer to amounts that YOU OWED to Valley forge Life Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

Category No. 41.:

Any and all documents that memorialize, relate, or refer to any payments that YOU made between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Valley Forge Life Insurance on any account.

Category No. 42.:

Any and all documents that memorialize, relate, or refer to any payments that YOU made between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Texaco

0146

108606/LSK/5311.01

1   on any account.

2   Category No. 43.:

3       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

4   Verizon on any account, at any time from January 1, 2005, to July 31, 2005.

5   Category No. 44.:

6       Any and all documents that memorialize, relate, or refer to any payments that YOU made

7   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Verizon

8   on any account.

9   Category No. 45.:

10       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

11   Wayne Wise on any account, at any time from January 1, 2005, to July 31, 2005.

12   Category No. 46.:

13       Any and all documents that memorialize, relate, or refer to any payments that YOU made

14   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Wayne

15   Wise on any account.

16   Category No. 47.:

17       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18   Union Bank of California on any account, at any time from January 1, 2005, to July 31, 2005.

19   Category No. 48.:

20       Any and all documents that memorialize, relate, or refer to any payments that YOU made

21   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Union

22   Bank of California on any account.

23   Category No. 49.:

24       Any and all documents that memorialize, relate, or refer to any settlement agreement made

25   between YOU on the one hand, and Union Bank of California on the other hand, to settle claims

26   held by Union Bank of California against YOU.

27   Category No. 50.:

28       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1310
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0147**

108606/LSK/5311.01

1    attorney Jeffrey (Jeff) Smith on any account, at any time from January 1, 2005, to July 31, 2005.

2    Category No. 51.:

3         Any and all documents that memorialize, relate, or refer to any payments that YOU made

4    between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to attorney

5    Jeffrey (Jeff) Smith on any account.

6    Category No. 52.:

7         Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

8    attorney Thomas B. Gorrill on any account, at any time from January 1, 2005, to July 31, 2005.

9    Category No. 53.:

10        Any and all documents that memorialize, relate, or refer to any payments that YOU made

11   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to attorney

12   Thomas B. Gorrill on any account.

13   Category No. 54.:

14        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

15   between January 1, 2005, and the date of YOUR response, by or on behalf of American Express.

16   Category No. 55.:

17        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

18   between January 1, 2005, and the date of YOUR response, to American Express.

19   Category No. 56.:

20        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

21   between January 1, 2005, and the date of YOUR response, by or on behalf of Lehman Brothers Bank.

22   Category No. 57.:

23        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

24   between January 1, 2005, and the date of YOUR response, to Lehman Brothers Bank.

25   Category No. 58.:

26        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

27   between January 1, 2005, and the date of YOUR response, by or on behalf of Frederick Lopez.

28   / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0148

108606/LSK/5311.01

1    Category No. 59.:

2        documents reflecting any and all COMMUNICATIONS sent by YOU at any time between

3    January 1, 2005, and the date of YOUR response, to Frederick Lopez.

4    Category No. 60.:

5        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

6    between January 1, 2005, and the date of YOUR response, by or on behalf of Allstate Floridian.

7    Category No. 61.:

8        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

9    between January 1, 2005, and the date of YOUR response, to Allstate Floridian.

10   Category No. 62.:

11       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

12   between January 1, 2005, and the date of YOUR response, by or on behalf of American Home Shield.

13   Category No. 63.:

14       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

15   between January 1, 2005, and the date of YOUR response, to American Home Shield.

16   Category No. 64.:

17       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

18   between January 1, 2005, and the date of YOUR response, by or on behalf of Bank of America.

19   Category No. 65.:

20   Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time between

21   January 1, 2005, and the date of YOUR response, to Bank of America.

22   Category No. 66.:

23       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

24   between January 1, 2005, and the date of YOUR response, by or on behalf of Bank Card Services

25   Category No. 67.:

26       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

27   between January 1, 2005, and the date of YOUR response, to Bank Card Services.

28   / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0 1 4 9

108606/LSK/5311.01

1  Category No. 68.:

2      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

3  between January 1, 2005, and the date of YOUR response, by or on behalf of Cingular.

4  Category No. 69.:

5      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

6  between January 1, 2005, and the date of YOUR response, to Cingular.

7  Category No. 70.:

8      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

9  between January 1, 2005, and the date of YOUR response, by or on behalf of Citicard.

10  Category No. 71.:

11      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

12  between January 1, 2005, and the date of YOUR response, to Citicard.

13  Category No. 72.:

14      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

15  between January 1, 2005, and the date of YOUR response, by or on behalf of Coastal Community

16  Insurance.

17  Category No. 73.:

18      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

19  between January 1, 2005, and the date of YOUR response, to Coastal Community Insurance.

20  Category No. 74.:

21      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

22  between January 1, 2005, and the date of YOUR response, by or on behalf of Cox

23  COMMUNICATIONS.

24  Category No. 75.:

25      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

26  between January 1, 2005, and the date of YOUR response, to Cox COMMUNICATIONS.

27  Category No. 76.:

28      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0150**

108606/LSK/5311.01

1  between January 1, 2005, and the date of YOUR response, by or on behalf of Fort Walton Beach

2  Medical Center.

3  Category No. 77.:

4      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

5  between January 1, 2005, and the date of YOUR response, to Fort Walton Beach Medical Center.

6  Category No. 78.:

7      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

8  between January 1, 2005, and the date of YOUR response, by or on behalf of Household Bank.

9  Category No. 79.:

10     Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

11  between January 1, 2005, and the date of YOUR response, to Household Bank.

12  Category No. 80.:

13     Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

14  between January 1, 2005, and the date of YOUR response, by or on behalf of Kelley Plantation

15  Owner's Association.

16  Category No. 81.:

17     Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

18  between January 1, 2005, and the date of YOUR response, to Kelley Plantation Owner's Association.

19  Category No. 82.:

20     Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

21  between January 1, 2005, and the date of YOUR response, by or on behalf of Northwest Florida Daily

22  News.

23  Category No. 83.:

24     Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

25  between January 1, 2005, and the date of YOUR response, to Northwest Florida Daily News.

26  Category No. 84.:

27     Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

28  between January 1, 2005, and the date of YOUR response, by or on behalf of Okaloosa Gas District.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0151**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1   Category No. 85.:

2   Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

3   between January 1, 2005, and the date of YOUR response, to Okaloosa Gas District.

4   Category No. 86.:

5   Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

6   between January 1, 2005, and the date of YOUR response, by or on behalf of Progressive Insurance.

7   Category No. 87.:

8   Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

9   between January 1, 2005, and the date of YOUR response, to Progressive Insurance.

10   Category No. 88.:

11   Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

12   between January 1, 2005, and the date of YOUR response, by or on behalf of Citibank/Quicken

13   Platinum Card.

14   Category No. 89.:

15   Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

16   between January 1, 2005, and the date of YOUR response, to Citibank/Quicken Platinum Card.

17   Category No. 90.:

18   Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

19   between January 1, 2005, and the date of YOUR response, by or on behalf of Texaco.

20   Category No. 91.:

21   Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

22   between January 1, 2005, and the date of YOUR response, to Texaco.

23   Category No. 92.:

24   Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

25   between January 1, 2005, and the date of YOUR response, by or on behalf of Valley Forge Life

26   Insurance.

27   Category No. 93.:

28   Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

0152

108606/LSK/5311.01

1  between January 1, 2005, and the date of YOUR response, to Valley Forge Life Insurance.

2  Category No. 94.:

3      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

4  between January 1, 2005, and the date of YOUR response, by or on behalf of Verizon.

5  Category No. 95.:

6      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

7  between January 1, 2005, and the date of YOUR response, to Verizon.

8  Category No. 96.:

9      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

10  between January 1, 2005, and the date of YOUR response, by or on behalf of Wayne Wise.

11  Category No. 97.:

12      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

13  between January 1, 2005, and the date of YOUR response, to Wayne Wise.

14  Category No. 98.:

15      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

16  between January 1, 2005, and the date of YOUR response, by or on behalf of Union Bank of

17  California.

18  Category No. 99.:

19      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

20  between January 1, 2005, and the date of YOUR response, to Union Bank of California.

21  Category No. 100.:

22      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

23  between January 1, 2005, and the date of YOUR response, by or on behalf of attorney Jeffrey (Jeff)

24  Smith.

25  Category No. 101.:

26      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

27  between January 1, 2005, and the date of YOUR response, to Jeffrey (Jeff) Smith.

28  ///

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0153

108606/LSK/5311.01

1  Category No. 102.:

2      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

3  between January 1, 2005, and the date of YOUR response, by or on behalf of attorney Thomas B.

4  Gorrill.

5  Category No. 103.:

6      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

7  between January 1, 2005, and the date of YOUR response, to attorney Thomas B. Gorrill.

8  Category No. 104.:

9      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

10  memorialize or are related to obligations that YOU OWED to Lehman Brothers Bank at any time from

11  January 1, 2005, to July 31, 2005.

12  Category No. 105.:

13      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

14  or refer obligations YOU OWED to Lehman Brothers Bank at any time from January 1, 2005, to July

15  31, 2005.

16  Category No. 106.:

17      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

18  memorialize or are related to obligations that YOU OWED to Frederick Lopez at any time from

19  January 1, 2005, to July 31, 2005.

20  Category No. 107.:

21      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

22  or refer obligations YOU OWED to Frederick Lopez at any time from January 1, 2005, to July 31,

23  2005.

24  Category No. 108.:

25      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

26  memorialize or are related to obligations that YOU OWED to Allstate Floridian at any time from

27  January 1, 2005, to July 31, 2005.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1310
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0154**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1 Category No. 109.:

2     Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

3 or refer obligations YOU OWED to Allstate Floridian at any time from January 1, 2005, to July 31,

4 2005.

5 Category No. 110.:

6     Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

7 memorialize or are related to obligations that YOU OWED to American Express at any time from

8 January 1, 2005, to July 31, 2005.

9 Category No. 111.:

10     Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

11 or refer obligations YOU OWED to American Express at any time from January 1, 2005, to July 31,

12 2005.

13 Category No. 112.:

14     Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

15 memorialize or are related to obligations that YOU OWED to American Home Shield at any time

16 from January 1, 2005, to July 31, 2005.

17 Category No. 113.:

18     Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

19 or refer obligations YOU OWED to American Home Shield at any time from January 1, 2005, to July

20 31, 2005.

21 Category No. 114.:

22     Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

23 memorialize or are related to obligations that YOU OWED to Bank of America at any time from

24 January 1, 2005, to July 31, 2005.

25 Category No. 115.:

26     Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

27 or refer obligations YOU OWED to Bank of America at any time from January 1, 2005, to July 31,

28 2005.

0155

108606/LSK/5311.01

1  Category No. 116.:

2      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

3  memorialize or are related to obligations that YOU OWED to Bank Card Services at any time from

4  January 1, 2005, to July 31, 2005.

5  Category No. 117.:

6      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

7  or refer obligations YOU OWED to Bank Card Services at any time from January 1, 2005, to July 31,

8  2005.

9  Category No. 118.:

10      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

11  memorialize or are related to obligations that YOU OWED to Cingular at any time from January 1,

12  2005, to July 31, 2005.

13  Category No. 119.:

14      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

15  or refer obligations YOU OWED to Cingular at any time from January 1, 2005, to July 31, 2005.

16  Category No. 120.:

17      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

18  memorialize or are related to obligations that YOU OWED to Citicard at any time from January 1,

19  2005, to July 31, 2005.

20  Category No. 121.:

21      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

22  or refer obligations YOU OWED to Citicard at any time from January 1, 2005, to July 31, 2005.

23  Category No. 122.:

24      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

25  memorialize or are related to obligations that YOU OWED to Coastal Community Insurance at any

26  time from January 1, 2005, to July 31, 2005.

27  Category No. 123.:

28      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0156

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1  or refer obligations YOU OWED to Coastal Community Insurance at any time from January 1, 2005,

2  to July 31, 2005.

3  Category No. 124.:

4       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

5  memorialize or are related to obligations that YOU OWED to Cox Communications at any time from

6  January 1, 2005, to July 31, 2005.

7  Category No. 125.:

8       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

9  or refer obligations YOU OWED to Cox Communications at any time from January 1, 2005, to July

10  31, 2005.

11  Category No. 126.:

12       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

13  memorialize or are related to obligations that YOU OWED to Ft. Walton Beach Medical Center at any

14  time from January 1, 2005, to July 31, 2005.

15  Category No. 127.:

16       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

17  or refer obligations YOU OWED to Ft. Walton Beach Medical Center at any time from January 1,

18  2005, to July 31, 2005.

19  Category No. 128.:

20       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

21  memorialize or are related to obligations that YOU OWED to Household Bank at any time from

22  January 1, 2005, to July 31, 2005.

23  Category No. 129.:

24       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

25  or refer obligations YOU OWED to Household Bank at any time from January 1, 2005, to July 31,

26  2005.

27  Category No. 130.:

28       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

0157

108606/LSK/5311.01

1  memorialize or are related to obligations that YOU OWED to Kelly Plantation Owners Association

2  at any time from January 1, 2005, to July 31, 2005.

3  <u>Category No. 131.:</u>

4       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

5  or refer obligations YOU OWED to Kelly Plantation Owners Association at any time from January

6  1, 2005, to July 31, 2005.

7  <u>Category No. 132.:</u>

8       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

9  memorialize or are related to obligations that YOU OWED to Northwest Florida Daily News at any

10  time from January 1, 2005, to July 31, 2005.

11  <u>Category No. 133.:</u>

12       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

13  or refer obligations YOU OWED to Northwest Florida Daily News at any time from January 1, 2005,

14  to July 31, 2005.

15  <u>Category No. 134.:</u>

16       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

17  memorialize or are related to obligations that YOU OWED to Okaloosa Gas District at any time from

18  January 1, 2005, to July 31, 2005.

19  <u>Category No. 135.:</u>

20       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

21  or refer obligations YOU OWED to Okaloosa Gas District at any time from January 1, 2005, to July

22  31, 2005.

23  <u>Category No. 136.:</u>

24       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

25  memorialize or are related to obligations that YOU OWED to Progressive Insurance at any time from

26  January 1, 2005, to July 31, 2005.

27  <u>Category No. 137.:</u>

28       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**0158**

108606/LSK/5311.01

1    or refer obligations YOU OWED to Progressive Insurance at any time from January 1, 2005, to July

2    31, 2005.

3    Category No. 138.:

4        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

5    memorialize or are related to obligations that YOU OWED to Citibank/Quicken Platinum Card at any

6    time from January 1, 2005, to July 31, 2005.

7    Category No. 139.:

8        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

9    or refer obligations YOU OWED to Citibank/Quicken Platinum Card at any time from January 1,

10    2005, to July 31, 2005.

11    Category No. 140.:

12        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

13    memorialize or are related to obligations that YOU OWED to Texaco at any time from January 1,

14    2005, to July 31, 2005.

15    Category No. 141.:

16        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

17    or refer obligations YOU OWED to Texaco at any time from January 1, 2005, to July 31, 2005.

18    Category No. 142.:

19        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

20    memorialize or are related to obligations that YOU OWED to Valley Forge Life Insurance at any time

21    from January 1, 2005, to July 31, 2005.

22    Category No. 143.:

23        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

24    or refer obligations YOU OWED to Valley Forge Life Insurance at any time from January 1, 2005,

25    to July 31, 2005.

26    Category No. 144.:

27        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

28    memorialize or are related to obligations that YOU OWED to Verizon at any time from January 1,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0 1 5 9

108606/LSK/5311.01

1    2005, to July 31, 2005.

2    <u>Category No. 145.:</u>

3       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

4    or refer obligations YOU OWED to Verizon at any time from January 1, 2005, to July 31, 2005.

5    <u>Category No. 146.:</u>

6       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

7    memorialize or are related to obligations that YOU OWED to Wayne Wise at any time from January

8    1, 2005, to July 31, 2005.

9    <u>Category No. 147.:</u>

10       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

11    or refer obligations YOU OWED to Wayne Wise at any time from January 1, 2005, to July 31, 2005.

12    <u>Category No. 148.:</u>

13       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

14    memorialize or are related to obligations that YOU OWED to Union Bank of California at any time

15    from January 1, 2005, to July 31, 2005.

16    <u>Category No. 149.:</u>

17       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

18    or refer obligations YOU OWED to Union Bank of California at any time from January 1, 2005, to

19    July 31, 2005.

20    <u>Category No. 150.:</u>

21       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

22    memorialize or are related to obligations that YOU OWED to attorney Jeffrey (Jeff) Smith at any time

23    from January 1, 2005, to July 31, 2005.

24    <u>Category No. 151.:</u>

25       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

26    or refer obligations YOU OWED to attorney Jeffrey (Jeff) Smith at any time from January 1, 2005,

27    to July 31, 2005.

28    / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0160

108606/LSK/5311.01

1  Category No. 152.:

2       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

3  memorialize or are related to obligations that YOU OWED to attorney Thomas B. Gorrill at any time

4  from January 1, 2005, to July 31, 2005.

5  Category No. 153.:

6       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

7  or refer obligations YOU OWED to attorney Thomas B. Gorrill at any time from January 1, 2005, to

8  July 31, 2005.

9  Category No. 154.:

10       Any and all DOCUMENTS that are identified or referred to in any of your responses to the

11  INTERROGATORIES.

12  Category No. 155.:

13  Any and all DOCUMENTS that are identified or referred to in any of your responses to the REQUEST

14  FOR ADMISSION.

15  Category No. 156.:

16       Any and all bank statements, statement of account, or similar DOCUMENTS, with respect to

17  the status of any ACCOUNT identified in your responses to any of the INTERROGATORIES, that

18  reflect activity or status of such accounts at any time from January 1, 2005, through July 31, 2005.

19  Category No. 157.:

20       Any and all bank statements, statement of account, or similar DOCUMENTS, with respect to

21  the status of any ACCOUNT identified in your responses to any of the REQUEST FOR ADMISSION,

22  that reflect activity or status of such accounts at any time from January 1, 2005, through July 31, 2005.

23  Category No. 158.:

24       Copies of any and all checks written on any of the ACCOUNTS identified or referred to in any

25  of your responses to the INTERROGATORIES, that are dated at any time from January 1, 2005,

26  through July 31, 2005.

27  Category No. 159.:

28       Copies of any and all checks written on any of the ACCOUNTS identified or referred to in any

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0161

108606/LSK/5311.01

1  of your responses to the INTERROGATORIES, that are dated at any time from January 1, 2005,

2  through July 31, 2005.

3  <u>Category No. 160.:</u>

4      Any and all FINANCIAL STATEMENTS that purport to reflect either your financial

5  condition, or the results of income received and expenses paid during any period which includes

6  January 1, 2005.

7  <u>Category No. 161.:</u>

8      Any and all DOCUMENTS that are part of any loan application that YOU made, or signed and

9  delivered to any PERSON or entity at any time from January 1, 2005, through July 31, 2005.

10  <u>Category No. 162.:</u>

11     Any and all DOCUMENTS that memorialize, RELATE TO or REFER TO any civil,

12  administrative, or criminal proceedings pending before any tribunal, arbitrator, or mediator at any

13  time between January 1, 2005, and July 31, 2005.

14

15  Dated: 11-3-06                     KEEHN & ASSOCIATES
                                       A Professional Corporation
16

17

18                          By: _____
                                L. Scott Keehn
19                              Attorneys for Petitioning Creditors

20

21

22

23

24

25

26

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0162

108606/LSK/5311.01

# EXHIBIT C

1  L. Scott Keehn (61691)
   **KEEHN & ASSOCIATES**
2  A Professional Corporation
   402 W. Broadway, Suite 1210
3  San Diego, California 92101
   Telephone: (619) 400-2200
4
   Attorneys for **Petitioning Creditors**
5

6

7

8                UNITED STATES BANKRUPTCY COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  In Re:                          )  Case No. 05-05926-PBINV
                                    )
12      FRANCIS J. LOPEZ            )  Involuntary Chapter 7
                                    )
13          Alleged Debtor          )  **FIRST PHASE II INTERROGATORIES**
                                    )  **PROPOUNDED BY PETITIONING**
14                                  )  **CREDITORS**
                                    )
15                                  )  [No Hearing Required]
                                    )
16                                  )  Judge: Hon. Peter W. Bowie
                                    )
17                                  )
                                    )
18

19  PROPOUNDING PARTY:         Petitioning Creditors

20  RESPONDING PARTY:          Francis J. Lopez, The Alleged Debtor

21  SET NUMBER:                ONE (1)/ Phase II.

22  _____

23      Petitioning Creditors hereby propound the following interrogatories to Alleged Debtor

24  Francis J. Lopez ("Lopez") and demands his response under oath within thirty (30) days from the

25  date of service pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 33 which is made

26  applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure Rule 7033 and

27  Rule 9014.

28  / / / / /

*(left margin vertical text)* KEEHN & ASSOCIATES, APC / ATTORNEYS AND COUNSELORS AT LAW / 402 WEST BROADWAY, SUITE 1210 / SAN DIEGO, CALIFORNIA 92101 / TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0164

## DEFINITIONS

The following definitions apply to each of the Document Requests and should be read and referred to in answering each of the Document Requests:

1. The term "BUSINESS RECORD(S)" means all writings regularly created or maintained by or on behalf of a PERSON or entity that is or was engaged in business, and includes, without limitation, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted business activity.

2. The terms "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or credit account with a bank, credit union, or financial institutions of any description, and include, without limitation, a demand, time, checking, savings, passbook, share draft, or like account, including account evidenced by a certificate of deposit.

3. The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

4. The term "CASH AND CARRY" means and refers to any form of transaction in which the purchaser or recipient of the goods or services which are the subject of the transaction is required to, and actually does, deliver cash or a negotiable instrument in the full amount of the price or fee charged for those goods or services, at the time that the goods are purchased or the services are rendered.

5. The term "COMMUNICATION" means the transmittal of any information (in the form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes, presentations, telegrams, telephone conversations and all other written, oral or electronic transmission of information.

6. The term "CREDIT FACILITY" means every form of agreement, written or oral, by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes, without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0 1 6 5

108642/LSK/5311.01

1    7.    The term "DOCUMENT" means and includes all originals — and any copies that

2    differ in any way from the original — of any kind of written, typewritten, printed or recorded

3    material or computer files, DOCUMENTS or records whatsoever, regardless of the source or

4    author thereof, including, without limitation, any writing, filed for reporting or other purposes with

5    the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer

6    printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence,

7    telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports,

8    analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets,

9    logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts,

10    diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited

11    FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock

12    ledgers for all forms and types of securities, minutes of directors, shareholder or committee

13    meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices,

14    charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists,

15    deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates,

16    permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other

17    forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies,

18    extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or

19    not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28

20    U.S.C.A., and any copies of such material if YOU do not have control or possession of the

21    original.

22    8.    The term "FINANCIAL STATEMENT" means and refers to every form of

23    DOCUMENT, including, but not limited to a written report, which quantitatively describes the

24    financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to

25    DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet,

26    a statement of cash flows, and a statement of equity.

27    9.    The term "IDENTIFY" when used herein means to describe the requested

28    information to the fullest extent possible, which would include, but is not limited to, furnishing

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

0166

108642/LSK/5311.01

1  such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

2  or thing that may be in the possession of any PERSON identified in Your response to that

3  interrogatory.  Without limiting the generality of the foregoing:

4          A.     When used in reference to a PERSON the definition includes, but is not

5  limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

6  names known to have been used by the PERSON at any time, the address of the PERSON's

7  residence (where they are a natural PERSON, or principal place of business if not), and all

8  telephone numbers where the PERSON may be reached during usual daytime business hours;

9          B.     When used with reference to a DOCUMENT or DOCUMENT the

10  definition includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

11  or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

12  location, and the name and address of the PERSON or PERSONS with custody of the

13  DOCUMENT or DOCUMENT; and

14          C.     When used with reference to a tangible thing, the definition includes, but is

15  not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

16  which identifies the thing, the address at which the thing is customarily is located, and the name

17  and address of the PERSON or PERSONS who have custody or control of the thing.

18          D.     When used with reference to an account maintained at a bank, credit union

19  or similar financial institution includes, but is not limited to the duty to disclose the name and

20  address of the institution, the account number (or numbers) and the dates during which the account

21  was maintained.

22         10.    The term the "INTERROGATORIES" means and refers to the "First Phase II

23  Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

24         11.    The term "MADELEINE LOPEZ" means and refers to an individual believed to be

25  YOUR spouse at all times from the period commencing January 1, 2002, through and including

26  the present.

27         12.    The term "NOVEON" means and refers to Noveon Systems, Inc., a corporation.

28         13.    The term "ON CREDIT" refers to any transaction or agreement where YOU or one

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0 1 6 7

108642/LSK/5311.01

1  of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

2      14.    The term "PERSON" means any individual (natural PERSON), corporation,

3  organization, association, partnership, limited partnership, limited liability company, firm, joint

4  venture, trust, governmental body, agency, governing board, department or division, or any other

5  entity.

6      15.    the term "PERSONAL ACCOUNT RECORDS" means all writings regularly

7  created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU

8  had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU

9  or YOUR family with goods or services ON CREDIT, and includes without limitation a

10  memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion

11  or diagnoses that are kept in the course of regularly conducted personal, household, or family

12  activity.

13      16.    The term "PRISM RECEIVERSHIP" means and refers to the receivership created

14  in that certain civil action that was pending before the Superior Court of the State of California for

15  the County of San Diego, North County Branch, identified as *PRISM and PRISM ADVANCED*

16  *TECHNOLOGIES, INC., v. ALAN STANLY* (Case No. GIN 028765) based upon the "Stipulation

17  regarding appointment of Richard M Kipperman as receiver," and the order approving and

18  adopting it which was entered on April 22, 2003.

19      17.    The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing,

20  defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating,

21  referring to, or dealing with.

22      18.    The term "RELATIVE" means any individual related by affinity or consanguinity

23  within the third degree of consanguinity or affinity as determined by common law or any

24  individual in a step or adoptive relationship within such third degree.

25      19.    The term the "REQUESTS FOR ADMISSION" means and refers to the "First

26  Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently

27  herewith.

28      20.    The term the "RESIDENCE" means and refers to that single family dwelling

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0168

108642/LSK/5311.01

1  commonly known as 310 Sand Myrtle Trail, Destin, Florida.

2      21.    The term the "STANLY JUDGMENT" means and refers to that judgment in favor

3  of Petitioning Creditor Alan Stanly against Francis J. Lopez in the principal amount of $50,000, in

4  the case of *UNION BANK OF CALIFORNIA N.A. v. STANLY and LOPEZ* (GIN 030827) entered

5  by the Superior Court of the State of California, for the County of San Diego, on or about

6  September 20, 2004.

7      22.    The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

8      23.    The term "YOU OWED" when used in connection with a particular creditor means

9  and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by

10  the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain

11  as to liability or amount.

12      24.    The phrase "PAYMENTS THAT YOU MADE," or words of similar import include

13  all payments that YOU personally made or caused to be made, and all payments that were made by

14  any other person or entity.

15  **SPECIAL INSTRUCTIONS**

16      1.    YOUR written response to each category shall first IDENTIFY and quote the

17  category in full. Upon request, YOU will be electronically provided with a copy of these requests

18  in their Word Perfect form to facilitate YOUR compliance with this requirement.

19  **INTERROGATORIES**

20  Interrogatory No. 1.:

21      Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

22  these interrogatories was an unqualified admission, then for each response which is not an

23  unqualified admission, state the number of the request and all of the facts upon which YOU base

24  YOUR response.

25  Interrogatory No. 2.:

26      Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

27  these interrogatories was an unqualified admission, then for each response which is not an

28  unqualified admission, state the number of the request and IDENTIFY all PERSONS who have

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

0169

- 6 -

108642/LSK/5311.01

1  knowledge of the facts upon which YOU base YOUR response.

2  Interrogatory No. 3.:

3       Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

4  these interrogatories an unqualified admission, then for each response which is not an unqualified

5  admission, state the number of the request, and IDENTIFY all DOCUMENTS, writings and other

6  tangible things that YOU content support YOUR response.

7  Interrogatory No. 4.:

8       IDENTIFY by date, source, and amount, all cash receipts of any kind (including loan

9  proceeds) that YOU received from any source — including but not limited to — NOVEON

10 between January 1 and July 1, 2005.

11 Interrogatory No. 5.:

12 IDENTIFY by date, source, and amount, all cash receipts (including loan proceeds) that

13 MADELEINE LOPEZ received from any source other than NOVEON between January 1 and July

14 1, 2005.

15 Interrogatory No. 6.:

16      IDENTIFY any and all documents that memorialize, reflect, or refer to the mortgage to

17 Lehman Brothers Bank, secured by the Residence.

18 Interrogatory No. 7.:

19      IDENTIFY all ACCOUNTS maintained at any bank, credit union, or other financial

20 institution with respect to which YOU are either an owner, co-owner, or beneficiary, at any time

21 from January 1, 2005, to July 31, 2005.

22 Interrogatory No. 8.:

23      IDENTIFY all ACCOUNTS maintained with any bank, credit union, or other financial

24 institution where YOU had signature authority to withdraw funds, or cause them to be paid upon

25 YOUR order, at any time between January 1, 2005, and July 31, 2005.

26 Interrogatory No. 9.:

27      IDENTIFY all PERSONS and entities with whom MADELEINE LOPEZ had any

28 contractual or employment relationship at any time between January 1, 2005, and July 31, 2005.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0170

108642/LSK/5311.01

1  Interrogatory No. 10.:

2      With respect to any or all obligations that YOU OWED to Frederick Lopez as of June 30,

3  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

4  (c) the dates upon which the amount those obligations increased and the amount of such increases;

5  and, (d) the dates and amounts of all payments made on that obligation.

6  Interrogatory No. 11.:

7      With respect to any or all debts that YOU OWED to Lehman Brothers Bank as of June 30,

8  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

9  (c) the dates upon which the amount those obligations increased and the amount of such increases;

10  and, (d) the dates and amounts of all payments made on that obligation.

11  Interrogatory No. 12.:

12      With respect to any or all debts that YOU OWED to Allstate Floridian as of June 30, 2005,

13  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

14  the dates upon which the amount those obligations increased and the amount of such increases;

15  and, (d) the dates and amounts of all payments made on that obligation.

16  Interrogatory No. 13.:

17      With respect to any or all debts that YOU OWED to American Express as of June 30,

18  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

19  (c) the dates upon which the amount those obligations increased and the amount of such increases;

20  and, (d) the dates and amounts of all payments made on that obligation.

21  Interrogatory No. 14.:

22      With respect to any or all debts that YOU OWED to American Home Shield as of June 30,

23  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

24  (c) the dates upon which the amount those obligations increased and the amount of such increases;

25  and, (d) the dates and amounts of all payments made on that obligation.

26  Interrogatory No. 15.:

27      With respect to any or all debts that YOU OWED to Bank of America as of June 30, 2005,

28  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0171

108642/LSK/5311.01

1  the dates upon which the amount those obligations increased and the amount of such increases;

2  and, (d) the dates and amounts of all payments made on that obligation.

3  Interrogatory No. 16.:

4       With respect to any or all debts that YOU OWED to Bank Card Services as of June 30,

5  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

6  (c) the dates upon which the amount those obligations increased and the amount of such increases;

7  and, (d) the dates and amounts of all payments made on that obligation.

8  Interrogatory No. 17.:

9       With respect to any or all debts that YOU OWED to Cingular as of June 30, 2005,

10  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

11  the dates upon which the amount those obligations increased and the amount of such increases;

12  and, (d) the dates and amounts of all payments made on that obligation.

13  Interrogatory No. 18.:

14       With respect to any or all debts that YOU OWED to Citicard as of June 30, 2005,

15  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

16  the dates upon which the amount those obligations increased and the amount of such increases;

17  and, (d) the dates and amounts of all payments made on that obligation.

18  Interrogatory No. 19.:

19       With respect to any or all debts that YOU OWED to Coastal Community Insurance as of

20  June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

21  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

22  increases; and, (d) the dates and amounts of all payments made on that obligation.

23  Interrogatory No. 20.:

24       With respect to any or all debts that YOU OWED to Cox Communication as of June 30,

25  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

26  (c) the dates upon which the amount those obligations increased and the amount of such increases;

27  and, (d) the dates and amounts of all payments made on that obligation.

28  Interrogatory No. 21.:

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0172

108642/LSK/5311.01

1    With respect to any or all debts that YOU OWED to Ft. Walton Beach Medical Center as

2    of June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

3    originally incurred; (c) the dates upon which the amount those obligations increased and the

4    amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

5    Interrogatory No. 22.:

6    With respect to any or all debts that YOU OWED to Household Bank as of June 30, 2005,

7    IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c)

8    the dates upon which the amount those obligations increased and the amount of such increases;

9    and, (d) the dates and amounts of all payments made on that obligation.

10    Interrogatory No. 23.:

11    With respect to any or all debts that YOU OWED to Kelly Plantation Owners Association

12    as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

13    originally incurred; (c) the dates upon which the amount those obligations increased and the

14    amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

15    Interrogatory No. 24.:

16    With respect to any or all debts that YOU OWED to Northwest Florida Daily News as of

17    June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally

18    incurred; (c) the dates upon which the amount those obligations increased and the amount of such

19    increases; and, (d) the dates and amounts of all payments made on that obligation.

20    Interrogatory No. 25.:

21    With respect to any or all debts that YOU OWED to Okaloosa Gas District as of June 30,

22    2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred;

23    (c) the dates upon which the amount those obligations increased and the amount of such increases;

24    and, (d) the dates and amounts of all payments made on that obligation.

25    Interrogatory No. 26.:

26    With respect to any or all debts that YOU OWED to Progressive Insurance as of June 30,

27    2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred;

28    (c) the dates upon which the amount those obligations increased and the amount of such increases;

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

0173

108642/LSK/5311.01