1    and, (d) the dates and amounts of all payments made on that obligation.

2    Interrogatory No. 27.:

3        With respect to any or all debts that YOU OWED to Citibank/Quicken Platinum Card as of

4    June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

5    incurred; (c) the dates upon which the amount those obligations increased and the amount of such

6    increases; and, (d) the dates and amounts of all payments made on that obligation.

7    Interrogatory No. 28.:

8        With respect to any or all debts that YOU OWED to Texaco as of June 30, 2005,

9    IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

10   the dates upon which the amount those obligations increased and the amount of such increases;

11   and, (d) the dates and amounts of all payments made on that obligation.

12   Interrogatory No. 29.:

13       With respect to any or all debts that YOU OWED to Valley Forge Life Insurance as of June

14   30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

15   incurred; (c) the dates upon which the amount those obligations increased and the amount of such

16   increases; and, (d) the dates and amounts of all payments made on that obligation.

17   Interrogatory No. 30.:

18       With respect to any or all debts that YOU OWED to Verizon as of June 30, 2005,

19   IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

20   the dates upon which the amount those obligations increased and the amount of such increases;

21   and, (d) the dates and amounts of all payments made on that obligation.

22   Interrogatory No. 31.:

23       With respect to any or all debts that YOU OWED to Wayne Wise as of June 30, 2005,

24   IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

25   the dates upon which the amount those obligations increased and the amount of such increases;

26   and, (d) the dates and amounts of all payments made on that obligation.

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0174

108642/LSK/5311.01

1  Interrogatory No. 32.:

2       With respect to any or all debts that YOU OWED to Union Bank of California as of June

3  30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

4  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

5  increases; and, (d) the dates and amounts of all payments made on that obligation.

6  Interrogatory No. 33.:

7       With respect to any or all debts that YOU OWED to attorney Jeffrey (Jeff) Smith as of

8  June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

9  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

10  increases; and, (d) the dates and amounts of all payments made on that obligation.

11  Interrogatory No. 34.:

12      With respect to any or all debts that YOU OWED to attorney Thomas B. Gorrill as of June

13  30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

14  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

15  increases; and, (d) the dates and amounts of all payments made on that obligation.

16  Interrogatory No. 35.:

17      IDENTIFY by name, address, telephone number, facsimile number, and e-mail address, all

18  PERSONS or entities that made payments on any of YOUR obligations at any time from January

19  1, 2005 to the date of YOUR response to these INTERROGATORIES, and the dates and amounts

20  of each such payment.

21

22  Dated: *11-3-06*

23

24

25  By: _____

26

27

28

**KEEHN & ASSOCIATES**
A Professional Corporation

L. Scott Keehn
Attorneys for
Petitioning Creditor

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0175

108642/LSK/5311.01

# EXHIBIT D

0176

1 | M. Jonathan Hayes (Bar No. 90388)
**Law Office M. Jonathan Hayes**
2 | 21800 Oxnard St, Suite 840
Woodland Hills, California 91367
3 | Telephone: (818) 710-3656
Facsimile: (818) 710-3659
4 | jhayes@polarisnet.net

5 | **Attorneys for Alleged Debtor**
**Francis J. Lopez**

6

7 | UNITED STATES BANKRUPTCY COURT

8 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10 | **In re:** ) **CASE NO.:    05-05926-PBINV**
)
11 | **FRANCIS J. LOPEZ,** ) **Involuntary Chapter 7**
)
12 | )
) **SUPPLEMENT TO RESPONSE TO**
13 | **Alleged Debtor.** ) **REQUESTS FOR ADMISSION**
) **PROPOUNDED TO ALLEGED**
14 | ) **DEBTOR FRANCIS J. LOPEZ (PHASE**
) **II)**
15 | )
)
16 | ) **JUDGE:      Hon. Peter W. Bowie**
) **DEPT.:      4**
17 | )

18

19

20

21 | PROPOUNDING PARTY:       Petitioning Creditors

22 | RESPONDING PARTY:       Alleged Debtor Francis J. Lopez

23 | SET NO.:       ONE (1) / Phase II

24 | <u>**REQUESTS FOR ADMISSION**</u>

25 | <u>**REQUEST FOR ADMISSION NO. 1:**</u>

26 | Admit you received no cash payments from NOVEON between January 1, 2005 and July

27 | 1, 2005.

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR ADMISSIONS

0177

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2 Deny.

3 **REQUEST FOR ADMISSION NO. 2:**

4 Admit that YOU were not employed by any PERSON or entity other than Noveon between

5 January 1, 2005 and July 31, 2005.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

7 Admit.

8 **REQUEST FOR ADMISSION NO. 3:**

9 Admit that you were not engaged as an independent contractor for any person or entity

10 other than NOVEON between January 1, 2005 and July 31, 2005.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

12 Deny.

13 **REQUEST FOR ADMISSION NO. 4:**

14 Admit that you had no contractual relationship of any kind that entitled you to receive

15 remuneration of any kind based upon services that YOU rendered at any time between

16 January 1, 2005 and July 31, 2005.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

18 Deny.

19 **REQUEST FOR ADMISSION NO. 5:**

20 Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of

21 enforcement pending YOUR appeal of that judgment.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

23 Deny, to the extent that a stay of enforcement was requested, and granted, in Florida.

24 However, that stay of enforcement was related to the automatic stay in effect as a result of

25 Stanly filing the involuntary petition against me.

26 **REQUEST FOR ADMISSION NO. 6:**

27 Admit that at some time after June 14, 2004 and before June 14, 2005, the RESIDENCE

28 was refinanced.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

2  Admit.

3  **REQUEST FOR ADMISSION NO. 7:**

4  Admit that YOU authorized Joseph Fischbach, as your attorney, to sign the stipulation that

5  caused Richard M. Kipperman to be appointed as the receiver of Prism in the PRISM

6  RECEIVERSHIP, a copy of which is attached hereto as Exhibit 1.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

8  I do not know how to answer. I agreed as CEO of Prism.

9  **REQUEST FOR ADMISSION NO. 8:**

10  Admit that YOU have not paid any of the fees that were awarded to Richard M.

11  Kipperman on account of services rendered and costs advanced in the PRISM

12  RECEIVERSHIP.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

14  Admit, with the following qualification: Never did Mr. Kipperman request that I pay for

15  any of his services, nor did I ever receive a bill from Mr. Kipperman or his office.

16  **REQUEST FOR ADMISSION NO. 9:**

17  Admit that YOU have filed no objection to any of the fees requested by Richard M.

18  Kipperman on account of services rendered and costs he has advanced in connection with

19  the PRISM RECEIVERSHIP.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

21  Admit, to the extent that Mr. Kipperman's bills and fees were filed with the state court and

22  later with the Prism bankruptcy court. I am informed and believe that Mr. Kipperman did

23  indeed receive payment from the Prism bankruptcy estate.

24  **REQUEST FOR ADMISSION NO. 10:**

25  Admit that YOU signed as a guarantor on the obligations that Prism Advanced

26  Technologies, Inc. ("Prism") incurred under agreements "Equipment Lease Agreement" by

27  and between Herman Miller Capital as lessor and Prism Advanced Technologies as lessee.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

3

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

0179

1  Deny.

2

3

4

5  Dated:   April 10, 2007

6

7  By: _____

8      M. Jonathan Hayes
       Attorneys for Alleged Debtor

9      Francis J. Lopez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

4

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR ADMISSIONS

0180

1

**VERIFICATION**

2

3  UNITED STATE BANKRUPTCY        }  ss.

4  COURT FOR THE SOUTHERN

5  DISTRICT OF CALIFORNIA

6

7

    I have read the foregoing Responses to the REQUEST FOR SUPPLEMENTAL

8

ADMISSIONS, SET NUMBER ONE / Phase II and know its contents.

9

    I am an alleged debtor in this action.  The matters stated in the foregoing document

10

are true of my own knowledge except as to those matters which are stated on information

11

and belief, and as to those matters I am informed and believe that they are true.

12

13

    Executed on April 10, 2007,  at Destin, Florida.

14

    I declare under penalty of perjury under the laws of the State of California that the

15

foregoing is true and correct.

16

17

18                               Francis J. Lopez

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

VERIFICATION TO RFA Second Set

0181

# EXHIBIT E

0182

1 | M. Jonathan Hayes (Bar No. 90388)
**Law Office M. Jonathan Hayes**
2 | 21800 Oxnard St, Suite 840
Woodland Hills, California 91367
3 | Telephone: (818) 710-3656
Facsimile: (818) 710-3659
4 | jhayes@polarisnet.net

5 | **Attorneys for Alleged Debtor**
**Francis J. Lopez**

6

7 | UNITED STATES BANKRUPTCY COURT

8 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10 | In re:                                    )    **CASE NO.:    05-05926-PBINV**
                                             )
11 | **FRANCIS J. LOPEZ,**                     )    **Involuntary Chapter 7**
                                             )
12 |                                          )    **RESPONSE TO REQUEST FOR**
                                             )    **PRODUCTION OF DOCUMENTS**
13 |           **Alleged Debtor.**            )
                                             )
14 |                                          )    **JUDGE:       Hon. Peter W. Bowie**
                                             )    **DEPT.:        4**
15 |                                          )
                                             )
16 |                                          )
                                             )
17

18

19

20 | PROPOUNDING PARTY:        Petitioning Creditors

21 | RESPONDING PARTY:         Alleged Debtor Francis J. Lopez

22 | SET NO.:                  ONE (1) / Phase II

23

24 | **Response to Request for Production of Documents**

25

26

27

28

1

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0183

1 | **CATEGORY NO. 1:**

2 | These documents are not in my possession or control.

3 | **CATEGORY NO. 2:**

4 | These documents are not in my possession or control.

5 | **CATEGORY NO. 3:**

6 | NOT APPLICABLE.

7 | **CATEGORY NO. 4:**

8 | NOT APPLICABLE.

9 | **CATEGORY NO. 5:**

10 | No responsive documents found.

11 | **CATEGORY NO. 6:**

12 | No responsive documents found.

13 | **CATEGORY NO. 7:**

14 | See exhibit B, documents 1 and 2. Any other documents related to this request previously

15 | provided in response to Phase I request for documents.

16 | **CATEGORY NO. 8:**

17 | See exhibit B, documents 1 and 2. Any other documents related to this request previously

18 | provided in response to Phase I request for documents.

19 | **CATEGORY NO. 9:**

20 | Already provided in response to Phase I request for documents. No additional documents

21 | found.

22 | **CATEGORY NO. 10:**

23 | Already provided in response to Phase I request for documents. No additional documents

24 | found.

25 | **CATEGORY NO. 11:**

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0184

1   See Exhibit B, document 3.  Any other documents related to this request previously

2   provided in response to Phase I request for documents.

3   **CATEGORY NO. 12:**

4   No responsive documents found.

5   **CATEGORY NO. 13:**

6   See exhibit B, documents 4 through 8. . Any other documents related to this request

7   previously provided in response to Phase I request for documents.

8   **CATEGORY NO. 14:**

9   See exhibit B, documents 4 through 8. . Any other documents related to this request

10   previously provided in response to Phase I request for documents.

11   **CATEGORY NO. 15:**

12   No responsive documents found.

13   **CATEGORY NO. 16:**

14   No responsive documents found.

15   **CATEGORY NO. 17:**

16   See Exhibit B, documents 9 through 11.  Any other documents related to this request

17   previously provided in response to Phase I request for documents.

18   **CATEGORY NO. 18:**

19   See Exhibit B, documents 9 through 11.  Any other documents related to this request

20   previously provided in response to Phase I request for documents.

21   **CATEGORY NO. 19:**

22   See Exhibit B, documents 12 through 21. .  Any other documents related to this request

23   previously provided in response to Phase I request for documents.

24   **CATEGORY NO. 20:**

25   See Exhibit B, documents 12 through 21. .  Any other documents related to this request

26   previously provided in response to Phase I request for documents.

27   **CATEGORY NO. 21:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0 1 8 5

1 | Already provided in response to Phase I request for documents. No additional documents

2 | found.

3 | **CATEGORY NO. 22:**

4 | Already provided in response to Phase I request for documents. No additional documents

5 | found.

6 | **CATEGORY NO. 23:**

7 | See Exhibit B, document 23. Any other documents related to this request previously

8 | provided in response to Phase I request for documents.

9 | **CATEGORY NO. 24:**

10 | See Exhibit B, document 23. Any other documents related to this request previously

11 | provided in response to Phase I request for documents.

12 | **CATEGORY NO. 25:**

13 | Already provided in response to Phase I request for documents. No additional documents

14 | found.

15 | **CATEGORY NO. 26:**

16 | Already provided in response to Phase I request for documents. No additional documents

17 | found.

18 | **CATEGORY NO. 27:**

19 | Already provided in response to Phase I request for documents. No additional documents

20 | found.

21 | **CATEGORY NO. 28:**

22 | Already provided in response to Phase I request for documents. No additional documents

23 | found.

24 | **CATEGORY NO. 29:**

25 | Already provided in response to Phase I request for documents. No additional documents

26 | found.

27 | **CATEGORY NO. 30:**

28 |

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

4

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0186

1    Already provided in response to Phase I request for documents. No additional documents

2    found.

3    **CATEGORY NO. 31:**

4    Already provided in response to Phase I request for documents. No additional documents

5    found.

6    **CATEGORY NO. 32:**

7    Already provided in response to Phase I request for documents. No additional documents

8    found.

9    **CATEGORY NO. 33:**

10    See Exhibit B, documents 28 through 33. Any other documents related to this request

11    previously provided in response to Phase I request for documents.

12    **CATEGORY NO. 34:**

13    See Exhibit B, documents 28 through 33. Any other documents related to this request

14    previously provided in response to Phase I request for documents.

15    **CATEGORY NO. 35:**

16    See Exhibit B, document 34. Any other documents related to this request previously

17    provided in response to Phase I request for documents.

18    **Category No. 36:**

19    See Exhibit B, document 34. Any other documents related to this request previously

20    provided in response to Phase I request for documents.

21    **Category No. 37:**

22    See Exhibit B, documents 35 through 42. Any other documents related to this request

23    previously provided in response to Phase I request for documents.

24    **Category No. 38:**

25    See Exhibit B, documents 35 through 42. Any other documents related to this request

26    previously provided in response to Phase I request for documents.

27    **Category No. 39:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

5

0187

1  Already provided in response to Phase I request for documents.  No additional documents
2  found.

3  **Category No. 40:**

4  Already provided in response to Phase I request for documents.  No additional documents
5  found.

6  **Category No. 41:**

7  Already provided in response to Phase I request for documents.  No additional documents
8  found.

9  **Category No. 42:**

10  Already provided in response to Phase I request for documents.  No additional documents
11  found.

12  **Category No. 43:**

13  Already provided in response to Phase I request for documents.  No additional documents
14  found.

15  **Category No. 44:**

16  Already provided in response to Phase I request for documents.  No additional documents
17  found.

18  **Category No. 45:**

19  Already provided in response to Phase I request for documents.  No additional documents
20  found.

21  **Category No. 46:**

22  Already provided in response to Phase I request for documents.  No additional documents
23  found.

24  **Category No. 47:**

25  Already provided in response to Phase I request for documents.  No additional documents
26  found.

27  **Category No. 48:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0188

1  Already provided in response to Phase I request for documents. No additional documents

2  found.

3  **Category No. 49:**

4  I will provide the requested documents to the extent that they are in my possession or can

5  be readily obtained, provided that the documents requested are not of a private or

6  privileged nature.

7  **Category No. 50:**

8  See Exhibit C., statement from Curd Galindo and Smith

9  **Category No. 51:**

10  No responsive documents found.

11  **Category No. 52:**

12  No responsive documents found.

13  **Category No. 53:**

14  No responsive documents found.

15  **Category No. 54:**

16  Already provided in response to Phase I request for documents. No additional documents

17  found.

18  **Category No. 55:**

19  Already provided in response to Phase I request for documents. No additional documents

20  found.

21  **Category No. 56:**

22  No documents in my possession.

23  **Category No. 57:**

24  No documents in my possession.

25  **Category No. 58:**

26  No documents in my possession.

27  **Category No. 59:**

28  No documents in my possession.

7

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0189

1    **Category No. 60:**

2    See Exhibit B, documents 1 and 2.

3    **Category No. 61:**

4    No responsive documents found.

5    **Category No. 62:**

6    See Exhibit B, document 3.

7    **Category No. 63:**

8    No responsive documents found.

9    **Category No. 64:**

10    See Exhibit B, documents 4 through 8.

11    **Category No. 65:**

12    No responsive documents found.

13    **Category No. 66:**

14    No responsive documents found.

15    **Category No. 67:**

16    No responsive documents found.

17    **Category No. 68:**

18    See Exhibit B, documents 9 through 11.

19    **Category No. 69:**

20    No responsive documents found.

21    **Category No. 70:**

22    See Exhibit B, documents 12 through 21.

23    **Category No. 71:**

24    No responsive documents found.

25    **Category No. 72:**

26    No responsive documents found.

27    **Category No. 73:**

28    No responsive documents found.

8

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0190

1 | **Category No. 74:**

2 | See Exhibit B, document 23.

3 | **Category No. 75:**

4 | No responsive documents found.

5 | **Category No. 76:**

6 | No responsive documents found.

7 | **Category No. 77:**

8 | No responsive documents found.

9 | **Category No. 78:**

10 | No responsive documents found.

11 | **Category No. 79:**

12 | No responsive documents found.

13 | **Category No. 80:**

14 | No responsive documents found.

15 | **Category No. 81:**

16 | No responsive documents found.

17 | **Category No. 82:**

18 | No responsive documents found.

19 | **Category No. 83:**

20 | No responsive documents found.

21 | **Category No. 84:**

22 | See Exhibit B, documents 28 through 33.

23 | **Category No. 85:**

24 | No responsive documents found.

25 | **Category No. 86:**

26 | See Exhibit B, document 34.

27 | **Category No. 87:**

28 | No responsive documents found.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0191

1  **Category No. 88:**

2  See Exhibit B, documents 35 through 42.

3  **Category No. 89:**

4  No responsive documents found.

5  **Category No. 90:**

6  Already provided in response to Phase I request for documents. No additional documents

7  found.

8  **Category No. 91:**

9  Already provided in response to Phase I request for documents. No additional documents

10  found.

11  **Category No. 92:**

12  Already provided in response to Phase I request for documents. No additional documents

13  found.

14  **Category No. 93:**

15  Already provided in response to Phase I request for documents. No additional documents

16  found.

17  **Category No. 94:**

18  Already provided in response to Phase I request for documents. No additional documents

19  found.

20  **Category No. 95:**

21  No responsive documents found.

22  **Category No. 96:**

23  No responsive documents found.

24  **Category No. 97:**

25  No responsive documents found.

26  **Category No. 98:**

27  No responsive documents found.

28  **Category No. 99:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

10

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0192

1  No responsive documents found.

2  **Category No. 100:**

3  No responsive documents found.

4  **Category No. 101:**

5  No responsive documents found.

6  **Category No. 102:**

7  No responsive documents found, other than what has already been provided.

8  **Category No. 103:**

9  No responsive documents found.

10  **Category No. 104:**

11  Not applicable.

12  **Category No. 105:**

13  Not applicable.

14  **Category No. 106:**

15  No responsive documents found.

16  **Category No. 107:**

17  No responsive documents found.

18  **Category No. 108:**

19  Already provided in response to Phase I request for documents.  No additional documents

20  found.

21  **Category No. 109:**

22  Already provided in response to Phase I request for documents.  No additional documents

23  found.

24  **Category No. 110:**

25  Already provided in response to Phase I request for documents.  No additional documents

26  found.

27  **Category No. 111:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0193

1 | Already provided in response to Phase I request for documents.  No additional documents
2 | found.
3 | **Category No. 112:**
4 | Already provided in response to Phase I request for documents.  No additional documents
5 | found.
6 | **Category No. 113:**
7 | Already provided in response to Phase I request for documents.  No additional documents
8 | found.
9 | **Category No. 114:**
10 | See Exhibit B, documents 4 through 8.  Other documents provided in response to Phase I
11 | request for documents.
12 | **Category No. 115:**
13 | No responsive documents found.
14 | **Category No. 116:**
15 | Already provided in response to Phase I request for documents.  No additional documents
16 | found.
17 | **Category No. 117:**
18 | Already provided in response to Phase I request for documents.  No additional documents
19 | found.
20 | **Category No. 118:**
21 | See Exhibit B, documents 9 through 11.  Other documents provided in response to Phase I
22 | request for documents.
23 | **Category No. 119:**
24 | See Exhibit B, documents 9 through 11.  Other documents provided in response to Phase I
25 | request for documents.
26 | **Category No. 120:**
27 | See Exhibit B, documents 12 through 21.  Other documents provided in response to Phase
28 | I request for documents.

12

LAW OFFICES
M. Jonathan Hayes
1800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1  **Category No. 121:**

2  No responsive documents found.

3  **Category No. 122:**

4  Already provided in response to Phase I request for documents.  No additional documents

5  found.

6  **Category No. 123:**

7  No responsive documents found.

8  **Category No. 124:**

9  See Exhibit B, document 23.  Other documents provided in response to Phase I request for

10  documents.

11  **Category No. 125:**

12  No responsive documents found.

13  **Category No. 126:**

14  No responsive documents found in addition to what was provided in response to Phase I

15  request for documents.

16  **Category No. 127:**

17  No responsive documents found.

18  **Category No. 128:**

19  Already provided in response to Phase I request for documents.  No additional documents

20  found.

21  **Category No. 129:**

22  No responsive documents found.

23  **Category No. 130:**

24  Already provided in response to Phase I request for documents.  No additional documents

25  found.

26  **Category No. 131:**

27  No responsive documents found.

28  **Category No. 132:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0195

1  Already provided in response to Phase I request for documents. No additional documents
2  found.

3  **Category No. 133:**

4  Already provided in response to Phase I request for documents. No additional documents
5  found.

6  **Category No. 134:**

7  See Exhibit B, documents 28 through 33. Other documents provided in response to Phase
8  I request for documents.

9  **Category No. 135:**

10 No responsive documents found.

11 **Category No. 136:**

12 See Exhibit B, document 34. Other documents provided in response to Phase I request for
13 documents.

14 **Category No. 137:**

15 No responsive documents found.

16 **Category No. 138:**

17 See Exhibit B, documents 35 through 42. Other documents provided in response to Phase
18 I request for documents.

19 **Category No. 139:**

20 No responsive documents found.

21 **Category No. 140:**

22 Already provided in response to Phase I request for documents. No additional documents
23 found.

24 **Category No. 141:**

25 Already provided in response to Phase I request for documents. No additional documents
26 found.

27 **Category No. 142:**

28

LAW OFFICES
M. Jonathan Hayes
1800 Oxnard St. Suite 840
Woodland Hills, CA 91367

14

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0196

1    Already provided in response to Phase I request for documents.  No additional documents
2    found.

3    **Category No. 143:**

4    Already provided in response to Phase I request for documents.  No additional documents
5    found.

6    **Category No. 144:**

7    Already provided in response to Phase I request for documents.  No additional documents
8    found.

9    **Category No. 145:**

10   Already provided in response to Phase I request for documents.  No additional documents
11   found.

12   **Category No. 146:**

13   Already provided in response to Phase I request for documents.  No additional documents
14   found.

15   **Category No. 147:**

16   Already provided in response to Phase I request for documents.  No additional documents
17   found.

18   **Category No. 148:**

19   No responsive documents found, other than what has already been provided.

20   **Category No. 149:**

21   No responsive documents found, other than what has already been provided.

22   **Category No. 150:**

23   No responsive documents found, other than what has already been provided.

24   **Category No. 151:**

25   No responsive documents found.

26   **Category No. 152:**

27   No responsive documents found.

28   **Category No. 153:**

15

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0197

1  No responsive documents found.

2  **Category No. 154:**

3  See Exhibit C.

4  **Category No. 155:**

5  See Exhibit D, documents related to Kipperman Payment from bankruptcy estate of Prism

6  Advanced Technologies, Inc.(RFA #9), Trustee's final report

7  **Category No. 156:**

8  See Exhibit C for copies of bank statements showing deposits, from Compass Bank,

9  Destin, FL.

10  **Category No. 157:**

11  See Exhibit C for copies of bank statements showing deposits, from Compass Bank,

12  Destin, FL.

13  **Category No. 158:**

14  The documents referred to are not in my possession.  They are imaged documents that can

15  be reproduced for a fee.

16  **Category No. 159:**

17  The documents referred to are not in my possession.  They are imaged documents that can

18  be reproduced for a fee.

19  **Category No. 160:**

20  No responsive documents found.

21  **Category No. 161:**

22  No responsive documents found.

23  **Category No. 162:**

24  See Exhibit C.

25

26  Dated:  April 10, 2007

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

16

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0198

1

By: _____
M. Jonathan Hayes
Attorneys for Alleged Debtor
Francis J. Lopez

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
1800 Oxnard St. Suite 840
Woodland Hills, CA 91367

17

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

0199

# EXHIBIT F

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, California 91367
3  Telephone: (818) 710-3656
   Facsimile: (818) 710-3659
4  jhayes@polarisnet.net

5  **Attorneys for Alleged Debtor**
   **Francis J. Lopez**
6

7                    UNITED STATES BANKRUPTCY COURT
8          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
9

10  **In re:**                          )  **CASE NO.:**   05-05926-PBINV
                                         )
11  **FRANCIS J. LOPEZ,**                )  **Involuntary Chapter 7**
                                         )
12                                       )
                                         )
13              **Alleged Debtor.**      )  **SUPPLEMENTAL RESPONSE TO**
                                         )  **INTERROGATORIES PROPOUNDED**
14                                       )  **TO ALLEGED DEBTOR FRANCIS J.**
                                         )  **LOPEZ (PHASE II)**
15                                       )
                                         )
16                                       )  **JUDGE:**    Hon. Peter W. Bowie
                                         )  **DEPT.:**    4
17                                       )

18

19  PROPOUNDING PARTY:         Petitioning Creditors

20  RESPONDING PARTY:          Alleged Debtor Francis J. Lopez

21  SET NO.:                   ONE (1)/Phase II

22

23                          **INTERROGATORIES**

24  **General Note ("General Note") in Response to Interrogatories.**

25  Most of the interrogatories refer to debts owed as of June 30, 2005, and ask me to identify:

26  (a) the original amount of the obligation; (b) the date it was originally incurred; (c) the

27  dates upon which the amount those obligations increased and the amount of such

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

                                    1
SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

                                                        0201

1 increases; and (d) the dates and payments made on that obligation. In fact, those questions

2 are posed on no less than 25 out of a total of 35 interrogatories. However, answering these

3 questions depends on how the "original amount" is defined. If it is defined as any original

4 transaction that gives rise to the balance as of June 30th, then it is possible to have a

5 revolving account that may have hundreds or even thousands of transactions, given

6 question (c), and dozens or more transactions pertinent to question (d). If the original

7 amount is defined as the amount as of June 30th, then question (b) seems to be irrelevant. I

8 therefore request clarification as to these interrogatories (Numbers 10 through 34) so that I

9 can proceed. If indeed I am requested to go back several years to find original balances,

10 then I suggest that there is an overwhelming burden to answer the interrogatories as

11 phrased. Notwithstanding the fact that the wording is unclear, there are requests that are

12 answerable regardless, as either the account with the creditor is not an old one, or

13 transactions with that creditor were of a limited nature. Thus, I have answered

14 interrogatories 10, 19, 23, 29 and 31 for these reasons.

15

16 **INTERROGATORY NO. 1:**

17    Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served

18 with these interrogatories was an unqualified admission, then for each response which is

19 not an unqualified admission, state the number of the request and all of the facts upon

20 which YOU base YOUR response.

21 **RESPONSE INTERROGATORY NO. 1:**

22 No. 1, I did in fact receive some cash payments from Noveon during the specified period.

23 No. 3, I was in fact an independent contractor for another entity during the specified

24 period.

25 No. 4, I was in fact entitled to receive remuneration as a result of services rendered during

26 the specified time period.

27 No. 10, I never signed as a personal guarantor on any agreement between Herman Miller

28 Capital and Prism Advanced Technologies, Inc.

LAW OFFICES
M. Jonathan Hayes
1800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0202

## SUPPLEMENTAL RESPONSE INTERROGATORY NO. 1:

No. 1:  I am aware of at least two payments from Noveon to me during the specified period.  The first was a payment in the amount of $1,000 on or about 1/4/2005, the second was a payment in the amount of $35.00 on or about 4/26/05.

No. 3 and No. 4:  During this period, I was also an independent contractor as a licensed life and health insurance agent.  I operated as an independent agent, and had agency agreements with a number of insurance companies.  These agreements entitled me to compensation for insurance policies issued to policyholders as a result of my efforts.

No. 7: I never authorized J. Fischbach to sign a stipulation by me on a personal basis, for the appointment of Kipperman.  Kipperman was appointed with the consent of the CEO of Prism.

No. 8:  Kipperman nor any of his agents or employees, have ever approached me on a personal basis to suggest that I pay any portion of his receivership bills or expenses.  Further, I have never received any statements, notices, letters or any correspondence to suggest that I was responsible for the payment of these bills or expenses.

No. 9:  Kipperman submitted bills and expenses to the state court and the Prism bankruptcy court.  I read a document from the latter court that indicated that Kipperman received some payment from Prism's estate for his services.

No. 10:  Herman Miller capital financed a lease of office furniture that was used by Prism Advanced Technologies.  This lease was agreed to by me acting as CEO of Prism, and was never guaranteed by me personally.

## INTERROGATORY NO. 3:

Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with these interrogatories an unqualified admission, then for each response which is not an unqualified admission, state the number of the request, and IDENTIFY all DOCUMENTS, wittings and other tangible thins that YOU content support YOUR response.

## RESPONSE INTERROGATORY NO. 3:

Vague as to the meaning of the phrase YOU content

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0203

1  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 3:**

2  No. 1:  Check number 5135 for $1,000.00 issued by Noveon Systems, Inc.on 1/4/2005;

3  check number 5171 for $35.00 issued by Noveon Systems, Inc. on 4/26/05.

4  No. 3 and No. 4:  Contracts with the following:  LifeStar Financial, Old Mutual Life

5  Insurance , P.O. Box 81497, Lincoln, NE  68501.

6  No. 7:  I am not aware of any other documents related to this, other than the document

7  referred to by Petitioning Creditor

8  No. 8:  There are no documents responsive to this response, as I never received any nor did

9  I ever hear of any.

10  No. 9:  Kipperman filed numerous documents with the state court and the Prism

11  bankruptcy court.  One of the documents that I am referring to is the payment of certain

12  amounts to Kipperman from the Prism Bankruptcy estate.

13  No. 10:  Herman Miller Capital lease contract with Prism Advanced Technologies, Inc.

14  **INTERROGATORY NO. 4:**

15      IDENTIFY by date, source, and amount, all cash receipts of any kind (including

16  loan proceeds) that YOU received form any source – including but not limited to –

17  NOVEON between January 1 and July 1, 2005.

18  **RESPONSE INTERROGATORY NO. 4:**

19  **Still researching, will provide.**

20  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 4:**

21      (a) 1/4/05, Noveon Systems, Inc., $1,000.00

22      (b) 4/26/05, Noveon Systems, Inc., $35.00

23      (c) 2/3/05, Paypal, $200.00

24      (d) 1/26/05, Compass Bank, $0.34.  There are many small cash receipts for interest that

25          I will not bother to list unless you want them.

26      There are other cash receipt transactions that may be responsive to this interrogatory, I

27      am still researching those.

28  **INTERROGATORY NO. 5:**

LAW OFFICES
M. Jonathan Hayes
1800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0204

1    IDENTIFY by date, source, and amount, all cash receipts (including loan proceeds)

2  that MADELEINE LOPEZ received from any source other than NOVEON between

3  January 1 and July 1, 2005.

4  **RESPONSE INTERROGATORY NO. 5:**

5  The requested information is not in my possession or control.

6  **INTERROGATORY NO. 6:**

7    IDENTIFY any and all documents that memorialize, reflect, or refer to the

8  mortgage to Lehman Brothers Bank, secured by the Residence.

9  **RESPONSE INTERROGATORY NO. 6:**

10  Any responsive documents are not in my possession or control.

11  **INTERROGATORY NO. 9:**

12    IDENTIFY all PERSONS and entities with whom MADELEINE LOPEZ had any

13  contractual or employment relationship at any time between January 1,2005 and July 31,

14  2005

15  **RESPONSE INTERROGATORY NO. 9:**

16  Unknown.

17  **INTERROGATORY NO. 11:**

18    With respect to any or all debts that YOU OWED to Lehman Brothers Bank as of

19  June 30, 2005, IDENTITY: (a) the original amount of the obligation; (b) the date it was

20  originally incurred; (c) the dates upon which the amount those obligations increased and

21  the amount of such increases; and, (d) the dates and amounts of all payments made on that

22  obligation.

23  **RESPONSE INTERROGATORY NO. 11:**

24  Unknown.

25  **INTERROGATORY NO. 12:**

26    With respect to any or all debts that YOU OWED to Allstate Floridian as of June

27  30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

28  originally incurred; (c) the dates upon which the amount those obligations increased and

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0205

1  the amount of such increases; and, (d) the dates and amount s of all payments made on that

2  obligation.

3  **RESPONSE INTERROGATORY NO. 12:**

4  See General Note.  Vague as to the "original amount of the obligation", is this the amount

5  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

6  of the obligation has varied over time, and the opening transactions may go back several

7  years.  Vague as to "the dates and amounts of all payments made on that obligation" , are

8  these payments up until a certain date?  Does your request include payments made on

9  opening balance transactions, regardless of date, or balances as of June 30, 2005?

10 **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 12:**

11 This is a difficult question to answer.  The original amount of the obligation as of June 30,

12 2005, to the best of my knowledge, was $134.00.  This is a homeowners' insurance policy

13 that underwent an increase on April 27, 2005.  That increase required additional payments

14 to be made for the policy that expired on July 16, 2005.

15 **INTERROGATORY NO. 13:**

16      With respect to any or all debts that YOU OWED to American Express as of June

17 30, 2005, IDENTIFY (a) the original amount of the obligation; (b) the date it was

18 originally incurred; (c) the dates upon which the amount those obligations increased and

19 the amount of such increases; and, (d) the dates and amount of all payments made on that

20 obligation.

21 **RESPONSE INTERROGATORY NO. 13:**

22 See General Note.  Vague as to the "original amount of the obligation", is this the amount

23 as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

24 of the obligation has varied over time, and the opening transactions may go back several

25 years.  Vague as to "the dates and amounts of all payments made on that obligation" , are

26 these payments up until a certain date?  Does your request include payments made on

27 opening balance transactions, regardless of date, or balances as of June 30, 2005?

28 **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 13:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1 As of June 30, 2005, the balance owing to American Express, to the best of my knowledge,

2 was $24,903.26. These obligations were incurred over time, and were associated with

3 business and personal expenses related to Prism Advanced Technologies, Inc. No

4 payments were made toward this obligation after June, 2005.

5 **INTERROGATORY NO. 14:**

6      With respect to any or all debts that YOU OWED to American Home Shield as of

7 June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

8 originally incurred; (c) the dates upon which the amount those obligations increased and

9 the amount of such increases; and (d) the dates and amounts of all payments made on that

10 obligation.

11 **RESPONSE INTERROGATORY NO. 14:**

12 See General Note. Vague as to the "original amount of the obligation", is this the amount

13 as of a specified date, or an earlier date? Since this is a longstanding account, the amount

14 of the obligation has varied over time, and the opening transactions may go back several

15 years. Vague as to "the dates and amounts of all payments made on that obligation", are

16 these payments up until a certain date? Does your request include payments made on

17 opening balance transactions, regardless of date, or balances as of June 30, 2005?

18 **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 14:**

19 After contacting this creditor and reviewing my records, this obligation was for an annual

20 insurance policy that ran from July 2004 through July 2005, and the policy for that period

21 was paid in full prior to June 30, 2005. The first installment was paid on 7/20/04 for

22 $128.33, and the final installment was paid in November of 2004.

23 **INTERROGATORY NO. 15:**

24      With respect to any or all debts that YOU OWED to Bank of America as of June

25 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

26 originally incurred; (c) the dates upon which the amount those obligations increased and

27 the amount of such increases; and (d) the dates and amounts of all payments made on that

28 obligation.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

0 2 0 7

**RESPONSE INTERROGATORY NO. 15:**

See General Note. Vague as to the "original amount of the obligation", is this the amount as of a specified date, or an earlier date? Since this is a longstanding account, the amount of the obligation has varied over time, and the opening transactions may go back several years. Vague as to "the dates and amounts of all payments made on that obligation", are these payments up until a certain date? Does your request include payments made on opening balance transactions, regardless of date, or balances as of June 30, 2005?

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 15:**

(a) approximately $2386.50; (b) longstanding revolving credit line, no way to determine; (c) not applicable; (d) 8/11/05 for $292.50, account was closed shortly thereafter due to the filing of the involuntary petition

**INTERROGATORY NO. 16:**

With respect to any or all debts that YOU OWED to Bank Card Services as of June 30, 2005 IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and (d) the dates and amounts of all payments made on that obligation.

**RESPONSE INTERROGATORY NO. 16:**

See General Note. Vague as to the "original amount of the obligation", is this the amount as of a specified date, or an earlier date? Since this is a longstanding account, the amount of the obligation has varied over time, and the opening transactions may go back several years. Vague as to "the dates and amounts of all payments made on that obligation", are these payments up until a certain date? Does your request include payments made on opening balance transactions, regardless of date, or balances as of June 30, 2005?

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 16:**

After examining my records, I do not believe that I owed this creditor as of June 30, 2005.

**INTERROGATORY NO. 17:**

With respect to any or all debts that YOU OWED to Cingular as of June 30, 2005,

8

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

0208

1  IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally

2  incurred; (c) the dates upon which the amount those obligations increased and the amount

3  of such increases; and (d) the dates and amounts of all payments made on that obligation.

4  **RESPONSE INTERROGATORY NO. 17:**

5  See General Note. Vague as to the "original amount of the obligation", is this the amount

6  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

7  of the obligation has varied over time, and the opening transactions may go back several

8  years. Vague as to "the dates and amounts of all payments made on that obligation", are

9  these payments up until a certain date? Does your request include payments made on

10  opening balance transactions, regardless of date, or balances as of June 30, 2005?

11  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 17:**

12  (a) $162.22; (b) June 19, 2005; (c) not applicable; (d) 7/7/05 for $151.18, 8/10/05 for

13  $151.18; 9/7/05 for $175.72.

14  **INTERROGATORY NO. 18:**

15      With respect to any or all debts that YOU OWED to Citicard as of June 30, 2005,

16  IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally

17  incurred; (c) the dates upon which the amount those obligations increased and the amount

18  of such increases; and (d) the dates and amounts of all payments made on that obligation.

19  **RESPONSE INTERROGATORY NO. 18:**

20  See General Note. Vague as to the "original amount of the obligation", is this the amount

21  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

22  of the obligation has varied over time, and the opening transactions may go back several

23  years. Vague as to "the dates and amounts of all payments made on that obligation", are

24  these payments up until a certain date? Does your request include payments made on

25  opening balance transactions, regardless of date, or balances as of June 30, 2005?

26  bill date was July 2005; (c) not applicable; (d) 8/22/05, $1013.03

27  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 18:**

28  This was a longstanding revolving credit account, the approximate balance as of June 30,

9

0209

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1  2005 was $32,515.00. I had been making regular monthly payments of $379.00. After the

2  involuntary petition, Citibank refused to process any more payments, citing the

3  bankruptcy. (c) the obligations did not increase after that date; (d) see below:

4  10/18/04, $379

5  11/18/04, $379

6  12/18/04, $379

7  1/18/05, $379

8  2/18/05, $379

9  3/18/05, $379

10  4/18/05, $379

11  5/18/05, $379

12  6/18/05, $379

13  **INTERROGATORY NO. 20:**

14  With respect to any or all debts that YOU OWED to Cox Communication as of

15  June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

16  originally incurred; (c) the date upon which the amount those obligations increased and the

17  amount of such increases; and (d) the dates and amonts of all payments made on that

18  obligation.

19  **RESPONSE INTERROGATORY NO. 20:**

20  See General Note.  Vague as to the "original amount of the obligation", is this the amount

21  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

22  of the obligation has varied over time, and the opening transactions may go back several

23  years.  Vague as to "the dates and amounts of all payments made on that obligation", are

24  these payments up until a certain date?  Does your request include payments made on

25  opening balance transactions, regardless of date, or balances as of June 30, 2005?

26  **SUPPLEMENTAL INTERROGATORY NO. 20:**

27  (a) $232.60; (b) 6/22/2005; (c) not applicable; (d) payment on 7/7/05 for $237.98.

28  **INTERROGATORY NO. 21:**

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0 2 1 0

LAW OFFICES
M. Jonathan Hayes
1800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1    With respect to any or all debts that YOU OWED to Walton Beach Medical Center

2 as of June 30, 2005, IDENTIFY (a) the original amount of the abolistion; (b) the date it

3 was originally incurred; (c) the date upon which the amount those obligations increased

4 and the amount of such increases; and (d) the dates and amonts of all payments made on

5 that obligation.

6 **RESPONSE INTERROGATORY NO. 21:**

7 See General Note. Vague as to the "original amount of the obligation", is this the amount

8 as of a specified date, or an earlier date? Since this is a longstanding account, the amount

9 of the obligation has varied over time, and the opening transactions may go back several

10 years. Vague as to "the dates and amounts of all payments made on that obligation", are

11 these payments up until a certain date? Does your request include payments made on

12 opening balance transactions, regardless of date, or balances as of June 30, 2005?

13 **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 21:**

14 (a) estimated at $1900.00; (b) unknown; (c) not applicable; (d) not applicable

15 **INTERROGATORY NO. 22:**

16    With respect to any or all debts that YOU OWED to household bank as of June 30,

17 2005, IDENTIFY (a) the original amount of the abolistion; (b) the date it was originally

18 incurred; (c) the date upon which the amount those obligations increased and the amount

19 of such increases; and (d) the dates and amonts of all payments made on that obligation.

20 **RESPONSE INTERROGATORY NO. 22:**

21 See General Note. Vague as to the "original amount of the obligation", is this the amount

22 as of a specified date, or an earlier date? Since this is a longstanding account, the amount

23 of the obligation has varied over time, and the opening transactions may go back several

24 years. Vague as to "the dates and amounts of all payments made on that obligation", are

25 these payments up until a certain date? Does your request include payments made on

26 opening balance transactions, regardless of date, or balances as of June 30, 2005?

27 **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 22:**

28 (a) $2295.95; (b) longstanding revolving credit line; (c) after the filing of the involuntary

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

11
SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0211

1  petition, the account was closed and Household Bank would not process any more

2  payments; (d) not applicable.

3  **INTERROGATORY NO. 24:**

4      With respect to any or all debts that YOU OWED to Northwest Florida Daily News

5  as of June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it

6  was originally incurred; (c) the date upon which the amount those obligations increased

7  and the amount of such increases; and (d) the dates and amonts of all payments made on

8  that obligation.

9  **RESPONSE INTERROGATORY NO. 24:**

10  See General Note. Vague as to the "original amount of the obligation", is this the amount

11  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

12  of the obligation has varied over time, and the opening transactions may go back several

13  years. Vague as to "the dates and amounts of all payments made on that obligation", are

14  these payments up until a certain date? Does your request include payments made on

15  opening balance transactions, regardless of date, or balances as of June 30, 2005?

16  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 24:**

17  After a review of all of my records with regard to this creditor, it appears that I did not owe

18  them anything as of June 30, 2005.

19  **INTERROGATORY NO. 25:**

20      With respect to any or all debts that YOU OWED to Okaloosa Gas District as of

21  June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

22  originally incurred; (c) the date upon which the amount those obligations increased and the

23  amount of such increases; and (d) the dates and amonts of all payments made on that

24  obligation.

25  **RESPONSE INTERROGATORY NO. 25:**

26  See General Note. Vague as to the "original amount of the obligation", is this the amount

27  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

28  of the obligation has varied over time, and the opening transactions may go back several

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

0212

1    years. Vague as to "the dates and amounts of all payments made on that obligation", are

2    these payments up until a certain date? Does your request include payments made on

3    opening balance transactions, regardless of date, or balances as of June 30, 2005?

4    **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 25:**

5    (a) $44.33; (b) 6/21/05; (c) not applicable; (d) on or about 7/15/05 for $44.33

6    **INTERROGATORY NO. 26:**

7       With respect to any or all debts that YOU OWED to Progressive Insurance as of

8    June 30, 2005, IDENTIFY (a) the original amount of the abolization; (b) the date it was

9    originally incurred; (c) the date upon which the amount those obligations increased and the

10    amount of such increases; and (d) the dates and amonts of all payments made on that

11    obligation.

12    **RESPONSE INTERROGATORY NO. 26:**

13    Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

14    In addition, See General Note. Vague as to the "original amount of the obligation", is this

15    the amount as of a specified date, or an earlier date? Since this is a longstanding account,

16    the amount of the obligation has varied over time, and the opening transactions may go

17    back several years. Vague as to "the dates and amounts of all payments made on that

18    obligation", are these payments up until a certain date? Does your request include

19    payments made on opening balance transactions, regardless of date, or balances as of June

20    30, 2005?

21    **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 26:**

22      (a) $157.20; (b) not applicable; (c) not applicable; (d) see below:

23    $157.20, 8/22/05

24    **INTERROGATORY NO. 27:**

25       With respect to any or all debts that YOU OWED to Citibank/quicken Platinum

26    Card as of June 30, 2005, IDENTIFY (a) the original amount of the abolization; (b) the

27    date it was originally incurred; (c) the date upon which the amount those obligations

28    increased and the amount of such increases; and (d) the dates and amonts of all payments

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1 | made on that obligation.

2 | **RESPONSE INTERROGATORY NO. 27:**

3 | Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

4 | In addition, See General Note. Vague as to the "original amount of the obligation", is this

5 | the amount as of a specified date, or an earlier date? Since this is a longstanding account,

6 | the amount of the obligation has varied over time, and the opening transactions may go

7 | back several years. Vague as to "the dates and amounts of all payments made on that

8 | obligation", are these payments up until a certain date? Does your request include

9 | payments made on opening balance transactions, regardless of date, or balances as of June

10 | 30, 2005?

11 | **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 27:**

12 | (a) $848.00 as of June 30, 2005; (b) revolving longstanding debt; (c) Quicken refused to

13 | process any payments after June, 2005 due to the involuntary petition; (d) none after June

14 | 2005.

15 | **INTERROGATORY NO. 28:**

16 | With respect to any or all debts that YOU OWED to Texaco as of June 30, 2005,

17 | IDENTIFY (a) the original amount of the aboliation; (b) the date it was originally

18 | incurred; (c) the date upon which the amount those obligations increased and the amount

19 | of such increases; and (d) the dates and amonts of all payments made on that obligation.

20 | **RESPONSE INTERROGATORY NO. 28:**

21 | Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

22 | In addition, See General Note. Vague as to the "original amount of the obligation", is this

23 | the amount as of a specified date, or an earlier date? Since this is a longstanding account,

24 | the amount of the obligation has varied over time, and the opening transactions may go

25 | back several years. Vague as to "the dates and amounts of all payments made on that

26 | obligation", are these payments up until a certain date? Does your request include

27 | payments made on opening balance transactions, regardless of date, or balances as of June

28 | 30, 2005?

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

14

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0214

1  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 28:**

2     (a) revolving debt, balance as of 6/11/05 was $350.20;  (b) revolving balance, no

3       "original date" can be determined; (c) and (d) below:

4  7/11/05 balance $340.99, payment 7/22/05 for $65.00

5  8/11/05 balance $281.40, payment 8/14/05 for $50.99

6  9/11/05 balance $234.71, payment 9/26/05 for $10.00

7  10/11/05 balance 228.84, payment 10/20/05 for $25.00

8  11/11/05 balance $278.85, payment 12/15/05 for $10.00

9  12/12/05 balance $306.28, payment on or about 1/6/06 for $100.00

10  **INTERROGATORY NO. 30:**

11       With respect to any or all debts that YOU OWED to Verizon as of June 30, 2005,

12  IDENTIFY (a) the original amount of the aboligation; (b) the date it was originally

13  incurred; (c) the date upon which the amount those obligations increased and the amount

14  of such increases; and (d) the dates and amonts of all payments made on that obligation.

15  **RESPONSE INTERROGATORY NO. 30:**

16  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

17  In addition, See General Note. Vague as to the "original amount of the obligation", is this

18  the amount as of a specified date, or an earlier date? Since this is a longstanding account,

19  the amount of the obligation has varied over time, and the opening transactions may go

20  back several years.  Vague as to "the dates and amounts of all payments made on that

21  obligation" , are these payments up until a certain date?  Does your request include

22  payments made on opening balance transactions, regardless of date, or balances as of June

23  30, 2005?

24  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 30:**

25  This was a longstanding account for monthly cellular service for my business phone.  (a)

26  $271.64; (b) occurred on a repeating monthly basis; (c)  I have records of the following

27  payments:  9/7/05, 65.26; 11/16/05, 37.98; 4/5/05, 35.16; approximately 7/30/05, 276.78;

28  5/4/05, 35.16; 3/2/05, 35.16; 1/25/05, 64.89

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

15

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0215

1 | **RESPONSE INTERROGATORY NO. 32:**

2 | Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

3 | In addition, See General Note. Vague as to the "original amount of the obligation", is this

4 | the amount as of a specified date, or an earlier date? Since this is a longstanding account,

5 | the amount of the obligation has varied over time, and the opening transactions may go

6 | back several years. Vague as to "the dates and amounts of all payments made on that

7 | obligation", are these payments up until a certain date? Does your request include

8 | payments made on opening balance transactions, regardless of date, or balances as of June

9 | 30, 2005?

10 | **INTERROGATORY NO. 32:**

11 |      With respect to any or all debts that YOU OWED to Union Bank of California as of

12 | June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

13 | originally incurred; (c) the date upon which the amount those obligations increased and the

14 | amount of such increases; and (d) the dates and amonts of all payments made on that

15 | obligation.

16 | **RESPONSE INTERROGATORY NO. 33:**

17 | Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

18 | In addition, See General Note. Vague as to the "original amount of the obligation", is this

19 | the amount as of a specified date, or an earlier date? Since this is a longstanding account,

20 | the amount of the obligation has varied over time, and the opening transactions may go

21 | back several years. Vague as to "the dates and amounts of all payments made on that

22 | obligation", are these payments up until a certain date? Does your request include

23 | payments made on opening balance transactions, regardless of date, or balances as of June

24 | 30, 2005?

25 | **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 33:**

26 | (a) The obligation as of June 30, 2005 was $6,000; (b) not applicable; (c) not applicable;

27 |     (d) Subsequent to that date, six equal installments of $1000.00 were paid to Union

28 |     Bank, on a monthly basis from July through December, 2005:

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

16

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0 2 1 6

1  **INTERROGATORY NO. 34:**

2        With respect to any or all debts that YOU OWED to Thomas B. Gorrill as of June

3  30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

4  originally incurred; (c) the date upon which the amount those obligations increased and the

5  amount of such increases; and (d) the dates and amonts of all payments made on that

6  obligation.

7  **RESPONSE INTERROGATORY NO. 34:**

8  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

9  In addition, See General Note.  Vague as to the "original amount of the obligation", is this

10  the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

11  the amount of the obligation has varied over time, and the opening transactions may go

12  back several years.   Vague as to "the dates and amounts of all payments made on that

13  obligation" , are these payments up until a certain date?  Does your request include

14  payments made on opening balance transactions, regardless of date, or balances as of June

15  30, 2005?

16  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 34:**

17  I do not have the exact figure owing to this creditor. It was approximately $1,000.00.  In

18  November, 2006, I paid this creditor $1,000 as payment in full for all services rendered.

19  Unfortunately, as of the time of this writing, I do not know the exact date payment was

20  made.

21  **INTERROGATORY NO. 35:**

22        IDENTIFY by name, address, telephone number, facsimile number, and e-mail

23  address, all PERSONS or entities that made payments on any of YOUR obligations at any

24  time from January 1,2005 to the date of YOUR response to these INTERROGATORIES,

25  and the dates and amounts of each such payment.

26  **RESPONSE INTERROGATORY NO. 35:**

27  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

28  In addition, See General Note.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

17

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0 2 1 7

1 | **SUPPLEMENTAL INTERROGATORY NO. 35:**

2 | Madeleine Lopez, my wife, 310 Sand Myrtle Trail, Destin, FL 32541; some business

3 | expenses, where the account was in my name, were paid by Noveon Systems, Inc., PO Box

4 | 219, Destin, FL 32541 (now defunct).

5 | Dated: ~~March 30~~, 2007

6 | april 10,

7 |

8 | By: _M. Jonathan Hayes_

9 | M. Jonathan Hayes
Attorneys for Alleged Debtor

10 | Francis J. Lopez

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

18

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0218

1

## VERIFICATION

2

3 UNITED STATE BANKRUPTCY   } ss.

4 COURT FOR THE SOUTHERN

5 DISTRICT OF CALIFORNIA

6

7

8    I have read the foregoing Responses to the REQUEST FOR SUPPLEMENTAL

9 RESPONSES TO INTERROGATORIES, SET NUMBER ONE / Phase II and know its

10 contents.

11    I am an alleged debtor in this action.  The matters stated in the foregoing document
are true of my own knowledge except as to those matters which are stated on information
12
and belief, and as to those matters I am informed and believe that they are true.
13

14

15    Executed on April 10, 2007, at Destin, Florida.

16    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
17

18

19                                                    Francis J. Lopez

20

21

22

23

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

VERIFICATION TO RFA Second Set

0219

# EXHIBIT G

0220

# KEEHN & ASSOCIATES

402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
www.keehnlaw.com

PHONE: (619) 400-2200
FACSIMILE: (619) 400-2201

May 14, 2007

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

M. Jonathon Hayes
Law Office of M. Jonathan Hayes
21800 Oxnard Street, Suite 840
Woodland Hills, CA  91367
Email: jhayes@polarisnet.net

      Re:    Summary of Meet and Confer

Dear Mr. Hayes:

      Thank you for meeting with me Friday afternoon, May 11, 2007, to meet and confer in connection with the deficiencies in the supplemental responses provided by Mr. Lopez. The following will summarize those items which you have agreed to supplement, or cause to be otherwise corrected, based on our discussion:

1.      (Facts Supporting Denials of Requests for Admission) Mr. Lopez will provide a supplemental response identifying the facts upon which Mr. Lopez relied in giving his response to request for admission number 5.

2.      Mr. Lopez will identify the "other cash receipt transactions" referred to in your supplemental response to interrogatory number 4, and he will complete all applicable "research" necessary to respond to that interrogatory by the time of his supplemental response.

3.      Mr. Lopez will provide a meaningful response to interrogatory number 5, recognizing that he has access to information relating to Madeline Lopez and is required to avail himself of the access for purposes of responding to discovery.

4.      Mr. Lopez will provide a meaningful response to interrogatory number 6, recognizing that he has access to information relating to Madeline Lopez and is required to avail himself of the access for purposes of responding to discovery.

5.      Mr. Lopez will provide a meaningful response to interrogatory number 11, recognizing that he has access to information relating to Madeline Lopez and is required to avail himself of the access for purposes of responding to discovery.

M. Jonathon Hayes
May 14, 2007
Page 2

6.      Interrogatory number 13 does not address the dates upon which any payments were made on American Express obligation. While it admits that "no payments were made towards this obligation after June 2005" that obviously begs the question of what payments, if any, were being made in the period leading up to the petition. The response to this interrogatory must be supplemented to be completely responsive.

7.      The supplemental response to interrogatory number 15 requires Mr. Lopez to identify the dates upon which payments, if any, were made.

8.      The supplemental response to interrogatory number 16 is that "after examining my records, I do not believe I owed this creditor as of June 30, 2005." However, the documents that were "examined" to lead to that conclusion were not provided. These documents must be identified and provided with the next supplemental response.

9.      The supplemental response to interrogatory number 17 is internally inconsistent. By indicating that the response to Part (C) is "not applicable," Mr. Lopez is saying that he never increased the original amount of $162.22. However, he thereafter made payments in the amount of $151.18, for two consecutive months, followed by a payment of $175.72. This supplemental response must be corrected.

10.     The supplemental response to interrogatory number 18 is non-responsive. Rather than identifying the date upon which the obligation was incurred, it purports to identify the balance on June 30, 2005. In that fashion, the response to Part (C) is also non-responsive in that it only addresses increases in the obligations after June 30, 2005. Similarly, the responses to Part (D) are non-responsive because they only address the post-petition period. These responses must be supplemented to be fully responsive to the inquiry made.

11.     The supplemental response to interrogatory number 22 is non-responsive. It fails to identify the date that the revolving credit line came into existence, the increases in the credit line, and any pre-petition decreases in that credit line.

12.     The supplemental response to interrogatory number 22 is that "after examining my records, I do not believe I owed this creditor as of June 30, 2005." However, the documents that were "examined" to lead to that conclusion were not provided. These documents must be identified and provided with the next supplemental response.

13.     The supplemental response to interrogatory number 27 in non-responsive. It fails to identify the date upon which the revolving credit facility was established, the increases to that credit facility, and the dates of pre-petition payments. Most of the response refers to the refusal of the creditor to process post-petition payments, which is neither relevant nor responsive to the inquiry made. A fully responsive supplement must be provided.

14.     The supplemental response to interrogatory number 28 is non-responsive. It does not identify the date upon which the credit facility was established, the increases made, or pre-

M. Jonathon Hayes
May 14, 2007
Page 3

petition payments made. The listing of post-petition payments made is neither relevant nor responsive to the inquiry made. A fully responsive supplement must be made.

15.    The supplemental response to interrogatory number 30 is non-responsive. It identifies post-petition payments without identifying any pre-petition payments. A fully responsive supplement must be made.

16.    The supplemental response to interrogatory number 33 is non-responsive. It fails to identify the date the obligation was incurred, its original amount, or any pre-petition payments. A fully responsive supplement must be made.

17.    The supplemental response to interrogatory number 4 is completely non-responsive. It deals only with a post-petition balance and ignores the inquiry that has been made. A fully responsive supplement must be made.

18.    Mr. Lopez has identified, but failed to provide, a copy of check number 5135 for $1000, or the "Herman Miller Capital Lease." A copy must be provided.

19.    None of the supplemental documents provided by Mr. Lopez identify the category or categories of responses to which he was responding. Nor were they provided in the manner in which they were kept in his business records. This information must be provided.

    I would like to thank you once again for taking the time to meet with me and discuss these issues. At the risk of commenting on the obvious, I would ask you to remind Mr. Lopez that the Court requires all supplemental responses to be in our possession not later than Monday, May 21, 2007. I would be happy to accept the documents and the second supplemental responses via e-mail if that will expedite or facilitate the process.

    If you have any questions or comments pertaining to any aspect of this matter, please contact me at your convenience.

Very truly yours,

KEEHN & ASSOCIATES, APC

L. Scott Keehn

cc: Client (via e-mail only)
110198/LSK/5311.01

0223

# EXHIBIT H

0224

## L. Scott Keehn - Re: Supplemental Discovery

**From:** L. Scott Keehn
**To:** Hayes, M. Jonathan
**Date:** 5/22/2007 9:24 AM
**Subject:** Re: Supplemental Discovery

Jon,

You can have another two business days, **but only if** you prepare a stipulation and order that also provides us an additional two business days to file our supplemental sanctions motion (i.e. from 5/25/07 to 5/30/07). Let me know how you want to proceed.

Very truly yours,
L.Scott Keehn



This is an e-mail from Keehn & Associates, APC, Attorneys-at-Law. THE CONTENTS OF THIS E-MAIL ARE PRIVILEGED AND CONFIDENTIAL AND ARE INTENDED ONLY FOR THE USE OF THE ORDINARY USER OF THE E-MAIL ADDRESS TO WHICH IT WAS ADDRESSED. No one
else may copy or forward all or any of it in any form. Our postal address is 402 West Broadway, Suite 1210, San Diego, California 92101.

If you receive this e-mail in error, we would be obliged if you would contact the sender by reply email or telephone at (619) 400-2200 and destroy all copies of the original message.

>>> "M. Jonathan Hayes" <jhayes@polarisnet.net> 5/21/2007 7:10 PM >>>
Scott,

Francis was out of town most of last week. He spent the weekend working on responding to your letter re our meet and confer. This is his response.

1) We had some initial confusion on the wording of your interrogatory requests, especially since it appeared that you were asking for a
complete history of each creditor account, since its' inception. You later clarified that your were only concerned as of June 30, 2005. We provided supplemental answers with that in mind. Now, in this letter, you seem to be asking for the complete history again. Some of these accounts have hundreds of changes to the balance over their long history.

2) If you want a complete transactional history for the accounts listed in your letter, we can request copies from the creditors, if they still have them. I think it's over the top to

0225

require us to spell out the answers for every change in balance, debit or credit, in an interrogatory response.

3)  Specifically as to your letter:

1.  Facts are given in this response.  We do not understand what other facts you require.
2.  None found.
3.  Not in client's possession or control.
4.  Not in client's possession or control.
5.  Not in client's possession or control.
6.  We thought you clarified this to be as of June 30 and transactions beyond.  See above.
7.  This was identified in client's supplemental answer, (d).
8.  This means that none were found.
9.  Same as (6).
10.  Same as (6).
11.  Same as (6).
12.  No documents were found.
13.  Same as (6).
14.  Same as (6).
15.  Same as (6).
16.  Same as (6).
17.  Same as (6).
18.  Client doesn't know which check for $1000 you are referring to.  Also, he cannot find a copy of the Herman Miller Capital Lease.

Please give us another two days to send you a formal response with these answers.

Jon Hayes

M. Jonathan Hayes
jhayes@polarisnet.net
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367
(818) 710-3656
(818) 710-3659 fax
(818) 402-7537 cell
THIS COMMUNICATION IS PROTECTED FROM DISCOVERY BY THE ATTORNEY CLIENT
PRIVILEGE AND IS ATTORNEY WORK PRODUCT.  "This message contains confidential

0226

information intended for the recipient only.  If you have received this
message in error, please call (818) 710-3656 and notify me of that fact and destroy all
copies of this message."
Thank you.

0 2 2 7

# EXHIBIT I

## L. Scott Keehn - RE: Supplemental Discovery

**From:**    "Jon Hayes" <jhayes@polarisnet.net>
**To:**      "'L. Scott Keehn'" <scottk@keehnlaw.com>
**Date:**    5/23/2007 9:04 AM
**Subject:** RE: Supplemental Discovery

Scott,

    Thanks and sorry for the delay in getting back to you. I have spoken to Francis. I don't think there is anything additional we can give you that will prevent you filing the motion anyway so I don't think the additional time will do use any good.

    Jon

---

**From:** L. Scott Keehn [mailto:scottk@keehnlaw.com]
**Sent:** Tuesday, May 22, 2007 9:25 AM
**To:** Hayes, M. Jonathan
**Subject:** Re: Supplemental Discovery

Jon,

You can have another two business days, **but only if** you prepare a stipulation and order that also provides us an additional two business days to file our supplemental sanctions motion (i.e. from 5/25/07 to 5/30/07). Let me know how you want to proceed.

Very truly yours,
L.Scott Keehn



KEEHN & ASSOCIATES

This is an e-mail from Keehn & Associates, APC, Attorneys-at-Law. THE CONTENTS OF THIS E-MAIL ARE PRIVILEGED AND CONFIDENTIAL AND ARE INTENDED ONLY FOR THE USE OF THE ORDINARY USER OF THE E-MAIL ADDRESS TO WHICH IT WAS ADDRESSED. No one
else may copy or forward all or any of it in any form. Our postal address is 402 West Broadway, Suite 1210, San Diego, California 92101.

If you receive this e-mail in error, we would be obliged if you would contact the sender by reply email or telephone at (619) 400-2200 and destroy all copies of the original message.

>>> "M. Jonathan Hayes" <jhayes@polarisnet.net> 5/21/2007 7:10 PM >>>

0229

Scott,

Francis was out of town most of last week.  He spent the weekend working on responding to your letter re our meet and confer.  This is his response.

1)  We had some initial confusion on the wording of your interrogatory requests, especially since it appeared that you were asking for a
complete history of each creditor account, since its' inception.  You later clarified that your
were only concerned as of June 30, 2005.  We provided supplemental answers with that in mind.  Now, in this letter, you seem to be asking for the complete history again.  Some of these accounts have hundreds of changes to the balance over their long history.

2)  If you want a complete transactional history for the accounts listed in your letter, we can request copies from the creditors, if they still have them.  I think it's over the top to require us to spell out the answers for every change in balance, debit or credit, in an interrogatory response.

3)  Specifically as to your letter:

1. Facts are given in this response.  We do not understand what other facts you require.
2. None found.
3. Not in client's possession or control.
4. Not in client's possession or control.
5. Not in client's possession or control.
6. We thought you clarified this to be as of June 30 and transactions beyond.  See above.
7. This was identified in client's supplemental answer, (d).
8. This means that none were found.
9. Same as (6).
10. Same as (6).
11. Same as (6).
12. No documents were found.
13. Same as (6).
14. Same as (6).
15. Same as (6).
16. Same as (6).
17. Same as (6).
18. Client doesn't know which check for $1000 you are referring to.  Also, he cannot find a copy of the Herman Miller Capital Lease.

Please give us another two days to send you a formal response with these answers.

Jon Hayes


M. Jonathan Hayes
jhayes@polarisnet.net
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367
(818) 710-3656

0230

(818) 710-3659 fax
(818) 402-7537 cell
THIS COMMUNICATION IS PROTECTED FROM DISCOVERY BY THE ATTORNEY CLIENT
PRIVILEGE AND IS ATTORNEY WORK PRODUCT.  "This message contains confidential
information intended for the recipient only.  If you have received this
message in error, please call (818) 710-3656 and notify me of that fact and destroy all copies of this
message."
Thank you.

0231

Document 106

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office of M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, CA 91367
3  Telephone: (818) 710-3656
   Facsimile: (818) 710-3659
4  jhayes@polarisnet.net

*COPY*

*Original mailed to crt 6/12/07 w/ cover page so be conformed*

5  Attorneys for Alleged Debtor Francis Lopez

6

7

8              UNITED STATES BANKRUPTCY COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10                    SAN DIEGO DIVISION

11

12  In Re:                          )   CASE NO. 05-05926-PBINV
                                    )
13     FRANCIS J. LOPEZ,            )   Involuntary Chapter 7
                                    )
14     Alleged Debtor              )
                                    )
15                                  )   OPPOSITION TO MOTION TO COMPEL
                                    )   BY PETITIONING CREDITOR;
16                                  )   DECLARATIONS OF M. JONATHAN
                                    )   HAYES AND FRANCIS J. LOPEZ
17                                  )
                                    )
18                                  )
                                    )   Date: June 25, 2007
19                                  )   Time: 10:30 a.m.
                                    )   Ctrm: 4
20                                  )
                                    )
21                                  )
                                    )
22                                  )

23     TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY

24  JUDGE, TO PETITIONING CREDITOR ALAN STANLY, AND HIS ATTORNEY OF

25  RECORD:

26

27

28

# I.

## **INTRODUCTION**

Petitioning Creditor Alan Stanly, an admitted "insider" of the Alleged Debtor Francis J. Lopez ("Lopez"), served his "Phase II" Requests for Admissions, Request for Production of Documents (162 categories), and Interrogatories (35 interrogatories) on November 3, 2006. Lopez has responded to each of the discovery requests twice. He has produced mounds of documents. This Motion to Compel, while it gives a lengthy history of the dispute and efforts on both sides to resolve it, is directed to the responses to 18 specific interrogatories and nothing more.

The Court is reminded that Lopez turned over hundreds of pages of documents in the first discovery "go-round." He turned over more documents at his deposition. He responded to discovery in the Phase I "go-round." Stanly served numerous subpoenas on numerous parties receiving who knows how many more documents. While Stanly claims that that was "Phase I" and he cannot possibly proceed with Phase II until he receives this critical remaining information, the opposite is true. The Phase I issue was the total number of creditors; however, that necessarily required extensive information regarding *pre-* June 30, 2005 payments to *every creditor* as well as *post-* June 30, 2005 payments to every creditor as well as the *source of the funds* to make those payments. This information was critical to Stanly's position that there were fewer than 12 creditors since it was Stanly's position that these creditors received either prepetition preference payments or postpetition transfers.

Lopez has again turned over hundreds of more pages of documents in "Phase II" as well as has seen more subpoenas go out. The total information provided is more than sufficient to establish whether or not on June 30, 2005, Lopez was "generally paying his debts as they became due."

Counsel for Stanly has made it clear that he intends to take the deposition of Mr. Lopez again with respect to this "Phase II." He is very capable of simply asking Mr.

1  Lopez for any further details he may require with respect to any unanswered questions he
2  may have.

3

4                                    II.

5         **RESPONSE TO SPECIFIC COMPLAINTS OF STANLY**

6         The Motion to Compel sets forth the long litany of the "Phase II" discovery, the
7  demands, the supplements and the meet and confer conferences.  Pages 3 through 8 give
8  the court the general history with, of course, the Shakespearian quotes and the general
9  damnation of Mr. Lopez.  It is not until page 9 that Stanly sets forth the specific complaints
10 and demands of his motion.  This Opposition is directed to those complaints.

11        Mr. Lopez's responses to Interrogatories, Phase II, Set One are attached hereto as
12 Exhibit 1.  His Supplemental Responses are attached as Exhibit F to the Declaration of Mr.
13 Keehn.

14        Interrogatory No. 1. (page 9 of Motion), Stanly's complaint with respect to
15 Interrogatory 1 is that Lopez would not state categorically that he "never requested a stay
16 of enforcement pending Your appeal of [the Stanly Judgment]."  While this interrogatory
17 seems vague as stated, Mr. Lopez will not oppose an "evidentiary sanction" that he did not
18 file a Motion for Stay of enforcement of the Stanly Judgment.

19        Interrogatory No. 3, (page 10 of Motion), Stanly's complaint with respect to
20 Interrogatory 3 is that Lopez did not produce copies of two checks he received from
21 Noveon, one for $1,000.00 and one for $35.00.  Lopez does not have or cannot find the
22 two checks indicated issued by Noveon.  Mr. Lopez will not oppose an "evidentiary
23 sanction" that he cannot produce at trial the two checks issued by Noveon.

24        Interrogatory No. 4, (page 10 of Motion), Stanly's complaint with respect to
25 Interrogatory 4 is that Lopez would not state categorically that he has not received any
26 other cash beyond the four identified which total approximately $1,200.  Lopez cannot find
27 any other cash receipt transactions that may be responsive to this interrogatory.  Mr. Lopez
28

1  will consent to an "evidentiary sanction" that he did not receive cash for the relevant

2  period of more than the $1,235.34 already disclosed in the Supplemental Responses.

3      Interrogatory No. 5 (page 11 of Motion), Stanly's complaint with respect to

4  Interrogatory 5 is that Lopez will not provide information regarding "**cash received by**

5  **[his wife] Madeleine Lopez from January 1, 2005 through July 1, 2005.**" First of all he

6  cannot provide this information certainly with any specificity. In any event, the only way

7  to find this information would be to quiz his wife and then repeat back her statements as a

8  response to the interrogatory. Nor should he have to provide that. His wife is not a party

9  to this involuntary proceeding. This proceeding has caused significant family difficulties

10  and the questioning by Mr. Lopez of his wife would certainly exacerbate the situation.

11      Interrogatory Nos. 6 & 11 (page 12 of Motion), Stanly's complaint with respect to

12  Interrogatory 6 and 11 is that Lopez will not provide "information pertaining to the nature

13  and scope of mortgage and other obligations owed (by his wife) to Lehman Brothers

14  Bank." Lopez cannot provide this information. Nor should he have to. Just because he

15  lives in the same home with Mrs. Lopez, does not mean his is able to go through her

16  records, her purse, her checkbook or to quiz her regarding this loan. This proceeding has

17  caused significant family difficulties and the questioning by Mr. Lopez of his wife to find

18  this information and turn it over to an avowed enemy of the family would make the

19  situation worse by far.

20      Interrogatory Nos. 13, 15, 16, 17, 18, 22, 24, 27, 28, 30, 32 and 34 (page 12 of

21  Motion), Lopez has provided this information to the best of his ability. Every piece of

22  paper Lopez has regarding each of these creditors has been turned over to Mr. Keehn "and

23  then some." The Court can simply look at the previous Motions for Summary Judgment

24  filed by both sides to see that every conceivable piece of paper which relates to the few

25  months before June 30, 2005 and the few months after have been produced. Every

26  conceivable question that Lopez could respond to regarding these creditors, and payments

27  made, owed, disputed, denied, and anything else was made at Mr. Lopez' deposition.

28

1    Most importantly, the Motion to Compel merely states that Lopez "feigned

2  compliance with this Court's Order with irrelevant and non-responsive answers." The

3  Motion does not specifically point to any particular answer and show why it is irrelevant or

4  non-responsive. Lopez is unable therefore to *specifically* respond to the Motion because

5  the Motion does not *specifically* identify the answers which are purportedly deficient. The

6  request that Mr. Lopez be prevented from "producing any type of evidence – including

7  testimonial or documentary, either proffered directly or for impeachment purposes" of the

8  amounts owed to his creditors "and/or any payments made on those obligations," is absurd.

9    For example, Interrogatory asks, regarding American Express, "Identify: (a) the

10  original amount of the obligation; (b) the date it was originally incurred; (c) the dates upon

11  which the amount of those obligations increased and the amount of such increases, and (d)

12  the dates and amounts of all payments made on that obligation." First of all, all of that

13  information is on the several statements that have been turned over to Stanly. Second, Mr.

14  Lopez' testimony, if asked those questions at trial, would probably be met with a best

15  evidence objection. His response to the interrogatory would be a simple recitation of all

16  the information on the several statements. Finally, the question is vague. As set forth in

17  the Supplemental Response, the amount owed on June 30, 2005 was approximately

18  $24,903.26. That balance consisted of many charges incurred over a long period of time.

19  Therefore what is "the date it was originally incurred"? what is the date it "increased"?

20    This questioning pattern is repeated for each of the interrogatories in this category.

21  Mr. Lopez has done the best he can. He has not "feigned" cooperation. In the event there

22  is actually additional information required, Mr. Lopez will appear for his second

23  deposition and do the best he can again.

24    With respect to the claim that the responses were unverified[1], this is not true first of

25  all. If it were true, why did not Mr. Keehn point out this deficiency in his letter of January

26  19, 2007 (Exhibit "2") or his letter of May 14, 2007 (Exhibit G to Motion to Compel)?

27

28
_____

[1]  No verification is required for Requests for Admissions, See FRCP 36(a): The written answer must be "signed by the party or by the party's attorney."

1

2                                  **III.**

3                             <u>**CONCLUSION**</u>

4        Alleged Debtor prays that this court deny the Motion to Compel and the request for

5   sanctions.  It is apparent that this motion was brought simply to re-request the sanctions

6   sought previously.  It should also be apparent that Mr. Stanly intends to simply bleed Mr.

7   Lopez to the maximum.  With the information already received, the deposition of Mr.

8   Lopez could have been brought many months ago and the matter could have been set for

9   trial.

10

11  Dated:  June 12, 2007                        Respectfully submitted

12

13                                        By: _____

14                                             M. Jonathan Hayes
                                              Attorney for Alleged Debtor Francis
15                                             Lopez

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Motion to
                                                        Compel

0238

## DECLARATION OF FRANCIS LOPEZ

I, Francis Lopez, declare and state as follows:

1. I am the alleged debtor in this involuntary proceeding. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I have been a permanent resident of Florida since July, 2003 when my family and moved there from California.

3. I have responded to each of Stanly's discovery requests twice. I have produced hundreds of pages of documents in the first discovery "go-round." I turned over more documents at my deposition. I responded to discovery in the Phase I "go-round." Stanly served numerous subpoenas on numerous parties receiving who knows how many more documents. I again turned over hundreds of more pages of documents in "Phase II" as well as has seen more subpoenas go out.

4. I will appear at the second deposition which has not yet been set and do my best to answers the questions of Mr. Keehn.

5. Interrogatory No. 1. (page 9 of Motion), I will not oppose an "evidentiary sanction" that I did not file a Motion for Stay of enforcement of the Stanly Judgment.

6. Interrogatory No. 3, (page 10 of Motion), I do not have or cannot find the two checks indicated issued by Noveon. I will not oppose an "evidentiary sanction" that I cannot produce at trial the two checks issued by Noveon.

7. Interrogatory No. 4, (page 10 of Motion), I cannot find any other cash receipt transactions that may be responsive to this interrogatory. I will consent to an "evidentiary sanction" that I did not receive cash for the relevant period of more than the $1,235.34 already disclosed in the Supplemental Responses.

8. Interrogatory No. 5 (page 11 of Motion), I cannot provide this information certainly with any specificity. In any event, the only way to find this information would be to quiz my wife and then repeat back her statements as a response to the interrogatory. My

1    wife is not a party to this involuntary proceeding.  This proceeding has caused significant

2    family difficulties to my wife and I and the questioning by me of my wife would certainly

3    exacerbate the situation.

4        9.  Interrogatory Nos. 6 & 11 (page 12 of Motion), I cannot provide this

5    information.  I would have to go through my wife's records, her purse, her checkbook or to

6    quiz her regarding this loan.  This proceeding has caused significant family difficulties and

7    the questioning by me of my wife to find this information and turn it over to an avowed

8    enemy of the family would make the situation worse by far.

9        10.  Interrogatory Nos. 13, 15, 16, 17, 18, 22, 24, 27, 28, 30, 32 and 34 (page 12 of

10   Motion), I have provided this information to the best of my ability.  Every piece of paper I

11   have regarding each of these creditors has been turned over to Mr. Keehn "and then some."

12

13        I declare under penalty of perjury that the foregoing is true and correct to the best of

14   my knowledge, information and belief.  Executed on this ___th day of June  , 2007 at

15   Destin, Florida.

16

17

18                                      By: _NEXT PAGE_____

19                                      Francis J. Lopez

20

21

22

23

24

25

26

27

28

1    wife is not a party to this involuntary proceeding. This proceeding has caused significant

2    family difficulties to my wife and I and the questioning by me of my wife would certainly

3    exacerbate the situation.

4        9.   Interrogatory Nos. 6 & 11 (page 12 of Motion), I cannot provide this

5    information. I would have to go through my wife's records, her purse, her checkbook or to

6    quiz her regarding this loan. This proceeding has caused significant family difficulties and

7    the questioning by me of my wife to find this information and turn it over to an avowed

8    enemy of the family would make the situation worse by far.

9        10.   Interrogatory Nos. 13, 15, 16, 17, 18, 22, 24, 27, 28, 30, 32 and 34 (page 12 of

10   Motion), I have provided this information to the best of my ability. Every piece of paper I

11   have regarding each of these creditors has been turned over to Mr. Keehn "and then some."

12

13        I declare under penalty of perjury that the foregoing is true and correct to the best of

14   my knowledge, information and belief. Executed on this _l_th day of June   , 2007 at

15   Destin, Florida.

16

17

18                                    By: _____

19                                    Francis J. Lopez

20

21

22

23

24

25

26

27

28

1

2 <u>DECLARATION OF M. JONATHAN HAYES</u>

3

4     I, M. Jonathan Hayes, declare and state as follows:

5     1. I am an attorney, authorized to practice before this court. I have personal

6 knowledge of the facts stated herein, and if called as a witness, I could and would testify

7 competently thereto.

8     2. Mr. Lopez's responses to Interrogatories, Phase II, Set One are attached hereto

9 as Exhibit 1.

10     3. Attached hereto as Exhibit 2 is a true and correct copy of Mr. Keenh's letter to

11 me of January 19, 2007.

12

13     I declare under penalty of perjury that the foregoing is true and correct to the best of

14 my knowledge, information and belief. Executed on this 12th day of June  , 2007 at

15 Woodland Hills, California.

16

17

18     By:_____

19     M. Jonathan Hayes

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

0243

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, California 91367
3  Telephone: (818) 710-3656
   Facsimile: (818) 710-3659
4  jhayes@polarisnet.net

5  **Attorneys for Alleged Debtor**
   **Francis J. Lopez**
6

7                    UNITED STATES BANKRUPTCY COURT

8              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10 **In re:**                        )   **CASE NO.:    05-05926-PBINV**
                                      )
11 **FRANCIS J. LOPEZ,**             )   **Involuntary Chapter 7**
                                      )
12                                    )
                                      )   **RESPONSE TO INTERROGATORIES**
13            **Alleged Debtor.**     )   **PROPOUNDED TO ALLEGED**
                                      )   **DEBTOR FRANCIS J. LOPEZ (PHASE**
14                                    )   **II)**
                                      )
15                                    )
                                      )   **JUDGE:    Hon. Peter W. Bowie**
16                                    )   **DEPT.:    4**
                                      )
17

18

19 PROPOUNDING PARTY:        Petitioning Creditors

20 RESPONDING PARTY:         Alleged Debtor Francis J. Lopez

21 SET NO.:                  ONE (1) / Phase II

22

23                            **INTERROGATORIES**

24 <u>General Note ("General Note") in Response to Interrogatories.</u>

25 Most of the interrogatories refer to debts owed as of June 30, 2005, and ask me to identify:

26 (a) the original amount of the obligation; (b) the date it was originally incurred; (c) the

27 dates upon which the amount those obligations increased and the amount of such

28

1  increases; and (d) the dates and payments made on that obligation. In fact, those questions

2  are posed on no less than 25 out of a total of 35 interrogatories. However, answering these

3  questions depends on how the "original amount" is defined. If it is defined as any original

4  transaction that gives rise to the balance as of June 30th, then it is possible to have a

5  revolving account that may have hundreds or even thousands of transactions, given

6  question (c), and dozens or more transactions pertinent to question (d). If the original

7  amount is defined as the amount as of June 30th, then question (b) seems to be irrelevant. I

8  therefore request clarification as to these interrogatories (Numbers 10 through 34) so that I

9  can proceed. If indeed I am requested to go back several years to find original balances,

10  then I suggest that there is an overwhelming burden to answer the interrogatories as

11  phrased. Notwithstanding the fact that the wording is unclear, there are requests that are

12  answerable regardless, as either the account with the creditor is not an old one, or

13  transactions with that creditor were of a limited nature. Thus, I have answered

14  interrogatories 10, 19, 23, 29 and 31 for these reasons.

15  **INTERROGATORY NO. 1:**

16  No. 1, I did in fact receive some cash payments from Noveon during the specified period.

17  No. 3, I was in fact an independent contractor for another entity during the specified

18  period.

19  No. 4, I was in fact entitled to receive remuneration as a result of services rendered during

20  the specified time period.

21  No. 10, I never signed as a personal guarantor on any agreement between Herman Miller

22  Capital and Prism Advanced Technologies, Inc.

23  **INTERROGATORY NO. 2:**

24  No. 1, Francis Lopez.

25  No. 3, Francis Lopez, Lifestar Financial Network, 10713 S. Jordan Gateway, Suite 220,

26  South Jordan, UT  84095, (866) 888-5736.

27  No. 4, Francis Lopez, Lifestar Financial Network, 10713 S. Jordan Gateway, Suite 220,

28  South Jordan, UT  84095, (866) 888-5736.

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0 2 4 5

EX 1-2

1  No. 10, Francis Lopez, Herman Miller Capital Corp. (contact information not known at

2  this time).

3  **INTERROGATORY NO. 3:**

4  Vague as to the meaning of the phrase YOU content

5  **INTERROGATORY NO. 4:**

6  **Still researching, will provide.**

7  **INTERROGATORY NO. 5:**

8  **Objection.  Not going to respond for someone else's financial records.**

9  **INTERROGATORY NO. 6:**

10  **Objection.  Not going to respond for someone else's financial records.**

11  **INTERROGATORY NO. 7:**

12  Compass Bank, Emerald Coast Parkway, Destin, Florida, 32541, Account 21294144;

13  Citigroup Global Mkts, Inc., 850 S. Palafox St., Suite 200, Pensacola, Florida 32502

14  (IRA), Account 4546697014258

15  **INTERROGATORY NO. 8:**

16  Compass Bank, Emerald Coast Parkway, Destin, Florida, 32541, Account 21294144;

17  Citigroup Global Mkts, Inc., 850 S. Palafox St., Suite 200, Pensacola, Florida 32502

18  (IRA), Account 4546697014258

19  **INTERROGATORY NO. 9:**

20  **Objection.  Madeleine Lopez...**

21  **INTERROGATORY NO. 10:**

22  a)  $35,000; b)  approximately July, 2005; (c) not applicable; (d) not applicable

23  **INTERROGATORY NO. 11:**

24  **Objection.  Madeleine Lopez...**

25  **INTERROGATORY NO. 12:**

26  See General Note.  Vague as to the "original amount of the obligation", is this the amount

27  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

28  of the obligation has varied over time, and the opening transactions may go back several

0246

EXH-3

1  years.  Vague as to "the dates and amounts of all payments made on that obligation" , are

2  these payments up until a certain date?  Does your request include payments made on

3  opening balance transactions, regardless of date, or balances as of June 30, 2005?

4  **INTERROGATORY NO. 13:**

5  See General Note.  Vague as to the "original amount of the obligation", is this the amount

6  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

7  of the obligation has varied over time, and the opening transactions may go back several

8  years.  Vague as to "the dates and amounts of all payments made on that obligation" , are

9  these payments up until a certain date?  Does your request include payments made on

10  opening balance transactions, regardless of date, or balances as of June 30, 2005?

11  **INTERROGATORY NO. 14:**

12  See General Note.  Vague as to the "original amount of the obligation", is this the amount

13  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

14  of the obligation has varied over time, and the opening transactions may go back several

15  years.  Vague as to "the dates and amounts of all payments made on that obligation" , are

16  these payments up until a certain date?  Does your request include payments made on

17  opening balance transactions, regardless of date, or balances as of June 30, 2005?

18  **INTERROGATORY NO. 15:**

19  See General Note.  Vague as to the "original amount of the obligation", is this the amount

20  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

21  of the obligation has varied over time, and the opening transactions may go back several

22  years.  Vague as to "the dates and amounts of all payments made on that obligation" , are

23  these payments up until a certain date?  Does your request include payments made on

24  opening balance transactions, regardless of date, or balances as of June 30, 2005?

25  **INTERROGATORY NO. 16:**

26  See General Note.  Vague as to the "original amount of the obligation", is this the amount

27  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

28  of the obligation has varied over time, and the opening transactions may go back several

1 | years.   Vague as to "the dates and amounts of all payments made on that obligation", are

2 | these payments up until a certain date?  Does your request include payments made on

3 | opening balance transactions, regardless of date, or balances as of June 30, 2005?

4 | **INTERROGATORY NO. 17:**

5 | See General Note.  Vague as to the "original amount of the obligation", is this the amount

6 | as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

7 | of the obligation has varied over time, and the opening transactions may go back several

8 | years.   Vague as to "the dates and amounts of all payments made on that obligation", are

9 | these payments up until a certain date?  Does your request include payments made on

10 | opening balance transactions, regardless of date, or balances as of June 30, 2005?

11 | **INTERROGATORY NO. 18:**

12 | See General Note.  Vague as to the "original amount of the obligation", is this the amount

13 | as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

14 | of the obligation has varied over time, and the opening transactions may go back several

15 | years.   Vague as to "the dates and amounts of all payments made on that obligation", are

16 | these payments up until a certain date?  Does your request include payments made on

17 | opening balance transactions, regardless of date, or balances as of June 30, 2005?

18 | **INTERROGATORY NO. 19:**

19 | Since this account has had very few transactions, it is easy to answer without further

20 | clarification, as long as we assume that given that the account had a zero balance prior to

21 | the bill in question, you are not interested in the account detail for previous periods.  If you

22 | are, there was a previous charge for insurance in the 2004 through 2005 period in the

23 | neighborhood of $1000 to $1300.  For the period in question,   (a) $1013.03; (b)

24 | approximately June 2005, though bill date was July 2005; (c) not applicable; (d) 8/22/05,

25 | $1013.03

26 | **INTERROGATORY NO. 20:**

27 | See General Note.  Vague as to the "original amount of the obligation", is this the amount

28 | as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

0248

EX1-5

LAW OFFICES
M. Jonathan Hayes

1 | of the obligation has varied over time, and the opening transactions may go back several

2 | years.   Vague as to "the dates and amounts of all payments made on that obligation", are

3 | these payments up until a certain date?  Does your request include payments made on

4 | opening balance transactions, regardless of date, or balances as of June 30, 2005?

5 | **INTERROGATORY NO. 21:**

6 | See General Note.  Vague as to the "original amount of the obligation", is this the amount

7 | as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

8 | of the obligation has varied over time, and the opening transactions may go back several

9 | years.   Vague as to "the dates and amounts of all payments made on that obligation", are

10 | these payments up until a certain date?  Does your request include payments made on

11 | opening balance transactions, regardless of date, or balances as of June 30, 2005?

12 | **INTERROGATORY NO. 22:**

13 | See General Note.  Vague as to the "original amount of the obligation", is this the amount

14 | as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

15 | of the obligation has varied over time, and the opening transactions may go back several

16 | years.   Vague as to "the dates and amounts of all payments made on that obligation", are

17 | these payments up until a certain date?  Does your request include payments made on

18 | opening balance transactions, regardless of date, or balances as of June 30, 2005?

19 | **INTERROGATORY NO. 23:**

20 | Since this is a quarterly bill it is always the same amount, and doesn't fluctuate, especially

21 | since the bill is always paid in full.  During the 2005 calendar year, if I assume that you are

22 | looking for an opening balance, it would be:     (a) $550; (b) June 1, 2005; (c) not

23 | applicable; (d) payment in the amount of $550 made on or about July, 2005

24 | **INTERROGATORY NO. 24:**

25 | See General Note.  Vague as to the "original amount of the obligation", is this the amount

26 | as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

27 | of the obligation has varied over time, and the opening transactions may go back several

28 | years.   Vague as to "the dates and amounts of all payments made on that obligation", are

1  these payments up until a certain date? Does your request include payments made on

2  opening balance transactions, regardless of date, or balances as of June 30, 2005?

3  **INTERROGATORY NO. 25:**

4  See General Note. Vague as to the "original amount of the obligation", is this the amount

5  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

6  of the obligation has varied over time, and the opening transactions may go back several

7  years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

8  these payments up until a certain date? Does your request include payments made on

9  opening balance transactions, regardless of date, or balances as of June 30, 2005?

10  **INTERROGATORY NO. 26:**

11  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

12  In addition, See General Note. Vague as to the "original amount of the obligation", is this

13  the amount as of a specified date, or an earlier date? Since this is a longstanding account,

14  the amount of the obligation has varied over time, and the opening transactions may go

15  back several years.   Vague as to "the dates and amounts of all payments made on that

16  obligation" , are these payments up until a certain date? Does your request include

17  payments made on opening balance transactions, regardless of date, or balances as of June

18  30, 2005?

19  **INTERROGATORY NO. 27:**

20  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

21  In addition, See General Note. Vague as to the "original amount of the obligation", is this

22  the amount as of a specified date, or an earlier date? Since this is a longstanding account,

23  the amount of the obligation has varied over time, and the opening transactions may go

24  back several years.   Vague as to "the dates and amounts of all payments made on that

25  obligation" , are these payments up until a certain date? Does your request include

26  payments made on opening balance transactions, regardless of date, or balances as of June

27  30, 2005?

28  **INTERROGATORY NO. 28:**

0 2 5 0

EX1-7

1 │ Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

2 │ In addition, See General Note.  Vague as to the "original amount of the obligation", is this

3 │ the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

4 │ the amount of the obligation has varied over time, and the opening transactions may go

5 │ back several years.   Vague as to "the dates and amounts of all payments made on that

6 │ obligation" , are these payments up until a certain date?  Does your request include

7 │ payments made on opening balance transactions, regardless of date, or balances as of June

8 │ 30, 2005?

9 │ **INTERROGATORY NO. 29:**

10 │ Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

11 │ In addition, See General Note.  Since this is an annual bill on a fixed payment schedule, it

12 │ is easy to answer without clarification of your questions, as the opening amount or balance

13 │ as of  the original bill date would be the same as the balance of the original bill during the

14 │ time frame of June 30, 2005:        a) $486.40; (b) 2/5/06, if we assume that payments for

15 │ previous years, that were paid in full, are not desired here, as the net balance by mid-year

16 │ was always zero; (c) not applicable; (d) 2/5/06, $486.40.

17 │ **INTERROGATORY NO. 30:**

18 │ Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

19 │ In addition, See General Note.  Vague as to the "original amount of the obligation", is this

20 │ the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

21 │ the amount of the obligation has varied over time, and the opening transactions may go

22 │ back several years.   Vague as to "the dates and amounts of all payments made on that

23 │ obligation" , are these payments up until a certain date?  Does your request include

24 │ payments made on opening balance transactions, regardless of date, or balances as of June

25 │ 30, 2005?

26 │ **INTERROGATORY NO. 31:**

27 │ Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

28 │ In addition, See General Note.  Since this is an account with only two transactions, it is

EXI-8

1  easy for me to answer, despite the confusion elaborated on in the General Note.

2  (a) $15,000; (b) 6/16/04; (c) not applicable; (d) interest payment on 5/17/05 in the amount

3  of $900

4  **INTERROGATORY NO. 32:**

5  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

6  In addition, See General Note.  Vague as to the "original amount of the obligation", is this

7  the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

8  the amount of the obligation has varied over time, and the opening transactions may go

9  back several years.   Vague as to "the dates and amounts of all payments made on that

10 obligation" , are these payments up until a certain date?  Does your request include

11 payments made on opening balance transactions, regardless of date, or balances as of June

12 30, 2005?

13 **INTERROGATORY NO. 33:**

14 Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

15 In addition, See General Note.  Vague as to the "original amount of the obligation", is this

16 the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

17 the amount of the obligation has varied over time, and the opening transactions may go

18 back several years.   Vague as to "the dates and amounts of all payments made on that

19 obligation" , are these payments up until a certain date?  Does your request include

20 payments made on opening balance transactions, regardless of date, or balances as of June

21 30, 2005?

22 **INTERROGATORY NO. 34:**

23 Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

24 In addition, See General Note.  Vague as to the "original amount of the obligation", is this

25 the amount as of a specified date, or an earlier date?  Since this is a longstanding account,.

26 the amount of the obligation has varied over time, and the opening transactions may go

27 back several years.   Vague as to "the dates and amounts of all payments made on that

28 obligation" , are these payments up until a certain date?  Does your request include

LAW OFFICES
M. Jonathan Hayes

RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

EX1-9

1  payments made on opening balance transactions, regardless of date, or balances as of June

2  30, 2005?

3  **INTERROGATORY NO. 35:**

4  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

5  In addition, See General Note.

6

7  Dated:  December 5, 2006

8

9

10                                              By: _____

11                                                  M. Jonathan Hayes
                                                    Attorneys for Alleged Debtor
12                                                  Francis J. Lopez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

0253

EX 1-10

M. Jonathan Hayes (Bar No. 90388)
**Law Office M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, California 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

**Attorneys for Alleged Debtor**
**Francis J. Lopez**

# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) CASE NO.:    05-05926-PBINV |
| FRANCIS J. LOPEZ, | ) Involuntary Chapter 7 |
| Alleged Debtor. | ) **RESPONSE TO REQUESTS FOR ADMISSION PROPOUNDED TO ALLEGED DEBTOR FRANCIS J. LOPEZ (PHASE II)** |
| | ) **JUDGE:**    Hon. Peter W. Bowie |
| | ) **DEPT.:**    4 |

PROPOUNDING PARTY:      Petitioning Creditors

RESPONDING PARTY:      Alleged Debtor Francis J. Lopez

SET NO.:      ONE (1) / Phase II

## REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit you received no cash payments from NOVEON between January 1, 2005 and July 1, 2005.

LAW OFFICES
M. Jonathan Hayes

EX 1-11

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2 Deny.

3 **REQUEST FOR ADMISSION NO. 2:**

4 Admit that YOU were not employed by any PERSON or entity other than Noveon between

5 January 1, 2005 and July 31, 2005.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

7 Admit.

8 **REQUEST FOR ADMISSION NO. 3:**

9 Admit that you were not engaged as an independent contractor for any person or entity

10 other than NOVEON between January 1, 2005 and July 31, 2005.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

12 Deny.

13 **REQUEST FOR ADMISSION NO. 4:**

14 Admit that you had no contractual relationship of any kind that entitled you to receive

15 remuneration of any kind based upon services that YOU rendered at any time between

16 January 1, 2005 and July 31, 2005.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

18 Deny.

19 **REQUEST FOR ADMISSION NO. 5:**

20 Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of

21 enforcement pending YOUR appeal of that judgment.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

23 I don't know.

24 **REQUEST FOR ADMISSION NO. 6:**

25 Admit that at some time after June 14, 2004 and before June 14, 2005, the RESIDENCE

26 was refinanced.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

28 Admit.

EX1-12

1 | **REQUEST FOR ADMISSION NO. 7:**

2 | Admit that YOU authorized Joseph Fischbach, as your attorney, to sign the stipulation that

3 | caused Richard M. Kipperman to be appointed as the receiver of Prism in the PRISM

4 | RECEIVERSHIP, a copy of which is attached hereto as Exhibit 1.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

6 | I do not know how to answer.  I agreed as CEO of Prism.

7 | **REQUEST FOR ADMISSION NO. 8:**

8 | Admit that YOU have not paid any of the fees that were awarded to Richard M.

9 | Kipperman on account of services rendered and costs advanced in the PRISM

10 | RECEIVERSHIP.

11 | **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

12 | Admit.

13 | **REQUEST FOR ADMISSION NO. 9:**

14 | Admit that YOU have filed no objection to any of the fees requested by Richard M.

15 | Kipperman on account of services rendered and costs he has advanced in connection with

16 | the PRISM RECEIVERSHIP.

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

18 | Admit.

19 | **REQUEST FOR ADMISSION NO. 10:**

20 | Admit that YOU signed as a guarantor on the obligations that Prism Advanced

21 | Technologies, Inc. ("Prism") incurred under agreements "Equipment Lease Agreement" by

22 | and between Herman Miller Capital as lessor and Prism Advanced Technologies as lessee.

23 | **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

24 | Deny.

25

26

27

28

1 | Dated:  December 3, 2006

2

3

4                                                    By: _____

5                                                          M. Jonathan Hayes
                                                             Attorneys for Alleged Debtor
6                                                          Francis J. Lopez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0257

EX 1-14

1

2

3

## PROOF OF SERVICE

4

5    STATE OF CALIFORNIA        )
                               )ss.:
6    SOUTHERN DISTRICT          )

7    *In re*
     *Francis J. Lopez*                        *Case No. 05-05926-PBINV*
8

9        . I am employed in the County of Los Angeles, State of California.  I am over the age
     of 18 and not a party to the within action.  My business address is 21800 Oxnard St. Suite
10   840, Woodland Hills, CA 91367.

11       On December 3, 2006 I served on interested parties in said action the within:
                 **RESPONSE TO REQUESTS FOR ADMISSION PROPOUNDED TO**
12   **ALLEGED DEBTOR FRANCIS J. LOPEZ (PHASE II)**

13   by placing a true copy thereof in sealed envelope(s) addressed as stated below.

14

15       L. Scott Keehn
         Sarah H. Lanham
16       530 B Street, Suite 2400
         San Diego, CA 92101
17       (And by email)

18       I am readily familiar with this firm's practice of collection and processing
19   correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
     service on that same day in the ordinary course of business.  I am aware that on motion of
20   party served, service is presumed invalid if postal cancellation date or postage meter date
     is more than 1 day after date of deposit for mailing in affidavit.

21       Executed on December 3, 2006, at Woodland Hills, California.

22       I declare under penalty of perjury under the laws of the State of California that the
23   foregoing is true and correct.

24

25       MJ Hayes
26       (Type or print name)                          (Signature)

27

28

0258

EX 1-15

# EXHIBIT 2

# KEEHN&ASSOCIATES

402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
www.keehnlaw.com

PHONE: (619) 400-2200
FACSIMILE: (619) 400-2201

January 19, 2007

### < VIA E-MAIL, FACSIMILE AND U.S. MAIL>

M. Jonathan Hayes
21800 Oxnard Street, Suite 840
Woodland Hills, California  91367
Facsimile: (818) 710-3659
Email: jhayes@polarisnet.net

Re:  Follow-Up to Meet and Confer re: First Phase II Discovery Propounded to Francis J. Lopez
*In re Francis J. Lopez* (Bankruptcy Court Case Number: 05-05926)

Dear Mr. Hayes,

I am disappointed in, and regret having to formally notify you that we object to the fact we have not received any of the supplemental responses from your client Francis J. Lopez to our Phase II Discovery Requests that you promised during our telephonic meet and confer meeting on December 15, 2006, we would have by January 12, 2007.  Let me remind you that during that conference you agreed that Mr. Lopez would provide supplemental responses to all of the following:

(1)  You would provide complete responses to the interrogatories with the understanding that:

(a)  The phrase "original amount of obligation" shall be deemed to be the amount referred to as the amount due as of June 30, 2005;

(b)  Where interrogatories address someone else's financial information, then Mr. Lopez would provide information that is responsive to the interrogatory to the extent that he has knowledge of such information; and,

(c)  I acknowledged that the FRCP limit interrogatories to 25 without leave of Court ( I had the California 35 limit on my mind); but we agreed that given the number of creditors whose payments were at issue, and the fact that there are two petitioning creditors, that leave was likely to be granted.

(2)  All responsive documents would be produced.

Please contact me at your earliest opportunity if there is any explanation justifying your client's failure to honor these commitments.

0260
EX 2

M. Jonathan Hayes
January 19, 2007
Page 2

Once we have satisfactory responses in the written discovery, we will need to schedule Mr. Lopez's deposition. We intend to file another Motion for Summary Judgment in this case, and therefore need to complete our Phase II discovery as soon as possible.

Finally, and at the risk of stating the obvious or appearing belligerent, I must also notify you that unless we receive all of the tardy responses by Wednesday January 24, 2007, (or a credible assurance that they will be produced by a date certain shortly thereafter), we will be filing a motion to compel supplemental responses and seek appropriate sanctions. We expect to have the motion filed on time to provide you with personal service at the status conference set for Monday January 29, 2007, at 10:00 a.m.[1]

If you have any questions or comments pertaining to any of aspect of this matter, please contact me at your earliest opportunity.

Very Truly Yours,

**KEEHN & ASSOCIATES, APC**

Dictated by Mr. Keehn
but forwarded in his
absence to avoid delay.

L. Scott Keehn

cc:     Client
*109210/LSK/5311.01*

---

[1]     I wanted to advise you of this prospect in advance because: (a) I am mindful of and sensitive to your earlier protest to the Court over being surprised with personal service of something from our office almost every time you appear in the case; and, (b) I have no desire to cause anyone any unnecessary anxiety or annoyance.

0261

EX2-2

PROOF OF SERVICE
I, Peggi Gross, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On June 12, 2007, I served the within documents:

            by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

..     by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

..     by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

..     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
Sarah H. Lanham
KEEHN & ASSOCIATES
402 West Broadway, Suite 1210
San Diego, CA 92101
AND BY EMAIL

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 12, 2007, at Woodland Hills, California.

_____
Peggi Gross

0262

# Document 107

1   L. Scott Keehn, SBN 61691
    Leslie F. Keehn, SBN 199153
2   **KEEHN & ASSOCIATES**
    A Professional Corporation
3   402 West Broadway, Suite 1210
    San Diego, California 92101
4   Telephone: (619) 400-2200

5   Attorneys for **Petitioning Creditors**

6

7

8                   UNITED STATES BANKRUPTCY COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  In Re:                          )   Case No.  05-05926-PBINV
                                    )
12          FRANCIS J. LOPEZ,       )   **REPLY TO OPPOSITION TO MOTION
                                    )   FOR AN ENFORCEMENT ORDER:**
13                  Alleged Debtor. )   **(1) IMPOSING MONETARY SANCTIONS
                                    )   AGAINST THE DEBTOR; AND**
14                                  )   **(2) IMPOSING EVIDENTIARY
                                    )   SANCTIONS AGAINST THE DEBTOR**
15                                  )
                                    )   **[BIFURCATED PHASE II]**
16                                  )
                                    )   Date:  June 25, 2007
17                                  )   Time:  10:30 a.m.
                                    )   Judge: The Honorable Peter W. Bowie
18                                  )   Ctrm:  4
                                    )
19  _____)

20

21          Petitioning Creditors respectfully submit the following Reply to the Opposition filed by

22  Alleged Debtor — Francis J. Lopez ("Lopez") — to the Motion for an Order from this Court:

23  (1) imposing monetary sanctions against Lopez in the amount of $4,242; and (2) imposing

24  evidentiary sanctions against Lopez.

25  / / /

26  / / /

27  / / /

28  / / /

0264

- 1 -                                    110592/LFK/5311.01

# I. INTRODUCTION

Lopez's defense to this Motion is that he has already produced what he believes is a sufficient amount of discovery to Petitioning Creditors, and if any other information is needed, it can be obtained from him at a deposition. Lopez then consents to the imposition of evidentiary sanctions against him in connection with Interrogatories 1, 3, and 4. He concludes by objecting to the additional requests for evidentiary sanctions as "absurd," and claims he can not adequately address Petitioning Creditors' concerns about his responses because he does not understand them. The Opposition fails to address the request for monetary sanctions. In sum, Lopez has failed to meet his burden of establishing that the requested discovery sanctions should not be imposed. Based on that failure, the evidentiary and monetary sanctions should be imposed as requested forthwith.

# II. DISCUSSION

## A. Evidentiary Sanctions Should Now Be Imposed.

**Interrogatory Nos. 5, 6 & 11** These interrogatories required Lopez to identify cash received by his current wife, Madeleine Lopez (with whom he lives), during the period between January 1, 2005 and July 1, 2005; and provide information pertaining to the nature and scope of mortgage and other obligations owed to Lehman Brothers Bank – the lender who recorded a mortgage against the Florida residence which Lopez shares with his wife – and any payments made on those obligations. In his Opposition, Lopez states that he will not provide this information because involving his wife in this proceeding will only "exacerbate" the stress his family is already experiencing.[1] Obviously, personal and/or marital stress is a patently insufficient excuse for failing to comply with applicable discovery statutes.

**Interrogatory Nos. 13, 15, 16, 17, 18, 22, 24, 27, 28, 30, 32 & 34.** These Interrogatories requested information pertaining to the payments on obligations owed to the following creditors: American Express, Bank of America, Bank Card Services, Cingular, Citicard, Household Bank, Northwest Florida Daily News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank

---

[1]    See, Opposition, page 4, lines 3 - 19.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

0265

110592/LFK/5311.01

1  and Thomas B. Gorrill.  Specifically, the Interrogatories stated:

2          With respect to any or all debts that YOU OWED to [identified
            creditor] as of June 30, 2005, IDENTIFY: (a) the original amount of
3          the obligation; (b) the date it was originally incurred; (c) the dates
            upon which the amount those obligations increased and the amount
4          of such increases; and, (d) the dates and amounts of all payments
            made on that obligation.

5

6          Lopez's opposition reiterates his original response to all of these Interrogatories — the

7  questions are too "vague" for him to understand.  His opposition claims he has produced

8  everything he can possibly produce, but fails to explain, e.g.: (a) why his responses included

9  irrelevant information regarding post-petition payments which are not pertinent to this Phase of the

10 proceedings [Supplemental Response to Interrogatories 13, 17, 27, 28, 30, 32 & 34]; (b) what he

11 meant by his claim that there was "no way to determine" the information requested in

12 Interrogatory 15; and (c) his failure to identify what "records" he reviewed in response to

13 Interrogatories 16 and 24 which led him to conclude that he did not owe anything to creditors

14 Bank Card Services, and Northwest Florida Daily News on the Petition Date.

15         Given Lopez's continued failure to properly acknowledge, address and/or remedy the

16 inadequacies in his discovery responses, despite this Court providing him with ample time to do

17 so, it is now clear that compelling Lopez to provide further supplemental discovery responses

18 would be futile.  Instead, evidentiary sanctions should be imposed which prohibit Lopez from

19 producing any evidence of any type – including testimonial or documentary, either proffered

20 directly or for impeachment purposes – of: (a) the obligations owed to: American Express, Bank of

21 America, Bank Card Services, Cingular, Citicard, Household Bank, Northwest Florida Daily

22 News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank and Thomas B. Gorrill as

23 of the Petition Date; and/or (b) any payments made on those obligations.[2]

24 / / /

25 / / /

26 / / /

27

28     [2]      *In re Heritage Bond Litigation*, 223 F.R.D. 527, 530 - 533 (Dist. Ct. C.D. Cal.
            2004)

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 460-2200 · FACSIMILE (619) 460-2201

0266

110592/LFK/5311.01

**B.    The Deferred Monetary Sanctions Should Now Be Imposed.**

Lopez's Opposition fails to address Petitioning Creditors' renewed request for monetary sanctions in the amount of $4,242, except to complain that he feels the sanctions are intended to "bleed Mr. Lopez to the maximum."[3]  Again, Lopez fails to acknowledge that the sanctions would never have been requested in the first place if he had simply complied with his discovery obligations, as ordered by this Court.  Instead of complying, Lopez chose to continue to engage in gamesmanship designed to hinder and delay inevitable discovery.  Then, when this Motion calls him to account for that misconduct, instead of addressing the problems and fixing them, he responds by lamenting his perceived victimization.  This Court should put an end to Lopez's wasteful dramatics by imposing monetary sanctions against him, and allowing this case to be processed forward.

### III. CONCLUSION

Based on all of the foregoing, Petitioning Creditors respectfully request that this Court issue an Order imposing evidentiary sanctions, and monetary sanctions against Lopez in the amount of $4,242, as set forth in the proposed Order filed concurrently with the Motion (docket item #105).

Dated: June 19, 2007

**KEEHN & ASSOCIATES**
A Professional Corporation

By:    //s// Leslie F. Keehn
Leslie F. Keehn
**Attorneys for Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

3    See, Opposition, page 6, lines 6 -7.

0267

- 4 -

110592/LFK/5311.01

Document 111

0268