1   L. Scott Keehn, SBN 61691
    Leslie F. Keehn, SBN 199153
2   **KEEHN & ASSOCIATES**
    A Professional Corporation
3   402 West Broadway, Suite 1210
    San Diego, California 92101
4   Telephone: (619) 400-2200

5   Attorneys for **Petitioning Creditors**

6

7

8                   **UNITED STATES BANKRUPTCY COURT**

9              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                              )   Case No.  05-05926-PBINV
                                        )
12          FRANCIS J. LOPEZ,           )   Involuntary Chapter 7
                                        )
13                  Alleged Debtor.     )   **DECLARATION OF L. SCOTT KEEHN:**
                                        )   **(1) SUMMARIZING CURRENT STATUS,**
14                                      )   **AND (2) RENEWING REQUEST FOR AN**
                                        )   **ENFORCEMENT ORDER IMPOSING**
15                                      )   **MONETARY SANCTIONS ($4,442.00)**
                                        )   **AGAINST ALLEGED DEBTOR FRANCIS**
16                                      )   **J. LOPEZ**
                                        )
17                                      )   **[BIFURCATED PHASE II]**
                                        )
18                                      )   Date:  October 1, 2007 (Status Conference)
                                        )   Time:  10:30 a.m.
19                                      )   Judge: The Honorable Peter W. Bowie
                                        )   Ctrm:  4
20                                      )
                                        )
21  _____)

22          I, L. Scott Keehn, declare:

23          1.      I am an attorney at law, duly licenced to practice before all courts of this State, and

24  before the United States District Court for the Southern District of California.  I am a shareholder

25  of the firm Keehn & Associates APC, attorneys of record for Petitioning Creditors.  I have

26  personal knowledge of the factual matters stated herein.

27          2.      On May 24, 2007, my office filed the "Declaration of L. Scott Keehn in Support of

28  Petitioning Creditors' Motion for an Enforcement Order: (1) Imposing Monetary Sanctions

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0269

1   Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor," as Docket Item

2   number 105 (attachment #2). In that Declaration, I summarized the delay and *bad faith* discovery

3   tactics employed by Lopez during the 6-month period of December 3, 2006 through May 23, 2007.

4          3.     On March 12, 2007, the Court ordered Lopez to provide supplemental discovery

5   responses on or before April 11, 2007. The Court — in open session — indicated that it was

6   deferring its ruling on the request for monetary sanctions of $4,442 because: (a) it wanted the risk

7   of those sanctions to serve as a *Sword of Damocles* to encourage compliance with the Court's

8   order; and (b) Lopez would have to "work his way out of those sanctions." Unfortunately, Lopez

9   is apparently unimpressed with either this Court's order or the threat of sanctions.

10         4.     On June 25, 2007, the Court conducted its hearing on Petitioning Creditors' request

11  for monetary and evidentiary sanctions based on Lopez's dilatory tactics up to that time.[1] The

12  Court deferred again the imposition of previously requested monetary sanctions ($4,442.00), but

13  ordered the imposition of evidentiary sanctions precluding Lopez's use of any documents which he

14  had not yet produced.[2]

15         5.     On the courthouse steps following the June 25, 2007 hearing, I conferred with

16  Lopez's attorney Jonathan Hayes regarding Petitioning Creditors' request to take Lopez's

17  deposition. At that time, I stated that I would like to calendar the deposition before July 31, 2007

18  because I would be out of my office for virtually the entire month of August. Mr. Hayes and I

19  agreed that either July 20 or July 27 would work on our calendars, and Mr. Hayes indicated that he

20  would inquire as to Lopez's availability on those dates.

21         6.     Three days later, on June 28, 2007, Mr. Hayes transmitted to me the following

22  email message: *"I have spoken to my client about the deposition dates we discussed, July 20 or 27.*

23  *He is checking his calendar. I will let you know shortly."* (Emphasis added.)

24         7.     Twenty-two days later — in the early evening of July 20, 2007 — Mr. Hayes

25  transmitted an email suggesting, for the first time, July 31, 2007, as an available date for the

26

27  _____

    [1]        See, Exhibit A–Transcript of the June 25, 2007 hearing ("6/25/07 Transcript").
28
    [2]        See, 6/25/07 Transcript at p. 17.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0270

111624/LFK/5311.01

1  deposition.

2        8.      Given that July 31, 2007 would be my last day in the office before a 30-day

3  vacation, I knew I would be fully consumed with matters necessary to be completed in preparation

4  for that absence. Because of that, and because of the fact that I had received absolutely no

5  communication from Mr. Hayes' office following the June 28, 2007, email, we issued and mailed

6  to Mr. Hayes a notice of Lopez's deposition for Tuesday, September 11, 2007, at 9:00 a.m. in our

7  office.

8        9.      On July 31, 2007, there was a further Status Conference in the case. I reported to

9  the Court the events summarized in paragraphs 5-8 above, including the fact that we had noticed

10  Mr. Lopez's deposition for September 11, 2007. Mr. Hayes stated in open court that he would

11  communicate that information to Mr. Lopez, and let me know if there was any problem with that

12  date. That was the last I heard from Mr. Hayes until September 10, 2007.

13        10.     In the afternoon of September 10, 2007 — less than 24 hours before the deposition

14  was scheduled to begin — Lopez's attorney sent me a brief email stating that Lopez was *"unable*

15  *to make travel arrangements for the deposition tomorrow."* The email suggested October 8, 2007

16  or October 22, 2007 as possible dates for the deposition. Lopez's deposition is currently scheduled

17  for October 22, 2007 at 9:30 a.m. based on Mr. Hayes' representation that it was an acceptable

18  date and time.

19        11.     As stated in open court on June 25, 2007,[3] once Lopez's deposition is conducted,

20  Petitioning Creditors intend to prepare and file their summary judgment motion to establish that

21  Lopez was in fact not paying his debts as they came due as of the date of the involuntary petition.

22        12.     Lopez's past misconduct in this case mirrors his extensive misconduct in other

23  litigation involving Lopez and Petitioning Creditor Alan Stanly in other San Diego courts, as

24  detailed in the Declaration of Timothy P. Dillon filed concurrently herewith. Considering Lopez's

25  pervasive custom and practice of refusing to perform his duties as a litigant unless and until he is

26  [forensically] bludgeoned into submission by the court, it appears clear that monetary sanctions

27

28

      [3]     See, 6/25/07 Transcript at p. 18.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0271

111624/LFK/5311.01

1  should now be imposed. Without a significant sanctions order, I do not believe that Lopez will

2  ever voluntarily appear for, and participate in good faith at, his deposition in this case.

3       I declare under penalty of perjury under the laws of the United States that the foregoing is

4  true and correct, and that this Declaration was executed this 27th day of September, 2007, at San

5  Diego, California.

6                             /s/ L. Scott Keehn

7                             L. Scott Keehn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0272

111624/LFK/5311.01

# EXHIBIT A

0273

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHIEF JUDGE PETER W. BOWIE, PRESIDING

```
                                    )
                                    )
    FRANCIS J. LOPEZ                 )  CASE NO. 05-05926-PB
                                    )
                                    )
   _____ )
```

1) STATUS CONFERENCE ON INVOLUNTARY PETITION AND
ANSWER

2) PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT
ORDER: A ) IMPOSING MONETARY SANCTIONS AGAINST THE
DEBTOR; AND, B) IMPOSING EVIDENTIARY SANCTIONS AGAINST
THE DEBTOR.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SAN DIEGO, CALIFORNIA
MONDAY, JUNE 25, 2007

SAN DIEGO BANKRUPTCY REPORTERS
BY: LYNETTE ALVES
P.O.BOX 496
SOLANA BEACH, CA 92075
(858) 336-8558

**APPEARANCES**

0274

**M. JONATHAN HAYES**

LAW OFFICE OF M. JONATHAN HAYES

21800 OXNARD ST.

SUITE 840

WOODLAND HILLS, CA 91367

(818) 710-3656


**L. SCOTT KEEHN**

KEEHN & ASSOCIATES, APC

402 WEST BROADWAY, SUITE 1210

SAN DIEGO, CA 92101

(619) 400-2200


SAN DIEGO, CALIFORNIA, MONDAY, JUNE 25, 2007 , 10:00
A.M.

0275

--- O O O ---

THE CLERK:    IN THE MATTER OF FRANCIS J. LOPEZ.    TWO

MATTERS: CONTINUED STATUS CONFERENCE ON INVOLUNTARY

PETITION AND ANSWER; AND, PETITIONING CREDITORS'

MOTION FOR AN ENFORCEMENT ORDER (1) IMPOSING MONETARY

SANCTIONS AGAINST THE DEBTOR; AND, (2) IMPOSING

EVIDENTIARY SANCTIONS AGAINST THE DEBTOR.

APPEARANCES, PLEASE.

MR. KEEHN:    GOOD MORNING, YOUR HONOR.

SCOTT KEEHN APPEARING ON BEHALF OF THE PETITIONING

CREDITORS.

MR. HAYES:    GOOD MORNING, YOUR HONOR.

JOHN HAYES APPEARING FOR THE DEBTOR -- ALLEGED DEBTOR.

MR. KEEHN:    YOUR HONOR, THIS PARTICULAR ODYSSEY

BEGAN BEFORE THANKSGIVING, IF YOU CAN BELIEVE THAT,

BACK ON NOVEMBER 3RD.

THE COURT:    THAT'S NOTHING AT ALL COMPARED TO

ADAMS.    MR. KEEHN:    YOU KNOW, I WAS HOPING YOU

WOULDN'T JUST CONFINE YOURSELF TO THIS RECORD.    AND

ALSO THE CASE BEFORE, THERE WERE THIRTEEN MEET AND

CONFER LETTERS; AND WE DON'T MEET THAT RECORD, EITHER.

BUT THIS IS AN INVOLUNTARY PETITION.    AND WE WERE

HOPING TO MOVE IT ALONG WITH A LITTLE MORE ALACRITY

THAN YOU MIGHT EXPECT IN --

THE COURT:    SO YOU'RE SAYING IT REMAINS

INVOLUNTARY?

MR. KEEHN:     OH, VERY INVOLUNTARY.

WHAT WE HAVE HERE IN RESPONSE TO OUR REQUEST FOR
DISCOVERY THAT WERE PROMULGATED NOW SEVEN MONTHS AGO;
AT FIRST THERE WAS NO RESPONSE AT ALL IN THE
APPROPRIATE PERIOD.  ALL OBJECTIONS WERE WAIVED.  AND
WHEN WE MOVED FOR MOTION TO COMPEL THE SANCTIONS.
COUNSEL COMES IN AND APOLOGIZES FOR DEBTOR, BEMOANS
THE FACT THAT WE'RE ASKING FOR A LOT OF INFORMATION;
AND AGREES TO THE COURT'S RULING THAT SUPPLEMENTAL
RESPONSES SHOULD BE PROVIDED NOT LATER THAN THE 21ST
OF MAY.

WELL, ON THE 21ST OF MAY -- AND, ACTUALLY NOTHING
HAPPENED BETWEEN THE TIME THE COURT MADE THAT -- GAVE
THE DEBTOR THAT SECOND CHANCE.  NOTHING HAPPENED
BETWEEN THEN AND MAY 21ST UNTIL SHORTLY AFTER SEVEN IN
THE EVENING WHEN MR. HAYES E-MAILED MY E-MAIL WITH A
REQUEST FOR A DAY OR TWO EXTENSION.

WELL, I DIDN'T HAVE ANY PROBLEM WITH A DAY OR TWO
EXTENSION, AS LONG AS I GET AN EQUAL EXTENSION AND
TIME TO REPLY.  AS SOON AS I SAW THE E-MAIL THE
FOLLOWING MORNING, I RELAYED THAT INFORMATION TO MR.
HAYES.

IN RESPONSE TO THAT, I RECEIVED ANOTHER E-MAIL THAT
SAID, NO, WE'RE NOT GOING TO PROVIDE ANYTHING ELSE AND
WE'RE WITHDRAWING OUR REQUEST FOR EXTENSION.

SO ONCE AGAIN, WE HAVE THE TIME PERIOD PASSING AND, OF
COURSE, WE WERE PREJUDICED, NOT IN AN OVERWHELMING

0277

DEGREE, BUT NOTICEABLY BY THE FACT THAT IN RESPONSE TO
THE FIRST E-MAIL WE HAD ANTICIPATED THAT WE WOULD NOT
HAVE TO MEET THE ORIGINAL DEADLINE FOR RESPONSE.

SO, UPON RECEIVING THE WITHDRAWAL E-MAIL, WE QUICKLY
REGROUPED AND DID OUR REPLY -- DID OUR MOTION, RATHER.
WE HAD ONLY A FEW DAYS TO DO THAT, GIVEN THE SETTING
OF THIS PARTICULAR HEARING IN ORDER TO GIVE AN
ADEQUATE TIME TO RESPOND.  SO WE DID THAT.

AND WE HAVE WHAT HAS BECOME A FAMILIAR PATTERN.  WE
HAVE, WHAT PURPORTS TO BE RESPONSES GIVEN ON BEHALF OF
MR. LOPEZ; AND, IN FACT, THEY'RE NOT REALLY GOOD-FAITH
RESPONSES AT ALL.  THEY PROVIDE SOME PAPER, MOST OF
WHICH WAS PLEADINGS IN CASES THAT MR. LOPEZ HAD EVERY
REASON TO KNOW THAT WE ALREADY HAD AND SO WOULD BE
COMPLETELY USELESS.

NOW, THIS PARTICULAR DISCOVERY DISPUTE CREATES A
DYNAMIC THAT'S DIFFERENT FROM MOST DISCOVERY DISPUTES,
BECAUSE MOST DISCOVERY DISPUTES ARISE IN TRADITIONAL
LITIGATION.  AND TRADITIONAL LITIGATION IS ALWAYS
LOOKING BACK AT AN EVENT AND IS STATIC, IN TERMS OF
WHERE THE LIABILITIES WILL FALL.  BECAUSE THEY DEPEND
ON WHAT HAPPENED BACK WHEN WHATEVER INCIDENT OCCURRED,
WHATEVER COURSE OF CONDUCT OCCURRED THAT GAVE RISE TO
THE TRADITIONAL LITIGATION.

SO YOU'RE ALWAYS LOOKING BACKWARDS AND YOU'RE NOT
REALLY CONCERNED ABOUT WHAT'S HAPPENING ON A
GOING-FORWARD BASIS.

30278

THE DIFFERENT DYNAMIC THAT'S CREATED IN EVERY
INVOLUNTARY PETITION IS THE INVOLUNTARY GAP DYNAMIC.
BECAUSE, WHILE DELAY IS ALWAYS PREJUDICIAL TO BRINGING
A MATTER TO ITS QUICK AND COST EFFECTIVE CONCLUSION,
IT HAS AN AUXILIARY PREJUDICE IN INVOLUNTARY CASES
BECAUSE THE DEBTOR IS FREE TO CREATE OBLIGATIONS THAT
WILL BECOME INVOLUNTARY GAP CLAIMS AND LEAPFROG AHEAD
IN PRIORITY TO THE CLAIMS OF THE CREDITORS THAT
BROUGHT THE ACTION.
AND THAT PARTICULAR FORM OF PREJUDICE IS RENDERED ALL
THE MORE DISTURBING BECAUSE THERE'S NO WAY TO MONITOR
IT, NO WAY TO QUANTIFY IT.  MR. LOPEZ IS OUT THERE.
MAYBE HE'S NOT CREATING INVOLUNTARY GAP CLAIMS AND
PERHAPS HE IS.  BUT THE RISK IS THAT THE UTILITY OF
THE REMEDY OF INVOLUNTARY BANKRUPTCY AS A CREDITOR'S
REMEDY IS SUBJECT TO THIS FORM OF DILUTION, SIMPLY
BECAUSE THE ALLEGED DEBTOR REFUSES -- I WANT TO
UNDERSCORE THAT -- REFUSES TO COMPLY WITH THE
DISCOVERY IN GOOD FAITH.
WE ARE TRYING TO NARROW THE ISSUES WITH THE EVIDENCE
THAT'S AVAILABLE SO THAT WE CAN PROCEED IN THE SECOND
PHASE, AS WE DID IN THE FIRST, TO PRESENT THE ISSUES
TO THE COURT IN A SUMMARY JUDGMENT FASHION, BECAUSE WE
THINK THIS CASE IS AMENABLE TO SUMMARY JUDGMENT.
AND MR. LOPEZ IS JUST VERY ADROITLY BLOCKING THAT WITH
THIS PASSIVE/AGGRESSIVE TACTIC OF HIS, WHERE HE
DOESN'T REPLY AT ALL UNTIL HIS BACK IS ABSOLUTELY TO

0279
4

THE WALL AND SOME DRACONIAN CONSEQUENCE MIGHT BEFALL
HIM.  AND THEN HE'LL RESPOND, BUT HE WON'T REALLY
RESPOND IN GOOD FAITH.  HE GIVES YOU A PARITY OF
GOOD-FAITH, THAT DOES NOT ADVANCE THE PURPOSES OF
DISCOVERY.

NOW, WE SHOULDN'T HAVE TO WAIT UNTIL HIS BACK IS
AGAINST THE WALL TO GET OUR RESPONSES.  WE'RE ENTITLED
TO OUR RESPONSES THIRTY DAYS AFTER THEY'RE SERVED,
THIRTY-THREE WHEN THEY'RE SERVED BY MAIL.

AND WE'RE LONG PAST THAT WITH THESE DISCOVERY REQUESTS
THAT WERE PROMULGATED BACK IN NOVEMBER.  AND AS THE
OBJECTION DISCLOSES, THE ALLEGED DEBTOR IS WELL AWARE
THAT WE'RE DOING, ONCE AGAIN, WHAT WE DID IN THE FIRST
PHASE; WE'RE USING THE WRITTEN DISCOVERY AS, TO SORT
OF TEE UP THE ISSUES FOR OUR, DEPOSITION EXAMINATION,
WHICH IS THE NORMAL WAY TO PROCEED.

SO BY HINDERING AND DELAYING THE DISCOVERY PROCESS IN
THE WRITTEN PHASE, HE NATURALLY DEFERS THE ORAL
EXAMINATION, WHICH IN TURN DEFERS, ONCE AGAIN, THE DAY
OF RECKONING.  AND ALL THE WHILE HE'S FREE TO BE OUT
THERE INCURRING FURTHER GAP CLAIMS.

SO I THINK THAT WHAT WE'VE SUGGESTED IN OUR PAPERS IS
THE APPROPRIATE RESPONSE.  NUMBER ONE, THE DEFERRED
MONETARY SANCTIONS THAT THE COURT ORIGINALLY AWARDED
OF $42 000 -- EXCUSE ME, I'M DREAMING -- $4,242.
SHOULD BE IMPOSED.

THE -- I DON'T THINK THAT THE RESULT THE COURT HAD

HOPED TO ACHIEVE BY DEFERRING IT HAS BEEN ACHIEVED.  I

DON'T THINK IT EVER WILL BE ACHIEVED.  I THINK THAT

THIS IS JUST MR. LOPEZ'S LITIGATION TACTIC; HALT,

HINDER AND DELAY AND MAYBE I'LL HAVE TO ANSWER

SOMEDAY.

THE EVIDENTIARY SANCTIONS THAT WE'VE REQUESTED, I

THINK, ARE APPROPRIATE.  AND THEY WILL FACILITATE THE

PURPOSE OF DISCOVERY, BECAUSE THEY NARROW THE ISSUES

FOR US, EVEN WITHOUT THE COOPERATION OF THE ALLEGED

DEBTOR.

SO WE WOULD REQUEST THAT THE EVIDENTIARY SANCTIONS BE

IMPOSED AS REQUESTED, AND THAT THE MONETARY SANCTION

BE AWARDED FORTHWITH, WITH A DATE CERTAIN ESTABLISHED

AS TO WHEN THAT SECTION SHOULD BE PAID.

THE COURT:     MR. HAYES.

MR. HAYES:     YOUR HONOR, THANK YOU.  I HAVE A COUPLE

OF COMMENTS.

THE FIRST ONE IS, I WANTED TO COMMENT ON THIS, THE

REQUEST I'VE MADE OF MR. KEEHN FOR ANOTHER ONE OR TWO

DAYS.  I'VE HAD -- MR. LOPEZ LIVES IN FLORIDA, AND I

HAVE A HARD TIME COMMUNICATING WITH HIM.  WE

COMMUNICATE BY E-MAIL AND I HAVE HIS CELL PHONE, AND

INEVITABLY, I CATCH HIM WHEN HE'S PICKING HIS KIDS UP

OR HE'S IN A STORE OR SOMETHING AND THERE'S THE

THREE-HOUR TIME GAP.

ANYWAY, I SPOKE TO HIM VERY BRIEFLY A COUPLE OF TIMES.

I SAID, LOOK, WE HAVE TO GET THEM MORE DOCUMENTS.

0281

6

THERE'S -- MR. KEEHN SENT ME THIS LETTER, WHAT ARE WE
GOING TO DO?  WE DISCUSSED IT REAL QUICKLY.  AND
FINALLY, THE TIME CAME WHERE HE ABSOLUTELY HAD TO FILE
A RESPONSE, AND THAT'S WHEN I SENT THE E-MAIL TO MR.
KEEHN SAYING, GIVE ME ANOTHER DAY OR TWO.
THE FOLLOWING DAY I SPOKE TO MR. LOPEZ AT GREAT
LENGTHS. AND WE WENT THROUGH THE LETTER ONE BY ONE.
AND I MEAN, THERE ISN'T ANYTHING ELSE WE CAN COME UP
WITH.  THERE ISN'T ANY OTHER DOCUMENTS EXCEPT THIS
ISSUE WITH THE WIFE.  THERE ISN'T ANY DOCUMENTS THAT
HAVEN'T BEEN TURNED OVER.  THERE ISN'T ANY, ANY MORE
EXPLANATION OR, OR, MORE DETAILS THAT WE COULD GIVE,
OTHER THAN REALLY REPEAT INFORMATION THAT'S ON
VARIOUS -- OF THE MANY STATEMENTS THAT HAVE BEEN
TURNED OVER I BELIEVE MANY TIMES BY NOW.
BUT, ADDRESSING THE MOTION, THE MOTION HAS TWO PARTS.
ONE IS GRANT THESE SANCTIONS, WHICH I, FRANKLY,
BELIEVE HAS ALWAYS BEEN THE GOAL.  AND THE SECOND IS
THESE EVIDENTIARY SANCTIONS.
AS FAR AS THE SANCTIONS, THE $4000. I JUST WANT TO SAY
AGAIN, I JUST DON'T THINK THERE'S ANY OTHER DOCUMENTS
THAT CAN BE TURNED OVER OTHER THAN MRS. LOPEZ'S
DOCUMENTS, THERE ARE NO OTHER DOCUMENTS THAT CAN BE
TURNED OVER THAT HAVEN'T ALREADY BEEN TURNED OVER.
I BROUGHT MR. LOPEZ'S FIRST DEPOSITION.  IT'S
240-SOMETHING PAGES.  THIS IS WELL MORE THAN A YEAR
AGO.  THE REST OF THESE PAPERS ARE EXHIBITS.  EVERY

0282
7

STATEMENT OF EVERY ONE OF HIS BILLS OF THE TWENTY OR SO CREDITORS ARE ALL CONSUMER DEBTS. THIS IS WELL MORE THAN A YEAR OLD.

MR. KEEHN HAS SENT OUT SEVERAL SUBPOENAS. I'M ACTUALLY NOT SURE WHAT HE'S GOTTEN FROM THOSE. WE PROVIDED MORE DOCUMENTS TWICE IN THIS GO AROUND. IF MR. KEEHN REALLY WANTED TO GET MOVING WITH THIS, JUST TAKE THE DEPOSITION AGAIN. HE'S BEEN TELLING ME HE'S GOING TO TAKE THIS DEPOSITION. HE SOMEHOW CAN'T BECAUSE HE REALLY -- THERE'S SOME MAGICAL PIECE OF PAPER THAT I'M NOT CLEAR ABOUT THAT HE HASN'T GOTTEN YET; AND THEREFORE, HE CAN'T GO FORWARD. THAT'S JUST RIDICULOUS.

WITH RESPECT TO THE DOCUMENTS IN MRS. LOPEZ'S POSSESSION, I'VE ACTUALLY NEVER MET MRS. LOPEZ. BUT I MEAN, MY WIFE HAS A CHECKING ACCOUNT AND SHE CARRIES THE CHECKBOOK AROUND IN HER PURSE. AND I'D BE LOOKING FOR A DIVORCE ATTORNEY IF I WENT INTO HER PURSE AND FOUND HER CHECKBOOK AND STARTED SENDING OFF INFORMATION SOMEBODY HAPPENED TO BE SUING ME.

THE COURT:    SO YOU'RE CONTENDING THIS IS ALL SEPARATE PROPERTY, AND HE HAS NO INTEREST WHATSOEVER IN THE FUNDS THAT SHE ADMINISTERS OR THE DEBT SHE'S INCURRED WHETHER IT'S A LEHMAN BROTHERS, OR THE MORTGAGE ON THE HOUSE OR ANY OF THOSE KINDS OF THINGS?

MR. HAYES:    I DON'T KNOW IF I'D GET INTO WHETHER IT'S COMMUNITY PROPERTY OR NOT. BUT IF THEY WANT, I

MEAN, THEY CAN GO AFTER HER.   THEY CAN SUBPOENA HER OR

THEY CAN COME IN WITH SOME SORT OF EVIDENCE OF WHY

THEY HAVE THE RIGHT TO MAKE MR. LOPEZ --

THE COURT:    SO WHAT'S YOUR THEORY, WHAT'S YOUR

THEORY ON WHY SHE DOESN'T HAVE TO PROVIDE AN ANSWER

WITH RESPECT TO WHAT SHE HAS OR HOLDS OR PAYS,

PARTICULARLY, IF HE'S GOT SOME OBLIGATION OR LIABILITY

ON IT?

MR. HAYES.  THEY HAVEN'T ASKED HER.  THEY'RE ASKING

HIM.

THE COURT:    NO.  THAT'S NOT MY QUESTION.  MY

QUESTION IS, WHAT'S YOUR THEORY FOR WHY HE DOESN'T

HAVE TO ANSWER THAT QUESTION?

MR. HAYES:    THAT'S HER RIGHT TO PRIVACY.

THE COURT:    SO IT'S HER RIGHT TO PRIVACY, BECAUSE

IT'S SOME SEPARATE INTEREST OF HERS OR WHAT?

WHERE DOES SHE HAVE A RIGHT TO PRIVACY ON SOMETHING

THAT YOU SAY YOU DON'T GET TO THE COMMUNITY PROPERTY

QUESTION.  I MEAN, HE'S GOT A COMMUNITY PROPERTY

INTEREST IN IT, IF HE'S GOT A STATE STATUTORY RIGHT TO

CO-MANAGEMENT OF COMMUNITY ASSETS OR ANYTHING ELSE

THAT I HAVE NO IDEA WHAT FLORIDA LAW PROVIDES.

I'M ASKING YOU WHAT YOUR THEORY IS FOR WHY HE DOESN'T

HAVE TO ANSWER IT?

MR. HAYES:    WELL, FOR ONE THING, FLORIDA IS NOT

COMMUNITY PROPERTY.  AND I DON'T KNOW HOW FLORIDA LAW

IS.  BUT WHAT I FOCUSED ON IS MR. LOPEZ, GO TO YOUR

0284

9

WIFE AND GET THESE DOCUMENTS.

THE COURT:    NO, POSSESSION -- YOU KNOW, WHAT DOES

HE HAVE IN HIS POSSESSION OR CONTROL?  WHAT DOES HE

HAVE?  HAS HE PRODUCED EVERYTHING THAT'S IN HIS

POSSESSION OR CONTROL WITH RESPECT TO THAT?

MR. HAYES:    OH, ABSOLUTELY.  BUT THAT'S --

THE COURT:    AND THAT'S INCLUDING AS TO HIS

LIABILITY WITH RESPECT TO IT?

MR. HAYES:    YES.  AS FAR AS I KNOW.  BUT THAT DOES

RAISE THE QUESTION OF DOES -- IS WHAT'S IN HIS WIFE'S

PURSE IN HIS POSSESSION OR CONTROL?  I MEAN, THAT'S

WHAT HE'S TELLING ME.  I CAN'T --

THE COURT:    NO.  YOUR ANSWER IS, HE HAS NO INTEREST

OR OBLIGATION IN THE LEHMAN BROTHERS OR THE MORTGAGE

OR WHATEVER IT IS, THEN WHY DON'T YOU AGREE TO THOSE

EVIDENTIARY SANCTIONS AS WELL?  YOU SAY HE'S TURNED

OVER EVERYTHING.

MR. HAYES:    WELL, EVERYTHING THAT'S IN HIS

POSSESSION OR HIS CONTROL WITHOUT GETTING DIVORCED;

YES.

THE COURT:    THEN THE ANSWER, IT SEEMS TO ME, IS

THAT YOU AGREE TO THE EVIDENTIARY SANCTIONS, SAID THAT

HE CANNOT PRODUCE ANYTHING HE HAS NOT ALREADY

PRODUCED, COME TIME OF TRIAL WITH RESPECT TO THE ISSUE

THAT WE'LL BE LITIGATING IN THIS PHASE 2 OF THIS

ISSUE.

MR. HAYES:    I MIGHT DO THAT.  I HADN'T THOUGHT OF

0285

10

IT, MYSELF.

I WAS FOCUSING ON THE MOTION, WHICH BASICALLY ASKED.

YOU TO GRANT SUMMARY JUDGMENT TODAY.  BUT I WOULD

AGREE WITH THE THEORY THAT THINGS -- HE SHOULDN'T BE

ABLE TO COME IN WITH SOMETHING AFTER THIS, OR HE

SHOULDN'T BE ABLE TO, "QUOTE," "UNQUOTE," FIND

SOMETHING, YOU KNOW, TWO DAYS BEFORE TRIAL.

AND I DO BELIEVE EVERYTHING'S BEEN TURNED OVER.

THE COURT:    WELL, THAT'S WHAT MR. KEEHN IS -- I

HAVE NO IDEA WHAT HIS STRATEGY IS, BUT THAT'S AT LEAST

WHAT HE'S ASKING FOR IN THE CONTEXT OF THIS MOTION,

BECAUSE HE WANTS TO BE ABLE TO CLOSE THE BOOK AND THEN

GO TAKE YOUR CLIENT'S DEPO KNOWING THAT YOUR CLIENT IS

NOW PRECLUDED FROM STEPPING UP AND SAYING OH, BUT

HERE'S THIS, AND HERE'S THIS AND HERE'S THAT; AND NOT

EVER HAVING HAD A CHANCE TO LOOK AT IT OR

INDEPENDENTLY VALIDATE IT FROM THIRD PARTIES OR ANY OF

THOSE KINDS OF THINGS.

YOU WOULDN'T WALK INTO A DEPO BLIND THAT WAY.  I'M

CONFIDENT OF THAT.

MR. HAYES:    NO.  YOU KNOW, WHAT I WAS FOCUSING ON

IS THE MOTION SAYS ELIMINATE ALL EVIDENCE ENTIRELY

REGARDING EACH ONE OF THESE CATEGORIES; NOT JUST

ELIMINATE -- NOT JUST HAVE AN EVIDENTIARY SANCTION

THAT WE CAN'T FIND, "QUOTE," "UNQUOTE," FIND MORE

DOCUMENTS.

I THINK I WOULD AGREE TO THAT.  WHATEVER DOCUMENTS

0286

/(

HAVEN'T BEEN TURNED OVER UP TO NOW, I WOULD AGREE TO
THAT.

THE COURT:    OKAY.

MR. HAYES:    I'M NOT SURE I -- YOU KNOW, HE JUST
FOUND A JOB AND HE DOESN'T HAVE $4,400.  AND I DON'T
KNOW WHAT ELSE I CAN SAY.

YOU SAID, YOU'RE NOT SURE WHAT MR. KEEHN'S STRATEGY
IS.  I MEAN, IF THEY REALLY WANTED THIS CASE TO BE
FINISHED, THEY WOULD HAVE TAKEN HIS DEPOSITION SIX OR
EIGHT MONTHS AGO.

THE COURT:    I WOULDN'T HAVE.  I WAS A LITIGATOR FOR
A BUNCH OF YEARS.  I'M NOT WALKING INTO A DEPOSITION
WHEN THERE'S A WHOLE BUNCH OF DOCUMENTS OUT THERE AND
HAVE THEM SURPRISE ME.

MR. HAYES:    WELL, I DON'T THINK THERE ARE.

THE COURT:    WELL --

MR. HAYES:    FOR MONTHS THERE HAVEN'T BEEN A WHOLE
BUNCH OF DOCUMENTS OUT THERE, BUT ALL RIGHT, I HAVE
NOTHING FURTHER.

THE COURT:    OKAY.  MR. KEEHN.

MR. KEEHN:    YES.  THANK YOU, YOUR HONOR.

IN ADDITION TO THE REASONS THAT YOU'VE ALLUDED TO AS
TO WHY YOU WOULDN'T TAKE THE DEPOSITION WITHOUT THE
DOCUMENTS, THERE WERE RESPONSES THAT MR. LOPEZ GAVE IN
HIS ORIGINAL DEPOSITION A YEAR AGO, NOW, THAT TO THE
EFFECT THAT, WELL THERE ARE MORE DOCUMENTS.  I JUST
HAVE TO LOOK AT THEM.  AND OBVIOUSLY THAT'S A DOOR WE

NEED TO CLOSE.  IF WE GET THE EVIDENTIARY SANCTIONS,

AS MR. HAYES SUGGESTED, WE'VE CLOSED THE DOOR.

AND I, IN TERMS OF THE -- IF HE'S AGREEING TO THE

SANCTIONS THEN I DON'T NEED TO ADDRESS HOW HELLACIOUS

THIS ARGUMENT OF MARITAL STRESS IS CONCERNED.  I DID

HAVE SOME DOCUMENTS THAT WERE RECENTLY FILED IN THE

DISTRICT COURT THAT BLOW THAT OUT OF THE WATER.  BUT

IF HE'S AGREEING TO IT, I WON'T ADDRESS IT.

AS FAR AS THE MONETARY SANCTION IS CONCERNED, YOUR

HONOR, THIS -- WE TRIED TO CLOSE THE DOOR IN A PROCESS

THAT BEGAN SEVEN MONTHS AGO.  I SHOULDN'T BE HERE

SEVEN MONTHS LATER CLOSING IT ON A CAPITULATION TO A

SECOND MOTION TO COMPEL THAT I SHOULDN'T HAVE HAD TO

FILE.

IF THERE REALLY ARE NO DOCUMENTS, THEN WHY IS THE

RESPONSE, WELL, THERE'S MORE THINGS I NEED TO CHECK

AND I CAN'T BE SURE.  IF THERE REALLY ARE NO

DOCUMENTS, THEN WHY WAS THAT ANSWER NOT GIVEN BACK IN

MAY?  WHY WAS IT NOT GIVEN BACK IN DECEMBER WHEN IT

WOULD HAVE BEEN TIMELY?  THERE'S NO EXPLANATION FOR

THAT.

THIS IS EXACTLY THE KIND OF GAMESMANSHIP THAT RULE ONE

OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ABHORS.

THE PURPOSE OF THE RULES, THEMSELVES, IS TO PROVIDE A

MECHANISM AND A FRAMEWORK FOR THE RAPID AND FAIR

RESOLUTION OF ISSUES.

NOW, ONE COMMENT, SORT OF, AT LEAST I INFERRED THE

ARGUMENT FROM THE FACT THAT WE HAVE TWO TO THREE
INCHES OF PAPER FROM THE ORIGINAL DEPOSITION. AND WHY
ARE WE STILL HERE A YEAR LATER?

IN ADDITION TO NOT HAVING THE DOCUMENTS PRODUCED, WE
ALSO HAVE THE POINT THAT THIS CASE WAS BIFURCATED AT
MR. LOPEZ'S REQUEST. THERE WERE MANY QUESTIONS THAT I
COULD EASILY HAVE ASKED THE FIRST GO AROUND THAT MIGHT
HAVE OBVIATED THE NEED FOR FURTHER DEPOSITION, OR AT
LEAST REDUCED IT. I COULDN'T BECAUSE OF THE
CONSTRAINTS PLACED BY THE BIFURCATION ORDER. AND I
TRIED TO ADHERE TO THAT ORDER. SO I HAVE TO TAKE HIS
DEPOSITION YET A SECOND TIME.

AND THEN ONE OF THE LAST REMARKS THAT COUNSEL MADE, I
THINK, UNDERSCORES THE NEED FOR THE SANCTIONS HAVING
BEEN IMPOSED BECAUSE IT HIGHLIGHTS THE GAMESMAN-LIKE
APPROACH THAT MR. LOPEZ HAS TAKEN. AND THAT, THAT
COMMENT WAS, HE JUST GOT A JOB.

WELL, IF BY THAT HE'S REPRESENTING TO THE COURT THAT
UP UNTIL THIS TIME HE'S BEEN UNEMPLOYED, I THINK THAT
EXACERBATES THE CULPABILITY OF MR. LOPEZ IN NOT TIMELY
RESPONDING. WHAT ELSE WAS HE DOING? WAS HE REALLY
SPENDING FORTY HOURS A WEEK LOOKING FOR A JOB?

IF HE WAS UNEMPLOYED, CERTAINLY HE WOULD HAVE HAD MORE
TIME AVAILABLE TO TEND TO HIS DUTIES AS A LITIGANT
THAN A FULLY-EMPLOYED INDIVIDUAL WOULD. AND EVEN A
FULLY-EMPLOYED INDIVIDUAL IS EXPECTED TO RESPOND AND
RESPOND TIMELY TO DISCOVERY OBLIGATIONS.

0289
14

AS I SAID IN THE BEGINNING, WE DON'T KNOW TODAY, AND
WE WON'T KNOW UNTIL THAT ORDER FOR RELIEF IS ENTERED
AND SCHEDULES ARE FILED, IF THAT EVER HAPPENS.  HOW
MUCH THIS ESTATE AND THE GENERAL UNSECURED CREDITORS
THAT BROUGHT THIS POSITION HAVE BEEN PREJUDICED BY
THIS DELAY AND THE INCURRING OF GAP CLAIMS?

I THINK THAT MESSAGE THE COURT SENT THE FIRST TIME TO
MR. LOPEZ WAS, I'LL GIVE YOU ANOTHER CHANCE.  I THINK
THE MESSAGE THAT THE COURT NEEDS TO SEND TO MR. LOPEZ
NOW IS, THIS ISN'T A GAME.  AND THERE AREN'T ANY MORE
CHANCES.  AND YOU DIDN'T PLAY BY THE RULES, AND SO THE
SHIELD THAT I PUT IN FRONT OF YOU BEFORE, IS NOW DOWN.
AND THESE SANCTIONS ARE DUE AND PAYABLE.

THE COURT:    WELL, IN MY VIEW, AT LEAST AT THIS
POINT IN TIME AND ON THE PRESENT STATE OF THE RECORD,
THE EVIDENTIARY SANCTIONS ARE WARRANTED, AND WILL BE
ORDERED IN THE FOLLOWING RESPECTS:

WITH RESPECT TO DEBTOR'S RESPONSE TO REQUEST FOR
ADMISSION NUMBER FIVE, THAT WILL BE, AND THE DEBTOR
HAS AGREED, THAT WILL BE AN UNQUALIFIED ADMISSION;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF
PAYMENTS FROM NOVION BETWEEN JANUARY 1 OF 2005 TO JULY
1 OF 2005;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF
PAYMENTS OF CASH RECEIVED FROM JANUARY 1, 2005 TO JULY
1, 2005;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF

PAYMENTS OF CASH RECEIVED BY HIS WIFE BETWEEN JANUARY
1, 2005 AND JULY 1 OF 2005.  AND I WILL ADD, AS TO
THESE PROHIBITIONS, THAT'S TO THE EXTENT NOT ALREADY
DISCLOSED TO THE MOVING CREDITORS, THE PETITIONING
CREDITORS.  IF IT'S BEEN DISCLOSED, THEN IT'S THERE.
THERE'S NO PRECLUSION OF USE OF THAT INFORMATION IF
IT'S BEEN PREVIOUSLY PROVIDED TO THE PETITIONING
CREDITORS, IN THE CONTEXT OF THE DISCOVERY OF THIS
CASE;

THE DEBTOR WILL BE PROHIBITED FROM PROVIDING ANY
EVIDENCE OF A DEBT IN FAVOR OF LEHMAN BROTHERS OR ANY
PAYMENT TO LEHMAN BROTHERS AS OF THE PETITION DATE
EXCEPT TO THE EXTENT AND SAME PROVISO, EXCEPT TO THE
EXTENT ALREADY DISCLOSED TO THE COUNSEL FOR
PETITIONING CREDITORS;

AND, DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE
OF DEBT IN FAVOR OF AMERICAN EXPRESS, BANK OF AMERICA,
BANK CARD, CINGULAR, CITI CARD, HOUSEHOLD BANK,
NORTHWEST FLORIDA DAILY NEWS, CITIBANK QUICKEN,
TEXACO, VERIZON, UNION BANK, OR MR. GORRILL OR ANY
PAYMENT TO ANY OF THEM AS OF THE PETITION DATE, EXCEPT
TO THE EXTENT ALREADY PROVIDED THE COUNSEL FOR
PETITIONING CREDITORS IN THE CONTEXT OF THE DISCOVERY
IN THIS MATTER.

AS TO THE MONETARY SANCTIONS, I AM, AGAIN, GOING TO
DEFER AWARDING THOSE.  BUT THEY REMAIN THE SORT OF
DAMOCLES OVER MR. LOPEZ.  BECAUSE I DON'T KNOW THE

0291

16

ANSWER TO SOME OF  MR. KEEHN'S SPECULATION AS TO

WHAT'S GOING ON.  MR. KEEHN IS CONVINCED THAT THIS IS

A GAME THAT MR. LOPEZ IS PLAYING.  I'M NOT YET

CONVINCED OF THAT.

SO EVENTUALLY WE WILL GET TO THE ANSWER ONE WAY OR THE

OTHER.  AND ONCE I KNOW THE ANSWER, I'LL APPLY THEM,

IF I DEEM THAT'S APPROPRIATE AT THE TIME.  BUT THE

EVIDENTIARY SANCTIONS AT THIS POINT IN TIME ARE

WARRANTED.  I'LL SIGN AN ORDER TO THAT EFFECT.

MR. KEEHN:    THANK YOU, YOUR HONOR.

THE COURT:    OKAY.  NOW, WE HAVE A STATUS

CONFERENCE.  TIMING.

ARE YOU, NOW, LOOKING AT THE DEPOSITION, MR. KEEHN?

MR. KEEHN:    I AM.  AND CONSISTENT WITH THE LOCAL

RULES, I NEED TO CONFER WITH COUNSEL AS TO AVAILABLE

DATES.

MR. HAYES:    I HAVE TO BE BACK HERE JULY 31ST.

THAT'S A LITTLE QUICK, BUT I'M GOING TO BE HERE

ANYWAY.

THE COURT:    JULY 31ST?  THAT'S A TUESDAY.

MR. KEEHN:    YES.

THE COURT:    WHAT TIME IS YOUR HEARING ON THE 31ST?

MR. HAYES:    AT 10:00.  IT'S A SUMMARY JUDGMENT

MOTION, SO IT COULD BE IN THE AFTERNOON; SUMMARY

JUDGMENT MOTION THAT HASN'T BEEN FILED.

THE COURT:    WE COULD DO 2:00 P.M. ON THE 31ST.

DOES THAT WORK?

0292

17

MR.KEEHN:      IT'S CLEAR ON MY CALENDAR, YOUR HONOR.

MR. HAYES:      2:00?

THE COURT:      OKAY.  AND WE'LL DO THAT AS A FURTHER
STATUS CONFERENCE.  BUT IN THE MEANTIME, I ASSUME THE
TWO OF YOU WILL MEET AND CONFER ON A DEPOSITION DATE.
AND THEN ONCE THE DEPOSITION IS CONCLUDED, I ASSUME
MR. KEEHN, YOU'RE PLANNING A MOTION?

MR. KEEHN:      I AM.

THE COURT:      JUST SO MR. HAYES SEES WHAT'S COMING
AND THEN WE'LL -- ONCE THAT MOTION'S DECIDED, WE'LL
KNOW WHERE WE GO NEXT, IF ANYWHERE.

MR. HAYES:      GREAT.

MR. KEEHN:      THANK YOU, YOUR HONOR.

MR. HAYES:      THANK YOU, YOUR HONOR.

THE COURT:      ALL RIGHT.  WE'LL BE IN RECESS.




STATE OF CALIFORNIA

0293

18

COUNTY OF SAN DIEGO

      I, LYNETTE ALVES, OFFICIAL REPORTER, DO
HEREBY CERTIFY:

      THAT I REPORTED IN SHORTHAND THE PROCEEDINGS
HELD IN THE FOREGOING CAUSE ON THE 25TH DAY OF JUNE,
2007; THAT MY NOTES WERE LATER TRANSCRIBED INTO
TYPEWRITING UNDER MY DIRECTION; AND, THAT THE
FOREGOING TRANSCRIPT CONTAINS A CORRECT STATEMENT OF
THE PROCEEDINGS.


      DATED THIS _____ DAY OF _____,
2007.


_____

    LYNETTE ALVES, CSR #12534, RPR #61256

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

## UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

In Re:

FRANCIS J. LOPEZ,

        Alleged Debtor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 05-05926-PBINV

**DECLARATION OF TIMOTHY P. DILLON**

**[BIFURCATED PHASE II]**

Date: October 1, 2007 (Status Conference)
Time: 10:30 a.m.
Judge: The Honorable Peter W. Bowie
Ctrm: 4

I, TIMOTHY P. DILLON, declare as follows:

1.     I am an attorney duly admitted to practice before the Courts of this State. I am a shareholder of the law firm of Dillon & Gerardi, APC, counsel for Petitioning Creditor Alan Stanly ("Stanly") in certain cases involving the alleged debtor herein, Francis J. Lopez ("Lopez"), which were and/or are pending before the San Diego Superior Court and the United States District Court for the Southern District of California (the "Additional Lopez Cases"). In connection with the Additional Lopez Cases, I am the *shareholder in charge* of the engagement of the firm on behalf of Stanly, and the attorney within the firm who is most knowledgeable with respect to all aspects of the Additional Lopez Cases. I make this Declaration based upon facts within my

- 1 -

111575/LFK/5311.01

0295

1 | firsthand knowledge acquired in the course of conducting litigation against Lopez in the

2 | Additional Lopez Cases.

3 |     2.       The delay and bad-faith litigation tactics employed by Lopez and his counsel

4 | throughout the Additional Lopez Cases are summarized below.

5 | *Union Bank of California v. Francis J. Lopez, et. al.*

6 | **San Diego Superior Court(Case No.: GIN 030827)**

7 | **Case Summary (06/2003 - 09/2004):**

8 |     3.       In or about June of 2003, Union Bank of California initiated a litigation against

9 | both Lopez and Stanly as guarantors of a loan which their corporation, Prism, had defaulted on.

10 | Both Lopez and Stanly filed cross-claims against each other for contribution and indemnity.

11 | Lopez and Stanly eventually settled with Union Bank. Stanly prevailed on a motion for good faith

12 | settlement and obtained a dismissal of Lopez's cross-claims. At time of trial, the sole issues left in

13 | the case were Stanly's claims against Lopez for indemnity and contribution. Trial in the Union

14 | Bank matter was continued several times due to Lopez's dilatory conduct, as more fully set forth

15 | below. When the Court finally held trial, neither Lopez nor his counsel appeared. Trial proceeded

16 | without Lopez.

17 | **Summary of Dilatory / Bad Faith Tactics:**

18 |     4.       On March 9, 2004, Lopez requested a trial continuance due to the "illness of his

19 | wife's aunt." Based on that request, the parties ultimately stipulated to continue the trial for four

20 | months — until July 9, 2004.

21 |     5.       On July 2, 2004 — the date of the trial readiness conference — Lopez's attorney,

22 | Joseph Fischbach ("Fischbach"), faxed a "Declaration re: Non-Readiness for Trial" to my office.

23 | A true and correct copy of that Declaration is attached hereto as Exhibit 1 to the "Compendium of

24 | Exhibits in Support of Renewed Request for an Enforcement Order Imposing Monetary Sanctions

25 | Against Alleged Debtor Francis J. Lopez" (hereinafter referred to as the "Exhibits Compendium")

26 | filed concurrently herewith. In his Declaration, Fischbach stated that he would be unable to

27 | appear for trial because he had scheduled another trial for July 7, 2004. This was the first time

28 | Fischbach had ever indicated that he would be unable to attend trial. He did not personally appear

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 280-2797 · FACSIMILE (619) 498-2201

111575/LFK/5311.01

0296

1  at the trial readiness conference.  Instead, Fischbach sent an *appearance counsel* to the trial

2  readiness conference who was not affiliated with Fischbach's law firm, and was unfamiliar with

3  the case.  Because a "Declaration for Non-Readiness for Trial" is not a proper method of obtaining

4  a trial continuance, and Lopez did not properly apply for a continuance of trial, the Court had no

5  legal basis on which to order a continuance.   The Court then confirmed that trial call would

6  remain set for July 9, 2004.

7          6.       On July 9, 2004, Lopez and his counsel failed to appear for trial, and the trial court

8  issued an Order to Show Cause as to why sanctions should not be issued against them.  A true and

9  correct copy of the Order is attached as Exhibit 2 to the Exhibits Compendium.

10         7.       On July 16, 2004, Fischbach appeared before the Court and confirmed that he was

11  in trial on another matter on the dates set for trial in *Union Bank of California v. Francis J. Lopez,*

12  *et. al.* and stated that his failure to appear at the scheduled trial date was due to a mix-up with

13  co-counsel.  No declaration of co-counsel was ever provided to corroborate the existence of the

14  mix-up or how it came to be.  Additionally, Lopez provided declarations to the Court from himself

15  and his physician stating Lopez was suffering from "diverticulitis" and was too ill to participate in

16  a trial.  A true and correct copy of the Declarations is attached as Exhibit 3 to the Exhibits

17  Compendium.  This was the first time the Court had been advised of Lopez's purported

18  diverticulitis.  Stanly was aware that Lopez could easily induce the aggravating symptoms of his

19  condition by eating popcorn.  The Court continued the trial for approximately 60 days — until

20  September 10, 2004.

21         8.       On September 9, 2004 — one day before the twice-continued trial was set to begin

22  — Lopez applied *ex parte* for a third trial continuance.  A true and correct copy of the Ex Parte

23  Application is attached as Exhibit 4 to the Exhibits Compendium.  Lopez claimed he was still

24  suffering from diverticulitis, and that the medication he took for it made him "groggy."[1]  Lopez

25  further stated that he could not appear for trial due to scheduled colonoscopy and endoscopy

26

27
_____
28      [1]  See, Exhibits Compendium Tab 4.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

111575/LFK/5311.01

0297

1 │ procedures.[2] The evidence in support of Lopez's application was defective in that the declarations

2 │ were not signed under penalty of perjury under the laws of the State of California. The Court

3 │ ordered the application continued until September 10, 2004, and the Court's minute order

4 │ provided precise instructions to Lopez as to how to provide a competent declaration. A true and

5 │ correct copy of that Order is attached as Exhibit 5 to the Exhibits Compendium.

6 │         9.     On September 10, 2004, Stanly appeared with a proposal for the commencement of

7 │ trial. Lopez appeared through *appearance counsel* who was not affiliated with Fischbach's law

8 │ firm, and was unfamiliar with the status of the case. Despite the Court's specific instruction, no

9 │ competent declaration was provided to support Lopez's request for a third trial continuance.

10 │ Based on that, the Court denied his request.

11 │         10.    Trial proceeded on September 14, 2004, wherein Stanly obtained a judgment

12 │ against Lopez for $50,000.

13 │ *Francis Lopez v. Alan Stanly*

14 │ **San Diego Superior Court (Case No.: GIN029692)**

15 │ <u>Case Summary (05/2003 - 06/2005):</u>

16 │         11.    This case has been stayed by the involuntary bankruptcy petition filed herein.

17 │ Lopez initially sued Stanly for breach of fiduciary duty, trespassing, conversion and invasion of

18 │ privacy. All but the invasion of privacy claims were dismissed via a motion for summary

19 │ adjudication. Stanly counter-claimed on a variety of claims, including breach of fiduciary duty,

20 │ unfair competition and misappropriation of trade secrets. Stanly obtained many discovery

21 │ sanctions against Lopez for his discovery violations. Because of the involuntary bankruptcy

22 │ petition, the Court did not issue monetary sanctions against Lopez. However, prior to the filing of

23 │ the bankruptcy petition, a discovery referee recommended the issuance of several thousand dollars

24 │ of discovery sanctions against Lopez, and $5,198.75 of discovery sanctions were issued against

25 │ Lopez's counsel and co-Plaintiff. The Court also issued evidentiary sanctions against Lopez.

26 │ ///

27 │

28 │

KEEHN & ASSOCIATES, APC<br>ATTORNEYS AND COUNSELORS AT LAW<br>402 WEST BROADWAY, SUITE 1210<br>SAN DIEGO, CALIFORNIA 92101<br>TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

    [2]    *Id.*

111575/LFK/5311.01

0298

**Summary of Dilatory / Bad Faith Tactics:**

12.     Without justification or excuse, Lopez failed to provide any response to Stanly's First Set of written discovery propounded on him on December 31, 2003. Stanly filed a motion to compel discovery responses. During the extended meet and confer process, the parties worked out a resolution whereby Lopez paid Stanly $600 in sanctions and provided Stanly with discovery responses. In exchange, Stanly took the motion off calendar.

13.     On July 28, 2004, Stanly propounded a Second Set of written discovery consisting of interrogatories, requests for admission and requests for production on Martin Hudacko ("Hudacko") and Lopez. On September 2, 2004, Hudacko and Lopez provided responses consisting solely of identical boilerplate objections, without a single substantive response. After a meet and confer process, Lopez provided some substantive responses, however, these responses were still woefully inadequate. In addition, Lopez sought a protective order as to certain discovery (based on trade secret protection) and others he claimed he had already answered appropriately.

14.     In November of 2004, Lopez moved to appoint a discovery referee. Stanly agreed, and Judge Sarokin was appointed as discovery referee based on the parties' stipulation.

15.     On January 7, 2005, Stanly submitted to Judge Sarokin a motion to compel the discovery responses of Hudacko and Lopez. On February 18, 2005, Stanly's motion was granted, and Judge Sarokin ordered Lopez to respond to the written discovery requests and produce response documents. The 02/18/2005 ruling of Judge Sarokin was entered as an order of the trial court.

16.     On March 4, 2005 (the ordered production date), Lopez failed, without justification or excuse, to comply with Judge Sarokin's 02/18/2005 Order by failing to provide any responsive documents to Stanly's requests for production of documents. Stanly made several requests to Judge Sarokin for an additional Order requiring Lopez to produce documents, and for the imposition of sanctions against Lopez. On March 24, 2005, Judge Sarokin issued another Order requiring Lopez to produce all responsive documents on or before March 18, 2005.

17.     On April 1, 2005, after persistent requests from Stanly's attorneys, and two Orders

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2300 · FACSIMILE (619) 400-2201

111575/LFK/5311.01

0299

1   from Judge Sarokin, Lopez finally produced approximately 50 pages of additional materials via

2   email. Although Lopez provided some documents, he still failed, without justification or excuse,

3   to provide a video tape and several documents specifically referred to in his discovery responses.

4   Further, Lopez failed to provide audio recordings and a CD ROM purportedly in his possession.

5       18.     On April 15, 2005, Stanly filed another motion to compel and request for monetary

6   sanctions against Lopez, requesting, amongst other documents, that the audio recordings be

7   produced. On April 28, 2005, Judge Sarokin granted Stanly's motion and demanded Lopez

8   produce all responsive documents, including the audio recordings and the CD ROM.

9       19.     After Judge Sarokin issued the 04/28/2005 Order, Lopez produced some audio

10  recordings, but failed, without justification or excuse, to produce any of the other documents he

11  had been ordered to produce.

12      20.     After several repeated requests for production of the missing documentation, Stanly

13  brought another motion to compel before Judge Sarokin. On June 24, 2005, Judge Sarokin

14  granted the motion, and issued evidentiary and monetary sanctions against Lopez in the amount of

15  $2,000. A true and correct copy of that Order is attached as Exhibit 6 to the Exhibits

16  Compendium.

17      21.     On March 8, 2005, Lopez failed, without justification or excuse, to appear for the

18  deposition of Stanly that Lopez had noticed for that day, causing Stanly and his counsel great

19  expense and inconvenience.

20      22.     Without justification or excuse, Lopez repeatedly served deposition subpoenas on

21  third parties without providing notice of the Subpoenas to Stanly in an effort to secretly obtain

22  discovery without Stanly's knowledge. Stanly was only made aware of Lopez' failure to provide

23  notice of third party depositions after certain witnesses informed Stanly of the subpoenas. Judge

24  Sarokin issued evidentiary sanctions against Lopez for this conduct in his 06/24/2005 Report.[3]

25      23.     Pursuant to the terms of a protective Order issued by Judge Sarokin, and adopted

26  by the trial court, all parties were ordered to provide declarations detailing their use of corporate

27

28

———————————————

[3]      See, Exhibits Compendium Tab 6.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2210 · FACSIMILE (619) 400-2201

111575/LFK/5311.01

0300

1  funds for personal expenses. While Stanly complied with this request, Lopez did not. Lopez's

2  declaration failed, without justification or excuse, to describe his use of corporate funds with any

3  particularity. Stanly was forced to bring another motion before Judge Sarokin, requesting that

4  supplemental declarations be ordered. In his 06/24/2005 Report, Judge Sarokin granted Stanly's

5  motion and Ordered supplemental declarations be produced.[4]

6      24.     Lopez refused to stipulate to limit his emotional distress claims pursuant to

7  California Code of Civil Procedure §2032, despite Stanly's repeated requests and Lopez's

8  representations that he would enter into a stipulation. Accordingly, Stanly moved for an Order

9  requiring a medical examination of Lopez. Judge Sarokin issued sanctions against Lopez and his

10  counsel in the amount of $2,948.75 for their failure to initially stipulate. This ruling is contained

11  in Judge Sarokin's 06/24/2005 Report.[5]

12      25.     On October 22, 2004, Stanly served Lopez with a request for a Statement of

13  Damages. Lopez never provided it, despite multiple follow-up requests. Judge Sarokin ordered

14  the Statement served, and Lopez failed to comply with that Order, insisting that the Statement had

15  already been served on Stanly. Judge Sarokin issued monetary sanctions in the amount of $1,245

16  against Lopez for his failure to comply with his Order. This ruling was also contained in Judge

17  Sarokin's 06/24/2005 Report.[6]

18          *Enterprise Technology Holdings v. Noveon Systems, Inc. et al.*

19  **United States District Court for the Southern District of California (Case No.: 05-cv-2236)**

20  <u>Case Summary (12/2005 - Present):</u>

21      26.     Stanly is the President of Enterprise Technology Holdings, Inc. ("ETH") which

22  filed this action against Noveon Systems, Inc., a company whose common stock is all owned by

23  Mrs. Lopez. ETH successfully obtained a preliminary injunction against Noveon, enjoining

24  Noveon, and all those acting in concert with Noveon, from utilizing, selling, licensing or

25

26      [4]    See, Exhibits Compendium Tab 6.

27      [5]    See, Exhibits Compendium Tab 6.

28      [6]    See, Exhibits Compendium Tab 6.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

111575/LFK/5311.01

**0301**

1  marketing Prism's software (the company formerly owned by Stanly and Lopez). Thereafter,

2  without any proffered justification or excuse, Noveon simply stopped participating in the

3  litigation. Noveon's counsel admitted his client was not participating in the litigation and, as a

4  result, Noveon's counsel withdrew from the case on January 17, 2007. It appears Lopez decided

5  to stop doing business as Noveon, and let the company take the fall in the case. Lopez left the

6  company with no money, no assets and no appointed officers or elected directors.

7        Although all of the Noveon stock is in his wife's name, Lopez was the company's founder

8  and the person who had managed all the day-to-day operations. The last remaining issue in this

9  case is whether Lopez's wife is an alter-ego of Noveon and thus liable for the company's debts.

10  **Summary of Dilatory / Bad Faith Tactics:**

11        27.    In October of 2006, ETH propounded written discovery on Noveon. Noveon failed

12  and refused to respond to the discovery requests even after multiple meet and confer attempts, and

13  two telephonic conferences with Magistrate Judge Catherine Bencivengo.

14        28.    ETH filed a motion for monetary, issue, evidentiary and terminating sanctions

15  against Noveon based on its failure to provide any discovery responses. Noveon failed to oppose

16  the motion. On December 8, 2007, Judge Bencivengo granted ETH's motion and ultimately

17  issued evidentiary, issue and terminating sanctions.

18        29.    On August 16, 2007, the Court granted ETH's motion for a default judgment

19  against Noveon. A true and correct copy of that Order is attached as Exhibit 7 to the Exhibits

20  Compendium.

21                    **LOPEZ'S ALLEGATIONS OF UNFAIR BIAS**

22        30.    Lopez's apparent *modus operandi* in the Additional Lopez Cases was to allege

23  unfair bias against the judicial officers who issued sanctions or adverse rulings against him.

24        31.    In *Union Bank of California v. Francis J. Lopez, et. al.*, Lopez responded to Judge

25  Sarokin's adverse rulings (described above) by failing to pay his portion of Judge Sarokin's

26  referee fees, and filing a motion to disqualify him based on alleged bias. Based on Lopez's

27  allegations, Judge Sarokin resigned rather than respond to the motion. Lopez also alleged that

28  Judge Jacqueline Stern was biased against him. He filed a complaint against Judge Stern with the

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

1 | judicial counsel, and unsuccessfully moved to disqualify her.

2 |      32.    Likewise, in *Francis Lopez v. Alan Stanly*, Lopez responded to Judge Michael

3 | Orfield's adverse rulings by alleging he was unfairly biased against him, and moving for

4 | disqualification. Judge Orfield voluntarily recused himself, and the case was referred to Judge

5 | Thomas Nugent.

6 | **FEES INCURRED FOR PREPARING SUMMARIES RE: LOPEZ'S MISCONDUCT**

7 |      33.    The summaries of the Additional Lopez Cases discussed herein were specifically

8 | prepared for Stanly's bankruptcy counsel (Keehn & Associates, APC) by my office in support of

9 | Stanly's renewed request for monetary sanctions against Lopez in the above-entitled bankruptcy

10 | case. My office spent a total of 6.25 hours compiling the summaries, reviewing past documents,

11 | reviewing old case files and finalizing this declaration. Stanly was billed $1,018.75 for actual

12 | legal fees incurred, as set forth below:

13 |      Attorney Timothy P. Dillon: 1.25 hour ($215 per hour)

14 |      Attorney Sunjina Kaur Ahuja: 5.0 hours ($150 per hour)

15 |      I declare under penalty of perjury under the law of the United States that the foregoing is

16 | true and correct, and that this Declaration was executed on this 26th day of September, 2007, at

17 | San Diego, California.

18 |

19 |                    TIMOTHY P. DILLON

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

111575/LFK/5311.01

0303

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8              UNITED STATES BANKRUPTCY COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 In Re:                          )  Case No.  05-05926-PBINV
                                    )
12      FRANCIS J. LOPEZ,           )  **COMPENDIUM OF EXHIBITS IN**
                                    )  **SUPPORT OF RENEWED REQUEST FOR**
13                Alleged Debtor.   )  **AN ENFORCEMENT ORDER IMPOSING**
                                    )  **MONETARY SANCTIONS AGAINST**
14                                  )  **ALLEGED DEBTOR FRANCIS J. LOPEZ**
                                    )
15                                  )  **[BIFURCATED PHASE II]**
                                    )
16                                  )  Date:   October 1, 2007 (Status Conference)
                                    )  Time:   10:30 a.m.
17                                  )  Judge: The Honorable Peter W. Bowie
                                    )  Ctrm:  4
18                                  )
                                    )
19 _____ )

20

21 TO:    THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY

22        JUDGE:

23        Petitioning Creditors respectfully submit the following Compendium of Exhibits in support

24 of their renewed request for an enforcement order imposing monetary sanctions against alleged

25 debtor Francis J. Lopez.

26 / / /

27 / / /

28 / / /

*(left margin vertical text)* KEEHN & ASSOCIATES, APC / ATTORNEYS AND COUNSELORS AT LAW / 402 WEST BROADWAY, SUITE 1210 / SAN DIEGO, CALIFORNIA 92101 / TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0 3 0 4

111568/LFK/5311.01

| EXHIBIT NUMBER | DESCRIPTION |
|---|---|
| 1 | Declaration re: Non-Readiness for Trial; Request for Continuance Based Thereupon (dated July 1, 2004). |
| 2 | Minute Order (dated July 9, 2004). |
| 3 | Declarations of Joseph Fischbach, Francis Lopez, Mark Bohn, Kevin Klein, and Dr. Abelly re OSC (service date: July 14, 2004). |
| 4 | Ex Parte Application to Continue Trial Date; Memorandum of Points and Authorities; Supporting Declarations (dated September 7, 2004). |
| 5 | Minute Order (dated September 9, 2004). |
| 6 | Notice of Ruling (dated September 1, 2005) |
| 7 | Order (1) Striking Defendant Noveon Systems Inc.'s Answer and Counterclaims and (2) Entering Default Judgment Against Defendant Noveon Systems Inc. (dated April 11, 2007) |

Dated: September 25, 2007

KEEHN & ASSOCIATES
A Professional Corporation


By:    //s// L. Scott Keehn
L. Scott Keehn
Attorneys for **Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0305

- 2 -

111568/LFK/5311.01

# EXHIBIT 1

0306

1  JOSEPH S. FISCHBACH, ESQ. - SBN 70830
   FISCHBACH & FISCHBACH
2  A Law Corporation
   9595 Wilshire Blvd., Suite 410
3  Beverly Hills, California 90212
   Telephone:  (310) 278-4015
4  Facsimile:   (310) 278-2894

5

6  Attorneys for Francis Lopez

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO

10

11 UNION BANK OF CALIFORNIA, N.A., a   ) CASE NO. GIN 030827
   National Banking Association        )
12                                      ) DECLARATION RE: NON READINESS
                    Plaintiff,          ) FOR  TRIAL;  REQUEST  FOR
13                                      ) CONTINUANCE BASED THEREUPON
   vs.                                  )
14                                      )
                                        ) TRIAL READINESS CONFERENCE
15 FRANCIS  J. LOPEZ, ALAN STANLY and  )
   DOES I through DOES IV, inclusive    ) DATE:      July 2, 2004
16                                      )
                    Defendants.         ) TIME:      10:50 a.m.
17                                      )
                                        ) PLACE:     Dept. 27
18                                     _)
                                        ) Trial Date:  July 12, 2004
19 AND RELATED CROSS-ACTION             )
                                        )
20 _____ )

21

22

23

24

25

26

27

28

V:\Lopez\union bank\Law and Motion\Trial Readiness.wpd                    DECLARATION RE: TRIAL
                                              1                           READINESS
                                                                          0307

# DECLARATION OF JOSEPH FISCHBACH

I, Joseph S. Fischbach, say and declare as follows:

1.     That I am an attorney at law, duly licensed to practice in the State of California, and I am the attorney for Plaintiff's and Cross defendant's herein and as such, make this declaration from facts within my personal knowledge and if called upon to testify could so competently testify thereto.

2.     That as the Court file will reflect, this Court initially refused to consider an opposition to the motion to confirm good faith settlement. That resulted in the filing of a petition for writ of mandate, and a complaint to the Commission on Judicial Performance, and later in the filing of a statement of disqualification for apparent bias against this Court.

3.     In addition to which there was an Ex Parte application filed for an order shortening time to transfer the matter to Department 28, which was denied. The statement of disqualification was originally filed on – blank, but had the wrong caption and was later re-filed on blank. Pursuant to Code of Civil Procedure sections 170.1 and 170.3, the filing of the statement of disqualification divested the trial court of jurisdiction to proceed. I therefore stopped working on this matter. I was informed of the Court's extended vacation in June and that the Court would not return until approximately July 1st. We therefore tried to serve the statement upon the trial court on June 30th. The attorney service informed us that the Court was dark on June 30th in the afternoon, so we called the department in the morning on July 1st and were informed that an order was signed on Monday striking the Statement. We have not received formal notice, nor a copy, in the mail. Therefore we are not prepared to proceed with a trial readiness conference.

4.     We believe that under the Code of Civil Procedure Section 170(4), the Court may not strike the statement of disqualification since it clearly states grounds under Code of Civil Procedure Section 170.1 (5)(c) "a person aware of the facts might

1    reasonably entertain a doubt that the judge would be able to be impartial." My client

2    has filed a complaint with the Commission on Judicial Performance contending that the

3    trial court abdicated its judicial responsibility to do justice between the parties by failing

4    to read the opposition to the motion to confirm good faith settlement merely because it

5    arrived on the morning after it was due. No reasonable person could assume that the

6    filing of a complaint with the Commission on Judicial Performance would not prejudice

7    the trial court. Therefore my client has instructed me to file another petition for writ of

8    mandate concerning the Court's striking of the statement of disqualification under Code

9    of Civil Procedure Section 170.4 I have not yet even seen the minute order. We are

10   attempting to locate the minute order and I can be more specific at that time.

11       5.    I respectfully request a 60 day continuance of this conference. Indeed,

12   am surprised that Mr. Stanly is not going to take the 5th amendment rather than testify

13   because of his recent arrest on felony invasion of privacy charges stemming from his

14   working relationship at Prism. He has asked and received a vacation of the currently

15   pending trial date in Lopez v. Stanly in Department 28, and this matter is inextricably

16   intertwined, as reflected in the Ex Parte. If the court denies the continuance of this

17   conference for 60 days, than I would respectfully request that the Court take judicial

18   notice of the Declaration of Francis Lopez submitted in opposition to the motion for good

19   faith settlement and deem that to be our statement of facts for purposes of the trial, and

20   that the Court use the exhibits attached thereto as our Exhibits for trial.

21       6.    I am currently scheduled to begin a jury trial in Department WE "O", Santa

22   Monica, on July 7th have every reason to believe that the trial will in fact go forward.

23       7.    That I did not receive the proposed joint statement from Mr. Dillon until

24   9:09 a.m. on July 1st. That I was in a final status conference in Department 16 of the Los

25   Angeles Superior Court at that time and did not return to my office until approximately

26   12:15 p.m., I dropped everything I was doing to attend to the report, and faxed back to

27   Mr. Dillon. A true and correct copy of my response is attached hereto as Exhibit One.

28

0309

JUL 01 2004 3:08PM    HP LASERJET 1200

1    I declare under the penalty of perjury that the foregoing is true and correct.

2    Executed July 1, 2004 at Beverly Hills, California.

3

4

5                                                        JOSEPH S. FISCHBACH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0310

DECLARATION RE: TRIAL
READINESS

P. 5                                    JUL. 01. 2004 3:09PM    HP LASERJET 1200

# EXHIBIT 2

0311

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CALENDAR NO. 6

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | COURT USE ONLY |
|--------|----------------|--------------|--------------|------|----------------|
| GIN030827 | 06/26/03 | 07/09/04 | 08:30AM | 27 | F    D |

Clerk of the Superior Court

JUL 0 9 2004

By: P. GARCIA, Deputy

| JUDGE/COMMISSIONER | CLERK |
|--------------------|-------|
| HON.  JACQUELINE M. STERN | PHYLLIS GARCIA |

| REPORTER  Not reported | CSR # |
|------------------------|-------|
| P.O.BOX 120128, SAN DIEGO, CA 92112-0128 | |

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT |
|----------------------|----------------------|
| UNION BANK OF CALIFORNIA N A | FRANCIS J LOPEZ ,et al. |

The above matter came on for hearing with the below appearances for:

TRIAL

| ATTORNEY OF RECORD | PHONE | APPEARANCE BY |
|--------------------|-------|---------------|
| JEFFREY ISSACS (P) | 619-238-1900 | - Dismissed - |
| TIMOTHY P. DILLON (D) | 858-259-2529 | |
| JOSEPH S. FISCHBACH (D) no appearance | 310-278-4015 | |

(add'l signatures - use attached sheet)

IT IS ORDERED AS FOLLOWS: 7/16/04 - 8:30 am

OSC to atty Fischbach — re non appearance at trial call & why he should not be sanctioned for his non appearance today.

Trial call also set for this date — and atty Fischbach is personally ordered to appear at OSC & trial call on 7/16/04 - 8:30 am.

Atty Dillon will fax serve today a copy of this minute order.

ESTIMATED TRIAL TIME: _____ day(s).          JURY / NON-JURY

☐ Ordered dismissed with _____ without _____ prejudice.

IT IS SO ORDERED:

Dated: 07/09/04

JUDGE/COMMISSIONER OF THE SUPERIOR COURT

JACQUELINE M. STERN    0312

SUPCT CIV-705(Rev. 2-98)          GEN-MINUTES/ORDER OF THE COURT

# EXHIBIT 3

0313

1    JOSEPH S. FISCHBACH, ESQ. - SBN 70830
     FISCHBACH & FISCHBACH
2    A Law Corporation
     9595 Wilshire Blvd., Suite 410
3    Beverly Hills, California 90212
     Telephone:   (310) 278-4015
4    Facsimile:   (310) 278-2894

5

6    Attorneys for Francis Lopez

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11   UNION BANK OF CALIFORNIA, N.A., a     )   CASE NO.  GIN 030827
     National Banking Association          )
12                                         )   DECLARATIONS   OF   JOSEPH
                                           )   FISCHBACH, FRANCIS LOPEZ MARK
13                Plaintiff,               )   BOHN, KEVIN KLEIN  AND DR.
                                           )   ABELLY RE  OSC
14   vs.                                   )
                                           )
15   FRANCIS  J. LOPEZ, ALAN STANLY and    )
     DOES I through DOES IV, inclusive     )
16                                         )
                  Defendants.              )
17                                         )
     _____)
18                                         )   DATE:      July 16, 2004
                                           )
19   AND RELATED CROSS-ACTION              )   TIME:      8:30 A.M.
     _____)   PLACE:     Dept 27
20

21

22

23

24

25

26

27

28

---

V:\Lopez\union bank\Trial\Dec re 7-16-04.wpd          DECLARATIONS                    0314

## DECLARATION OF JOSEPH FISCHBACH

I, Joseph S. Fischbach, say and declare as follows.

1.      That I am an attorney at law duly licensed to practice and practicing in the State of California and am the attorney for Francis Lopez, Cross-Defendant herein. As such, I make this declaration from facts within my personal knowledge and if called upon to testify could and would competently testify thereto.

2.      That I attach hereto and incorporated by this reference a copy of a Court Order to Show Cause Re Sanctions that has been set for July 16, 2004, marked as Exhibit 1.

3.      That on July 1, 2004 I asked Robert Gaglione to make the appearance for me at the Trial Readiness Conference, and filed a Declaration of Non-Readiness. A copy of my Declaration is attached hereto and marked as Exhibit 2. The Court reviewed the Declaration, and denied any request to continue the trial and ordered the matter on its normal program. A July 8 telephone conference was scheduled at which time we were to report in to determine availability of the Courtroom.

4.      On July 2, 2004  Mr. Gaglione advised the Court that I was scheduled to start a jury trial on July 7 in Santa Monica. Mr. Gaglione informed me that the Court acknowledged the comment at that time.

5.      We were ordered to telephone in on July 8, 2004. On July 6, 2004 I answered ready in Santa Monica and we began a jury trial. I attach copies of the Minute Orders so reflecting, marked collectively as Exhibit 3.

6.      On July 8 we called in to the Clerk in Department 27 and informed her that I was engaged. Apparently the Court instructed her clerk to call Santa Monica and verify that I was actually engaged, and the clerk in Santa Monica, Judith Citron informed me that she spoke with this Court's clerk and so confirmed and confirmed that we would be continuing on Friday. My Trial Judge, the Hon. Richard Neidorf, will also so verify.

7.      I was advised on July 8 to notify Mr. Dillon the opposing counsel that we were engaged, but for some reason the Court demanded my presence on July 9, despite

1  the fact that I was engaged. I have been a practicing trial lawyer for nearly 30 years, and

2  did not understand why that was to take place but nevertheless in compliance with the

3  Court Order I instructed my office staff to contact Mr. Gaglione and confirm that he

4  would attend the hearing. I was told by my office staff that that had been taken care of.

5      8.    I was in trial and out of touch, and was never informed that there was a

6  problem. I now understand that Mr. Gaglione asked for a retainer and Mr. Lopez called

7  Gaglione directly to confirm the arrangement, and left a message. Apparently Mr.

8  Gaglione did not return the call to Mr. Lopez and no one advised my office.

9      9.    On July 9 while I was in trial I was informed by my paralegal that in fact

10  what I have recited above occurred and that an OSC re: Sanctions had been set because

11  of it.

12      10.    I submit this declaration in advance of the OSC so the Court will have a

13  record of what happened.

14      I declare under the penalty of perjury that the foregoing is true and correct.

15  Executed on July 13, 2004  at Beverly Hills, California.

16

17

18                    Joseph S. Fischbach

19

20

21

22

23

24

25

26

27

28

0316

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | CALENDAR NO. 6 |
|---|---|---|---|---|---|
| GIN030827 | 06/26/03 | 07/09/04 | 08:30AM | 27 | |

JUDGE/COMMISSIONER
HON. JACQUELINE M. STERN

CLERK
PHYLLIS GARCIA

REPORTER
not reported

CSR #

P.O.BOX 120128, SAN DIEGO, CA 92112-0128

PLAINTIFF/PETITIONER
UNION BANK OF CALIFORNIA N A

DEFENDANT/RESPONDENT
FRANCIS J LOPEZ , et al.

Court Use Only
Clerk of the Superior Court
JUL 0 9 2004
By: P. GARCIA, Deputy

The above matter came on for hearing with the below appearances for:

TRIAL

| ATTORNEY OF RECORD | PHONE | APPEARANCE BY |
|---|---|---|
| JEFFREY ISSACS (P) | 619-238-1900 | Dismissed |
| TIMOTHY P. DILLON (D) | 858-259-2529 | |
| JOSEPH S. FISCHBACH (D) no appear | 310-278-4015 | |

(add'l signatures - use attached sheet)

IT IS ORDERED AS FOLLOWS: 7/16/04 - 8:30 am

OSC to atty Fischbach - re re-appearance at trial call & why he should not be sanctioned for his non-appearance today

Trial call also set for this date - and atty Fischbach is personally ordered to appear at OSC & trial call on 7/16/04 - 8:30 am.

Atty Dillon will for serve today a copy of this Minute Order.

ESTIMATED TRIAL TIME: _____ day(s).          JURY / NON-JURY

☐ Ordered dismissed with____ without____ prejudice.
IT IS SO ORDERED:

Dated: 07/09/04

JUDGE/COMMISSIONER OF THE SUPERIOR COURT
JACQUELINE M. STERN

SUPCT CIV-705(Rev. 2-98)
MINUTES/ORDER OF THE COURT

0318

# EXHIBIT 2

0319

1  JOSEPH S. FISCHBACH, ESQ. - SBN 70830
   FISCHBACH & FISCHBACH
2  A Law Corporation
   9595 Wilshire Blvd., Suite 410
3  Beverly Hills, California 90212
   Telephone:   (310) 278-4015
4  Facsimile:   (310) 278-2894

5

6  Attorneys for Francis Lopez

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN DIEGO

10

11 UNION BANK OF CALIFORNIA, N.A., a      )   CASE NO.  GIN 030827
   National Banking Association           )
12                                         )   DECLARATION RE: NON READINESS
                                           )   FOR  TRIAL;  REQUEST  FOR
13                      Plaintiff,         )   CONTINUANCE BASED THEREUPON
                                           )
14 vs.                                     )
                                           )   TRIAL READINESS CONFERENCE
15 FRANCIS  J. LOPEZ, ALAN STANLY and     )
   DOES I through DOES IV, inclusive       )   DATE:      July 1, 2004
16                                         )
                        Defendants.        )   TIME:      830 a.m.
17                                         )
                                           )   PLACE:     Dept. 27
18 _____ )
                                           )   Trial Date:  July 12, 2004
19 AND RELATED CROSS-ACTION                )
                                           )
20 _____ )

21

22

23

24

25

26

27

28

# DECLARATION OF JOSEPH FISCHBACH

I, Joseph S. Fischbach, say and declare as follows:

1.    That I am an attorney at law, duly licensed to practice in the State of California, and I am the attorney for Plaintiff's and Cross defendant's herein and as such, make this declaration from facts within my personal knowledge and if called upon to testify could so competently testify thereto.

2.    That as the Court file will reflect, this Court initially refused to consider an opposition to the motion to confirm good faith settlement. That resulted in the filing of a petition for writ of mandate, and a complaint to the Commission on Judicial Performance, and later in the filing of a statement of disqualification for apparent bias against this Court.

3.    In addition to which there was an Ex Parte application filed for an order shortening time to transfer the matter to Department 28, which was denied. The statement of disqualification was originally filed on – blank, but had the wrong caption and was later re-filed on blank. Pursuant to Code of Civil Procedure sections 170.1 and 170.3, the filing of the statement of disqualification divested the trial court of jurisdiction to proceed. I therefore stopped working on this matter. I was informed of the Court's extended vacation in June and that the Court would not return until approximately July 1st. We therefore tried to serve the statement upon the trial court on June 30th. The attorney service informed us that the Court was dark on June 30th in the afternoon, so we called the department in the morning on July 1st and were informed that an order was signed on Monday striking the Statement. We have not received formal notice, nor a copy, in the mail. Therefore we are not prepared to proceed with a trial readiness conference.

4.    We believe that under the Code of Civil Procedure Section 170(4), the Court may not strike the statement of disqualification since it clearly states grounds under Code of Civil Procedure Section 170.1 (5 )(c) "a person aware of the facts might

DECLARATION RE: TRIAL READINESS

2

0321

1   reasonably entertain a doubt that the judge would be able to be impartial." My client

2   has filed a complaint with the Commission on Judicial Performance contending that the

3   trial court abdicated its judicial responsibility to do justice between the parties by failing

4   to read the opposition to the motion to confirm good faith settlement merely because it

5   arrived on the morning after it was due. No reasonable person could assume that the

6   filing of a complaint with the Commission on Judicial Performance would not prejudice

7   the trial court. Therefore my client has instructed me to file another petition for writ of

8   mandate concerning the Court's striking of the statement of disqualification under Code

9   of Civil Procedure Section 170.4 I have not yet even seen the minute order. We are

10   attempting to locate the minute order and I can be more specific at that time.

11        5.     I respectfully request a 60 day continuance of this conference. Indeed,

12   am surprised that Mr. Stanly is not going to take the 5th amendment rather than testify

13   because of his recent arrest on felony invasion of privacy charges stemming from his

14   working relationship at Prism. He has asked and received a vacation of the currently

15   pending trial date in Lopez v. Stanly in Department 28, and this matter is inextricably

16   intertwined, as reflected in the Ex Parte. If the court denies the continuance of this

17   conference for 60 days, than I would respectfully request that the Court take judicial

18   notice of the Declaration of Francis Lopez submitted in opposition to the motion for good

19   faith settlement and deem that to be our statement of facts for purposes of the trial, and

20   that the Court use the exhibits attached thereto as our Exhibits for trial.

21        6.     I am currently scheduled to begin a jury trial in Department WE "O", Santa

22   Monica, on July 7th have every reason to believe that the trial will in fact go forward.

23        7.     That I did not receive the proposed joint statement from Mr. Dillon until

24   9:09 a.m. on July 1st. That I was in a final status conference in Department 16 of the Los

25   Angeles Superior Court at that time and did not return to my office until approximately

26   12:15 p.m.. I dropped everything I was doing to attend to the report, and fax it back to

27   Mr. Dillon. A true and correct copy of my response is attached hereto as Exhibit One.

28

---

V:\Lopez\union bank\Law and Motion\Trial Readiness.wpd

3

DECLARATION RE: TRIAL
READINESS     0322

1    I declare under the penalty of perjury that the foregoing is true and correct.

2    Executed July 1, 2004 at Beverly Hills, California.

3

4

5                                            JOSEPH S. FISCHBACH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V:\Lopez\union bank\Law and Motion\Trial Readiness.wpd        DECLARATION RE: TRIAL
                                          4                   READINESS

0323

# EXHIBIT 3

0324

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/08/04

DEPT. WE O

HONORABLE RICHARD NEIDORF                JUDGE

HONORABLE                              JUDGE PRO TEM

NONE                                   Deputy Sheriff

J. CITRON                    DEPUTY CLERK
N. ESTRADA CSL/CT ASST.
                        ELECTRONIC RECORDING MONITOR

C. RODRIGUEZ CSR #7763          Reporter

10:30 am | SC078617

MARTIN GUBB
VS
RONALD H. SEMLER ET. AL.

| | |
|---|---|
| Plaintiff Counsel | BRIAN HANNEMANN (X) |
| Defendant Counsel | JOSEPH FISCHBACH (X) |
| | ANNETTE PETERFY (X) |

**NATURE OF PROCEEDINGS:**

CIVIL JURY TRIAL RESUMES;

Trial is called for hearing with all parties, counsel, and jurors present as heretofore.

Outside the presence of the jurors:

Counsel and court confer re additional motions in limine.  Defendant's motion in limine 5 to exclude witnesses is found to be moot.

Further Court findings are as reflected in the notes of the official court reporter and incorporated into this minute order herein.

In the presence of the jurors:

Court pre-instructs the jurors.

Counsel make opening statements.

Ronald H. Semler is sworn and testifies for the plaintiff as an adverse witness pursuant to Section 776 of the Evidence Code.

Out of the presence of the jurors:

Defense motion to exclude defendant's felony convic-tion from the jurors is reheard.

Court's exhibit A(code section of defendant's felony

Page 5 of    3    DEPT. WE O

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST _____ 7·9·04
JAMES R. DEMPSEY, Executive Officer/Clerk of the Superior Court of the State of California for the County of Los Angeles.

By _____ J Citron _____, Deputy

| MINUTES ENTERED |
|---|
| 07/08/04 |
| COUNTY CLERK |



0325

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 07/08/04 | DEPT. WE O |
| HONORABLE RICHARD NEIDORF    JUDGE | J. CITRON    DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | N. ESTRADA CSL/CT ASST.    ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | C. RODRIGUEZ CSR #7763    Reporter |

| | | | |
|---|---|---|---|
| 10:30 am | SC078617 | Plaintiff Counsel | BRIAN HANNEMANN    (X) |
| | MARTIN GUBB VS RONALD H. SEMLER ET. AL. | Defendant Counsel | JOSEPH FISCHBACH    (X) ANNETTE PETERFY    (X) |

**NATURE OF PROCEEDINGS:**

conviction and date) is marked for identification
and made part of the Court's file.

Further Court findings are as reflected in the notes
of the official court reporter and incorporated into
this minute order herein.

In the presence of the jurors:

Plaintiff's exhibits 19(fax dated 9/4/01) and 17
(letter dated 9/4/01), 1(checks from Gubb), 2(invoice)
6,7,8,9,10,11,1213,14(each a Schmitz & Associates's
invoice), 15(Chris Nelson and Associates' invoices),
16(Bruce Malinowski Landscape invoice), 30(invoice
dated 11/8/01), 32, 33, 34, 35, 36, 37, 38(each an
invoice from Saddlerock Ranch) are marked for
identification.

Martin Robert Gubb is sworn and testifies on his own
behalf.

Out of the presence of the jurors:

Counsel orally stipulate that Court may act as a
settlement officer.

In the presence of the jurors:

Defense exhibits 102, 106, 109, 111, 114, 116, 118,
120, 127, 130, 133, 135(each a fax), 103, 105, 107,
108, 110, 113, 115, 117, 119, 121, 125, 129, 132, 134
(each a letter) are marked for identification.

Page    2 of    3    DEPT. WE O

MINUTES ENTERED
07/08/04
COUNTY CLERK

0326

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 07/08/04 | DEPT. WE O |

| | | | |
|---|---|---|---|
| HONORABLE RICHARD NEIDORF | JUDGE | J. CITRON | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | N. ESTRADA CSL/CT ASST. | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | C. RODRIGUEZ CSR #7763 | Reporter |

| | | | | |
|---|---|---|---|---|
| 10:30 am | SC078617 | Plaintiff Counsel | BRIAN HANNEMANN | (X) |
| | MARTIN GUBB VS RONALD H. SEMLER ET. AL. | Defendant Counsel | JOSEPH FISCHBACH ANNETTE PETERFY | (X) (X) |

**NATURE OF PROCEEDINGS:**

The jurors are admonished and ordered to return.

Later: out of the presence of the jurors:

Plaintiff's exhibits 4-17 are excluded.

Trial is continued to July 9, 2004 at 10:30a.m. in Department WEO.

Page   3 of   3   DEPT. WE O

MINUTES ENTERED
07/08/04
COUNTY CLERK

0327

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/07/04

DEPT. WE O

HONORABLE RICHARD NEIDORF   JUDGE

HONORABLE # 2   JUDGE PRO TEM

NONE   Deputy Sheriff

J. CITRON   DEPUTY CLERK
N. ESTRADA CSL/CT ASST.   ELECTRONIC RECORDING MONITOR

B. NEWLANDER CSR #3142   Reporter

9:00 am   SC078617

MARTIN GUBB
VS
RONALD H. SEMLER ET. AL.

Plaintiff Counsel   BRIAN HANNEMANN   (X)

Defendant Counsel   JOSEPH FISCHBACH   (X)

---

NATURE OF PROCEEDINGS:

JURY TRIAL;

Matter is called for hearing.

Counsel announce ready for trial.

Court and counsel confer re trial procedures.

Counsel waive the court reporter during voir dire.

By oral stipulation of counsel, all does and roes are dismissed.

A panel of prospective jurors understand and agree to answer questions re qualifications.

Jury selection commences.

Outside the presence of the prospective jurors:

Court and counsel confer re making any refererence to defendant's criminal record to the jury as reflected in the notes of the official court reporter and incorporated into this minute order herein.

In the presence of the jurors and on the record:

Jury selection continues.

By order of the Court the following jurors understand

Page   1 of   2   DEPT. WE O

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST ....... 7-9-04
JAMES H. DEMPSEY, Executive Officer/Clerk of the Superior Court of the State of California for the County of Los Angeles.
By ....... J. Citron ....... Deputy



MINUTES ENTERED
07/07/04
COUNTY CLERK

0328

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/07/04

DEPT. WE O

HONORABLE RICHARD NEIDORF          JUDGE

J. CITRON                    DEPUTY CLERK
N. ESTRADA CSL/CT ASST.

HONORABLE
# 2                           JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

NONE              Deputy Sheriff

B. NEWLANDER CSR #3142          Reporter

9:00 am | SC078617

MARTIN GUBB
VS
RONALD H. SEMLER ET. AL.

Plaintiff
Counsel    BRIAN HANNEMANN    (X)

Defendant
Counsel    JOSEPH FISCHBACH    (X)

**NATURE OF PROCEEDINGS:**

and agree to try the cause:

1. Marilee Eils
2. Kathleen Marquez
3. Jurg Lang
4. Eugene Lew
5. James Ayres
6. Kurt Frankel

7. Andrew Graham
8. Catherine Tayag
9. Zohreh Tehrani
10. Carol Eisenberg
11. Harvey Rosenbloom
12. John Tancredi

By order of the Court Walter Lockhart and Stephen
Callahan understand and agree to try the cause as
alternate jurors.

The jurors are admonished and order to return.

Trial is continued to June 8, 2004 at 10:30a.m. in
Department WEO.

Page    2 of    2    DEPT. WE O

MINUTES ENTERED
07/07/04
COUNTY CLERK

0329

### DECLARATION OF FRANCIS J. LOPEZ

I, Francis J. Lopez, say and declare as follows:

      1.     That I am the cross-defendant in this matter and as such make this declaration from facts within my personal knowledge and if called upon to testify could so competently testify thereto.

      2.     That on July 8, 2004 I was at home recovering from a recent hospitalization in accordance with the declaration of my emergency room physician attached hereto and incorporated by this reference. That I was on medication and experiencing abdominal pain. I still am.

      3.     I have been incapacitated since July 3, 2004 when I experienced severe abdominal pain accompanied by a fever. I was taken to the emergency room at Fort Walton Beach Medical Center, Destin, Florida. I spent several hours there and was diagnosed with Diverticulitis, which is an infection and inflammation of the large intestine. While I had trouble with something similar on my right side in the past, I had never had this current problem which is on my left side. I will not be able to travel for trial. I feel exhausted, and any stressful activity is very tiresome and seems to aggravate my pain. Therefore, I will not be able to participate in assisting my attorney in preparing for trial. I am taking Cipro, Darvocet and Flagyll. The side effects of these drugs include nausea and dizziness. If the condition worsens at any time, but especially in the next several weeks, I will need to return to the hospital

C:\Documents and Settings\Owner\Local Settings\Temporary Internet Files\Content.IE5\UKTZ3QLN\doc re osc.wpd

**DECLARATION RE OSC**                                6

and may have to undergo surgery.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of July at Destin, Florida.

Francis Lopez

0331

1

2                              **DECLARATION OF MARK BOHN**

3          I, Mark Bohn say and declare as follows:

4          1.      That I am a contract paralegal for Fischbach and Fischbach, and as such

5   make this declaration from facts within my personal knowledge and if called upon to

6   testify could so competently testify thereto.

7          2.      That on July 8, 2004 pursuant to instructions from Mr. Fischbach I called

8   the Court in Department 27 and informed the clerk that this office was not ready for trial

9   as Mr. Fischbach was engaged in trial in Santa Monica.    I was informed that an

10  appearance was required on July 9, 2004.

11         3.      That I spoke to Kevin Klein, an employee in this office and asked him to

12  call the law offices of Robert Gaglione and ask him to cover the appearance on July 9,

13  2004.    I later spoke to Kevin and was informed that that had been taken care of.

14         4.      That on July 9, 2004 I called the law offices of Robert Gaglione and spoke

15  with Norma.   I asked how things went in court that morning. She informed me that Mr.

16  Gaglione did not make the appearance.    She further informed me that she had told

17  Kevin that Mr. Gaglione was booked on July 9th, 2004 but would clear his schedule if Mr.

18  Lopez replenished his retainer and that she needed to know by noon.  She also stated

19  that she spoke with Mr. Lopez that day regarding the very same matter.    She stated

20  that since she did not hear from our office or receive a wire transfer from Mr. Lopez she

21  did not schedule the Court Hearing.

22         5.      That although I was in Court assisting Mr. Fischbach with his trial, I was

23  in the office from 4 pm until nearly 6:30 p.m.  I did not receive a phone call or fax from

24  Mr. Gaglione's office informing me that they would not be appearing.

25         I declare under the penalty of perjury that the foregoing is true and correct.

26         Executed on July 12, 2004   at Beverly Hills, California.

27

28

                                                    _____
                                                    Mark Bohn                            0332

V:\Lopez\union bank\Trial\Dec re 7-16-04.wpd              4                    **DECLARATION RE OSC**

# DECLARATION OF KEVIN KLEIN

I, Kevin Klein, say and declare and state as follows:

1.     That I am an adult over the age of 18 and as such make this declaration from facts within my personal knowledge and if called upon to testify and will competently testify thereto.

2.     I was hired by Fischbach and Fischbach as a filing and office clerk.

3.     That on July 8, 2004 I was given the assignment of coordinating between Francis Lopez and Robert Gaglione, because Mr. Fischbach was engaged in trial. That I called Norma Mr. Gaglione's assistant and asked her to have Mr. Gaglione cover the appearance because Mr. Fischbach was engaged in a jury trial. She relayed back to me that he needed a new retainer. I called Mr. Lopez and he said he would call Mr. Gaglione, and call me back if there were a problem. I did not hear back from anyone before the end of the day and thought everything was covered.

4.     That I was not working on July 9, having previously arranged to be out of the office and did not know until my return to the office on July 12 that there had been a problem.

5.     Mr. Fischbach did call in and check with me on July 8th and verified that I had accomplished my task, and I told him that the appearance was going to be covered by Mr. Gaglione.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2004  at Beverly Hills, California.


_Kevin Klein_

Kevin Klein


0333

## DECLARATION OF DR. ABELLY

The undersigned states and declare as follows:

1.    That I am a physician duly licensed to practice and practicing in the State of Florida and was the treating physician for Francis Lopez . I state such facts from my personal knowledge and if called upon to testify could so competently testify thereto.

2.    That I am employed at the emergency room at Ft. Walton BeachMedical Center in Destin, FL.  That on July 3, 2004 Francis Lopez came into the emergency room complaining of severe abdominal pain accompanied by a fever.   I attended to him and diagnosed Mr. Lopez with a case of ~~Diverticulosis~~ *DIVERTICULITIS*, which is an infection and inflammation of the large intestine.

3.    That I prescribed Cipro, Darvocet and Flagyll to stop the infection and for pain relief.  The side effects of these drugs may include nausea and dizziness.   While on this regimen Mr. Lopez is not able to sustain his ordinary workload and must not be subject to stressful situations.   Forcing Mr. Lopez to travel to California and undergo the stress of preparing for and testifying at trial might be injurious to his health. It would not be in accord with good medical advice and could result in an aggravation of his condition and another hospital visit.

4.    Mr. Lopez should be reevaluated in the next few weeks, and if his condition has not improved he may require further medical treatment and/or hospitalization.

5.    At this time he may be unable to assist his attorney in trial preparation due to his condition.    I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July _13_, 2004 at ~~Fort Walton,~~ *DESTIN,* Florida.

Andre Abelly, M.D.

C:\Documents and Settings\Owner\Local Settings\Temporary Internet Files\Content.IE5\WNRV2OLL\Dec re 7-16-04.wpd

**DECLARATIONS**                    4

0334

1              PROOF OF SERVICE BY MAIL AND FACSIMILE

2    STATE OF CALIFORNIA                    )
                                            ) ss
3    COUNTY OF LOS ANGELES                  )

4    I am employed in the county of Los Angeles, State of California. I am over the age of
     eighteen and not a party to the within action.
5
     My business address is 9595 Wilshire Blvd. Suite 410, Beverly Hills, California, 90067.
6
     On  July 14, 2004 , I served the foregoing document described as **DECLARATIONS**
7    **OF JOSEPH FISCHBACH, FRANCIS LOPEZ MARK BOHN, KEVIN KLEIN  AND DR.**
     **ABELLY RE  OSC**  in this action by placing a true copy thereof enclosed in sealed
8    envelopes addressed as follows:

9    Timothy Dillon
     Weintraub and Dillon
10   12520 High Bluff Drive
     Suite 260
11   San Diego, CA 92130-2062

12   **X**      **VIA FACSIMILE**

13

14   __X__    I deposited such envelope in the mail at Los Angeles, California. The envelope
             was mailed with postage thereon fully prepaid.
15
     __X__    I am "readily familiar" with the firm's practice of collection and processing
16           correspondence for mailing. It is deposited with U.S. postal service on that same
             day in the ordinary course of business. I am aware that on motion of party served,
17           service is presumed invalid if postal cancellation date or postage meter date is
             more than one day after date of deposit for mailing in affidavit.
18
19   __X__    (State) I declare under penalty of perjury, under the laws of the State of California,
             that the forgoing is true and correct.
20
     __       (Federal) I declare that I am employed in the office of a member of the bar of this
21           court at whose direction the service was made.  Executed under penalty of
             perjury, under the laws of the United States of America.
22
     Executed under penalty of perjury on July 14, 2004  at Beverly Hills, California.
23

24                                                    _____
                                                           Mark Bohn
25

26

27

28

V:\Lopez\union bank\Trial\Dec Re 7-16-04 Revised.wpd

DECLARATION RE
OSC                0335

# EXHIBIT 4

0336

1   JOSEPH S. FISCHBACH, ESQ. SBN 70830
    FISCHBACH & FISCHBACH
2   A Law Corporation
    9595 Wilshire Blvd., Suite 410
3   Beverly Hills, California 90212
    Telephone:  (310) 278-4015
4   Facsimile:  (310) 278-2894

5
    Attorneys for Lopez
6

7
            SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
               FOR THE COUNTY OF SAN DIEGO
9

10

11  UNION BANK OF CALIFORNIA, N.A., a     )   CASE NO.  GIN 030827
    National Banking Association          )
12                                        )
                     Plaintiff,           )   EX PARTE APPLICATION  TO
13                                        )   CONTINUE TRIAL DATE;
    vs.                                   )   MEMORANDUM OF POINTS AND
14                                        )   AUTHORITIES; SUPPORTING
    FRANCIS  J. LOPEZ, ALAN STANLY and    )   DECLARATIONS
15  DOES I through DOES IV, inclusive     )
                                          )   DATE:       September 9, 2004
16                   Defendants           )
                                          )   TIME:        8:30 a.m.
17  _____  )
                                          )   PLACE:      Dept. 27
18  AND RELATED CROSS-ACTION              )
    _____  )   Trial Date:  September 13, 2004
19

20

21

22

23

24

25          COMES NOW Cross-Defendant  Francis Lopez and hereby applies to this Court,

26  Ex Parte,  for a continuance of the currently pending trial date of September 13, 2004.

27          This application will be based upon California Rule of Court Rule 375(c) on the

28  grounds that Mr. Lopez will be physically unable to assist trial counsel in preparation

---

1 | and to physically attend the trial. Mr. Lopez is a resident of the State of Florida.

2 | DATED:      September 7, 2004                    FISCHBACH & FISCHBACH

3

4

5                                                By: _____
                                                    JOSEPH S. FISCHBACH
6                                                    Attorneys for Francis Lopez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V:\Lopez\union bank\Law and Motion\Ex Parte Cont Trial 9-9-04.wpd          **EX PARTE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

As this Court will recall, the matter was initially set for trial on July 12, 2004. At the time, counsel for Cross-Defendant was engaged in trial in Santa Monica.

In addition, Mr. Lopez suffered a diverticulitis attack which has left him under the care of physicians since that time.

Attached hereto and incorporated by this reference is a true and correct copy of the initial physician diagnosis and report, marked as Exhibit A, and the Court is respectfully requested to take Judicial Notice thereof. Exhibit B is the initial declaration of Mr. Lopez, and again the Court is respectfully requested to take judicial notice. Each of these declarations was previously filed with the Court.

On July 22, 2004, Lopez filed a status report, a true and correct copy of which is attached hereto and marked as Exhibit C.

On August 31 2004, Lopez filed a second status report, a true and correct copy of which is attached as Exhibit D, and the Court indicated that it preferred that Lopez bring an Ex Parte Application to continue, and thus the instant application.

## II.

## A CONTINUANCE IS APPROPRIATE UNDER THESE CIRCUMSTANCES

California Rule of Court Rule 375(c) governs the continuance of a trial and provides in pertinent part as follows:

(c) [Grounds for continuance] Although continuances of trials are disfavored, each request for a continuance must be considered on its own merits. The court may grant a continuance only upon an affirmative showing of good cause requiring the continuance. Circumstances that may indicate good cause include:

(1) The unavailability of an essential lay or expert witness because of death, illness, or other excusable circumstances;

(2) The unavailability of a party because of death, illness, or other excusable circumstances;

(3) The unavailability of trial counsel because of death, illness, or other excusable circumstances;

(4) The substitution of trial counsel, but only where there is an affirmative showing that the substitution is required in the interests of justice;

(5) The addition of a new party if:

(A) the new party has not had a reasonable opportunity to conduct discovery and prepare for trial, or

(B) the other parties have not had a reasonable opportunity to conduct discovery and prepare for trial in regard to the new party's involvement in the case;

(6) A party's excused inability to obtain essential testimony, documents, or other material evidence despite diligent efforts; or

(7) A significant, unanticipated change in the status of the case as a result of which the case is not ready for trial.[emp]

Attached hereto and incorporated herein by this reference is the subsequent declaration of Mr. Lopez which does contain his currently upcoming medical procedure schedule including a colonoscopy and endoscopy scheduled for September 7, 2004. Because trial is scheduled for September 13, that is exactly the period of time when Mr. Lopez would be required to be in California and assisting in the preparation for trial.

In addition to which he is scheduled for additional testing and as his supplemental declaration attached hereto indicates, he is still on medication which affects his ability to think and he would still be unable to travel to California and effectively participate in the trial.

Request is therefore made that the Court continue trial for a period of 60 days to allow Mr. Lopez to recuperate.

Respectfully Submitted

DATED:      September 7, 2004        FISCHBACH & FISCHBACH

By:
JOSEPH S. FISCHBACH
Attorneys for Francis Lopez

## SUPPLEMENTAL DECLARATION OF FRANCIS J. LOPEZ

I, Francis J. Lopez, say and declare as follows:

1.     That I am the cross-defendant in this matter and as such make this declaration from facts within my personal knowledge and if called upon to testify could so competently testify thereto.

2.     That I attach hereto and incorporate by this reference, marked as Exhibit D the declaration that I prepared in support of my status report of August 31, 2004.

3.     That I wanted to emphasize for the Court that I am still taking medication for my diverticulitis and am still "groggy" and not able to work full time. That I will not be able to travel to California to assist my attorney in trial preparation because of my medication, and surgical schedule. I request, therefore, that the Court allow me a 60-day continuance. After my testing is done in September my physicians have indicated that they will provide me with an updated report and indicate whether or not I can go off of the medication or whether I need to remain on it and/or have surgery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2004, at Destin, California.

_____

Francis Lopez

C:\Documents and Settings\Owner\Local Settings\Temporary Internet Files\Content.IE5\PRI7H94F\Ex Parte Cont Trial 9-9-04.wpd
EX PARTE                    5

0341

## DECLARATION OF MARK BOHN

1    I, Mark Bohn, state and declare as follows:

2    1.    That I am a paralegal employed with the law offices of Fischbach &

3    Fischbach and as such make this declaration from facts within my personal knowledge

4    and, if called upon to testify, and could and would competently testify accordingly

5    2.    Attached hereto and incorporated by this reference is a true and correct

6    copy of the initial physician diagnosis and report, marked as Exhibit A, and the Court is

7    respectfully requested to take Judicial Notice thereof. Exhibit B is the initial declaration

8    of Mr. Lopez, and again the Court is respectfully requested to take judicial notice. Each

9    of these declarations was previously filed with the Court. On July 22, 2004 , Lopez filed

10   a status report, a true and correct copy of which is attached hereto and marked as

11   Exhibit C. On August 31 2004 , Lopez filed a second status report, a true and correct

12   copy of which is attached as Exhibit D.

13   3.    That on September 7. 2004  at  3:56 p.m.  I transmitted  a fax to Timothy

14   Dillon, counsel for Alan Stanly stating that this office would be appearing,  Ex Parte, in

15   Department 28 on September 9, 2004 at 8:30 a.m. there and then seeking a continuance

16   of the trial in this matter currently scheduled for September 13, 2004.  A true and correct

17   copy of that fax and its confirmation are attached hereto collectively and marked as

18   Exhibit E.

19   I  declare under penalty of perjury that the foregoing is true and correct.

20   Executed on September 7, 2004 , at Beverly Hills, California.

Mark Bohn

EX PARTE

0342

# EXHIBIT A

0 3 4 3

# DECLARATION OF DR. ABELLY

The undersigned states and declare as follows:

1.    That I am a physician duly licensed to practice and practicing in the State of Florida and was the treating physician for Francis Lopez . I state such facts from my personal knowledge and if called upon to testify could so competently testify thereto.

2.    That I am employed at the emergency room at Ft. Walton Beach Medical Center in Destin, FL.   That on July 3, 2004 Francis Lopez came into the emergency room complaining of severe abdominal pain accompanied by a fever.   I attended to him and diagnosed Mr. Lopez with a case of ~~Diriticulosis~~ DIVERTICULITIS, which is an infection and inflammation of the large intestine.

3.    That I prescribed Cipro, Darvocet and Flagyll to stop the infection and for pain relief.   The side effects of these drugs may include nausea and dizziness.     While on this regimen Mr. Lopez is not able to sustain his ordinary workload and must not be subject to stressful situations.     Forcing Mr. Lopez to travel to California and undergo the stress of preparing for and testifying at trial might be injurious to his health. It would not be in accord with good medical advice and could result in an aggravation of his condition and another hospital visit.

4.    Mr. Lopez should be reevaluated in the next few weeks, and if his condition has not improved he may require further medical treatment and/or hospitalization.

5.    At this time he may be unable to assist his attorney in trial preparation due to his condition.       I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 13, 2004 at ~~Fort Walton~~ DESTIN, Florida.

Andre Abelly, M.D.

C:\Documents and Settings\Owner\Local Settings\Temporary Internet Files\Content.IE5\WNRV2OLL\Dec re 7-16-04.wpd

**DECLARATIONS**                                                    4

0344

# EXHIBIT B

## DECLARATION OF FRANCIS J. LOPEZ

I, Francis J. Lopez, say and declare as follows:

1.    That I am the cross-defendant in this matter and as such make this declaration from facts within my personal knowledge and if called upon to testify could so competently testify thereto.

2.    That on July 8, 2004 I was at home recovering from a recent hospitalization in accordance with the declaration of my emergency room physician attached hereto and incorporated by this reference. That I was on medication and experiencing abdominal pain. I still am.

3.    I have been incapacitated since July 3, 2004 when I experienced severe abdominal pain accompanied by a fever. I was taken to the emergency room at Fort Walton Beach Medical Center, Destin, Florida. I spent several hours there and was diagnosed with Diverticulitis, which is an infection and inflammation of the large intestine. While I had trouble with something similar on my right side in the past, I had never had this current problem which is on my left side. I will not be able to travel for trial. I feel exhausted, and any stressful activity is very tiresome and seems to aggravate my pain. Therefore, I will not be able to participate in assisting my attorney in preparing for trial. I am taking Cipro, Darvocet and Flagyll. The side effects of these drugs include nausea and dizziness. If the condition worsens at any time, but especially in the next several weeks, I will need to return to the hospital

C:\Documents and Settings\Owner\Local Settings\Temporary Internet Files\Content.IE5\UJKTZ3QLN\doc re osc.wpd
**DECLARATION RE OSC**                                      6

0346

and may have to undergo surgery.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of July at Destin, Florida.

Francis Lopez

0347

# EXHIBIT C

1   JOSEPH S. FISCHBACH, ESQ. SBN 70830
    FISCHBACH & FISCHBACH
2   A Law Corporation
    9595 Wilshire Blvd., Suite 410
3   Beverly Hills, California 90212
    Telephone: (310) 278-4015
4   Facsimile: (310) 278-2894

5

  Attorneys for FRANCIS LOPEZ           COMPUTER COPY
6

7

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF SAN DIEGO

11

12   UNION BANK OF CALIFORNIA, N.A., a   )   CASE NO. GIN030827
    National Banking Association          )   Assigned to Judge Jacqueline
13                        )   Stern for all purposes
            Plaintiff,        )
14                        )   STATUS REPORT
    vs.                      )
15                        )
    FRANCIS J. LOPEZ, ALAN STANLY and  )
16   DOES I through DOES IV, inclusive    )
                       )
17          Defendants       )
18                        )
19                        )   DATE:
    _____ )
20                        )   TIME:
    AND RELATED CROSS-ACTIONS     )
21     _____ )   PLACE:    Dept 27

22

23        TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24       Pursuant to the Court's request for a continuing report on the medical

25   condition of Francis Lopez, Counsel has been informed of the following. On July 13,

26   Dr. Abelly re-evaluated Mr. Lopez and supplied the declaration that was filed with

27   the court. The hospital referred Mr. Lopez to four local gastroenterologists, in order to

28   continue the evaluation. The first was not taking new patients, the second does not

  V:\Lopez\union bank\Law and Motion\STATUS REPORT.wpd       1           STATUS REPORT

0349

1  have an opening until November, and the third and fourth referrals require that

2  Francis Lopez first be seen by a primary care physician and then referred by the

3  doctor. Mr. Lopez has set up an appointment with the primary care physician on

4  August 4, 2004, the earliest date that he could obtain. From there, he will be referred

5  to one of the two gastroenterologists, and that gastroenterologist will determine

6  whether or not surgery is required.

7       Counsel has been informed that we will be able to provide the Court a further

8  status report on or about August 4, 2004.

9  DATED:  July 22, 2004                              FISCHBACH & FISCHBACH

10

11

12                                                   By: _____
                                                     JOSEPH S. FISCHBACH
13                                                   Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0350

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**        )
                              ) ss
**COUNTY OF LOS ANGELES**      )

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action.

My business address is 9595 Wilshire Boulevard, Suite 410, Beverly Hills, California 90212.

On July 22, 2004 I served the foregoing document described as **STATUS REPORT**: in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Timothy Dillon
Weintraub and Dillon
12520 High Bluff Drive
Suite 260
San Diego, CA 92130-2062

___X___   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___X___   (State) I declare under penalty of perjury, under the laws of the State of California, that the forgoing is true and correct.

___—___   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed under penalty of perjury, under the laws of the United States of America.

Executed under penalty of perjury on July 22, 2004, at Beverly Hills, California.

_____
Mark Bohn

---

0351

# EXHIBIT D

1   JOSEPH S. FISCHBACH, ESQ. SBN 70830
    FISCHBACH & FISCHBACH
2   A Law Corporation
    9595 Wilshire Blvd., Suite 410
3   Beverly Hills, California 90212
    Telephone:  (310) 278-4015
4   Facsimile:  (310) 278-2894

5
    Attorneys for FRANCIS LOPEZ
6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SAN DIEGO

11

12  UNION BANK OF CALIFORNIA, N.A., a        )   CASE NO.  GIN030827
    National Banking Association             )   Assigned to Judge Jacqueline
13                                           )   Stern for all purposes
                        Plaintiff,           )
14                                           )   STATUS REPORT
    vs.                                      )
15                                           )
16  FRANCIS J. LOPEZ, ALAN STANLY and        )
    DOES I through DOES IV, inclusive        )
17                                           )
                        Defendants           )
18                                           )
19                                           )
20  _____     )
                                             )
21  AND RELATED CROSS-ACTIONS                )

22       TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
23       COMES NOW Francis Lopez and hereby submits his status report on his medical
24  condition, pursuant to Court Order.
25       Mr. Lopez' condition has not sufficiently improved, and he is scheduled to undergo
26  the following testing during the month of September to determine his course of
27  treatment for his disease:
28       Sept. 1st:          Complete blood work

V:\Lopez\union bank\Law and Motion\STATUS REPORT 8-26-04.wpd          1                    STATUS REPORT

0353

1    Sept. 7th     CT Scan abdominal

2    Sept. 13th:      Endoscopy and Colonoscopy (Dr. Rigginbach, Emerald Coast

3    Surgery)

4    Based thereupon, Defendant Lopez respectfully requests another 30-day

5    continuance of the Trial and Trial Readiness Conference.

6    DATED: August 30, 2004                    FISCHBACH & FISCHBACH

7

8

9                                        By:
10                                       JOSEPH S. FISCHBACH
                                         Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF FRANCIS LOPEZ

I, Francis Lopez, say and declare as follows:

1.      That I am the Cross-Defendant in this matter, and as such make this declaration from facts within my personal knowledge and if called upon to testify could so competently testify thereto.

2.      That I appreciate the Court's prior courtesy in accommodating me due to my medical condition. My medical condition has not changed in any significant fashion. For example, two nights ago I woke up and experienced an incredibly severe stomach pain for approximately four hours. I am currently scheduled to undergo testing in the month of September, to determine my future course of treatment for my disease as follows:

Sept. 1st:       Complete blood work

Sept. 7th        CT Scan abdominal

Sept. 13th:      Endoscopy and Colonoscopy (Dr. Rigginbach, Emerald Coast Surgery)

3.      That I will, therefore, be unable to travel to Los Angeles to either assist my attorney in preparing for trial during the month of September, nor to attend the trial during the month of September. Each time that I am under stress, it exacerbates my condition, and I therefore respectfully request that the court grant me one further 30-day continuance to allow my medical condition to improve so that I can assist my attorney to prepare for trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of August at Destin, Florida.

Francis Lopez

C:\Documents and Settings\Owner\Local Settings\Temporary Internet Files\Content.IE5\V3272ROW\STATUS REPORT 8-26-04.wpd

1

STATUS
REPORT

0355

SEP 08 2004 4:38PM HP LASERJET 3200 P.21

PROOF OF SERVICE

STATE OF CALIFORNIA     )
                       ) ss

COUNTY OF LOS ANGELES  )

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action.

My business address is 9595 Wilshire Boulevard, Suite 410, Beverly Hills, California 90212.

On August 30, 2004 I served the foregoing document described as **STATUS REPORT**: in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Timothy Dillon
Weintraub and Dillon
12520 High Bluff Drive
Suite 260
San Diego, CA 92130-2062

**X**    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**X**    (State) I declare under penalty of perjury, under the laws of the State of California, that the forgoing is true and correct.

___    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed under penalty of perjury, under the laws of the United States of America.

Executed under penalty of perjury on August 30, 2004, at Beverly Hills, California.

Mark Bohn

V:\Lopez\union bank\Law and Motion\STATUS REPORT 9-26-04.wpd    2    STATUS REPORT

0356

# EXHIBIT E

0357

Telephone: (310) 278-4015
Facsimile:  (310) 278-2894
E-mail:JSF@Fischbachlaw.com

FISCHBACH & FISCHBACH
A Law Corporation
9595 Wilshire Boulevard, Suite 410
Beverly Hills, CA

# FAX COVER SHEET

**SENT TO:**    Timothy Dillon
                Weintraub and Dillon

**FAX NO.**     858-259-2868

**FROM:**       Mark Bohn paralegal for Joseph S. Fischbach

**DATE:**       September 7, 2004

**RE:**         Union Bank v. Lopez/Stanly

**NUMBER OF PAGES SENT (including cover sheet):**

**COMMENTS:**    Dear  Mr Dillon:

Please be advised that this office will be appearing Ex Parte in Department 27 of the
San Diego Superior Court, Vista  Branch on September 9, 2004 at 8:30 a.m there and
then to seek a continuance of the trial in the above entitled case. Please let us know
whether or not you will be filing any opposition.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**IF ALL PAGES WERE NOT RECEIVED OR IF QUALITY IS POOR
PLEASE NOTIFY US AT (310) 278-4015**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE
THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE
SENDER WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY
NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING,
DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE
FOR RETURN OF THE ORIGINAL DOCUMENTS TO US.

# HP LaserJet *3200*



HP LASERJET 3200

SEP-7-2004    3:58PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 846 | 9/ 7/2004 | 3:56:14PM | Send | 18582592868 | 0:57 | 1 | OK |

0359

1   JOSEPH S. FISCHBACH, ESQ. SBN 70830
    FISCHBACH & FISCHBACH
2   A Law Corporation
    9595 Wilshire Blvd., Suite 410
3   Beverly Hills, California 90212
    Telephone:  (310) 278-4015
4   Facsimile:  (310) 278-2894

5
    Attorneys for Lopez
6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       FOR THE COUNTY OF SAN DIEGO

9

10

11  UNION BANK OF CALIFORNIA, N.A., a        )   CASE NO.  GIN 030827
    National Banking Association             )
12                                           )   DECLARATION OF DR. MARK
                      Plaintiff,             )   RIGGENBACH IN SUPPORT OF EX
13                                           )   PARTE APPLICATION TO CONTINUE
    vs.                                      )   TRIAL
14                                           )
    FRANCIS  J. LOPEZ, ALAN STANLY and       )
15  DOES I through DOES IV, inclusive        )
                                             )   DATE:       September  9, 2004
16                    Defendants             )
                                             )   TIME:       8:30  a.m.
17  ─────────────────────────────           )
                                             )   PLACE:      Dept. 27
18  AND RELATED CROSS-ACTION                 )
                                             )   Trial Date:  September 13, 2004
19  ─────────────────────────────

20

21          COMES NOW Cross-Defendant Francis Lopez and hereby respectfully subits the

22  Declaration of Dr. Mark Riggenbach to supplement his Ex Parte Application to continue

23  the trial.

24  DATED:       September 8, 2004              FISCHBACH & FISCHBACH

25

26

27                                            By: _____
                                                  JOSEPH S. FISCHBACH
28                                                Attorneys for Francis Lopez

─────────────────────────────────────────────────────────────────────────────
V:\Lopez\union bank\Law and Motion\Supp Dec Riggenbach.wpd              DECLARATION

                                                                       0360

SEP 08 2004 4:39PM    HP LASERJET 3200                                    p.26
Case 3:08-cv-00713-JAH-BLM    Document 7-4    Filed 05/29/2008    Page 93 of 123
FROM :                        FAX NO. :850 269 1034         Sep. 08 2004 11:02AM  P1
  09/08/2004  10:48   8626148            WWMC                          PAGE  02

FROM :                        FAX NO. :850 269 1034      Sep. 02 2004 09:32AM  P2

## DECLARATION OF DOCTOR MARK RIGGENBACH

1    I, Dr. Mark Riggenbach  say and declare as follows:

2    1.    That I am a physician duly licensed to practice and practicing in the

3    State of Florida and am the treating physician for Francis Lopez . I state such facts

4    from my personal knowledge and if called upon to testify could so competently testify

5    thereto.

6    2.    That I am employed in the Gastroenterology Department at White

7    Wilson Medical Center in Ft. Walton Beach, Florida.    That Mr. Lopez has been

8    diagnosed with Diverticulosis, which is the cause of Mr. Lopez's recent infection of the

9    large intestine (Diverticulitis).

10   3.    That I have scheduled several diagnostic procedures in the month of

11   September in order to treat his condition. Included among these are a colonoscopy and

12   endoscopy which are scheduled for September 13, 2004.   That these procedures are

13   needed to help me determine the proper treatment for Mr. Lopez's condition.

14   4.    That during this time period, Mr. Lopez should not travel  and any court

15   appearance should be rescheduled for October or later.

16

17   I declare under the penalty of perjury that the foregoing is true and correct.

18   Executed on September 7 , 2004 at Fort Walton, Florida.

19

20

21

22                    Mark Riggenbach, MD

23

24

25

26

27

28

C:\Documents and Settings\Owner\My Documents\DECLARATION OF DOCTOR MARK RIGGENBACH.wpd
DECLARATION OF DR. RIGGENBACH

# EXHIBIT 5

0362

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CALENDAR NO. 1

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| GIN030827 | 06-26-03 | 09/09/04 | 08:30AM | 27 | Clerk of the Superior Court |

| JUDGE/COMMISSIONER | CLERK |
|---|---|
| HON.   JACQUELINE M. STERN | PHYLLIS GARCIA |

SEP 0 9 2004

By: P. GARCIA, Deputy

REPORTER: not reported                                      CSR #

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT |
|---|---|
| UNION BANK OF CALIFORNIA N A | FRANCIS J LOPEZ, et al. |

Sunjired Stanly √P

| ATTORNEY FOR PLAINTIFF/PETITIONER | ATTORNEY FOR DEFENDANT/RESPONDENT |
|---|---|
| JEFFREY ISSACS    □P ☑NP | JOSEPH S. FISCHBACH    ☑P □NP |

David A. Eberoh

## 1. DEFENDANT TO CONTINUE TRIAL

**THIS MATTER HAVING COME BEFORE THE COURT THIS DATE, THE COURT ORDERS:**

☐ PRIOR TO CALENDAR CALL   ☐ OFF-CALENDAR   ☐ GRANTED   ☐ BONDS _____

                                                              ☐ DENIED   ☐ WITH/WITHOUT PREJUDICE

☐ PRIOR TO CALENDAR CALL   ☐ CONT. TO _____ IN DEPT _____ AT _____

☐ TRO   ☐ CONTINUED   ☐ VACATED

☐ ALL PREVIOUS ORDERS REMAIN IN FULL FORCE AND EFFECT.

☐ ORAL ARGUMENT   TENTATIVE DATED _____   ☐ CONFIRMED   ☐ MODIFIED

☐ DISPOSES OF ENTIRE ACTION        ☐ DOES NOT DISPOSE OF ENTIRE ACTION

☐ PREVAILING PARTY TO PREPARE AND FILE FORMAL ORDER PURSUANT TO CRC 391.

☐ OTHER

Declaration not effective - for under
penalty of perjury under laws of
State of Ca...
Counsel to come back 9/10/04 8:30 w/
declaration & proposal for getting this
matter to trial - This request is for
3rd continuance.

Dated: 09/09/04

_____
JUDGE/COMMISSIONER OF THE SUPERIOR COURT.

0363

SUPCT CIV-718A(Rev. 5-04)        MOT-MINUTES/ORDER OF THE COURT

# EXHIBIT 6

0 3 6 4

1    Timothy P. Dillon, Esq. (SB# 190839)
      Sunjina K. Anand, Esq. (SB# 226130)
2    DILLON & SIMONSEN, APC
      4660 La Jolla Village Dr., Suite 775
3    San Diego, CA 92122
      Telephone: (858) 587-1800
4    Facsimile: (858) 587-2587

F I L E D

Clerk of the Superior Court

SEP 02 2005

BY: C. KARIMI

5    Attorneys for Defendant, ALAN STANLY

6

7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9                  NORTH COUNTY BRANCH

10

| | |
|---|---|
| 11 FRANCIS LOPEZ, an individual and representative of PRISM ADVANCED | ) Case No.: GIN 029692 |
| 12 TECHNOLOGIES, INC., a California corporation, | ) |
| 13 | ) **NOTICE OF RULING** |
| 14           Plaintiff, | ) |
|      vs. | ) |
| 15 ALAN STANLY, Prism Advanced Technologies, Inc. and DOES 1-50, inclusive/ | ) |
| 16 | ) |
| 17           Defendants. | ) |
| 18 | ) |
| 19 ALAN STANLY, an individually and as representative of PRISM ADVANCED | ) |
| 20 TECHNOLOGIES, INC., a California Corporation, | ) |
| 21 | ) |
| 22         Cross-complainants, | ) |
|      vs. | ) |
| 23 FRANCIS LOPEZ, an individual; MARTIN HUDACKO, an individual; PRISM ADVANCED | ) |
| 24 TECHNOLOGIES, INC., a California corporation; and ROES 1-50, inclusive, | ) |
| 25 | ) |
| 26           Defendants. | ) |
| 27 | ) |

28

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

To Plaintiff and Cross-Defendant, Francis Lopez, and his attorney of record:

Please take notice that on August 29, 2005, this Court issued a ruling granting Order Re: III – Report and Recommendation of Discovery Referee.  The ruling of the Court is attached hereto as Exhibit "A" and hereby incorporated by reference.

DILLON & SIMONSEN, APC

Dated: September 1, 2005

Timothy P. Dillon, Esq.

0-366

EXHIBIT A

F I L E D
Clerk of the Superior Court

AUG 2 9 2005

By: PATRICIA LEAPART, Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY BRANCH

| | |
|---|---|
| FRANCIS LOPEZ, an individual and as representative of PRISM ADVANCED TECHNOLOGIES, INC., a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>ALAN STANLY, Prism Advanced Technologies, Inc. and DOES 1-50, inclusive,<br><br>      Defendants. | CASE NUMBER: GIN 029692<br><br>ORDER RE: III - REPORT AND RECOMMENDATION OF DISCOVERY REFEREE |
| ALAN STANLY, an individual,<br><br>      Cross-Complainant,<br><br>vs.<br><br>FRANCIS LOPEZ, an individual; MARTIN HUDACKO, an individual; JAMES BEARS, an individual; and ROES 2-50, inclusive.<br><br>      Cross-Defendants. | |

0368

WHEREAS, on June 30, 2005 involuntary bankruptcy proceedings were initiated against Plaintiff and Cross-Defendant, Francis Lopez ("Lopez"). Due to the bankruptcy, all claims and actions against Lopez are stayed, whereas as all claims and actions asserted by Lopez and/or against Plaintiff and Cross-Defendant, Martin Hudacko ("Hudacko") and Defendant and Cross-Complainant, Alan Stanly ("Stanly") are not stayed.

WHEREAS, on June 24, 2005, the Discovery Referee, Hon. Lee Sarokin, submitted the III-Report and Recommendation of Discovery Referee on Pending Discovery and Sanctions Motion (the "Report and Recommendations III"), imposing both monetary and exclusionary sanctions against Plaintiffs, Lopez and Hudacko and Plaintiffs' counsel attached hereto as Exhibit "A".

WHEREAS, to the extent the Report and Recommendation -- III applies to Hudacko, Lopez and Hudacko's counsel, and claims asserted by Plaintiffs against Stanly, it is not stayed and shall be entered into order.

NOW THEREFORE, after consideration of the Report and Recommendation – III, Plaintiffs' Objections to Report of Discovery Referee, Alan Stanly's Response to Plaintiffs' Objection to Report of Discovery Referee and good cause appearing therefore, the Court enters the following orders:

1.    Sanctions are awarded in favor of defendants and against Hudacko in the amount of $1,500 due and payable within ten (10) days of the date of this Order.

2.    Plaintiffs are directed to file a declaration within fifteen (15) days of the date of this order, representing that they have complied with all outstanding discovery requests.

3.    Sanctions are awarded to defendants and against Fischbach & Fischbach in the amount of $3,698.75, due and payable within ten (10) days of the date of this order.

4.    Plaintiffs shall be precluded from the offering at trial of any audio recordings that have not been furnished to defendants on or before June 24, 2005.

5.    Plaintiffs are precluded from offering at trial any such documents which have not

0369

heretofore been produced via the deposition subpoena for production of documents served on Microsoft, Inc. Plaintiffs are directed to give proper notice of all deposition subpoenas in the future, and failing same, plaintiffs shall be precluded from offering any documents so procured.

6.    Each party, within ten (10) days, is to supplement their previously submitted declaration regarding their use of Prism Advanced Technologies, Inc. ("Prism") funds for personal or non-Prism business. Should the parties fail to adequately describe their transactions, monetary sanctions shall be issued.

7.    The recommended ruling of the discovery referee regarding the CD-ROM illustrating Lopez's contributions to Prism's technology affects Stanly's claims against Lopez, and is thus stayed and will be ruled upon by this court at a later time.

8.    The recommended ruling of the discovery referee regarding the monetary sanctions against Lopez is stayed and will be ruled upon by this court at a later time.

9.    Deposition schedule: The parties are directed to prepare and file a deposition schedule within fifteen (15) days for the remaining depositions. Once established, no deposition shall be adjourned except for the illness of counsel, or the witness, without the prior consent of the referee or the Court or the written consent of counsel. Counsel are directed not to accept any other client or business assignments that conflict with the deposition schedule.

IT IS SO ORDERED

Dated: August 29, 2005

MICHAEL B. ORFIELD
_____
Hon. Michael B. Orfield
Judge of the Superior Court

3

0370

EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFONIA

FOR THE COUNTY OF SAN DIEGO

FRANCIS LOPEZ, individually and as
Representative of Prism Advanced Technologies,
Inc., a California Corporation, PLAINTIFF

CASE NO. GIN029692

Judge Richard G. Cline

III - REPORT AND
RECOMMENDATION OF
DISCOVERY REFEREE ON
PENDING DISCOVERY and
SANCTIONS MOTIONS

vs.

ALAN STANLY, Prism Advanced
Technologies, Inc. and DOES 1 through 50 inclusive.
DEFENDANTS

---

The undersigned respectfully submits the following report and recommendation
for the Court's consideration:

Defendants again move for evidentiary and/or monetary sanctions against the
plaintiffs. I had previously recommended reserving on the sanctions to be imposed in the
hope that holding the sword over the heads of counsel would encourage them to end their
bickering and accusations, but to no avail. They are unable to agree as to any matter or
fact. Indeed, their respective motions are peppered with charges of fraud and
misrepresentation against each other. The motions are accompanied by wholesale
reproductions of exhibits and pleadings (most of which have been previously submitted)

1

with no effort to cull out what is particularly relevant to the pending motions. Notwithstanding the voluminous submissions, I will attempt to address each of the assertions made.

## A. Plaintiffs' Refusal to Answer Initial Round of Written Discovery

It is undisputed that plaintiffs failed to make any response to defendants' initial demands and was sanctioned for such failure.

## B. Second Round of Written Discovery

### a. Production of Documents

I will not attempt to recite the history outlined by defendants of plaintiffs' failures to comply with discovery requests. Despite some minor differences in that history asserted by plaintiffs, it is clear that plaintiffs repeatedly and consistently failed to comply in the face of relentless and persistent pursuit by the defendants, necessitating numerous letters and motions to compel compliance. Even as of this date, I cannot determine whether or not there has been full compliance. Some of the remaining issues are discussed below.

Sanctions are awarded in favor of the defendants and against the plaintiffs in the amount of $2000, and plaintiffs are directed to file a declaration within 5 days representing that they have complied with all outstanding discovery requests.

### b. Audio recordings

According to defendants, plaintiffs admit being in possession of 33 audio recordings which support their eavesdropping claim against the defendants. Despite repeated requests and subpoenas, no audio recordings have been produced by plaintiffs. (This dispute continues notwithstanding the fact that apparently defendant Stanly has

2

admitted and was convicted of such eavesdropping.)

Plaintiffs shall be precluded from offering at trial any audio recordings that have not been furnished to defendants as of this date.

c. Hudacko videotape

The subject video tape apparently is in the possession of the police, and thus cannot be turned over by Mr. Hudacko.

Plaintiffs are directed to make all reasonable efforts to obtain said video and provide a copy of same to defendants, if obtained. Plaintiffs shall outline such efforts to defendants' counsel in writing.

D. CD ROM

The parties dispute whether or not the CD-ROM illustrating Mr. Lopez's contributions to the Prism technology has been produced.

If the CD-ROM has not been furnished to defendants, then plaintiffs shall be precluded from offering same at the trial of this matter.

C. Depositions

a. Refusal to Appear for Depositions

Defendants set forth their long history in attempting to take the deposition of Mr. Lopez and recite the incident of April 11, 2005, with which I have previously dealt. Here again, the evidence is clear that despite repeated attempts to arrange the deposition of Mr. Lopez, it finally took place for 2 hours, only after an order and in the presence of the Referee.

The rulings on this matter have been set forth in prior reports.

b. Refusal to Answer Questions at Depositions

3

I am unaware of the status of this issue and whether it has been resolved by the "meet and confer" correspondence, although, in view of the history case, it is unlikely. No ruling will be made at this time.

D. Statement of damages

This is a particularly troubling matter and raises serious ethical questions in view of the charges and counter-charges made by counsel. Defendants made a request for the statement on Oct. 22, 2004. Defendants claim that no statement has ever been served, until the opposition to these motions was filed. Plaintiffs have attached a statement and proof of service dated Nov. 30, 2004. Plaintiffs claim that the motion of defendants in regard to this matter is "intentionally fraudulent" and "the best example of perfidy of this alleged motion". Yet, in response to defendants' motion to furnish a statement of damages, no assertion was made that such a statement had been prepared and served. Indeed, although plaintiffs assert that no effort was made to obtain the statement after November of 2004 (thus proving its receipt), defendants moved to compel it and an order was entered compelling plaintiffs to furnish such a statement on April 28, 2005. Even subsequent to the order, plaintiffs did not assert that they had already complied.

On June 23, 2005, I directed counsel to advise me whether or not there had been any prior correspondence or declarations from plaintiffs that such a statement had been prepared and served. Counsel for plaintiffs insists that the statement was served in November of 2004, but offers no reason why that assertion was not made in opposition to prior motions to compel it. Counsel for defendants re-asserts that he never received the statement of damages on any prior occasion and that plaintiffs never claimed that they had sent it in response to letters or motions demanding it and the order directing that it be

4

supplied.

Even if plaintiffs furnished the statement of damages and defendants, for some reason, had not received it, plaintiffs failed to advise that they had done so, despite requests and motions by defendants and the April 28, 2005, order of the referee that it be produced.

Sanctions are awarded to defendants and against plaintiffs' counsel in the amount of $1245.

E. Notice of Deposition Subpoenas for Production of Documents on Third Party

Defendants claim that plaintiffs subpoenaed documents from Microsoft and no notice was served upon defendants. Although plaintiffs do not deny the failure to serve notice (notwithstanding that they charge that the claim is "frivolous" and "fraudulent"), those documents were subsequently transmitted to defendants so that any harm from the failure to notify has been cured. However, defendants insist that not all of the documents have been produced.

Plaintiffs are precluded from offering at trial any such documents which have not heretofore been produced.

As to the depositions of Mr. Ling and Mr. Jamieson, plaintiffs gloss over but do not deny the failure to give defendants notice, but argue that no harm has resulted.

Plaintiffs are directed to give proper notice in the future, and failing same, plaintiffs shall be precluded from offering any documents so procured.

F. Sanctions for Independent Medical Exam

I have already ruled upon this matter and reserved as to the sanction to be imposed.

Defendants are awarded sanctions against plaintiffs' counsel in the sum of

5

$2,948.75

G. Declaration re Prism Expenditures

The parties were directed to file declarations regarding their use of Prism funds for personal or non-Prism business. Both have filed such declarations. Whether or not they are true and complete cannot be determined. To the extent either party has failed to comply, sanctions would be warranted.

Each party is granted 10 days to supplement said declarations. If either party fails to fully disclose such transactions, then monetary sanctions shall be imposed.

H. Deposition Schedule

The parties were and are directed to prepare and file a deposition schedule within 5 days for the remaining depositions. (I do not know whether or not the existing stipulation is usable.) Once established no deposition shall be adjourned except for the illness of counsel or the witness without the prior consent of the referee or the court or the written consent of counsel. Counsel are directed not to accept any other client or business assignments that conflict with the deposition schedule.

1. Procedural objections

The objections to the pending motions on procedural grounds are rejected.

Respectfully submitted:

H. Lee Sarokin, Discovery Referee
This 24 day of _____ June _____ ,2005

The report and recommendations of the Referee are hereby approved and adopted;
SO ORDERED this _____ day of _____ 2005

6

Richard C. Cline,
Judge of the Superior Court

0378

1 | Timothy P. Dillon, Esq. (SB# 190839)
Sunjina K. Anand, Esq. (SB# 226130)
2 | DILLON & SIMONSEN, APC
4660 La Jolla Village Dr., Suite 775
3 | San Diego, CA  92122
Telephone:  (858) 587-1800
4 | Facsimile:  (858) 587-2587

5 | Attorneys for Defendant, ALAN STANLY

FILED
Clerk of the Superior Court
SEP 02 2005
BY: C. KARIMI

8 |                SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9 |                             NORTH COUNTY BRANCH

| | |
|---|---|
| FRANCIS LOPEZ, an individual and representative of PRISM ADVANCED TECHNOLOGIES, INC., a California corporation, | Case No.:  GIN 029692 |
| Plaintiff, | PROOF OF SERVICE |
| vs. | |
| ALAN STANLY, Prism Advanced Technologies, Inc. and DOES 1-50, inclusive/ | |
| Defendants. | |
| ALAN STANLY, an individually and as representative of PRISM ADVANCED TECHNOLOGIES, INC., a California Corporation, | |
| Cross-complainants, | |
| vs. | |
| FRANCIS LOPEZ, an individual; MARTIN HUDACKO, an individual; PRISM ADVANCED TECHNOLOGIES, INC., a California corporation; and ROES 1-50, inclusive, | |
| Defendants. | |

-1-

0379

1   STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2        I, Courtenay Harrold, declare:

3        I am employed in the County of San Diego, State of California.  I am over the age of 18 and
4   not a party to the above-entitled action.  My business address is 4660 La Jolla Village Drive, Suite
5   775, San Diego, CA 92122.

         On September 1, I served:

6        1.      NOTICE OF RULING

7        2.      PROOF OF SERVICE

8

9   xx____  (BY MAIL):  I caused each such envelope, with postage thereon fully prepaid, addressed to
    the following, to be placed in the United States mail in San Diego, California.  I am readily familiar
10  with this firm's business practice for collection and processing of correspondence for mailing with
    the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S.
11  Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a; 2015.5).

12       Joseph S. Fischbach, Esq.
         Fischbach & Fischbach
13       9595 Wilshire Blvd., #410
         Beverly Hills, CA 90212-2504
14

15  _____  (BY OVERNIGHT MAIL):  I caused the above-described documents to be delivered via
    overnight delivery, by placing a copy in a separate OVERNIGHT MAIL mailer and attached a
16  completed air bill, with Standard Overnight delivery requested, and caused said mailed to be
    deposited in the overnight mail collection box at San Diego, California:
17

18  _____  (BY PERSONAL SERVICE):  I caused each such envelope to be delivered by hand to the
19  addressee:

20
    _____  (BY FACSIMILE):  I caused such document to be served on all parties to this action via
21  facsimile at the numbers indicated on this service list (C.C.P. Section 1012.5).:

22

23  _xx____  (State):  I declare under penalty of perjury under the laws of the State of California that the
    above is true and correct
24

25  _____  (Federal):  I declare that I am employed in the office of a member of the bar of this Court at
26  whose direction the service was made.

27  Executed on September 1, 2005 in San Diego, California.

28                                                           _____
                                                             Courtenay Harrold

-2-

C 3 S

# EXHIBIT 7

C 3 S 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERPRISE TECHNOLOGY HOLDINGS INC., | Civil No: 05-CV-2236-B(CAB) |
| Plaintiff, | |
| v. | **ORDER (1) STRIKING DEFENDANT NOVEON SYSTEMS INC.'S ANSWER AND COUNTERCLAIMS AND (2) ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT NOVEON SYSTEMS INC.** |
| NOVEON SYSTEMS INC., ET AL., | |
| Defendants. | |

## I.   INTRODUCTION

On December 8, 2006, the Magistrate Judge entered a Report and Recommendation, which included recommendations to (1) strike Defendant Noveon System Inc.'s ("Noveon") Answer and Counterclaims and (2) enter default judgment against Noveon. (Doc. No. 50.)

Based on the Magistrate Judge's Report and Recommendation and the reasoning set forth below, the Court hereby (1) STRIKES Noveon's Answer and Counterclaims and (2)

1

05-CV-2236-B (CAB)

0382

1  ENTERS DEFAULT JUDGMENT against Noveon.

2

3  II.    **BACKGROUND**

4       On December 8, 2005, Plaintiff Enterprise Technology Holdings, Inc. filed a

5  complaint against Noveon for copyright infringement, violation of the Lanham Act, unfair

6  competition, and injunctive relief. (Doc. No. 1.) On January 4, 2006, Noveon filed an

7  Answer and Counterclaims, seeking declaratory relief and asserting interference with

8  prospective economic advantage. (Doc. No. 3.)

9       In October 2006, Plaintiff's counsel contacted the Magistrate Judge to request a

10  discovery conference. (Doc. No. 50 at 2.) According to Plaintiff, Plaintiff had served

11  discovery requests on Noveon on August 2, 2006, but had received no response. (Id.) On

12  October 13, 2006, the Magistrate Judge held a telephonic discovery conference to resolve

13  the discovery dispute, at which Ronald Noya, attorney for Noveon at the time, indicated

14  that Noveon had not provided responses despite his repeated attempts to secure cooperation

15  from his client. (Id.) The Magistrate Judge then ordered that Noveon serve all outstanding

16  discovery responses no later than October 27, 2006, warning that failure to provide good

17  faith responses would result in sanctions. (Doc. No. 40 at 1.)

18       The Magistrate Judge held a status conference on October 30, 2006, to discuss the

19  status of the discovery responses, at which Plaintiff indicated that Noveon still had not

20  responded to the outstanding discovery requests. (Doc. No. 50 at 2.) Mr. Noya stated that

21  his client was still not responding to his attempts to make contact. (Id.) The Magistrate

22  Judge therefore found Noveon in violation of a court order and gave Plaintiff a deadline to

23  file a request for sanctions. (Id.) On November 6, 2006, Plaintiff filed a motion for

24  discovery sanctions, which included requests that Noveon's Answer and Counterclaims be

25  stricken and default judgment be entered against Noveon. (Doc. No. 41.) Noveon filed no

26  opposition to the motion.

27       On December 8, 2006, "[b]ased on the Court's knowledge of the history of this case

28                                 2                05-CV-2236-B (CAB)

1  and after reviewing the papers filed in support of the motion for sanctions," the Magistrate

2  Judge issued a Report and Recommendation, which in part recommended (1) striking

3  Noveon's Answer and Counterclaims and (2) entering default against Noveon. (Doc. No.

4  50 at 2.) The Magistrate Judge gave any party until December 22, 2006, to file any

5  objections to the Report and Recommendation. (Id. at 6.) No party has filed any

6  objections to the above two recommendations made by the Magistrate Judge.

7

8  **III.   DISCUSSION**

9  **A.   STANDARD OF LAW**

10  Under Federal Rule of Civil Procedure 37(b)(2)(C),

11 
12  If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order
13  entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the
14  following:

15  [ . . . ] (C) An order **striking out pleadings** or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action
16  or proceeding or any part thereof, or **rendering a judgment by default** against the disobedient party[.]

17

18  FED. R. CIV. P. 37(b)(2)(C) (emphasis added). However, the Ninth Circuit has "narrowed"

19  the discretion of a district court in imposing the "drastic" sanction of dismissal or default

20  and found that "the losing party's noncompliance must be due to willfulness, fault, or bad

21  faith." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

22  "Disobedient conduct not shown to be outside the litigant's control meets this standard."

23  Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).

24  In deciding whether a sanction of dismissal or default for noncompliance with

25  discovery is appropriate, the Ninth Circuit has held that a district court must weigh five

26  factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need

27  to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy

28

3

05-CV-2236-B (CAB)

0384

1   favoring disposition of cases on their merits; and (5) the availability of less drastic

2   sanctions." Id. (internal quotations omitted). "Where a court order is violated, the first and

3   second factors will favor sanctions and the fourth will cut against them." Computer Task

4   Group, 364 F.3d at 1115. The element of prejudice (i.e., the threat of "interfer[ence] with

5   the rightful decision of the case") is "essential," and "[d]elay alone, without a focus on its

6   effects, will not justify dismissal or default." Wanderer v. Johnston, 910 F.2d 652, 656 (9th

7   Cir. 1990).

8       **B.    ANALYSIS**

9           **1.    Entering Default Judgment Against Noveon**

10          Despite being given several months to comply with discovery requests and being

11  compelled to do so by order of the Magistrate Judge, Noveon has failed to produce any

12  requested documents, answers to interrogatories, or responses to requests for admissions.

13  Noveon has not made any indication that it intends to respond to discovery requests in the

14  future and was completely unresponsive to its attorney Mr. Noya, who has since withdrawn

15  as Noveon's counsel, indicating to the Court that Noveon has apparently become insolvent

16  and defunct. (Doc. No. 44, 57.) Furthermore, Noveon filed no opposition to Plaintiff's

17  motion for discovery sanctions and filed no objections to the Magistrate Judge's December

18  8, 2006, Report and Recommendations before this Court. Accordingly, the Court FINDS

19  that Noveon's non-compliance with the Magistrate Judge's October 13, 2006, order was

20  willful.

21          In consideration of the five factors set forth by the Ninth Circuit in considering

22  entrance of default judgment, the Court FINDS granting default judgment against Noveon

23  to be in the best interest of the public and the Court by expediting the present action in the

24  face of Noveon's non-compliance with discovery. Furthermore, the Court FINDS that

25  default judgment would not risk prejudice against Noveon, since Noveon has had ample

26  opportunity to respond to Plaintiff's discovery requests under threat of sanctions and to file

27  objections to the Magistrate Judge's recommendations, but has chosen instead to cease

28                                    4                          05-CV-2236-B (CAB)

1  participating in the present action. The Court also FINDS that default judgment would not

2  hinder the public policy favoring disposition of cases on the merits, as Noveon's non-

3  compliance with discovery requests makes resolution of this action on the merits difficult,

4  if not impossible. Moreover, the Court already found sufficient grounds to grant Plaintiff a

5  preliminary injunction against Noveon on May 12, 2006, on the basis that Plaintiff had a

6  "probability of prevailing" on its claims and that Plaintiff would suffer irreparable injury

7  and harm if preliminary injunctive relief was not granted. (Doc. No. 35.) While lesser

8  sanctions could be imposed by the Court, the Court FINDS that such sanctions would

9  likely be futile, as Noveon has apparently become insolvent and defunct and has ceased to

10 participate in this litigation.

11      Therefore, under Rule 37(b)(2)(C), the Court hereby ENTERS DEFAULT

12 JUDGMENT against Defendant Noveon.

13          2.    Striking Answer and Counterclaims

14      In United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600 (9th Cir. 1988), the

15 Ninth Circuit upheld the district court's dismissal of Defendant's counterclaim under Rule

16 37(b)(2)(C), finding "the failure to provide discovery relating to Kahaluu's counterclaim

17 was appropriately sanctioned by dismissal of the counterclaim." Id. at 602. Here, Noveon

18 filed counterclaims against Plaintiff seeking declaratory relief and asserting interference

19 with prospective economic advantage. (Doc. No. 3.) Noveon failed to provide Plaintiff's

20 requested discovery related to Noveon's corporate structure, customers, employment and

21 licensing agreements, and software technology at issue in the present action. (Doc. No. 41,

22 Dillon Decl. at 3 - 11.) The Court FINDS that this requested discovery directly relates to

23 Noveon's counterclaims. For this reason, along with the consideration of the five factors

24 discussed above, the Court hereby STRIKES Noveon's Answer and Counterclaims under

25 Rule 37(b)(2)(C).

26

27 IV.    CONCLUSION

28                                         5                    05-CV-2236-B (CAB)

0386

1      Based on the Magistrate Judge's December 8, 2006, Report and Recommendation

2  and the reasoning set forth above, the Court hereby (1) **STRIKES** Noveon's Answer and

3  Counterclaims and (2) **ENTER DEFAULT JUDGMENT** against Noveon.

4

5

6      **IT IS SO ORDERED**

7

8  DATED: April 11, 2007

9

10                    Hon. Rudi M. Brewster
                         United States Senior District Court Judge

11

12

13  cc: Hon. Catherine Ann Bencivengo
          United States Magistrate Judge

14

15      All Counsel of Record

16

17

18

19

20

21

22

23

24

25

26

27

28                     6                   05-CV-2236-B (CAB)

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                              )    Case No.  05-05926-PBINV
                                        )
12        FRANCIS J. LOPEZ,             )    Involuntary Chapter 7
                                        )
13              Alleged Debtor.         )
                                        )    **PROOF OF SERVICE**
14                                      )
                                        )
15                                      )
                                        )
16                                      )    Judge:  The Honorable Peter W. Bowie
                                        )    Ctrm:  4
17                                      )
                                        )
18  _____)

19      I, the undersigned, declare that I am over the age of eighteen years and not a party to this

20  cause.  I am employed in, or am a resident of, the County of San Diego, California, and my

21  business address is:  402 West Broadway, Suite 1210, San Diego, California.

22      On the date shown below, I caused to be served the following document(s):

23  **1. DECLARATION OF L. SCOTT KEEHN: (1) SUMMARIZING CURRENT
    STATUS, AND (2) RENEWING REQUEST FOR AN ENFORCEMENT ORDER
24  IMPOSING MONETARY SANCTIONS ($4,442.00) AGAINST ALLEGED DEBTOR
    FRANCIS J. LOPEZ**
25
    **2. DECLARATION OF TIMOTHY P. DILLON**
26
    **3. COMPENDIUM OF EXHIBITS IN SUPPORT OF RENEWED REQUEST FOR AN
27  ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST
    ALLEGED DEBTOR FRANCIS J. LOPEZ**
28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0388

1  [ ]  BY PERSONAL SERVICE: I placed a true copy of the above document(s) in a sealed

2       envelope clearly labeled to identify the attorney for the party being served, and personally

3       caused said such envelope to be personally delivered on each addressee named hereafter:

4  [ ]  BY FACSIMILE AND MAIL: I declare that upon the prior agreement of the party being

5       served, I served the above named documents by facsimile transmission during usual office

6       hours from facsimile number 619-400-2201, to a facsimile machine maintained by the person

7       on whom it is served and that the transmission was reported as complete and without error.

8       Thereafter, I mailed (by first-class mail, postage prepaid) a true copy to each addressee

9       named hereafter:

10  [✔]  BY MAIL: I declare that I am readily familiar with the business practice for collection and

11       processing of correspondence for mailing with the United States Postal Service, that the

12       correspondence shall be deposited with the United States Postal Service this same day in the

13       ordinary course of business; and that a true copy was placed in a separate envelope, with

14       postage thereon fully prepaid for each addressee named hereafter:

15  M. Jonathan Hayes
    Law Office of M. Jonathan Hayes
16  21800 Oxnard Street, Suite 840
    Woodland Hills, CA  91367

17  [✔]  BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a true copy of the above-

18       named document(s) to be sent to the person(s) at the e-mail addresses listed below. I did not

19       receive, within a reasonable time after the transmission, any electronic message or other

20       indication that the transmission was unsuccessful:

21  jhayes@polarisnet.net

22       I declare under penalty of perjury under the laws of the United States that the foregoing is

23  true and correct.

24       Executed on September 27, 2007.

25

26                                      JEANINE M. BOURCIER

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0389

111682/JMB/5311.01

Document 112