FILED
MAY 29 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Civil No. 08cv0713 JAH(WMc)
Bankruptcy No. 05-5926

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

FRANCIS J. LOPEZ,

*Debtor*,

---

FRANCIS J. LOPEZ,

*Appellant*,

V.

ALAN STANLY,

*Appellee*.

On Appeal from Bankruptcy Court

---

## APPELLANT'S EXCERPTS OF RECORD

## VOLUME 2 of 2

---

M. Jonathan Hayes (Bar No. 90388)
21800 Oxnard St., Suite 840
Woodland Hills, CA 91367
818 710-3656
818 710-3659 fax

*Attorney for Appellant*
*Francis J. Lopez*

CR

Civil No. 08cv0713 JAH(WMc)
Bankruptcy No. 05-5926

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

FRANCIS J. LOPEZ,

*Debtor*,

---

FRANCIS J. LOPEZ,

*Appellant*,

V.

ALAN STANLY,

*Appellee*.

On Appeal from Bankruptcy Court

---

## APPELLANT'S EXCERPTS OF RECORD

## VOLUME 2 of 2

---

M. Jonathan Hayes (Bar No. 90388)
21800 Oxnard St., Suite 840
Woodland Hills, CA 91367
818 710-3656
818 710-3659 fax

*Attorney for Appellant*
*Francis J. Lopez*

TABLE OF CONTENTS

APPELLANT'S EXCERPTS OF RECORD

VOLUME 2

| Filing Date | Tab | Item | No. |
|---|---|---|---|
| 09/28/2007 | 112 | Supplemental Declaration *of L Scott Keehn in Support of Renewed Request for an Enforcement Order Imposing Monetary Sanctions ($4,442.00) Against Alleged Debtor Francis J Lopez* (related documents 111 Declaration, 105 Notice of Hearing and Motion) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Proof of Service) (Keehn, L.). Modified on 10/1/2007 (McGrew, J.). (Entered: 09/28/2007) | 391 |
| 10/19/2007 | 114 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alan Stanly, et al. --Notice of Motion and Hearing Served On: 10/19/2007. Unless an Order Shortening Time has been entered, Opposition due by: 11/5/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support; # 2 Declaration of L. Scott Keehn) (Keehn, L.). Modified on 11/1/2007 (McGrew, J.). (Entered: 10/19/2007) | 399 |
| 11/09/2007 | 115 | Opposition *to Motion for Sanctions; Declaration of Francis J Lopez in Support.* (related documents 114 Notice of Hearing and Motion,, ) | 456 |
| 11/13/2007 | 116 | Reply *to Opposition to Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor* (related documents 114 Notice of Hearing and Motion,115 Opposition) filed by L. Scott Keehn of Keehn & Associates APC on behalf of Alan Stanly. (Attachments: # 1 Reply Declaration of L Scott Keehn in Support of Motion; # 2 Evidentiary Objections to Declaration of Francis J Lopez; # 3 Proof of Service) (Keehn, L.). Modified on 11/14/2007 (McGrew, J.). | 463 |
| 12/27/2007 | 121 | Notice of Hearing and Motion *(re Petitioning Creditors' Motion for an Order Imposing Terminating Sanctions Against the Debtor)* with Certificate of Service filed by L. Scott Keehn on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly -- | 474 |
| 01/17/2008 | 125 | Opposition *to Petitioning Creditors' Motion for Terminating Sanctions; Declaration of Francis J Lopex in Support Thereof.* (related documents 121 Notice of Hearing and Motion,, ) | 547 |
| 01/22/2008 | 126 | Reply *to Opposition to Motion for an Order Imposing Terminating* | 555 |

| | | | |
|---|---|---|---|
| | | *Sanctions Against the Debtor* (related documents 125 Opposition,, 121 Notice of Hearing and Motion,, ) filed by L. Scott Keehn of Keehn & Associates, APC on behalf of Alternative Resolution Center, Northwest Florida Daily News, Alan Stanly. (Attachments: # 1 Declaration of L. Scott Keehn;# 2 Declaration of Timothy P. Dillon; # 3 Declaration of Cynthia K. Lay; # 4 Evidentiary Objections to Declaration of Francis Lopez; # 5 Proof of Service) (Keehn, L.). (Entered: 01/22/2008) | |
| 01/28/2008 | 128 | Order for Relief and Order Directing Debtor to File Schedules & Statements signed on 1/28/2008; with Certificate of Mailing. (*Incomplete Filings due by 2/12/2008). (McGrew, J.) (Entered: 01/28/2008) | 656 |

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

In Re:

FRANCIS J. LOPEZ,

Alleged Debtor.

Case No. 05-05926-PBINV

Involuntary Chapter 7

**SUPPLEMENTAL DECLARATION OF L. SCOTT KEEHN IN SUPPORT OF RENEWED REQUEST FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS ($4,442.00) AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ**

**[BIFURCATED PHASE II]**

Date: October 1, 2007 (Status Conference)
Time: 10:30 a.m.
Judge: The Honorable Peter W. Bowie
Ctrm: 4

I, L. Scott Keehn, declare:

1. I am an attorney at law, duly licenced to practice before all courts of this State, and before the United States District Court for the Southern District of California. I am a shareholder of the firm Keehn & Associates APC, attorneys of record for Petitioning Creditors. I have personal knowledge of the factual matters stated herein.

2. On September 19, 2007, at 12:21 p.m., M. Jonathan Hayes, alleged debtor's attorney of record herein, transmitted to your declarant an e-mail in which he: (a) confirmed

October 22, 2007 as the date upon which Mr. Lopez agreed to be deposed in our office at San Diego, California, and (b) suggested that we stipulate to continue the October 1, 2007 Status Conference in light of that fact.

3. On September 20, 2007, at 7:53 a.m. your declarant responded to Mr. Hayes e-mail by: (a) inquiring as to whether 9:30 a.m. on October 22 would be a convenient time to commence the deposition; and (b) disclosing to Mr. Hayes that we intended to renew our application for the imposition of monetary sanctions at the October 1, 2007 Status Conference.

4. Attached hereto and marked as Exhibit A and incorporated herein by this reference is a true copy of a string of e-mail correspondence between your declarant and Mr. Hayes. It begins with the e-mail message transmitted by Mr. Hayes to your declarant on September 27, 2007, at 4:20 p.m. That e-mail discloses that Mr. Hayes had just arranged to appear telephonically at the Status Conference set for October 1, 2007, at 10:30 a.m. Your declarant was out of the office at the time the e-mail was received, but it came to his attention upon his return at or about 6:15 p.m. that date. The second e-mail embodied in Exhibit A was transmitted to Mr. Hayes by your declarant at 6:43 p.m. on September 27, 2007. As more fully appears from Exhibit A, the purpose of the second e-mail was to provide Mr. Hayes with renewed notice of petitioning creditor's intention to renew its motion for the imposition of monetary sanctions, and to provide Mr. Hayes with immediate copies of the two declarations, and supporting exhibits that had been filed earlier in the day to support that request. The second e-mail also advises Mr. Hayes that this declaration would be filed on Friday, September 28, 2007.

5. A copy of this declaration will be forwarded to Mr. Hayes electronically at or about the same time that it is filed with the court. This copy is an addition to, not in lieu of, the copy that will be served by mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed this 28th day of September, 2007, at San Diego, California.

/s/ L. Scott Keehn
L. Scott Keehn

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

# EXHIBIT A

# L. Scott Keehn - Re: Status Conference

**From:** L. Scott Keehn
**To:** Hayes, M. Jonathan
**Date:** 9/27/2007 6:43 PM
**Subject:** Re: Status Conference
**Attachments:** Stanly092707LSKDecl.pdf; Stanly092707TPDDecl.pdf; Stanly092707Exh1-3.pdf; Stanly092707Exh4-7.pdf

Jon,

You may want to re-think the wisdom of a telephonic appearance. As I told you in an e-mail dated 9/20/07, we would be renewing our request to have monetary sanctions imposed as part of the hearing on 10/1/07. The attached declarations and exhibits were filed today in support of that renewed request. Tomorrow morning I will be filing a supplemental declaration advising the court of the substance of your e-mail to me sent 9/19/07 (requesting a stipulated continuance), and my response on 9/20/07 (advising you of our intent to renew the sanctions request). I want the Court to know that you made the decision to appear telephonically with full knowledge of our intent to request sanctions, so that it is clear that if you are disadvantaged in having to respond telephonically, the disadvantage was self-inflicted.

So as I said in the beginning, you may want to re-think the idea of appearing telephonically.
Best regards,
Scott

This is an e-mail from Keehn & Associates, APC, Attorneys-at-Law. THE CONTENTS OF THIS E-MAIL ARE PRIVILEGED AND CONFIDENTIAL AND ARE INTENDED ONLY FOR THE USE OF THE ORDINARY USER OF THE E-MAIL ADDRESS TO WHICH IT WAS ADDRESSED. No one
else may copy or forward all or any of it in any form. Our postal address is 402 West Broadway, Suite 1210, San Diego, California 92101.

If you receive this e-mail in error, we would be obliged if you would contact the sender by reply email or telephone at (619) 400-2200 and destroy all copies of the original message.

>>> "M. Jonathan Hayes" <jhayes@polarisnet.net> 9/27/2007 4:20 PM >>>

Scott,

This note is to let you know that I will be appearing by telephone for the Status Conference on Monday, Oct 1 at 10:30a.m. I just set it up with Judge Bowie's Courtroom Deputy - Marylyn.

Jon

M. Jonathan Hayes
jhayes@polarisnet.net

0394

21800 Oxnard St. Suite 840

Woodland Hills, CA 91367

(818) 710-3656

(818) 710-3659 fax

(818) 402-7537 cell

THIS COMMUNICATION IS PROTECTED FROM DISCOVERY BY THE ATTORNEY
CLIENT

PRIVILEGE AND IS ATTORNEY WORK PRODUCT. "This message contains confidential
information intended for the recipient only. If you have received this
message in error, please call (818) 710-3656 and notify me of that fact and destroy all
copies of this message."

Thank you.

0395

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>Alleged Debtor. | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**PROOF OF SERVICE**<br><br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

I, the undersigned, declare that I am over the age of eighteen years and not a party to this cause. I am employed in, or am a resident of, the County of San Diego, California, and my business address is: 402 West Broadway, Suite 1210, San Diego, California.

On the date shown below, I caused to be served the following document(s):

**1. SUPPLEMENTAL DECLARATION OF L. SCOTT KEEHN IN SUPPORT OF RENEWED REQUEST FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS ($4,442.00) AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ**

[ ] BY PERSONAL SERVICE: I placed a true copy of the above document(s) in a sealed envelope clearly labeled to identify the attorney for the party being served, and personally caused said such envelope to be personally delivered on each addressee named hereafter:

[ ] BY FACSIMILE AND MAIL: I declare that upon the prior agreement of the party being served, I served the above named documents by facsimile transmission during usual office hours from facsimile number 619-400-2201, to a facsimile machine maintained by the person on whom it is served and that the transmission was reported as complete and without error. Thereafter, I mailed (by first-class mail, postage prepaid) a true copy to each addressee named hereafter:

[✔] BY MAIL: I declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business; and that a true copy was placed in a separate envelope, with postage thereon fully prepaid for each addressee named hereafter:

M. Jonathan Hayes
Law Office of M. Jonathan Hayes
21800 Oxnard Street, Suite 840
Woodland Hills, CA 91367

[✔ BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a true copy of the above-named document(s) to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

jhayes@polarisnet.net

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 28, 2007.

/s/ Jeanine M. Bourcier
**JEANINE M. BOURCIER**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Document 114

CSD 1183 [10/17/05]
Name, Address, Telephone No. & I.D. No.

L. Scott Keehn (SBN 61691)
Leslie F. Keehn (SBN 199153)
KEEHN & ASSOCIATES, APC
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200
Attorneys for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FRANCIS J. LOPEZ,

Tax I.D.(EIN)#:_____________/S.S.#:XXX-XX-_____ Alleged Debtor.

BANKRUPTCY NO. 05-05926-PBINV

## NOTICE OF HEARING AND MOTION

TO: Alleged Debtor, Francis J. Lopez, Other Parties in Interest, and their Attorneys of Record

**YOU ARE HEREBY NOTIFIED** that on November 19, 2007, at 2:00 p.m., in Department No. 4, Room 328 the Jacob Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California 92101-6991, there will be a hearing regarding the motion of the Petitioning Creditors, For an Enforcement Order Imposing Monetary Sanctions Against the Debtor.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14)[1] DAYS FROM THE DATE OF SERVICE.

DATED: October 19, 2007

//s// L. Scott Keehn
[Attorney for] Moving Party

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions.

CSD 1183/110311

**CERTIFICATE OF SERVICE**

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on 19th day of October, 2007, I served a true copy of the within NOTICE OF MOTION AND HEARING, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR, and DECLARATION OF L. SCOTT KEEHN RE: MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR by [describe here mode of service]

FIRST CLASS MAIL

on the following persons [set forth name and address of each person served] and/or as checked below:

[ ✔ ] Attorney for Debtor (if required):

M. Jonathan Hayes
Law Office of M. Jonathan Hayes
21800 Oxnard St., Suite 840
Woodland Hills, CA 91367

[ ] See attached Service List

[ ✔ ] For Chpt. 7, 11, & 12 cases:

UNITED STATES TRUSTEE
Department of Justice
402 West Broadway, Suite 600
San Diego, CA 92101

[ ] For ODD numbered Chapter 13 cases:

THOMAS H. BILLINGSLEA, JR., TRUSTEE
530 "B" Street, Suite. 1500
San Diego, CA 92101

[ ] For EVEN numbered Chapter 13 cases:

DAVID L. SKELTON, TRUSTEE
525 "B" Street, Suite 1430
San Diego, CA 92101-4507

I certify under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2007
(Date)

//s// Lisa L. Keehn
(Typed Name and Signature)

402 West Broadway, Suite 1210
(Address)

San Diego, CA 92101
(City, State, ZIP Code)

0400

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>Alleged Debtor. | Case No. 05-05926-PBINV<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR**<br><br>**[BIFURCATED PHASE II]**<br><br>Date: November 19, 2007<br>Time: 2:00 p.m.<br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to these proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"), Petitioning Creditors respectfully submit their Motion for an Order from this Court imposing monetary sanctions against Lopez in the amount of **$12,133.50**, consisting of actually-incurred legal fees as follows: (a) $3,155.00 for preparing this motion; (b) $2,164.50 for preparing the necessary documents and questions for Lopez's deposition; (c) $224.00 for confering with Lopez's attorney regarding Lopez's *last minute* failure to appear for his deposition; and (d) $6,590.00 for preparing Petitioning Creditors' renewed motion for the monetary sanctions originally requested on May 24, 2007.

0401

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

## I. INTRODUCTION

***"Unless Rule 37 is perceived as a credible deterrent rather than a 'paper tiger,' . . . the pretrial quagmire threatens to engulf the entire litigative process."[1]***

This is the second sanctions motion Petitioning Creditors have brought to redress discovery abuses by the Alleged Debtor — Francis J. Lopez ("Lopez").[2] Lopez's unreasonable and unjustified delay tactics have dragged the discovery portion of Phase II of this case out for almost a year, and — despite the imposition of evidentiary sanctions, multiple admonishments from this Court, and the threat of $4,242 in monetary sanctions — Lopez remains undeterred. As set forth below, for the past three months, Petitioning Creditors have been attempting to take Lopez's deposition. True to form, Lopez feigns cooperation, and then, at the last minute, proffers some excuse as to why he can not comply.

On June 25, 2007, counsel for Lopez (Jonathan Hayes ) and Petitioning Creditors (Scott Keehn) conferred in person regarding Petitioning Creditors' request to take Lopez's deposition. At that time, Mr. Keehn stated that he would like to calendar Lopez's deposition before July 31, 2007 because he would be out of the office for virtually the entire month of August. The attorneys agreed that either July 20 or July 27 would work on their calendars, and Mr. Hayes stated that he would inquire as to Lopez's availability on those dates. Three days later, on June 28, 2007, Mr. Hayes emailed Mr. Keehn the following message: *"I have spoken to my client about the deposition dates we discussed, July 20 or 27. He is checking his calendar. I will let you know **shortly.**"* (Emphasis added.)

Twenty-two days later — in the early evening of July 20, 2007 — Mr. Hayes transmitted an email suggesting, for the first time, July 31, 2007, as an available date for the deposition. Given that July 31, 2007 would be Mr. Keehn's last day in the office before a 30-day vacation, he knew he would be fully consumed with matters necessary to be completed in preparation for that

---

[1] *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2nd Cir. 1979).

[2] See, Docket Item 105 (Petitioning Creditors' "Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor").

0402

absence. Because of that, and because of the fact that he had received absolutely no communication from Mr. Hayes' office following the June 28, 2007 email, Mr. Keehn issued and mailed to Mr. Hayes a notice of Lopez's deposition for Tuesday, September 11, 2007, at 9:00 a.m. in San Diego.

On July 31, 2007, this Court conducted a Status Conference wherein Mr. Keehn reported to the Court the events summarized above, including the fact that Petitioning Creditors had noticed Mr. Lopez's deposition for September 11, 2007. Mr. Hayes stated in open court that he would communicate that information to Mr. Lopez, and inform Petitioning Creditors if Lopez could not attend his deposition on the scheduled date. That was the last Petitioning Creditors heard from Mr. Hayes until September 10, 2007.

Reasonably assuming Lopez's deposition would proceed on September 11, 2007, the office of the counsel for Petitioning Creditors spent a total of 7.7 hours (constituting attorney and paralegal time) to prepare the necessary documents and questions. Petitioning Creditors were billed $2,164.50 for that time.

In the afternoon of September 10, 2007 — less than 24 hours before the deposition was scheduled to begin — Lopez's attorney sent Mr. Keehn a brief email stating that Lopez was "*unable to make travel arrangements for the deposition tomorrow.*" The email suggested October 8, 2007 or October 22, 2007 as possible dates for the deposition. Lopez's deposition is currently scheduled for October 22, 2007 at 9:30 a.m. based on Mr. Hayes' representation that it was an acceptable date and time. This latest delay caused attorney Keehn to spend an additional 0.7 hours conferring with attorney Hayes. Another 25.7 hours was spent reviewing the requisite evidence, and drafting the declarations in support of Petitioning Creditors renewed motion for the monetary sanctions originally requested on May 24, 2007. The bulk of that time was spent setting forth a clear, comprehensive record for this Court of Lopez's egregious history of delay and non-compliance with court orders.

As stated in open court on June 25, 2007,[3] once Lopez's deposition is conducted,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

[3] See, 6/25/07 Transcript at p. 18. [Docket Item 110.]

0403

Petitioning Creditors intend to prepare and file a summary judgment motion to establish that Lopez was in fact not paying his debts as they came due as of the date of the involuntary petition.

Lopez's past misconduct in this case mirrors his extensive misconduct in other litigation involving Lopez and Petitioning Creditor Alan Stanly in other San Diego courts, as detailed in the Declaration of Timothy P. Dillon filed herein on September 27, 2007, and incorporated herein by this reference.[4] Considering Lopez's pervasive custom and practice of refusing to perform his duties as a litigant unless and until he is [forensically] bludgeoned into submission by the court, it appears clear that monetary sanctions must be imposed. Without a significant sanctions order, Petitioning Creditors do not believe that Lopez will ever voluntarily appear for, and participate in good faith at, his deposition in this case.

## II. DISCUSSION

### A. Monetary Sanctions are a Necessary and Appropriate Response to Lopez's Unreasonable Pattern of Delay, Avoidance and Willful Non-Compliance.

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules."[5] Here, FRCP 37 is made applicable to these proceedings by FRBP 9014(c), and grants this Court broad discretion to tailor appropriate sanctions for Lopez's continued, unreasonable refusal to perform his duties as a litigant, and participate in discovery in a meaningful way.[6]

Where, as here, an alleged debtor has engaged in a course of conduct clearly designed to avoid his discovery obligations, even the seemingly "harsh" sanction of striking the debtor's answer and adjudicating him a bankrupt is both appropriate and necessary to avoid encouraging "a

---

4 See, Docket Item 111.

5 *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

6 *Matter of Visioneering Const.*, 661 F.2d 119, 123 (9th Cir. 1981) ("The bankruptcy court, faced with an obstreperous alleged bankrupt, unequivocally had the power to apply Fed.R.Civ.P. 37 sanctions for obstruction of discovery"); *In re Williams*, 215 B.R. 289, 299 (Dist. Ct. D.R.I. 1997) ("the choice and severity of the sanction imposed is a matter reserved to the sanctioning court's discretion").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

blatant disregard for the discovery mechanism."[7] Such terminating sanctions are likewise appropriate where, as here, a litigant's "pattern of delay and avoidance" includes unreasonably stonewalling a properly-noticed deposition.[8] Petitioning Creditors are willing – for the moment – to stop short of requesting terminating sanctions, and accept monetary sanctions to enable this case to proceed forward to summary judgment on the merits.

Monetary sanctions are the "mildest" on the "spectrum of sanctions" provided in FRCP 37.[9] Here, such sanctions may properly include the fees incurred in: (a) preparing for the 09/11/2007 deposition that was unreasonably cancelled at the last minute, (b) renewing the 05/24/2007 request for monetary sanctions, and (c) bringing the current motion for additional sanctions.[10] Payment of these amounts is a fair and proportionate response to Lopez's misconduct given that none of the expenses would have been incurred but for his unreasonable stonewalling. Indeed, where a "proceeding has been caused entirely by [a party's] failure to comply with their discovery obligations, the Court could impose the entire cost of the proceeding on [that party]."[11] Requiring the offending party to pay for the expenses caused by their misconduct "sends a strong message that playing 'hide the ball' in discovery does not go unpunished."[12]

---

7 *In re Rice*, 14 B.R. 843, 846 (9th Cir.BAP 1981); *Matter of Visioneering Const.*, supra, 661 F.2d at 123 (court's order striking alleged debtor's answer was an appropriate sanction since the debtor had "deliberately and obstinately refused to cooperate with discovery requests and court orders").

8 *De Falco v. Oak Lawn Public Library*, 25 Fed.Appx. 455, 457 (7th Cir. 2001) (terminating sanctions appropriate where the plaintiff "did not miss only a single discovery deadline, and his refusal to attend his deposition flouted the district court's order and exemplified the delay and avoidance to which the court referred"); see also, (terminating sanction was proper where defendant's "flouting of the district court's authority and [plaintiff's] right to depose him furnished adequate proof that he acted willfully"); *Shawmut Boston Intern. Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985); *Ziontz v. Food Fair Stores, Inc.*, 31 F.R.D. 295 (E.D.Pa.1962).

9 *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 at 1066 ("The mildest [discovery sanction] is an order to reimburse the opposing party for expenses caused by the failure to cooperate").

10 *Goldman v. Alhadeff*, 131 F.R.D. 188, 192 (Dist. Ct. W.D.Wash. 1990).

11 *L. Tarango Trucking v. County of Contra Costa*, 202 F.R.D. 614, 620 (Dist. Ct. N.D.Cal. 2001).

12 *Id.*

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0405

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**B. Sanctions Must be Imposed in Light of the Entire Record**

"[S]anctions must be weighed in light of the full record in the case."[13] Here, it took Petitioning Creditors over six months to receive partial, inadequate responses to their written discovery. That portion of discovery has now concluded with this Court's imposition of evidentiary sanctions prohibiting Lopez from proffering any evidence not produced pursuant to those written requests. The only remaining discovery is Lopez's deposition, which Petitioning Creditors have been attempting to take for over 3 months. Petitioning Creditors would have preferred to schedule Lopez's deposition back in January or February of this year, but were forced to delay that process by Lopez's refusal to provide meaningful responses to the written discovery which Petitioning Creditors needed to review and analyze before concluding this discovery phase with Lopez's deposition. "Only by requiring [Lopez] to pay for [Petitioning Creditors] preparation for and participation" in the unnecessary discovery proceedings can this Court redress the harm and prejudice inflicted on Petitioning Creditors and the judicial process.[14]

///
///
///
///
///
///
///
///
///
///

---

[13] *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 F.2d at 1068.

[14] *L. Tarango Trucking v. County of Contra Costa*, supra, 202 F.R.D. at 620; see also, *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents").

0406

## III. CONCLUSION

As stated supra, "sanctions must be weighed in light of the full record in the case."[15] Petitioning Creditors have now thoroughly set forth Lopez's appalling record of ignoring his discovery obligations and *thumbing his nose* at this Court's authority and orders. His conduct is inexcusable. Based on that, and on all of the foregoing, Petitioning Creditors respectfully request that this Court issue an Order imposing monetary sanctions against Lopez in the amount of $12,133.50.

Dated: October 19, 2007

**KEEHN & ASSOCIATES**
A Professional Corporation

By: //s// L. Scott Keehn
L. Scott Keehn
Attorneys for **Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

[15] *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 F.2d at 1068.

0407

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
**KEEHN & ASSOCIATES**
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>Alleged Debtor. | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**DECLARATION OF L. SCOTT KEEHN RE: MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR**<br><br>**[BIFURCATED PHASE II]**<br><br>Date: November 19, 2007<br>Time: 2:00 p.m.<br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

I, L. Scott Keehn, declare:

1. I am an attorney at law, duly licenced to practice before all courts of this State, and before the United States District Court for the Southern District of California. I am a shareholder of the firm Keehn & Associates APC, attorneys of record for Petitioning Creditors. I have personal knowledge of the factual matters stated herein.

2. The "Declaration of L. Scott Keehn in Support of Petitioning Creditors' Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Evidentiary Sanctions Against the Debtor" was filed herein by my office on May 24, 2007, and is incorporated herein by this reference.[1] In that Declaration, I summarized the delay and *bad faith* discovery tactics employed by Lopez during the 6-month period of December 3, 2006 through May 23, 2007.

3. On March 12, 2007, the Court ordered Lopez to provide supplemental discovery responses on or before April 11, 2007. The Court — in open session — indicated that it was deferring its ruling on the request for monetary sanctions of $4,442 because: (a) it wanted the risk of those sanctions to serve as a *Sword of Damocles* to encourage compliance with the Court's order; and (b) Lopez would have to "work his way out of those sanctions." Unfortunately, Lopez is apparently unimpressed with either this Court's order or the threat of sanctions.

4. On June 25, 2007, the Court conducted its hearing on Petitioning Creditors' request for monetary and evidentiary sanctions based on Lopez's dilatory tactics up to that time.[2] The Court deferred again the imposition of previously requested monetary sanctions ($4,442.00), but ordered the imposition of evidentiary sanctions precluding Lopez's use of any documents which he had not yet produced.[3]

5. On the courthouse steps following the June 25, 2007 hearing, I conferred with Lopez's attorney Jonathan Hayes regarding Petitioning Creditors' request to take Lopez's deposition. At that time, I stated that I would like to calendar the deposition before July 31, 2007 because I would be out of my office for virtually the entire month of August. Mr. Hayes and I agreed that either July 20 or July 27 would work on our calendars, and Mr. Hayes indicated that he would inquire as to Lopez's availability on those dates.

6. Three days later, on June 28, 2007, Mr. Hayes transmitted to me the following email message: *"I have spoken to my client about the deposition dates we discussed, July 20 or 27. He is checking his calendar. I will let you know **shortly**."* (Emphasis added.)

---

[1] See Exhibit 1, Docket Item 105 (attachment #2).

[2] See Exhibit 2, Docket Item 110 [Transcript of the June 25, 2007 hearing ("6/25/07 Transcript")].

[3] See Exhibit 2, 6/25/07 Transcript at p. 17.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

7. Twenty-two days later — in the early evening of July 20, 2007 — Mr. Hayes transmitted an email suggesting, for the first time, July 31, 2007, as an available date for the deposition.

8. Given that July 31, 2007 would be my last day in the office before a 30-day vacation, I knew I would be fully consumed with matters necessary to be completed in preparation for that absence. Because of that, and because of the fact that I had received absolutely no communication from Mr. Hayes' office following the June 28, 2007 email, my office issued and mailed to Mr. Hayes a notice of Lopez's deposition for Tuesday, September 11, 2007, at 9:00 a.m. in our office.

9. On July 31, 2007, there was a further Status Conference in the case. I reported to the Court the events summarized in paragraphs 5-8 above, including the fact that we had noticed Mr. Lopez's deposition for September 11, 2007. Mr. Hayes stated in open court that he would communicate that information to Mr. Lopez, and let me know if there was any problem with that date. That was the last I heard from Mr. Hayes until September 10, 2007.

10. In the afternoon of September 10, 2007 — less than 24 hours before the deposition was scheduled to begin — Lopez's attorney sent me a brief email stating that Lopez was "*unable to make travel arrangements for the deposition tomorrow*." The email suggested October 8, 2007 or October 22, 2007 as possible dates for the deposition. Lopez's deposition is currently scheduled for October 22, 2007 at 9:30 a.m. based on Mr. Hayes' representation that it was an acceptable date and time.

11. As stated in open court on June 25, 2007,[4] once Lopez's deposition is conducted, Petitioning Creditors intend to prepare and file their summary judgment motion to establish that Lopez was in fact not paying his debts as they came due as of the date of the involuntary petition.

12. Lopez's past misconduct in this case mirrors his extensive misconduct in other litigation involving Lopez and Petitioning Creditor Alan Stanly in other San Diego courts, as detailed in the Declaration of Timothy P. Dillon filed herein on September 27, 2007 and

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

4 See Exhibit 2, 6/25/07 Transcript at p. 18.

0410

111886/LFK/5311.01

incorporated herein by this reference.[5] Considering Lopez's pervasive custom and practice of refusing to perform his duties as a litigant unless and until he is [forensically] bludgeoned into submission by the court, it appears clear that monetary sanctions should now be imposed. Without a significant sanctions order, I do not believe that Lopez will ever voluntarily appear for, and participate in good faith at, his deposition in this case.

13. My office spent a total of 13.6 hours preparing this second motion for sanctions to redress Lopez's discovery abuses. Specifically, attorney Leslie F. Keehn spent 12.6 hours working on this motion, at her standard hourly rate of $225.00. I worked 1.0 hour, at my standard hourly rate of $320.00. Petitioning Creditors will be billed a total of $3,155.00 for this motion.

14. I have reviewed the applicable time and billing records generated by my office. True and correct copies of those records are attached hereto as Exhibit 4,[6] and are summarized as follows: (a) $2,164.50 for 7.7 hours (attorney and paralegal time) spent preparing the necessary documents and questions for Lopez's deposition; (b) $224.00 for 0.7 hours of my time to confer with attorney Hayes regarding Lopez's last minute failure to appear; and (c) $6,590.00 for 25.7 hours of total attorney time (including my time and Leslie F. Keehn's time) reviewing the requisite evidence, and drafting the declarations in support of Petitioning Creditors' renewed motion for the monetary sanctions originally requested on May 24, 2007.

15. With this motion, Petitioning Creditors are seeking monetary sanctions in the total amount of **$12,133.50** to fully reimburse them for the fees they have actually incurred as described in Paragraphs 13 and 14 above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed this 19th day of October, 2007, at San Diego, California.

/s/ L. Scott Keehn
L. Scott Keehn

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

[5] See Exhibit 3, Docket Item 111 (attachment #1).

[6] The non-applicable entries in the billing records contained in Exhibit 4 have been redacted.

0411

111886/LFK/5311.01

# EXHIBIT 1

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
KEEHN & ASSOCIATES
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for Petitioning Creditors

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>FRANCIS J. LOPEZ,<br><br>Alleged Debtor. | Case No. 05-05926-PBINV<br><br>Involuntary Chapter 7<br><br>**DECLARATION OF L. SCOTT KEEHN IN SUPPORT OF PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER: (1) IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR; AND (2) IMPOSING EVIDENTIARY SANCTIONS AGAINST THE DEBTOR**<br><br>**[BIFURCATED PHASE II]**<br><br>Date: June 25, 2007<br>Time: 10:30 a.m.<br>Judge: The Honorable Peter W. Bowie<br>Ctrm: 4 |

I, L. Scott Keehn, declare:

1. I am an attorney at law, duly licenced to practice before all courts of this State, and before the United States District Court for the Southern District of California. I am a shareholder of the firm Keehn & Associates APC, attorneys of record for Petitioning Creditors. I have personal knowledge of the factual matters stated herein.

2. On November 03, 2006, my office served Lopez with Petitioning Creditors' First Set of Written Discovery for Phase II (the "Phase II Written Discovery"), consisting of: (1) First

Phase II Requests for Admission Propounded by Petitioning Creditors [10 Requests]; (2) First Phase II Request for Production of Documents by Petitioning Creditors [162 categories of documents]; and (3) First Phase II Interrogatories Propounded by Petitioning Creditors [35 Interrogatories]. True and correct copies of the Phase II Written Discovery are attached hereto, marked Exhibits A, B and C respectively. Lopez's responses were due on December 4, 2006.

3. On December 03, 2006, Lopez served his "Response to Requests for Admission Propounded to Alleged Debtor Francis J. Lopez (Phase II)." **Lopez's responses were deficient, and Lopez failed to verify the responses.**

4. On December 05, 2006, Lopez served his "Response to Interrogatories Propounded to Alleged Debtor Francis J. Lopez (Phase II). **Lopez's responses were deficient, and Lopez failed to verify the responses.** At the same time, Lopez served his "Response to Requests for Production of Documents." **Lopez's responses were deficient.**

5. On December 13, 2006, I sent a *meet and confer* letter to Lopez's attorney, M. Jonathan Hayes, notifying him of the deficiencies in Lopez's responses to the Phase II Written Discovery.

6. On December 15, 2006, attorney Hayes and I participated in a telephonic *meet and confer* conference wherein the parties agreed that Lopez would provide supplemental responses to the Phase II Written Discovery on or before January 12, 2007.

7. On January 12, 2007 – the Deadline for Lopez to provide the promised supplemental responses to the Phase II Written Discovery – **Lopez failed, without explanation, to provide supplemental responses to the Phase II Written Discovery.**

8. On January 19, 2007, I sent a follow-up *meet and confer* letter to attorney Hayes requesting an explanation regarding Lopez's failure to provide the promised supplemental responses to discovery, and notifying Lopez of the imminent likelihood of a motion to compel his responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond to that *meet and confer* letter.**

9. On January 29, 2007, Petitioning Creditors filed a Motion to Compel responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond or file an**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**Opposition to that Motion.**

10. On March 10, 2007 – a Saturday, just two days prior to the scheduled hearing on Petitioning Creditors' Motion to Compel Lopez's responses to the Phase II Written Discovery – attorney Hayes emailed me approximately 155 pages of documents, purportedly in response to the "First Phase II Request for Production of Documents by Petitioning Creditors." **This last-minute "*document dump*" was improper because the documents: (1) were not responsive to the Requests, (2) were not organized by category of Request, and (3) consisted of at least 103 pages of pleadings filed in the San Diego Superior Court which are already in the Petitioning Creditors' possession. Lopez failed, without explanation, to explain the deficiencies and/or his failure to provide the agreed-upon supplemental responses.**

11. On March 12, 2007, I appeared at the hearing during which this Court granted Petitioning Creditors' motion to compel Lopez to provide supplemental responses to the Phase II Written Discovery.[1] The Court ordered Lopez to provide the supplemental responses on or before April 11, 2007. The Court — in open session — indicated that it was deferring its ruling on the request for monetary sanctions of $4,242 because: (a) it wanted the risk of those sanctions to serve as a *Sword of Damocles* to encourage compliance with the Court's order; and (b) Lopez would have to "work his way out of those sanctions."

12. On April 10, 2007, Lopez mailed my office a set of supplemental responses to the Phase II Written Discovery which were patently deficient in that, i.e., they failed to fully respond to the Interrogatories asked, failed to provide facts in support of asserted denials to the Requests for Admissions, and failed to produce responsive documents. True and correct copies of Lopez's supplemental responses are attached hereto marked Exhibits D, E and F.

13. On May 11, 2007, the parties, through their counsel, attended a status conference wherein this Court ordered Lopez to file proper supplemental responses to the Phase II Written Discovery on or before May 21, 2007. Later that afternoon, I met with attorney Hayes at my office regarding the deficiencies in Lopez's supplemental responses to the Phase II Written Discovery.

[1] See, Docket Item #93.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

0415

110315/LFK/5311.01

Attorney Hayes requested that I set forth the deficiencies in a *meet and confer* letter to him.

14. As requested, on May 14, 2007, I sent a *meet and confer* letter via email and first class United States mail to attorney Hayes which enumerated each and every deficiency in Lopez's supplemental responses to the Phase II Written Discovery. A true and correct copy of that letter is attached hereto, marked Exhibit G.

15. After the close of business, at 7:10 P.M., on May 21, 2007 – the deadline for Lopez to supplement his supplemental responses to the Phase II Written Discovery – attorney Hayes emailed me a request for two additional days for Lopez to supplement his responses to the Phase II Written Discovery. The next morning, on May 22, 2007, I responded to attorney Hayes' email by indicating that I would grant the requested two-day extension of time, in exchange for a stipulation providing Petitioning Creditors with an equivalent two-business-day extension of time – from May 25, 2007 to May 30, 2007 – to file any necessary discovery motion. A true and correct copy of that email correspondence is attached hereto, marked Exhibit H.

16. On May 23, 2007, attorney Hayes sent me an email wherein he withdrew Lopez's request for an extension of time, and notified me that Lopez would not be providing any additional responses to the Phase II Written Discovery. A true and correct copy of that email correspondence is attached hereto, marked Exhibit I.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed this 24th day of May, 2007, at San Diego, California.

/s/ L. Scott Keehn
L. Scott Keehn

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHIEF JUDGE PETER W. BOWIE, PRESIDING

FRANCIS J. LOPEZ ) CASE NO. 05-05926-PB

1) STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER

2) PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER: A ) IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR; AND, B) IMPOSING EVIDENTIARY SANCTIONS AGAINST THE DEBTOR.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SAN DIEGO, CALIFORNIA
MONDAY, JUNE 25, 2007

SAN DIEGO BANKRUPTCY REPORTERS
BY: LYNETTE ALVES
P.O.BOX 496
SOLANA BEACH, CA 92075
(858) 336-8558

**APPEARANCES**

**M. JONATHAN HAYES**
LAW OFFICE OF M. JONATHAN HAYES
21800 OXNARD ST.
SUITE 840
WOODLAND HILLS, CA 91367
(818) 710-3656

**L. SCOTT KEEHN**
KEEHN & ASSOCIATES, APC
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CA 92101
(619) 400-2200

SAN DIEGO, CALIFORNIA, MONDAY, JUNE 25, 2007 , 10:00 A.M.

--- O O O ---

THE CLERK: IN THE MATTER OF FRANCIS J. LOPEZ. TWO MATTERS: CONTINUED STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER; AND, PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER (1) IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR; AND, (2) IMPOSING EVIDENTIARY SANCTIONS AGAINST THE DEBTOR.

APPEARANCES, PLEASE.

MR. KEEHN: GOOD MORNING, YOUR HONOR.

SCOTT KEEHN APPEARING ON BEHALF OF THE PETITIONING CREDITORS.

MR. HAYES: GOOD MORNING, YOUR HONOR.

JOHN HAYES APPEARING FOR THE DEBTOR -- ALLEGED DEBTOR.

MR. KEEHN: YOUR HONOR, THIS PARTICULAR ODYSSEY BEGAN BEFORE THANKSGIVING, IF YOU CAN BELIEVE THAT, BACK ON NOVEMBER 3RD.

THE COURT: THAT'S NOTHING AT ALL COMPARED TO ADAMS.

MR. KEEHN: YOU KNOW, I WAS HOPING YOU WOULDN'T JUST CONFINE YOURSELF TO THIS RECORD. AND ALSO THE CASE BEFORE, THERE WERE THIRTEEN MEET AND CONFER LETTERS; AND WE DON'T MEET THAT RECORD, EITHER.

BUT THIS IS AN INVOLUNTARY PETITION. AND WE WERE HOPING TO MOVE IT ALONG WITH A LITTLE MORE ALACRITY THAN YOU MIGHT EXPECT IN --

THE COURT: SO YOU'RE SAYING IT REMAINS INVOLUNTARY?

MR. KEEHN: OH, VERY INVOLUNTARY.

WHAT WE HAVE HERE IN RESPONSE TO OUR REQUEST FOR DISCOVERY

THAT WERE PROMULGATED NOW SEVEN MONTHS AGO; AT FIRST THERE WAS NO RESPONSE AT ALL IN THE APPROPRIATE PERIOD. ALL OBJECTIONS WERE WAIVED. AND WHEN WE MOVED FOR MOTION TO COMPEL THE SANCTIONS. COUNSEL COMES IN AND APOLOGIZES FOR DEBTOR, BEMOANS THE FACT THAT WE'RE ASKING FOR A LOT OF INFORMATION; AND AGREES TO THE COURT'S RULING THAT SUPPLEMENTAL RESPONSES SHOULD BE PROVIDED NOT LATER THAN THE 21ST OF MAY.

WELL, ON THE 21ST OF MAY -- AND, ACTUALLY NOTHING HAPPENED BETWEEN THE TIME THE COURT MADE THAT -- GAVE THE DEBTOR THAT SECOND CHANCE. NOTHING HAPPENED BETWEEN THEN AND MAY 21ST UNTIL SHORTLY AFTER SEVEN IN THE EVENING WHEN MR. HAYES E-MAILED MY E-MAIL WITH A REQUEST FOR A DAY OR TWO EXTENSION.

WELL, I DIDN'T HAVE ANY PROBLEM WITH A DAY OR TWO EXTENSION, AS LONG AS I GET AN EQUAL EXTENSION AND TIME TO REPLY. AS SOON AS I SAW THE E-MAIL THE FOLLOWING MORNING, I RELAYED THAT INFORMATION TO MR. HAYES.

IN RESPONSE TO THAT, I RECEIVED ANOTHER E-MAIL THAT SAID, NO, WE'RE NOT GOING TO PROVIDE ANYTHING ELSE AND WE'RE WITHDRAWING OUR REQUEST FOR EXTENSION.

SO ONCE AGAIN, WE HAVE THE TIME PERIOD PASSING AND, OF COURSE, WE WERE PREJUDICED, NOT IN AN OVERWHELMING DEGREE, BUT NOTICEABLY BY THE FACT THAT IN RESPONSE TO THE FIRST E-MAIL WE HAD ANTICIPATED THAT WE WOULD NOT HAVE TO MEET THE ORIGINAL DEADLINE FOR RESPONSE.

SO, UPON RECEIVING THE WITHDRAWAL E-MAIL, WE QUICKLY

REGROUPED AND DID OUR REPLY -- DID OUR MOTION, RATHER.   WE

HAD ONLY A FEW DAYS TO DO THAT, GIVEN THE SETTING OF THIS

PARTICULAR HEARING IN ORDER TO GIVE AN ADEQUATE TIME TO

RESPOND.   SO WE DID THAT.

AND WE HAVE WHAT HAS BECOME A FAMILIAR PATTERN.   WE HAVE,

WHAT PURPORTS TO BE RESPONSES GIVEN ON BEHALF OF MR. LOPEZ;

AND, IN FACT, THEY'RE NOT REALLY GOOD-FAITH RESPONSES AT

ALL.   THEY PROVIDE SOME PAPER, MOST OF WHICH WAS PLEADINGS

IN CASES THAT MR. LOPEZ HAD EVERY REASON TO KNOW THAT WE

ALREADY HAD AND SO WOULD BE COMPLETELY USELESS.

NOW, THIS PARTICULAR DISCOVERY DISPUTE CREATES A DYNAMIC

THAT'S DIFFERENT FROM MOST DISCOVERY DISPUTES, BECAUSE

MOST DISCOVERY DISPUTES ARISE IN TRADITIONAL LITIGATION.

AND TRADITIONAL LITIGATION IS ALWAYS LOOKING BACK AT AN

EVENT AND IS STATIC, IN TERMS OF WHERE THE LIABILITIES WILL

FALL.   BECAUSE THEY DEPEND ON WHAT HAPPENED BACK WHEN

WHATEVER INCIDENT OCCURRED, WHATEVER COURSE OF CONDUCT

OCCURRED THAT GAVE RISE TO THE TRADITIONAL LITIGATION.

SO YOU'RE ALWAYS LOOKING BACKWARDS AND YOU'RE NOT REALLY

CONCERNED ABOUT WHAT'S HAPPENING ON A GOING-FORWARD

BASIS.

THE DIFFERENT DYNAMIC THAT'S CREATED IN EVERY INVOLUNTARY

PETITION IS THE INVOLUNTARY GAP DYNAMIC.   BECAUSE, WHILE

DELAY IS ALWAYS PREJUDICIAL TO BRINGING A MATTER TO ITS

QUICK AND COST EFFECTIVE CONCLUSION, IT HAS AN AUXILIARY

PREJUDICE IN INVOLUNTARY CASES BECAUSE THE DEBTOR IS FREE

TO CREATE OBLIGATIONS THAT WILL BECOME INVOLUNTARY GAP

CLAIMS AND LEAPFROG AHEAD IN PRIORITY TO THE CLAIMS OF THE CREDITORS THAT BROUGHT THE ACTION.

AND THAT PARTICULAR FORM OF PREJUDICE IS RENDERED ALL THE MORE DISTURBING BECAUSE THERE'S NO WAY TO MONITOR IT, NO WAY TO QUANTIFY IT. MR. LOPEZ IS OUT THERE. MAYBE HE'S NOT CREATING INVOLUNTARY GAP CLAIMS AND PERHAPS HE IS. BUT THE RISK IS THAT THE UTILITY OF THE REMEDY OF INVOLUNTARY BANKRUPTCY AS A CREDITOR'S REMEDY IS SUBJECT TO THIS FORM OF DILUTION, SIMPLY BECAUSE THE ALLEGED DEBTOR REFUSES -- I WANT TO UNDERSCORE THAT -- REFUSES TO COMPLY WITH THE DISCOVERY IN GOOD FAITH.

WE ARE TRYING TO NARROW THE ISSUES WITH THE EVIDENCE THAT'S AVAILABLE SO THAT WE CAN PROCEED IN THE SECOND PHASE, AS WE DID IN THE FIRST, TO PRESENT THE ISSUES TO THE COURT IN A SUMMARY JUDGMENT FASHION, BECAUSE WE THINK THIS CASE IS AMENABLE TO SUMMARY JUDGMENT.

AND MR. LOPEZ IS JUST VERY ADROITLY BLOCKING THAT WITH THIS PASSIVE/AGGRESSIVE TACTIC OF HIS, WHERE HE DOESN'T REPLY AT ALL UNTIL HIS BACK IS ABSOLUTELY TO THE WALL AND SOME DRACONIAN CONSEQUENCE MIGHT BEFALL HIM. AND THEN HE'LL RESPOND, BUT HE WON'T REALLY RESPOND IN GOOD FAITH. HE GIVES YOU A PARITY OF GOOD-FAITH, THAT DOES NOT ADVANCE THE PURPOSES OF DISCOVERY.

NOW, WE SHOULDN'T HAVE TO WAIT UNTIL HIS BACK IS AGAINST THE WALL TO GET OUR RESPONSES. WE'RE ENTITLED TO OUR RESPONSES THIRTY DAYS AFTER THEY'RE SERVED, THIRTY-THREE WHEN THEY'RE SERVED BY MAIL.

AND WE'RE LONG PAST THAT WITH THESE DISCOVERY REQUESTS THAT WERE PROMULGATED BACK IN NOVEMBER. AND AS THE OBJECTION DISCLOSES, THE ALLEGED DEBTOR IS WELL AWARE THAT WE'RE DOING, ONCE AGAIN, WHAT WE DID IN THE FIRST PHASE; WE'RE USING THE WRITTEN DISCOVERY AS, TO SORT OF TEE UP THE ISSUES FOR OUR, DEPOSITION EXAMINATION, WHICH IS THE NORMAL WAY TO PROCEED.

SO BY HINDERING AND DELAYING THE DISCOVERY PROCESS IN THE WRITTEN PHASE, HE NATURALLY DEFERS THE ORAL EXAMINATION, WHICH IN TURN DEFERS, ONCE AGAIN, THE DAY OF RECKONING. AND ALL THE WHILE HE'S FREE TO BE OUT THERE INCURRING FURTHER GAP CLAIMS.

SO I THINK THAT WHAT WE'VE SUGGESTED IN OUR PAPERS IS THE APPROPRIATE RESPONSE. NUMBER ONE, THE DEFERRED MONETARY SANCTIONS THAT THE COURT ORIGINALLY AWARDED OF $42 000 -- EXCUSE ME, I'M DREAMING -- $4,242. SHOULD BE IMPOSED.

THE -- I DON'T THINK THAT THE RESULT THE COURT HAD HOPED TO ACHIEVE BY DEFERRING IT HAS BEEN ACHIEVED. I DON'T THINK IT EVER WILL BE ACHIEVED. I THINK THAT THIS IS JUST MR. LOPEZ'S LITIGATION TACTIC; HALT, HINDER AND DELAY AND MAYBE I'LL HAVE TO ANSWER SOMEDAY.

THE EVIDENTIARY SANCTIONS THAT WE'VE REQUESTED, I THINK, ARE APPROPRIATE. AND THEY WILL FAÇILITATE THE PURPOSE OF DISCOVERY, BECAUSE THEY NARROW THE ISSUES FOR US, EVEN WITHOUT THE COOPERATION OF THE ALLEGED DEBTOR.

SO WE WOULD REQUEST THAT THE EVIDENTIARY SANCTIONS BE

IMPOSED AS REQUESTED, AND THAT THE MONETARY SANCTION BE AWARDED FORTHWITH, WITH A DATE CERTAIN ESTABLISHED AS TO WHEN THAT SECTION SHOULD BE PAID.

THE COURT: MR. HAYES.

MR. HAYES: YOUR HONOR, THANK YOU. I HAVE A COUPLE OF COMMENTS.

THE FIRST ONE IS, I WANTED TO COMMENT ON THIS, THE REQUEST I'VE MADE OF MR. KEEHN FOR ANOTHER ONE OR TWO DAYS. I'VE HAD -- MR. LOPEZ LIVES IN FLORIDA, AND I HAVE A HARD TIME COMMUNICATING WITH HIM. WE COMMUNICATE BY E-MAIL AND I HAVE HIS CELL PHONE, AND INEVITABLY, I CATCH HIM WHEN HE'S PICKING HIS KIDS UP OR HE'S IN A STORE OR SOMETHING AND THERE'S THE THREE-HOUR TIME GAP.

ANYWAY, I SPOKE TO HIM VERY BRIEFLY A COUPLE OF TIMES. I SAID, LOOK, WE HAVE TO GET THEM MORE DOCUMENTS.

THERE'S -- MR. KEEHN SENT ME THIS LETTER, WHAT ARE WE GOING TO DO? WE DISCUSSED IT REAL QUICKLY. AND FINALLY, THE TIME CAME WHERE HE ABSOLUTELY HAD TO FILE A RESPONSE, AND THAT'S WHEN I SENT THE E-MAIL TO MR. KEEHN SAYING, GIVE ME ANOTHER DAY OR TWO.

THE FOLLOWING DAY I SPOKE TO MR. LOPEZ AT GREAT LENGTHS. AND WE WENT THROUGH THE LETTER ONE BY ONE. AND I MEAN, THERE ISN'T ANYTHING ELSE WE CAN COME UP WITH. THERE ISN'T ANY OTHER DOCUMENTS EXCEPT THIS ISSUE WITH THE WIFE. THERE ISN'T ANY DOCUMENTS THAT HAVEN'T BEEN TURNED OVER. THERE ISN'T ANY, ANY MORE EXPLANATION OR, OR, MORE DETAILS THAT WE COULD GIVE, OTHER THAN REALLY REPEAT INFORMATION

THAT'S ON VARIOUS -- OF THE MANY STATEMENTS THAT HAVE BEEN TURNED OVER I BELIEVE MANY TIMES BY NOW.

BUT, ADDRESSING THE MOTION, THE MOTION HAS TWO PARTS. ONE IS GRANT THESE SANCTIONS, WHICH I, FRANKLY, BELIEVE HAS ALWAYS BEEN THE GOAL. AND THE SECOND IS THESE EVIDENTIARY SANCTIONS.

AS FAR AS THE SANCTIONS, THE $4000. I JUST WANT TO SAY AGAIN, I JUST DON'T THINK THERE'S ANY OTHER DOCUMENTS THAT CAN BE TURNED OVER OTHER THAN MRS. LOPEZ'S DOCUMENTS, THERE ARE NO OTHER DOCUMENTS THAT CAN BE TURNED OVER THAT HAVEN'T ALREADY BEEN TURNED OVER.

I BROUGHT MR. LOPEZ'S FIRST DEPOSITION. IT'S 240-SOMETHING PAGES. THIS IS WELL MORE THAN A YEAR AGO. THE REST OF THESE PAPERS ARE EXHIBITS. EVERY STATEMENT OF EVERY ONE OF HIS BILLS OF THE TWENTY OR SO CREDITORS ARE ALL CONSUMER DEBTS. THIS IS WELL MORE THAN A YEAR OLD. MR. KEEHN HAS SENT OUT SEVERAL SUBPOENAS. I'M ACTUALLY NOT SURE WHAT HE'S GOTTEN FROM THOSE. WE PROVIDED MORE DOCUMENTS TWICE IN THIS GO AROUND. IF MR. KEEHN REALLY WANTED TO GET MOVING WITH THIS, JUST TAKE THE DEPOSITION AGAIN. HE'S BEEN TELLING ME HE'S GOING TO TAKE THIS DEPOSITION. HE SOMEHOW CAN'T BECAUSE HE REALLY -- THERE'S SOME MAGICAL PIECE OF PAPER THAT I'M NOT CLEAR ABOUT THAT HE HASN'T GOTTEN YET; AND THEREFORE, HE CAN'T GO FORWARD. THAT'S JUST RIDICULOUS.

WITH RESPECT TO THE DOCUMENTS IN MRS. LOPEZ'S POSSESSION, I'VE ACTUALLY NEVER MET MRS. LOPEZ. BUT I MEAN, MY WIFE

HAS A CHECKING ACCOUNT AND SHE CARRIES THE CHECKBOOK AROUND IN HER PURSE. AND I'D BE LOOKING FOR A DIVORCE ATTORNEY IF I WENT INTO HER PURSE AND FOUND HER CHECKBOOK AND STARTED SENDING OFF INFORMATION SOMEBODY HAPPENED TO BE SUING ME.

THE COURT: SO YOU'RE CONTENDING THIS IS ALL SEPARATE PROPERTY, AND HE HAS NO INTEREST WHATSOEVER IN THE FUNDS THAT SHE ADMINISTERS OR THE DEBT SHE'S INCURRED WHETHER IT'S A LEHMAN BROTHERS, OR THE MORTGAGE ON THE HOUSE OR ANY OF THOSE KINDS OF THINGS?

MR. HAYES: I DON'T KNOW IF I'D GET INTO WHETHER IT'S COMMUNITY PROPERTY OR NOT. BUT IF THEY WANT, I MEAN, THEY CAN GO AFTER HER. THEY CAN SUBPOENA HER OR THEY CAN COME IN WITH SOME SORT OF EVIDENCE OF WHY THEY HAVE THE RIGHT TO MAKE MR. LOPEZ --

THE COURT: SO WHAT'S YOUR THEORY, WHAT'S YOUR THEORY ON WHY SHE DOESN'T HAVE TO PROVIDE AN ANSWER WITH RESPECT TO WHAT SHE HAS OR HOLDS OR PAYS, PARTICULARLY, IF HE'S GOT SOME OBLIGATION OR LIABILITY ON IT?

MR. HAYES. THEY HAVEN'T ASKED HER. THEY'RE ASKING HIM.

THE COURT: NO. THAT'S NOT MY QUESTION. MY QUESTION IS, WHAT'S YOUR THEORY FOR WHY HE DOESN'T HAVE TO ANSWER THAT QUESTION?

MR. HAYES: THAT'S HER RIGHT TO PRIVACY.

THE COURT: SO IT'S HER RIGHT TO PRIVACY, BECAUSE IT'S SOME SEPARATE INTEREST OF HERS OR WHAT?

WHERE DOES SHE HAVE A RIGHT TO PRIVACY ON SOMETHING THAT

YOU SAY YOU DON'T GET TO THE COMMUNITY PROPERTY QUESTION.
I MEAN, HE'S GOT A COMMUNITY PROPERTY INTEREST IN IT, IF
HE'S GOT A STATE STATUTORY RIGHT TO CO-MANAGEMENT OF
COMMUNITY ASSETS OR ANYTHING ELSE THAT I HAVE NO IDEA WHAT
FLORIDA LAW PROVIDES.

I'M ASKING YOU WHAT YOUR THEORY IS FOR WHY HE DOESN'T HAVE
TO ANSWER IT?

MR. HAYES:    WELL, FOR ONE THING, FLORIDA IS NOT
COMMUNITY PROPERTY.  AND I DON'T KNOW HOW FLORIDA LAW IS.
BUT WHAT I FOCUSED ON IS MR. LOPEZ, GO TO YOUR WIFE AND
GET THESE DOCUMENTS.

THE COURT:    NO, POSSESSION -- YOU KNOW, WHAT DOES HE
HAVE IN HIS POSSESSION OR CONTROL?  WHAT DOES HE HAVE?
HAS HE PRODUCED EVERYTHING THAT'S IN HIS POSSESSION OR
CONTROL WITH RESPECT TO THAT?

MR. HAYES:    OH, ABSOLUTELY.  BUT THAT'S --

THE COURT:    AND THAT'S INCLUDING AS TO HIS LIABILITY
WITH RESPECT TO IT?

MR. HAYES:    YES.  AS FAR AS I KNOW.  BUT THAT DOES
RAISE THE QUESTION OF DOES -- IS WHAT'S IN HIS WIFE'S PURSE
IN HIS POSSESSION OR CONTROL?  I MEAN, THAT'S WHAT HE'S
TELLING ME.  I CAN'T --

THE COURT:    NO.  YOUR ANSWER IS, HE HAS NO INTEREST OR
OBLIGATION IN THE LEHMAN BROTHERS OR THE MORTGAGE OR
WHATEVER IT IS, THEN WHY DON'T YOU AGREE TO THOSE
EVIDENTIARY SANCTIONS AS WELL?  YOU SAY HE'S TURNED OVER
EVERYTHING.

MR. HAYES: WELL, EVERYTHING THAT'S IN HIS POSSESSION OR HIS CONTROL WITHOUT GETTING DIVORCED; YES.

THE COURT: THEN THE ANSWER, IT SEEMS TO ME, IS THAT YOU AGREE TO THE EVIDENTIARY SANCTIONS, SAID THAT HE CANNOT PRODUCE ANYTHING HE HAS NOT ALREADY PRODUCED, COME TIME OF TRIAL WITH RESPECT TO THE ISSUE THAT WE'LL BE LITIGATING IN THIS PHASE 2 OF THIS ISSUE.

MR. HAYES: I MIGHT DO THAT. I HADN'T THOUGHT OF IT, MYSELF.

I WAS FOCUSING ON THE MOTION, WHICH BASICALLY ASKED YOU TO GRANT SUMMARY JUDGMENT TODAY. BUT I WOULD AGREE WITH THE THEORY THAT THINGS -- HE SHOULDN'T BE ABLE TO COME IN WITH SOMETHING AFTER THIS, OR HE SHOULDN'T BE ABLE TO, "QUOTE," "UNQUOTE," FIND SOMETHING, YOU KNOW, TWO DAYS BEFORE TRIAL.

AND I DO BELIEVE EVERYTHING'S BEEN TURNED OVER.

THE COURT: WELL, THAT'S WHAT MR. KEEHN IS -- I HAVE NO IDEA WHAT HIS STRATEGY IS, BUT THAT'S AT LEAST WHAT HE'S ASKING FOR IN THE CONTEXT OF THIS MOTION, BECAUSE HE WANTS TO BE ABLE TO CLOSE THE BOOK AND THEN GO TAKE YOUR CLIENT'S DEPO KNOWING THAT YOUR CLIENT IS NOW PRECLUDED FROM STEPPING UP AND SAYING OH, BUT HERE'S THIS, AND HERE'S THIS AND HERE'S THAT; AND NOT EVER HAVING HAD A CHANCE TO LOOK AT IT OR INDEPENDENTLY VALIDATE IT FROM THIRD PARTIES OR ANY OF THOSE KINDS OF THINGS.

YOU WOULDN'T WALK INTO A DEPO BLIND THAT WAY. I'M CONFIDENT OF THAT.

MR. HAYES: NO. YOU KNOW, WHAT I WAS FOCUSING ON IS THE MOTION SAYS ELIMINATE ALL EVIDENCE ENTIRELY REGARDING EACH ONE OF THESE CATEGORIES; NOT JUST ELIMINATE -- NOT JUST HAVE AN EVIDENTIARY SANCTION THAT WE CAN'T FIND, "QUOTE," "UNQUOTE," FIND MORE DOCUMENTS.

I THINK I WOULD AGREE TO THAT. WHATEVER DOCUMENTS HAVEN'T BEEN TURNED OVER UP TO NOW, I WOULD AGREE TO THAT.

THE COURT: OKAY.

MR. HAYES: I'M NOT SURE I -- YOU KNOW, HE JUST FOUND A JOB AND HE DOESN'T HAVE $4,400. AND I DON'T KNOW WHAT ELSE I CAN SAY.

YOU SAID, YOU'RE NOT SURE WHAT MR. KEEHN'S STRATEGY IS. I MEAN, IF THEY REALLY WANTED THIS CASE TO BE FINISHED, THEY WOULD HAVE TAKEN HIS DEPOSITION SIX OR EIGHT MONTHS AGO.

THE COURT: I WOULDN'T HAVE. I WAS A LITIGATOR FOR A BUNCH OF YEARS. I'M NOT WALKING INTO A DEPOSITION WHEN THERE'S A WHOLE BUNCH OF DOCUMENTS OUT THERE AND HAVE THEM SURPRISE ME.

MR. HAYES: WELL, I DON'T THINK THERE ARE.

THE COURT: WELL --

MR. HAYES: FOR MONTHS THERE HAVEN'T BEEN A WHOLE BUNCH OF DOCUMENTS OUT THERE, BUT ALL RIGHT, I HAVE NOTHING FURTHER.

THE COURT: OKAY. MR. KEEHN.

MR. KEEHN: YES. THANK YOU, YOUR HONOR.

IN ADDITION TO THE REASONS THAT YOU'VE ALLUDED TO AS TO

WHY YOU WOULDN'T TAKE THE DEPOSITION WITHOUT THE

DOCUMENTS, THERE WERE RESPONSES THAT MR. LOPEZ GAVE IN HIS

ORIGINAL DEPOSITION A YEAR AGO, NOW, THAT TO THE EFFECT

THAT, WELL THERE ARE MORE DOCUMENTS.  I JUST HAVE TO LOOK

AT THEM.  AND OBVIOUSLY THAT'S A DOOR WE NEED TO CLOSE.

IF WE GET THE EVIDENTIARY SANCTIONS, AS MR. HAYES

SUGGESTED, WE'VE CLOSED THE DOOR.

AND I, IN TERMS OF THE -- IF HE'S AGREEING TO THE SANCTIONS

THEN I DON'T NEED TO ADDRESS HOW HELLACIOUS THIS ARGUMENT

OF MARITAL STRESS IS CONCERNED.  I DID HAVE SOME DOCUMENTS

THAT WERE RECENTLY FILED IN THE DISTRICT COURT THAT BLOW

THAT OUT OF THE WATER.  BUT IF HE'S AGREEING TO IT, I WON'T

ADDRESS IT.

AS FAR AS THE MONETARY SANCTION IS CONCERNED, YOUR HONOR,

THIS -- WE TRIED TO CLOSE THE DOOR IN A PROCESS THAT BEGAN

SEVEN MONTHS AGO.  I SHOULDN'T BE HERE SEVEN MONTHS LATER

CLOSING IT ON A CAPITULATION TO A SECOND MOTION TO COMPEL

THAT I SHOULDN'T HAVE HAD TO FILE.

IF THERE REALLY ARE NO DOCUMENTS, THEN WHY IS THE RESPONSE,

WELL, THERE'S MORE THINGS I NEED TO CHECK AND I CAN'T BE

SURE.  IF THERE REALLY ARE NO DOCUMENTS, THEN WHY WAS THAT

ANSWER NOT GIVEN BACK IN MAY?  WHY WAS IT NOT GIVEN BACK

IN DECEMBER WHEN IT WOULD HAVE BEEN TIMELY?  THERE'S NO

EXPLANATION FOR THAT.

THIS IS EXACTLY THE KIND OF GAMESMANSHIP THAT RULE ONE OF

THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ABHORS.  THE

PURPOSE OF THE RULES, THEMSELVES, IS TO PROVIDE A

MECHANISM AND A FRAMEWORK FOR THE RAPID AND FAIR RESOLUTION OF ISSUES.

NOW, ONE COMMENT, SORT OF, AT LEAST I INFERRED THE ARGUMENT FROM THE FACT THAT WE HAVE TWO TO THREE INCHES OF PAPER FROM THE ORIGINAL DEPOSITION. AND WHY ARE WE STILL HERE A YEAR LATER?

IN ADDITION TO NOT HAVING THE DOCUMENTS PRODUCED, WE ALSO HAVE THE POINT THAT THIS CASE WAS BIFURCATED AT MR. LOPEZ'S REQUEST. THERE WERE MANY QUESTIONS THAT I COULD EASILY HAVE ASKED THE FIRST GO AROUND THAT MIGHT HAVE OBVIATED THE NEED FOR FURTHER DEPOSITION, OR AT LEAST REDUCED IT. I COULDN'T BECAUSE OF THE CONSTRAINTS PLACED BY THE BIFURCATION ORDER. AND I TRIED TO ADHERE TO THAT ORDER. SO I HAVE TO TAKE HIS DEPOSITION YET A SECOND TIME.

AND THEN ONE OF THE LAST REMARKS THAT COUNSEL MADE, I THINK, UNDERSCORES THE NEED FOR THE SANCTIONS HAVING BEEN IMPOSED BECAUSE IT HIGHLIGHTS THE GAMESMAN-LIKE APPROACH THAT MR. LOPEZ HAS TAKEN. AND THAT, THAT COMMENT WAS, HE JUST GOT A JOB.

WELL, IF BY THAT HE'S REPRESENTING TO THE COURT THAT UP UNTIL THIS TIME HE'S BEEN UNEMPLOYED, I THINK THAT EXACERBATES THE CULPABILITY OF MR. LOPEZ IN NOT TIMELY RESPONDING. WHAT ELSE WAS HE DOING? WAS HE REALLY SPENDING FORTY HOURS A WEEK LOOKING FOR A JOB?

IF HE WAS UNEMPLOYED, CERTAINLY HE WOULD HAVE HAD MORE TIME AVAILABLE TO TEND TO HIS DUTIES AS A LITIGANT THAN A FULLY-EMPLOYED INDIVIDUAL WOULD. AND EVEN A

FULLY-EMPLOYED INDIVIDUAL IS EXPECTED TO RESPOND AND

RESPOND TIMELY TO DISCOVERY OBLIGATIONS.

AS I SAID IN THE BEGINNING, WE DON'T KNOW TODAY, AND WE

WON'T KNOW UNTIL THAT ORDER FOR RELIEF IS ENTERED AND

SCHEDULES ARE FILED, IF THAT EVER HAPPENS.  HOW MUCH THIS

ESTATE AND THE GENERAL UNSECURED CREDITORS THAT BROUGHT

THIS POSITION HAVE BEEN PREJUDICED BY THIS DELAY AND THE

INCURRING OF GAP CLAIMS?

I THINK THAT MESSAGE THE COURT SENT THE FIRST TIME TO  MR.

LOPEZ WAS, I'LL GIVE YOU ANOTHER CHANCE.  I THINK THE

MESSAGE THAT THE COURT NEEDS TO SEND TO MR. LOPEZ NOW IS,

THIS ISN'T A GAME.  AND THERE AREN'T ANY MORE CHANCES.

AND YOU DIDN'T PLAY BY THE RULES, AND SO THE SHIELD THAT

I PUT IN FRONT OF YOU BEFORE, IS NOW DOWN.  AND THESE

SANCTIONS ARE DUE AND PAYABLE.

THE COURT:    WELL, IN MY VIEW, AT LEAST AT THIS POINT

IN TIME AND ON THE PRESENT STATE OF THE RECORD, THE

EVIDENTIARY SANCTIONS ARE WARRANTED, AND WILL BE ORDERED

IN THE FOLLOWING RESPECTS:

WITH RESPECT TO DEBTOR'S RESPONSE TO REQUEST FOR ADMISSION

NUMBER FIVE, THAT WILL BE, AND THE DEBTOR HAS AGREED, THAT

WILL BE AN UNQUALIFIED ADMISSION;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF

PAYMENTS FROM NOVION BETWEEN JANUARY 1 OF 2005 TO JULY 1

OF 2005;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF

PAYMENTS OF CASH RECEIVED FROM JANUARY 1, 2005 TO JULY 1,

2005;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF PAYMENTS OF CASH RECEIVED BY HIS WIFE BETWEEN JANUARY 1, 2005 AND JULY 1 OF 2005. AND I WILL ADD, AS TO THESE PROHIBITIONS, THAT'S TO THE EXTENT NOT ALREADY DISCLOSED TO THE MOVING CREDITORS, THE PETITIONING CREDITORS. IF IT'S BEEN DISCLOSED, THEN IT'S THERE. THERE'S NO PRECLUSION OF USE OF THAT INFORMATION IF IT'S BEEN PREVIOUSLY PROVIDED TO THE PETITIONING CREDITORS, IN THE CONTEXT OF THE DISCOVERY OF THIS CASE;

THE DEBTOR WILL BE PROHIBITED FROM PROVIDING ANY EVIDENCE OF A DEBT IN FAVOR OF LEHMAN BROTHERS OR ANY PAYMENT TO LEHMAN BROTHERS AS OF THE PETITION DATE EXCEPT TO THE EXTENT AND SAME PROVISO, EXCEPT TO THE EXTENT ALREADY DISCLOSED TO THE COUNSEL FOR PETITIONING CREDITORS;

AND, DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF DEBT IN FAVOR OF AMERICAN EXPRESS, BANK OF AMERICA, BANK CARD, CINGULAR, CITI CARD, HOUSEHOLD BANK, NORTHWEST FLORIDA DAILY NEWS, CITIBANK QUICKEN, TEXACO, VERIZON, UNION BANK, OR MR. GORRILL OR ANY PAYMENT TO ANY OF THEM AS OF THE PETITION DATE, EXCEPT TO THE EXTENT ALREADY PROVIDED THE COUNSEL FOR PETITIONING CREDITORS IN THE CONTEXT OF THE DISCOVERY IN THIS MATTER.

AS TO THE MONETARY SANCTIONS, I AM, AGAIN, GOING TO DEFER AWARDING THOSE. BUT THEY REMAIN THE SORT OF DAMOCLES OVER MR. LOPEZ. BECAUSE I DON'T KNOW THE ANSWER TO SOME OF MR. KEEHN'S SPECULATION AS TO WHAT'S GOING ON. MR. KEEHN

IS CONVINCED THAT THIS IS A GAME THAT MR. LOPEZ IS PLAYING. I'M NOT YET CONVINCED OF THAT.

SO EVENTUALLY WE WILL GET TO THE ANSWER ONE WAY OR THE OTHER. AND ONCE I KNOW THE ANSWER, I'LL APPLY THEM, IF I DEEM THAT'S APPROPRIATE AT THE TIME. BUT THE EVIDENTIARY SANCTIONS AT THIS POINT IN TIME ARE WARRANTED. I'LL SIGN AN ORDER TO THAT EFFECT.

MR. KEEHN: THANK YOU, YOUR HONOR.

THE COURT: OKAY. NOW, WE HAVE A STATUS CONFERENCE. TIMING.

ARE YOU, NOW, LOOKING AT THE DEPOSITION, MR. KEEHN?

MR. KEEHN: I AM. AND CONSISTENT WITH THE LOCAL RULES, I NEED TO CONFER WITH COUNSEL AS TO AVAILABLE DATES.

MR. HAYES: I HAVE TO BE BACK HERE JULY 31ST. THAT'S A LITTLE QUICK, BUT I'M GOING TO BE HERE ANYWAY.

THE COURT: JULY 31ST? THAT'S A TUESDAY.

MR. KEEHN: YES.

THE COURT: WHAT TIME IS YOUR HEARING ON THE 31ST?

MR. HAYES: AT 10:00. IT'S A SUMMARY JUDGMENT MOTION, SO IT COULD BE IN THE AFTERNOON; SUMMARY JUDGMENT MOTION THAT HASN'T BEEN FILED.

THE COURT: WE COULD DO 2:00 P.M. ON THE 31ST. DOES THAT WORK?

MR.KEEHN: IT'S CLEAR ON MY CALENDAR, YOUR HONOR.

MR. HAYES: 2:00?

THE COURT: OKAY. AND WE'LL DO THAT AS A FURTHER STATUS CONFERENCE. BUT IN THE MEANTIME, I ASSUME THE TWO

OF YOU WILL MEET AND CONFER ON A DEPOSITION DATE. AND THEN ONCE THE DEPOSITION IS CONCLUDED, I ASSUME MR. KEEHN, YOU'RE PLANNING A MOTION?

MR. KEEHN: I AM.

THE COURT: JUST SO MR. HAYES SEES WHAT'S COMING AND THEN WE'LL -- ONCE THAT MOTION'S DECIDED, WE'LL KNOW WHERE WE GO NEXT, IF ANYWHERE.

MR. HAYES: GREAT.

MR. KEEHN: THANK YOU, YOUR HONOR.

MR. HAYES: THANK YOU, YOUR HONOR.

THE COURT: ALL RIGHT. WE'LL BE IN RECESS.

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

I, LYNETTE ALVES, OFFICIAL REPORTER, DO HEREBY CERTIFY:

THAT I REPORTED IN SHORTHAND THE PROCEEDINGS HELD IN THE FOREGOING CAUSE ON THE 25TH DAY OF JUNE, 2007; THAT MY NOTES WERE LATER TRANSCRIBED INTO TYPEWRITING UNDER MY DIRECTION; AND, THAT THE FOREGOING TRANSCRIPT CONTAINS A CORRECT STATEMENT OF THE PROCEEDINGS.

DATED THIS __________ DAY OF ______________, 2007.

______________________________________

LYNETTE ALVES, CSR #12534, RPR #61256

# EXHIBIT 3

L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
KEEHN & ASSOCIATES
A Professional Corporation
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

In Re:

FRANCIS J. LOPEZ,

Alleged Debtor.

Case No. 05-05926-PBINV

DECLARATION OF TIMOTHY P. DILLON

[BIFURCATED PHASE II]

Date: October 1, 2007 (Status Conference)
Time: 10:30 a.m.
Judge: The Honorable Peter W. Bowie
Ctrm: 4

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

I, TIMOTHY P. DILLON, declare as follows:

1. I am an attorney duly admitted to practice before the Courts of this State. I am a shareholder of the law firm of Dillon & Gerardi, APC, counsel for Petitioning Creditor Alan Stanly ("Stanly") in certain cases involving the alleged debtor herein, Francis J. Lopez ("Lopez"), which were and/or are pending before the San Diego Superior Court and the United States District Court for the Southern District of California (the "Additional Lopez Cases"). In connection with the Additional Lopez Cases, I am the *shareholder in charge* of the engagement of the firm on behalf of Stanly, and the attorney within the firm who is most knowledgeable with respect to all aspects of the Additional Lopez Cases. I make this Declaration based upon facts within my

firsthand knowledge acquired in the course of conducting litigation against Lopez in the Additional Lopez Cases.

2. The delay and bad-faith litigation tactics employed by Lopez and his counsel throughout the Additional Lopez Cases are summarized below.

*Union Bank of California v. Francis J. Lopez, et. al.*

**San Diego Superior Court(Case No.: GIN 030827)**

Case Summary (06/2003 - 09/2004):

3. In or about June of 2003, Union Bank of California initiated a litigation against both Lopez and Stanly as guarantors of a loan which their corporation, Prism, had defaulted on. Both Lopez and Stanly filed cross-claims against each other for contribution and indemnity. Lopez and Stanly eventually settled with Union Bank. Stanly prevailed on a motion for good faith settlement and obtained a dismissal of Lopez's cross-claims. At time of trial, the sole issues left in the case were Stanly's claims against Lopez for indemnity and contribution. Trial in the Union Bank matter was continued several times due to Lopez's dilatory conduct, as more fully set forth below. When the Court finally held trial, neither Lopez nor his counsel appeared. Trial proceeded without Lopez.

**Summary of Dilatory / Bad Faith Tactics:**

4. On March 9, 2004, Lopez requested a trial continuance due to the "illness of his wife's aunt." Based on that request, the parties ultimately stipulated to continue the trial for four months — until July 9, 2004.

5. On July 2, 2004 — the date of the trial readiness conference — Lopez's attorney, Joseph Fischbach ("Fischbach"), faxed a "Declaration re: Non-Readiness for Trial" to my office. A true and correct copy of that Declaration is attached hereto as Exhibit 1 to the "Compendium of Exhibits in Support of Renewed Request for an Enforcement Order Imposing Monetary Sanctions Against Alleged Debtor Francis J. Lopez" (hereinafter referred to as the "Exhibits Compendium") filed concurrently herewith. In his Declaration, Fischbach stated that he would be unable to appear for trial because he had scheduled another trial for July 7, 2004. This was the first time Fischbach had ever indicated that he would be unable to attend trial. He did not personally appear

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

at the trial readiness conference. Instead, Fischbach sent an *appearance counsel* to the trial readiness conference who was not affiliated with Fischbach's law firm, and was unfamiliar with the case. Because a "Declaration for Non-Readiness for Trial" is not a proper method of obtaining a trial continuance, and Lopez did not properly apply for a continuance of trial, the Court had no legal basis on which to order a continuance. The Court then confirmed that trial call would remain set for July 9, 2004.

6. On July 9, 2004, Lopez and his counsel failed to appear for trial, and the trial court issued an Order to Show Cause as to why sanctions should not be issued against them. A true and correct copy of the Order is attached as Exhibit 2 to the Exhibits Compendium.

7. On July 16, 2004, Fischbach appeared before the Court and confirmed that he was in trial on another matter on the dates set for trial in *Union Bank of California v. Francis J. Lopez, et. al.* and stated that his failure to appear at the scheduled trial date was due to a mix-up with co-counsel. No declaration of co-counsel was ever provided to corroborate the existence of the mix-up or how it came to be. Additionally, Lopez provided declarations to the Court from himself and his physician stating Lopez was suffering from "diverticulitis" and was too ill to participate in a trial. A true and correct copy of the Declarations is attached as Exhibit 3 to the Exhibits Compendium. This was the first time the Court had been advised of Lopez's purported diverticulitis. Stanly was aware that Lopez could easily induce the aggravating symptoms of his condition by eating popcorn. The Court continued the trial for approximately 60 days — until September 10, 2004.

8. On September 9, 2004 — one day before the twice-continued trial was set to begin — Lopez applied *ex parte* for a third trial continuance. A true and correct copy of the Ex Parte Application is attached as Exhibit 4 to the Exhibits Compendium. Lopez claimed he was still suffering from diverticulitis, and that the medication he took for it made him "groggy."[1] Lopez further stated that he could not appear for trial due to scheduled colonoscopy and endoscopy

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

[1] See, Exhibits Compendium Tab 4.

procedures.[2] The evidence in support of Lopez's application was defective in that the declarations were not signed under penalty of perjury under the laws of the State of California. The Court ordered the application continued until September 10, 2004, and the Court's minute order provided precise instructions to Lopez as to how to provide a competent declaration. A true and correct copy of that Order is attached as Exhibit 5 to the Exhibits Compendium.

9. On September 10, 2004, Stanly appeared with a proposal for the commencement of trial. Lopez appeared through *appearance counsel* who was not affiliated with Fischbach's law firm, and was unfamiliar with the status of the case. Despite the Court's specific instruction, no competent declaration was provided to support Lopez's request for a third trial continuance. Based on that, the Court denied his request.

10. Trial proceeded on September 14, 2004, wherein Stanly obtained a judgment against Lopez for $50,000.

***Francis Lopez v. Alan Stanly***

**San Diego Superior Court (Case No.: GIN029692)**

<u>Case Summary (05/2003 - 06/2005)</u>:

11. This case has been stayed by the involuntary bankruptcy petition filed herein. Lopez initially sued Stanly for breach of fiduciary duty, trespassing, conversion and invasion of privacy. All but the invasion of privacy claims were dismissed via a motion for summary adjudication. Stanly counter-claimed on a variety of claims, including breach of fiduciary duty, unfair competition and misappropriation of trade secrets. Stanly obtained many discovery sanctions against Lopez for his discovery violations. Because of the involuntary bankruptcy petition, the Court did not issue monetary sanctions against Lopez. However, prior to the filing of the bankruptcy petition, a discovery referee recommended the issuance of several thousand dollars of discovery sanctions against Lopez, and $5,198.75 of discovery sanctions were issued against Lopez's counsel and co-Plaintiff. The Court also issued evidentiary sanctions against Lopez.

///

[2] *Id.*

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Summary of Dilatory / Bad Faith Tactics:

12. Without justification or excuse, Lopez failed to provide any response to Stanly's First Set of written discovery propounded on him on December 31, 2003. Stanly filed a motion to compel discovery responses. During the extended meet and confer process, the parties worked out a resolution whereby Lopez paid Stanly $600 in sanctions and provided Stanly with discovery responses. In exchange, Stanly took the motion off calendar.

13. On July 28, 2004, Stanly propounded a Second Set of written discovery consisting of interrogatories, requests for admission and requests for production on Martin Hudacko ("Hudacko") and Lopez. On September 2, 2004, Hudacko and Lopez provided responses consisting solely of identical boilerplate objections, without a single substantive response. After a meet and confer process, Lopez provided some substantive responses, however, these responses were still woefully inadequate. In addition, Lopez sought a protective order as to certain discovery (based on trade secret protection) and others he claimed he had already answered appropriately.

14. In November of 2004, Lopez moved to appoint a discovery referee. Stanly agreed, and Judge Sarokin was appointed as discovery referee based on the parties' stipulation.

15. On January 7, 2005, Stanly submitted to Judge Sarokin a motion to compel the discovery responses of Hudacko and Lopez. On February 18, 2005, Stanly's motion was granted, and Judge Sarokin ordered Lopez to respond to the written discovery requests and produce response documents. The 02/18/2005 ruling of Judge Sarokin was entered as an order of the trial court.

16. On March 4, 2005 (the ordered production date), Lopez failed, without justification or excuse, to comply with Judge Sarokin's 02/18/2005 Order by failing to provide any responsive documents to Stanly's requests for production of documents. Stanly made several requests to Judge Sarokin for an additional Order requiring Lopez to produce documents, and for the imposition of sanctions against Lopez. On March 24, 2005, Judge Sarokin issued another Order requiring Lopez to produce all responsive documents on or before March 18, 2005.

17. On April 1, 2005, after persistent requests from Stanly's attorneys, and two Orders

from Judge Sarokin, Lopez finally produced approximately 50 pages of additional materials via email. Although Lopez provided some documents, he still failed, without justification or excuse, to provide a video tape and several documents specifically referred to in his discovery responses. Further, Lopez failed to provide audio recordings and a CD ROM purportedly in his possession.

18. On April 15, 2005, Stanly filed another motion to compel and request for monetary sanctions against Lopez, requesting, amongst other documents, that the audio recordings be produced. On April 28, 2005, Judge Sarokin granted Stanly's motion and demanded Lopez produce all responsive documents, including the audio recordings and the CD ROM.

19. After Judge Sarokin issued the 04/28/2005 Order, Lopez produced some audio recordings, but failed, without justification or excuse, to produce any of the other documents he had been ordered to produce.

20. After several repeated requests for production of the missing documentation, Stanly brought another motion to compel before Judge Sarokin. On June 24, 2005, Judge Sarokin granted the motion, and issued evidentiary and monetary sanctions against Lopez in the amount of $2,000. A true and correct copy of that Order is attached as Exhibit 6 to the Exhibits Compendium.

21. On March 8, 2005, Lopez failed, without justification or excuse, to appear for the deposition of Stanly that Lopez had noticed for that day, causing Stanly and his counsel great expense and inconvenience.

22. Without justification or excuse, Lopez repeatedly served deposition subpoenas on third parties without providing notice of the Subpoenas to Stanly in an effort to secretly obtain discovery without Stanly's knowledge. Stanly was only made aware of Lopez' failure to provide notice of third party depositions after certain witnesses informed Stanly of the subpoenas. Judge Sarokin issued evidentiary sanctions against Lopez for this conduct in his 06/24/2005 Report.[3]

23. Pursuant to the terms of a protective Order issued by Judge Sarokin, and adopted by the trial court, all parties were ordered to provide declarations detailing their use of corporate

---

[3] See, Exhibits Compendium Tab 6.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

funds for personal expenses. While Stanly complied with this request, Lopez did not. Lopez's declaration failed, without justification or excuse, to describe his use of corporate funds with any particularity. Stanly was forced to bring another motion before Judge Sarokin, requesting that supplemental declarations be ordered. In his 06/24/2005 Report, Judge Sarokin granted Stanly's motion and Ordered supplemental declarations be produced.[4]

24. Lopez refused to stipulate to limit his emotional distress claims pursuant to California Code of Civil Procedure §2032, despite Stanly's repeated requests and Lopez's representations that he would enter into a stipulation. Accordingly, Stanly moved for an Order requiring a medical examination of Lopez. Judge Sarokin issued sanctions against Lopez and his counsel in the amount of $2,948.75 for their failure to initially stipulate. This ruling is contained in Judge Sarokin's 06/24/2005 Report.[5]

25. On October 22, 2004, Stanly served Lopez with a request for a Statement of Damages. Lopez never provided it, despite multiple follow-up requests. Judge Sarokin ordered the Statement served, and Lopez failed to comply with that Order, insisting that the Statement had already been served on Stanly. Judge Sarokin issued monetary sanctions in the amount of $1,245 against Lopez for his failure to comply with his Order. This ruling was also contained in Judge Sarokin's 06/24/2005 Report.[6]

*Enterprise Technology Holdings v. Noveon Systems, Inc. et al.*

**United States District Court for the Southern District of California (Case No.: 05-cv-2236)**

**Case Summary (12/2005 - Present):**

26. Stanly is the President of Enterprise Technology Holdings, Inc. ("ETH") which filed this action against Noveon Systems, Inc., a company whose common stock is all owned by Mrs. Lopez. ETH successfully obtained a preliminary injunction against Noveon, enjoining Noveon, and all those acting in concert with Noveon, from utilizing, selling, licensing or

[4] See, Exhibits Compendium Tab 6.

[5] See, Exhibits Compendium Tab 6.

[6] See, Exhibits Compendium Tab 6.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

marketing Prism's software (the company formerly owned by Stanly and Lopez). Thereafter, without any proffered justification or excuse, Noveon simply stopped participating in the litigation. Noveon's counsel admitted his client was not participating in the litigation and, as a result, Noveon's counsel withdrew from the case on January 17, 2007. It appears Lopez decided to stop doing business as Noveon, and let the company take the fall in the case. Lopez left the company with no money, no assets and no appointed officers or elected directors.

Although all of the Noveon stock is in his wife's name, Lopez was the company's founder and the person who had managed all the day-to-day operations. The last remaining issue in this case is whether Lopez's wife is an alter-ego of Noveon and thus liable for the company's debts.

**Summary of Dilatory / Bad Faith Tactics:**

27. In October of 2006, ETH propounded written discovery on Noveon. Noveon failed and refused to respond to the discovery requests even after multiple meet and confer attempts, and two telephonic conferences with Magistrate Judge Catherine Bencivengo.

28. ETH filed a motion for monetary, issue, evidentiary and terminating sanctions against Noveon based on its failure to provide any discovery responses. Noveon failed to oppose the motion. On December 8, 2007, Judge Bencivengo granted ETH's motion and ultimately issued evidentiary, issue and terminating sanctions.

29. On August 16, 2007, the Court granted ETH's motion for a default judgment against Noveon. A true and correct copy of that Order is attached as Exhibit 7 to the Exhibits Compendium.

## LOPEZ'S ALLEGATIONS OF UNFAIR BIAS

30. Lopez's apparent *modus operandi* in the Additional Lopez Cases was to allege unfair bias against the judicial officers who issued sanctions or adverse rulings against him.

31. In *Union Bank of California v. Francis J. Lopez, et. al.*, Lopez responded to Judge Sarokin's adverse rulings (described above) by failing to pay his portion of Judge Sarokin's referee fees, and filing a motion to disqualify him based on alleged bias. Based on Lopez's allegations, Judge Sarokin resigned rather than respond to the motion. Lopez also alleged that Judge Jacqueline Stern was biased against him. He filed a complaint against Judge Stern with the

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

judicial counsel, and unsuccessfully moved to disqualify her.

32. Likewise, in *Francis Lopez v. Alan Stanly*, Lopez responded to Judge Michael Orfield's adverse rulings by alleging he was unfairly biased against him, and moving for disqualification. Judge Orfield voluntarily recused himself, and the case was referred to Judge Thomas Nugent.

**FEES INCURRED FOR PREPARING SUMMARIES RE: LOPEZ'S MISCONDUCT**

33. The summaries of the Additional Lopez Cases discussed herein were specifically prepared for Stanly's bankruptcy counsel (Keehn & Associates, APC) by my office in support of Stanly's renewed request for monetary sanctions against Lopez in the above-entitled bankruptcy case. My office spent a total of 6.25 hours compiling the summaries, reviewing past documents, reviewing old case files and finalizing this declaration. Stanly was billed $1,018.75 for actual legal fees incurred, as set forth below:

Attorney Timothy P. Dillon: 1.25 hour ($215 per hour)

Attorney Sunjina Kaur Ahuja: 5.0 hours ($150 per hour)

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct, and that this Declaration was executed on this 26th day of September, 2007, at San Diego, California.

TIMOTHY P. DILLON

# EXHIBIT 4

| Ref No | Date | Staff | Client and Matter | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 9317 | 8/1/2007 [Billed: 1896] | CKL | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.10 | 100.00 | 10.00 |
| 9345 | 8/3/2007 [Billed: 1896] | CKL | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.20 | 100.00 | 20.00 |
| 9356 | 8/6/2007 [Billed: 1896] | CKL | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.10 | 100.00 | 10.00 |
| 9431 | 8/23/2007 [Billed: 1896] | CKL | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.20 | 100.00 | 20.00 |
| 9956 | 9/2/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) REVIEW OF WORLD SAVINGS DOCUMENTS IN PREPARATION FOR UPCOMING DEPOSITION. | 0.80 | 320.00 | 256.00 |
| 9973 | 9/4/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) WORK ON DOCUMENT REVIEW AND PREPARATION FOR UPCOMING DEPOSITION. | 1.00 | 320.00 | 320.00 |
| 9991 | 9/5/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) E-CORRESPONDENCE WITH CLIENT REGARDING VIDEO TAPE DEPOSITION. | 0.10 | 320.00 | 32.00 |
| 9992 | 9/5/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) WORK ON INITIAL PREPARATION FOR DEPOSITION OF FRANCIS LOPEZ. | 1.10 | 320.00 | 352.00 |
| 10519 | 9/9/2007 [Billed: 1934] | LFK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) WORKED IN SUPPORT OF DEPOSITION OF FRANCIS LOPEZ REGARDING OUTLINE AND SUMMARY OF EVIDENCE PERTAINING TO REQUISITE ELEMENTS OF CLAIM. | 1.30 | 225.00 | 292.50 |

| Ref No | Date | Staff | Client and Matter | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10081 | 9/10/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) REVIEW OF DOCUMENTS AND RELATED PREPARATION FOR UPCOMING DEPOSITION | 2.60 | 320.00 | 832.00 |
| 10082 | 9/10/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) RRR RECEIPT, REVIEW AND RESPOND TO E-CORRESPONDENCE FROM ATTORNEY HAYES GIVING NOTICE THAT LOPEZ WILL NOT ATTENED HIS 9/11/07 DEPOSITION | 0.20 | 320.00 | 64.00 |
| 10331 | 9/10/2007 [Billed: 1934] | CKL | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) PARALEGAL SUPPORT REGARDING ATTORNEY PREPARATION FOR UPCOMING DEPOSITION OF FRANCIS LOPEZ. | 0.40 | 100.00 | 40.00 |
| 10333 | 9/10/2007 [Billed: 1934] | CKL | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) PARALEGAL SUPPORT REGARDING COMPILATION OF TAX DOCUMENTS PRODUCED BY LOPEZ. | 0.40 | 100.00 | 40.00 |
| 10086 | 9/11/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) RR RECEIPT AND REVIEW OF E-CORRESPONDENCE FROM CLIENT REGARDING ISSUES WITH FRANCIS LOPEZ | 0.20 | 320.00 | 64.00 |
| 10087 | 9/11/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) RR RECEIPT AND PRELIMINARY REVIEW OF MATERIALS FROM TIM DILLON'S OFFICE FOR USE IN SUPPORT OF SANCTIONS MOTIONS AGAINST LOPEZ | 0.80 | 320.00 | 256.00 |
| 10088 | 9/11/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.80 | 320.00 | 256.00 |
| 10140 | 9/13/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.10 | 320.00 | 32.00 |
| 10141 | 9/13/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.10 | 320.00 | 32.00 |

| Ref No | Date | Staff | Client and Matter | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| | | | REQUEST. | | | |
| 10217 | 9/17/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.10 | 320.00 | 32.00 |
| 10218 | 9/17/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) ECO E-CORRESPONDENCE TO JOHN HAYES REGARDING DEPOSITION ISSUES | 0.10 | 320.00 | 32.00 |
| 10351 | 9/17/2007 [Billed: 1934] | CKL | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) [redacted] | 0.10 | 100.00 | 10.00 |
| 10553 | 9/18/2007 [Billed: 1934] | LFK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) REVIEWED SUMMARIES AND SUPPORTING DOCUMENTS PERTAINING TO LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS PROVIDED BY THE OFFICES OF DILLON & GERARDI, APC; WORKED ON DRAFT OF COMPREHENSIVE SUMMARY OF LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS IN SUPPORT OF PETITIONING CREDITORS' REQUEST FOR SANCTIONS; DRAFTED EMAIL CORRESPONDENCE TO ATTORNEY SUNJINA K. AHUJA IN SUPPORT OF SAME. | 3.90 | 225.00 | 877.50 |
| 10240 | 9/19/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) TCW TELEPHONE CONFERENCE WITH ALAN STANLY REGARDING SANCTIONS MOTIONS AND RELATED ISSUES | 0.40 | 320.00 | 128.00 |
| 10241 | 9/19/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) WORK ON PREPARATION FOR LOPEZ DEPOSITION AND GROUND WORK FOR SANCTIONS MOTION | 1.70 | 320.00 | 544.00 |
| 10253 | 9/20/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) RRR RECEIPT, REVIEW AND RESPOND TO E-CORRESPONDENCE FROM ATTORNEY HAYES REGARDING DEPOSITION | 0.20 | 320.00 | 64.00 |
| 10254 | 9/20/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) TCW TELEPHONE CONFERENCE WITH CLIENT REGARDING FOLLOW-UP RE: SANCTIONS AND | 0.30 | 320.00 | 96.00 |

| Ref No | Date | Staff | Client and Matter<br>RELATED ISSUES | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10255 | 9/20/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>WORK ON DEVELOPMENT OF EVIDENTIARY RECORD FOR SANCTIONS HEARING | 1.60 | 320.00 | 512.00 |
| 10574 | 9/20/2007 [Billed: 1934] | LFK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>RECEIVED AND REVIEWED EMAIL CORRESPONDENCE FROM ATTORNEY SUNJINA K. AHUJA REGARDING LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS; COMPLETED DRAFT OF COMPREHENSIVE SUMMARY OF LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS IN SUPPORT OF PETITIONING CREDITORS' RENEWED REQUEST FOR SANCTIONS. | 1.30 | 225.00 | 292.50 |
| 10277 | 9/21/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>WORK ON EVIDENTIARY SUPPORT FOR SANCTIONS MOTIONS | 1.30 | 320.00 | 416.00 |
| 10586 | 9/24/2007 [Billed: 1934] | LFK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>FINALIZED SUMMARY OF LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS; DRAFTED CORRESPONDING COMPENDIUM OF EXHIBITS; DRAFTED DECLARATION OF TIMOTHY P. DILLON REGARDING LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS. | 6.60 | 225.00 | 1485.00 |
| 10403 | 9/25/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>REVISE AND EDIT PROPOSED DECLARATION FOR TIMOTHY DILLON | 0.40 | 320.00 | 128.00 |
| 10404 | 9/25/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>RRR RECEIPT, REVIEW AND RESPOND TO E-CORRESPONDENCE FROM CLIENT RE: SAME | 0.20 | 320.00 | 64.00 |
| 10405 | 9/25/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>WORK ON SANCTIONS MOTION | 0.50 | 320.00 | 160.00 |
| 10588 | 9/25/2007 [Billed: 1934] | LFK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>FINALIZED COMPENDIUM OF EXHIBITS REGARDING LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS; REVISED AND FINALIZED DECLARATION OF TIMOTHY P. DILLON REGARDING LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS; DRAFTED DECLARATION OF L. SCOTT KEEHN REGARDING LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS. | 4.30 | 225.00 | 967.50 |

| Ref No | Date | Staff | Client and Matter | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10409 | 9/26/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>RRR RECEIPT, REVIEW AND RESPOND TO MULTIPLE E-CORRESPONDENCE REGARDING DECLARATIONS | 0.20 | 320.00 | 64.00 |
| 10410 | 9/26/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>[redacted] | 0.40 | 320.00 | 128.00 |
| 10591 | 9/26/2007 [Billed: 1934] | LFK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>REVIEWED EMAILS FROM ATTORNEY DILLON AND CLIENT; REVISED DILLON DECLARATION. | 0.80 | 225.00 | 180.00 |
| 10440 | 9/27/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>[redacted] | 1.80 | 320.00 | 576.00 |
| 10441 | 9/27/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>[redacted] | 0.30 | 320.00 | 96.00 |
| 10442 | 9/27/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>[redacted] | 0.30 | 320.00 | 96.00 |
| 10599 | 9/27/2007 [Billed: 1934] | LFK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>FINALIZED DECLARATION OF TIMOTHY P. DILLON REGARDING LOPEZ'S DILATORY/BAD FAITH LITIGATION TACTICS; WORKED IN SUPPORT OF FILING PETITIONING CREDITORS' RENEWED REQUEST FOR MONETARY SANCTIONS AGAINST LOPEZ. | 0.30 | 225.00 | 67.50 |
| 10740 | 9/28/2007 [Billed: 1934] | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>RECEIVE, REVIEW AND RESPOND TO E-CORRESPONDENCE FROM ATTORNEY HAYES REGARDING SANCTIONS ISSUE. | 0.20 | 320.00 | 64.00 |
| 10868 | 10/1/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>[redacted] | 0.20 | 320.00 | 64.00 |

| Ref No | Date | Staff | Client and Matter | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10869 | 10/1/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>WOF WORK ON FOLLOW-UP REGARDING SANCTIONS MOTION | 0.20 | 320.00 | 64.00 |
| 10871 | 10/1/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) | 0.90 | 320.00 | 288.00 |
| 10872 | 10/1/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) | 1.00 | 320.00 | 320.00 |
| 10961 | 10/1/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) | 1.00 | 320.00 | 320.00 |
| 10911 | 10/3/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) | 0.10 | 320.00 | 32.00 |
| 10912 | 10/3/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) | 0.10 | 320.00 | 32.00 |
| 10935 | 10/4/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ)<br>WOF WORK ON FOLLOW-UP REGARDING PRESENTATION OF EVIDENTIARY MATERIALS IN SUPPORT OF SANCTIONS MOTION | 0.90 | 320.00 | 288.00 |
| 10950 | 10/5/2007 | LSK | 05311001 MR. ALAN STANLY<br>RE: INVOLUNTARY CHAPTER 7 PETITION (LOPEZ) | 0.10 | 320.00 | 32.00 |
| | | | Daily Total (Billable) | 42.30 | | 11448.50 ** |
| | | | Grand Total (Billable) | 42.30 | | 11448.50 ** |

Document 115

M. Jonathan Hayes (Bar No. 90388)
**Law Office of M. Jonathan Hayes**
21800 Oxnard St, Suite 840
Woodland Hills, CA 91367
Telephone: (818) 710-3656
Facsimile: (818) 710-3659
jhayes@polarisnet.net

Attorneys for Alleged Debtor Francis Lopez

FILED AC
07 NOV -9 AM 11:27
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

In Re:

FRANCIS J. LOPEZ,

Alleged Debtor

CASE NO. 05-05926-PBINV

Involuntary Chapter 7

**OPPOSITION OF ALLEGED DEBTOR TO MOTION FOR SANCTIONS; DECLARATION OF FRANCIS J. LOPEZ IN SUPPORT THEREOF**

Date: November 19, 2007
Time: 2:00 p.m.
Ctrm: 4

TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, TO MOVANT PETITIONING CREDITOR ALAN STANLY:

The Declaration of Francis Lopez attached hereto is in response to the Motion for Sanctions filed by Mr. Keehn. The Motion seeks in excess of $13,000 in sanctions for failure to adequately comply with a Request to Produce Documents and for the failure to appear for his deposition in San Diego. Mr. Lopez appeared for his deposition on October 23, 2007 in San Diego. He answered the questions of Mr. Keehn for more than six hours.

He did so without an attorney because he has no funds to pay counsel. He also has no funds to pay $13,000 in sanctions.

Mr. Keehn has advised this court that once the deposition is complete, he will file a Motion for Summary Judgment on the issue of whether or not Mr. Lopez was generally paying his debts as they became due on June 30, 2005. This will, once and for all, resolve this case. If he is successful, the case will become a chapter 7 proceeding. If he is not, Mr. Lopez will seek significant damages against the petitioning creditor under Section 303(i).

Dated: November 5, 2007

Respectfully submitted

By: [signature]

M. Jonathan Hayes
Attorney for Alleged Debtor Francis Lopez

**DECLARATION OF FRANCIS LOPEZ**

I, Francis Lopez, declare and state as follows:

1. I am the alleged debtor in this involuntary proceeding. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I am intimately involved in several extremely important contract negotiations through my present employment. I was expecting to have to travel to Georgia and Michigan on business, on or around September 11, 2007, the date unilaterally chosen by Mr. Keehn for my deposition. Until these plans were solidified, I couldn't make a simple arrangement to travel from my home in Destin, FL to San Diego, as I didn't know where I would be immediately prior to Sept. 11, nor did I know whether I would need to fly from San Diego back to Destin, or whether I would need to fly directly from San Diego to another destination. Also my wife was traveling on or around September 11, 2007 and I could not solidify child care arrangements for the three days.

3. I finalized my trip to Georgia to occur prior to September 11. This was not completed until the last week of August. My trip to Michigan was then set for Sept. 24th, and I also had to make arrangements for a second trip to Georgia on Sept. 22-23.

4. By the time my arrangements were finalized (1st week of September), I was not able to find a ticket from either of the local airports in Florida to San Diego or Orange County, unless I wanted to pay full coach or first class fares, which were well over $1000. I could not afford to pay that. I do not have a credit card to book that amount either. My credit cards were cancelled with the filing of this involuntary petition, and it has really limited my ability to live a normal life. In any event, I kept trying to find a cheaper alternative to make it to San Diego, as some airlines offer last minute discounted fares. I was not successful. I finally contacted my attorney so that he could notify Mr. Keehn of my problem and arrange for a future date for the deposition.

5.  I agreed to travel to San Diego in the first place for the deposition in the spirit of cooperation rather than file a Motion for another Protective Order trying to get the second deposition to take place here in Destin.  It is very expensive for me to make a three day trip when I have no other important matters to attend to in California.  The trip that I just made to California for the October 23 deposition took four days, taking up a Sunday, Monday, and Tuesday.  In fact I did not return home until Wednesday.  Nevertheless, I submitted to the all day deposition in San Diego, which was very stressful considering especially all of the travel headaches.  In fact, my flight home was via Houston, and I arrived there late so that I missed my connection to Florida.  I had to spend the night in Houston and thus this was a four day trip.  This cost me at least $850 in airfare and hotel, and impeded my ability to earn additional (incentive) income related to my present employment.

6. Since I am being paid as a consultant on a per-day schedule, I am sacrificing needed income in order to accommodate Keehn and his client by traveling to California.  So, I suggested two possible dates in October that were on Mondays, so that I could minimize the hit to my income by flying out on Sunday.

7.  Mr. Stanley, since the filing of the involuntary petition, has sued my now-defunct consulting company, and has also sued my wife.  Mr. Keehn spent a significant part of the deposition that I attended on October 23, 2007 trying to fish for answers that pertained to those cases, and not whether I was paying my bills as they became due on June 30, 2005.  For example, he handed me a stack of checks paid by Noveon Systems to various parties and asked me questions about them.  He also asked questions about my present employment, referring to a contract agreement that I signed with CargoTel, Inc. in August of 2006, asking what I did there, what type of services that company provides, etc.  This information facilitates Mr. Stanley in regard to the other lawsuits, but is not pertinent to this case.  When this questioning persisted, I objected but responded nonetheless.

8.  I appeared without my attorney Mr. Hayes because I cannot afford to pay him for the seven plus hours I was there.  I arrived at 9:30am, the court reporter was late in getting set up, so we started at 10am. We didn't finish until after 4:30pm.

9. Mr. Keehn asked a lot of questions about a loan that Prism had with a furniture company, and spent a lot of time trying to get me to agree that I signed a loan guarantee. I don't know what that was all about, but I know that his client bought up the furniture after it was repossessed.

10. He asked me a lot about the 2001 corporate tax return for Prism, which I did not participate in preparing or filing. His questioning was related to the amounts that may have been considered as "loans to shareholders," but the amounts listed were very high, and were not reviewed by me. His client worked with Prism's accountant to get that return filed without my participation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this 5th day of November, 2007 at Destin, Florida.

By: ______________________
Francis J. Lopez

## PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On November 5, 2007, I served the within documents:

by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

.. by causing personal delivery by of the document(s) listed above to the person(s) at the address(es) set forth below.

.. by placing the document(s) listed above in a sealed _______________ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _______________ agent for delivery

.. by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

L. Scott Keehn
KEEHN & Assoc, APC
402 W. Broadway, Suite 1210
San Diego, CA 92101
AND BY EMAIL

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 5, 2007, at Los Angeles, California.

MJ Hayes

# Document 116