Civil No. 08cv0713 JAH(WMc)
Bankruptcy No. 05-5926

FILED          NUNC PRO TUNC
2008 JUL 14 PM 3:44      JUL 1 0 2008
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

FRANCIS J. LOPEZ,

*Debtor,*

---

FRANCIS J. LOPEZ,

*Appellant,*

v.

ALAN STANLY,

*Appellee.*

On Appeal from Bankruptcy Court

---

## APPELLANT'S OPENING BRIEF

---

M. Jonathan Hayes (Bar No. 90388)
21800 Oxnard St., Suite 840
Woodland Hills, CA 91367
818 710-3656
818 710-3659 fax

*Attorney for Appellant
Francis J. Lopez*

# TABLE OF CONTENTS

I.   **BASIS OF JURISDICTION** ............................................................................ 2

II.  **STATEMENT OF ISSUES AND APPLICABLE STANDARD OF REVIEW** ................................................................................................ 2
       STATEMENT OF ISSUES ............................................................................ 4

III. **STANDARD OF REVIEW** ............................................................................ 4

IV.  **STATEMENT OF FACTS** ............................................................................ 5
  A. **Overview** ............................................................................................... 5
  B. **Procedural Overview** .......................................................................... 6

V.   **TERMINATING SANCTIONS SHOULD NOT HAVE BEEN AWARDED AND SHOULD BE REVERSED AND REMANDED FOR CONSIDERATION OF LESS DRASTIC SANCTIONS** .................................. 9

VI.  **CONCLUSION** .............................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**
*Adriana Int'l Corp. v. Thorean,* 913 F.2d 1406, 1412 (9th Cir. 1990) ..................... 12
*G-K Properties v. Redevelopment Agency,* 577 F.2d 645, 648 (9th Cir. 1978) ....... 10
*Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993) .................................... 12
*In re Leavitt,* 209 B.R. 935, 938 (9th Cir. BAP 1997 ................................................ 4
*In re Marquam Investment Corporation,* 942 F.2d 1462, 1465 (9th Cir.1991) ........ 5
*In re Marsch,* 36 F.3d 825, 828 (9th Cir.1994) ......................................................... 4
*In re Medina,* 205 B.R. 216, 220 (9th Cir. BAP 1996) ............................................. 4
*Matter of Visioneering Const.,* 661 F.2d 119, 123 (9th Cir. 1981), ........................ 11
*North Am. Watch Corp. v. Princess Ermine Jewels,* 786 F.2d 1447, 1451 (9th Cir.
   1986) ........................................................................................................................ 12
*Phoceene Sous-Marine, S.A. v. U.S. Phosmarine,* 682 F.2d 802, 806 (9th Cir. 1982)
   ................................................................................................................................. 12
*Raiford v. Pounds,* 640 F.2d 944, 945 (9th Cir. 1981) ............................................ 10
*Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990) ...................................... 11
*Wyle v. R.J Reynolds Inductries, Inc.* 709 F.2d 585 (9th Cir. 1983) ......................... 9

**Statutes**
28 U.S.C. Section 158(b). ................................................................................ 2
Section 303(h) ................................................................................................ 3

# I.

## BASIS OF JURISDICTION

This is an appeal from a final order of the bankruptcy court, a Motion for Terminating Sanctions striking the Answer of Appellant Francis Lopez which was granted. Jurisdiction to appeal in this court is conferred by 28 U.S.C. Section 158(b).

# II.

## STATEMENT OF ISSUES AND APPLICABLE STANDARD OF REVIEW

Appellant, Francis J. Lopez, now debtor Francis Lopez, and his former business partner, Alan Stanly, have been involved in significant litigation against each other since their business breakup in 2003. Their corporation, Prism Advanced technologies, Inc., is a debtor in a bankruptcy case pending in the Southern District since August, 2003: Case 03-07777. In the course of that litigation and clearly in furtherance of that litigation Stanly filed a petition for involuntary bankruptcy against Lopez on June 30, 2005 as the sole petitioning creditor. The matter has been pending ever since. Stanly is the only creditor who has participated in this case.

The involuntary petition had the effect of making Lopez "sort of" a debtor in bankruptcy. He was not "in bankruptcy" until an "order for relief" was entered. 11 U.S.C. 303 Unfortunately for him the "bankruptcy filing" went on his credit report notifying the world that he is in bankruptcy. His property, which consists of his home and little else, was subject to the Bankruptcy Code meaning he could not sell his home without permission from the Bankruptcy Court. His credit cards were cancelled when the involuntary petition was discovered.

This "status" continues until the Bankruptcy Court makes a finding that Lopez was not generally paying his debts as they became due under Section 303(h) of the Bankruptcy Code. The Bankruptcy Court never made that finding. It ultimately struck Lopez' Answer to the involuntary petition and entered the order for relief on that basis. The chapter 7 case is now pending.

Stanly clearly has no interest in getting paid. Indeed, he opposed Lopez' Motion to Dismiss the involuntary case dependant upon payment of every creditor in full. 1 ER33 (docket number 40) His goal cannot be more apparent: he wants to punish Lopez for being the instigator in Stanly being found guilty of a crime. Stanly has unlimited funds and is willing to spend the funds to punish Lopez.

After more than two years of litigation, the Bankruptcy Court granted Stanley's motion for terminating sanctions and struck the Answer. The basis for the motion and the basis for the ruling was that Lopez failed to pay $8,130.50 in

3

sanctions awarded in a discovery dispute. The sanctions were awarded because Lopez failed to appear for a deposition in San Diego on a date which he had agreed to appear. Lopez did not pay the sanctions because he was unable to do so. He offered to pay $4,000 immediately and the remainder in monthly installments. The Bankruptcy Court did not comment on this offer at the hearing.

## STATEMENT OF ISSUES

1. Did the Bankruptcy Court err when it granted the Motion for Terminating Sanctions, struck the Answer of Mr. Lopez, and entered an order for relief?
2. Did the Bankruptcy Court err by not considering less drastic sanctions that striking the Answer of Mr. Lopez?
3. Should this Court remand to the Bankruptcy Court with instructions to permit the matter to proceed to trial?

### III.

### STANDARD OF REVIEW

The findings of fact of a bankruptcy court are reviewed for an abuse of discretion. *In re Leavitt*, 209 B.R. 935, 938 (9th Cir. BAP 1997); *In re Marsch*, 36 F.3d 825, 828 (9th Cir.1994). The bankruptcy court abuses its discretion where its ruling is based on an erroneous view of the law or on a clearly erroneous finding. *In re Medina*, 205 B.R. 216, 220 (9th Cir. BAP 1996).

4

The bankruptcy court's conclusions of law are reviewed *de novo*. *Id.* These issues are subject to *de novo* review. *In re Marquam Investment Corporation*, 942 F.2d 1462, 1465 (9th Cir.1991).

## IV.

## STATEMENT OF FACTS

### A. Overview

This is a case about an individual, Francis Lopez, who has been a permanent resident of Florida since July, 2003 when he and his family moved there from California. He owns a residence in Florida and is employed there. None of his creditors other than Stanly have any particular nexus to California. He owns virtually nothing else. Counsel for Stanley has acknowledged that. Lopez attempted to pay every creditor more than a year ago which motion was opposed by Mr. Stanly. There are very few creditors of this estate other than Stanly.

Mr. Lopez responded to the involuntary petition with a Motion to Dismiss and a Motion to Transfer the case to Florida where he and his family live. 1 ER 28 (docket number 7) Both Motions were denied.

Lopez and his former business partner, Alan Stanly, have been involved in significant litigation against each other since before the bankruptcy filing of their entity Prism Advanced Technologies, Inc. ("Prism") in 2003. The litigation

between them leading up to this involuntary bankruptcy proceeding was bitterly fought for two years and is still pending in Superior Court between the parties, namely <u>Lopez v. Stanly</u>, Case No. GIN029692, filed on May 14, 2003, San Diego Superior Court, North County. In that matter, Mr. Lopez sued Mr. Stanly for numerous causes of action, including invasion of privacy, breach of fiduciary duty, trespass and identity theft. Mr. Stanly filed a cross-complaint, of course. In a second case between them, Mr. Stanly was successful in obtaining a judgment against Mr. Lopez for approximately $50,000 relating to a guarantee both gentlemen had made to Union Bank of a Prism loan.

This involuntary chapter 7 petition is simply an extension of the litigation and a new strategy by Mr. Stanly to cause as much business and personal pain to Mr. Lopez as possible.

B. **Procedural Overview**

This case was bifurcated into two parts: Phase I was limited to the issue of whether or not Lopez had more than 12 creditors as defined in the Bankruptcy Code (since there was only one petitioning creditor); Phase II was the issue of whether or not Lopez was generally paying his debts as they became due. 1 ER 31 (docket number 27) The Bankruptcy Court must find that both parts are true

before an order for relief may be entered thus beginning a regular bankruptcy procedure.

As huge amount of discovery took place with respect to Phase I. Lopez was forced to seek a Protective Order which was granted requiring his deposition to be taken in Florida rather than San Diego. 1 ER 33 (docket number 41) An all day deposition took place in Florida.

Ultimately, the Bankruptcy Court found for Stanly as to Phase I. There were no other discovery issues in Phase I.

The matter then proceeded to Phase II and again Stanly sought volumes of documents – 162 categories. ER134-162  Lopez again responded and produced volumes of documents [1 ER 234] but Stanly was not satisfied. Stanly filed a Motion to Compel which was heard on March 12, 2007. Lopez did not oppose this motion and agreed to provide further documents. The documents and responses were served on April 10, 2007. ER 183-199 Supplements to the Special Interrogatories were served at the same time. ER201-218

Still not satisfied, Stanly filed a second Motion to Compel which was heard on June 25, 2007. 1 ER89 et seq. Lopez opposed the motion explaining that there were no further documents to be had and no further responses to be made. He argued that many of the documents belonged to his wife or were not otherwise available to him. 1 ER 233  At the hearing, the Bankruptcy Court suggested to

7

Lopez' counsel that a resolution might be an order prohibiting the use of any documents or information not already produced. Mr. Hayes readily agreed and that was the result. TR16

The second deposition of Mr. Lopez was then scheduled, this time for San Diego. Mr. Keehn scheduled it for San Diego on the theory that Lopez had sought the bifurcation and Keehn should not have to travel to Florida two times. Because Lopez had simply run out of money to continue to contest everything, he agreed to appear in San Diego at his own cost on September 11, 2007. He did not appear, in part due to oversight, and in part due to scheduling and travel difficulties. ER 458 Lopez then agreed to appear in San Diego on October 23, 2007 which he did - for approximately seven more hours.

Stanly filed a second Motion for Sanctions based on the failure to appear for the deposition on September 11, 2007. 2 ER 399 et seq The hearing took place on November 19, 2007 and the Bankruptcy Court awarded the sum of $8,130.50 as sanctions to be paid within 30 days. At that hearing Mr. Hayes requested that the court set a trial date or a final date to file a Motion for Summary Judgment since all discovery was then complete. The court demurred saying that it wanted to wait to see if the sanctions were paid. TR42

The sanctions were not paid. Mr. Lopez, through counsel, offered on December 17, 2007 to pay $4,000 of the sanctions immediately and $1,000 per

month for four months thereafter. 2 ER 587 Mr. Keehn responded on December 20, 2007 with a resounding "no." 2 ER 589 Keehn of course then filed his Motion for Terminating Sanctions which was heard on January 28, 2008. 2 ER 474 et seq.

Lopez opposed the motion explaining that he did not have the funds to pay the sanctions. He could come up with the $4,000 offered by missing a house payment but could not come up with the rest at that time. The Bankruptcy Court did not comment on this evidence. 2 ER 551 The Bankruptcy Court did not consider any less drastic sanctions short of refusing to allow Lopez to defend himself entirely.

## V.

## **TERMINATING SANCTIONS SHOULD NOT HAVE BEEN AWARDED AND SHOULD BE REVERSED AND REMANDED FOR CONSIDERATION OF LESS DRASTIC SANCTIONS**

Terminating sanctions is an extreme remedy which should not be assessed except in extraordinary circumstances.

In *Wyle v. R.J Reynolds Inductries, Inc.* 709 F.2d 585 (9th Cir. 1983), the court said, "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." There was no deceit by Mr. Lopez. The *Wylie*

9

court said, "[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances" citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981). "Sanctions interfering with a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." Citing *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 648 (9th Cir. 1978).

The failure to pay the sanctions and the offer to pay the sanctions in installments did not interfere with Stanly's claim nor was it ever alleged that it did. It therefore violates due process since the terminating sanctions were imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case. Stanly has received every document he has requested or the document has been otherwise stricken from the use of Lopez, a ruling that Stanly did not contest. He has taken two depositions over two full day periods. Mr. Keehn has not suggested that Mr. Lopez refused to respond to any question asked or that the delay in flying to California of about five weeks resulted in any prejudice or harm to his ability to go through with his Motion for Summary Judgment or otherwise prepare for trial. There has been no showing that any discovery necessary to the ability of Stanly to proceed has been withheld or otherwise kept from Stanly. There is no hint that because of the failure of Lopez to pay the sanctions, Stanly has suffered or even might suffer in this litigation.

The *Wylie* court "determined that the deliberate deception and the irreparable loss of material evidence justified the sanction of dismissal." There has been no deliberate deception here and no loss of anything.

In *Matter of Visioneering Const.*, 661 F.2d 119, 123 (9th Cir. 1981), an involuntary petition case, the court struck the Answer. The court said," [The alleged debtor's] near total refusal to facilitate discovery related to the jurisdictional factual issues and continued failure to respect discovery orders were therefore justifiably sanctioned by the entry of default." There has been no "near total refusal." Mr. Lopez has provided hundreds of pages of documents to Stanly. He has provided answers to questions, written and oral, over and over. There is no showing that this is otherwise.

Mr. Lopez traveled to San Diego at his own cost without a court order requiring him to do so and appeared for his deposition on October 23, 2007. He answered the questions of Mr. Keehn for more than six hours. The long trail of this case was ready to finish with a trial. Discovery has been completed. Trial should go forward on the merits. Stanley however was successful in getting the Bankruptcy Court to short-circuit the issue by striking the Answer.

There has been no showing of prejudice to Stanly. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (stating that the element of prejudice is "essential"), and *Adriana Int'l Corp. v. Thorean*, 913 F.2d 1406, 1412 (9th Cir.

11

1990) (holding where a court order is violated, prejudice and availability of less drastic sanctions are the decisive factors). "'[A] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.'" *Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Adriana Int'l Corp.*, 913 F.2d at 1412). *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine*, 682 F.2d 802, 806 (9th Cir. 1982) (noting "[i]t is firmly established that the courts have inherent power to dismiss an action or enter a default judgment to ensure the orderly administration of justice and the integrity of their orders[,]" but reversing entry of default because the deception was "peripheral" to the merits of the controversy).

Nothing has been withheld; the most that has happened is that Mr. Lopez has perhaps been dilatory with some of his responses and in making preparations to attend his second deposition in San Diego. There was no finding by the Bankruptcy Court that Mr. Lopez had in any way violated the Order from the first Motion to Compel. There is no discovery order that Mr. Lopez has failed to comply with. There was no order to appear for his deposition. Mr. Lopez voluntarily traveled to San Diego for the convenience of Mr. Keehn without a court order. *North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) (affirming dismissal of defendant's counterclaim under court's

12

inherent power for concealing documents and violating court's discovery order). Lopez has violated no court order other than the order to pay monetary sanctions.

## VI.

## CONCLUSION

Terminating sanctions is an extreme remedy which should not be assessed except in extraordinary circumstances. Lopez therefore prays this court to reverse the Order Granting Terminating Sanctions and remand to the Bankruptcy Court for the purpose of determining whether or not the second portion of the alleged involuntary bankruptcy has been met, i.e., that Lopez was not generally paying his debts as they became due when the involuntary petition was filed.

At a minimum, the matter should be remanded to instruct the Bankruptcy Court to consider less drastic measures such as permitting Lopez to pay the sanctions in installments and permitting the trial to go forward.

Dated: July 7, 2008                     Respectfully submitted

                                        By: /s/ M. Jonathan Hayes
                                        M. Jonathan Hayes
                                        Attorney for Debtor Francis Lopez

## CERTIFICATION REQUIRED BY BAP RULE 8010(a)-1(b)

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of this Panel to evaluate possible disqualification or recusal [list the names of all such parties and identify their connection and interest]:

    Francis Lopez

                              Respectfully submitted

Dated: 7-7-08              By: _____
                                               M. Jonathan Hayes
                                               Attorney for Appellant

## CERTIFICATION REQUIRED BY BAP RULE 8010(a)-1(c)

The undersigned certifies that the following are known related cases and appeals [list the case name, court and status of all related cases and appeals]:

Debtor Francis Lopez has appealed the denial of his Motion to Transfer Bankruptcy Case to Florida. Notice of Appeal filed on July 2, 2008.

Respectfully submitted

Dated: 7/7/08   By: /s/ M. Jonathan Hayes
M. Jonathan Hayes
Attorney for Appellant

PROOF OF SERVICE

I, MJ Hayes, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 21800 Oxnard St., Suite 840, Woodland Hills, CA 91367. On July 7, 2008, I served the within documents:

**APPELLANT'S OPENING BRIEF**

    X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

L. Scott Keehn
KEEHN & Assoc, APC
402 W. Broadway, Suite 1210
San Diego, CA 92101
AND BY EMAIL

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 7, 2008, at Los Angeles, California.

                                                  /s/ MJ Hayes
                                                MJ Hayes