1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Appellee**,
   **Alan Stanly**

6

7

8                 **UNITED STATES DISTRICT COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11 In Re:                          )  Case No. 08cv0713 JAH (WMc)
                                   )
12 FRANCIS J. LOPEZ,               )  Bankruptcy No. 05-05926-PB7
                                   )
13            Debtor.              )
   _____)  **APPELLEE'S SUPPLEMENTAL**
14                                 )  **APPENDIX**
   FRANCIS J. LOPEZ,               )
15                                 )  **VOLUME 2 OF 3**
            Appellant,             )
16                                 )
   v.                              )  Hearing:      September 15, 2008
17                                 )  Time:         2:30 p.m.
   ALAN STANLY,                    )  Department:   Courtroom 11
18                                 )  Judge:        Hon. John A. Houston
            Appellee.             )
19 _____)

20

21      Appellee Alan Stanly ("Stanly"), respectfully submits his Appellee's Supplemental

22 Appendix containing excerpts from the record cited in the Appellee's Brief filed concurrently

23 herewith.

24 Date: <u>August 8, 2008</u>                    **KEEHN & ASSOCIATES, APC**

25

26                              By:    <u>//s// L. Scott Keehn</u>
                                       L. Scott Keehn
27                                     Leslie F. Keehn
                                       Attorneys for **Appellee**,
28                                     **Alan Stanly**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

114637/53115.02

**APPELLEE'S SUPPLEMENTAL APPENDIX**
**VOLUME 2 OF 3**

EXCERPTS OF THE RECORD ON APPEAL
(IN CHRONOLOGICAL ORDER)

| TAB NUMBER[1] | DESCRIPTION | PAGE NUMBERS |
|---|---|---|
| 105 | Petitioning Creditors' Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor | 0152-0153 |
| 105-1 | Memorandum of Points and Authorities in Support of Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor | 0154-0171 |
| 105-2 | Declaration of L. Scott Keehn in Support of Petitioning Creditors' Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor | 0172-0175 |
| 105-3 | Exhibits A-C to Declaration of L. Scott Keehn | 0176-0238 |
| 105-4 | Exhibits D-I to Declaration of L. Scott Keehn | 0239-0294 |
| 110 | Transcript of Hearing held on 06/25/2007 | 0295-0314 |
| 114 | Petitioning Creditors' Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor | 0315-0316 |
| 114-1 | Memorandum of Points and Authorities in Support of Motion for an Enforcement Order Imposing Monetary Sanctions Against the Debtor | 0317-0323 |

---

[1]    Tab numbers are also the Docket Number references to the docket for the underlying Bankruptcy Case *In re Francis J. Lopez*, before the United States Bankruptcy Court for the Southern District of California, Case No. 05-05926-PB7.

114683/5311.02

# TAB 105

Name, Address, Telephone No. & I.D. No.
L. Scott Keehn (SBN 61691)
Leslie F. Keehn (SBN 199153)
KEEHN & ASSOCIATES, APC
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200
Attorneys for Petitioning Creditors

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FRANCIS J. LOPEZ,

BANKRUPTCY NO.   05-05926-PBINV

Tax I.D.(EIN)#:_____/S.S.#:XXX-XX-_____    Alleged Debtor.

## NOTICE OF HEARING AND MOTION

TO:    Alleged Debtor, Francis J. Lopez, Other Parties in Interest, and their Attorneys of Record

    **YOU ARE HEREBY NOTIFIED** that on _June 25, 2007_____, at _10:30 a.m.,
in Department No._4___, Room_328___ the Jacob Weinberger United States Courthouse, located at 325 West "F" Street,
San Diego, California 92101-6991, there will be a hearing regarding the motion of __the Petitioning Creditors_____,
for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor in the amount of $4,242.00; and (2) Imposing
Evidentiary Sanctions Against the Debtor.

    Any opposition or other response to this motion must be served upon the undersigned and the original and one copy
of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San
Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14)[1] DAYS FROM THE DATE OF SERVICE.

DATED: May 24, 2007

//s// L. Scott Keehn
[Attorney for] Moving Party

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions. **ASA 0152**

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on 24th day of May, 2007_____, I served a true copy of the within NOTICE OF MOTION AND HEARING, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER, and DECLARATION OF L. SCOTT KEEHN IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER by [describe here mode of service]

FIRST CLASS MAIL

on the following persons [set forth name and address of each person served] and/or as checked below:

[ ✔ ]    Attorney for Debtor (if required):

     M. Jonathan Hayes
     Law Office of M. Jonathan Hayes
     21800 Oxnard St.
     Suite 840
     Woodland Hills, CA  91367

[   ]    See attached Service List

| [ ✔ ] | For Chpt. 7, 11, & 12 cases: | [   ] | For ODD numbered Chapter 13 cases: | [   ] | For EVEN numbered Chapter 13 cases: |
|---|---|---|---|---|---|
| | UNITED STATES TRUSTEE<br>Department of Justice<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | | THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>530 "B" Street, Suite. 1500<br>San Diego, CA 92101 | | DAVID L. SKELTON, TRUSTEE<br>525 "B" Street, Suite 1430<br>San Diego, CA 92101-4507 |

I certify under penalty of perjury that the foregoing is true and correct

Executed on __May 24, 2007___
          (Date)

//s// Mark P. Laemmle_____
(Typed Name and Signature)

402 West Broadway, Suite 1210_____
(Address)

San Diego, CA  92101_____
(City, State, ZIP Code)

**ASA 0153**

# TAB 105-1

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                              )  Case No.  05-05926-PBINV
                                        )
12     FRANCIS J. LOPEZ,                )  **MEMORANDUM OF POINTS AND**
                                        )  **AUTHORITIES IN SUPPORT OF MOTION**
13                Alleged Debtor.       )  **FOR AN ENFORCEMENT ORDER:**
                                        )  **(1) IMPOSING MONETARY SANCTIONS**
14                                      )  **AGAINST THE DEBTOR; AND**
                                        )  **(2) IMPOSING EVIDENTIARY**
15                                      )  **SANCTIONS AGAINST THE DEBTOR**
                                        )
16                                      )  **[BIFURCATED PHASE II]**
                                        )
17                                      )  Date:  June 25, 2007
                                        )  Time:  10:30 a.m.
18                                      )  Judge: The Honorable Peter W. Bowie
                                        )  Ctrm:  4
19  _____)

20        The Alleged Debtor — Francis J. Lopez ("Lopez") — has failed to fully comply with the

21  Court's order directing him to supplement his discovery responses by May 21, 2007.[1]  Accordingly,

22  pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to these

23  proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"), Petitioning

24  Creditors respectfully submit their Motion for an Order from this Court: (1) imposing monetary

25  sanctions against Lopez in the amount of $4,242; and (2) imposing evidentiary sanctions against

26  Lopez.

27

28  _____
         [1]       See, Docket Item # 104.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0154**

110290/LFK/5311.01

# **TABLE OF CONTENTS**

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     FACTUAL AND PROCEDURAL CHRONOLOGY OF LOPEZ'S
        EXTENSIVE HISTORY OF HINDERING, DELAYING AND REFUSING
        TO PROVIDE PROPER DISCOVERY RESPONSES DESPITE BEING
        ORDERED TO DO SO BY THIS COURT . . . . . . . . . . . . . . . . . . . . . . . 4

III.    DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.     Sanctions are a Necessary and Appropriate Response to Lopez's Brazen
               Disregard of His Discovery Obligations and this Court's Orders. . . . . . . . . . 7

        B.     Lopez's Discovery Abuse is Unfairly Prejudicial to Existing Creditors . . . . . . . . 8

        C.     Evidentiary Sanctions Should Now be Imposed . . . . . . . . . . . . . . . . . 9

        D.     The Deferred Monetary Sanctions Should Now Be Imposed . . . . . . . . . . . . 13

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0155**

110290/LFK/5311.01

# I.

# INTRODUCTION

*Delays have dangerous ends.*

William Shakespeare
Henry VI, Part One
Act III, Scene ii

Francis J. Lopez — Master Scofflaw — is pulling this case and its creditors down the dangerous path of delay by ignoring the Court's mandate for compliance with his duties to disclose that which unopposed discovery compels. Having paralyzed the case first by his refusal to cooperate and second by his disobedience to the court's ruling, Lopez remains at liberty to create an unlimited variety of "Priority Gap Claims"[2] which will slip ahead of all of the pre-petition unsecured creditors. The plight of those creditors is exacerbated by the automatic stay which prevents them from taking any enforcement action to preserve the economic utility of their claims.[3] The risks of prejudice are further heightened by the initial delay that was occasioned by the bifurcation of the case — at Lopez's request — so that the Involuntary Gap Period was necessarily rendered longer than the norm, even before the latest delays were encountered.

What mischief has already occurred behind the shield of delay, and what further mischief may yet occur before the Order for Relief is ultimately entered, is impossible to ascertain. But, what can be seen with absolute clarity is that Lopez will not willingly discharge the duties of a litigant to participate in good faith in this process. He has used his *passive/aggressive* tactic of delay to the prejudice of the creditors, and that prejudice must be truncated so that the *dangerous end* of an expanding pool of priority claims is held in check.

Lopez's disobedience is particularly troubling because it demonstrates that — beyond his willingness to disobey court mandates — he is impervious to the threat of monetary sanctions. At the hearing conducted on March 12, 2007, this Court made clear on the record: (a) the seriousness of Lopez's failure to respond to discovery which he never opposed; (b) its willingness to defer the

---

[2]    See 11 U.S.C. §§ 502(f) and 507(a)(3).

[3]    See 11 U.S.C. § 362(a).

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0156**

110290/LFK/5311.01

1    issue of ruling on the requested sanctions of $4,242; and (c) its intention that the risk of sanctions

2    was to serve as a *Sword of Damocles* suspended above Lopez to motivate compliance.  With that

3    in mind, the court then gave him another 30 days — to April 11, 2007 — to fully respond to

4    discovery promulgated five months earlier, on November 3, 2006.  In response to the court's clear

5    direction, Lopez provided an anemic and patently deficient set of "supplemental" responses which

6    generated another fruitless round of meet and confer conferences between the parties' attorneys.

7        At the status conference held on May 11, 2007, this Court gave Lopez even more time to

8    supplement his responses – until May 21, 2007.  True to form, on the last day for Lopez to

9    respond, he requested, through his attorney, another two business days to provide responses.  The

10   request was granted, on the condition that Petitioning Creditors' deadline to file any responsive

11   discovery motion be extended from Friday May 25, 2007 to Monday May 28, 2008.  On May 23,

12   2007, Lopez withdrew his request for an extension, and stated that he would not be supplementing

13   his discovery responses.

14       Lopez's cavalier misconduct taunts this Court's threat of monetary sanctions.  It is

15   insufferable.  It warrants the immediate entry of both monetary and evidentiary sanctions.

16                                    **II.**

17   **FACTUAL AND PROCEDURAL CHRONOLOGY OF LOPEZ'S EXTENSIVE HISTORY
     OF HINDERING, DELAYING AND REFUSING TO PROVIDE PROPER DISCOVERY**

18   **RESPONSES DESPITE BEING ORDERED TO DO SO BY THIS COURT**

19       11/03/06:  Lopez was served with Petitioning Creditors' First Set of Written Discovery for

20                  Phase II (the "Phase II Written Discovery"), consisting of (1) First Phase II

21                  Requests for Admission Propounded by Petitioning Creditors [10 Requests];

22                  (2) First Phase II Request for Production of Documents by Petitioning Creditors

23                  [162 categories of documents]; and (3) First Phase II Interrogatories

24                  Propounded by Petitioning Creditors [35 Interrogatories].  Lopez's responses to

25                  the Phase II Written Discovery were due on December 4, 2006.

26       12/03/06:  Lopez served "Response to Requests for Admission Propounded to Alleged

27                  Debtor Francis J. Lopez (Phase II)."  **Lopez's responses were deficient, and**

28                  **Lopez failed to verify the responses.**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0157**

110290/LFK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

12/05/06:   Lopez served "Response to Interrogatories Propounded to Alleged Debtor Francis J. Lopez (Phase II). **Lopez's responses were deficient, and Lopez failed to verify the responses**. Lopez also served "Response to Requests for Production of Documents." **Lopez's responses were deficient.**

12/13/06:   Petitioning Creditors' attorney, L. Scott Keehn, sent a *meet and confer* letter to Lopez's attorney, M. Jonathan Hayes, notifying him of the deficiencies in Lopez's responses to the Phase II Written Discovery.

12/15/06:   Attorneys Keehn and Hayes participated in a telephonic *meet and confer* conference wherein the parties agreed that Lopez would provide supplemental responses to the Phase II Written Discovery on or before January 12, 2007.

01/12/07:   Deadline for Lopez to provide the promised supplemental responses to the Phase II Written Discovery. **Lopez failed, without explanation, to provide supplemental responses to the Phase II Written Discovery.**

01/19/07:   Attorney Keehn sent a follow-up *meet and confer* letter to attorney Hayes requesting an explanation regarding Lopez's failure to provide the promised supplemental responses to discovery, and notifying Lopez of the imminent likelihood of a motion to compel his responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond to that *meet and confer* letter.**

01/29/07:   Petitioning Creditors filed a Motion to Compel responses to the Phase II Written Discovery. **Lopez failed, without explanation, to respond or file an Opposition to that Motion.**

03/10/07:   On a Saturday, just two days prior to the scheduled hearing on Petitioning Creditors' Motion to Compel Lopez's responses to the Phase II Written Discovery, attorney Hayes emailed approximately 155 pages of documents to attorney Keehn, purportedly in response to the "First Phase II Request for Production of Documents by Petitioning Creditors." **This last-minute "*document dump*" was improper because the documents: (1) were not**

**ASA 0158**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1    responsive to the Requests, (2) were not organized by category of Request,

2    and (3) consisted of at least 103 pages of pleadings filed in the San Diego

3    Superior Court which are already in the Petitioning Creditors' possession.

4    Lopez failed, without explanation, to explain the deficiencies and/or his

5    failure to provide the agreed-upon supplemental responses.

6    03/12/07:  This Court granted Petitioning Creditors' motion to compel Lopez to provide

7    supplemental responses to the Phase II Written Discovery.[4]  The Court ordered

8    Lopez to provide the supplemental responses on or before April 11, 2007.  The

9    Court — in open session — indicated that it was deferring its ruling on the

10   request for monetary sanctions of $4,242 because: (a) it wanted the risk of those

11   sanctions to serve as a *Sword of Damocles* to encourage compliance with the

12   Court's order; and (b) Lopez would have to "work his way out of those

13   sanctions."  **Lopez failed, without explanation, to fully comply with this**

14   **Court's Order.**

15   04/10/07:  Lopez mailed a set of supplemental responses to the Phase II Written Discovery

16   which were patently deficient in that, i.e., they failed to fully respond to the

17   Interrogatories asked, failed to provide facts in support of asserted denials to the

18   Requests for Admissions, and failed to produce responsive documents.

19   05/11/07:  (1) This Court ordered Lopez to file proper supplemental responses to the Phase

20        II Written Discovery on or before May 21, 2007.  **Lopez failed to comply**

21        **with this Court's Order, stating that no further responses will be given.**

22        (2) Attorneys Keehn and Hayes met and conferred at Mr. Keehn's office

23        regarding the deficiencies in Lopez's supplemental responses to the Phase II

24        Written Discovery.  Attorney Hayes requested attorney Keehn set forth the

25        deficiencies in a *meet and confer* letter.

26   05/14/07:  As requested, attorney Keehn sent a *meet and confer* letter via email and first

27

28
─────────────
[4]     See, Docket Item #93.

**ASA 0159**

class United States mail to attorney Hayes which enumerated each and every

deficiency in Lopez's supplemental responses to the Phase II Written

Discovery.

05/21/07:  (1) Deadline for Lopez to supplement his supplemental responses to the Phase

II Written Discovery.  **Lopez failed to provide supplemental responses as**

**required by this Court's Order.**

(2) After the close of business, at 7:10 P.M., attorney Hayes emailed attorney

Keehn a request for two additional days for Lopez to supplement his

responses to the Phase II Written Discovery.

05/22/07:  Attorney Keehn responded to attorney Hayes' email by granting the requested

two-day extension of time, in exchange for a stipulation providing Petitioning

Creditors with an extension of time – from May 25, 2007 to May 30, 2007 – to

file any necessary discovery motion.

05/23/07:  Attorney Hayes emailed attorney Keehn to withdraw Lopez's request for an

extension of time, and notify him that Lopez would not be providing any

additional responses.

### III.

### DISCUSSION

**A.     Sanctions are a Necessary and Appropriate Response to Lopez's Brazen Disregard of His Discovery Obligations and this Court's Orders.**

Pursuant to FRCP Rule 37(b)(2), made applicable to these proceedings by FRBP Rule

9014(c), this Court has broad discretion to issue appropriate sanctions for Lopez's continued,

unreasonable refusal to provide discovery.[5] Where, as here, an alleged debtor has engaged in a

course of conduct clearly designed to avoid his discovery obligations, even the seemingly "harsh"

sanction of striking the debtor's answer and adjudicating him a bankrupt is both appropriate and

---

[5]      *Matter of Visioneering Const.*, 661 F.2d 119, 123 - 124 (9th Cir. 1981); *In re Heritage Bond Litigation*, 223 F.R.D. 527, 530 (Dist. Ct. C.D. Cal. 2004); *In re Williams*, 215 B.R. 289, 299 (Dist. Ct. D.R.I.,1997) ("the choice and severity of the sanction imposed is a matter reserved to the sanctioning court's discretion").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

**ASA 0160**

110290/LFK/5311.01

1   necessary to avoid encouraging "a blatant disregard for the discovery mechanism."[6]  Petitioning

2   Creditors are willing  – for the moment – to stop short of requesting terminating sanctions, and

3   accept a combination of evidentiary and monetary sanctions (as originally requested) to enable this

4   case to proceed forward to summary judgment.

5        Lopez's responses to the Phase II Written Discovery (served on November 03, 2006) were

6   due on December 4, 2006.  Almost six months have now passed since that original production

7   date, and Petitioning Creditors have yet to receive Lopez's responses, or even a reasonable

8   justification for the delay.  And that is not because Petitioning Creditors have not been trying.  As

9   set forth in Section II above, Petitioning Creditors made multiple efforts to *meet and confer* with

10  Lopez before obtaining this Court's Orders compelling Lopez to provide full and complete

11  discovery responses.  Unfortunately, this Court's Orders have not had much impact on Lopez.  At

12  this point, Lopez is no longer willing to even feign compliance – e.g., with an eleventh-hour

13  *document dump* (as he did on March 10, 2007).  Instead, his attorney simply emailed notification

14  to attorney Keehn that no supplemental responses will be provided.  Based on that communication,

15  there appears to be nothing more that either this Court or Petitioning Creditors can do to force

16  Lopez to provide supplemental discovery responses.

17  **B.    Lopez's Discovery Abuse is Unfairly Prejudicial to Existing Creditors.**

18       Lopez's strategic delaying of these proceedings unfairly exposes all creditors to

19  unnecessary  prejudice, the extent of which is currently unknown, in that Lopez is free to incur

20  new debt that will be superior to the claims of all pre-petition creditors due to the priority status

21  given to gap claims under 11 U.S.C. §502(f), pursuant to 11 U.S.C. §507(a)(3).  As we approach

22  June 30, 2007, which will be the second anniversary of the petition, the specter of an ever-

23  expanding body of gap claims looms as an ominous threat to the economic utility of the

24  Bankruptcy remedy sought by the Petitioning Creditors.  It is ironic, inequitable and intolerable

25  that the creditors should continue to be exposed to that peril because Lopez refuses to comply with

26  _____

27       [6]    *In re Rice*, 14 B.R. 843, 846 (9th Cir.BAP 1981); *Matter of Visioneering Const.*,
    supra, 661 F.2d at 123 (court's order striking alleged debtor's answer was an appropriate sanction

28  since the debtor had "deliberately and obstinately refused to cooperate with discovery requests and
    court orders").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0161**

110290/LFK/5311.01

1   both his discovery obligations, and the orders of the Court.  Lopez's game-playing must stop now

2   so that this estate can proceed toward a fair and orderly administration.  At the same time, all

3   creditors deserve to have the prejudice caused by Lopez's willful disregard of the Court's order

4   neutralized.  Since there is no way to turn back the hands of time or undo any gap claims that

5   Lopez may have created in his period of non-compliance, evidentiary sanctions is the only way to

6   get this case processed toward the entry of an order for relief.

7   **C.     Evidentiary Sanctions Should Now be Imposed.**

8           Since Lopez has now flatly refused to supplement his responses to the Phase II Written

9   Discovery, the following evidentiary sanctions should be imposed pursuant to FRCP 37(b)(2):

10          **Interrogatory No. 1.**  This Interrogatory requires Lopez to state all facts upon which he

11  based any response to the "Requests for Admissions" which is not an unqualified admission.  He

12  failed to do so in support of his denial to Request for Admission Number 5 ("Admit that with

13  respect to the STANLY JUDGMENT, YOU never requested a stay of enforcement pending

14  YOUR appeal of that judgment.").  Given Lopez's blatant refusal to supplement his response

15  despite the Court's threat of monetary sanctions, the most "appropriate sanction, reasonably related

16  to the subject of discovery that was frustrated by sanctionable conduct," is an evidentiary sanction

17  deeming Lopez's response to Request for Admission Number 5 an unqualified admission.[7]

18          In *In re Heritage Bond Litigation*, supra, the defendants failed to comply with the court's

19  order to supplement their responses to a request for documents pertaining to an alleged fraudulent

20  transfer of property.[8]  Given the defendants' unreasonable delay and noncompliance, the court

21  issued an evidentiary sanction precluding defendants from defending against the fraudulent

22  transfer cause of action.[9]  Likewise here, given Lopez's unrelenting delay tactics and failure to

23  comply with his discovery obligations and/or this Court's orders, a conclusive evidentiary sanction

24  appears to be the only way this case will be processed forward.

25

26      [7]      *In re Heritage Bond Litigation*, supra, 223 F.R.D. at 531.

27      [8]      *Id.* at 529 & 531.

28      [9]      *Id.* at 531.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0162**

110290/LFK/5311.01

**Interrogatory No. 3**  This interrogatory states:

> Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with these interrogatories is an unqualified admission, then for each response which is not an unqualified admission, state the number of the request, and IDENTIFY all DOCUMENTS, writings and other tangible things that YOU contend support YOUR response.

In his supplemental response to this Interrogatory, Lopez referenced Request for Admission Number 1 ("Admit that you received no cash payments from NOVEON between January 1, 2005, and July 1, 2005"), and identified certain checks he had received as payments from NOVEON – the business owned by him and his wife – during the relevant time period: "Check number 5135 for $1,000.00 issued by Noveon Systems, Inc. on 1/4/2005; check number 5171 for $35.00 issued by Noveon Systems, Inc. on 4/26/05."  Copies of these checks have not been produced, despite being requested within the scope of Request for Production 154 and 155 (requesting "any and all DOCUMENTS that are identified or referred to in any of your responses to the INTERROGATORIES [and] REQUEST FOR ADMISSION").  This evidence is essential to the Petitioning Creditors' ability to establish Lopez's lack of income to pay his debts as they came due as of the Petition Date.  The appropriate sanction for Lopez's failure to provide that relevant evidence is an evidentiary sanction prohibiting him from producing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of cash payments he received from Noveon during the period between January 1, 2005 and July 1, 2005.[10]

**Interrogatory No. 4.**  This Interrogatory states:

> IDENTIFY by date, source, and amount, all cash receipts of any kind (including loan proceeds) that YOU received from any source — including but not limited to — NOVEON between January 1 and July 1, 2005.

In Lopez's supplemental response to this Interrogatory, he identifies four sources of minimal cash (totaling $1,235.34) for the relevant period, and then makes the vague claim that

---

[10]     *Id.*

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0163**

110290/LFK/5311.01

1    "[t]here are other cash receipt transactions that may be responsive to this interrogatory, I am still

2    researching those." This response is disingenuous given the amount of time Lopez has had to

3    adequately "research" his records for responsive information. The appropriate sanction for this

4    sort of hindering and game-playing is to impose an evidentiary sanction prohibiting Lopez from

5    producing any evidence of any type – including testimonial or documentary, either proffered

6    directly or for impeachment purposes – of cash he received during the period between January 1,

7    2005 and July 1, 2005, except for the $1,235.34 already disclosed in his supplemental response.[11]

8        **Interrogatory No. 5** This interrogatory requires Lopez to identify cash received by his

9    current wife, Madeleine Lopez (with whom he lives), during the period between January 1, 2005

10   and July 1, 2005. Lopez refuses to provide this information, and instead makes the patently

11   unbelievable claim that "[t]he requested information is not in my possession or control." Lopez

12   has never even attempted to explain why he is unable to obtain the requested information from his

13   wife with whom he shares a home, a business and bank accounts; or, most significantly, what

14   efforts, if any, he made to obtain the information.

15       In *In re Heritage Bond Litigation*, supra, the court cited the defendants' "minimal" efforts

16   to obtain the requested documents from third parties as a basis to issue civil contempt sanctions for

17   their failure to comply with the prior discovery order mandating production.[12] As explained in *In*

18   *re Heritage Bond Litigation*, supra, the appropriate sanction for this blatant game-playing is to

19   impose an evidentiary sanction prohibiting the proffering of *any* evidence at trial pertaining to that

20   which was not produced during discovery.[13] Here, that sanction should prohibit Lopez from

21   producing any evidence of any type – including testimonial or documentary, either proffered

22   directly or for impeachment purposes – of cash his wife, Madeleine Lopez, received during the

23   period between January 1, 2005 and July 1, 2005.

24   / / /

25

26   [11]    *Id.*

27   [12]    *In re Heritage Bond Litigation*, supra, 223 F.R.D. at 533.

28   [13]    *Id.* at 531.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0164**

110290/LFK/5311.01

**Interrogatory Nos. 6 & 11.** These interrogatories seek information pertaining to the nature and scope of mortgage and other obligations owed to Lehman Brothers Bank – the lender who recorded a mortgage against the Florida residence which Lopez shares with his wife, Madeleine Lopez – and any payments made on those obligations. In response, Lopez has continually asserted that he either has no responsive information, or "[a]ny responsive documents are not in my possession or control." He has never explained that response by indicating who might, or in fact does, have possession or control of the requested information; or, most significantly, what efforts, if any, he made to obtain the responsive information and/or documents.

Since the requested information is sought to establish that, as of the Petition Date, Lopez was not in fact paying his debts as they came due, the appropriate sanction for his refusal to provide information relevant to that issue, is to impose an evidentiary sanction prohibiting Lopez from producing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of the obligations owed to Lehman Brothers Bank, and/or any payments being made on those obligations prior to the Petition Date.[14]

**Interrogatory Nos. 13, 15, 16, 17, 18, 22, 24, 27, 28, 30, 32 & 34.** These Interrogatories requested information pertaining to the payments on obligations owed to the following creditors: American Express, Bank of America, Bank Card Services, Cingular, Citicard, Household Bank, Northwest Florida Daily News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank and Thomas B. Gorrill. Specifically, the Interrogatories stated:

> With respect to any or all debts that YOU OWED to [identified creditor] as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

Lopez's original response to all of these Interrogatories was to object on the grounds that the question was "vague." He then failed to make a reasonable effort to provide the requested information, and instead feigned compliance with this Court's Order with irrelevant and non-

---

[14]     *Id.*

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

ASA 0165

1  responsive answers which, i.e., referred to payments made post-petition (which are not relevant to

2  this Phase of the proceedings), claimed there was "no way to determine" the requested

3  information, or asserted that after reviewing his unidentified "records" he did not believe he owed

4  that creditor anything on the Petition Date.

5          The requested information is essential to Petitioning Creditors' ability to establish that, as

6  of the Petition Date, Lopez was not paying his debts as they came due.  Since it is now obvious

7  that Lopez is not going to provide that essential information with respect to these creditors (and at

8  this point it is no longer possible to provide a response that is timely in any sense of the word), the

9  necessary and appropriate action is for this Court to impose an evidentiary sanction prohibiting

10 Lopez from producing any evidence of any type – including testimonial or documentary, either

11 proffered directly or for impeachment purposes – of: (a) the obligations owed to: American

12 Express, Bank of America, Bank Card Services, Cingular, Citicard, Household Bank, Northwest

13 Florida Daily News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank and Thomas

14 B. Gorrill as of the Petition Date; and/or (b) any payments made on those obligations.[15]

15 **D.      The Deferred Monetary Sanctions Should Now Be Imposed.**

16         In its Order,[16] dated March 12, 2007, this Court deferred ruling on Petitioning Creditors'

17 request for monetary sanctions as set forth in their Motion to compel Lopez's responses to the

18 Phase II Written Discovery.[17]  Since then, Lopez has engaged in a *gamesman-like* series of

19 supplemental activities calculated to create the illusion of attempted compliance without ever

20 yielding up a meaningful or good-faith response.  It is conduct more calculated to exhaust the

21 Petitioning Creditors' resolve than to facilitate the *quest for truth* that is the over-arching purpose

22 of all civil litigation, and the function of the discovery rules.  It is a course of conduct that

23 dramatically underscores the need for meaningful sanctions for Lopez's chronic failure to fulfill

24 his duties as a litigant.  These sanctions only compensate for the burden of first bringing a

25

26    [15]     *Id.*

27    [16]     See, Docket Item #93.

28    [17]     See, Docket Item #91.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0166**

110290/LFK/5311.01

1   compliance motion, and do not address the further prejudice occasioned by the continuing failure

2   to provide obligatory discovery responses .  That prejudice can only be remedied by imposition of

3   the evidentiary sanctions requested above.

4       Petitioning Creditors hereby renew their request for monetary sanctions in the amount of

5   $4,242, consisting of the attorneys' fees incurred by Petitioning Creditors in bringing that Motion,

6   as though fully set forth herein.

7                                        **IV.**

8                                   **CONCLUSION**

9       Based on all of the foregoing, Petitioning Creditors respectfully request that this Court

10  issue an Order imposing evidentiary sanctions, and monetary sanctions against Lopez in the

11  amount of $4,242, as set forth in the proposed Order attached hereto, marked Exhibit 1.

12

13  Dated: May 24, 2007                    **KEEHN & ASSOCIATES**
                                           A Professional Corporation
14

15

16                              By:    //s// L. Scott Keehn
                                       L. Scott Keehn
17                                     Attorneys for **Petitioning Creditors**

18

19

20

21

22

23

24

25

26

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0167**

110290/LFK/5311.01

# EXHIBIT 1

ASA 0168

CSD 1001C

Name, Address, Telephone No. & I.D. No.
L. Scott Keehn, SBN 61691
Leslie F. Keehn, SBN 199153
KEEHN & ASSOCIATES, APC
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FRANCIS J. LOPEZ,

Alleged Debtor.

BANKRUPTCY NO.  05-05926-PBINV

Date of Hearing: June 25, 2007
Time of Hearing: 10:30 a.m.
Name of Judge: Hon. Peter W. Bowie

**ORDER:**
**(1) GRANTING PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING DISCOVERY SANCTIONS; (2) IMPOSING MONETARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ IN THE AMOUNT OF $4,242.00; AND (3) IMPOSING EVIDENTIARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ**

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through  3  with exhibits, if any, for a total of  3  pages, is granted.  Motion Docket Entry No. ____.

//
//
//
//
//
//
DATED:

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:
**KEEHN & ASSOCIATES, APC**

_____
(Firm name)

By: L. Scott Keehn
Attorney for [X] Movant ☐ Respondent

**ASA 0169**

CSD 1001C/110319

(1) GRANTING PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING DISCOVERY SANCTIONS; (2) IMPOSING MONETARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ IN THE AMOUNT OF $4,242.00; AND (3) IMPOSING EVIDENTIARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ

ALLEGED DEBTOR: FRANCIS J. LOPEZ                                    CASE NO:05-05926-PBINV

---

Petitioning Creditors' Motion for an Enforcement Order Imposing Discovery Sanctions against Alleged Debtor Francis J. Lopez (the "Motion") came on regularly for hearing on June 25, 2007, at 10:30 a.m. in department 4 of the above-entitled Court located at 325 West "F" Street, San Diego, California, the Honorable Peter W. Bowie presiding. Appearances were made by the firm of Keehn & Associates, APC, by L. Scott Keehn, on behalf of Petitioning Creditors; and the Law Office of M. Jonathan Hayes, by M. Jonathan Hayes on behalf of Alleged Debtor, Francis J. Lopez ("Lopez"), in opposition to the Motion.

The Court, having previously considered all of the pleadings, papers, requests, declarations and arguments submitted by the parties in support of their positions, and, good cause therefore appearing,

**IT IS HEREBY ORDERED** that:

(1)     The Motion for an Enforcement Order Imposing Discovery Sanctions Against Alleged Debtor Francis J. Lopez is granted;

(2)     It is further and specifically ordered that, within 20 days of the entry of this Order, Alleged Debtor Francis J. Lopez ("Lopez") shall pay monetary sanctions to Petitioning Creditors, through their attorneys, Keehn & Associates, APC, in the amount of $4,242.00;

(3)     It is further and specifically ordered that the following evidentiary sanctions shall apply to any and all further proceedings in this case:

(A)     Phase II Request for Admission Number 5 is deemed admitted; and Lopez is prohibited from denying any aspect of the statement set forth in "Request for Admission Number 5" in the "First Phase II Requests for Admission Propounded by Petitioning Creditors," served on Lopez on November 3, 2006;

(B)     Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of receiving cash payments from Noveon Systems, Inc. during the period between January 1, 2005 and July 1, 2005;

(C)     Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of receiving any cash from any source during the period between January 1, 2005 and July 1, 2005, except for the $1,235.34 he disclosed in his supplemental response to Interrogatory Number 4 in the "First Phase II Interrogatories Propounded by Petitioning Creditors," served on Lopez on November 3, 2006;

(1) GRANTING PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER IMPOSING DISCOVERY SANCTIONS; (2) IMPOSING MONETARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ IN THE AMOUNT OF $4,242.00; AND (3) IMPOSING EVIDENTIARY SANCTIONS AGAINST ALLEGED DEBTOR FRANCIS J. LOPEZ

ALLEGED DEBTOR: FRANCIS J. LOPEZ                              CASE NO:05-05926-PBINV

3, 2006;

(D)   Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of any cash his wife, Madeleine Lopez, received from any source during the period between January 1, 2005 and July 1, 2005;

(E)   Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of the obligations owed to Lehman Brothers Bank, and/or any payments being made on those obligations prior to the Petition Date; and

(F)   Lopez is prohibited from introducing any evidence of any type – including testimonial or documentary, either proffered directly or for impeachment purposes – of paying as they became due the obligations he owed to any of the following entities or persons: American Express, Bank of America, Bank Card Services, Cingular, Citicard, Household Bank, Northwest Florida Daily News, Citibank/Quicken Platinum Card, Texaco, Verizon, Union Bank and Thomas B. Gorrill, as of the Petition Date.

**ASA 0171**

# TAB 105-2

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In Re:                          )  Case No.  05-05926-PBINV
                                     )
12     FRANCIS J. LOPEZ,             )  Involuntary Chapter 7
                                     )
13           Alleged Debtor.         )  **DECLARATION OF L. SCOTT KEEHN IN**
                                     )  **SUPPORT OF PETITIONING**
14                                   )  **CREDITORS' MOTION FOR AN**
                                     )  **ENFORCEMENT ORDER: (1) IMPOSING**
15                                   )  **MONETARY SANCTIONS AGAINST THE**
                                     )  **DEBTOR; AND (2) IMPOSING**
16                                   )  **EVIDENTIARY SANCTIONS AGAINST**
                                     )  **THE DEBTOR**
17                                   )
                                     )  **[BIFURCATED PHASE II]**
18                                   )
                                     )  Date:  June 25, 2007
19                                   )  Time:  10:30 a.m.
                                     )  Judge: The Honorable Peter W. Bowie
20                                   )  Ctrm:  4
                                     )
21  _____ )

22      I, L. Scott Keehn, declare:

23      1.      I am an attorney at law, duly licenced to practice before all courts of this State, and

24  before the United States District Court for the Southern District of California.  I am a shareholder

25  of the firm Keehn & Associates APC, attorneys of record for Petitioning Creditors.  I have

26  personal knowledge of the factual matters stated herein.

27      2.      On November 03, 2006, my office served Lopez with Petitioning Creditors' First

28  Set of Written Discovery for Phase II (the "Phase II Written Discovery"), consisting of: (1) First

1  Phase II Requests for Admission Propounded by Petitioning Creditors [10 Requests]; (2) First

2  Phase II Request for Production of Documents by Petitioning Creditors [162 categories of

3  documents]; and (3) First Phase II Interrogatories Propounded by Petitioning Creditors [35

4  Interrogatories].  True and correct copies of the Phase II Written Discovery are attached hereto,

5  marked Exhibits A, B and C respectively.  Lopez's responses were due on December 4, 2006.

6       3.  On December 03, 2006, Lopez served his "Response to Requests for Admission

7  Propounded to Alleged Debtor Francis J. Lopez (Phase II)."  **Lopez's responses were deficient,**

8  **and Lopez failed to verify the responses.**

9       4.  On December 05, 2006, Lopez served his "Response to Interrogatories Propounded

10  to Alleged Debtor Francis J. Lopez (Phase II).  **Lopez's responses were deficient, and Lopez**

11  **failed to verify the responses.**  At the same time, Lopez served his "Response to Requests for

12  Production of Documents."  **Lopez's responses were deficient.**

13       5.  On December 13, 2006, I sent a *meet and confer* letter to Lopez's attorney, M.

14  Jonathan Hayes, notifying him of the deficiencies in Lopez's responses to the Phase II Written

15  Discovery.

16       6.  On December 15, 2006, attorney Hayes and I participated in a telephonic *meet and*

17  *confer* conference wherein the parties agreed that Lopez would provide supplemental responses to

18  the Phase II Written Discovery on or before January 12, 2007.

19       7.  On January 12, 2007 – the Deadline for Lopez to provide the promised

20  supplemental responses to the Phase II Written Discovery – **Lopez failed, without explanation,**

21  **to provide supplemental responses to the Phase II Written Discovery.**

22       8.  On January 19, 2007, I sent a follow-up *meet and confer* letter to attorney Hayes

23  requesting an explanation regarding Lopez's failure to provide the promised supplemental

24  responses to discovery, and notifying Lopez of the imminent likelihood of a motion to compel his

25  responses to the Phase II Written Discovery.  **Lopez failed, without explanation, to respond to**

26  **that *meet and confer* letter.**

27       9.  On January 29, 2007, Petitioning Creditors filed a Motion to Compel responses to

28  the Phase II Written Discovery.  **Lopez failed, without explanation, to respond or file an**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0173**

110315/LFK/5311.01

1    **Opposition to that Motion.**

2    10.    On March 10, 2007 – a Saturday, just two days prior to the scheduled hearing on

3    Petitioning Creditors' Motion to Compel Lopez's responses to the Phase II Written Discovery –

4    attorney Hayes emailed me approximately 155 pages of documents, purportedly in response to the

5    "First Phase II Request for Production of Documents by Petitioning Creditors." **This last-minute**

6    *"document dump"* **was improper because the documents: (1) were not responsive to the**

7    **Requests, (2) were not organized by category of Request, and (3) consisted of at least 103**

8    **pages of pleadings filed in the San Diego Superior Court which are already in the Petitioning**

9    **Creditors' possession. Lopez failed, without explanation, to explain the deficiencies and/or**

10    **his failure to provide the agreed-upon supplemental responses.**

11    11.    On March 12, 2007, I appeared at the hearing during which this Court granted

12    Petitioning Creditors' motion to compel Lopez to provide supplemental responses to the Phase II

13    Written Discovery.[1]  The Court ordered Lopez to provide the supplemental responses on or before

14    April 11, 2007.  The Court — in open session — indicated that it was deferring its ruling on the

15    request for monetary sanctions of $4,242 because: (a) it wanted the risk of those sanctions to serve

16    as a *Sword of Damocles* to encourage compliance with the Court's order; and (b) Lopez would

17    have to "work his way out of those sanctions."

18    12.    On April 10, 2007, Lopez mailed my office a set of supplemental responses to the

19    Phase II Written Discovery which were patently deficient in that, i.e., they failed to fully respond

20    to the Interrogatories asked, failed to provide facts in support of asserted denials to the Requests

21    for Admissions, and failed to produce responsive documents.  True and correct copies of Lopez's

22    supplemental responses are attached hereto marked Exhibits D, E and F.

23    13.    On May 11, 2007, the parties, through their counsel, attended a status conference

24    wherein this Court ordered Lopez to file proper supplemental responses to the Phase II Written

25    Discovery on or before May 21, 2007.  Later that afternoon, I met with attorney Hayes at my office

26    regarding the deficiencies in Lopez's supplemental responses to the Phase II Written Discovery.

27

28    _____

[1]    See, Docket Item #93.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0174**

110315/LFK/5311.01

1 | Attorney Hayes requested that I set forth the deficiencies in a *meet and confer* letter to him.

2 |       14.    As requested, on May 14, 2007, I sent a *meet and confer* letter via email and first

3 | class United States mail to attorney Hayes which enumerated each and every deficiency in Lopez's

4 | supplemental responses to the Phase II Written Discovery.  A true and correct copy of that letter is

5 | attached hereto, marked Exhibit G.

6 |       15.    After the close of business, at 7:10 P.M., on May 21, 2007 – the deadline for Lopez

7 | to supplement his supplemental responses to the Phase II Written Discovery –  attorney Hayes

8 | emailed me a request for two additional days for Lopez to supplement his responses to the Phase II

9 | Written Discovery.  The next morning, on May 22, 2007, I responded to attorney Hayes' email by

10 | indicating that I would grant the requested two-day extension of time, in exchange for a stipulation

11 | providing Petitioning Creditors with an equivalent two-business-day extension of time – from May

12 | 25, 2007 to May 30, 2007 – to file any necessary discovery motion.  A true and correct copy of that

13 | email correspondence is attached hereto, marked Exhibit H.

14 |       16.    On May 23, 2007, attorney Hayes sent me an email wherein he withdrew Lopez's

15 | request for an extension of time, and notified me that Lopez would not be providing any additional

16 | responses to the Phase II Written Discovery.  A true and correct copy of that email correspondence

17 | is attached hereto, marked Exhibit I.

18 |       I declare under penalty of perjury under the laws of the United States that the foregoing is

19 | true and correct, and that this Declaration was executed this 24th day of May, 2007, at San Diego,

20 | California.

21 |                                                /s/ L. Scott Keehn
                                                L. Scott Keehn

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

ASA 0175

- 4 -                    110315/LFK/5311.01

# TAB 105-3

# EXHIBIT A

ASA 0176

L. Scott Keehn (61691)
**KEEHN & ASSOCIATES**
A Professional Corporation
402 W. Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: | Case No. 05-05926-PBINV |
| FRANCIS J. LOPEZ | Involuntary Chapter 7 |
| Alleged Debtor | **FIRST PHASE II REQUESTS FOR ADMISSION PROPOUNDED BY PETITIONING CREDITORS** |
| | [No Hearing Required] |
| | Judge: Hon. Peter W. Bowie |

PROPOUNDING PARTY: Petitioning Creditors

RESPONDING PARTY: Francis J. Lopez, The Alleged Debtor

SET NUMBER: ONE (1)/ Phase II.

---

The Petitioning Creditors hereby propound the following Requests for Admissions upon Francis J. Lopez, The Alleged Debtor, and demands his response under oath within thirty (30) days from the date of service pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP") which is made applicable to this contested matter by Rules 7036 and 9014 of the Federal Rules of Bankruptcy Procedure.

/////

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

## DUTY TO ADMIT OR PROVIDE ACCURATE AND DETAILED RESPONSE

The fundamental purpose of the discovery rules is to ensure the "just, speedy, and inexpensive determination of every action." FRCP Rule 1. In light of that purpose, a party "may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct." *Marchand v. Mercy Medical Center*, 22 F.3d 933, 936 (9th Cir. 1994); *see also*, *In re Pizante*, 186 B.R. 484, 489 (9th Cir.BAP 1995) ("The rule governing requests for admissions was designed to reduce the burden of litigation...Rule 36 encourages admissions...").

FRCP Rule 36 requires that answers specifically deny the request or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. Denials must fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry concerning the matter in the particular request, and that the information known or readily obtainable by the party is insufficient to enable the party to admit the matter.

Failure to properly respond to a request for admission in accordance with the principles set forth above may result in the matter being deemed admitted. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982). The Ninth Circuit has explained this result as follows:

> It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission.... We hold, therefore, that a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he [or she] feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. (See *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d at 1245 & 1247.)

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 / FACSIMILE (619) 400-2201

**ASA 0178**

108625/LSK/5311.01

1  the following interrogatories upon Francis J. Lopez, and demand response under oath within thirty

2  (30) days from the date of service pursuant to Rule 36 of the Federal Rules of Civil Procedure

3  ("FRCP") which is made applicable to this contested matter by Rules 7036 and 9014 of the Federal

4  Rules of Bankruptcy Procedure.

5  <div align="center">**DEFINITIONS**</div>

6  The following definitions apply to each of the Document Requests and should be read and

7  referred to in answering each of the Document Requests:

8  1.    The term "BUSINESS RECORD(S)" means all writings regularly created or

9  maintained by or on behalf of a PERSON or entity that is or was engaged in business, and

10  includes, without limitation, a memorandum, report, record, or data compilation, in any form, of

11  acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted

12  business activity.

13  2.    The terms  "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or

14  credit account with a bank, credit union, or financial institutions of any description, and include,

15  without limitation, a demand, time, checking, savings, passbook, share draft, or like account,

16  including account evidenced by a certificate of deposit.

17  3.    The term "ALL COMPUTER-STORED DATA" means any computer disks,

18  compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-

19  mail) sent or received, and computer databases.

20  4.    The term "CASH AND CARRY" means and refers to any form of transaction in

21  which the purchaser or recipient of the goods or services which are the subject of the transaction is

22  required to, and actually does, deliver cash or a negotiable instrument in the full amount of the

23  price or fee charged for those goods or services, at the time that the goods are purchased or the

24  services are rendered.

25  5.    The term "COMMUNICATION" means the transmittal of any information (in the

26  form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not

27  limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes,

28  presentations, telegrams, telephone conversations and all other written, oral or electronic

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200  FACSIMILE (619) 400-2201

**ASA 0179**

- 3 -

108625/LSK/5311.01

1    transmission of information.

2        6.    The term "CREDIT FACILITY" means every form of agreement, written or oral,

3    by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes,

4    without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

5        7.    The term "DOCUMENT" means and includes all originals — and any copies that

6    differ in any way from the original — of any kind of written, typewritten, printed or recorded

7    material or computer files, DOCUMENTS or records whatsoever, regardless of the source or

8    author thereof, including, without limitation, any writing, filed for reporting or other purposes with

9    the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer

10   printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence,

11   telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports,

12   analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets,

13   logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts,

14   diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited

15   FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock

16   ledgers for all forms and types of securities, minutes of directors, shareholder or committee

17   meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices,

18   charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists,

19   deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates,

20   permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other

21   forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies,

22   extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or

23   not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28

24   U.S.C.A., and any copies of such material if YOU do not have control or possession of the

25   original.

26       8.    The term "FINANCIAL STATEMENT" means and refers to every form of

27   DOCUMENT, including, but not limited to a written report, which quantitatively describes the

28   financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

ASA 0180

108625/LSK/5311.01

1   DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet,

2   a statement of cash flows, and a statement of equity.

3        9.    The term "IDENTIFY" when used herein means to describe the requested

4   information to the fullest extent possible, which would include, but is not limited to, furnishing

5   such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

6   or thing that may be in the possession of any PERSON identified in Your response to that

7   interrogatory.  Without limiting the generality of the foregoing:

8        A.    When used in reference to a PERSON the definition includes, but is not

9   limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

10  names known to have been used by the PERSON at any time, the address of the PERSON's

11  residence (where they are a natural PERSON, or principal place of business if not), and all

12  telephone numbers where the PERSON may be reached during usual daytime business hours;

13       B.    When used with reference to a DOCUMENT or DOCUMENT the

14  definition  includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

15  or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

16  location, and the name and address of the PERSON or PERSONS with custody of the

17  DOCUMENT or DOCUMENT; and

18       C.    When used with reference to a tangible thing, the definition includes, but is

19  not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

20  which identifies the thing, the address at which the thing is customarily is located, and the name

21  and address of the PERSON or PERSONS who have custody or control of the thing.

22       D.    When used with reference to an account maintained at a bank, credit union

23  or similar financial institution includes, but is not limited to the duty to disclose the name and

24  address of the institution, the account number (or numbers) and the dates during which the account

25  was maintained.

26       10.    The term the "INTERROGATORIES" means and refers to the "First Phase II

27  Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

28       11.    The term "MADELEINE LOPEZ" means and refers to an individual believed to be

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0181**

108625/LSK/5311.01

1  YOUR spouse at all times from the period commencing January 1, 2002, through and including

2  the present.

3        12.     The term "NOVEON" means and refers to Noveon Systems, Inc., a corporation.

4        13.     The term "ON CREDIT" refers to any transaction or agreement where YOU or one

5  of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

6        14.     The term "PERSON" means any individual (natural PERSON), corporation,

7  organization, association, partnership, limited partnership, limited liability company, firm, joint

8  venture, trust, governmental body, agency, governing board, department or division, or any other

9  entity.

10        15.     the term "PERSONAL ACCOUNT RECORDS" means all writings regularly

11  created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU

12  had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU

13  or YOUR family with goods or services ON CREDIT, and includes without limitation a

14  memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion

15  or diagnoses that are kept in the course of regularly conducted PERSONal, household, or family

16  activity.

17        16.     The term "PRISM RECEIVERSHIP" means and refers to the receivership created

18  in that certain civil action that was pending before the Superior Court of the State of California for

19  the County of San Diego, North County Branch, identified as *PRISM and PRISM ADVANCED*

20  *TECHNOLOGIES, INC., v. ALAN STANLY* (Case No. GIN 028765) based upon the "Stipulation

21  regarding appointment of Richard M Kipperman as receiver," and the order approving and

22  adopting it which was entered on April 22, 2003.

23        17.     The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing,

24  defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating,

25  referring to, or dealing with.

26        18.     The term "RELATIVE" means any individual related by affinity or consanguinity

27  within the third degree of consanguinity or affinity as determined by common law or any

28  individual in a step or adoptive relationship within such third degree.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

ASA 0182

108625/LSK/5311.01

1    19.    The term the "REQUESTS FOR ADMISSION" means and refers to the "First

2    Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently

3    herewith.

4    20.    The term the "RESIDENCE" means and refers to that single family dwelling

5    commonly known as 310 Sand Myrtle Trail, Destin, Florida.

6    21.    The term the "STANLY JUDGMENT" means and refers to that judgment in favor

7    of Petitioning Creditor Alan Stanly against Francis J. Lopez in the principal amount of $50,000, in

8    the case of *UNION BANK OF CALIFORNIA N.A. v. STANLY and LOPEZ* (GIN 030827) entered

9    by the Superior Court of the State of California, for the County of San Diego, on or about

10   September 20, 2004.

11   22.    The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

12   23.    The term "YOU OWED" when used in connection with a particular creditor means

13   and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by

14   the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain

15   as to liability or amount.

16   24.    The phrase "PAYMENTS THAT YOU MADE," or words of similar import include

17   all payments that YOU personally made or caused to be made, and all payments that were made by

18   any other person or entity.

19                              **SPECIAL INSTRUCTIONS**

20   1.    YOUR written response to each request shall first IDENTIFY and quote the request

21   in full. Upon request, YOU will be electronically provided with a copy of these requests in their

22   Word Perfect form to facilitate your compliance with this requirement.

23                              **REQUESTS FOR ADMISSION**

24   Request for Admission No. 1.:

25   Admit that you received no cash payments from NOVEON between January 1, 2005, and

26   July 1, 2005.

27   Request for Admission No. 2.:

28   Admit that YOU were not employed by any PERSON or entity other than NOVEON,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0183**

- 7 -

1   between January 1, 2005, and July 31, 2005.

2   Request for Admission No. 3.:

3        Admit that YOU were not engaged as an independent contractor for any PERSON or entity

4   other than NOVEON between January 1, 2005, and July 31, 2005.

5   Request for Admission No. 4.:

6        Admit that YOU had no contractual relationship of any kind that entitled YOU to receive

7   remuneration of any kind based upon services that YOU rendered at any time between January 1,

8   2005, and July 31, 2005.

9   Request for Admission No. 5.:

10        Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of

11   enforcement pending YOUR appeal of that judgment.

12   Request for Admission No. 6.:

13        Admit that at some time after June 14, 2004, and before June 14, 2005, the RESIDENCE

14   was refinanced.

15   Request for Admission No. 7.:

16        Admit that YOU authorized Joseph Fischbach, as your attorney, to sign the stipulation that

17   caused Richard M Kipperman to be appointed as the receiver of Prism, in the PRISM

18   RECEIVERSHIP, a copy of which is attached hereto as Exhibit 1.

19   Request for Admission No. 8.:

20        Admit that YOU have not paid any of the fees that were awarded to Richard M Kipperman

21   on account of services rendered and costs advanced in the PRISM RECEIVERSHIP.

22   Request for Admission No. 9.:

23        Admit that YOU have filed no objection to any of the fees requested by Richard M

24   Kipperman on account of services rendered and costs he has advanced in connection with the

25   PRISM RECEIVERSHIP.

26   / / / / /

27   / / / / /

28   / / / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0184**

108625/LSK/5311.01

1  Request for Admission No. 10.:

2       Admit that YOU signed as a guarantor on the obligations that Prism Advanced

3  Technologies, Inc. ("Prism"), incurred under agreements "Equipment Lease Agreement" by and

4  between Herman Miller Capital as lessor and Prism Advanced Technologies as lessee.

5

6  Dated: *11-3-06*                          **KEEHN & ASSOCIATES**
                                            A Professional Corporation

7

8

9                            By: _____
                                 L. Scott Keehn
10                               Attorneys for
                                 Petitioning Creditors
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0185**

- 9 -

108625/LSK/5311.01

# EXHIBIT 1

ASA 0186

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

F I L E D
Clerk of the Superior Court

APR 2 2 2003

By: T. Dietrich

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF NORTH COUNTY BRANCH

PRISM AND PRISM ADVANCED          )    CASE NO. GIN 028765
TECHNOLOGIES, INC.,               )
                                  )    STIPULATION REGARDING APPOINTMENT OF
          PLAINTIFFS,             )    RICHARD KIPPERMAN AS RECEIVER.
                                  )
     V.                           )
                                  )    JUDGE: HON. ~~DAVID W. RYAN~~
ALAN STANLY,                      )           JOEL M. PRESSMAN
                                  )
          DEFENDANT.              )
_____ )

WHEREAS, Prism and Prism Advanced Technologies, Inc. ("Plaintiffs") obtained
a workplace violence temporary restraining order against Defendant Alan Stanly on April
3, 2003 which is attached hereto as Exhibit 1;

WHEREAS, Defendant and Francis Lopez ("Lopez") are each 50% shareholders
of Plaintiffs

WHEREAS, the parties have stipulated and agreed that Richard Kipperman shall
be appointed as a Receiver;

NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES, by and through
their undersigned counsel as follows:

1.    That Richard Kipperman ("Kipperman") shall be appointed as the Receiver
for Plaintiffs effective immediately;

3.    That Kipperman shall have the customary immunities and rights as a

017.216527.

STIPULATION
CASE NO. GIN 028765

Court's Ex. 22
Case # IC851324
Rec'd 05-30-06
Dept 71   Clk 10

ASA 0187

1   Receiver, as determined by the Court, which shall include, but not be limited to the rights

2   set forth below;

3        4.    That Kipperman's compensation shall be $325.00 per hour and any

4   requirement of a bond shall be waived.

5        5.    Counterpart signatures by facsimile are acceptable.

6   Date: 4/21/03                        Foley & Lardner

7

8                               By: ____ _____

9                                        Andrew Serwin
                                         Attorneys for Plaintiff

10

11                                       Weintraub & Dillon

12

13                               By: _____

14                                       Timothy Dillon
                                         Nadya Spivack
                                         Attorneys for Defendants

15

16                                       Fischbach & Fischbach

17

18                               By: _____

19                                       Joseph Fischbach
                                         Attorneys for Francis Lopez

20   IT IS HEREBY ORDERED:

21       Receiver Kipperman is hereby appointed as the receiver of Plaintiffs, Prism and

22   Prism Advanced Technologies, Inc. (collectively the "Plaintiffs"), with all the powers,

23   rights, duties and obligations set forth below and that his compensation shall be $325.00

24   per hour and any requirement of a bond shall be waived.

25       IT IS HEREBY FURTHER ORDERED that upon the filing of the oath, the

26   receiver shall be authorized and empowered to:

27       1.    Take possession and continue in possession of all Plaintiffs' business,

28   together with all personal property of the Plaintiffs, INCLUDING BUT NOT

                                         2
                               STIPULATION
                               CASE NO. GIN 028765

017.216527.

ASA 0188

May 24 06 10:08a

From:WEINTRAUBDILLON PC         858 259 2868        04/··· 2003 13:34 #299 P.002/002

P.4

1  Receiver, as determined by the Court, which shall include, but not be limited to the rights

2  set forth below;

3      4.    That Kipperman's compensation shall be $325.00 per hour and any

4  requirement of a bond shall be waived.

5      5.    Counterpart signatures by facsimile are acceptable.

6  Date:                                Foley & Lardner

7

8                          By:    _____
                                  Andrew Serwin
9                                  Attorneys for Plaintiff

10

11

12                                Weintraub & Dillon

13                         By:    _____
                                  Timothy Dillon
14                                 Nadya Spivack
                                  Attorneys for Defendants
15

16                                Fischbach & Fischbach

17

18                         By:    _____
                                  Joseph Fischbach
19                                 Attorneys for Francis Lopez

20  IT IS HEREBY ORDERED:

21      Receiver Kipperman is hereby appointed as the receiver of Plaintiffs, Prism and

22  Prism Advanced Technologies, Inc. (collectively the "Plaintiffs"), with all the powers,

23  rights, duties and obligations set forth below and that his compensation shall be $325.00

24  per hour and any requirement of a bond shall be waived.

25      IT IS HEREBY FURTHER ORDERED that upon the filing of the oath, the

26  receiver shall be authorized and empowered to:

27      1.    Take possession and continue in possession of all Plaintiffs' business,

28  together with all personal property of the Plaintiffs, INCLUDING BUT NOT

ASA 0189

LIMITED TO inventory, fixtures, goods, documents, patents, trademarks, software, copyrights, books, records, papers and accounts of the businesses relating thereto (collectively the "Business Property");

2.      Execute and file a receiver's oath;

3.      After qualifying, the receiver shall take possession of and manage the Business Property, shall collect the income from the Business Property, shall care for the Business Property and may incur the expenses necessary for that care, and may change the lock on the business premises;

4.      Within 30 days after taking possession of Plaintiff's property subject to this order, the receiver shall file an inventory itemizing all personal property of the Plaintiffs which he has taken possession of and shall promptly file supplemental inventories of any personal property of the Plaintiffs consequently coming into the receivership estate;

5.      The receiver shall not enter into an agreement with any party to this stipulation about the administration of the receivership or about any post receivership matter without the express written consent of all parties hereto;

6.      The receiver shall expend money coming into his possession to operate and preserve the Business Property and only for the purposes authorized in this order. Unless the Court orders otherwise, the receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with Cal. Civ. Proc. §569.

7.      Subject to further orders of this Court, the receiver is appointed for the purpose of conducting the business of Plaintiffs.

8.      The receiver is not required to incur any ongoing expenses necessary in such operation, management and control in the ordinary and usual course of business. The receiver shall not be required to do anything to incur the risks and obligations ordinarily incurred by owners, managers and operators of similar properties and no such risks or obligations so incurred shall be the personal risk or obligation of the receiver. If any such risk or obligation is incurred, then it shall only be the risk or obligation of the receivership estate;

017.216527.

ASA 0190

9.    Collect monies from or liquidate appropriate contracts for the businesses and maintenance of the subject businesses;

10.    Employ agents and employees as the receiver believes, in his business judgment, necessary to carry out his duties as the receiver and to pay said agents and employees at ordinary and usual rates and prices pursuant to appropriate contracts out of the funds that shall come into his possession as receiver;

11.    Rent/lease from time to time any part of the subject businesses, provided however any new or rollover leases or tenant improvements are to be pre-approved in writing by the Court;

12.    The receiver may establish accounts at any financial institutions insured by an agency of the United States government that are not parties to this proceeding, deposit into those accounts funds received in connection with the Business Property and shall deposit in interest-bearing accounts money not expended for receivership purposes;

13.    The receiver and the parties hereto may, at any time, apply to this Court for further instructions and orders and for additional powers necessary to enable the receiver to perform the receiver's duties property;

14.    Collect and receive all rents, subrents, earnings, income issues, profits, revenues and royalties from the Business Property;

15.    Employ appropriate professionals, subject to further court order, to prosecute all actions for the collection of rents or monies due to subject businesses, for the removal of tenants in default or third parties in default on monies due subject businesses and to recover possessions thereof;

16.    Subject to further court order, institute and prosecute all suits as may reasonably be necessary in the judgment of the receiver to protect the subject businesses and to defend all such suits and actions as may be instituted against him as a receiver;

17.    Obtain and pay a reasonable price for lawful licenses and to the extent permitted by law exercise privileges of any existing license issued in connection with the subject property or any business transacted thereon until further order of the court and to

ASA 0191

1   do all things necessary to protect and maintain said licenses;

2       18.   Provide at a minimum, monthly reports or at Kipperman's discretion should

3   exigent circumstances arise, Kipperman may issue weekly reports to all parties of all

4   funds, information and records obtained by receiver;

5       19.   Maintain adequate insurance over the subject business to the same extent

6   and in the same manner as it previously has been insured or as in the judgment of the

7   receiver as may seem fit and proper and to cause all presently existing policies to be

8   amended by adding himself and the receivership estate as an additional insured.  To the

9   extent there is inadequate insurance and/or insufficient funds in the receivership estate to

10  procure adequate insurance, the receiver is directed to immediately petition the court for

11  instructions.   During the period in which the subject businesses are uninsured or

12  underinsured, the receiver shall not be personally responsible for any claims arising

13  therefore;

14      20.   Prepare and deliver to all parties an initial and then, at a minimum monthly

15  interim statements, or at Kipperman's discretion should exigent circumstances arise,

16  Kipperman may issue weekly interim statements of monies received and disbursed and of

17  the receiver's ordinary fees and expenses, including those of his employees and court-

18  approved professionals, which statements shall be accompanied by notice which advises

19  parties that any objections thereto must be made in writing within 10 days.   Upon

20  completion of an interim statement and mailing such statements to the parties respective

21  attorneys of record or any other designated person or agent, the receiver may pay from

22  receivership estate funds, if any, the amount of said statement owed to the receiver.

23  Despite the periodic payment of receiver's fees and administrative expenses, said fees

24  and expenses shall be submitted to the court for its approval and confirmation in the form

25  of either a noticed interim request for fees, a stipulation among the parties or the

26  receiver's final account and report;

27      21.   In addition to all of the powers set forth herein, the receiver is hereby

28  vested with all of the general powers of receivers in cases of this kind, subject to the

STIPULATION
CASE NO. GIN 028765

017.216527.

ASA 0192

1    direction of this court and the receiver shall from time to time file with the court detailed

2    reports and accountings pertaining to the contact of the receivership and all monies

3    received and expended by the receiver or its agents; and

4        22.    Receiver may generally do such other things as are necessarily incidental to

5    these foregoing specific powers, directions and general authority and to take actions

6    relating to the subject businesses provided that the receiver obtains prior court approval

7    for any actions beyond the scope contemplated herein.

8        IT IS HEREBY FURTHER ORDERED that Plaintiffs, AND Defendant and each

9    of their respective agents, partners, managers, attorneys, employees, assignees,

10   successors, representatives and all persons acting under, in concert with or for them:

11       A.    Shall relinquish and immediately turnover possession of all business

12   PROPERTY to the receiver upon service of this order;

13       B.    Shall turn over to the receiver and direct all managers, employees

14   and other third parties in possession thereof to turn over all keys, leases, books, records,

15   books of account, ledgers, operating statements, budgets, real estate tax bills, phone

16   records, cell phone records, credit card statements, and all other business records relating

17   to the subject businesses, wherever located, and in whatever mode maintained, including

18   information contained on computers and any and all software relating thereto, as well as

19   all banking records, statements and canceled checks;

20       C.    Shall turn over to the receiver all documents which pertain to all

21   licenses, permits or government approvals relating to the subject businesses and shall

22   immediately advise the receiver of its federal tax payer identification number used in

23   connection with the operation of the subject businesses;

24       D.    Shall immediately advise the receiver as to the nature and extent of

25   insurance coverage for the subject businesses. The parties hereto shall immediately name

26   the receiver as an additional insured on the insurance policies for the period that receiver

27   shall be in possession of the property. The parties hereto are prohibited from canceling,

28   reducing or modifying any and all insurance coverage currently in existence with respect

6
STIPULATION
CASE NO. GIN 028765

017.216527.

**ASA 0193**

1    to the subject businesses; and

2        E.    The parties hereto, and each of them, and their respective agents,

3    servants, employees, attorneys, partners and all other persons in concert with them, shall

4    immediately turn over as of the date of this order to the receiver any monies (including,

5    but not limited to, security deposits, prepaid rent, or funds in management bank accounts

6    for the subject businesses) which represent rental or lease payments with respect to the

7    business property, which are received, or have been received, by the parties hereto in

8    possession of all records, books of account, ledgers and all other documents and papers

9    pertaining to the operation of their property.

10    IT IS FURTHER ORDERED that pending further order of this Court, Plaintiffs,

11    Defendant and Francis Lopez and their agents, partners, property managers, attorneys,

12    and employees and all other persons acting in concert with them who have actual or

13    constructive knowledge of this order, and their agents and employees:

14        A.    Shall not commit or permit any waste on the subject business or any

15    part thereof, or suffer or commit or permit any waste on subject business, or any part

16    thereof, or suffer or commit or permit any act on subject business or property, or any part

17    thereof, in violation of law, or remove, transfer, encumber or otherwise dispose of any of

18    property;

19        B.    Shall not demand, collect, receive, discount or in any other way

20    divert or use any of the income of the business or the businesses' property;

21        C.    Shall not directly/indirectly interfere in any manner with the

22    discharge of receiver's duties under this order or receiver's possession of an operation or

23    management of the subject businesses or business properties;

24        D.    Shall not expend, disburse, transfer, assign, sell , convey, devise,

25    pledge, mortgage, create a security interest in, encumber, conceal or in any manner

26    whatsoever deal in or dispose of all or part of subject business or property, including but

27    not limited to, business income, rents, or other monies due to, either now or in the future,

28    the business, without court order;

ASA 0194

1    E.    Shall not do any act which will, or may, impair, defeat, divert,

2  prevent or prejudice preservation of the business, including accounts receivable, rents, or

3  any monies due now or in the future, or the preservation of judgments creditor's interest

4  in the subject businesses or properties and the businesses' income; and

5    No third party may terminate service to the defendant or its property as a result of

6  the non-payment of pre-receivership obligations without prior order of this court.

7

8    IT IS SO ORDERED;

9

10

11    JUDGE SAN DIEGO SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

017.216527

ASA 0195

# EXHIBIT B

ASA 0196

L. Scott Keehn (61691)
**KEEHN & ASSOCIATES**
A Professional Corporation
402 W. Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200

Attorneys for **Petitioning Creditors**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

In Re:

FRANCIS J. LOPEZ

Alleged Debtor

Case No. 05-05926-PBINV

Involuntary Chapter 7

**FIRST PHASE II REQUEST FOR PRODUCTION OF DOCUMENTS BY PETITIONING CREDITORS.**

[No Hearing Required]

Judge: Hon. Peter W. Bowie

PROPOUNDING PARTY: PETITIONING CREDITORS

RESPONDING PARTY: FRANCIS J. LOPEZ

SET NO.: ONE (1)/ PHASE II

TO FRANCIS J. LOPEZ AND HIS ATTORNEY OF RECORD:

**YOU ARE HEREBY REQUESTED BY THE PETITIONING CREDITORS HEREIN ("PETITIONING CREDITORS") AND REQUIRED,** pursuant to Federal Rule of Civil Procedure 34 (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7034), to produce for inspection and copying the documents and/or tangible things identified below, and are further required to serve a written response hereto within thirty (30) days after service of this document. Petitioning Creditors requests that all responsive documents and/or tangible things be produced for inspection and copying at a time and place mutually convenient for

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1    the parties and their counsel.  In the alternative, Petitioning Creditors request that true and correct

2    copies of the requested documents and/or tangible things be delivered to the offices of Keehn &

3    Associates, APC, 402 West Broadway, Suite 1210, San Diego, California 92101 (Attn: L.  Scott

4    Keehn), and Petitioning Creditors hereby agree in advance to pay for the actual documented

5    copying and mailing costs incurred.

6    <div align="center">**DEFINITIONS**</div>

7          The following definitions apply to each of the Document Requests and should be read and

8    referred to in answering each of the Document Requests:

9          1.      The term "BUSINESS RECORD(S)" means all writings regularly created or

10    maintained by or on behalf of a PERSON or entity that is or was engaged in business, and

11    includes, without limitation, a memorandum, report, record, or data compilation, in any form, of

12    acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted

13    business activity.

14          2.      The terms  "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or

15    credit account with a bank, credit union, or financial institutions of any description, and include,

16    without limitation, a demand, time, checking, savings, passbook, share draft, or like account,

17    including account evidenced by a certificate of deposit.

18          3.      The term "ALL COMPUTER-STORED DATA" means any computer disks,

19    compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-

20    mail) sent or received, and computer databases.

21          4.      The term "CASH AND CARRY" means and refers to any form of transaction in

22    which the purchaser or recipient of the goods or services which are the subject of the transaction is

23    required to, and actually does, deliver cash or a negotiable instrument in the full amount of the

24    price or fee charged for those goods or services, at the time that the goods are purchased or the

25    services are rendered.

26          5.      The term "COMMUNICATION" means the transmittal of any information (in the

27    form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not

28    limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

**ASA 0198**

108606/LSK/5311.01

1    presentations, telegrams, telephone conversations and all other written, oral or electronic

2    transmission of information.

3        6.     The term "CREDIT FACILITY" means every form of agreement, written or oral,

4    by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes,

5    without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

6        7.     The term "DOCUMENT" means and includes all originals — and any copies that

7    differ in any way from the original — of any kind of written, typewritten, printed or recorded

8    material or computer files, DOCUMENTS or records whatsoever, regardless of the source or

9    author thereof, including, without limitation, any writing, filed for reporting or other purposes with

10    the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer

11    printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence,

12    telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports,

13    analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets,

14    logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts,

15    diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited

16    FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock

17    ledgers for all forms and types of securities, minutes of directors, shareholder or committee

18    meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices,

19    charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists,

20    deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates,

21    permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other

22    forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies,

23    extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or

24    not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28

25    U.S.C.A., and any copies of such material if you do not have control or possession of the original.

26        8.     The term "FINANCIAL STATEMENT" means and refers to every form of

27    DOCUMENT, including, but not limited to a written report, which quantitatively describes the

28    financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0199**

108606/LSK/5311.01

1    DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet,

2    a statement of cash flows, and a statement of equity.

3         9.    The term "IDENTIFY" when used herein means to describe the requested

4    information to the fullest extent possible, which would include, but is not limited to, furnishing

5    such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

6    or thing that may be in the possession of any PERSON identified in Your response to that

7    interrogatory. Without limiting the generality of the foregoing:

8         A.    When used in reference to a PERSON the definition includes, but is not

9    limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

10   names known to have been used by the PERSON at any time, the address of the PERSON's

11   residence (where they are a natural PERSON, or principal place of business if not), and all

12   telephone numbers where the PERSON may be reached during usual daytime business hours;

13        B.    When used with reference to a DOCUMENT or DOCUMENT the

14   definition  includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

15   or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

16   location, and the name and address of the PERSON or PERSONS with custody of the

17   DOCUMENT or DOCUMENT; and

18        C.    When used with reference to a tangible thing, the definition includes, but is

19   not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

20   which identifies the thing, the address at which the thing is customarily is located, and the name

21   and address of the PERSON or PERSONS who have custody or control of the thing.

22        D.    When used with reference to an account maintained at a bank, credit union

23   or similar financial institution includes, but is not limited to the duty to disclose the name and

24   address of the institution, the account number (or numbers) and the dates during which the account

25   was maintained.

26        10.   The term the "INTERROGATORIES" means and refers to the "First Phase II

27   Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

28   / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0200**

- 4 -

108606/LSK/5311.01

11.     The term "ON CREDIT" refers to any transaction or agreement where YOU or one of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

12.     The term "PERSON" means any individual (natural PERSON), corporation, organization, association, partnership, limited partnership, limited liability company, firm, joint venture, trust, governmental body, agency, governing board, department or division, or any other entity.

13.     the term "PERSONAL ACCOUNT RECORDS" means all writings regularly created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU or YOUR family with goods or services ON CREDIT, and includes without limitation a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion or diagnoses that are kept in the course of regularly conducted personal, household, or family activity.

14.     The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing, defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating, referring to, or dealing with.

15.     The term "RELATIVE" means any individual related by affinity or consanguinity within the third degree of consanguinity or affinity as determined by common law or any individual in a step or adoptive relationship within such third degree.

16.     The term the "REQUESTS FOR ADMISSION" means and refers to the "First Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently herewith.

17.     The term the "RESIDENCE" means and refers to that single family dwelling commonly known as 310 Sand Myrtle Trail, Destin, Florida.

18.     The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

/ / /

/ / /

/ / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0201**

108606/LSK/5311.01

1    19.    The term "YOU OWED" when used in connection with a particular creditor means

2  and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by

3  the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain

4  as to liability or amount.

5    20.    The phrase "PAYMENTS THAT YOU MADE," or words of similar import include

6  all payments that YOU personally made or caused to be made, and all payments that were made by

7  any other person or entity.

8                              **INSTRUCTIONS**

9    1.    This document request covers all DOCUMENTS in YOUR possession, custody, or

10  control and the possession, custody, and control of YOUR agents, relatives, employees,

11  independent contractors, attorneys, accountants, or representatives, wherever located.

12    2.    If YOU object to any request herein, YOU are required to state the precise basis for

13  the objection.  If YOU object to only part of a request, YOU are required to respond to those

14  portions of a request to which YOU do not object and to state the precise reasons of the objection.

15    3.    Each DOCUMENT is to be produced in the file in which such DOCUMENT has

16  been maintained in the order within each file in which such DOCUMENT has been maintained.

17    4.    If any DOCUMENT exists in the memory of a computer or other device used to

18  record or store information digitally, electronically, magnetically, or otherwise, a hard copy of such

19  DOCUMENT should be created and produced in response to this Document Request.  If more than

20  one copy of any such DOCUMENT exists, and if these copies are not identical (e.g., as a result of

21  handwritten additions, notations, and the like), each copy is a separate DOCUMENT and should

22  be separately produced.

23    5.    If any DOCUMENT is responsive to more than one of the categories requested, it

24  need only be produced in response to the first applicable category.

25    6.    If any DOCUMENTS are withheld on grounds that they are protected from

26  discovery by the attorney-client privilege, work product doctrine or otherwise, YOU are required

27  to produce contemporaneously a list of such DOCUMENTS identifying the grounds for

28  withholding them from production and describing the DOCUMENTS with sufficient specificity as

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

**ASA 0202**

108606/LSK/5311.01

1  to permit the Court to rule upon the claim of privilege or protection from discovery which

2  description shall include:

3      (a)    the name, business affiliation, business address, telephone number and

4  business capacity or title of the PERSON or PERSONS who prepared it and the PERSON

5  or PERSONS who signed it;

6      (b)    the name, business affiliation, business address, telephone number, and

7  business capacity or title of each PERSON to whom it was addressed;

8      (c)    the date the DOCUMENT was prepared;

9      (d)    the date the DOCUMENT was received;

10     (e)    the nature and substance of the DOCUMENT with sufficient particularity to

11  enable the same to be identified, including without limitation, the title, subject matter, and

12  number of pages; and

13     (f)    the name, business affiliation, business address, and telephone number of

14  each PERSON who presently has possession, control, or custody of the original or a copy

15  of the DOCUMENT.

16     7.    If any DOCUMENTS whose production is requested no longer exists or cannot be

17  located, YOU shall set forth in a written response a complete statement of all circumstances

18  surrounding the destruction, loss or disappearance of each such document, and such statement

19  shall also include: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter,

20  date of disposal, reason for disposal, PERSON authorizing the disposal, PERSON disposing of the

21  DOCUMENT, and the DOCUMENT's last known location.

22     8.    As used herein, the conjunctions "and" and "or" shall not be interpreted to exclude

23  any information otherwise within the scope of this document request.

24     9.    This Document Request is to be regarded as continuing pursuant to Federal Rule of

25  Civil Procedure 26(e), made applicable to this proceeding by Federal Rule of Bankruptcy

26  Procedure 7026.  YOU are required to provide, by way of supplementary responses hereto, such

27  additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that

28  will augment or modify YOUR answers given to the Document Request.  Such supplementary

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

ASA 0203

108606/LSK/5311.01

1  responses are to be served upon the undersigned counsel fo PETITIONING CREDITORS within

2  twenty-one (21) days from discovery of the need for supplementation but not later than thirty (30)

3  days before the date of the trial.

4      10.    **Special Optional Response re Uncontested Creditors.**  With respect to any of the

5  categories requested that apply to a specific creditor, if YOU admit that as of June 30, 2005, YOU

6  were not paying the obligations that YOU OWED to that creditor as they came due; then YOU

7  may, but are not required to, satisfy YOUR obligations under this request by indicating by making

8  the following written response to the relevant category (categories):  **"Not applicable.  The**

9  **Alleged Debtor admits that as of June 30, 2005, he was not paying his obligations owed to the**

10  **subject creditor as they came due."**; and YOUR written response is verified under penalty of

11  perjury.  YOUR obligation to produce documents pursuant to this request is not affected in any

12  way with respect to any category as to which the special response is not made.

13      11.    YOUR written response to each category shall first IDENTIFY and quote the

14  category in full. Upon request, YOU will be electronically provided with a copy of these requests

15  in their Word Perfect form to facilitate your compliance with this requirement.

16                  **DOCUMENTS REQUEST**

17  Category No. 1.:

18      Any and all documents that memorialize, reflect, or refer to the mortgage to Lehman

19  Brothers Bank, secured by the Residence.

20  Category No. 2.:

21      Any and all documents that memorialize, reflect, or refer to any and all payments to

22  Lehman Brothers Bank at any time from January 1, 2005, through July 31, 2005.

23  Category No. 3.:

24      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

25  Lehman Brothers Bank on any account, at any time from January 1, 2005, to July 31, 2005.

26  Category No. 4.:

27      Any and all documents that memorialize, relate, or refer to any payments that YOU made

28  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Lehman

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200  FACSIMILE (619) 400-2201

**ASA 0204**

108606/LSK/5311.01

1  Brothers Bank on any account.

2  Category No. 5.:

3      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

4  Frederick Lopez on any account, including, but not limited to, at any time from January 1, 2005, to

5  July 31, 2005.

6  Category No. 6.:

7      Any and all documents that memorialize, relate, or refer to any payments that YOU made

8  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

9  Frederick Lopez on any account.

10  Category No. 7.:

11      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

12  Allstate Floridian on any account, at any time from January 1, 2005, to July 31, 2005.

13  Category No. 8.:

14      Any and all documents that memorialize, reflect, or refer to any and all payments to

15  Allstate Floridian at any time from January 1, 2005, through July 31, 2005.

16  Category No. 9.:

17      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18  American Express on any account, including, but not limited to, account number

19  378394802283007, at any time from January 1, 2005, to July 31, 2005.

20  Category No. 10.:

21      Any and all documents that memorialize, relate, or refer to any payments that YOU made

22  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

23  American Express on any account, including, but not limited to, account number

24  378394802283007.

25  Category No. 11.:

26      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

27  American Home Shield on any account, at any time from January 1, 2005, to July 31, 2005.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

**ASA 0205**

- 9 -

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

1   Category No. 12.:

2         Any and all documents that memorialize, relate, or refer to any payments that YOU made

3   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

4   American Home Shield on any account.

5   Category No. 13.:

6         Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

7   Bank of America on any account, at any time from January 1, 2005, to July 31, 2005.

8   Category No. 14.:

9         Any and all documents that memorialize, relate, or refer to any payments that YOU made

10  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Bank of

11  America on any account.

12  Category No. 15.:

13        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

14  Bank Card Services on any account, at any time from January 1, 2005, to July 31, 2005.

15  Category No. 16.:

16        Any and all documents that memorialize, relate, or refer to any payments that YOU made

17  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Bank

18  Card Services on any account.

19  Category No. 17.:

20        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21  Cingular on any account, at any time from January 1, 2005, to July 31, 2005.

22  Category No. 18.:

23        Any and all documents that memorialize, relate, or refer to any payments that YOU made

24  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

25  Cingular on any account.

26  Category No. 19.:

27        Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

28  Citicard on any account, at any time from January 1, 2005, to July 31, 2005.

**ASA 0206**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1  Category No. 20.:

2      Any and all documents that memorialize, relate, or refer to any payments that YOU made

3  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Citicard

4  on any account.

5  Category No. 21.:

6      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

7  Coastal Community Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

8  Category No. 22.:

9      Any and all documents that memorialize, relate, or refer to any payments that YOU made

10  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Coastal

11  Community Insurance on any account.

12  Category No. 23.:

13      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

14  Cox Communications on any account, at any time from January 1, 2005, to July 31, 2005.

15  Category No. 24.:

16      Any and all documents that memorialize, relate, or refer to any payments that YOU made

17  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Cox

18  Communications on any account.

19  Category No. 25.:

20      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21  Fort Walton Beach Medical Center on any account, at any time from January 1, 2005, to July 31,

22  2005.

23  Category No. 26.:

24      Any and all documents that memorialize, relate, or refer to any payments that YOU made

25  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Fort

26  Walton Beach Medical Center on any account.

27  Category No. 27.:

28      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

**ASA 0207**

108606/LSK/5311.01

1  Household Bank on any account, at any time from January 1, 2005, to July 31, 2005.

2  Category No. 28.:

3       Any and all documents that memorialize, relate, or refer to any payments that YOU made

4  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

5  Household Bank on any account.

6  Category No. 29.:

7       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

8  Kelley Plantation Owner's Association on any account, at any time from January 1, 2005, to July

9  31, 2005.

10  Category No. 30.:

11       Any and all documents that memorialize, relate, or refer to any payments that YOU made

12  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Kelley

13  Plantation Owner's Association on any account.

14  Category No. 31.:

15       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

16  Northwest Florida Daily News on any account, at any time from January 1, 2005, to July 31, 2005.

17  Category No. 32.:

18       Any and all documents that memorialize, relate, or refer to any payments that YOU made

19  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

20  Northwest Florida Daily News on any account.

21  Category No. 33.:

22       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

23  Okaloosa Gas District on any account, at any time from January 1, 2005, to July 31, 2005.

24  Category No. 34.:

25       Any and all documents that memorialize, relate, or refer to any payments that YOU made

26  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

27  Okaloosa Gas District on any account.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200  FACSIMILE (619) 400-2201

**ASA 0208**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2300 • FACSIMILE (619) 400-2301

1  Category No. 35.:

2      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

3  Progressive Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

4  Category No. 36.:

5      Any and all documents that memorialize, relate, or refer to any payments that YOU made

6  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

7  Progressive Insurance on any account.

8  Category No. 37.:

9      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

10  Citibank-Quicken Platinum Card on any account, at any time from January 1, 2005, to July 31,

11  2005.

12  Category No. 38.:

13      Any and all documents that memorialize, relate, or refer to any payments that YOU made

14  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to

15  Citibank-Quicken Platinum Card on any account.

16  Category No. 39.:

17      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18  Texaco on any account, at any time from January 1, 2005, to July 31, 2005.

19  Category No. 40.:

20      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

21  Valley forge Life Insurance on any account, at any time from January 1, 2005, to July 31, 2005.

22  Category No. 41.:

23      Any and all documents that memorialize, relate, or refer to any payments that YOU made

24  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Valley

25  Forge Life Insurance on any account.

26  Category No. 42.:

27      Any and all documents that memorialize, relate, or refer to any payments that YOU made

28  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Texaco

**ASA 0209**

108606/LSK/5311.01

1   on any account.

2   <u>Category No. 43.:</u>

3       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

4   Verizon on any account, at any time from January 1, 2005, to July 31, 2005.

5   <u>Category No. 44.:</u>

6       Any and all documents that memorialize, relate, or refer to any payments that YOU made

7   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Verizon

8   on any account.

9   <u>Category No. 45.:</u>

10       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

11   Wayne Wise on any account, at any time from January 1, 2005, to July 31, 2005.

12   <u>Category No. 46.:</u>

13       Any and all documents that memorialize, relate, or refer to any payments that YOU made

14   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Wayne

15   Wise on any account.

16   <u>Category No. 47.:</u>

17       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

18   Union Bank of California on any account, at any time from January 1, 2005, to July 31, 2005.

19   <u>Category No. 48.:</u>

20       Any and all documents that memorialize, relate, or refer to any payments that YOU made

21   between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to Union

22   Bank of California on any account.

23   <u>Category No. 49.:</u>

24       Any and all documents that memorialize, relate, or refer to any settlement agreement made

25   between YOU on the one hand, and Union Bank of California on the other hand, to settle claims

26   held by Union Bank of California against YOU.

27   <u>Category No. 50.:</u>

28       Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0210**

108606/LSK/5311.01

1  attorney Jeffrey (Jeff) Smith on any account, at any time from January 1, 2005, to July 31, 2005.

2  Category No. 51.:

3      Any and all documents that memorialize, relate, or refer to any payments that YOU made

4  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to attorney

5  Jeffrey (Jeff) Smith on any account.

6  Category No. 52.:

7      Any and all documents that memorialize, relate or refer to amounts that YOU OWED to

8  attorney Thomas B. Gorrill on any account, at any time from January 1, 2005, to July 31, 2005.

9  Category No. 53.:

10      Any and all documents that memorialize, relate, or refer to any payments that YOU made

11  between January 1, 2005, and July 31, 2005, on account of any debts that YOU OWED to attorney

12  Thomas B. Gorrill on any account.

13  Category No. 54.:

14      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

15  between January 1, 2005, and the date of YOUR response, by or on behalf of American Express.

16  Category No. 55.:

17      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

18  between January 1, 2005, and the date of YOUR response, to American Express.

19  Category No. 56.:

20      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

21  between January 1, 2005, and the date of YOUR response, by or on behalf of Lehman Brothers Bank.

22  Category No. 57.:

23      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

24  between January 1, 2005, and the date of YOUR response, to Lehman Brothers Bank.

25  Category No. 58.:

26      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

27  between January 1, 2005, and the date of YOUR response, by or on behalf of Frederick Lopez.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0211**

- 15 -

108606/LSK/5311.01

1  Category No. 59.:

2       documents reflecting any and all COMMUNICATIONS sent by YOU at any time between

3  January 1, 2005, and the date of YOUR response, to Frederick Lopez.

4  Category No. 60.:

5       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

6  between January 1, 2005, and the date of YOUR response, by or on behalf of Allstate Floridian.

7  Category No. 61.:

8       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

9  between January 1, 2005, and the date of YOUR response, to Allstate Floridian.

10  Category No. 62.:

11       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

12  between January 1, 2005, and the date of YOUR response, by or on behalf of American Home Shield.

13  Category No. 63.:

14       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

15  between January 1, 2005, and the date of YOUR response, to American Home Shield.

16  Category No. 64.:

17       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

18  between January 1, 2005, and the date of YOUR response, by or on behalf of Bank of America.

19  Category No. 65.:

20  Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time between

21  January 1, 2005, and the date of YOUR response, to Bank of America.

22  Category No. 66.:

23       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

24  between January 1, 2005, and the date of YOUR response, by or on behalf of Bank Card Services

25  Category No. 67.:

26       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

27  between January 1, 2005, and the date of YOUR response, to Bank Card Services.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0212**

108606/LSK/5311.01

1    Category No. 68.:

2         Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

3    between January 1, 2005, and the date of YOUR response, by or on behalf of Cingular.

4    Category No. 69.:

5         Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

6    between January 1, 2005, and the date of YOUR response, to Cingular.

7    Category No. 70.:

8         Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

9    between January 1, 2005, and the date of YOUR response, by or on behalf of Citicard.

10   Category No. 71.:

11        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

12   between January 1, 2005, and the date of YOUR response, to Citicard.

13   Category No. 72.:

14        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

15   between January 1, 2005, and the date of YOUR response, by or on behalf of Coastal Community

16   Insurance.

17   Category No. 73.:

18        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

19   between January 1, 2005, and the date of YOUR response, to Coastal Community Insurance.

20   Category No. 74.:

21        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

22   between January 1, 2005, and the date of YOUR response, by or on behalf of Cox

23   COMMUNICATIONS.

24   Category No. 75.:

25        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

26   between January 1, 2005, and the date of YOUR response, to Cox COMMUNICATIONS.

27   Category No. 76.:

28        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0213**

108606/LSK/5311.01

1   between January 1, 2005, and the date of YOUR response, by or on behalf of Fort Walton Beach

2   Medical Center.

3   <u>Category No. 77.:</u>

4       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

5   between January 1, 2005, and the date of YOUR response, to Fort Walton Beach Medical Center.

6   <u>Category No. 78.:</u>

7       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

8   between January 1, 2005, and the date of YOUR response, by or on behalf of Household Bank.

9   <u>Category No. 79.:</u>

10      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

11  between January 1, 2005, and the date of YOUR response, to Household Bank.

12  <u>Category No. 80.:</u>

13      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

14  between January 1, 2005, and the date of YOUR response, by or on behalf of Kelley Plantation

15  Owner's Association.

16  <u>Category No. 81.:</u>

17      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

18  between January 1, 2005, and the date of YOUR response, to Kelley Plantation Owner's Association.

19  <u>Category No. 82.:</u>

20      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

21  between January 1, 2005, and the date of YOUR response, by or on behalf of Northwest Florida Daily

22  News.

23  <u>Category No. 83.:</u>

24      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

25  between January 1, 2005, and the date of YOUR response, to Northwest Florida Daily News.

26  <u>Category No. 84.:</u>

27      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

28  between January 1, 2005, and the date of YOUR response, by or on behalf of Okaloosa Gas District.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0214**

108606/LSK/5311.01

1    Category No. 85.:

2         Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

3    between January 1, 2005, and the date of YOUR response, to Okaloosa Gas District.

4    Category No. 86.:

5         Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

6    between January 1, 2005, and the date of YOUR response, by or on behalf of Progressive Insurance.

7    Category No. 87.:

8         Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

9    between January 1, 2005, and the date of YOUR response, to Progressive Insurance.

10   Category No. 88.:

11        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

12   between January 1, 2005, and the date of YOUR response, by or on behalf of Citibank/Quicken

13   Platinum Card.

14   Category No. 89.:

15        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

16   between January 1, 2005, and the date of YOUR response, to Citibank/Quicken Platinum Card.

17   Category No. 90.:

18        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

19   between January 1, 2005, and the date of YOUR response, by or on behalf of Texaco.

20   Category No. 91.:

21        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

22   between January 1, 2005, and the date of YOUR response, to Texaco.

23   Category No. 92.:

24        Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

25   between January 1, 2005, and the date of YOUR response, by or on behalf of Valley Forge Life

26   Insurance.

27   Category No. 93.:

28        Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0215**

108606/LSK/5311.01

1  between January 1, 2005, and the date of YOUR response, to Valley Forge Life Insurance.

2  Category No. 94.:

3      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

4  between January 1, 2005, and the date of YOUR response, by or on behalf of Verizon.

5  Category No. 95.:

6      Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

7  between January 1, 2005, and the date of YOUR response, to Verizon.

8  Category No. 96.:

9      Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

10 between January 1, 2005, and the date of YOUR response, by or on behalf of Wayne Wise.

11 Category No. 97.:

12     Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

13 between January 1, 2005, and the date of YOUR response, to Wayne Wise.

14 Category No. 98.:

15     Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

16 between January 1, 2005, and the date of YOUR response, by or on behalf of Union Bank of

17 California.

18 Category No. 99.:

19     Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

20 between January 1, 2005, and the date of YOUR response, to Union Bank of California.

21 Category No. 100.:

22     Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

23 between January 1, 2005, and the date of YOUR response, by or on behalf of attorney Jeffrey (Jeff)

24 Smith.

25 Category No. 101.:

26     Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

27 between January 1, 2005, and the date of YOUR response, to Jeffrey (Jeff) Smith.

28 / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0216**

108606/LSK/5311.01

1   Category No. 102.:

2       Any and all documents reflecting any and all COMMUNICATIONS sent to YOU at any time

3   between January 1, 2005, and the date of YOUR response, by or on behalf of attorney Thomas B.

4   Gorrill.

5   Category No. 103.:

6       Any and all documents reflecting any and all COMMUNICATIONS sent by YOU at any time

7   between January 1, 2005, and the date of YOUR response, to attorney Thomas B. Gorrill.

8   Category No. 104.:

9       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

10  memorialize or are related to obligations that YOU OWED to Lehman Brothers Bank at any time from

11  January 1, 2005, to July 31, 2005.

12  Category No. 105.:

13      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

14  or refer obligations YOU OWED to Lehman Brothers Bank at any time from January 1, 2005, to July

15  31, 2005.

16  Category No. 106.:

17      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

18  memorialize or are related to obligations that YOU OWED to Frederick Lopez at any time from

19  January 1, 2005, to July 31, 2005.

20  Category No. 107.:

21      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

22  or refer obligations YOU OWED to Frederick Lopez at any time from January 1, 2005, to July 31,

23  2005.

24  Category No. 108.:

25      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

26  memorialize or are related to obligations that YOU OWED to Allstate Floridian at any time from

27  January 1, 2005, to July 31, 2005.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0217**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

1  Category No. 109.:

2      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

3  or refer obligations YOU OWED to Allstate Floridian at any time from January 1, 2005, to July 31,

4  2005.

5  Category No. 110.:

6      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

7  memorialize or are related to obligations that YOU OWED to American Express at any time from

8  January 1, 2005, to July 31, 2005.

9  Category No. 111.:

10      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

11  or refer obligations YOU OWED to American Express at any time from January 1, 2005, to July 31,

12  2005.

13  Category No. 112.:

14      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

15  memorialize or are related to obligations that YOU OWED to American Home Shield at any time

16  from January 1, 2005, to July 31, 2005.

17  Category No. 113.:

18      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

19  or refer obligations YOU OWED to American Home Shield at any time from January 1, 2005, to July

20  31, 2005.

21  Category No. 114.:

22      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

23  memorialize or are related to obligations that YOU OWED to Bank of America at any time from

24  January 1, 2005, to July 31, 2005.

25  Category No. 115.:

26      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

27  or refer obligations YOU OWED to Bank of America at any time from January 1, 2005, to July 31,

28  2005.

**ASA 0218**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

1  Category No. 116.:

2    Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

3  memorialize or are related to obligations that YOU OWED to Bank Card Services at any time from

4  January 1, 2005, to July 31, 2005.

5  Category No. 117.:

6    Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

7  or refer obligations YOU OWED to Bank Card Services at any time from January 1, 2005, to July 31,

8  2005.

9  Category No. 118.:

10    Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

11  memorialize or are related to obligations that YOU OWED to Cingular at any time from January 1,

12  2005, to July 31, 2005.

13  Category No. 119.:

14    Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

15  or refer obligations YOU OWED to Cingular at any time from January 1, 2005, to July 31, 2005.

16  Category No. 120.:

17    Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

18  memorialize or are related to obligations that YOU OWED to Citicard at any time from January 1,

19  2005, to July 31, 2005.

20  Category No. 121.:

21    Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

22  or refer obligations YOU OWED to Citicard at any time from January 1, 2005, to July 31, 2005.

23  Category No. 122.:

24    Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

25  memorialize or are related to obligations that YOU OWED to Coastal Community Insurance at any

26  time from January 1, 2005, to July 31, 2005.

27  Category No. 123.:

28    Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

**ASA 0219**

- 23 -

1  or refer obligations YOU OWED to Coastal Community Insurance at any time from January 1, 2005,

2  to July 31, 2005.

3  Category No. 124.:

4         Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

5  memorialize or are related to obligations that YOU OWED to Cox Communications at any time from

6  January 1, 2005, to July 31, 2005.

7  Category No. 125.:

8         Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

9  or refer obligations YOU OWED to Cox Communications at any time from January 1, 2005, to July

10  31, 2005.

11  Category No. 126.:

12         Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

13  memorialize or are related to obligations that YOU OWED to Ft. Walton Beach Medical Center at any

14  time from January 1, 2005, to July 31, 2005.

15  Category No. 127.:

16         Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

17  or refer obligations YOU OWED to Ft. Walton Beach Medical Center at any time from January 1,

18  2005, to July 31, 2005.

19  Category No. 128.:

20         Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

21  memorialize or are related to obligations that YOU OWED to Household Bank at any time from

22  January 1, 2005, to July 31, 2005.

23  Category No. 129.:

24         Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

25  or refer obligations YOU OWED to Household Bank at any time from January 1, 2005, to July 31,

26  2005.

27  Category No. 130.:

28         Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0220**

108606/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

1  memorialize or are related to obligations that YOU OWED to Kelly Plantation Owners Association

2  at any time from January 1, 2005, to July 31, 2005.

3  Category No. 131.:

4  Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

5  or refer obligations YOU OWED to Kelly Plantation Owners Association at any time from January

6  1, 2005, to July 31, 2005.

7  Category No. 132.:

8  Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

9  memorialize or are related to obligations that YOU OWED to Northwest Florida Daily News at any

10  time from January 1, 2005, to July 31, 2005.

11  Category No. 133.:

12  Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

13  or refer obligations YOU OWED to Northwest Florida Daily News at any time from January 1, 2005,

14  to July 31, 2005.

15  Category No. 134.:

16  Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

17  memorialize or are related to obligations that YOU OWED to Okaloosa Gas District at any time from

18  January 1, 2005, to July 31, 2005.

19  Category No. 135.:

20  Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

21  or refer obligations YOU OWED to Okaloosa Gas District at any time from January 1, 2005, to July

22  31, 2005.

23  Category No. 136.:

24  Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

25  memorialize or are related to obligations that YOU OWED to Progressive Insurance at any time from

26  January 1, 2005, to July 31, 2005.

27  Category No. 137.:

28  Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

**ASA 0221**

108606/LSK/5311.01

1   or refer obligations YOU OWED to Progressive Insurance at any time from January 1, 2005, to July

2   31, 2005.

3   Category No. 138.:

4        Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

5   memorialize or are related to obligations that YOU OWED to Citibank/Quicken Platinum Card at any

6   time from January 1, 2005, to July 31, 2005.

7   Category No. 139.:

8        Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

9   or refer obligations YOU OWED to Citibank/Quicken Platinum Card at any time from January 1,

10  2005, to July 31, 2005.

11  Category No. 140.:

12       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

13  memorialize or are related to obligations that YOU OWED to Texaco at any time from January 1,

14  2005, to July 31, 2005.

15  Category No. 141.:

16       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

17  or refer obligations YOU OWED to Texaco at any time from January 1, 2005, to July 31, 2005.

18  Category No. 142.:

19       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

20  memorialize or are related to obligations that YOU OWED to Valley Forge Life Insurance at any time

21  from January 1, 2005, to July 31, 2005.

22  Category No. 143.:

23       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

24  or refer obligations YOU OWED to Valley Forge Life Insurance at any time from January 1, 2005,

25  to July 31, 2005.

26  Category No. 144.:

27       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

28  memorialize or are related to obligations that YOU OWED to Verizon at any time from January 1,

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

ASA 0222

108606/LSK/5311.01

1  2005, to July 31, 2005.

2  Category No. 145.:

3      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

4  or refer obligations YOU OWED to Verizon at any time from January 1, 2005, to July 31, 2005.

5  Category No. 146.:

6      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

7  memorialize or are related to obligations that YOU OWED to Wayne Wise at any time from January

8  1, 2005, to July 31, 2005.

9  Category No. 147.:

10      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

11  or refer obligations YOU OWED to Wayne Wise at any time from January 1, 2005, to July 31, 2005.

12  Category No. 148.:

13      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

14  memorialize or are related to obligations that YOU OWED to Union Bank of California at any time

15  from January 1, 2005, to July 31, 2005.

16  Category No. 149.:

17      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

18  or refer obligations YOU OWED to Union Bank of California at any time from January 1, 2005, to

19  July 31, 2005.

20  Category No. 150.:

21      Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

22  memorialize or are related to obligations that YOU OWED to attorney Jeffrey (Jeff) Smith at any time

23  from January 1, 2005, to July 31, 2005.

24  Category No. 151.:

25      Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

26  or refer obligations YOU OWED to attorney Jeffrey (Jeff) Smith at any time from January 1, 2005,

27  to July 31, 2005.

28  / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

ASA 0223

108606/LSK/5311.01

1   Category No. 152.:

2       Any and all DOCUMENTS that are BUSINESS RECORDS in YOUR custody or control that

3   memorialize or are related to obligations that YOU OWED to attorney Thomas B. Gorrill at any time

4   from January 1, 2005, to July 31, 2005.

5   Category No. 153.:

6       Any and all DOCUMENTS that are PERSONAL ACCOUNT RECORDS that memorialize

7   or refer obligations YOU OWED to attorney Thomas B. Gorrill at any time from January 1, 2005, to

8   July 31, 2005.

9   Category No. 154.:

10      Any and all DOCUMENTS that are identified or referred to in any of your responses to the

11  INTERROGATORIES.

12  Category No. 155.:

13  Any and all DOCUMENTS that are identified or referred to in any of your responses to the REQUEST

14  FOR ADMISSION.

15  Category No. 156.:

16      Any and all bank statements, statement of account, or similar DOCUMENTS, with respect to

17  the status of any ACCOUNT identified in your responses to any of the INTERROGATORIES, that

18  reflect activity or status of such accounts at any time from January 1, 2005, through July 31, 2005.

19  Category No. 157.:

20      Any and all bank statements, statement of account, or similar DOCUMENTS, with respect to

21  the status of any ACCOUNT identified in your responses to any of the REQUEST FOR ADMISSION,

22  that reflect activity or status of such accounts at any time from January 1, 2005, through July 31, 2005.

23  Category No. 158.:

24      Copies of any and all checks written on any of the ACCOUNTS identified or referred to in any

25  of your responses to the INTERROGATORIES, that are dated at any time from January 1, 2005,

26  through July 31, 2005.

27  Category No. 159.:

28      Copies of any and all checks written on any of the ACCOUNTS identified or referred to in any

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 - FACSIMILE (619) 400-2201

**ASA 0224**

108606/LSK/5311.01

1    of your responses to the INTERROGATORIES, that are dated at any time from January 1, 2005,

2    through July 31, 2005.

3    Category No. 160.:

4         Any and all FINANCIAL STATEMENTS that purport to reflect either your financial

5    condition, or the results of income received and expenses paid during any period which includes

6    January 1, 2005.

7    Category No. 161.:

8         Any and all DOCUMENTS that are part of any loan application that YOU made, or signed and

9    delivered to any PERSON or entity at any time from January 1, 2005, through July 31, 2005.

10   Category No. 162.:

11        Any and all DOCUMENTS that memorialize, RELATE TO or REFER TO any civil,

12   administrative, or criminal proceedings pending before any tribunal, arbitrator, or mediator at any

13   time between January 1, 2005, and July 31, 2005.

14

15   Dated: _11-3-06_

                                    **KEEHN & ASSOCIATES**
16                                  A Professional Corporation

17

18        By: _L. Scott Keehn_

19        L. Scott Keehn
          Attorneys for Petitioning Creditors

20

21

22

23

24

25

26

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0225**

108606/LSK/5311.01

# EXHIBIT C

ASA 0226

1   L. Scott Keehn (61691)
    **KEEHN & ASSOCIATES**
2   A Professional Corporation
    402 W. Broadway, Suite 1210
3   San Diego, California 92101
    Telephone: (619) 400-2200
4
    Attorneys for **Petitioning Creditors**
5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  In Re:                              )   Case No. 05-05926-PBINV
                                        )
12          FRANCIS J. LOPEZ            )   Involuntary Chapter 7
                                        )
13               Alleged Debtor         )   **FIRST PHASE II INTERROGATORIES**
                                        )   **PROPOUNDED BY PETITIONING**
14                                      )   **CREDITORS**
                                        )
15                                      )   [No Hearing Required]
                                        )
16                                      )   Judge: Hon. Peter W. Bowie
                                        )
17                                      )
                                        )
18  _____)

19  PROPOUNDING PARTY:        Petitioning Creditors

20  RESPONDING PARTY:         Francis J. Lopez, The Alleged Debtor

21  SET NUMBER:               ONE (1)/ Phase II.

22

23          Petitioning Creditors hereby propound the following interrogatories to Alleged Debtor

24  Francis J. Lopez ("Lopez") and demands his response under oath within thirty (30) days from the

25  date of service pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 33 which is made

26  applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure Rule 7033 and

27  Rule 9014.

28  / / / / /

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0227**

108642/LSK/5311.01

## DEFINITIONS

The following definitions apply to each of the Document Requests and should be read and referred to in answering each of the Document Requests:

1.    The term "BUSINESS RECORD(S)" means all writings regularly created or maintained by or on behalf of a PERSON or entity that is or was engaged in business, and includes, without limitation, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, kept in the course of a regularly conducted business activity.

2.    The terms "ACCOUNT" and "ACCOUNTS" mean and refer to any deposit or credit account with a bank, credit union, or financial institutions of any description, and include, without limitation, a demand, time, checking, savings, passbook, share draft, or like account, including account evidenced by a certificate of deposit.

3.    The term "ALL COMPUTER-STORED DATA" means any computer disks, compact discs, computer tapes, computer runs, computer printouts, computer electronic mail (E-mail) sent or received, and computer databases.

4.    The term "CASH AND CARRY" means and refers to any form of transaction in which the purchaser or recipient of the goods or services which are the subject of the transaction is required to, and actually does, deliver cash or a negotiable instrument in the full amount of the price or fee charged for those goods or services, at the time that the goods are purchased or the services are rendered.

5.    The term "COMMUNICATION" means the transmittal of any information (in the form of facts, ideas, inquiries or otherwise) by any method, however informal, including, but not limited to, letters, facsimiles, e-mails, information transmitted at meetings, memoranda, notes, presentations, telegrams, telephone conversations and all other written, oral or electronic transmission of information.

6.    The term "CREDIT FACILITY" means every form of agreement, written or oral, by which a PERSON or entity extends credit to YOU or one of YOUR relatives, and includes, without limitation what is commonly referred to as a "Loan," a "Line of Credit" or a "Credit Card."

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0228**

108642/LSK/5311.01

7.     The term "DOCUMENT" means and includes all originals — and any copies that differ in any way from the original — of any kind of written, typewritten, printed or recorded material or computer files, DOCUMENTS or records whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with the federal state, or local agency, COMPUTER-STORED DATA, computer discs, computer printouts recordings, maps, plats, plans, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, canceled checks, booklets, bills, audited FINANCIAL STATEMENTS, unaudited FINANCIAL STATEMENTS, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholder or committee meetings, written COMMUNICATIONS of directors and shareholders,  bank checks, invoices, charge slips, hotel charges, receipts, invoices forms, abstracts, agreements, STATEMENTS, lists, deposit and withdrawal receipts, evaluations, statistics, licenses, advertisements, certificates, permits, cost sheets, expense accounts, vouchers, all other forms of correspondence, all other forms of electronic storage of data, any and all written COMMUNICATIONS, records and copies, extracts and summaries or other DOCUMENTS, and drafts of any of the above, whether used or not, or any other writings or recording as defined by the Federal Rules of Evidence, Rule 1001, 28 U.S.C.A., and any copies of such material if YOU do not have control or possession of the original.

8.     The term "FINANCIAL STATEMENT" means and refers to every form of DOCUMENT, including, but not limited to a written report, which quantitatively describes the financial health, performance, or condition of a PERSON or entity. It includes, but is not limited to DOCUMENTS that are entitled or commonly referred to as an income statement, a balance sheet, a statement of cash flows, and a statement of equity.

9.     The term "IDENTIFY" when used herein means to describe the requested information to the fullest extent possible, which would include, but is not limited to, furnishing

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

**ASA 0229**

108642/LSK/5311.01

1   such information as would enable Plaintiff to issue a subpoena for any information, DOCUMENT,

2   or thing that may be in the possession of any PERSON identified in Your response to that

3   interrogatory.  Without limiting the generality of the foregoing:

4           A.     When used in reference to a PERSON the definition includes, but is not

5   limited to, a requirement to disclose the full legal name of the PERSON, all business or trade

6   names known to have been used by the PERSON at any time, the address of the PERSON's

7   residence (where they are a natural PERSON, or principal place of business if not), and all

8   telephone numbers where the PERSON may be reached during usual daytime business hours;

9           B.     When used with reference to a DOCUMENT or DOCUMENT the

10  definition  includes, but is not limited to, the requirement to disclose all PERSONS who drafted,

11  or contributed to the drafting of, the DOCUMENT or DOCUMENT, as well as its current physical

12  location, and the name and address of the PERSON or PERSONS with custody of the

13  DOCUMENT or DOCUMENT; and

14          C.     When used with reference to a tangible thing, the definition includes, but is

15  not limited to, the duty to disclose, any license, serial number or identifying symbols (if any exist)

16  which identifies the thing, the address at which the thing is customarily is located, and the name

17  and address of the PERSON or PERSONS who have custody or control of the thing.

18          D.     When used with reference to an account maintained at a bank, credit union

19  or similar financial institution includes, but is not limited to the duty to disclose the name and

20  address of the institution, the account number (or numbers) and the dates during which the account

21  was maintained.

22         10.    The term the "INTERROGATORIES" means and refers to the "First Phase II

23  Interrogatories Propounded by Petitioning Creditors" and served concurrently herewith.

24         11.    The term "MADELEINE LOPEZ" means and refers to an individual believed to be

25  YOUR spouse at all times from the period commencing January 1, 2002, through and including

26  the present.

27         12.    The term "NOVEON" means and refers to Noveon Systems, Inc., a corporation.

28         13.    The term "ON CREDIT" refers to any transaction or agreement where YOU or one

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0230**

108642/LSK/5311.01

1  of YOUR relatives receives goods or services on any terms other than "CASH AND CARRY."

2      14.    The term "PERSON" means any individual (natural PERSON), corporation,

3  organization, association, partnership, limited partnership, limited liability company, firm, joint

4  venture, trust, governmental body, agency, governing board, department or division, or any other

5  entity.

6      15.    the term "PERSONAL ACCOUNT RECORDS" means all writings regularly

7  created by or on behalf of YOU to memorialize and/or reflect the status of any account that YOU

8  had with a PERSON or entity that provided YOU with a CREDIT FACILITY, or provided YOU

9  or YOUR family with goods or services ON CREDIT, and includes without limitation a

10  memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion

11  or diagnoses that are kept in the course of regularly conducted personal, household, or family

12  activity.

13      16.    The term "PRISM RECEIVERSHIP" means and refers to the receivership created

14  in that certain civil action that was pending before the Superior Court of the State of California for

15  the County of San Diego, North County Branch, identified as *PRISM and PRISM ADVANCED*

16  *TECHNOLOGIES, INC., v. ALAN STANLY* (Case No. GIN 028765) based upon the "Stipulation

17  regarding appointment of Richard M Kipperman as receiver," and the order approving and

18  adopting it which was entered on April 22, 2003.

19      17.    The terms "RELATED TO" and "RELATING TO" mean constituting, evidencing,

20  defining, containing, describing, concerning, discussing, embodying, reflecting, analyzing, stating,

21  referring to, or dealing with.

22      18.    The term "RELATIVE" means any individual related by affinity or consanguinity

23  within the third degree of consanguinity or affinity as determined by common law or any

24  individual in a step or adoptive relationship within such third degree.

25      19.    The term the "REQUESTS FOR ADMISSION" means and refers to the "First

26  Phase II Requests for Admission Propounded by Petitioning Creditors" and served concurrently

27  herewith.

28      20.    The term the "RESIDENCE" means and refers to that single family dwelling

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0231**

- 5 -

108642/LSK/5311.01

1  commonly known as 310 Sand Myrtle Trail, Destin, Florida.

2       21.    The term the "STANLY JUDGMENT" means and refers to that judgment in favor

3  of Petitioning Creditor Alan Stanly against Francis J. Lopez in the principal amount of $50,000, in

4  the case of *UNION BANK OF CALIFORNIA N.A. v. STANLY and LOPEZ* (GIN 030827) entered

5  by the Superior Court of the State of California, for the County of San Diego, on or about

6  September 20, 2004.

7       22.    The terms "YOU" and "YOUR" mean and refer to Francis J. Lopez.

8       23.    The term "YOU OWED" when used in connection with a particular creditor means

9  and refers to both amounts YOU acknowledge were owed, and amounts which were claimed by

10  the creditor but which YOU either affirmatively dispute as to liability or amount, or are uncertain

11  as to liability or amount.

12       24.    The phrase "PAYMENTS THAT YOU MADE," or words of similar import include

13  all payments that YOU personally made or caused to be made, and all payments that were made by

14  any other person or entity.

15  **SPECIAL INSTRUCTIONS**

16       1.    YOUR written response to each category shall first IDENTIFY and quote the

17  category in full. Upon request, YOU will be electronically provided with a copy of these requests

18  in their Word Perfect form to facilitate YOUR compliance with this requirement.

19  **INTERROGATORIES**

20  Interrogatory No. 1.:

21       Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

22  these interrogatories was an unqualified admission, then for each response which is not an

23  unqualified admission, state the number of the request and all of the facts upon which YOU base

24  YOUR response.

25  Interrogatory No. 2.:

26       Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

27  these interrogatories was an unqualified admission, then for each response which is not an

28  unqualified admission, state the number of the request and IDENTIFY all PERSONS who have

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0232**

108642/LSK/5311.01

1  knowledge of the facts upon which YOU base YOUR response.

2  Interrogatory No. 3.:

3      Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served with

4  these interrogatories an unqualified admission, then for each response which is not an unqualified

5  admission, state the number of the request, and IDENTIFY all DOCUMENTS, writings and other

6  tangible things that YOU content support YOUR response.

7  Interrogatory No. 4.:

8      IDENTIFY by date, source, and amount, all cash receipts of any kind (including loan

9  proceeds) that YOU received from any source — including but not limited to — NOVEON

10  between January 1 and July 1, 2005.

11  Interrogatory No. 5.:

12  IDENTIFY by date, source, and amount, all cash receipts (including loan proceeds) that

13  MADELEINE LOPEZ received from any source other than NOVEON between January 1 and July

14  1, 2005.

15  Interrogatory No. 6.:

16      IDENTIFY any and all documents that memorialize, reflect, or refer to the mortgage to

17  Lehman Brothers Bank, secured by the Residence.

18  Interrogatory No. 7.:

19      IDENTIFY all ACCOUNTS maintained at any bank, credit union, or other financial

20  institution with respect to which YOU are either an owner, co-owner, or beneficiary, at any time

21  from January 1, 2005, to July 31, 2005.

22  Interrogatory No. 8.:

23      IDENTIFY all ACCOUNTS maintained with any bank, credit union, or other financial

24  institution where YOU had signature authority to withdraw funds, or cause them to be paid upon

25  YOUR order, at any time between January 1, 2005, and July 31, 2005.

26  Interrogatory No. 9.:

27      IDENTIFY all PERSONS and entities with whom MADELEINE LOPEZ had any

28  contractual or employment relationship at any time between January 1, 2005, and July 31, 2005.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0233**

108642/LSK/5311.01

Interrogatory No. 10.:

   With respect to any or all obligations that YOU OWED to Frederick Lopez as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

Interrogatory No. 11.:

   With respect to any or all debts that YOU OWED to Lehman Brothers Bank as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

Interrogatory No. 12.:

   With respect to any or all debts that YOU OWED to Allstate Floridian as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

Interrogatory No. 13.:

   With respect to any or all debts that YOU OWED to American Express as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

Interrogatory No. 14.:

   With respect to any or all debts that YOU OWED to American Home Shield as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

Interrogatory No. 15.:

   With respect to any or all debts that YOU OWED to Bank of America as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0234**

108642/LSK/5311.01

1   the dates upon which the amount those obligations increased and the amount of such increases;

2   and, (d) the dates and amounts of all payments made on that obligation.

3   Interrogatory No. 16.:

4       With respect to any or all debts that YOU OWED to Bank Card Services as of June 30,

5   2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

6   (c) the dates upon which the amount those obligations increased and the amount of such increases;

7   and, (d) the dates and amounts of all payments made on that obligation.

8   Interrogatory No. 17.:

9       With respect to any or all debts that YOU OWED to Cingular as of June 30, 2005,

10  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

11  the dates upon which the amount those obligations increased and the amount of such increases;

12  and, (d) the dates and amounts of all payments made on that obligation.

13  Interrogatory No. 18.:

14      With respect to any or all debts that YOU OWED to Citicard as of June 30, 2005,

15  IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

16  the dates upon which the amount those obligations increased and the amount of such increases;

17  and, (d) the dates and amounts of all payments made on that obligation.

18  Interrogatory No. 19.:

19      With respect to any or all debts that YOU OWED to Coastal Community Insurance as of

20  June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

21  incurred; (c) the dates upon which the amount those obligations increased and the amount of such

22  increases; and, (d) the dates and amounts of all payments made on that obligation.

23  Interrogatory No. 20.:

24      With respect to any or all debts that YOU OWED to Cox Communication as of June 30,

25  2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

26  (c) the dates upon which the amount those obligations increased and the amount of such increases;

27  and, (d) the dates and amounts of all payments made on that obligation.

28  Interrogatory No. 21.:

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

ASA 0235

108642/LSK/5311.01

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSIMILE (619) 400-2201

1    With respect to any or all debts that YOU OWED to Ft. Walton Beach Medical Center as

2    of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was

3    originally incurred; (c) the dates upon which the amount those obligations increased and the

4    amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

5    Interrogatory No. 22.:

6    With respect to any or all debts that YOU OWED to Household Bank as of June 30, 2005,

7    IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

8    the dates upon which the amount those obligations increased and the amount of such increases;

9    and, (d) the dates and amounts of all payments made on that obligation.

10    Interrogatory No. 23.:

11    With respect to any or all debts that YOU OWED to Kelly Plantation Owners Association

12    as of June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was

13    originally incurred; (c) the dates upon which the amount those obligations increased and the

14    amount of such increases; and, (d) the dates and amounts of all payments made on that obligation.

15    Interrogatory No. 24.:

16    With respect to any or all debts that YOU OWED to Northwest Florida Daily News as of

17    June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

18    incurred; (c) the dates upon which the amount those obligations increased and the amount of such

19    increases; and, (d) the dates and amounts of all payments made on that obligation.

20    Interrogatory No. 25.:

21    With respect to any or all debts that YOU OWED to Okaloosa Gas District as of June 30,

22    2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

23    (c) the dates upon which the amount those obligations increased and the amount of such increases;

24    and, (d) the dates and amounts of all payments made on that obligation.

25    Interrogatory No. 26.:

26    With respect to any or all debts that YOU OWED to Progressive Insurance as of June 30,

27    2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred;

28    (c) the dates upon which the amount those obligations increased and the amount of such increases;

**ASA 0236**

108642/LSK/5311.01

1    and, (d) the dates and amounts of all payments made on that obligation.

2    Interrogatory No. 27.:

3            With respect to any or all debts that YOU OWED to Citibank/Quicken Platinum Card as of

4    June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

5    incurred; (c) the dates upon which the amount those obligations increased and the amount of such

6    increases; and, (d) the dates and amounts of all payments made on that obligation.

7    Interrogatory No. 28.:

8            With respect to any or all debts that YOU OWED to Texaco as of June 30, 2005,

9    IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

10   the dates upon which the amount those obligations increased and the amount of such increases;

11   and, (d) the dates and amounts of all payments made on that obligation.

12   Interrogatory No. 29.:

13           With respect to any or all debts that YOU OWED to Valley Forge Life Insurance as of June

14   30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

15   incurred; (c) the dates upon which the amount those obligations increased and the amount of such

16   increases; and, (d) the dates and amounts of all payments made on that obligation.

17   Interrogatory No. 30.:

18           With respect to any or all debts that YOU OWED to Verizon as of June 30, 2005,

19   IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

20   the dates upon which the amount those obligations increased and the amount of such increases;

21   and, (d) the dates and amounts of all payments made on that obligation.

22   Interrogatory No. 31.:

23           With respect to any or all debts that YOU OWED to Wayne Wise as of June 30, 2005,

24   IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally incurred; (c)

25   the dates upon which the amount those obligations increased and the amount of such increases;

26   and, (d) the dates and amounts of all payments made on that obligation.

27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0237**

108642/LSK/5311.01

1    Interrogatory No. 32.:

2         With respect to any or all debts that YOU OWED to Union Bank of California as of June

3    30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

4    incurred; (c) the dates upon which the amount those obligations increased and the amount of such

5    increases; and, (d) the dates and amounts of all payments made on that obligation.

6    Interrogatory No. 33.:

7         With respect to any or all debts that YOU OWED to attorney Jeffrey (Jeff) Smith as of

8    June 30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

9    incurred; (c) the dates upon which the amount those obligations increased and the amount of such

10   increases; and, (d) the dates and amounts of all payments made on that obligation.

11   Interrogatory No. 34.:

12        With respect to any or all debts that YOU OWED to attorney Thomas B. Gorrill as of June

13   30, 2005, IDENTIFY: (a) the original amount of the obligation;  (b) the date it was originally

14   incurred; (c) the dates upon which the amount those obligations increased and the amount of such

15   increases; and, (d) the dates and amounts of all payments made on that obligation.

16   Interrogatory No. 35.:

17        IDENTIFY by name, address, telephone number, facsimile number, and e-mail address, all

18   PERSONS or entities that made payments on any of YOUR obligations at any time from January

19   1, 2005 to the date of YOUR response to these INTERROGATORIES, and the dates and amounts

20   of each such payment.

21

22   Dated: _11 – 3 – 06_                    **KEEHN & ASSOCIATES**
                                              A Professional Corporation

23

24

25                                      By: _L. Scott Keehn_
                                             L. Scott Keehn
26                                           Attorneys for
                                             Petitioning Creditor
27

28

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200  FACSIMILE (619) 400-2201

**ASA 0238**

108642/LSK/5311.01

# TAB 105-4

# EXHIBIT D

ASA 0239

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, California 91367
3  Telephone:  (818)  710-3656
   Facsimile:  (818)  710-3659
4  jhayes@polarisnet.net

5  **Attorneys for Alleged Debtor**
   **Francis J. Lopez**
6

7                    UNITED STATES BANKRUPTCY COURT

8             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10  **In re:**                              )   **CASE NO.:**    05-05926-PBINV
                                            )
11  **FRANCIS J. LOPEZ,**                   )   **Involuntary Chapter 7**
                                            )
12                                          )
                                            )
13          **Alleged Debtor.**             )   **SUPPLEMENT TO RESPONSE TO**
                                            )   **REQUESTS FOR ADMISSION**
14                                          )   **PROPOUNDED TO ALLEGED**
                                            )   **DEBTOR FRANCIS J. LOPEZ (PHASE**
15                                          )   **II)**
                                            )
16                                          )
                                            )   **JUDGE:**      Hon. Peter W. Bowie
17                                          )   **DEPT.:**      4

18

19

20

21  PROPOUNDING PARTY:        Petitioning Creditors

22  RESPONDING PARTY:         Alleged Debtor Francis J. Lopez

23  SET NO.:                  ONE (1) / Phase II

24                     **REQUESTS FOR ADMISSION**

25  **REQUEST FOR ADMISSION NO. 1:**

26  Admit you received no cash payments from NOVEON between January 1, 2005 and July

27  1, 2005.

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

                                    1
**ASA 0240**

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2  Deny.

3  **REQUEST FOR ADMISSION NO. 2:**

4  Admit that YOU were not employed by any PERSON or entity other than Noveon between

5  January 1, 2005 and July 31, 2005.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

7  Admit.

8  **REQUEST FOR ADMISSION NO. 3:**

9  Admit that you were not engaged as an independent contractor for any person or entity

10  other than NOVEON between January 1, 2005 and July 31, 2005.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

12  Deny.

13  **REQUEST FOR ADMISSION NO. 4:**

14  Admit that you had no contractual relationship of any kind that entitled you to receive

15  remuneration of any kind based upon services that YOU rendered at any time between

16  January 1, 2005 and July 31, 2005.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

18  Deny.

19  **REQUEST FOR ADMISSION NO. 5:**

20  Admit that with respect to the STANLY JUDGMENT, YOU never requested a stay of

21  enforcement pending YOUR appeal of that judgment.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

23  Deny, to the extent that a stay of enforcement was requested, and granted, in Florida.

24  However, that stay of enforcement was related to the automatic stay in effect as a result of

25  Stanly filing the involuntary petition against me.

26  **REQUEST FOR ADMISSION NO. 6:**

27  Admit that at some time after June 14, 2004 and before June 14, 2005, the RESIDENCE

28  was refinanced.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR ADMISSIONS

**ASA 0241**

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

2 Admit.

3 **REQUEST FOR ADMISSION NO. 7:**

4 Admit that YOU authorized Joseph Fischbach, as your attorney, to sign the stipulation that

5 caused Richard M. Kipperman to be appointed as the receiver of Prism in the PRISM

6 RECEIVERSHIP, a copy of which is attached hereto as Exhibit 1.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

8 I do not know how to answer.  I agreed as CEO of Prism.

9 **REQUEST FOR ADMISSION NO. 8:**

10 Admit that YOU have not paid any of the fees that were awarded to Richard M.

11 Kipperman on account of services rendered and costs advanced in the PRISM

12 RECEIVERSHIP.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

14 Admit, with the following qualification:  Never did Mr. Kipperman request that I pay for

15 any of his services, nor did I ever receive a bill from Mr. Kipperman or his office.

16 **REQUEST FOR ADMISSION NO. 9:**

17 Admit that YOU have filed no objection to any of the fees requested by Richard M.

18 Kipperman on account of services rendered and costs he has advanced in connection with

19 the PRISM RECEIVERSHIP.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

21 Admit, to the extent that Mr. Kipperman's bills and fees were filed with the state court and

22 later with the Prism bankruptcy court.  I am informed and believe that Mr. Kipperman did

23 indeed receive payment from the Prism bankruptcy estate.

24 **REQUEST FOR ADMISSION NO. 10:**

25 Admit that YOU signed as a guarantor on the obligations that Prism Advanced

26 Technologies, Inc. ("Prism") incurred under agreements "Equipment Lease Agreement" by

27 and between Herman Miller Capital as lessor and Prism Advanced Technologies as lessee.

28 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR ADMISSIONS

**ASA 0242**

1  Deny.

2

3

4

5  Dated:   April 10, 2007

6

7                                    By: _____
                                         M. Jonathan Hayes
8                                        Attorneys for Alleged Debtor
                                         Francis J. Lopez
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

4

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR ADMISSIONS

ASA 0243

1

## VERIFICATION

2

3  UNITED STATE BANKRUPTCY  )
                              )   ss.
4  COURT FOR THE SOUTHERN    )

5  DISTRICT OF CALIFORNIA

6

7

8      I have read the foregoing Responses to the REQUEST FOR SUPPLEMENTAL

ADMISSIONS, SET NUMBER ONE / Phase II and know its contents.

9

10     I am an alleged debtor in this action.  The matters stated in the foregoing document

are true of my own knowledge except as to those matters which are stated on information

11

and belief, and as to those matters I am informed and believe that they are true.

12

13

14     Executed on April 10, 2007, at Destin, Florida.

15     I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

16

17

18                                          Francis J. Lopez

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

VERIFICATION TO RFA Second Set

**ASA 0244**

# EXHIBIT E

ASA 0245

1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office M. Jonathan Hayes**
2  21800 Oxnard St, Suite 840
   Woodland Hills, California 91367
3  Telephone: (818) 710-3656
   Facsimile: (818) 710-3659
   jhayes@polarisnet.net
4
5  **Attorneys for Alleged Debtor**
   **Francis J. Lopez**

6

7

8                    UNITED STATES BANKRUPTCY COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 **In re:**                          )  **CASE NO.:    05-05926-PBINV**
                                       )
11 **FRANCIS J. LOPEZ,**               )  **Involuntary Chapter 7**
                                       )
12                                     )
                                       )  **RESPONSE TO REQUEST FOR**
13         **Alleged Debtor.**         )  **PRODUCTION OF DOCUMENTS**
                                       )
14                                     )
                                       )  **JUDGE:**     Hon. Peter W. Bowie
15                                     )  **DEPT.:**      4
                                       )
16                                     )
                                       )
17

18

19

20 PROPOUNDING PARTY:      Petitioning Creditors

21 RESPONDING PARTY:       Alleged Debtor Francis J. Lopez

22 SET NO.:                ONE (1) / Phase II

23

24              **Response to Request for Production of Documents**

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS                                    **ASA 0246**

**<u>CATEGORY NO. 1</u>:**

These documents are not in my possession or control.

**<u>CATEGORY NO. 2</u>:**

These documents are not in my possession or control.

**<u>CATEGORY NO. 3</u>:**

NOT APPLICABLE.

**<u>CATEGORY NO. 4</u>:**

NOT APPLICABLE.

**<u>CATEGORY NO. 5</u>:**

No responsive documents found.

**<u>CATEGORY NO. 6</u>:**

No responsive documents found.

**<u>CATEGORY NO. 7</u>:**

See exhibit B, documents 1 and 2.  Any other documents related to this request previously provided in response to Phase I request for documents.

**<u>CATEGORY NO. 8</u>:**

See exhibit B, documents 1 and 2.  Any other documents related to this request previously provided in response to Phase I request for documents.

**<u>CATEGORY NO. 9</u>:**

Already provided in response to Phase I request for documents.  No additional documents found.

**<u>CATEGORY NO. 10</u>:**

Already provided in response to Phase I request for documents.  No additional documents found.

**<u>CATEGORY NO. 11</u>:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**ASA 0247**

1  See Exhibit B, document 3.  Any other documents related to this request previously

2  provided in response to Phase I request for documents.

3  **CATEGORY NO. 12:**

4  No responsive documents found.

5  **CATEGORY NO. 13:**

6  See exhibit B, documents 4 through 8.  .  Any other documents related to this request

7  previously provided in response to Phase I request for documents.

8  **CATEGORY NO. 14:**

9  See exhibit B, documents 4 through 8.  .  Any other documents related to this request

10  previously provided in response to Phase I request for documents.

11  **CATEGORY NO. 15:**

12  No responsive documents found.

13  **CATEGORY NO. 16:**

14  No responsive documents found.

15  **CATEGORY NO. 17:**

16  See Exhibit B, documents 9 through 11.  Any other documents related to this request

17  previously provided in response to Phase I request for documents.

18  **CATEGORY NO. 18:**

19  See Exhibit B, documents 9 through 11.  Any other documents related to this request

20  previously provided in response to Phase I request for documents.

21  **CATEGORY NO. 19:**

22  See Exhibit B, documents 12 through 21. .  Any other documents related to this request

23  previously provided in response to Phase I request for documents.

24  **CATEGORY NO. 20:**

25  See Exhibit B, documents 12 through 21. .  Any other documents related to this request

26  previously provided in response to Phase I request for documents.

27  **CATEGORY NO. 21:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0248**

1  Already provided in response to Phase I request for documents.  No additional documents

2  found.

3  **CATEGORY NO. 22:**

4  Already provided in response to Phase I request for documents.  No additional documents

5  found.

6  **CATEGORY NO. 23:**

7  See Exhibit B, document 23.  Any other documents related to this request previously

8  provided in response to Phase I request for documents.

9  **CATEGORY NO. 24:**

10  See Exhibit B, document 23.  Any other documents related to this request previously

11  provided in response to Phase I request for documents.

12  **CATEGORY NO. 25:**

13  Already provided in response to Phase I request for documents.  No additional documents

14  found.

15  **CATEGORY NO. 26:**

16  Already provided in response to Phase I request for documents.  No additional documents

17  found.

18  **CATEGORY NO. 27:**

19  Already provided in response to Phase I request for documents.  No additional documents

20  found.

21  **CATEGORY NO. 28:**

22  Already provided in response to Phase I request for documents.  No additional documents

23  found.

24  **CATEGORY NO. 29:**

25  Already provided in response to Phase I request for documents.  No additional documents

26  found.

27  **CATEGORY NO. 30:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

4

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**ASA 0249**

1  Already provided in response to Phase I request for documents.  No additional documents
2  found.

3  **CATEGORY NO. 31:**

4  Already provided in response to Phase I request for documents.  No additional documents
5  found.

6  **CATEGORY NO. 32:**

7  Already provided in response to Phase I request for documents.  No additional documents
8  found.

9  **CATEGORY NO. 33:**

10  See Exhibit B, documents 28 through 33.  Any other documents related to this request
11  previously provided in response to Phase I request for documents.

12  **CATEGORY NO. 34:**

13  See Exhibit B, documents 28 through 33.  Any other documents related to this request
14  previously provided in response to Phase I request for documents.

15  **CATEGORY NO. 35:**

16  See Exhibit B, document 34.  Any other documents related to this request previously
17  provided in response to Phase I request for documents.

18  **Category No. 36:**

19  See Exhibit B, document 34.  Any other documents related to this request previously
20  provided in response to Phase I request for documents.

21  **Category No. 37:**

22  See Exhibit B, documents 35 through 42.  Any other documents related to this request
23  previously provided in response to Phase I request for documents.

24  **Category No. 38:**

25  See Exhibit B, documents 35 through 42.  Any other documents related to this request
26  previously provided in response to Phase I request for documents.

27  **Category No. 39:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

5

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0250**

1 Already provided in response to Phase I request for documents.  No additional documents
2 found.
3 **Category No. 40:**
4 Already provided in response to Phase I request for documents.  No additional documents
5 found.
6 **Category No. 41:**
7 Already provided in response to Phase I request for documents.  No additional documents
8 found.
9 **Category No. 42:**
10 Already provided in response to Phase I request for documents.  No additional documents
11 found.
12 **Category No. 43:**
13 Already provided in response to Phase I request for documents.  No additional documents
14 found.
15 **Category No. 44:**
16 Already provided in response to Phase I request for documents.  No additional documents
17 found.
18 **Category No. 45:**
19 Already provided in response to Phase I request for documents.  No additional documents
20 found.
21 **Category No. 46:**
22 Already provided in response to Phase I request for documents.  No additional documents
23 found.
24 **Category No. 47:**
25 Already provided in response to Phase I request for documents.  No additional documents
26 found.
27 **Category No. 48:**
28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**ASA 0251**

1  Already provided in response to Phase I request for documents.  No additional documents

2  found.

3  **Category No. 49:**

4  I will provide the requested documents to the extent that they are in my possession or can

5  be readily obtained, provided that the documents requested are not of a private or

6  privileged nature.

7  **Category No. 50:**

8  See Exhibit C., statement from Curd Galindo and Smith

9  **Category No. 51:**

10  No responsive documents found.

11  **Category No. 52:**

12  No responsive documents found.

13  **Category No. 53:**

14  No responsive documents found.

15  **Category No. 54:**

16  Already provided in response to Phase I request for documents.  No additional documents

17  found.

18  **Category No. 55:**

19  Already provided in response to Phase I request for documents.  No additional documents

20  found.

21  **Category No. 56:**

22  No documents in my possession.

23  **Category No. 57:**

24  No documents in my possession.

25  **Category No. 58:**

26  No documents in my possession.

27  **Category No. 59:**

28  No documents in my possession.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0252**

1  **Category No. 60:**

2  See Exhibit B, documents 1 and 2.

3  **Category No. 61:**

4  No responsive documents found.

5  **Category No. 62:**

6  See Exhibit B, document 3.

7  **Category No. 63:**

8  No responsive documents found.

9  **Category No. 64:**

10  See Exhibit B, documents 4 through 8.

11  **Category No. 65:**

12  No responsive documents found.

13  **Category No. 66:**

14  No responsive documents found.

15  **Category No. 67:**

16  No responsive documents found.

17  **Category No. 68:**

18  See Exhibit B, documents 9 through 11.

19  **Category No. 69:**

20  No responsive documents found.

21  **Category No. 70:**

22  See Exhibit B, documents 12 through 21.

23  **Category No. 71:**

24  No responsive documents found.

25  **Category No. 72:**

26  No responsive documents found.

27  **Category No. 73:**

28  No responsive documents found.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

ASA 0253

1 | **Category No. 74:**

2 | See Exhibit B, document 23.

3 | **Category No. 75:**

4 | No responsive documents found.

5 | **Category No. 76:**

6 | No responsive documents found.

7 | **Category No. 77:**

8 | No responsive documents found.

9 | **Category No. 78:**

10 | No responsive documents found.

11 | **Category No. 79:**

12 | No responsive documents found.

13 | **Category No. 80:**

14 | No responsive documents found.

15 | **Category No. 81:**

16 | No responsive documents found.

17 | **Category No. 82:**

18 | No responsive documents found.

19 | **Category No. 83:**

20 | No responsive documents found.

21 | **Category No. 84:**

22 | See Exhibit B, documents 28 through 33.

23 | **Category No. 85:**

24 | No responsive documents found.

25 | **Category No. 86:**

26 | See Exhibit B, document 34.

27 | **Category No. 87:**

28 | No responsive documents found.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS

ASA 0254

1 **Category No. 88:**

2 See Exhibit B, documents 35 through 42.

3 **Category No. 89:**

4 No responsive documents found.

5 **Category No. 90:**

6 Already provided in response to Phase I request for documents.  No additional documents

7 found.

8 **Category No. 91:**

9 Already provided in response to Phase I request for documents.  No additional documents

10 found.

11 **Category No. 92:**

12 Already provided in response to Phase I request for documents.  No additional documents

13 found.

14 **Category No. 93:**

15 Already provided in response to Phase I request for documents.  No additional documents

16 found.

17 **Category No. 94:**

18 Already provided in response to Phase I request for documents.  No additional documents

19 found.

20 **Category No. 95:**

21 No responsive documents found.

22 **Category No. 96:**

23 No responsive documents found.

24 **Category No. 97:**

25 No responsive documents found.

26 **Category No. 98:**

27 No responsive documents found.

28 **Category No. 99:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**ASA 0255**

1  No responsive documents found.

2  **Category No. 100:**

3  No responsive documents found.

4  **Category No. 101:**

5  No responsive documents found.

6  **Category No. 102:**

7  No responsive documents found, other than what has already been provided.

8  **Category No. 103:**

9  No responsive documents found.

10  **Category No. 104:**

11  Not applicable.

12  **Category No. 105:**

13  Not applicable.

14  **Category No. 106:**

15  No responsive documents found.

16  **Category No. 107:**

17  No responsive documents found.

18  **Category No. 108:**

19  Already provided in response to Phase I request for documents.  No additional documents

20  found.

21  **Category No. 109:**

22  Already provided in response to Phase I request for documents.  No additional documents

23  found.

24  **Category No. 110:**

25  Already provided in response to Phase I request for documents.  No additional documents

26  found.

27  **Category No. 111:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

11

ASA 0256

1  Already provided in response to Phase I request for documents.  No additional documents

2  found.

3  **Category No. 112:**

4  Already provided in response to Phase I request for documents.  No additional documents

5  found.

6  **Category No. 113:**

7  Already provided in response to Phase I request for documents.  No additional documents

8  found.

9  **Category No. 114:**

10  See Exhibit B, documents 4 through 8.  Other documents provided in response to Phase I

11  request for documents.

12  **Category No. 115:**

13  No responsive documents found.

14  **Category No. 116:**

15  Already provided in response to Phase I request for documents.  No additional documents

16  found.

17  **Category No. 117:**

18  Already provided in response to Phase I request for documents.  No additional documents

19  found.

20  **Category No. 118:**

21  See Exhibit B, documents 9 through 11.  Other documents provided in response to Phase I

22  request for documents.

23  **Category No. 119:**

24  See Exhibit B, documents 9 through 11.  Other documents provided in response to Phase I

25  request for documents.

26  **Category No. 120:**

27  See Exhibit B, documents 12 through 21.  Other documents provided in response to Phase

28  I request for documents.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

12

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0257**

1    **Category No. 121:**

2    No responsive documents found.

3    **Category No. 122:**

4    Already provided in response to Phase I request for documents.  No additional documents

5    found.

6    **Category No. 123:**

7    No responsive documents found.

8    **Category No. 124:**

9    See Exhibit B, document 23.  Other documents provided in response to Phase I request for

10   documents.

11   **Category No. 125:**

12   No responsive documents found.

13   **Category No. 126:**

14   No responsive documents found in addition to what was provided in response to Phase I

15   request for documents.

16   **Category No. 127:**

17   No responsive documents found.

18   **Category No. 128:**

19   Already provided in response to Phase I request for documents.  No additional documents

20   found.

21   **Category No. 129:**

22   No responsive documents found.

23   **Category No. 130:**

24   Already provided in response to Phase I request for documents.  No additional documents

25   found.

26   **Category No. 131:**

27   No responsive documents found.

28   **Category No. 132:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0258**

1    Already provided in response to Phase I request for documents. No additional documents

2    found.

3    **Category No. 133:**

4    Already provided in response to Phase I request for documents. No additional documents

5    found.

6    **Category No. 134:**

7    See Exhibit B, documents 28 through 33. Other documents provided in response to Phase

8    I request for documents.

9    **Category No. 135:**

10    No responsive documents found.

11    **Category No. 136:**

12    See Exhibit B, document 34. Other documents provided in response to Phase I request for

13    documents.

14    **Category No. 137:**

15    No responsive documents found.

16    **Category No. 138:**

17    See Exhibit B, documents 35 through 42. Other documents provided in response to Phase

18    I request for documents.

19    **Category No. 139:**

20    No responsive documents found.

21    **Category No. 140:**

22    Already provided in response to Phase I request for documents. No additional documents

23    found.

24    **Category No. 141:**

25    Already provided in response to Phase I request for documents. No additional documents

26    found.

27    **Category No. 142:**

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**ASA 0259**

1    Already provided in response to Phase I request for documents.  No additional documents
2    found.

3    **Category No. 143:**

4    Already provided in response to Phase I request for documents.  No additional documents
5    found.

6    **Category No. 144:**

7    Already provided in response to Phase I request for documents.  No additional documents
8    found.

9    **Category No. 145:**

10    Already provided in response to Phase I request for documents.  No additional documents
11    found.

12    **Category No. 146:**

13    Already provided in response to Phase I request for documents.  No additional documents
14    found.

15    **Category No. 147:**

16    Already provided in response to Phase I request for documents.  No additional documents
17    found.

18    **Category No. 148:**

19    No responsive documents found, other than what has already been provided.

20    **Category No. 149:**

21    No responsive documents found, other than what has already been provided.

22    **Category No. 150:**

23    No responsive documents found, other than what has already been provided.

24    **Category No. 151:**

25    No responsive documents found.

26    **Category No. 152:**

27    No responsive documents found.

28    **Category No. 153:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0260**

1   No responsive documents found.

2   **Category No. 154:**

3   See Exhibit C.

4   **Category No. 155:**

5   See Exhibit D, documents related to Kipperman Payment from bankruptcy estate of Prism

6   Advanced Technologies, Inc.(RFA #9), Trustee's final report

7   **Category No. 156:**

8   See Exhibit C for copies of bank statements showing deposits, from Compass Bank,

9   Destin, FL.

10  **Category No. 157:**

11  See Exhibit C for copies of bank statements showing deposits, from Compass Bank,

12  Destin, FL.

13  **Category No. 158:**

14  The documents referred to are not in my possession.  They are imaged documents that can

15  be reproduced for a fee.

16  **Category No. 159:**

17  The documents referred to are not in my possession.  They are imaged documents that can

18  be reproduced for a fee.

19  **Category No. 160:**

20  No responsive documents found.

21  **Category No. 161:**

22  No responsive documents found.

23  **Category No. 162:**

24  See Exhibit C.

25

26  Dated:  April 10, 2007

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0261**

1

By: _____
M. Jonathan Hayes

2        Attorneys for Alleged Debtor
         Francis J. Lopez

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES

M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

RESPONSE OF FRANCIS J. LOPEZ TO REQUESTS FOR PRODUCTION OF
DOCUMENTS

**ASA 0262**

# EXHIBIT F

ASA 0263

1 | M. Jonathan Hayes (Bar No. 90388)
**Law Office M. Jonathan Hayes**
2 | 21800 Oxnard St, Suite 840
Woodland Hills, California 91367
3 | Telephone: (818) 710-3656
Facsimile: (818) 710-3659
4 | jhayes@polarisnet.net

5 | **Attorneys for Alleged Debtor**
**Francis J. Lopez**

6 |

7 |

<div align="center">

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| **In re:** | **CASE NO.:   05-05926-PBINV** |
| **FRANCIS J. LOPEZ,** | **Involuntary Chapter 7** |
| **Alleged Debtor.** | **SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED TO ALLEGED DEBTOR FRANCIS J. LOPEZ (PHASE II)** |
| | **JUDGE:      Hon. Peter W. Bowie** |
| | **DEPT.:       4** |

PROPOUNDING PARTY:      Petitioning Creditors

RESPONDING PARTY:      Alleged Debtor Francis J. Lopez

SET NO.:      ONE (1)/Phase II

<div align="center">

## INTERROGATORIES

</div>

**General Note ("General Note") in Response to Interrogatories.**

Most of the interrogatories refer to debts owed as of June 30, 2005, and ask me to identify:

(a) the original amount of the obligation; (b) the date it was originally incurred; (c) the

dates upon which the amount those obligations increased and the amount of such

<div align="center">

1

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES
</div>

**ASA 0264**

1   increases; and (d) the dates and payments made on that obligation. In fact, those questions

2   are posed on no less than 25 out of a total of 35 interrogatories. However, answering these

3   questions depends on how the "original amount" is defined. If it is defined as any original

4   transaction that gives rise to the balance as of June 30th, then it is possible to have a

5   revolving account that may have hundreds or even thousands of transactions, given

6   question (c), and dozens or more transactions pertinent to question (d). If the original

7   amount is defined as the amount as of June 30th, then question (b) seems to be irrelevant. I

8   therefore request clarification as to these interrogatories (Numbers 10 through 34) so that I

9   can proceed. If indeed I am requested to go back several years to find original balances,

10  then I suggest that there is an overwhelming burden to answer the interrogatories as

11  phrased. Notwithstanding the fact that the wording is unclear, there are requests that are

12  answerable regardless, as either the account with the creditor is not an old one, or

13  transactions with that creditor were of a limited nature. Thus, I have answered

14  interrogatories 10, 19, 23, 29 and 31 for these reasons.

15

16  **INTERROGATORY NO. 1:**

17      Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served

18  with these interrogatories was an unqualified admission, then for each response which is

19  not an unqualified admission, state the number of the request and all of the facts upon

20  which YOU base YOUR response.

21  **RESPONSE INTERROGATORY NO. 1:**

22  No. 1, I did in fact receive some cash payments from Noveon during the specified period.

23  No. 3, I was in fact an independent contractor for another entity during the specified

24  period.

25  No. 4, I was in fact entitled to receive remuneration as a result of services rendered during

26  the specified time period.

27  No. 10, I never signed as a personal guarantor on any agreement between Herman Miller

28  Capital and Prism Advanced Technologies, Inc.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES    **ASA 0265**

1  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 1:**

2  No. 1:  I am aware of at least two payments from Noveon to me during the specified

3  period.  The first was a payment in the amount of $1,000 on or about 1/4/2005, the second

4  was a payment in the amount of $35.00 on or about 4/26/05.

5  No. 3 and No. 4:  During this period, I was also an independent contractor as a licensed

6  life and health insurance agent.  I operated as an independent agent, and had agency

7  agreements with a number of insurance companies.  These agreements entitled me to

8  compensation for insurance policies issued to policyholders as a result of my efforts.

9  No. 7:  I never authorized J. Fischbach to sign a stipulation by me on a personal basis, for

10  the appointment of Kipperman.  Kipperman was appointed with the consent of the CEO of

11  Prism.

12  No. 8:  Kipperman nor any of his agents or employees, have ever approached me on a

13  personal basis to suggest that I pay any portion of his receivership bills or expenses.

14  Further, I have never received any statements, notices, letters or any correspondence to

15  suggest that I was responsible for the payment of these bills or expenses.

16  No. 9:  Kipperman submitted bills and expenses to the state court and the Prism

17  bankruptcy court.  I read a document from the latter court that indicated that Kipperman

18  received some payment from Prism's estate for his services.

19  No. 10:  Herman Miller capital financed a lease of office furniture that was used by Prism

20  Advanced Technologies.  This lease was agreed to by me acting as CEO of Prism, and was

21  never guaranteed by me personally.

22  **INTERROGATORY NO. 3:**

23       Unless YOUR response to each of the "REQUESTS FOR ADMISSIONS" served

24  with these interrogatories an unqualified admission, then for each response which is not an

25  unqualified admission, state the number of the request, and IDENTIFY all DOCUMENTS,

26  wittings and other tangible thins that YOU content support YOUR response.

27  **RESPONSE INTERROGATORY NO. 3:**

28  Vague as to the meaning of the phrase YOU content

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES    **ASA 0266**

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 3:**

No. 1:  Check number 5135 for $1,000.00 issued by Noveon Systems, Inc.on 1/4/2005; check number 5171 for $35.00 issued by Noveon Systems, Inc. on 4/26/05.

No. 3 and No. 4:  Contracts with the following:  LifeStar Financial, Old Mutual Life Insurance , P.O. Box 81497, Lincoln, NE  68501.

No. 7:  I am not aware of any other documents related to this, other than the document referred to by Petitioning Creditor

No. 8:  There are no documents responsive to this response, as I never received any nor did I ever hear of any.

No. 9:  Kipperman filed numerous documents with the state court and the Prism bankruptcy court.  One of the documents that I am referring to is the payment of certain amounts to Kipperman from the Prism Bankruptcy estate.

No. 10:  Herman Miller Capital lease contract with Prism Advanced Technologies, Inc.

**INTERROGATORY NO. 4:**

        IDENTIFY by date, source, and amount, all cash receipts of any kind (including loan proceeds) that YOU received form any source – including but not limited to – NOVEON between January 1 and July 1, 2005.

**RESPONSE INTERROGATORY NO. 4:**

**Still researching, will provide.**

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 4:**

    (a) 1/4/05, Noveon Systems, Inc., $1,000.00

    (b) 4/26/05, Noveon Systems, Inc., $35.00

    (c) 2/3/05, Paypal, $200.00

    (d) 1/26/05, Compass Bank, $0.34.  There are many small cash receipts for interest that
        I will not bother to list unless you want them.

There are other cash receipt transactions that may be responsive to this interrogatory, I am still researching those.

**INTERROGATORY NO. 5:**

1    IDENTIFY by date, source, and amount, all cash receipts (including loan proceeds)

2  that MADELEINE LOPEZ received from any source other than NOVEON between

3  January 1 and July 1, 2005

4  **RESPONSE INTERROGATORY NO. 5:**

5  The requested information is not in my possession or control.

6  **INTERROGATORY NO. 6:**

7    IDENTIFY any and all documents that memorialize, reflect, or refer to the

8  mortgage to Lehman Brothers Bank, secured by the Residence.

9  **RESPONSE INTERROGATORY NO. 6:**

10  Any responsive documents are not in my possession or control.

11  **INTERROGATORY NO. 9:**

12    IDENTIFY all PERSONS and entities with whom MADELEINE LOPEZ had any

13  contractual or employment relationship at any time between January 1,2005 and July 31,

14  2005

15  **RESPONSE INTERROGATORY NO. 9:**

16  Unknown.

17  **INTERROGATORY NO. 11:**

18    With respect to any or all debts that YOU OWED to Lehman Brothers Bank as of

19  June 30, 2005, IDENTITY: (a) the original amount of the obligation; (b) the date it was

20  originally incurred; (c) the dates upon which the amount those obligations increased and

21  the amount of such increases; and, (d) the dates and amounts of all payments made on that

22  obligation.

23  **RESPONSE INTERROGATORY NO. 11:**

24  Unknown.

25  **INTERROGATORY NO. 12:**

26    With respect to any or all debts that YOU OWED to Allstate Floridian as of June

27  30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

28  originally incurred; (c) the dates upon which the amount those obligations increased and

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES    **ASA 0268**

1  the amount of such increases; and, (d) the dates and amount s of all payments made on that

2  obligation.

3  **RESPONSE INTERROGATORY NO. 12:**

4  See General Note.  Vague as to the "original amount of the obligation", is this the amount

5  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

6  of the obligation has varied over time, and the opening transactions may go back several

7  years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

8  these payments up until a certain date?  Does your request include payments made on

9  opening balance transactions, regardless of date, or balances as of June 30, 2005?

10  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 12:**

11  This is a difficult question to answer.  The original amount of the obligation as of June 30,

12  2005, to the best of my knowledge, was $134.00.  This is a homeowners' insurance policy

13  that underwent an increase on April 27, 2005.  That increase required additional payments

14  to be made for the policy that expired on July 16, 2005.

15  **INTERROGATORY NO. 13:**

16          With respect to any or all debts that YOU OWED to American Express as of June

17  30, 2005, IDENTIFY (a) the original amount of the obligation; (b) the date it was

18  originally incurred; (c) the dates upon which the amount those obligations increased and

19  the amount of such increases; and, (d) the dates and amount of all payments made on that

20  obligation.

21  **RESPONSE INTERROGATORY NO. 13:**

22  See General Note.  Vague as to the "original amount of the obligation", is this the amount

23  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

24  of the obligation has varied over time, and the opening transactions may go back several

25  years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

26  these payments up until a certain date?  Does your request include payments made on

27  opening balance transactions, regardless of date, or balances as of June 30, 2005?

28  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 13:**

6

**ASA 0269**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1  As of June 30, 2005, the balance owing to American Express, to the best of my knowledge,

2  was $24,903.26. These obligations were incurred over time, and were associated with

3  business and personal expenses related to Prism Advanced Technologies, Inc. No

4  payments were made toward this obligation after June, 2005.

5  **INTERROGATORY NO. 14:**

6      With respect to any or all debts that YOU OWED to American Home Shield as of

7  June 30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

8  originally incurred; (c) the dates upon which the amount those obligations increased and

9  the amount of such increases; and (d) the dates and amounts of all payments made on that

10  obligation.

11  **RESPONSE INTERROGATORY NO. 14:**

12  See General Note. Vague as to the "original amount of the obligation", is this the amount

13  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

14  of the obligation has varied over time, and the opening transactions may go back several

15  years. Vague as to "the dates and amounts of all payments made on that obligation" , are

16  these payments up until a certain date? Does your request include payments made on

17  opening balance transactions, regardless of date, or balances as of June 30, 2005?

18  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 14:**

19  After contacting this creditor and reviewing my records, this obligation was for an annual

20  insurance policy that ran from July 2004 through July 2005, and the policy for that period

21  was paid in full prior to June 30, 2005. The first installment was paid on 7/20/04 for

22  $128.33, and the final installment was paid in November of 2004.

23  **INTERROGATORY NO. 15:**

24      With respect to any or all debts that YOU OWED to Bank of America as of June

25  30, 2005, IDENTIFY: (a) the original amount of the obligation; (b) the date it was

26  originally incurred; (c) the dates upon which the amount those obligations increased and

27  the amount of such increases; and (d) the dates and amounts of all payments made on that

28  obligation.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

**ASA 0270**

**RESPONSE INTERROGATORY NO. 15:**

See General Note.  Vague as to the "original amount of the obligation", is this the amount as of a specified date, or an earlier date?  Since this is a longstanding account, the amount of the obligation has varied over time, and the opening transactions may go back several years.   Vague as to "the dates and amounts of all payments made on that obligation" , are these payments up until a certain date?  Does your request include payments made on opening balance transactions, regardless of date, or balances as of June 30, 2005?

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 15:**

(a) approximately $2386.50; (b) longstanding revolving credit line, no way to determine; (c) not applicable; (d) 8/11/05 for $292.50, account was closed shortly thereafter due to the filing of the involuntary petition

**INTERROGATORY NO. 16:**

With respect to any or all debts that YOU OWED to Bank Card Services as of June 30, 2005 IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally incurred; (c) the dates upon which the amount those obligations increased and the amount of such increases; and (d) the dates and amounts of all payments made on that obligation.

**RESPONSE INTERROGATORY NO. 16:**

See General Note.  Vague as to the "original amount of the obligation", is this the amount as of a specified date, or an earlier date?  Since this is a longstanding account, the amount of the obligation has varied over time, and the opening transactions may go back several years.   Vague as to "the dates and amounts of all payments made on that obligation" , are these payments up until a certain date?  Does your request include payments made on opening balance transactions, regardless of date, or balances as of June 30, 2005?

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 16:**

After examining my records, I do not believe that I owed this creditor as of June 30, 2005.

**INTERROGATORY NO. 17:**

With respect to any or all debts that YOU OWED to Cingular as of June 30, 2005,

8

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1  IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally

2  incurred; (c) the dates upon which the amount those obligations increased and the amount

3  of such increases; and (d) the dates and amounts of all payments made on that obligation.

4  **RESPONSE INTERROGATORY NO. 17:**

5  See General Note. Vague as to the "original amount of the obligation", is this the amount

6  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

7  of the obligation has varied over time, and the opening transactions may go back several

8  years. Vague as to "the dates and amounts of all payments made on that obligation", are

9  these payments up until a certain date? Does your request include payments made on

10  opening balance transactions, regardless of date, or balances as of June 30, 2005?

11  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 17:**

12  (a) $162.22; (b) June 19, 2005; (c) not applicable; (d) 7/7/05 for $151.18, 8/10/05 for

13  $151.18; 9/7/05 for $175.72.

14  **INTERROGATORY NO. 18:**

15         With respect to any or all debts that YOU OWED to Citicard as of June 30, 2005,

16  IDENTIFY: (a) the original amount of the obligation; (b) the date it was originally

17  incurred; (c) the dates upon which the amount those obligations increased and the amount

18  of such increases; and (d) the dates and amounts of all payments made on that obligation.

19  **RESPONSE INTERROGATORY NO. 18:**

20  See General Note. Vague as to the "original amount of the obligation", is this the amount

21  as of a specified date, or an earlier date? Since this is a longstanding account, the amount

22  of the obligation has varied over time, and the opening transactions may go back several

23  years. Vague as to "the dates and amounts of all payments made on that obligation", are

24  these payments up until a certain date? Does your request include payments made on

25  opening balance transactions, regardless of date, or balances as of June 30, 2005?

26  bill date was July 2005; (c) not applicable; (d) 8/22/05, $1013.03

27  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 18:**

28  This was a longstanding revolving credit account, the approximate balance as of June 30,

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES   **ASA 0272**

1    2005 was $32,515.00.  I had been making regular monthly payments of $379.00.  After the

2    involuntary petition, Citibank refused to process any more payments, citing the

3    bankruptcy. (c) the obligations did not increase after that date; (d) see below:

4    10/18/04, $379

5    11/18/04, $379

6    12/18/04, $379

7    1/18/05, $379

8    2/18/05, $379

9    3/18/05, $379

10    4/18/05, $379

11    5/18/05, $379

12    6/18/05, $379

13    **INTERROGATORY NO. 20:**

14        With respect to any or all debts that YOU OWED to Cox Communication as of

15    June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

16    originally incurred; (c) the date upon which the amount those obligations increased and the

17    amount of such increases; and (d) the dates and amonts of all payments made on that

18    obligation.

19    **RESPONSE INTERROGATORY NO. 20:**

20    See General Note.  Vague as to the "original amount of the obligation", is this the amount

21    as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

22    of the obligation has varied over time, and the opening transactions may go back several

23    years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

24    these payments up until a certain date?  Does your request include payments made on

25    opening balance transactions, regardless of date, or balances as of June 30, 2005?

26    **SUPPLEMENTAL INTERROGATORY NO. 20:**

27    (a) $232.60; (b) 6/22/2005; (c) not applicable; (d) payment on 7/7/05 for $237.98.

28    **INTERROGATORY NO. 21:**

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES    **ASA 0273**

1　　　　With respect to any or all debts that YOU OWED to Walton Beach Medical Center

2 as of June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it

3 was originally incurred; (c) the date upon which the amount those obligations increased

4 and the amount of such increases; and (d) the dates and amonts of all payments made on

5 that obligation.

6 **RESPONSE INTERROGATORY NO. 21:**

7 See General Note.  Vague as to the "original amount of the obligation", is this the amount

8 as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

9 of the obligation has varied over time, and the opening transactions may go back several

10 years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

11 these payments up until a certain date?  Does your request include payments made on

12 opening balance transactions, regardless of date, or balances as of June 30, 2005?

13 **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 21:**

14 (a) estimated at $1900.00; (b) unknown; (c) not applicable; (d) not applicable

15 **INTERROGATORY NO. 22:**

16　　　　With respect to any or all debts that YOU OWED to household bank as of June 30,

17 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was originally

18 incurred; (c) the date upon which the amount those obligations increased and the amount

19 of such increases; and (d) the dates and amonts of all payments made on that obligation.

20 **RESPONSE INTERROGATORY NO. 22:**

21 See General Note.  Vague as to the "original amount of the obligation", is this the amount

22 as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

23 of the obligation has varied over time, and the opening transactions may go back several

24 years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

25 these payments up until a certain date?  Does your request include payments made on

26 opening balance transactions, regardless of date, or balances as of June 30, 2005?

27 **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 22:**

28 (a) $2295.95; (b) longstanding revolving credit line; (c) after the filing of the involuntary

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1  petition, the account was closed and Household Bank would not process any more

2  payments; (d) not applicable.

3  **INTERROGATORY NO. 24:**

4      With respect to any or all debts that YOU OWED to Northwest Florida Daily News

5  as of June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it

6  was originally incurred; (c) the date upon which the amount those obligations increased

7  and the amount of such increases; and (d) the dates and amonts of all payments made on

8  that obligation.

9  **RESPONSE INTERROGATORY NO. 24:**

10  See General Note.  Vague as to the "original amount of the obligation", is this the amount

11  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

12  of the obligation has varied over time, and the opening transactions may go back several

13  years.   Vague as to "the dates and amounts of all payments made on that obligation" , are

14  these payments up until a certain date?  Does your request include payments made on

15  opening balance transactions, regardless of date, or balances as of June 30, 2005?

16  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 24:**

17  After a review of all of my records with regard to this creditor, it appears that I did not owe

18  them anything as of June 30, 2005.

19  **INTERROGATORY NO. 25:**

20      With respect to any or all debts that YOU OWED to Okaloosa Gas District as of

21  June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

22  originally incurred; (c) the date upon which the amount those obligations increased and the

23  amount of such increases; and (d) the dates and amonts of all payments made on that

24  obligation.

25  **RESPONSE INTERROGATORY NO. 25:**

26  See General Note.  Vague as to the "original amount of the obligation", is this the amount

27  as of a specified date, or an earlier date?  Since this is a longstanding account, the amount

28  of the obligation has varied over time, and the opening transactions may go back several

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES    **ASA 0275**

1  years.  Vague as to "the dates and amounts of all payments made on that obligation" , are

2  these payments up until a certain date?  Does your request include payments made on

3  opening balance transactions, regardless of date, or balances as of June 30, 2005?

4  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 25:**

5  (a) $44.33; (b) 6/21/05; (c) not applicable; (d) on or about 7/15/05 for $44.33

6  **INTERROGATORY NO. 26:**

7        With respect to any or all debts that YOU OWED to Progressive Insurance as of

8  June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

9  originally incurred; (c) the date upon which the amount those obligations increased and the

10  amount of such increases; and (d) the dates and amonts of all payments made on that

11  obligation.

12  **RESPONSE INTERROGATORY NO. 26:**

13  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

14  In addition, See General Note.  Vague as to the "original amount of the obligation", is this

15  the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

16  the amount of the obligation has varied over time, and the opening transactions may go

17  back several years.   Vague as to "the dates and amounts of all payments made on that

18  obligation" , are these payments up until a certain date?  Does your request include

19  payments made on opening balance transactions, regardless of date, or balances as of June

20  30, 2005?

21  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 26:**

22      (a) $157.20; (b) not applicable; (c) not applicable; (d) see below:

23  $157.20, 8/22/05

24  **INTERROGATORY NO. 27:**

25        With respect to any or all debts that YOU OWED to Citibank/quicken Platinum

26  Card as of June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the

27  date it was originally incurred; (c) the date upon which the amount those obligations

28  increased and the amount of such increases; and (d) the dates and amonts of all payments

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

**ASA 0276**

1  made on that obligation.

2  **RESPONSE INTERROGATORY NO. 27:**

3  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

4  In addition, See General Note. Vague as to the "original amount of the obligation", is this

5  the amount as of a specified date, or an earlier date? Since this is a longstanding account,

6  the amount of the obligation has varied over time, and the opening transactions may go

7  back several years. Vague as to "the dates and amounts of all payments made on that

8  obligation", are these payments up until a certain date? Does your request include

9  payments made on opening balance transactions, regardless of date, or balances as of June

10  30, 2005?

11  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 27:**

12  (a) $848.00 as of June 30, 2005; (b) revolving longstanding debt; (c) Quicken refused to

13  process any payments after June, 2005 due to the involuntary petition; (d) none after June

14  2005.

15  **INTERROGATORY NO. 28:**

16       With respect to any or all debts that YOU OWED to Texaco as of June 30, 2005,

17  IDENTIFY (a) the original amount of the aboligation; (b) the date it was originally

18  incurred; (c) the date upon which the amount those obligations increased and the amount

19  of such increases; and (d) the dates and amonts of all payments made on that obligation.

20  **RESPONSE INTERROGATORY NO. 28:**

21  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

22  In addition, See General Note. Vague as to the "original amount of the obligation", is this

23  the amount as of a specified date, or an earlier date? Since this is a longstanding account,

24  the amount of the obligation has varied over time, and the opening transactions may go

25  back several years. Vague as to "the dates and amounts of all payments made on that

26  obligation", are these payments up until a certain date? Does your request include

27  payments made on opening balance transactions, regardless of date, or balances as of June

28  30, 2005?

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 28:**

    (a) revolving debt, balance as of 6/11/05 was $350.20;  (b) revolving balance, no

       "original date" can be determined; (c) and (d) below:

7/11/05 balance $340.99, payment 7/22/05 for $65.00

8/11/05 balance $281.40, payment 8/14/05 for $50.99

9/11/05 balance $234.71, payment 9/26/05 for $10.00

10/11/05 balance 228.84, payment 10/20/05 for $25.00

11/11/05 balance $278.85, payment 12/15/05 for $10.00

12/12/05 balance $306.28, payment on or about 1/6/06 for $100.00

**INTERROGATORY NO. 30:**

    With respect to any or all debts that YOU OWED to Verizon as of June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was originally incurred; (c) the date upon which the amount those obligations increased and the amount of such increases; and (d) the dates and amonts of all payments made on that obligation.

**RESPONSE INTERROGATORY NO. 30:**

Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party. In addition, See General Note. Vague as to the "original amount of the obligation", is this the amount as of a specified date, or an earlier date?  Since this is a longstanding account, the amount of the obligation has varied over time, and the opening transactions may go back several years.   Vague as to "the dates and amounts of all payments made on that obligation" , are these payments up until a certain date?  Does your request include payments made on opening balance transactions, regardless of date, or balances as of June 30, 2005?

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 30:**

This was a longstanding account for monthly cellular service for my business phone.  (a) $271.64; (b) occurred on a repeating monthly basis; (c) I have records of the following payments:  9/7/05, 65.26; 11/16/05, 37.98; 4/5/05, 35.16; approximately 7/30/05, 276.78; 5/4/05, 35.16; 3/2/05, 35.16; 1/25/05, 64.89

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES

**ASA 0278**

**RESPONSE INTERROGATORY NO. 32:**

Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party. In addition, See General Note. Vague as to the "original amount of the obligation", is this the amount as of a specified date, or an earlier date? Since this is a longstanding account, the amount of the obligation has varied over time, and the opening transactions may go back several years. Vague as to "the dates and amounts of all payments made on that obligation", are these payments up until a certain date? Does your request include payments made on opening balance transactions, regardless of date, or balances as of June 30, 2005?

**INTERROGATORY NO. 32:**

With respect to any or all debts that YOU OWED to Union Bank of California as of June 30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was originally incurred; (c) the date upon which the amount those obligations increased and the amount of such increases; and (d) the dates and amonts of all payments made on that obligation.

**RESPONSE INTERROGATORY NO. 33:**

Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party. In addition, See General Note. Vague as to the "original amount of the obligation", is this the amount as of a specified date, or an earlier date? Since this is a longstanding account, the amount of the obligation has varied over time, and the opening transactions may go back several years. Vague as to "the dates and amounts of all payments made on that obligation", are these payments up until a certain date? Does your request include payments made on opening balance transactions, regardless of date, or balances as of June 30, 2005?

**SUPPLEMENTAL RESPONSE INTERROGATORY NO. 33:**

(a) The obligation as of June 30, 2005 was $6,000; (b) not applicable; (c) not applicable;

(d) Subsequent to that date, six equal installments of $1000.00 were paid to Union Bank, on a monthly basis from July through December, 2005:

16

ASA 0279

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

1  **INTERROGATORY NO. 34:**

2      With respect to any or all debts that YOU OWED to Thomas B. Gorrill as of June

3  30, 2005, IDENTIFY (a) the original amount of the aboligation; (b) the date it was

4  originally incurred; (c) the date upon which the amount those obligations increased and the

5  amount of such increases; and (d) the dates and amounts of all payments made on that

6  obligation.

7  **RESPONSE INTERROGATORY NO. 34:**

8  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

9  In addition, See General Note.  Vague as to the "original amount of the obligation", is this

10  the amount as of a specified date, or an earlier date?  Since this is a longstanding account,

11  the amount of the obligation has varied over time, and the opening transactions may go

12  back several years.   Vague as to "the dates and amounts of all payments made on that

13  obligation" , are these payments up until a certain date?  Does your request include

14  payments made on opening balance transactions, regardless of date, or balances as of June

15  30, 2005?

16  **SUPPLEMENTAL RESPONSE INTERROGATORY NO. 34:**

17  I do not have the exact figure owing to this creditor. It was approximately $1,000.00.  In

18  November, 2006, I paid this creditor $1,000 as payment in full for all services rendered.

19  Unfortunately, as of the time of this writing, I do not know the exact date payment was

20  made.

21  **INTERROGATORY NO. 35:**

22      IDENTIFY by name, address, telephone number, facsimile number, and e-mail

23  address, all PERSONS or entities that made payments on any of YOUR obligations at any

24  time from January 1,2005 to the date of YOUR response to these INTERROGATORIES,

25  and the dates and amounts of each such payment.

26  **RESPONSE INTERROGATORY NO. 35:**

27  Objection FRCP 33 provides that only 25 interrogatories may be propounded by a party.

28  In addition, See General Note.

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES    **ASA 0280**

1 **SUPPLEMENTAL INTERROGATORY NO. 35:**

2 Madeleine Lopez, my wife, 310 Sand Myrtle Trail, Destin, FL 32541; some business

3 expenses, where the account was in my name, were paid by Noveon Systems, Inc., PO Box

4 219, Destin, FL 32541 (now defunct).

5 Dated: ~~March 30,~~ 2007

6  *April 10,*

7

8 By: _____

9  M. Jonathan Hayes
  Attorneys for Alleged Debtor

10  Francis J. Lopez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

SUPPLEMENTAL RESPONSE OF FRANCIS J. LOPEZ TO INTERROGATORIES      **ASA 0281**

**VERIFICATION**

UNITED STATE BANKRUPTCY    )
                           )    ss.
COURT FOR THE SOUTHERN     )

DISTRICT OF CALIFORNIA

    I have read the foregoing Responses to the REQUEST FOR SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET NUMBER ONE / Phase II and know its contents.

    I am an alleged debtor in this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I am informed and believe that they are true.

    Executed on April 10, 2007, at Destin, Florida.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Francis J. Lopez

LAW OFFICES
M. Jonathan Hayes
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367

VERIFICATION TO RFA Second Set

ASA 0282

# EXHIBIT G

ASA 0283

# KEEHN & ASSOCIATES

402 West Broadway, Suite 1210
San Diego, California 92101

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
www.keehnlaw.com

Phone: (619) 400-2200
Facsimile: (619) 400-2201

May 14, 2007

VIA E-MAIL AND FIRST CLASS MAIL

M. Jonathon Hayes
Law Office of M. Jonathan Hayes
21800 Oxnard Street, Suite 840
Woodland Hills, CA  91367
Email: jhayes@polarisnet.net

      Re:    Summary of Meet and Confer

Dear Mr. Hayes:

      Thank you for meeting with me Friday afternoon, May 11, 2007, to meet and confer in connection with the deficiencies in the supplemental responses provided by Mr. Lopez.  The following will summarize those items which you have agreed to supplement, or cause to be otherwise corrected, based on our discussion:

1.     (Facts Supporting Denials of Requests for Admission) Mr. Lopez will provide a supplemental response identifying the facts upon which Mr. Lopez relied in giving his response to request for admission number 5.

2.     Mr. Lopez will identify the "other cash receipt transactions" referred to in your supplemental response to interrogatory number 4, and he will complete all applicable "research" necessary to respond to that interrogatory by the time of his supplemental response.

3.     Mr. Lopez will provide a meaningful response to interrogatory number 5, recognizing that he has access to information relating to Madeline Lopez and is required to avail himself of the access for purposes of responding to discovery.

4.     Mr. Lopez will provide a meaningful response to interrogatory number 6, recognizing that he has access to information relating to Madeline Lopez and is required to avail himself of the access for purposes of responding to discovery.

5.     Mr. Lopez will provide a meaningful response to interrogatory number 11, recognizing that he has access to information relating to Madeline Lopez and is required to avail himself of the access for purposes of responding to discovery.

**ASA 0284**

M. Jonathon Hayes
May 14, 2007
Page 2

6.     Interrogatory number 13 does not address the dates upon which any payments were made on American Express obligation.  While it admits that "no payments were made towards this obligation after June 2005" that obviously begs the question of what payments, if any, were being made in the period leading up to the petition.  The response to this interrogatory must be supplemented to be completely responsive.

7.     The supplemental response to interrogatory number 15 requires Mr. Lopez to identify the dates upon which payments, if any, were made.

8.     The supplemental response to interrogatory number 16 is that "after examining my records, I do not believe I owed this creditor as of June 30, 2005."  However, the documents that were "examined" to lead to that conclusion were not provided.  These documents must be identified and provided with the next supplemental response.

9.     The supplemental response to interrogatory number 17 is internally inconsistent.  By indicating that the response to Part (C) is "not applicable," Mr. Lopez is saying that he never increased the original amount of $162.22.  However, he thereafter made payments in the amount of $151.18, for two consecutive months, followed by a payment of $175.72.  This supplemental response must be corrected.

10.    The supplemental response to interrogatory number 18 is non-responsive.  Rather than identifying the date upon which the obligation was incurred, it purports to identify the balance on June 30, 2005.  In that fashion, the response to Part (C) is also non-responsive in that it only addresses increases in the obligations after June 30, 2005.  Similarly, the responses to Part (D) are non-responsive because they only address the post-petition period.  These responses must be supplemented to be fully responsive to the inquiry made.

11.    The supplemental response to interrogatory number 22 is non-responsive.  It fails to identify the date that the revolving credit line came into existence, the increases in the credit line, and any pre-petition decreases in that credit line.

12.    The supplemental response to interrogatory number 22 is that "after examining my records, I do not believe I owed this creditor as of June 30, 2005."  However, the documents that were "examined" to lead to that conclusion were not provided.  These documents must be identified and provided with the next supplemental response.

13.    The supplemental response to interrogatory number 27 in non-responsive.  It fails to identify the date upon which the revolving credit facility was established, the increases to that credit facility, and the dates of pre-petition payments.  Most of the response refers to the refusal of the creditor to process post-petition payments, which is neither relevant nor responsive to the inquiry made.  A fully responsive supplement must be provided.

14.    The supplemental response to interrogatory number 28 is non-responsive.  It does not identify the date upon which the credit facility was established, the increases made, or pre-

M. Jonathon Hayes
May 14, 2007
Page 3

petition payments made. The listing of post-petition payments made is neither relevant nor responsive to the inquiry made. A fully responsive supplement must be made.

15.     The supplemental response to interrogatory number 30 is non-responsive. It identifies post-petition payments without identifying any pre-petition payments. A fully responsive supplement must be made.

16.     The supplemental response to interrogatory number 33 is non-responsive. It fails to identify the date the obligation was incurred, its original amount, or any pre-petition payments. A fully responsive supplement must be made.

17.     The supplemental response to interrogatory number 4 is completely non-responsive. It deals only with a post-petition balance and ignores the inquiry that has been made. A fully responsive supplement must be made.

18.     Mr. Lopez has identified, but failed to provide, a copy of check number 5135 for $1000, or the "Herman Miller Capital Lease." A copy must be provided.

19.     None of the supplemental documents provided by Mr. Lopez identify the category or categories of responses to which he was responding. Nor were they provided in the manner in which they were kept in his business records. This information must be provided.

        I would like to thank you once again for taking the time to meet with me and discuss these issues. At the risk of commenting on the obvious, I would ask you to remind Mr. Lopez that the Court requires all supplemental responses to be in our possession not later than Monday, May 21, 2007. I would be happy to accept the documents and the second supplemental responses via e-mail if that will expedite or facilitate the process.

        If you have any questions or comments pertaining to any aspect of this matter, please contact me at your convenience.

                                Very truly yours,

                                KEEHN & ASSOCIATES, APC

                                L. Scott Keehn

cc: Client (via e-mail only)
110198/LSK/5311.01

# EXHIBIT H

ASA 0287

# L. Scott Keehn - Re: Supplemental Discovery

| | |
|---|---|
| **From:** | L. Scott Keehn |
| **To:** | Hayes, M. Jonathan |
| **Date:** | 5/22/2007 9:24 AM |
| **Subject:** | Re: Supplemental Discovery |

Jon,

You can have another two business days, ***but only if*** you prepare a stipulation and order that also provides us an additional two business days to file our supplemental sanctions motion (i.e. from 5/25/07 to 5/30/07). Let me know how you want to proceed.

Very truly yours,
L.Scott Keehn



This is an e-mail from Keehn & Associates, APC, Attorneys-at-Law.  THE CONTENTS OF THIS E-MAIL ARE PRIVILEGED AND CONFIDENTIAL AND ARE INTENDED ONLY FOR THE USE OF THE ORDINARY USER OF THE E-MAIL ADDRESS TO WHICH IT WAS ADDRESSED.  No one
else may copy or forward all or any of it in any form.  Our postal address is 402 West Broadway, Suite 1210, San Diego, California  92101.

If you receive this e-mail in error, we would be obliged if you would contact the sender by reply email or telephone at (619) 400-2200 and destroy all copies of the original message.

>>> "M. Jonathan Hayes" <jhayes@polarisnet.net> 5/21/2007 7:10 PM >>>
Scott,

Francis was out of town most of last week.  He spent the weekend working on responding to your letter re our meet and confer.  This is his response.

1)  We had some initial confusion on the wording of your interrogatory requests, especially since it appeared that you were asking for a
complete history of each creditor account, since its' inception.  You later clarified that your were only concerned as of June 30, 2005.  We provided supplemental answers with that in mind.  Now, in this letter, you seem to be asking for the complete history again.  Some of these accounts have hundreds of changes to the balance over their long history.

2)  If you want a complete transactional history for the accounts listed in your letter, we can request copies from the creditors, if they still have them.  I think it's over the top to

**ASA 0288**

require us to spell out the answers for every change in balance, debit or credit, in an interrogatory response.

3) Specifically as to your letter:

1. Facts are given in this response.  We do not understand what other facts you require.
2. None found.
3. Not in client's possession or control.
4. Not in client's possession or control.
5. Not in client's possession or control.
6. We thought you clarified this to be as of June 30 and transactions beyond.  See above.
7. This was identified in client's supplemental answer, (d).
8. This means that none were found.
9. Same as (6).
10. Same as (6).
11. Same as (6).
12. No documents were found.
13. Same as (6).
14. Same as (6).
15. Same as (6).
16. Same as (6).
17. Same as (6).
18. Client doesn't know which check for $1000 you are referring to.  Also, he cannot find a copy of the Herman Miller Capital Lease.

Please give us another two days to send you a formal response with these answers.

Jon Hayes

M. Jonathan Hayes
jhayes@polarisnet.net
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367
(818) 710-3656
(818) 710-3659 fax
(818) 402-7537 cell
THIS COMMUNICATION IS PROTECTED FROM DISCOVERY BY THE ATTORNEY CLIENT
PRIVILEGE AND IS ATTORNEY WORK PRODUCT.  "This message contains confidential

**ASA 0289**

information intended for the recipient only.  If you have received this
message in error, please call (818) 710-3656 and notify me of that fact and destroy all
copies of this message."
Thank you.

**ASA 0290**

# EXHIBIT I

ASA 0291

## L. Scott Keehn - RE: Supplemental Discovery

**From:**    "Jon Hayes" <jhayes@polarisnet.net>
**To:**      "'L. Scott Keehn'" <scottk@keehnlaw.com>
**Date:**    5/23/2007 9:04 AM
**Subject:** RE: Supplemental Discovery

Scott,

    Thanks and sorry for the delay in getting back to you.  I have spoken to Francis.  I don't think there is anything additional we can give you that will prevent you filing the motion anyway so I don't think the additional time will do use any good.

    Jon

**From:** L. Scott Keehn [mailto:scottk@keehnlaw.com]
**Sent:** Tuesday, May 22, 2007 9:25 AM
**To:** Hayes, M. Jonathan
**Subject:** Re: Supplemental Discovery

Jon,

You can have another two business days, ***but only if*** you prepare a stipulation and order that also provides us an additional two business days to file our supplemental sanctions motion (i.e. from 5/25/07 to 5/30/07). Let me know how you want to proceed.

Very truly yours,
L.Scott Keehn



This is an e-mail from Keehn & Associates, APC, Attorneys-at-Law.  THE CONTENTS OF THIS E-MAIL ARE PRIVILEGED AND CONFIDENTIAL AND ARE INTENDED ONLY FOR THE USE OF THE ORDINARY USER OF THE E-MAIL ADDRESS TO WHICH IT WAS ADDRESSED.  No one
else may copy or forward all or any of it in any form.  Our postal address is 402 West Broadway, Suite 1210, San Diego, California  92101.

If you receive this e-mail in error, we would be obliged if you would contact the sender by reply email or telephone at (619) 400-2200 and destroy all copies of the original message.

>>> "M. Jonathan Hayes" <jhayes@polarisnet.net> 5/21/2007 7:10 PM >>>

**ASA 0292**

Scott,

Francis was out of town most of last week.  He spent the weekend working on responding to your letter re our meet and confer.  This is his response.

1)  We had some initial confusion on the wording of your interrogatory requests, especially since it appeared that you were asking for a
complete history of each creditor account, since its' inception.  You later clarified that your
were only concerned as of June 30, 2005.  We provided supplemental answers with that in mind.  Now, in this letter, you seem to be asking for the complete history again.  Some of these accounts have hundreds of changes to the balance over their long history.

2)  If you want a complete transactional history for the accounts listed in your letter, we can request copies from the creditors, if they still have them.  I think it's over the top to require us to spell out the answers for every change in balance, debit or credit, in an interrogatory response.

3)  Specifically as to your letter:

1. Facts are given in this response.  We do not understand what other facts you require.
2. None found.
3. Not in client's possession or control.
4. Not in client's possession or control.
5. Not in client's possession or control.
6. We thought you clarified this to be as of June 30 and transactions beyond.  See above.
7. This was identified in client's supplemental answer, (d).
8. This means that none were found.
9. Same as (6).
10. Same as (6).
11. Same as (6).
12. No documents were found.
13. Same as (6).
14. Same as (6).
15. Same as (6).
16. Same as (6).
17. Same as (6).
18. Client doesn't know which check for $1000 you are referring to.  Also, he cannot find a copy of the Herman Miller Capital Lease.

Please give us another two days to send you a formal response with these answers.

Jon Hayes



M. Jonathan Hayes
jhayes@polarisnet.net
21800 Oxnard St. Suite 840
Woodland Hills, CA 91367
(818) 710-3656

**ASA 0293**

(818) 710-3659 fax
(818) 402-7537 cell
THIS COMMUNICATION IS PROTECTED FROM DISCOVERY BY THE ATTORNEY CLIENT
PRIVILEGE AND IS ATTORNEY WORK PRODUCT. "This message contains confidential
information intended for the recipient only.  If you have received this
message in error, please call (818) 710-3656 and notify me of that fact and destroy all copies of this
message."
Thank you.

ASA 0294

# TAB 110

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHIEF JUDGE PETER W. BOWIE, PRESIDING


)
)
FRANCIS J. LOPEZ                    ) CASE NO. 05-05926-PB
)
)
_____ )



1) STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER

2) PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT
ORDER: A )IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR;
AND, B) IMPOSING EVIDENTIARY SANCTIONS AGAINST THE
DEBTOR.


REPORTER'S TRANSCRIPT OF PROCEEDINGS

SAN DIEGO, CALIFORNIA
MONDAY, JUNE 25, 2007



SAN DIEGO BANKRUPTCY REPORTERS
BY: LYNETTE ALVES
P.O.BOX 496
SOLANA BEACH, CA 92075
(858) 336-8558

**APPEARANCES**

**ASA 0295**

**M. JONATHAN HAYES**

LAW OFFICE OF M. JONATHAN HAYES

21800 OXNARD ST.

SUITE 840

WOODLAND HILLS, CA 91367

(818) 710-3656


**L. SCOTT KEEHN**

KEEHN & ASSOCIATES, APC

402 WEST BROADWAY, SUITE 1210

SAN DIEGO, CA 92101

(619) 400-2200


SAN DIEGO, CALIFORNIA, MONDAY, JUNE 25, 2007 , 10:00 A.M.

--- O O O ---

**ASA 0296**

THE CLERK:    IN THE MATTER OF FRANCIS J. LOPEZ.  TWO MATTERS: CONTINUED STATUS CONFERENCE ON INVOLUNTARY PETITION AND ANSWER; AND, PETITIONING CREDITORS' MOTION FOR AN ENFORCEMENT ORDER (1) IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR; AND, (2) IMPOSING EVIDENTIARY SANCTIONS AGAINST THE DEBTOR.

APPEARANCES, PLEASE.

MR. KEEHN:    GOOD MORNING, YOUR HONOR.

SCOTT KEEHN APPEARING ON BEHALF OF THE PETITIONING CREDITORS.

MR. HAYES:    GOOD MORNING, YOUR HONOR.

JOHN HAYES APPEARING FOR THE DEBTOR -- ALLEGED DEBTOR.

MR. KEEHN:    YOUR HONOR, THIS PARTICULAR ODYSSEY BEGAN BEFORE THANKSGIVING, IF YOU CAN BELIEVE THAT, BACK ON NOVEMBER 3RD.

THE COURT:    THAT'S NOTHING AT ALL COMPARED TO ADAMS.

    MR. KEEHN:    YOU KNOW, I WAS HOPING YOU WOULDN'T JUST CONFINE YOURSELF TO THIS RECORD.  AND ALSO THE CASE BEFORE, THERE WERE THIRTEEN MEET AND CONFER LETTERS; AND WE DON'T MEET THAT RECORD, EITHER.

BUT THIS IS AN INVOLUNTARY PETITION.  AND WE WERE HOPING TO MOVE IT ALONG WITH A LITTLE MORE ALACRITY THAN YOU MIGHT EXPECT IN --

THE COURT:    SO YOU'RE SAYING IT REMAINS INVOLUNTARY?

MR. KEEHN:    OH, VERY INVOLUNTARY.

WHAT WE HAVE HERE IN RESPONSE TO OUR REQUEST FOR DISCOVERY

ASA 0297

THAT WERE PROMULGATED NOW SEVEN MONTHS AGO; AT FIRST THERE
WAS NO RESPONSE AT ALL IN THE APPROPRIATE PERIOD.  ALL
OBJECTIONS WERE WAIVED.  AND WHEN WE MOVED FOR MOTION TO
COMPEL THE SANCTIONS.  COUNSEL COMES IN AND APOLOGIZES
FOR DEBTOR, BEMOANS THE FACT THAT WE'RE ASKING FOR A LOT
OF INFORMATION; AND AGREES TO THE COURT'S RULING THAT
SUPPLEMENTAL RESPONSES SHOULD BE PROVIDED NOT LATER THAN
THE 21ST OF MAY.

WELL, ON THE 21ST OF MAY -- AND, ACTUALLY NOTHING HAPPENED
BETWEEN THE TIME THE COURT MADE THAT -- GAVE THE DEBTOR
THAT SECOND CHANCE.  NOTHING HAPPENED BETWEEN THEN AND
MAY 21ST UNTIL SHORTLY AFTER SEVEN IN THE EVENING WHEN MR.
HAYES E-MAILED MY E-MAIL WITH A REQUEST FOR A DAY OR TWO
EXTENSION.

WELL, I DIDN'T HAVE ANY PROBLEM WITH A DAY OR TWO
EXTENSION, AS LONG AS I GET AN EQUAL EXTENSION AND TIME
TO REPLY.  AS SOON AS I SAW THE E-MAIL THE FOLLOWING
MORNING, I RELAYED THAT INFORMATION TO MR. HAYES.

IN RESPONSE TO THAT, I RECEIVED ANOTHER E-MAIL THAT SAID,
NO, WE'RE NOT GOING TO PROVIDE ANYTHING ELSE AND WE'RE
WITHDRAWING OUR REQUEST FOR EXTENSION.

SO ONCE AGAIN, WE HAVE THE TIME PERIOD PASSING AND, OF
COURSE, WE WERE PREJUDICED, NOT IN AN OVERWHELMING DEGREE,
BUT NOTICEABLY BY THE FACT THAT IN RESPONSE TO THE FIRST
E-MAIL WE HAD ANTICIPATED THAT WE WOULD NOT HAVE TO MEET
THE ORIGINAL DEADLINE FOR RESPONSE.

SO, UPON RECEIVING THE WITHDRAWAL E-MAIL, WE QUICKLY

ASA 0298

REGROUPED AND DID OUR REPLY -- DID OUR MOTION, RATHER.  WE
HAD ONLY A FEW DAYS TO DO THAT, GIVEN THE SETTING OF THIS
PARTICULAR HEARING IN ORDER TO GIVE AN ADEQUATE TIME TO
RESPOND.  SO WE DID THAT.

AND WE HAVE WHAT HAS BECOME A FAMILIAR PATTERN.  WE HAVE,
WHAT PURPORTS TO BE RESPONSES GIVEN ON BEHALF OF MR. LOPEZ;
AND, IN FACT, THEY'RE NOT REALLY GOOD-FAITH RESPONSES AT
ALL.  THEY PROVIDE SOME PAPER, MOST OF WHICH WAS PLEADINGS
IN CASES THAT MR. LOPEZ HAD EVERY REASON TO KNOW THAT WE
ALREADY HAD AND SO WOULD BE COMPLETELY USELESS.

NOW, THIS PARTICULAR DISCOVERY DISPUTE CREATES A DYNAMIC
THAT'S DIFFERENT FROM MOST DISCOVERY DISPUTES, BECAUSE
MOST DISCOVERY DISPUTES ARISE IN TRADITIONAL LITIGATION.
AND TRADITIONAL LITIGATION IS ALWAYS LOOKING BACK AT AN
EVENT AND IS STATIC, IN TERMS OF WHERE THE LIABILITIES WILL
FALL.  BECAUSE THEY DEPEND ON WHAT HAPPENED BACK WHEN
WHATEVER INCIDENT OCCURRED, WHATEVER COURSE OF CONDUCT
OCCURRED THAT GAVE RISE TO THE TRADITIONAL LITIGATION.
SO YOU'RE ALWAYS LOOKING BACKWARDS AND YOU'RE NOT REALLY
CONCERNED ABOUT WHAT'S HAPPENING ON A GOING-FORWARD
BASIS.

THE DIFFERENT DYNAMIC THAT'S CREATED IN EVERY INVOLUNTARY
PETITION IS THE INVOLUNTARY GAP DYNAMIC.  BECAUSE, WHILE
DELAY IS ALWAYS PREJUDICIAL TO BRINGING A MATTER TO ITS
QUICK AND COST EFFECTIVE CONCLUSION, IT HAS AN AUXILIARY
PREJUDICE IN INVOLUNTARY CASES BECAUSE THE DEBTOR IS FREE
TO CREATE OBLIGATIONS THAT WILL BECOME INVOLUNTARY GAP

ASA 0299

CLAIMS AND LEAPFROG AHEAD IN PRIORITY TO THE CLAIMS OF THE
CREDITORS THAT BROUGHT THE ACTION.

AND THAT PARTICULAR FORM OF PREJUDICE IS RENDERED ALL THE
MORE DISTURBING BECAUSE THERE'S NO WAY TO MONITOR IT, NO
WAY TO QUANTIFY IT.  MR. LOPEZ IS OUT THERE.  MAYBE HE'S
NOT CREATING INVOLUNTARY GAP CLAIMS AND PERHAPS HE IS.
BUT THE RISK IS THAT THE UTILITY OF THE REMEDY OF
INVOLUNTARY BANKRUPTCY AS A CREDITOR'S REMEDY IS SUBJECT
TO THIS FORM OF DILUTION, SIMPLY BECAUSE THE ALLEGED
DEBTOR REFUSES -- I WANT TO UNDERSCORE THAT -- REFUSES TO
COMPLY WITH THE DISCOVERY IN GOOD FAITH.

WE ARE TRYING TO NARROW THE ISSUES WITH THE EVIDENCE THAT'S
AVAILABLE SO THAT WE CAN PROCEED IN THE SECOND PHASE, AS
WE DID IN THE FIRST, TO PRESENT THE ISSUES TO THE COURT
IN A SUMMARY JUDGMENT FASHION, BECAUSE WE THINK THIS CASE
IS AMENABLE TO SUMMARY JUDGMENT.

AND MR. LOPEZ IS JUST VERY ADROITLY BLOCKING THAT WITH THIS
PASSIVE/AGGRESSIVE TACTIC OF HIS, WHERE HE DOESN'T REPLY
AT ALL UNTIL HIS BACK IS ABSOLUTELY TO THE WALL AND SOME
DRACONIAN CONSEQUENCE MIGHT BEFALL HIM.  AND THEN HE'LL
RESPOND, BUT HE WON'T REALLY RESPOND IN GOOD FAITH.  HE
GIVES YOU A PARITY OF GOOD-FAITH, THAT DOES NOT ADVANCE
THE PURPOSES OF DISCOVERY.

NOW, WE SHOULDN'T HAVE TO WAIT UNTIL HIS BACK IS AGAINST
THE WALL TO GET OUR RESPONSES.  WE'RE ENTITLED TO OUR
RESPONSES THIRTY DAYS AFTER THEY'RE SERVED, THIRTY-THREE
WHEN THEY'RE SERVED BY MAIL.

AND WE'RE LONG PAST THAT WITH THESE DISCOVERY REQUESTS
THAT WERE PROMULGATED BACK IN NOVEMBER.  AND AS THE
OBJECTION DISCLOSES, THE ALLEGED DEBTOR IS WELL AWARE THAT
WE'RE DOING, ONCE AGAIN, WHAT WE DID IN THE FIRST PHASE;
WE'RE USING THE WRITTEN DISCOVERY AS, TO SORT OF TEE UP
THE ISSUES FOR OUR, DEPOSITION EXAMINATION, WHICH IS THE
NORMAL WAY TO PROCEED.

SO BY HINDERING AND DELAYING THE DISCOVERY PROCESS IN THE
WRITTEN PHASE, HE NATURALLY DEFERS THE ORAL EXAMINATION,
WHICH IN TURN DEFERS, ONCE AGAIN, THE DAY OF RECKONING.
AND ALL THE WHILE HE'S FREE TO BE OUT THERE INCURRING
FURTHER GAP CLAIMS.

SO I THINK THAT WHAT WE'VE SUGGESTED IN OUR PAPERS IS THE
APPROPRIATE RESPONSE.  NUMBER ONE, THE DEFERRED MONETARY
SANCTIONS THAT THE COURT ORIGINALLY AWARDED OF $42
000 -- EXCUSE ME, I'M DREAMING -- $4,242. SHOULD BE
IMPOSED.

THE -- I DON'T THINK THAT THE RESULT THE COURT HAD HOPED
TO ACHIEVE BY DEFERRING IT HAS BEEN ACHIEVED.  I DON'T
THINK IT EVER WILL BE ACHIEVED.  I THINK THAT THIS IS JUST
MR. LOPEZ'S LITIGATION TACTIC; HALT, HINDER AND DELAY AND
MAYBE I'LL HAVE TO ANSWER SOMEDAY.

THE EVIDENTIARY SANCTIONS THAT WE'VE REQUESTED, I THINK,
ARE APPROPRIATE.  AND THEY WILL FACILITATE THE PURPOSE OF
DISCOVERY, BECAUSE THEY NARROW THE ISSUES FOR US, EVEN
WITHOUT THE COOPERATION OF THE ALLEGED DEBTOR.

SO WE WOULD REQUEST THAT THE EVIDENTIARY SANCTIONS BE

ASA 0301

IMPOSED AS REQUESTED, AND THAT THE MONETARY SANCTION BE
AWARDED FORTHWITH, WITH A DATE CERTAIN ESTABLISHED AS TO
WHEN THAT SECTION SHOULD BE PAID.

THE COURT:     MR. HAYES.

MR. HAYES:     YOUR HONOR, THANK YOU.  I HAVE A COUPLE OF
COMMENTS.

THE FIRST ONE IS, I WANTED TO COMMENT ON THIS, THE REQUEST
I'VE MADE OF MR. KEEHN FOR ANOTHER ONE OR TWO DAYS.  I'VE
HAD -- MR. LOPEZ LIVES IN FLORIDA, AND I HAVE A HARD TIME
COMMUNICATING WITH HIM.  WE COMMUNICATE BY E-MAIL AND I
HAVE HIS CELL PHONE, AND INEVITABLY, I CATCH HIM WHEN HE'S
PICKING HIS KIDS UP OR HE'S IN A STORE OR SOMETHING AND
THERE'S THE THREE-HOUR TIME GAP.

ANYWAY, I SPOKE TO HIM VERY BRIEFLY A COUPLE OF TIMES.  I
SAID, LOOK, WE HAVE TO GET THEM MORE DOCUMENTS.

THERE'S -- MR. KEEHN SENT ME THIS LETTER, WHAT ARE WE GOING
TO DO?  WE DISCUSSED IT REAL QUICKLY.  AND FINALLY, THE
TIME CAME WHERE HE ABSOLUTELY HAD TO FILE A RESPONSE, AND
THAT'S WHEN I SENT THE E-MAIL TO MR. KEEHN SAYING, GIVE
ME ANOTHER DAY OR TWO.

THE FOLLOWING DAY I SPOKE TO MR. LOPEZ AT GREAT LENGTHS.
AND WE WENT THROUGH THE LETTER ONE BY ONE.  AND I MEAN,
THERE ISN'T ANYTHING ELSE WE CAN COME UP WITH.  THERE
ISN'T ANY OTHER DOCUMENTS EXCEPT THIS ISSUE WITH THE WIFE.
THERE ISN'T ANY DOCUMENTS THAT HAVEN'T BEEN TURNED OVER.
THERE ISN'T ANY, ANY MORE EXPLANATION OR, OR, MORE DETAILS
THAT WE COULD GIVE, OTHER THAN REALLY REPEAT INFORMATION

THAT'S ON VARIOUS -- OF THE MANY STATEMENTS THAT HAVE BEEN
TURNED OVER I BELIEVE MANY TIMES BY NOW.

BUT, ADDRESSING THE MOTION, THE MOTION HAS TWO PARTS.   ONE
IS GRANT THESE SANCTIONS, WHICH I, FRANKLY, BELIEVE HAS
ALWAYS BEEN THE GOAL.   AND THE SECOND IS THESE EVIDENTIARY
SANCTIONS.

AS FAR AS THE SANCTIONS, THE $4000. I JUST WANT TO SAY
AGAIN, I JUST DON'T THINK THERE'S ANY OTHER DOCUMENTS THAT
CAN BE TURNED OVER OTHER THAN MRS. LOPEZ'S DOCUMENTS,
THERE ARE NO OTHER DOCUMENTS THAT CAN BE TURNED OVER THAT
HAVEN'T ALREADY BEEN TURNED OVER.

I BROUGHT MR. LOPEZ'S FIRST DEPOSITION.  IT'S
240-SOMETHING PAGES.  THIS IS WELL MORE THAN A YEAR AGO.
THE REST OF THESE PAPERS ARE EXHIBITS.  EVERY STATEMENT
OF EVERY ONE OF HIS BILLS OF THE TWENTY OR SO CREDITORS
ARE ALL CONSUMER DEBTS.   THIS IS WELL MORE THAN A YEAR OLD.
MR. KEEHN HAS SENT OUT SEVERAL SUBPOENAS.  I'M ACTUALLY
NOT SURE WHAT HE'S GOTTEN FROM THOSE.  WE PROVIDED MORE
DOCUMENTS TWICE IN THIS GO AROUND.  IF MR. KEEHN REALLY
WANTED TO GET MOVING WITH THIS, JUST TAKE THE DEPOSITION
AGAIN.  HE'S BEEN TELLING ME HE'S GOING TO TAKE THIS
DEPOSITION.  HE SOMEHOW CAN'T BECAUSE HE
REALLY -- THERE'S SOME MAGICAL PIECE OF PAPER THAT I'M NOT
CLEAR ABOUT THAT HE HASN'T GOTTEN YET; AND THEREFORE, HE
CAN'T GO FORWARD.  THAT'S JUST RIDICULOUS.

WITH RESPECT TO THE DOCUMENTS IN MRS. LOPEZ'S POSSESSION,
I'VE ACTUALLY NEVER MET MRS. LOPEZ.  BUT I MEAN, MY WIFE

HAS A CHECKING ACCOUNT AND SHE CARRIES THE CHECKBOOK
AROUND IN HER PURSE.  AND I'D BE LOOKING FOR A DIVORCE
ATTORNEY IF I WENT INTO HER PURSE AND FOUND HER CHECKBOOK
AND STARTED SENDING OFF INFORMATION SOMEBODY HAPPENED TO
BE SUING ME.

THE COURT:    SO YOU'RE CONTENDING THIS IS ALL SEPARATE
PROPERTY, AND HE HAS NO INTEREST WHATSOEVER IN THE FUNDS
THAT SHE ADMINISTERS OR THE DEBT SHE'S INCURRED WHETHER
IT'S A LEHMAN BROTHERS, OR THE MORTGAGE ON THE HOUSE OR
ANY OF THOSE KINDS OF THINGS?

MR. HAYES:    I DON'T KNOW IF I'D GET INTO WHETHER IT'S
COMMUNITY PROPERTY OR NOT.  BUT IF THEY WANT, I MEAN, THEY
CAN GO AFTER HER.  THEY CAN SUBPOENA HER OR THEY CAN COME
IN WITH SOME SORT OF EVIDENCE OF WHY THEY HAVE THE RIGHT
TO MAKE MR. LOPEZ --

THE COURT:    SO WHAT'S YOUR THEORY, WHAT'S YOUR THEORY
ON WHY SHE DOESN'T HAVE TO PROVIDE AN ANSWER WITH RESPECT
TO WHAT SHE HAS OR HOLDS OR PAYS, PARTICULARLY, IF HE'S
GOT SOME OBLIGATION OR LIABILITY ON IT?

MR. HAYES.  THEY HAVEN'T ASKED HER.  THEY'RE ASKING HIM.

THE COURT:    NO.  THAT'S NOT MY QUESTION.  MY QUESTION
IS, WHAT'S YOUR THEORY FOR WHY HE DOESN'T HAVE TO ANSWER
THAT QUESTION?

MR. HAYES:    THAT'S HER RIGHT TO PRIVACY.

THE COURT:    SO IT'S HER RIGHT TO PRIVACY, BECAUSE IT'S
SOME SEPARATE INTEREST OF HERS OR WHAT?
WHERE DOES SHE HAVE A RIGHT TO PRIVACY ON SOMETHING THAT

YOU SAY YOU DON'T GET TO THE COMMUNITY PROPERTY QUESTION.
I MEAN, HE'S GOT A COMMUNITY PROPERTY INTEREST IN IT, IF
HE'S GOT A STATE STATUTORY RIGHT TO CO-MANAGEMENT OF
COMMUNITY ASSETS OR ANYTHING ELSE THAT I HAVE NO IDEA WHAT
FLORIDA LAW PROVIDES.

I'M ASKING YOU WHAT YOUR THEORY IS FOR WHY HE DOESN'T HAVE
TO ANSWER IT?

MR. HAYES:     WELL, FOR ONE THING, FLORIDA IS NOT
COMMUNITY PROPERTY.  AND I DON'T KNOW HOW FLORIDA LAW IS.
BUT WHAT I FOCUSED ON IS MR. LOPEZ, GO TO YOUR WIFE AND
GET THESE DOCUMENTS.

THE COURT:     NO, POSSESSION -- YOU KNOW, WHAT DOES HE
HAVE IN HIS POSSESSION OR CONTROL?  WHAT DOES HE HAVE?
HAS HE PRODUCED EVERYTHING THAT'S IN HIS POSSESSION OR
CONTROL WITH RESPECT TO THAT?

MR. HAYES:     OH, ABSOLUTELY.  BUT THAT'S --

THE COURT:     AND THAT'S INCLUDING AS TO HIS LIABILITY
WITH RESPECT TO IT?

MR. HAYES:     YES.  AS FAR AS I KNOW.  BUT THAT DOES
RAISE THE QUESTION OF DOES -- IS WHAT'S IN HIS WIFE'S PURSE
IN HIS POSSESSION OR CONTROL?  I MEAN, THAT'S WHAT HE'S
TELLING ME.  I CAN'T --

THE COURT:     NO.  YOUR ANSWER IS, HE HAS NO INTEREST OR
OBLIGATION IN THE LEHMAN BROTHERS OR THE MORTGAGE OR
WHATEVER IT IS, THEN WHY DON'T YOU AGREE TO THOSE
EVIDENTIARY SANCTIONS AS WELL?  YOU SAY HE'S TURNED OVER
EVERYTHING.

MR. HAYES:     WELL, EVERYTHING THAT'S IN HIS POSSESSION
OR HIS CONTROL WITHOUT GETTING DIVORCED; YES.

THE COURT:     THEN THE ANSWER, IT SEEMS TO ME, IS THAT
YOU AGREE TO THE EVIDENTIARY SANCTIONS, SAID THAT HE
CANNOT PRODUCE ANYTHING HE HAS NOT ALREADY PRODUCED, COME
TIME OF TRIAL WITH RESPECT TO THE ISSUE THAT WE'LL BE
LITIGATING IN THIS PHASE 2 OF THIS ISSUE.

MR. HAYES:     I MIGHT DO THAT.  I HADN'T THOUGHT OF IT,
MYSELF.

I WAS FOCUSING ON THE MOTION, WHICH BASICALLY ASKED YOU
TO GRANT SUMMARY JUDGMENT TODAY.  BUT I WOULD AGREE WITH
THE THEORY THAT THINGS -- HE SHOULDN'T BE ABLE TO COME IN
WITH SOMETHING AFTER THIS, OR HE SHOULDN'T BE ABLE TO,
"QUOTE," "UNQUOTE," FIND SOMETHING, YOU KNOW, TWO DAYS
BEFORE TRIAL.

AND I DO BELIEVE EVERYTHING'S BEEN TURNED OVER.

THE COURT:     WELL, THAT'S WHAT MR. KEEHN IS -- I HAVE
NO IDEA WHAT HIS STRATEGY IS, BUT THAT'S AT LEAST WHAT HE'S
ASKING FOR IN THE CONTEXT OF THIS MOTION, BECAUSE HE WANTS
TO BE ABLE TO CLOSE THE BOOK AND THEN GO TAKE YOUR CLIENT'S
DEPO KNOWING THAT YOUR CLIENT IS NOW PRECLUDED FROM
STEPPING UP AND SAYING OH, BUT HERE'S THIS, AND HERE'S THIS
AND HERE'S THAT; AND NOT EVER HAVING HAD A CHANCE TO LOOK
AT IT OR INDEPENDENTLY VALIDATE IT FROM THIRD PARTIES OR
ANY OF THOSE KINDS OF THINGS.

YOU WOULDN'T WALK INTO A DEPO BLIND THAT WAY.  I'M
CONFIDENT OF THAT.

MR. HAYES:    NO.  YOU KNOW, WHAT I WAS FOCUSING ON IS THE MOTION SAYS ELIMINATE ALL EVIDENCE ENTIRELY REGARDING EACH ONE OF THESE CATEGORIES; NOT JUST ELIMINATE -- NOT JUST HAVE AN EVIDENTIARY SANCTION THAT WE CAN'T FIND, "QUOTE," "UNQUOTE," FIND MORE DOCUMENTS.

I THINK I WOULD AGREE TO THAT.  WHATEVER DOCUMENTS HAVEN'T BEEN TURNED OVER UP TO NOW, I WOULD AGREE TO THAT.

THE COURT:    OKAY.

MR. HAYES:    I'M NOT SURE I -- YOU KNOW, HE JUST FOUND A JOB AND HE DOESN'T HAVE $4,400.  AND I DON'T KNOW WHAT ELSE I CAN SAY.

YOU SAID, YOU'RE NOT SURE WHAT MR. KEEHN'S STRATEGY IS. I MEAN, IF THEY REALLY WANTED THIS CASE TO BE FINISHED, THEY WOULD HAVE TAKEN HIS DEPOSITION SIX OR EIGHT MONTHS AGO.

THE COURT:    I WOULDN'T HAVE.  I WAS A LITIGATOR FOR A BUNCH OF YEARS.  I'M NOT WALKING INTO A DEPOSITION WHEN THERE'S A WHOLE BUNCH OF DOCUMENTS OUT THERE AND HAVE THEM SURPRISE ME.

MR. HAYES:    WELL, I DON'T THINK THERE ARE.

THE COURT:    WELL --

MR. HAYES:    FOR MONTHS THERE HAVEN'T BEEN A WHOLE BUNCH OF DOCUMENTS OUT THERE, BUT ALL RIGHT, I HAVE NOTHING FURTHER.

THE COURT:    OKAY.  MR. KEEHN.

MR. KEEHN:    YES.  THANK YOU, YOUR HONOR.

IN ADDITION TO THE REASONS THAT YOU'VE ALLUDED TO AS TO

ASA 0307

WHY YOU WOULDN'T TAKE THE DEPOSITION WITHOUT THE
DOCUMENTS, THERE WERE RESPONSES THAT MR. LOPEZ GAVE IN HIS
ORIGINAL DEPOSITION A YEAR AGO, NOW, THAT TO THE EFFECT
THAT, WELL THERE ARE MORE DOCUMENTS.  I JUST HAVE TO LOOK
AT THEM.  AND OBVIOUSLY THAT'S A DOOR WE NEED TO CLOSE.
IF WE GET THE EVIDENTIARY SANCTIONS, AS MR. HAYES
SUGGESTED, WE'VE CLOSED THE DOOR.

AND I, IN TERMS OF THE -- IF HE'S AGREEING TO THE SANCTIONS
THEN I DON'T NEED TO ADDRESS HOW HELLACIOUS THIS ARGUMENT
OF MARITAL STRESS IS CONCERNED.  I DID HAVE SOME DOCUMENTS
THAT WERE RECENTLY FILED IN THE DISTRICT COURT THAT BLOW
THAT OUT OF THE WATER.  BUT IF HE'S AGREEING TO IT, I WON'T
ADDRESS IT.

AS FAR AS THE MONETARY SANCTION IS CONCERNED, YOUR HONOR,
THIS -- WE TRIED TO CLOSE THE DOOR IN A PROCESS THAT BEGAN
SEVEN MONTHS AGO.  I SHOULDN'T BE HERE SEVEN MONTHS LATER
CLOSING IT ON A CAPITULATION TO A SECOND MOTION TO COMPEL
THAT I SHOULDN'T HAVE HAD TO FILE.

IF THERE REALLY ARE NO DOCUMENTS, THEN WHY IS THE RESPONSE,
WELL, THERE'S MORE THINGS I NEED TO CHECK AND I CAN'T BE
SURE.  IF THERE REALLY ARE NO DOCUMENTS, THEN WHY WAS THAT
ANSWER NOT GIVEN BACK IN MAY?  WHY WAS IT NOT GIVEN BACK
IN DECEMBER WHEN IT WOULD HAVE BEEN TIMELY?  THERE'S NO
EXPLANATION FOR THAT.

THIS IS EXACTLY THE KIND OF GAMESMANSHIP THAT RULE ONE OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ABHORS.  THE
PURPOSE OF THE RULES, THEMSELVES, IS TO PROVIDE A

ASA 0308

MECHANISM AND A FRAMEWORK FOR THE RAPID AND FAIR
RESOLUTION OF ISSUES.

NOW, ONE COMMENT, SORT OF, AT LEAST I INFERRED THE ARGUMENT
FROM THE FACT THAT WE HAVE TWO TO THREE INCHES OF PAPER
FROM THE ORIGINAL DEPOSITION.  AND WHY ARE WE STILL HERE
A YEAR LATER?

IN ADDITION TO NOT HAVING THE DOCUMENTS PRODUCED, WE ALSO
HAVE THE POINT THAT THIS CASE WAS BIFURCATED AT MR. LOPEZ'S
REQUEST.  THERE WERE MANY QUESTIONS THAT I COULD EASILY
HAVE ASKED THE FIRST GO AROUND THAT MIGHT HAVE OBVIATED
THE NEED FOR FURTHER DEPOSITION, OR AT LEAST REDUCED IT.
I COULDN'T BECAUSE OF THE CONSTRAINTS PLACED BY THE
BIFURCATION ORDER.  AND I TRIED TO ADHERE TO THAT ORDER.
SO I HAVE TO TAKE HIS DEPOSITION YET A SECOND TIME.

AND THEN ONE OF THE LAST REMARKS THAT COUNSEL MADE, I
THINK, UNDERSCORES THE NEED FOR THE SANCTIONS HAVING BEEN
IMPOSED BECAUSE IT HIGHLIGHTS THE GAMESMAN-LIKE APPROACH
THAT MR. LOPEZ HAS TAKEN.  AND THAT, THAT COMMENT WAS, HE
JUST GOT A JOB.

WELL, IF BY THAT HE'S REPRESENTING TO THE COURT THAT UP
UNTIL THIS TIME HE'S BEEN UNEMPLOYED, I THINK THAT
EXACERBATES THE CULPABILITY OF MR. LOPEZ IN NOT TIMELY
RESPONDING.  WHAT ELSE WAS HE DOING?  WAS HE REALLY
SPENDING FORTY HOURS A WEEK LOOKING FOR A JOB?

IF HE WAS UNEMPLOYED, CERTAINLY HE WOULD HAVE HAD MORE TIME
AVAILABLE TO TEND TO HIS DUTIES AS A LITIGANT THAN A
FULLY-EMPLOYED INDIVIDUAL WOULD.  AND EVEN A

ASA 0309

FULLY-EMPLOYED INDIVIDUAL IS EXPECTED TO RESPOND AND
RESPOND TIMELY TO DISCOVERY OBLIGATIONS.

AS I SAID IN THE BEGINNING, WE DON'T KNOW TODAY, AND WE
WON'T KNOW UNTIL THAT ORDER FOR RELIEF IS ENTERED AND
SCHEDULES ARE FILED, IF THAT EVER HAPPENS.  HOW MUCH THIS
ESTATE AND THE GENERAL UNSECURED CREDITORS THAT BROUGHT
THIS POSITION HAVE BEEN PREJUDICED BY THIS DELAY AND THE
INCURRING OF GAP CLAIMS?

I THINK THAT MESSAGE THE COURT SENT THE FIRST TIME TO  MR.
LOPEZ WAS, I'LL GIVE YOU ANOTHER CHANCE.  I THINK THE
MESSAGE THAT THE COURT NEEDS TO SEND TO MR. LOPEZ NOW IS,
THIS ISN'T A GAME.  AND THERE AREN'T ANY MORE CHANCES.
AND YOU DIDN'T PLAY BY THE RULES, AND SO THE SHIELD THAT
I PUT IN FRONT OF YOU BEFORE, IS NOW DOWN.  AND THESE
SANCTIONS ARE DUE AND PAYABLE.

THE COURT:    WELL, IN MY VIEW, AT LEAST AT THIS POINT
IN TIME AND ON THE PRESENT STATE OF THE RECORD, THE
EVIDENTIARY SANCTIONS ARE WARRANTED, AND WILL BE ORDERED
IN THE FOLLOWING RESPECTS:

WITH RESPECT TO DEBTOR'S RESPONSE TO REQUEST FOR ADMISSION
NUMBER FIVE, THAT WILL BE, AND THE DEBTOR HAS AGREED, THAT
WILL BE AN UNQUALIFIED ADMISSION;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF
PAYMENTS FROM NOVION BETWEEN JANUARY 1 OF 2005 TO JULY 1
OF 2005;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF
PAYMENTS OF CASH RECEIVED FROM JANUARY 1, 2005 TO JULY 1,

2005;

DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF
PAYMENTS OF CASH RECEIVED BY HIS WIFE BETWEEN JANUARY 1,
2005 AND JULY 1 OF 2005.  AND I WILL ADD, AS TO THESE
PROHIBITIONS, THAT'S TO THE EXTENT NOT ALREADY DISCLOSED
TO THE MOVING CREDITORS, THE PETITIONING CREDITORS.  IF
IT'S BEEN DISCLOSED, THEN IT'S THERE.  THERE'S NO
PRECLUSION OF USE OF THAT INFORMATION IF IT'S BEEN
PREVIOUSLY PROVIDED TO THE PETITIONING CREDITORS, IN THE
CONTEXT OF THE DISCOVERY OF THIS CASE;

THE DEBTOR WILL BE PROHIBITED FROM PROVIDING ANY EVIDENCE
OF A DEBT IN FAVOR OF LEHMAN BROTHERS OR ANY PAYMENT TO
LEHMAN BROTHERS AS OF THE PETITION DATE EXCEPT TO THE
EXTENT AND SAME PROVISO, EXCEPT TO THE EXTENT ALREADY
DISCLOSED TO THE COUNSEL FOR PETITIONING CREDITORS;

AND, DEBTOR WILL BE PROHIBITED FROM PROVIDING EVIDENCE OF
DEBT IN FAVOR OF AMERICAN EXPRESS, BANK OF AMERICA, BANK
CARD, CINGULAR, CITI CARD, HOUSEHOLD BANK, NORTHWEST
FLORIDA DAILY NEWS, CITIBANK QUICKEN, TEXACO, VERIZON,
UNION BANK, OR MR. GORRILL OR ANY PAYMENT TO ANY OF THEM
AS OF THE PETITION DATE, EXCEPT TO THE EXTENT ALREADY
PROVIDED THE COUNSEL FOR PETITIONING CREDITORS IN THE
CONTEXT OF THE DISCOVERY IN THIS MATTER.

AS TO THE MONETARY SANCTIONS, I AM, AGAIN, GOING TO DEFER
AWARDING THOSE.  BUT THEY REMAIN THE SORT OF DAMOCLES OVER
MR. LOPEZ.  BECAUSE I DON'T KNOW THE ANSWER TO SOME OF
MR. KEEHN'S SPECULATION AS TO WHAT'S GOING ON.  MR. KEEHN

ASA 0311

IS CONVINCED THAT THIS IS A GAME THAT MR. LOPEZ IS PLAYING.
I'M NOT YET CONVINCED OF THAT.

SO EVENTUALLY WE WILL GET TO THE ANSWER ONE WAY OR THE
OTHER.  AND ONCE I KNOW THE ANSWER, I'LL APPLY THEM, IF
I DEEM THAT'S APPROPRIATE AT THE TIME.  BUT THE
EVIDENTIARY SANCTIONS AT THIS POINT IN TIME ARE WARRANTED.
I'LL SIGN AN ORDER TO THAT EFFECT.

MR. KEEHN:     THANK YOU, YOUR HONOR.

THE COURT:     OKAY.  NOW, WE HAVE A STATUS CONFERENCE.
TIMING.

ARE YOU, NOW, LOOKING AT THE DEPOSITION, MR. KEEHN?

MR. KEEHN:     I AM.  AND CONSISTENT WITH THE LOCAL
RULES, I NEED TO CONFER WITH COUNSEL AS TO AVAILABLE DATES.

MR. HAYES:     I HAVE TO BE BACK HERE JULY 31ST.  THAT'S
A LITTLE QUICK, BUT I'M GOING TO BE HERE ANYWAY.

THE COURT:     JULY 31ST?  THAT'S A TUESDAY.

MR. KEEHN:     YES.

THE COURT:     WHAT TIME IS YOUR HEARING ON THE 31ST?

MR. HAYES:     AT 10:00.  IT'S A SUMMARY JUDGMENT MOTION,
SO IT COULD BE IN THE AFTERNOON; SUMMARY JUDGMENT MOTION
THAT HASN'T BEEN FILED.

THE COURT:     WE COULD DO 2:00 P.M. ON THE 31ST.  DOES
THAT WORK?

MR.KEEHN:     IT'S CLEAR ON MY CALENDAR, YOUR HONOR.

MR. HAYES:     2:00?

THE COURT:     OKAY.  AND WE'LL DO THAT AS A FURTHER
STATUS CONFERENCE.  BUT IN THE MEANTIME, I ASSUME THE TWO

ASA 0312

OF YOU WILL MEET AND CONFER ON A DEPOSITION DATE.  AND THEN

ONCE THE DEPOSITION IS CONCLUDED, I ASSUME MR. KEEHN,

YOU'RE PLANNING A MOTION?

MR. KEEHN:     I AM.

THE COURT:     JUST SO MR. HAYES SEES WHAT'S COMING AND

THEN WE'LL -- ONCE THAT MOTION'S DECIDED, WE'LL KNOW WHERE

WE GO NEXT, IF ANYWHERE.

MR. HAYES:     GREAT.

MR. KEEHN:     THANK YOU, YOUR HONOR.

MR. HAYES:     THANK YOU, YOUR HONOR.

THE COURT:     ALL RIGHT.  WE'LL BE IN RECESS.

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

        I, LYNETTE ALVES, OFFICIAL REPORTER, DO HEREBY

CERTIFY:

ASA 0313

THAT I REPORTED IN SHORTHAND THE PROCEEDINGS HELD IN THE FOREGOING CAUSE ON THE 25TH DAY OF JUNE, 2007; THAT MY NOTES WERE LATER TRANSCRIBED INTO TYPEWRITING UNDER MY DIRECTION; AND, THAT THE FOREGOING TRANSCRIPT CONTAINS A CORRECT STATEMENT OF THE PROCEEDINGS.

DATED THIS _____ DAY OF _____, 2007.

_____

LYNETTE ALVES, CSR #12534, RPR #61256

ASA 0314

# TAB 114

CSD 1183

Name, Address, Telephone No. & I.D. No.
L. Scott Keehn (SBN 61691)
Leslie F. Keehn (SBN 199153)
KEEHN & ASSOCIATES, APC
402 West Broadway, Suite 1210
San Diego, California 92101
Telephone: (619) 400-2200
Attorneys for Petitioning Creditors

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FRANCIS J. LOPEZ,

BANKRUPTCY NO.  05-05926-PBINV

Tax I.D.(EIN)#:_____/S.S.#:XXX-XX-_____  Alleged Debtor.

## NOTICE OF HEARING AND MOTION

TO:    Alleged Debtor, Francis J. Lopez, Other Parties in Interest, and their Attorneys of Record

**YOU ARE HEREBY NOTIFIED** that on _November 19, 2007_____, at _2:00_ p.m., in Department No._4___, Room_328___ the Jacob Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California 92101-6991, there will be a hearing regarding the motion of __the Petitioning Creditors_____, For an Enforcement Order Imposing Monetary Sanctions Against the Debtor.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14)[1] DAYS FROM THE DATE OF SERVICE.

DATED: October 19, 2007

//s// L. Scott Keehn_____
[Attorney for] Moving Party

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated action.**ASA 0315**

# CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on  19th  day of  October, 2007                        , I served a true copy of the within NOTICE OF MOTION AND HEARING, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR, and DECLARATION OF L. SCOTT KEEHN RE: MOTION FOR AN ENFORCEMENT ORDER IMPOSING MONETARY SANCTIONS AGAINST THE DEBTOR by [describe here mode of service]

FIRST CLASS MAIL

on the following persons [set forth name and address of each person served] and/or as checked below:

[ ✔ ]    Attorney for Debtor (if required):

M. Jonathan Hayes
Law Office of M. Jonathan Hayes
21800 Oxnard St., Suite 840
Woodland Hills, CA  91367

[   ]    See attached Service List

[ ✔ ]    For Chpt. 7, 11, & 12 cases:    [   ]    For ODD numbered Chapter 13 cases:    [   ]    For EVEN numbered Chapter 13 cases:

UNITED STATES TRUSTEE
Department of Justice
402 West Broadway, Suite 600
San Diego, CA 92101

THOMAS H. BILLINGSLEA, JR., TRUSTEE
530 "B" Street, Suite. 1500
San Diego, CA 92101

DAVID L. SKELTON, TRUSTEE
525 "B" Street, Suite 1430
San Diego, CA 92101-4507

I certify under penalty of perjury that the foregoing is true and correct.

Executed on   October 19, 2007
                  (Date)

//s// Lisa L. Keehn
(Typed Name and Signature)

402 West Broadway, Suite 1210
(Address)

San Diego, CA  92101
(City, State, ZIP Code)

**ASA 0316**

# TAB 114-1

1  L. Scott Keehn, SBN 61691
   Leslie F. Keehn, SBN 199153
2  **KEEHN & ASSOCIATES**
   A Professional Corporation
3  402 West Broadway, Suite 1210
   San Diego, California 92101
4  Telephone: (619) 400-2200

5  Attorneys for **Petitioning Creditors**

6

7

8              UNITED STATES BANKRUPTCY COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 In Re:                          )  Case No.  05-05926-PBINV
                                   )
12      FRANCIS J. LOPEZ,          )  **MEMORANDUM OF POINTS AND**
                                   )  **AUTHORITIES IN SUPPORT OF MOTION**
13           Alleged Debtor.       )  **FOR AN ENFORCEMENT**
                                   )  **ORDER IMPOSING MONETARY**
14                                 )  **SANCTIONS AGAINST THE DEBTOR**
                                   )
15                                 )  **[BIFURCATED PHASE II]**
                                   )
16                                 )  Date:  November 19, 2007
                                   )  Time:  2:00 p.m.
17                                 )  Judge: The Honorable Peter W. Bowie
                                   )  Ctrm:  4
18                                 )
                                   )
19 _____)

20        Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable

21 to these proceedings by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("FRBP"),

22 Petitioning Creditors respectfully submit their Motion for an Order from this Court imposing

23 monetary sanctions against Lopez in the amount of **$12,133.50**, consisting of actually-incurred

24 legal fees as follows: (a) $3,155.00 for preparing this motion; (b) $2,164.50 for preparing the

25 necessary documents and questions for Lopez's deposition; (c) $224.00 for confering with

26 Lopez's attorney regarding Lopez's *last minute* failure to appear for his deposition; and

27 (d) $6,590.00 for preparing Petitioning Creditors' renewed motion for the monetary sanctions

28 originally requested on May 24, 2007.

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0317**

111778/LFK/5311.01

# I. INTRODUCTION

***"Unless Rule 37 is perceived as a credible deterrent rather than a 'paper tiger,' . . . the pretrial quagmire threatens to engulf the entire litigative process."***[1]

This is the second sanctions motion Petitioning Creditors have brought to redress discovery abuses by the Alleged Debtor — Francis J. Lopez ("Lopez").[2]  Lopez's unreasonable and unjustified delay tactics have dragged the discovery portion of Phase II of this case out for almost a year, and — despite the imposition of evidentiary sanctions, multiple admonishments from this Court, and the threat of $4,242 in monetary sanctions — Lopez remains undeterred.  As set forth below, for the past three months, Petitioning Creditors have been attempting to take Lopez's deposition.  True to form, Lopez feigns cooperation, and then, at the last minute, proffers some excuse as to why he can not comply.

On June 25, 2007, counsel for Lopez (Jonathan Hayes ) and Petitioning Creditors (Scott Keehn) conferred in person regarding Petitioning Creditors' request to take Lopez's deposition.  At that time, Mr. Keehn stated that he would like to calendar Lopez's deposition before July 31, 2007 because he would be out of the office for virtually the entire month of August.  The attorneys agreed that either July 20 or July 27 would work on their calendars, and Mr. Hayes stated that he would inquire as to Lopez's availability on those dates.  Three days later, on June 28, 2007, Mr. Hayes emailed Mr. Keehn the following message: *"I have spoken to my client about the deposition dates we discussed, July 20 or 27.  He is checking his calendar.  I will let you know **shortly**."* (Emphasis added.)

Twenty-two days later — in the early evening of July 20, 2007 — Mr. Hayes transmitted an email suggesting, for the first time, July 31, 2007, as an available date for the deposition.  Given that July 31, 2007 would be Mr. Keehn's  last day in the office before a 30-day vacation, he knew he would be fully consumed with matters necessary to be completed in preparation for that

---

[1]     *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2nd Cir. 1979).

[2]     See, Docket Item 105 (Petitioning Creditors' "Motion for an Enforcement Order: (1) Imposing Monetary Sanctions Against the Debtor; and (2) Imposing Evidentiary Sanctions Against the Debtor").

ASA 0318

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1  absence.  Because of that, and because of the fact that he had received absolutely no

2  communication from Mr. Hayes' office following the June 28, 2007 email, Mr. Keehn issued and

3  mailed to Mr. Hayes a notice of Lopez's deposition for Tuesday, September 11, 2007, at 9:00 a.m.

4  in San Diego.

5        On July 31, 2007, this Court conducted a Status Conference wherein Mr. Keehn reported

6  to the Court the events summarized above, including the fact that Petitioning Creditors had

7  noticed Mr. Lopez's deposition for September 11, 2007.  Mr. Hayes stated in open court that he

8  would communicate that information to Mr. Lopez, and inform Petitioning Creditors if Lopez

9  could not attend his deposition on the scheduled date.  That was the last Petitioning Creditors

10  heard from Mr. Hayes until September 10, 2007.

11        Reasonably assuming Lopez's deposition would proceed on September 11, 2007, the office

12  of the counsel for Petitioning Creditors spent a total of 7.7 hours (constituting attorney and

13  paralegal time) to prepare the necessary documents and questions.  Petitioning Creditors were

14  billed $2,164.50 for that time.

15        In the afternoon of September 10, 2007 — less than 24 hours before the deposition was

16  scheduled to begin — Lopez's attorney sent Mr. Keehn a brief email stating that Lopez was

17  "*unable to make travel arrangements for the deposition tomorrow*."  The email suggested October

18  8, 2007 or October 22, 2007 as possible dates for the deposition.  Lopez's deposition is currently

19  scheduled for October 22, 2007 at 9:30 a.m. based on Mr. Hayes' representation that it was an

20  acceptable date and time.  This latest delay caused attorney Keehn to spend an additional 0.7

21  hours conferring with attorney Hayes.  Another 25.7 hours was spent reviewing the requisite

22  evidence, and drafting the declarations in support of Petitioning Creditors renewed motion for the

23  monetary sanctions originally requested on May 24, 2007.  The bulk of that time was spent setting

24  forth a clear, comprehensive record for this Court of Lopez's egregious history of delay and non-

25  compliance with court orders.

26        As stated in open court on June 25, 2007,[3] once Lopez's deposition is conducted,

27

28        [3]        See, 6/25/07 Transcript at p. 18.  [Docket Item 110.]

**ASA 0319**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1   Petitioning Creditors intend to prepare and file a summary judgment motion to establish that

2   Lopez was in fact not paying his debts as they came due as of the date of the involuntary petition.

3        Lopez's past misconduct in this case mirrors his extensive misconduct in other litigation

4   involving Lopez and Petitioning Creditor Alan Stanly in other San Diego courts, as detailed in the

5   Declaration of Timothy P. Dillon filed herein on September 27, 2007, and incorporated herein by

6   this reference.[4]  Considering Lopez's pervasive custom and practice of refusing to perform his

7   duties as a litigant unless and until he is [forensically] bludgeoned into submission by the court, it

8   appears clear that monetary sanctions must be imposed.  Without a significant sanctions order,

9   Petitioning Creditors do not believe that Lopez will ever voluntarily appear for, and participate in

10  good faith at, his deposition in this case.

11                          **II.  DISCUSSION**

12  A.    **Monetary Sanctions are a Necessary and Appropriate Response to Lopez's**
        **Unreasonable Pattern of Delay, Avoidance and Willful Non-Compliance.**
13

14        "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to

15  impose a wide range of sanctions when a party fails to comply with the rules of discovery or with

16  court orders enforcing those rules."[5]  Here, FRCP 37 is made applicable to these proceedings by

17  FRBP 9014(c), and grants this Court broad discretion to tailor appropriate sanctions for Lopez's

18  continued, unreasonable refusal to perform his duties as a litigant, and participate in discovery in a

19  meaningful way.[6]

20        Where, as here, an alleged debtor has engaged in a course of conduct clearly designed to

21  avoid his discovery obligations, even the seemingly "harsh" sanction of striking the debtor's

22  answer and adjudicating him a bankrupt is both appropriate and necessary to avoid encouraging "a

23

24  _____

       [4]     See, Docket Item 111.
25
       [5]     *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).
26
       [6]     *Matter of Visioneering Const.*, 661 F.2d 119, 123 (9th Cir. 1981) ("The bankruptcy
27  court, faced with an obstreperous alleged bankrupt, unequivocally had the power to apply
    Fed.R.Civ.P. 37 sanctions for obstruction of discovery"); *In re Williams*, 215 B.R. 289, 299 (Dist.
28  Ct. D.R.I. 1997) ("the choice and severity of the sanction imposed is a matter reserved to the
    sanctioning court's discretion").

**ASA 0320**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1    blatant disregard for the discovery mechanism."[7]  Such terminating sanctions are likewise

2    appropriate where, as here, a litigant's "pattern of delay and avoidance" includes unreasonably

3    stonewalling a properly-noticed deposition.[8]  Petitioning Creditors are willing – for the moment –

4    to stop short of requesting terminating sanctions, and accept monetary sanctions to enable this

5    case to proceed forward to summary judgment on the merits.

6         Monetary sanctions are the "mildest" on the "spectrum of sanctions" provided in FRCP

7    37.[9]  Here, such sanctions may properly include the fees incurred in: (a) preparing for the

8    09/11/2007 deposition that was unreasonably cancelled at the last minute, (b) renewing the

9    05/24/2007 request for monetary sanctions, and (c) bringing the current motion for additional

10   sanctions.[10]  Payment of these amounts is a fair and proportionate response to Lopez's misconduct

11   given that none of the expenses would have been incurred but for his unreasonable stonewalling.

12   Indeed, where a "proceeding has been caused entirely by [a party's] failure to comply with their

13   discovery obligations, the Court could impose the entire cost of the proceeding on [that party]."[11]

14   Requiring the offending party to pay for the expenses caused by their misconduct "sends a strong

15   message that playing 'hide the ball' in discovery does not go unpunished."[12]

16

17        [7]    *In re Rice*, 14 B.R. 843, 846 (9th Cir.BAP 1981); *Matter of Visioneering Const.*,
18   supra, 661 F.2d at 123 (court's order striking alleged debtor's answer was an appropriate sanction
     since the debtor had "deliberately and obstinately refused to cooperate with discovery requests and
     court orders").

19        [8]    *De Falco v. Oak Lawn Public Library*, 25 Fed.Appx. 455, 457 (7th Cir. 2001)
20   (terminating sanctions appropriate where the plaintiff "did not miss only a single discovery
     deadline, and his refusal to attend his deposition flouted the district court's order and exemplified
21   the delay and avoidance to which the court referred"); see also, (terminating sanction was proper
     where defendant's "flouting of the district court's authority and [plaintiff's] right to depose him
22   furnished adequate proof that he acted willfully"); *Shawmut Boston Intern. Banking Corp. v.
     Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985); *Ziontz v. Food Fair Stores, Inc.*, 31 F.R.D.
23   295 (E.D.Pa.1962).

24        [9]    *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 at
25   1066 ("The mildest [discovery sanction] is an order to reimburse the opposing party for expenses
     caused by the failure to cooperate").

26        [10]   *Goldman v. Alhadeff*, 131 F.R.D. 188, 192 (Dist. Ct. W.D.Wash. 1990).

27        [11]   *L. Tarango Trucking v. County of Contra Costa*, 202 F.R.D. 614, 620 (Dist. Ct.
     N.D.Cal. 2001).

28        [12]   *Id.*

**ASA 0321**

**B.    Sanctions Must be Imposed in Light of the Entire Record**

1

2    "[S]anctions must be weighed in light of the full record in the case."[13]  Here, it took

3    Petitioning Creditors over six months to receive partial, inadequate responses to their written

4    discovery.  That portion of discovery has now concluded with this Court's imposition of

5    evidentiary sanctions prohibiting Lopez from proffering any evidence not produced pursuant to

6    those written requests.  The only remaining discovery is Lopez's deposition, which Petitioning

7    Creditors have been attempting to take for over 3 months.  Petitioning Creditors would have

8    preferred to schedule Lopez's deposition back in January or February of this year, but were forced

9    to delay that process by Lopez's refusal to provide meaningful responses to the written discovery

10    which Petitioning Creditors needed to review and analyze before concluding this discovery phase

11    with Lopez's deposition.  "Only by requiring [Lopez] to pay for [Petitioning Creditors]

12    preparation for and participation" in the unnecessary discovery proceedings can this Court redress

13    the harm and prejudice inflicted on Petitioning Creditors and the judicial process.[14]

14    / / /

15    / / /

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24

25    [13]    *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602

26    F.2d at 1068.

27    [14]    *L. Tarango Trucking v. County of Contra Costa*, supra, 202 F.R.D. at 620; see also,

28    *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents").

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

**ASA 0322**

### III. CONCLUSION

As stated supra, "sanctions must be weighed in light of the full record in the case."[15] Petitioning Creditors have now thoroughly set forth Lopez's appalling record of ignoring his discovery obligations and *thumbing his nose* at this Court's authority and orders. His conduct is inexcusable. Based on that, and on all of the foregoing, Petitioning Creditors respectfully request that this Court issue an Order imposing monetary sanctions against Lopez in the amount of $12,133.50.

Dated: October 19, 2007                    **KEEHN & ASSOCIATES**
                                           A Professional Corporation

                        By:    //s// L. Scott Keehn
                               L. Scott Keehn
                               Attorneys for **Petitioning Creditors**

KEEHN & ASSOCIATES, APC
ATTORNEYS AND COUNSELORS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

---

[15]    *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, supra, 602 F.2d at 1068.

**ASA 0323**